UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

RUSSELL ZINTER, et al;

        CIVIL ACTION NO: 5:18-CV-680

*Plaintiffs*,

VS.

CHIEF JOSEPH SALVAGGIO, et al;

*Defendants*.
_____/

### PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

NOW COME Plaintiffs, by and through their attorneys, and respectfully seek an order temporarily enjoining the defendants from searching the electronic devices which the defendants seized unlawfully and in blatant violation of the First and Fourth Amendments. For the reasons set forth in the accompanying Brief in Support, this Motion must be GRANTED.

    Respectfully Submitted,

    **EXCOLO LAW, PLLC**

    */S/ Solomon M. Radner (admission pending*
    SOLOMON M. RADNER
    Attorney for Plaintiffs
    26700 Lahser Rd, Suite 401
    Southfield, MI 48033
    248-291-9712
    sradner@excololaw.com

DATED: August 17, 2018

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

RUSSELL ZINTER, et al;                                CIVIL ACTION NO: 5:18-CV-680

      *Plaintiffs*,

VS.

Chief Joseph Salvaggio, et al;

      *Defendants*.

_____/

## PLAINTIFFS' BRIEF IN SUPPORT OF THEIR EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

**Factual Background**

    This case stems from several incidents that took place in and around the Leopon Valley Police department on June 14, 2018, on June 18, 2018, and June 23, 2018, as is explained in detail in Plaintiffs' First Amended Complaint, ECF #3.

    The Leon Valley police are acutely aware that they acted improperly and unlawfully and are desperate to justify their actions or at least gain some leverage, and have therefore attempted to obtain, through an abuse of judicial process, the private information contained on the plaintiffs' cell phones and the private emails contained in their personal Google accounts. The Leon Valley police are on a fishing expedition to hopefully find *<u>some</u>* evidence of some illegal activity so that they can either threaten criminal prosecution or assassinate the characters of the plaintiffs in this action. No other basis exists for such a silly and minor crime, which they allege took place.

The crime alleged is Obstruction or Retaliation pursuant to Texas Penal Code 36.06, which states in pertinent part:

> Sec. 36.06.  OBSTRUCTION OR RETALIATION.  (a)  A person commits an offense if the person intentionally or knowingly harms or threatens to harm another by an unlawful act:
> (1) in retaliation for or on account of the service or status of another as a:
>    (A)  public servant, witness, prospective witness, or informant; or
>    (B)  person who has reported or who the actor knows intends to report the occurrence of a crime; or
> (2) to prevent or delay the service of another as a:
>    (A)  public servant, witness, prospective witness, or informant; or
>    (B)  person who has reported or who the actor knows intends to report the occurrence of a crime.
> (a-1)  A person commits an offense if the person posts on a publicly accessible website the residence address or telephone number of an individual the actor knows is a public servant or a member of a public servant's family or household with the intent to cause harm or a threat of harm to the individual or a member of the individual's family or household in retaliation for or on account of the service or status of the individual as a public servant.

On June 23, 2018, many of the plaintiffs in this action and many others were exercising their First Amendment rights by holding a small protest at the Leon Valley police station. Many of the people were holding cameras and were livestreaming the protest on websites such as Facebook and/or YouTube. During these livestreams, anyone in the public anywhere in the world with an internet connection can access the livestreams and are able to leave comments. There could have been tens of thousands of people all over the world watching the livestreams. Someone whose identity is unknown to the plaintiffs or to the police apparently posted a comment with Defendant Salvaggio's address, which could in theory be violative of Texas Penal Code 36.06(a-1), which states:

> A person commits an offense if the person **posts on a publicly accessible website** the **residence address** or telephone number of an individual the actor knows is a public servant or a member of a public

>servant's family or household **with the intent to cause harm** or a threat of harm to the individual or a member of the individual's family or household in retaliation for or on account of the service or status of the individual as a public servant.

The background is extremely important to keep in mind coupled with the information the police intend to obtain. Dozens of people were there protesting and many of them were livestreaming. There could have been tens of thousands of people all around the globe watching the livestreams all of whom had the ability to leave a comment. One of those limitless number of people posted this comment, which the police claim is a criminal offense. The only information that could possibly have any relevant information to that crime is the identity of that one poster, not the account information of everyone who was livestreaming. *Certainly* not "any and all messages / comments sent or received by the individual account" for these Google accounts which are completely unrelated to that one poster! This is a horrific and dangerous over-reach by law enforcement and is completely improper and unlawful.

