FILED

AUG 2 0 2018

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

RUSSELL ZINTER, JACK MILLER, )
BRIAN HOWD, JAMES A. MEAD, )
JOSEPH BRANDON PIERCE; MARK )
BROWN; DAVID BAILEY; JUAN )
GONZALES JR., KEVIN EGAN, )
JONATHON GREEN, and JAMES )
SPRINGER, )
                              )
    Plaintiffs,               )
                              )
V.                            )        CIVIL ACTION NO. SA-18-CA-680-FB
                              )
CHIEF JOSEPH SALVAGGIO;       )
LIEUTENANT *JOHN DOE* ANDERSON; )
OFFICER *JANE DOE* GOLDMAN;   )
OFFICER *JOHN DOE* VASQUEZ;   )
CPL. C. MANDRY; SERGEANT *JOHN* )
*DOE*; DETECTIVE JIM *WELLS*; )
OFFICER L. FARIAS, Badge 534; )
OFFICER *JOHN DOE* EVANS, Badge 556; )
OFFICER *JOHN DOE* HERNANDEZ; )
*JOHN DOE TAZER 1*; *JOHN DOE* )
*TAZER 2*; and THE CITY OF LEON )
VALLEY,                       )
                              )
    Defendants.               )

## TEMPORARY RESTRAINING ORDER

Before the Court is Plaintiffs' Emergency Motion for Temporary Restraining Order. (Docket no. 20). After careful consideration, the Court is of the opinion that the motion should be granted.

Plaintiffs contend they were unlawfully arrested and now defendants are engaged in an unlawful attempt to uncover private information from their cell phones. Specifically, plaintiffs maintain the private information they have on their cell phones has no relevance to the identity of the person or persons who posted the home address of the Leon Valley chief of police during a protest plaintiffs were

livestreaming. By way of background, in their complaint, plaintiffs allege members of the Leon Valley Police Department violated their constitutional rights during a series of protests they were attending by illegally arresting and/or detaining them, and unlawfully seizing their property including cell phones, recording devices and cameras. The protests occurred on June 14, 18 and 23, 2018. Jonathon Green, a resident of Ohio, is one of the plaintiffs in this suit. He alleges that he and Jason Green, along with others, were present at a protest on June 23, 2018, when the Chief of Police called a press conference. During this conference, Chief Joseph Salvaggio allegedly ordered Mr. Green to "come here" and advised Mr. Green he was under arrest. Mr. Green alleges he was then "handcuffed, detained, arrested and taken into the Leon Valley police station where his phone was seized and he was eventually released without being criminally charged." He states that his "phone, a Samsung galaxy S8 is still in police custody."

Plaintiffs' Emergency Motion for Temporary Restraining Order (docket no. 20) was filed on August 17, 2018. Notice was provided to defendants, although no response has been filed with the Court at this time. Plaintiffs state they have become aware that the Leon Valley police have "attempted to obtain, through the judicial process, the private information contained on the plaintiffs' cell phones and the private emails contained in their personal Google accounts." Attached to the motion, is a search warrant signed by a Texas state court judge which directs Google to search for and seize the personal data contained in the accounts of Jonathon Green and Jason Green, to wit:

1. subscriber registration information,
2. all screen names associated with this account,
3. user names associated with this account,
4. passwords associated with this account,
5. email(s) associated with this account,
6. all IP addresses/logs associated with this account,
7. any and all messages/comments sent or received by the individual account,

2

  8. credit card information (if available),
  9. sign-in IP addresses and associated time stamps,
  10. video and photo upload IP addresses and associated time stamps,
  11. copies of any and all videos and photos and associated video/photo information,
  12. email content, and
  13. any other user account associated date stored,

including the subject line and date/time stamps of all data, if available.

According to plaintiffs, on June 23, 2018, many of the plaintiffs in this action and many others were exercising their First Amendment rights by holding a protest at the Leon Valley police station. Many of the people were holding cameras and were livestreaming the protest on websites such as Facebook and/or YouTube. Someone whose identity is unknown to plaintiffs or defendants apparently posted a comment with defendant Salvaggio's home address, which could in theory be violative of Texas Penal Code § 36.06(a-1). Plaintiffs attach a police report indicating "AP 1" and AP 2" are persons of interest because during their "live broadcast" the information was posted and yet "AP 1 and AP 2 did nothing to delete or stop the personal identifying information from being listed on the comments."

