IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RUSSELL ZINTER; JACK MILLER; <br> BRIAN HOWD; JAMES A. MEAD; <br> JOSEPH BRANDON PIERCE; MARK BROWN; <br> DAVID BAILEY; JUAN GONZALES JR.; <br> KEVIN EGAN; JONATHON GREEN; <br> JAMES SPRINGER <br><br> Plaintiffs, <br><br> VS. <br><br> CHIEF JOSEPH SALVAGGIO; <br> LIEUTENANT DAVID ANDERSON; <br> DEPUTY JANE DOE GOLDMAN; <br> OFFICER JOHNNY VASQUEZ; <br> CPL CHAD MANDRY; SERGEANT JOHN DOE; <br> OFFICER JIMMIE WELLS; CPL. LOUIS FARIAS; <br> BADGE 534; OFFICER BRANDON EVANS, <br> BADGE 556; OFFICER UZIEL HERNANDEZ; <br> JOHN DOE TASER 1; JOHN DOE TASER 2 AND <br> THE CITY OF LEON VALLEY, A POLITICAL <br> SUBDIVISION OF THE STATE OF TEXAS <br><br> Defendants. | CIVIL ACTION NO. 5:18-CV-0680-FB |

**DEFENDANT CHIEF SALVAGGIO, LT. ANDERSON AND OFFICERS VASQUEZ, MANDRY, WELLS, FARIAS, EVANS AND HERNANDEZ' ORIGINAL ANSWER**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE FRED BIERY:

NOW COMES **CITY OF LEON VALLEY CHIEF OF POLICE JOSEPH SALVAGGIO, LT. DAVID ANDERSON AND OFFICERS JOHNNY VASQUEZ, CORPORAL CHAD MANDRY, OFFICER JIMMIE WELLS, CORPORAL LOUIS FARIAS, OFFICER BRANDON EVANS** and **OFFICER UZIEL HERNANDEZ**, Individually and in their Official Capacity, Defendants in the above entitled and numbered cause and files this their Original Answer to Plaintiffs' First Amended Complaint heretofore filed and in support thereof would respectfully show unto the Court the following:

## I.
## FIRST DEFENSE

Plaintiffs' First Amended Complaint fails to state a cause action against these Defendants upon which relief may be granted.

## II.
## SECOND DEFENSE

Defendants **CITY OF LEON VALLEY CHIEF OF POLICE SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ**, admits that this action purports to arise from violations of Plaintiffs' Constitutional Rights pursuant to 42 U.S.C. § 1983, as alleged in Plaintiffs' First Amended Complaint; however, Defendants deny that any cause of action exists there under.

## III.
## THIRD DEFENSE

Defendants **CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ**, deny "Statement of Facts" Paragraphs 32 through 37 of Plaintiffs' First Amended Complaint. Defendants would show unto the Court that Plaintiff **MARK BROWN** was arrested for Interference with Public Duties under Section 38.15(a) of the TEXAS PENAL CODE and Resisting Arrest under Section 38.03(a) of the TEXAS PENAL CODE. Said charges are currently pending with the Bexar County District Attorney's Office.

## IV.
## FOURTH DEFENSE

Defendants **CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ**, deny "June 18, 2018 Incident" Paragraphs 38 through 42 of Plaintiffs' First Amended Complaint. Defendants deny Plaintiffs' allegations that detentions and arrests were made

without lawful basis and that excessive force was used.  Defendants would show unto the Court that Plaintiff **DAVID BAILEY** was arrested for obstructing a passage way under § 42.03 of the TEXAS PENAL CODE.  Plaintiff **JAMES SPRINGER** was arrested for Interference With Public Duties under § 38.15(a) of the TEXAS PENAL CODE.   Said charges are currently pending with the Bexar County District Attorney's Office.

## V.
## FIFTH DEFENSE

Defendants **CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ**, deny "June 23, 2018 Incident" Paragraphs 43 through 47 of Plaintiffs' First Amended Complaint.  Defendants would show unto the Court that Plaintiff **SPRINGER** was arrested for Retaliation under § 36.06 of the TEXAS PENAL CODE.  Plaintiff **BRIAN HOWD** was arrested for Interference With Public Duties under Section 38.15(a) of the TEXAS PENAL CODE and Resisting Arrest under § 38.03 of the TEXAS PENAL CODE. Plaintiff **JOSEPH BRANDON PIERCE** was arrested for Interference With Public Duties under § 38.15(a) of the TEXAS PENAL CODE and Failure to Identify under § 38.02 of the TEXAS PENAL CODE.  Defendants specifically deny Plaintiff's allegations of unlawful seizure and excessive force, as a matter of law.

## VI.
## SIXTH DEFENSE

Defendants **CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ** would show unto the Court that the Plaintiffs are a cabal of communication zealots intent on bringing chaos and disruption to municipal governments and in particular, the City of Leon Valley.  Plaintiffs and their cohorts, through "live feeds" on social media instigation, conducted mass phone callings to city offices and mass email communications to City of Leon Valley

Offices, disrupting the government of the City of Leon Valley.  Contrary to their alleged self-imposed title of First Amendment Auditors (FAA), Plaintiffs are churlish fomenters.  Defendants assert unto the Court that Plaintiffs' rights under the First and Fourth Amendments were not violated and Plaintiffs' were not subjected to excessive force, as a matter of law.

Defendants **CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ**, deny "Meet the Plaintiffs Russell Zinter," Paragraphs 48 through 52 of Plaintiffs' First Amended Complaint.  Defendants deny that Plaintiff **RUSSELL ZINTER**'s constitutional rights were violated as alleged in Plaintiff's Complaint, as a matter of law.

## VII.
## SEVENTH DEFENSE

Defendants **CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ**, deny "Meet the Plaintiffs Jack Miller," Paragraphs 53 through 56 of Plaintiffs' First Amended Complaint.  Defendants deny that Plaintiff **JACK MILLER**'s First Amendment Rights were violated as alleged in his Complaint, as a matter of law.

## VIII.
## EIGHTH DEFENSE

Defendants **CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ**, deny "Meet the Plaintiffs Brian Howd," Paragraphs 57 through 60 of Plaintiffs' First Amended Complaint.  Defendants deny that Plaintiff **BRIAN HOWD**'s allegations that he was arrested without probable cause.  Plaintiff Howd was arrested and charged for Interference with Public Duties and Resisting Arrest.

## IX.
## NINTH DEFENSE

Defendants **CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ**, deny "Meet the Plaintiffs James A Mead," Paragraphs 61 through 79 of Plaintiffs' First Amended Complaint. Defendants deny Plaintiff **JAMES A. MEAD'S** allegations of Unlawful Detention and Unlawful Seizing of Property as alleged in his Complaint, as a matter of law.

## X.
## TENTH DEFENSE

Defendants **CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ**, deny "Meet the Plaintiffs Joseph Brandon Pierce," Paragraphs 80 through 93 of Plaintiffs' First Amended Complaint. Defendants would show unto the Court that Plaintiff **JOSEPH BRANDON PIERCE** was arrested for Interference With Public Duties and Failure To Identify. Defendants deny that Plaintiff's constitutional rights were violated, as a matter of law.

## XI.
## ELEVENTH DEFENSE

Defendants **CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ**, deny "Meet the Plaintiffs Mark Brown," Paragraphs 94 through 101 of Plaintiffs' First Amended Complaint. Defendants would show unto the Court that Plaintiff **MARK BROWN** was arrested for Interference With Public Duties and Resisting Arrest. Defendants deny Plaintiff's claims of excessive force, as alleged in Plaintiff's Complaint, as a matter of law.

## XII.
## TWELFTH DEFENSE

Defendants **CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ**, deny "Meet the Plaintiffs David Bailey," Paragraphs 102 through 108 of Plaintiffs' First Amended Complaint. Defendants would show unto the Court that Plaintiff **DAVID BAILEY** was arrested for Obstructing a Passage way in the foyer leading to Municipal Court. Defendants deny that Plaintiff **BAILEY'S** Constitution rights were violated as alleged.

## XIII.
## THIRTEENTH DEFENSE

Defendants **CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ**, deny "Meet the Plaintiff Juan Gonzales Jr.," Paragraphs 109 through 118 of Plaintiffs' First Amended Complaint. Defendants deny Unlawful Detention of Plaintiff **JUAN GONZALES, JR.** as alleged in Plaintiff's Complaint, as a matter of law.

## XIV.
## FOURTEENTH DEFENSE

Defendants **CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ**, deny "Meet the Plaintiffs Kevin Eagan," Paragraphs 119 through 128 of Plaintiffs' First Amended Complaint. Defendants deny that Plaintiff **KEVIN EAGAN'S** allegations of Unlawful Detention and deny violating Plaintiff's constitutional rights, as a matter of law.

## XV.
## FIFTEENTH DEFENSE

Defendants **CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ**,

deny "Meet the Plaintiffs Johnathon Green," Paragraphs 129 through 134 of Plaintiffs' First Amended Complaint. Defendants deny that Plaintiff **JONATHON GREEN** was Unlawfully Detained as alleged in Plaintiff's Complaint. Defendants deny that Plaintiff's rights were violated under the constitution, as alleged in his Complaint, as a matter of law.

## XVI.
## SIXTEENTH DEFENSE

Defendants **CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ**, deny "Meet the Plaintiffs James Springer," Paragraphs 135 through 146 of Plaintiffs' First Amended Complaint. Defendants would show unto the Court that Plaintiff **JAMES SPRINGER** was arrested for Retaliation and Interference with Public Duties. Defendants deny Plaintiff's allegations of excessive force and deny that Plaintiff's constitutional rights were violated, as a matter of law.

## XVII.
## SEVENTEENTH DEFENSE

Defendants **CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ** deny "Count 1-5 – June 14, 2018 Incident" Paragraphs 147 through 167 of Plaintiffs' First Amended Complaint. Defendants deny that Plaintiff's rights under the First and Fourth Amendment were violated under 42 U.S.C. § 1983, as alleged Plaintiffs' Complaint. Plaintiff **MARK BROWN** was lawfully arrested for Interference With Public Duties and Resisting Arrest. Charges against Plaintiff **BROWN** are pending in the Bexar County District Attorney's Office. Defendants assert that since charges are pending against Plaintiff **BROWN**, his civil suit be stayed pending the disposition of the state criminal proceedings. *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994).

## XVIII.
## EIGHTEENTH DEFENSE

Defendants **CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ** deny "Count 6 – June 18, 2018 Incident," Paragraphs 168 through 175 of Plaintiffs' First Amended Complaint. Defendants deny Plaintiffs' were unlawfully arrested and/or detained in violation of the Fourth Amendment under 42 U.S.C. § 1983 as alleged. Defendants would show unto the Court that Plaintiff **BAILEY** was arrested for Obstructing Passageway and Plaintiff **SPRINGER** was arrested for Retaliation and Interference with Public Duties. Said are currently pending with the Bexar County District Attorney's Office. Defendants assert that since charges are pending against these Plaintiffs that their civil suit be stayed pending disposition of state criminal proceedings. *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994).

## XIX.
## NINETEENTH DEFENSE

Defendants **CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ** affirmatively assert that at all times made the basis of Plaintiffs' Complaint that they were acting in the course and scope of their employment as City of The Leon Valley Police Officers and Peace Officers of the State of Texas acting pursuant to their discretionary capacity and at all times acted in good faith and therefore, they are entitled to the protective shroud of qualified immunity and official immunity, as a matter of law.

Defendants affirmatively plead the protective shroud of qualified immunity under both prongs of the qualified immunity analysis. Defendants assert that their conduct did not violate a constitutional right and further assert that their conduct was objectively reasonable in light of

clearly established law.  *Hogan v. Cunningham*, 722 F.3d 725, 734 (5th Cir. 2013).

## XX.
## TWENTIETH DEFENSE

Defendants **CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ** deny "Count 7 – June 18, 2018 Incident" Paragraphs 176 through 186 of Plaintiffs' First Amended Complaint.  Defendants would show unto the Court that Plaintiff **PIERCE** was arrested for Interference with Public Duties and Failure to Identify, Plaintiff **BAILEY** was arrested for Obstructing a Passageway and Plaintiff **SPRINGER** was arrested for Retaliation and Interference with Public Duties.  Said charges are currently pending with the Bexar County District Attorney's Office.  Defendants deny that said arrests and detentions were a violation of the Plaintiffs' First Amendment Rights under 42 U.S.C. § 1983, as alleged.

## XXI.
## TWENTY-FIRST DEFENSE

Defendants **CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ** deny "Count 8 – June 18, 2018 Incident" Paragraphs 187 through 195 of Plaintiffs' First Amended Complaint.  Defendants deny Plaintiffs' allegations of excessive force in violation of the Fourth Amendment under 42 U.S.C. § 1983, as alleged in Plaintiff's Complaint.  Defendants would show unto the Court that only the necessary amount of reasonable force was used to detain and/or arrest the Plaintiffs in question.

## XXII.
## TWENTY-SECOND DEFENSE

Defendants **CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ**

deny "Count 9 – June 18, 2018 Incident" Paragraphs 196 through 204 of Plaintiffs' First Amended Complaint. Defendants deny that Plaintiffs' property was unlawfully seized in violation of the Fourth Amendment under 42 U.S.C. § 1983, as alleged. Defendants assert unto the Court that Plaintiffs **PIERCE, BAILEY** and **SPRINGER** have current criminal charges pending against them as heretofore stated. Defendants assert that since charges are pending against these Plaintiffs that this suit be stayed pending disposition of the state criminal proceedings, as a matter of law.

## XXIII.
## TWENTY-THIRD DEFENSE

Defendants **CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ** deny "Count 10 – June 18, 2018 Incident" Paragraphs 205 through 212 of Plaintiffs' Complaint. Defendants would show unto the Court that Plaintiff **SPRINGER** currently has criminal charges pending against him for Retaliation and Interference with Public Duties. Defendants assert that pending the criminal charges should stay Plaintiffs' Section 1983 cause of action. *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994).

## XXIV.
## TWENTY-FOURTH DEFENSE

Defendants **CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ** deny "Count 11 – June 18, 2018 Incident" Paragraphs 213 through 217 of Plaintiffs' Complaint. Defendants would show unto the Court that Plaintiff **BAILEY** obstructed the passageway into the municipal court building and was arrested for Obstructing The Passageway. Said charges are pending with the Bexar County District Attorney's Office. Defendants would show unto the

Court that Plaintiffs have failed to state a cause of action under 42 U.S.C. § 1983 for abuse of process under the Fourth Amendment, as a matter of law.

## XXV.
## TWENTY-FIFTH DEFENSE

Defendants **CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ** deny "Count 12 – June 23, 2018 Incident" Paragraphs 218 through 228 of Plaintiffs' First Amended Complaint. Defendants assert unto the Court that the Plaintiffs' were not unlawfully detained and/or arrested in violation of the Fourth Amendment under 42 U.S.C. § 1983, as alleged.

## XXVI.
## TWENTY-SIXTH DEFENSE

Defendants **CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ** deny "Count 13 – June 23, 2018 Incident" Paragraphs 229 through 240 of Plaintiffs' Complaint. Defendants deny unlawful detention and/or arrest and/or unlawful seizure of property, as alleged. Defendants deny Plaintiffs' allegation that their rights under the First Amendment were violated under 42 U.S.C. § 1983, as alleged. Defendants deny all claims of excessive force as alleged in Plaintiffs' Complaint.

## XXVII.
## TWENTY-SEVENTH DEFENSE

Defendants **CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ** deny "Count 14 – June 23, 2018 Incident" Paragraphs 241 through 245 of Plaintiffs' Complaint. Defendants specifically deny Plaintiffs' allegations under the Fourth Amendment and allegations

of excessive force under 42 U.S.C. § 1983, as a matter of law.

## XXVIII.
## TWENTY-EIGHTH DEFENSE

Defendants **CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ** deny "Count 15 – June 23, 2018 Incident" Paragraphs 246 through 253 of Plaintiffs' Complaint. Defendants deny unlawful seizure of property and unlawful arrest under the Fourth Amendment as alleged in Plaintiffs' Complaint. Defendants would show unto the Court that Plaintiffs **HOWD**, **PIERCE** and **SPRINGER** were lawfully arrested and said charges are pending before the Bexar County District Attorney's Office. Defendants assert that since these charges are pending against Plaintiffs' that this civil lawsuit be stayed pending the disposition of the state criminal proceedings. *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994).

## XXIX.
## TWENTY-NINTH DEFENSE

Defendants **CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ** deny "Count 16 – June 23, 2018 Incident" Paragraphs 254 through 262 of Plaintiffs' First Amended Complaint. Defendants deny Plaintiff **HOWD** was falsely arrested as alleged in Plaintiffs' Complaint. Defendants assert that Plaintiff **HOWD** was arrested for Interference With Public Duties and Resisting Arrest. Said charges are currently pending before the Bexar County District Attorney's Office. Defendants assert that since said charges are pending against Plaintiff **HOWD**, that this lawsuit be stayed pending disposition of the state criminal proceedings. Plaintiffs' allegations under the Fourth Amendment and allegations of excessive force under 42 U.S.C. § 1983, as a matter of law. *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994).

## XXX.
## THIRTIETH DEFENSE

Defendants **CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ** deny "Count 17 – June 23, 2018 Incident" Paragraphs 263 through 267 of Plaintiffs' Complaint. Defendants deny Plaintiffs' allegations of abuse of process in violation of the Fourth Amendment as alleged in Plaintiffs' First Amended Complaint. Defendants specifically would show unto the Court that **HOWD** and **SPRINGER** were lawfully arrested with criminal charges currently pending at the Bexar County District Attorney's Office. Plaintiff **HOWD** was arrested for Interference With Public Duties and Resisting Arrest. Plaintiff **SPRINGER** was arrested for Retaliation and Interference with Public Duties. Defendants assert that this civil lawsuit should be stayed pending disposition of state criminal proceedings. *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994).

## XXXI.
## THIRTY-FIRST DEFENSE

Defendants **CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ** deny "Count 18 *Monell* Liability" Paragraphs 268 through 277 of Plaintiffs' Complaint. Defendants assert unto the Court that all of its officers are trained in accordance with the Texas Commission on Law Enforcement (TCOLE) and all officers maintain in-service training in accordance with state standards. Plaintiffs have failed to state a cause of action under *Monell*, as a matter of law.

## XXXII.
## THIRTY-SECOND DEFENSE

Defendants CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS and OFFICER HERNANDEZ assert that at all times made the basis of Plaintiffs' Complaint that they were acting in the course and scope of their employment as City of Leon Valley Police Officers and peace officers of the State of Texas, acting pursuant to their discretionary capacity and at all times acted in good faith and therefore, they are entitled to the protective shroud of qualified immunity and official immunity for all of Plaintiffs' claims.

Defendants affirmatively plead both prongs of the qualified immunity analysis as a defense in the case at bar.  Defendants assert (1) that their conduct did not violate a constitutional right and further assert (2) their conduct was objectively reasonable in light of clearly established law.  *Hogan v. Cunningham*, 722 F.3d 725, 734 (5th Cir. 2013).

Defendants assert unto the Court that their actions as law enforcement officers were justified pursuant to the TEXAS PENAL CODE, Chapter 9, Section 9.51, as a matter of law.

## XXXIII.
## THIRTY-THIRD DEFENSE

Defendants CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS and OFFICER HERNANDEZ assert their defenses under the TEXAS TORT CLAIMS ACT, Chapter 101, § 101.023, §101.024, and § 101.106, as a matter of law.

Defendants further assert their defenses under the TEXAS CIVIL PRACTICE & REMEDIES CODE, Chapter 41, §41.0105 and Chapter 108, § 108.002, as a matter of law.

## XXXIV.
## THIRTY-FOURTH DEFENSE

Defendants **CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ** deny "Prayer for Relief" of Plaintiffs' First Amended Complaint. Defendants deny Plaintiffs' are entitled to compensatory or punitive damages, as alleged. Defendants deny that Plaintiffs are entitled to any injunctive relief and/or declaratory judgment relief, as alleged. Defendants further deny Plaintiffs are entitled to Attorney's Fees pursuant to 42 U.S.C. § 1988, as a matter of law.

## XXXV.
## THIRTY-FIFTH DEFENSE

Defendants **CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ** herein deny any allegations in Plaintiffs' First Amended Complaint not specifically admitted herein and demands strict proof thereof as required by law.

## XXXVI.
## THIRTY-SIXTH DEFENSE

Defendants **CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ** herein demand a jury trial.

**WHEREFORE, PREMISES CONSIDERED**, Defendants **CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ** pray that Plaintiffs' suit be dismissed against them, or in the alternative, that the Plaintiffs take nothing by their lawsuit against them, that Defendants have Judgment herein, that the Defendants be awarded their costs expended,

including reasonable attorney's fees and for such other and further relief, both general and special, and at law and in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**LAW OFFICES OF CHARLES S. FRIGERIO**
A Professional Corporation
Riverview Towers
111 Soledad, Suite 840
San Antonio, Texas 78205
(210) 271-7877
(210) 271-0602 Telefax
Email: csfrigeriolaw@sbcglobal.net
    frigeriolaw1995@sbcglobal.net

BY: /s/ Charles S. Frigerio
    CHARLES S. FRIGERIO
    SBN: 07477500
    ATTORNEY-IN-CHARGE

    HECTOR X. SAENZ
    SBN: 17514850
ATTORNEYS FOR DEFENDANTS **CHIEF OF POLICE JOSEPH SALVAGGIO, LT. DAVID ANDERSON AND OFFICERS JOHNNY VASQUEZ, CORPORAL CHAD MANDRY, OFFICER JIMMIE WELLS, CORPORAL LOUIS FARIAS, OFFICER BRANDON EVANS AND OFFICER UZIEL HERNANDEZ**

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of August, 2018, I electronically filed the foregoing Defendants Chief Salvaggio, Lt. Anderson and Officer Vasquez, Corporal Mandry, Officer Wells, Corporal Farias, Officer Evans and Officer Hernandez' Original Answer with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Brandon J. Grable
Grable Law Firm PLLC
1603 Babcock Road, Suite 118
San Antonio, Texas 78229

Mr. Solomon M. Radner
EXCOLO LAW, PLLC
26700 Lahser Road, Suite 401
Southfield, MI 48033

/s/ Charles S. Frigerio
CHARLES S. FRIGERIO