UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUSSELL ZINTER; ET AL. | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL NO. SA-18-CA-680-FB |
| CHIEF JOSEPH SALVAGGIO; ET AL. | § § § | |
| Defendants. | § § | |

### DEFENDANT, CITY OF LEON VALLEY'S
### RESPONSE TO TEMPORARY RESTRAINING ORDER

Defendant CITY OF LEON VALLEY files this its Response to the Temporary Restraining Order issued on August 20, 2018, [Dkt. 22] and would show this court the following:

### I. BACKGROUND

1. Plaintiffs are RUSSELL ZINTER; JACK MILLER; BRIAN HOWD; JAMES A. MEAD; JOSEPH BRANDON PIERCE; MARK BROWN; DAVID BAILEY; JUAN GONZALES JR.; KEVIN EGAN; JONATHAN GREEN; and JAMES SPRINGER ("Plaintiffs").

2. Defendants are CHIEF JOSEPH SALVAGGIO; LIEUTENANT DAVID ANDERSON; DEPUTY JANE DOE GOLDMAN; OFFICER JOHNNY VASQUEZ; CPL. CHAD MANDRY; SERGEANT JOHN DOE; OFFICER JIMMIE WELLS; CORPORAL LOUIS FARIAS, badge 534; OFFICER BRANDON EVANS, badge 556; OFFICER UZIEL HERNANDEZ; JOHN DOE TAZER 1; JOHN DOE TAZER 2 ("Individual Defendants"); and THE CITY OF LEON VALLEY, a political Subdivision of the State of Texas ("City").

3. Plaintiff filed his Original Complaint on July 4, 2018 [Dkt. 1].

4. Defendant, City of Leon Valley, was served with Plaintiff's Original Complaint via Waiver of the Service of Summons on July 24, 2018. Defendant's response is due September 4, 2018.

5. Defendant was served with Plaintiffs' Emergency Motion for Temporary Restraining Order on Friday, August 17, 2018, via e-filing [Dkt. 20]. The Court issued its Temporary Restraining Order ("TRO") on Monday, August 20, 2018, [Dkt. 22] enjoining all Defendants from the following for fourteen (14) days:

    a.    searching, examining, or in any other way, reviewing the contents or files on any of the devices seized by defendants on the dates to which plaintiff refer in their Complaint; and

    b.    taking any actions in furtherance of their [defendants] attempt to uncover, view, or examine any Google information of any of the Plaintiffs.

6. Defendant contends that this Court lacks jurisdiction to grant the TRO; Plaintiffs' Motion for Emergency Temporary Restraining Order involves state actions in Plaintiffs' criminal proceedings; the *Younger* abstention doctrine applies, because there are current state criminal prosecutions pending against Plaintiffs that implicates important state interests that offers Plaintiffs adequate opportunity to raise constitutional challenges in state court; and the TRO is overbroad and should be vacated.

## II.  ARGUMENT AND AUTHORITIES

### A. This Court Lacks Jurisdiction Over The Property At Issue

7. This Court lacks jurisdiction to hear disputes over property in custody of the state district court in the county where the property was seized – the state court has exclusive jurisdiction over

the *res*.[1]  Under Chapter 59 of the Texas Code of Criminal Procedure, jurisdiction, as here, vests with the Bexar County District Court upon the seizure of the property in the county.[2]  In the instant case, the search warrants attached to Plaintiffs' Emergency Motion for Temporary Restraining Order as Exhibits [Dkt. 20-2] were issued by state district court judge Jefferson Moore of the 186th District Court, Bexar County, Texas.  There are no stated facts in Plaintiffs' emergency motion to indicate that Google information, phones, cameras and other electronic recording devices ("property") has been transferred from the state to the custody of a federal agency.  Since this Court has no control over the property and thus, lacks jurisdiction over the property at issue here, the TRO should be vacated immediately and/or let to expire on September 3, 2018.

### III. PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY INJUNCTION INVOLVES PENDING CRIMINAL PROCEEDINGS

8.  Plaintiffs erroneously sought a federal court restraining order in a civil proceeding to temporarily prevent state court prosecution involving the review of, or obtaining of, alleged private information contained in plaintiffs' cell phones, recording devices and the information contained in their personal Google accounts.  [Dkt. 20 p. 1].  Plaintiffs cite only two criminal cases in their motion to support this Court's issuance of the TRO, *Boyd v. United States*, 116 U.S. 616, 630 (1886) and *Riley v. California* 134 S. Ct. 2473, 2494-2495, 189 L. Ed. 430, 252

---

[1] *Reyna v. United States,* 180 Fed. Appx. 495, 496 (5th Cir. Tex. 2006)(unpub.)(the federal district court lacks jurisdiction over property where the property has never been in federal custody and has not been subject to federal forfeiture), relying on *Scarabin v. Drug Enforcement Admin.*, 966 F.2d 989, 994 (5th Cir. 1992).

[2] Tex. Code Crim. Proc. 59.01(8): "Seizure" means the restraint of property by a peace officer under Article 59.03(a) or (b) of this code, whether the officer restrains the property by physical force or by a display of the officer's authority, and includes the collection of property or the act of taking possession of property.  In addition, Tex. Code Crim. Proc. 59.01(c) states: (c) A peace officer who seizes property under this chapter has custody of the property, subject only to replevy under Article 59.02 of this code or an order of a court.  A peace officer who has custody of property shall provide the attorney representing the state with a sworn statement that contains a schedule of the property seized, an acknowledgment that the officer has seized the property, and a list of the officer's reasons for the seizure.

(2014). However, these cases are distinguishable to the instant case. In *Boyd,* the Supreme Court determined there are Fifth Amendment implications in **criminal proceedings** concerning the seizure of private papers of the accused that could be used as evidence to convict the accused of a crime. The *Boyd* court, in a unique analysis, considered the implication of Fourth Amendment rights. The court held that the accused in a criminal case or the defendant in a forfeiture action could not be forced to produce evidentiary items without violating the Fifth Amendment, and may consider Fourth Amendment implications. However, the court did not make the Fourth Amendment violation an essential predicate for its holding that there was a Fifth Amendment violation. Plaintiffs' reliance in *Boyd* as legal authority to support the TRO is misplaced and is only applicable to the confines of criminal actions against Plaintiffs.

9.   Plaintiffs' reliance in *Riley* as legal authority to support the TRO is also misplaced.[3] The *Riley* court's final comment emphasizes the distinction from the instant case. "Our answer to the question of what police must do before searching a cell phone seized incident to an arrest is accordingly simple –get a warrant." *Riley* at 2495. Where a search is undertaken by law enforcement officials to discover evidence of criminal wrongdoing, reasonableness generally requires the obtaining of a judicial warrant, so as to ensure that the inferences to support a search are drawn by a neutral and detached magistrate, instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime. *Riley* at 2482, citing U.S.C.A. Const. Amend. 4. Warrants have been issued in Plaintiff, Springer's criminal case for Obstruction or Retaliation under Texas Penal Code § 36.03 for the seizure of Google account information and other evidence. Plaintiff, Springer, responded by filing of a temporary restraining order and a motion to quash.

---

[3] *Riley* is a criminal case involving a traffic stop and arrest involving the seizure of a phone as incident to the arrest.

10.     Attached hereto as **Exhibit "A"** is a copy of Plaintiff, Springer's Request for Temporary Restraining Order, Motion to Stay Execution of and to Quash Search Warrant filed in his criminal case styled, *The State of Texas v. James Springer*, In the District Court, 227th Judicial District, Bexar County, Texas, Cause No. 2018-CR-7461, requesting the court to enjoin the Leon Valley Police Department, Bexar County District Attorney's Office, and other State and Federal Agencies from obtaining any evidence seized or may be seized in connection with his state case, pursuant to the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution; Article 1 Section 9 of the Texas Constitution, and under Article 38.23 of the Texas Code of Criminal Procedure.  Plaintiff, Springer, not only filed the same type of temporary restraining order in state court, he is also reasserting his constitutional challenges to the alleged unlawful seizure of "any" property he may possess as well as property in the possession of third parties.

11.     The holding in *Riley* read in conjunction with the *Younger* abstention, provides Plaintiffs with adequate opportunity to raise constitutional challenges in the state criminal proceedings.

### IV.   THE YOUNGER ABSTENTION APPLIES

12.     The Supreme Court held in *Younger v. Harris* that, when a party in federal court is simultaneously defending a state criminal prosecution, federal courts "should not act to restrain [the state] criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. 37, 43–44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Its conclusion was motivated by the "basic doctrine of equity jurisprudence," "notion[s] of 'comity,' " and "Our Federalism." *Id.* Courts apply a three-part test when deciding whether to abstain under *Younger*. There must be (1) "an ongoing state judicial proceeding" (2) that "implicate[s] important state interests" and (3) offers "adequate opportunity" to "raise constitutional challenges." *O'Donnell v. Harris County et al.* 892 F. 3d

147, 156 (5th Cir. June 1, 2018), citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). The Younger doctrine applies to suits for injunctive and declaratory relief. *Google, Inc., v. Hood*, 822 F. 3d 212, 222 (5th Cir. 2016) citing *Nobby Lobby, Inc. v. City of Dallas,* 970 F.2d 82, 86 (5th Cir. 1992).

A.   **Ongoing State Judicial Proceedings That Implicates Important State Interests**

13.   Considering the second *Younger* requirement, "[w]hen a state proceeding is commenced before the federal suit is filed or before the federal court takes any substantive action in the case…the balance weighs in favor of the state: the risk of federal interference is greater and the state interest is stronger." *DeSpain v. Johnson*, 731 F.2d 1171, 1178 (5th Cir. Tex. 1984). As evidenced by the Affidavit of Brandon Ramsey, Assistant Criminal District Attorney, from the Bexar County District Attorney's Office,[4] the following Plaintiffs have ongoing criminal proceedings[5]: James Springer (Obstruction/Retaliation, Penal Code §36.06); David Bailey (Obstructing Highway or other Passageway); Jack Miller (Places Weapons Prohibited); and Mark Brown (Interference with Public Duties, Resetting Arrest). Police Officers came in contact with Plaintiffs, Howd, Mead, Pierce and Green. Search Warrants were issued for the property seized from these individuals, including Springer.

14.   As the Supreme Court has explained, interference with state judicial proceedings "prevents the state ... from effectuating its substantive policies.... results in duplicative legal proceedings, and can readily be interpreted 'as reflecting negatively upon the state courts' ability to enforce constitutional principles.'" *Google,* at 222, citing *Huffman v. Pursue, Ltd.,* 420 U.S.

---

[4] Affidavit of Brandon Ramsey, is attached as Exhibit "B".
[5] Although Jason Green is referred to in the TRO, he is not a plaintiff in this case nor have criminal charges been filed against him. [Dkt. 22 p. 2].

592, 604, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975) (quoting *Steffel v. Thompson,* 415 U.S. 452, 462, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974)). The Affidavit of Brandon Ramsey provides evidence that the TRO interferes with the District Attorney's criminal investigation which demonstrates an important state interest in prosecuting criminal violations. *See* **Exhibit "B."**

**B.     Plaintiffs have an adequate opportunity to raise any constitutional challenges in the state criminal court proceedings**

15.   The third prong for *Younger* applicability is whether the state proceeding affords an adequate opportunity to raise constitutional challenges to the actions enjoined as specified in the TRO. *Wightman v. Tex. Supreme Ct.,* 84 F.3d 188, 189 (5th Cir. 1996). Plaintiffs, Springer, Pierce, Miller, Howd, Brown, Bailey, Mead and Green have adequate opportunity to raise constitutional challenges in the state court criminal proceedings. The availability of the opportunities to litigate constitutional claims in the state courts (trial and appellate) constitute "an adequate opportunity to raise constitutional challenges" in the state criminal proceedings. This prong of the *Younger* test is satisfied and abstention is warranted. As stated above, Plaintiff, Springer, has filed a motion to quash the search warrant issued to Google, Inc., and for the search of his recording device.

### V.   THE TRO IS OVERBROAD

16.   "When crafting an injunction, district courts are guided by the Supreme Court's instruction that 'the scope of injunctive relief is dictated by the extent of the violation established.'" *O'Donnell* at 163, citing *Califano v. Yamasaki*, 442 U.S. 682, 702, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979). "A district court abuses its discretion if it does not '**narrowly** tailor an injunction to remedy the specific action which gives rise to the order.'" *O'Donnell* at 163, citing *John Doe # 1 v. Veneman,* 380 F.3d 807, 818 (5th Cir. 2004) (Emphasis added). "Thus, an injunction must be vacated if it "fails to meet these standards" and "is overbroad." *Id.* "The

broadness of an injunction refers to the range of proscribed activity .... [and] is a matter of substantive law." *O'Donnell* at 163, citing *U.S. Steel Corp. v. United Mine Workers of Am.*, 519 F.2d 1236, 1246 n.19 (5th Cir. 1975). In *O'Donnell,* the district court granted Plaintiff's motion for a preliminary injunction which required the implementation of new safeguards and the release of numerous detainees subjected to insufficient procedures.[6] *Id.* The Fifth Circuit found that there was a significant mismatch between the district court's procedure-focused legal analysis and the sweeping injunction it implemented. *Id.*

17.     In the instant TRO, all the Defendants are enjoined from, "searching or examining or **in any other way,** viewing the contents or files on **any** of the devices seized by the defendants on the dates to which plaintiffs refer in their complaint." (Emphasis added). This part of the TRO is overly broad because it includes not only the Plaintiffs' devices, but devices from any witnesses who are not a party in this case. A non-party should not benefit from injunctive relief granted to Plaintiffs. To the extent that these non-parties could have brought suit under their own cause of action concerning alleged private information on their recording devices and have failed to do so, their interest should be barred from consideration, or alternatively, addressed in the state criminal court proceeding. No one else before the court, besides Plaintiffs, are seeking the broad injunctive relief fashioned by the TRO. In addition, no evidence of direct harm to these non-parties have been asserted by Plaintiffs.

18.     The terms **"any devices"**, **"any actions"**, and **"any Google information"** are overly broad for the scope of the injunctive relief. As read, the TRO's would include all information that can be viewed or discovered from an infinite amount of electronic devices or data. The

---

[6]Arrestees brought § 1983 action, on behalf of themselves and others similarly situated, against county, county sheriff, county judges, and other county officials, alleging that county's system for setting bail for indigent misdemeanor arrestees, which resulted in detention of indigent arrestees solely due to their inability to pay bail, violated Equal Protection and Due Process Clauses.

broad scope of the TRO stymies Defendants and other investigative agencies prosecution of criminal complaints.

## VI. CONCLUSION

19.     The TRO in place should be immediately vacated or allowed to expire on September 3, 2018, because (1) this Court lacks the jurisdiction over the property at issue, since the state court has exclusive jurisdiction over the *res;* (2) the property seized is for the purpose of state criminal proceedings; (3) the *Younger* abstention applies and Plaintiffs can raise their constitutional challenges is state court; and (4) the TRO is overbroad and should be vacated.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant CITY OF LEON VALLEY, prays that this Court vacate the TRO issued on August 20, 2018 [Dkt. 22] or allow the TRO to expire on September 3, 2018 and not reissue; and that Defendant City be given such other and further relief, at law or in equity, general or special, to which Defendant City may be justly entitled.

Signed this 31st day of August, 2018.

             Respectfully submitted

             DENTON NAVARRO ROCHA BERNAL & ZECH
             A Professional Corporation
             2517 N. Main Avenue
             San Antonio, Texas 78212
             Telephone: (210) 227-3243
             Facsimile: (210) 225-4481
             patrick.bernal@rampage-sa.com
             adolfo.ruiz@rampage-sa.com

BY: _____
             PATRICK C. BERNAL
             State Bar No. 02208750
             ADOLFO RUIZ
             State Bar No. 17385600
             ATTORNEYS FOR DEFENDANT
             CITY OF LEON VALLEY

**CERTIFICATE OF SERVICE**

  This is to certify that a true and correct copy of the foregoing instrument has been served upon the below named individual(s) via certified mail, return receipt requested, unless otherwise indicated, and according to the Federal Rules of Civil Procedure on the 31st day of August, 2018.

| | |
|---|---|
| Brandon J. Grable<br>GRABLE LAW FIRM PLLC<br>1603 Babcock Road, Suite 118<br>San Antonio, Texas 78229 | **E-NOTIFICATION** |
| Solomon M. Radner<br>EXCOLO LAW, PLLC<br>26700 Lahser Rd, Suite 401<br>Southfield, MI 48033 | **E-NOTIFICATION** |
| Charles S. Frigerio<br>Law Offices of Charles S. Frigerio PC<br>111 Soledad, Ste. 840<br>San Antonio, Texas 78205 | **E-NOTIFICATION** |

             _____
             PATRICK C. BERNAL
             ADOLFO RUIZ

F:\Zinter et al v Leon Valley (45259)\Pleadings\Drafts\City's Resp to TRO 2018 0831.doc