UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

RUSSELL ZINTER, et al;

CIVIL ACTION NO: 5:18-CV-680

*Plaintiffs*,

VS.

CHIEF JOSEPH SALVAGGIO, et al;

*Defendants*.
_____/

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

By way of background, Plaintiffs incorporate by reference their First Amended Complaint, ECF #3, and their Emergency Motion for TRO, ECF #20.

**1. This Court has jurisdiction over the property and parties in this action.**

Contrary to the defendants' claim, ECF #30, pg ID 3 of 10, that "There are no stated facts in Plaintiffs' emergency motion to indicate that Google information, phones, cameras and other electronic recording devices ("property") has been transferred from the state to the custody of a federal agency." This argument is misguided because this Court has had judicious over the property at issue as of July 4, 2018. The warrant was not signed by Judge Jefferson Moore until August 7, 2018 – more than a full month after this Court first had jurisdiction over the property at issue. Not surprisingly, the defendants and specifically the affiant, Det. Terry Brooks #521, made no mention of the instant action to Judge Jefferson Moore, nor did they mention that the warrants being sought are in blatant and unlawful retaliation for the

filing of the instant lawsuit. The defendants obviously believed they could trick a state court with more ease than a federal judge, and, sadly, they succeeded. The fact remains that every piece of property at issue, including the property that is the subject of the search warrants as well as all the other property that is not yet the subject of similar anticipated warrants, remain under the jurisdiction of this Court. Further, Plaintiffs are afraid that just as the defendants are seeking to defend this action by seeking frivolous warrants in other courts, nothing is stopping them from continuing to do so. In other words, nothing is stopping them from going to Judge Jefferson Moore with false and misleading affidavits and seeking warrants for all the other property that was unlawfully seized by the defendants – property which is under the jurisdiction of this Court. The only thing stopping them from such inappropriate conduct: This Court's TRO.

**2. Defendants' reliance on Younger is erroneous and misplaced.**

As Defendants argue, this Court must consider a three-part test. There must be:

a. An ongoing state judicial proceeding that implicates the state interests;
b. That offers adequate opportunity to raise constitutional challenges;
c. And will not suffer irreparable injury.

Applying this test to the instant action clearly establishes that the instant TRO must be extended indefinitely. Examining the factors one at a time:

**a. Ongoing state judicial proceeding that implicates the state interests:**

There is a current state judicial proceeding that relates to only Plaintiff James Springer, among current parties to this action. However, the defendants are seeking a warrant to search the Google records of Jason Green against whom no such bogus

"retaliation" charge has been filed. The only people who could conceivably have an adequate opportunity to raise constitutional issues are those with pending state judicial proceeding against them and were given notice of the existence of such a warrant: James Springer and Bao-Quoc Tran Nguyen, who is not a plaintiff in this action. For this reason alone, the defendants' argument fails on its face as to all non-Google property that is not owned by James Springer and Bao-Quoc Tran Nguyen, which is obviously the clear majority of the property relating to the instant action.

### b. That offers adequate opportunity to raise constitutional challenges:

As is explained herein, this could only possibly apply to James Springer and Bao-Quoc Tran Nguyen. The other ten plaintiffs, their seized property, and the seized property of nonplaintiffs don't have ***any*** opportunity at all to challenge such warrants in any court. However, it gets worse.

The mere fact that this TRO could even be requested by Plaintiffs was pure dumb-luck and only thanks to Google, who warned James Springer and Bao-Quoc Tran Nguyen that their private information was subject to a search warrant. That allowed the instant motion, and other motions in the state court, to be filed. Had Google simply complied with the warrant, the horrific invasions of privacy would have been completed without any of the plaintiffs even knowing about it, let alone having an adequate opportunity to fight it. It is nightmarish to fathom how easy it was for law enforcement, based on what is clearly a baseless criminal charge, to obtain a warrant granting them access to someone's emails, including item number 7 of the warrant: *all messages sent and received* – no timeframe, no word search, no limitation; just every single message ever sent or received.  But the real scary thing is the unknown:

What else have these defendants examined? What other warrants did they obtain? Have they already obtained warrants on the ***devices*** that they currently have in their possession? Have the defendants already reviewed the photos, videos, text messages, emails, contacts, and all the other "privacies of life" contained in the seized property? Are there warrants that allow Detective Terry Brooks #521 or other police to examine the ***devices*** of James Springer and Bao-Quoc Tran Nguyen[1]? Such warrants could have just as easily been obtained by the defendants or by Detective Terry Brooks #521 or by any other law enforcement officer seeking to help the defendants in the instant matter, and the invasions could thus take place without ***any*** notice to the plaintiffs whatsoever to afford them an adequate opportunity to fight it.

Here is the bottom line: All the property seized in this action (from everyone other than James Springer and Bao-Quoc Tran Nguyen) is owned by people who are not parties to relevant criminal cases.  Further, they would have no knowledge that such an invasion is about to take place, because the defendants are not disclosing any warrants – only Google did, and the people are therefore not being provided "an adequate opportunity to raise constitutional challenges" due to the simple fact that they are not being given ***ANY*** opportunity at all to raise any constitutional challenges because they are not even being notified of the impending invasions. Lastly, even James Springer and Bao-Quoc Tran Nguyen don't have an opportunity to raise such challenges, because they are not being notified of such warrants by the defendants and, but-for Google's notification, they still would not know that such an invasion

---

[1] It is important to remember that we are only aware of the warrants sent to Google since Google shared it with us. Are there also warrants that allowed the police to access the devices themselves? No such warrants were provided to the plaintiffs or their counsel.

is about to take place and would therefore be denied an adequate opportunity to raise constitutional violations.

The defendants, ECF #30, pg ID 6 of 10, point to some plaintiffs who currently have pending criminal charges against them and others who simply "came in contact" with the police, (which strangely gives the police the belief that they are permitted to arrest such witnesses for failing to identify and seize their property,) but this point in no way affects whether or not there is an adequate opportunity to raise constitutional issues in the state court.

Lastly, the defendants make a conclusion, ECF #30, pg ID 7 of 10, that "Plaintiffs, Springer, Pierce, Miller, Howd, Brown, Bailey, Mead and Green have adequate opportunity to raise constitutional challenges in the state court criminal proceedings. The availability of the opportunities to litigate constitutional claims in the state courts (trial and appellate) constitute "an adequate opportunity to raise constitutional challenges" in the state criminal proceedings. This prong of the *Younger* test is satisfied and abstention is warranted. As stated above, Plaintiff, Springer, has filed a motion to quash the search warrant issued to Google, Inc., and for the search of his recording device."

This statement is scary and should concern the Court as much as it concerns Plaintiffs for at least two reasons, in addition to the obvious implication that they plan on examining the property of those deemed by the defendants to be non-parties:

   A. It essentially argues that the defendants should be granted perhaps unfettered access to all the devices seized and all the related Google information simply because a court of appeals could at some point in the future rule that such an

invasion was improper. But that in no way prevents irreparable harm. By that time, the damage will have already been done. The property at issue including private emails and cell phones containing the "privacies of life" – would have already been subjected to detailed searches by the police. A court of appeals telling the police they were wrong is not an adequate opportunity to raise such issues to prevent the harm, since the irreparable injury will already be done.

B. It includes people whose charges were immediately thrown out by the magistrate for want of probable cause (such as Howd) and it also includes people who will at no point in time receive notice that their privacy is about to violated, since the police don't provide warnings that a warrant is being sought. In such an instance, the only way to remedy such invasions would be *after* the invasions took place. This is thus no "adequate opportunity" to raise these issues to prevent the irreparable harm.

c. **And will not suffer irreparable injury:**

The irreparable injury is the gross and unlawful invasion of privacy. Allowing the defendants to examine the devices of the plaintiffs which contain the "privacies of life" and/or to read all email messages sent or received is not something that should take place in this country so willy-nilly. The fact that this issue needs to be litigated and is being attempted by the police is cause for grave concern because it demonstrates that they have no respect for people's privacy. If they are willing to conduct such an invasion of privacy ***to a witness*** as an attempt to support bogus criminal charges, then a far larger problem exists, which exceeds the scope and purpose of this TRO. But for purposes of this TRO, the defendants themselves

through their own words and actions have demonstrated this TRO's indefinite necessity: To prevent invasions that they apparently don't realize are invasions.

Should the defendants truly disagree with this point, they will be in position to object to a future subpoena to Google from the plaintiffs seeking the same items being sought in the defendants' warrants, including all emails ever sent or received on the defendants' own personal email accounts. The same argument they are now making could then be used against them: Anything produced that is irrelevant, will be ruled irrelevant by this Court prior to trial; therefore, there exists no harm by the mere fact that the plaintiffs had a chance to read every *ALL* of defendants' emails.

## CONCLUSION

This Court absolutely has jurisdiction over the property at issue. Further, even per *Younger*, there is irreparable injury, which further gives this Court jurisdiction over the property at issue. Lastly, no such adequate opportunity is being afforded to raise constitutional issues prior to the irreparable injury. Alternatively, at the very least, this Court should order the defendants to produce all warrants and affidavits related to the seized property so that the appropriate party be provided an adequate opportunity to raise constitutional issues before the irreparable injury transpires.

Respectfully Submitted,

*/S/ Solomon M. Radner*
Solomon M. Radner (MI Bar No. P73653)
Attorney for Plaintiffs
26700 Lahser Rd, Suite 401
Southfield, MI 48033
248-291-9712
sradner@excololaw.com

DATED: September 4, 2018

## **PROOF OF SERVICE**

On September 4, 2018, the undersigned served this notice on all known parties of record by efiling it on this Court's efiling system which will send notice to counsel of record for all parties, with the exception of the Doe defendants who have yet to be identified.

*/s/ Solomon M. Radner*