IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RUSSELL ZINTER; JACK MILLER; <br> BRIAN HOWD; JAMES A. MEAD; <br> JOSEPH BRANDON PIERCE; MARK BROWN; <br> DAVID BAILEY; JUAN GONZALES JR.; <br> KEVIN EGAN; JONATHON GREEN; <br> JAMES SPRINGER <br><br> Plaintiffs, <br><br> VS. <br><br> CHIEF JOSEPH SALVAGGIO; <br> LIEUTENANT DAVID ANDERSON; <br> DEPUTY JANE DOE GOLDMAN; <br> OFFICER JOHNNY VASQUEZ; <br> CPL CHAD MANDRY; SERGEANT JOHN DOE; <br> OFFICER JIMMIE WELLS; CPL. LOUIS FARIAS, <br> BADGE 534; OFFICER BRANDON EVANS, <br> BADGE 556; OFFICER UZIEL HERNANDEZ; <br> JOHN DOE TASER 1; JOHN DOE TASER 2 AND <br> THE CITY OF LEON VALLEY, A POLITICAL <br> SUBDIVISION OF THE STATE OF TEXAS <br><br> Defendants. | CIVIL ACTION NO. 5:18-CV-0680-FB |

**DEFENDANT CHIEF SALVAGGIO, LT. ANDERSON AND OFFICERS VASQUEZ, MANDRY, WELLS, FARIAS, EVANS AND HERNANDEZ' RESPONSE IN OPPOSITION TO TEMPORARY RESTRAINING ORDER AND MOTION TO DISSOLVE**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE FRED BIERY:

NOW COMES **CITY OF LEON VALLEY CHIEF OF POLICE JOSEPH SALVAGGIO, LT. DAVID ANDERSON AND OFFICERS JOHNNY VASQUEZ, CORPORAL CHAD MANDRY, OFFICER JIMMIE WELLS, CORPORAL LOUIS FARIAS, OFFICER BRANDON EVANS** and **OFFICER UZIEL HERNANDEZ**, Defendants in the above entitled and numbered cause and pursuant to Rule 65(b)(4) of the Federal Rules of Civil Procedure files this their Response in Opposition to Plaintiffs' Motion to Extend the Temporary Restraining Order (TRO) and Defendants' Motion to

Dissolve the Temporary Restraining Order (TRO) and would respectfully show unto the Court the following:

## I.

On August 20, 2018, this Honorable Court issued a Temporary Restraining Order (Dkt. 22) concerning Plaintiffs' Emergency Motion for Temporary Restraining Order (Dkt. 20). Subsequently, this Court extended the TRO and set a hearing for September 7, 2018. (See, Dkt 25).

Defendants herein, filed their Original Answer in this case (Dkt. 29) on August 31, 2018.

## II.

Defendants **CITY OF LEON VALLEY CHIEF OF POLICE SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ**, move the Court to dissolve the TRO based on the *Younger Abstention Doctrine*. *Younger v. Harris*, 401 U.S. 37, 43 (1971). The three-prong test for determining whether the Younger Abstention Doctrine is applicable is as follows:

(1)   The dispute must involve an ongoing state judicial proceeding,

(2)   An important state interest in the subject matter of the proceeding must be implicated, and,

(3)   The state proceedings must afford an adequate opportunity to raise constitutional challenges.

*Wightman v. Tex. Sup. Ct.*, 84 F.3d 188, 189 (5th Cir. 1996).

Defendants incorporate into their Motion to Dissolve, Exhibit A, the affidavit from Assistant Criminal District Attorney Brandon Ramsey. Said Affidavit is offered as corroborating evidence that all three prongs of the *Younger Abstention Doctrine* are met.

*Russell Zinter, et al v. Chief Joseph Salvaggio, et al*   Civil Action No. 5:18-CV-0680-FB
Defendants Salvaggio, Anderson, Vasquez, Mandry, Wells, Farias, Evens and Hernandez'
Response in Opposition to TRO and Motion to Dissolve   Page 2

When the Younger Abstention Doctrine test is met, the Federal Court may only enjoin a pending state criminal court proceeding if certain narrowly delimited exceptions to the abstention doctrine apply.  Specifically, Courts may disregard the Younger Doctrine when:

(1) The state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff;

(2) The state statute is flagrantly and patiently violative of express constitutional prohibitions in every clause, sentence and paragraph and in whatever manner and against whoever an effort might be made to apply it or,

(3) Application of the Doctrine was waived.

*Texas Ass'n of Business v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004).

The Fifth Circuit addressed an analogous scenario in *Gates v. Strain,* 885 F.3d 874 (5th Cir. 2008).  Plaintiff Gates brought a Section 1983 cause of action alleging that officers arrested her unlawfully and used excessive force and were prosecuting her in bad faith.  The trial court denied the arrestee's motion for an injunction and the arrestee appealed.  The Fifth Circuit affirmed the trial court's denial of the temporary injunction based on the Younger Abstention Doctrine.  The Court analyzed that plaintiff's request for a temporary injunction would enjoin the pending state court criminal proceedings and clearly interfere with an ongoing state judicial proceeding.  Second, the Court reasoned that the underlying state proceeding concerned the enforcement of the state criminal law, something of which the state has a strong interest.  Third, the Court held that Gates could raise his challenges to the state criminal court proceedings in state court.  Accordingly, the Court upheld the Younger Abstention Doctrine precluding the injunctive relief.

In the case at bar, Defendants offer as Exhibit A, the affidavit of Assistant Criminal District Attorney Brandon Ramsey evidencing the fact that the federal proceedings would

*Russell Zinter, et al v. Chief Joseph Salvaggio, et al*  Civil Action No. 5:18-CV-0680-FB
Defendants Salvaggio, Anderson, Vasquez, Mandry, Wells, Farias, Evens and Hernandez'
Response in Opposition to TRO and Motion to Dissolve  Page 3

interfere in ongoing state judicial proceeding, that the state has an important interest in regulating the subject matter of the claim and that the plaintiff does have an adequate opportunity in state court proceedings to raise constitutional challenges. Defendants respectfully request the Court to dissolve this Court's TRO and stay the civil proceeding under 42 U.S.C. § 1983 until the state criminal proceedings have been concluded. *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994).

### III.

Defendants **CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ** would show unto the Court that based upon Exhibit A, state court proceedings have been initiated against the following named Plaintiffs:

(a) **JAMES ALLEN SPRINGER**, Cause No. 2018CR7461

(b) **JACK MILLER**, Cause No. 2018CR8725

(c) **MARK BROWN**, Bexar County Court at Law No. 12, Cause Nos. 577193 and 577195

(d) **DAVID BAILEY**, Bexar County Court at Law No. 4, Cause No. 577789.

Defendants assert unto the Court that these criminal cases which have been filed in addition to those which are pending investigations will be interfered with by this Court's extension of the TRO. Defendants move, based under the Younger Abstention Doctrine that the Court dissolve its TRO and stay the civil proceedings herein.

**WHEREFORE, PREMISES CONSIDERED**, Defendants **CHIEF SALVAGGIO, LT. ANDERSON AND OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ** pray that the Court to dissolve this Court's TRO and stay the civil proceeding under 42 U.S.C. § 1983 until the state criminal proceedings

*Russell Zinter, et al v. Chief Joseph Salvaggio, et al*   Civil Action No. 5:18-CV-0680-FB
Defendants Salvaggio, Anderson, Vasquez, Mandry, Wells, Farias, Evens and Hernandez'
Response in Opposition to TRO and Motion to Dissolve   Page 4

have been concluded and for such other and further relief, both general and special, and at law and in equity, to which they may show themselves justly entitled.

                Respectfully submitted,

**LAW OFFICES OF CHARLES S. FRIGERIO**
A Professional Corporation
Riverview Towers
111 Soledad, Suite 840
San Antonio, Texas 78205
(210) 271-7877
(210) 271-0602 Telefax
Email: csfrigeriolaw@sbcglobal.net
      frigeriolaw1995@sbcglobal.net

BY: /s/ Charles S. Frigerio
    CHARLES S. FRIGERIO
    SBN: 07477500
    ATTORNEY-IN-CHARGE

    HECTOR X. SAENZ
    SBN: 17514850
ATTORNEYS FOR DEFENDANTS CHIEF OF POLICE JOSEPH SALVAGGIO, LT. DAVID ANDERSON AND OFFICERS JOHNNY VASQUEZ, CORPORAL CHAD MANDRY, OFFICER JIMMIE WELLS, CORPORAL LOUIS FARIAS, OFFICER BRANDON EVANS AND OFFICER UZIEL HERNANDEZ

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of September, 2018, I electronically filed the foregoing Defendants Chief Salvaggio, Lt. Anderson and Officer Vasquez, Corporal Mandry, Officer Wells, Corporal Farias, Officer Evans and Officer Hernandez' Response in Opposition to TRO and Motion to Dissolve with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Brandon J. Grable
Grable Law Firm PLLC
1603 Babcock Road, Suite 118
San Antonio, Texas 78229

Mr. Solomon M. Radner
EXCOLO LAW, PLLC
26700 Lahser Road, Suite 401
Southfield, MI 48033

                /s/ Charles S. Frigerio
                CHARLES S. FRIGERIO

*Russell Zinter, et al v. Chief Joseph Salvaggio, et al*    Civil Action No. 5:18-CV-0680-FB
Defendants Salvaggio, Anderson, Vasquez, Mandry, Wells, Farias, Evens and Hernandez'
Response in Opposition to TRO and Motion to Dissolve    Page 5