Plaintiffs are aware through communications received from Google, attached hereto as Exhibit A, that the defendants are attempting to get copies of *ALL* their emails, which is shocking and an incredible over-reach based on the facts. The police reports, attached hereto as Exhibit B, which relate only to the June 18, 2018 incidents which Plaintiffs obtained through OPR requests, make it clear that the defendants intend on searching through the contents of the plaintiffs' cell phones.

The police reports detailing the June 23, 2018 incident, attached hereto as Exhibit C, have little to support this absurd over-reach being attempted by the police. The report states:

> On 23June2018 at 1730 hours, This officer was at the listed location during an anarchist demonstration which had escalated over the past two weeks. Ap 1 and AP 2 were both in front of the Leon Valley Police dept protesting and both AP's were streaming live the event in progress. During this live broadcast on YouTube channels C's home address personal identifying information and identifying information on C's family, names, addresses were listed. This act incited viewers to make death threats against C and his family. Ap1 and Ap2 did nothing to delete or stop the personal identifying information from being listed on the comments.

What's concerning and forms the basis of this motion is that the only two people the police could conceivably have any interest in, even according to their own misguided reports, are "AP 1 and AP 2" neither of whom are the people whose Google information is being targeted by the police now per the attached Google correspondence. Further, the alleged criminal act, per the police report, seems to be that they "did nothing to delete or stop the personal identifying information from being listed on the comments" which does not even fall within the meaning of Texas Penal Code 36.06 since they were not the ones posting the comments. This code is silent on this supposed requirement to delete posts that **_others_** posted.

If this were in fact a legitimate police investigation honestly seeking the information necessary to go after the ones who the police honestly violated Texas Penal Code 36.06, they would instead only be seeking the identifying information of the people who actually posted the comments with the alleged criminal information, not the pople who were innocently livestreaming the protest. What could their Google accounts possibly have to offer relating to the identities of the people who posted those comments? And further, in what universe would that entitle the police to read the emails from the people innocently livestreaming the protest???

It is important to stay focused here: Someone whose identity is unknown **SUPPOSEDLY** made a comment on AP 1 or AP 2's livestream with Defendant Salvaggio's address. We should note: The undersigned has seen no evidence whatsoever supporting this claim. In any event, in response to that alleged post, the police, if they were acting in the genuine pursuit of truth, would be seeking information from Google that relates to the identities *of that poster*. Instead they are now trying to read **ALL** emails belonging to "AP4" and "SP1" identified as Jonathon Green and Jason Green on the Google correspondence, corresponding to page "30 of 37" of the attached Exhibit C, since there are only two people named "Jason" or "Jonathon" in the police narrative even though their last names are redacted. In what way could any of their emails possibly contain anything at all that would help the police identify who posted a comment on AP1 and AP2's livestream?!

1. **A TRO is absolutely necessary here.**

    "The four prerequisites for the extraordinary relief of preliminary injunction, namely, (1) substantial likelihood of prevailing on the merits; (2) irreparable injury; (3) public interest to be served by granting a preliminary injunction; and (4) any harm possibly resulting to other parties in the proceeding." *Allison v. Froehlke*, 470 F.2d 1123, 1126 (1972).

    a. **Likelihood of prevailing on the merits.**

    Considering that there is no conceivable lawful means by which the police even possess the phones belonging Jason and Jonathon Green or any of the plaintiffs, let alone should be permitted access to what is inside, would suggest that Plaintiffs' likelihood of prevailing is pretty high. The police acknowledged in their reports that

they were arresting people for failure to identify as witnesses by refusing to identify themselves. But this is a blatantly false arrest. Failure to Identify is defined in Section 38.02 of the Texas Penal Code as follows:

> (a) A person commits an offense if he intentionally refuses to give his name, residence address, or date of birth to a peace officer who has lawfully arrested the person and requested the information.
> (b) A person commits an offense if he intentionally gives a false or fictitious name, residence address, or date of birth to a peace officer who has:
>     (1) lawfully arrested the person;
>     (2) lawfully detained the person; or
>     (3) requested the information from a person that the peace officer has good cause to believe is a witness to a criminal offense.

The Failure to Identify statute has two crimes in it: First, the law requires one to identity one's self when being lawfully arrested; and second it criminalizes giving false or fictitious information to a peace officer.

Subsection (a) makes it a crime to not identify if being lawfully arrested. Subsection (b) makes it a crime for a witness to give a false name.

No subsection makes it a crime to refuse to identify if his or her sole role is a witness, yet that is exactly what is repeated throughout he police reports, ie that people are being arrested for failure to identify as witnesses. The plaintiffs will win at the very least on this issue, likely by way of summary judgment in the future.

An example of this is contained on "page 7 of 13" on Exhibit B, which states the following:

> SP 2 was Video/ live streaming on too a YOU TUBE Channel. I contacted SP 2 and requested that he ID himself as a witness. SP 2 refused and stated that he did not have ID. I advised SP2 that he was being arrested for failuer to ID as a witness, I took control of SP2by handcuffing him and double locking handcuffs for his safety.

- 7 -

As is clear, this report describes an arrest for failing to identify as a witness by refusing to identify. No Answer has been filed yet, but Plaintiffs certainly are eagerly anticipating an inevitable admission that many constitutional rights of many Plaintiffs were violated as alleged.

Further, seizing the plaintiffs' cell phones because they supposedly contain video evidence of a crime requires the balancing of the evidence being seized, the seriousness of the crime, and the level of the invasion of privacy. Let's examine first the "crime" that may have been captured on the phones on June 18, 2018. The "crime" according to the police report was someone committing the misdemeanor of obstructing the doorway of the courthouse, which was presumably caught on the courthouse's surveillance footage, making the cell phone footage from the many cell phones that were seized, completely unnecessary and duplicative. Further a cell phone nowadays contains the "privacies of life" so the level of invasion is extremely high. There is no way that such an invasion is proper in this instance and again Plaintiffs will likely prevail on the merits.

Now let's examine the June 23, 2018 incidents. The alleged crime was the aforementioned Retaliation, by some unknown person posting an address online. No conceivable relevant evidence exists on any of the numerous devices that were seized, as is explained herein, that would possibly identify who that poster may

have been. The wholesale seizure that the police did was a blatant violation of the First and Fourth Amendments, and no meritorious defense exists.

Thus, the likelihood of prevailing on the merits for the plaintiffs in this action and certainly on this motion is very high.

### b. Irreparable injury.

"Modern cell phones are not just another technological convenience. With all they contain and all they may reveal, they hold for many Americans 'the privacies of life,' *Boyd vs United States*, 116 U.S. 616, 630 (1886). The fact that technology now allows an individual to carry such information in his hand does not make the information any less worthy of the protection for which the Founders fought." *Riley v. California*, 134 S. Ct. 2473, 2494-2495, 189 L. Ed. 2d 430, 452 (2014). Simply put, allowing the police to gain access to Plaintiffs' cell phones would be an uncorrectable "invasion into the privacies of life." Just as the illustrious defense counsel or anyone else would not want me or any other stranger to snoop around in his cell phone, for which the damage would be done the minute the snooping takes place, Plaintiffs don't deserve to have the defendants invade into the privacies of life on a whim. And once the snooping takes place, the invasion into the privacies of life would be complete and thus irreparable.

### c. Public interest to be served by granting a preliminary injunction;

There could be no bigger public interest than for the public to know that their Constitutional rights, protecting their "privacies of life," will not be shredded.

d.  any harm possibly resulting to other parties in the proceeding."

Plaintiffs challenge the defendant to state ANY harm that the defendants will suffer if they are not permitted to unlawfully examine Plaintiffs' cell phones and Google account info, including their emails.

## CONCLUSION

This Motion is being brought by ALL PLAINITFFS in response to the attached police reports indicating that the police intend on searching the cell phones which they unlawfully seized, and in response to Google correspondence received by Jonathon Green and Jason Green indicating the police are attempting to read all of their personal emails, among other private Google account information. Of the Green's only Jonathon Green is currently a Plaintiff; Jason plans on joining this litigation as well at some point in the near future.

Irrespective of the Greens' standing on this issue since a warrant has already been issued related to their Google account info, albeit most likely based on misinformation given by the affiant to Bexar County Judge Jefferson Moore, they are certainly entitled to relief on the issue relating to the intended searches of their cell phones. Further, this action was filed before the warrant was signed by Judge Jefferson Moore so this Court has jurisdiction over the defendants and the cell phones at issue. Further, all the remaining plaintiffs are entitled to an injunction to prevent the police from taking similar unlawful action against them, either by unlawfully seeking their Google information or by unlawfully searching their unlawfully seized cell phones. Lastly, Google must be enjoined from providing the information being sought by the defendants.

Respectfully Submitted,

**EXCOLO LAW, PLLC**

*/S/ Solomon M. Radner*
Solomon M. Radner (MI Bar No. P73653)
Attorney for Plaintiffs
26700 Lahser Rd, Suite 401
Southfield, MI 48033
248-291-9712
sradner@excololaw.com

<u>DATED</u>: August 17, 2018

## **PROOF OF SERVICE**

On August 17, 2018, the undersigned served this notice on all known parties of record by efiling it on this Court's efiling system which will send notice to counsel of record for all parties, with the exception of the Doe defendants who have yet to be identified.

*/s/ Solomon M. Radner*