In order for this Court to issue a temporary restraining order, plaintiffs must establish the following four factors: substantial likelihood of success on the merits; substantial threat that failure to grant the injunction will result in irreparable injury; the threatened injury outweighs any damage that the injunction may cause the opposing party; and the injunction will not disserve the public interest. *Allied Marketing Group, Inc. v. DCL Marketing, Inc.*, 878 F.2d 806, 809 (5th Cir. 1989). Because a temporary restraining order is an extraordinary remedy, it will be granted only if the movants carry their burden of persuasion on all four factors. *Id.*

Here, plaintiffs bring this motion in response to attached police reports indicating that defendants intend on searching the cell phones which plaintiffs allege were unlawfully seized, and in response to Google correspondence received by Jonathon Green and Jason Green indicating the police are attempting to read all of their personal emails, among other private Google account information. With regard to the first factor, at this early stage in the proceedings, plaintiffs have shown a likelihood of prevailing on the merits.

As an initial matter, the police acknowledged in their reports that they were arresting people for failure to identify as witnesses by refusing to identify themselves. However, the Texas "failure to identify" statute does not make it a crime for one to refuse to identify if his or her sole role is a witness. *See* Tex. Penal Code § 38.02. Further, seizing plaintiffs' cell phones because they may contain video evidence of a crime requires the balancing of the evidence being seized, the seriousness of the crime, and the level of the invasion of privacy. Here, the intrusion does not appear to be justified.

The crime which may have been captured on the phones on June 18, 2018, was someone committing the misdemeanor of obstructing the doorway of the courthouse. Presumably, this was caught on the courthouse's surveillance footage making the cell phone footage unnecessary and duplicative. Further, cell phones contain the "privacies of life" rendering the level of invasion extremely high. *Riley v. California,* 134 S. Ct. 2473, 2494-95 (2014) (quoting *Boyd v. United States,* 116 U.S. 616, 630 (1886)). Under the circumstances, such an invasion is not warranted.

The June 23, 2018 incident was the retaliation by some unknown person posting an address online. At least at this juncture, it does not appear that any relevant evidence exists on any of the devices which were seized which would possibly identify who that poster may have been.

With regard to irreparable injury, "modern cell phones are not just another technological convenience." *Riley,* 134 S. Ct. At 2494-95. As noted, "[w]ith all they contain and all they may reveal, they hold for many Americans 'the privacies of life.'" *Id.* The Supreme Court has explained that "[t]he fact that technology now allows an individual to carry such information in his hand does not make the information any less worthy of the protection for which the Founders fought." *Id.* at 2495. Under the circumstances, based on the record before the Court, plaintiffs have shown the failure to grant the temporary restraining order will result in irreparable injury.

For the reasons stated above, the Court also finds that the threatened injury outweighs any damage the injunction may cause defendants. Finally, the public interest favors issuance of a temporary restraining order to protect the constitutional rights which are at issue in this case.

IT IS THEREFORE ORDERED that Plaintiffs' Emergency Motion for Temporary Restraining Order (docket no. 20) is GRANTED such that defendants are ENJOINED from searching, examining, or in any other way, viewing the contents or files on any of the devices seized by the defendants on the dates to which plaintiffs refer in their complaint;

IT IS FURTHER ORDERED that defendants are ENJOINED from taking any actions in furtherance of their attempt to uncover, view, or examine any Google information of any of the plaintiffs;

IT IS FURTHER ORDERED that Google is ENJOINED from producing any records about any plaintiffs to any of the defendants that in any way relate to the allegations that are the subject of this litigation.

IT IS FURTHER ORDERED that this Temporary Restraining Order expires in **fourteen days** unless the Court extends it for a like period or defendants consent to a longer extension.

IT IS FURTHER ORDERED that plaintiffs are not required to post a bond and the Court waives the posting of any security pursuant to Rule 65(c) of the Federal Rules of Civil Procedure.

IT IS FINALLY ORDERED that plaintiffs are responsible for serving Google with a copy of this Temporary Restraining Order.

It is so ORDERED.

SIGNED this 20th day of August, 2018.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE