**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **RUSSELL ZINTER, et al;** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. SA-18-CA-680-FB** |
| | § | |
| **CHIEF JOSEPH SALVAGGIO, et al;** | § | |
| **Defendants.** | § | |

**DEFENDANT, CITY OF LEON VALLEY'S, ORIGINAL ANSWER TO
PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT**

TO THE HONORABLE U.S. DISTRICT COURT:

COMES NOW Defendant, CITY OF LEON VALLEY, ("City") and pursuant to Rule 8 of the Federal Rules of Civil Procedure files this Original Answer with affirmative defenses to Plaintiffs RUSSELL ZINTER ("Zinter"), JACK MILLER ("Miller"), BRIAN HOWD ("Howd"), JAMES A. MEAD ("Mead"), JOSEPH BRANDON PIERCE ("Pierce"), MARK BROWN ("Brown"), DAVID BAILEY ("Bailey"), JUAN GONZALES JR. ("Gonzales"), KEVIN EGAN ("Egan"), JONATHAN GREEN ("Green") and JAMES SPRINGER's ("Springer") (collectively referred to as "Plaintiffs") First Amended Original Complaint [Dkt. 3] as follows:

**I.   ADMISSIONS AND DENIALS**

Subject to and without waiving the defenses set forth elsewhere in this Original Answer, Defendant City denies each and every allegation contained in Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 8(b), except those expressly admitted herein. Defendant is not consenting to trial of any matters which have been dismissed by the Court simply by admitting or denying those matters herein.

**Jurisdiction and Venue**

1.      Defendant City admits that Plaintiffs' First Amended Complaint alleges violations of the United States Constitution in Paragraph 1. Defendant City denies Plaintiffs are entitled to the relief requested in Paragraph 1.

2.      Defendant admits jurisdiction, except for state law negligence and intentional tort claims, as alleged in Paragraph 2, but denies that any cause of action exists thereunder.

3.      Defendant admits venue is proper in the United States District Court-Western District, San Antonio Division as alleged in Paragraph 3.

4.      Defendant City admits that the events alleged in Plaintiffs' First Amended Complaint occurred on or near the Leon Valley Police Department in Paragraph 4.  Defendant denies that any of the alleged events gave rise to Plaintiffs' cause of action asserted in their First Amended Complaint as set forth in Paragraph 4.

**Parties**

5.      Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 5.

6.      Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 6.

7.      Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 7.

8.      Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 8.

9.       Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 9.

10.      Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 10.

11.      Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 11.

12.      Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 12.

13.      Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 13.

14.      Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 14.

15.      Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 15.

16.      Defendant City admits it is a political subdivision and, as such, a governmental entity under the laws of the State of Texas as averred in Paragraph 16. Defendant denies the remaining averments as set forth in Paragraph 16.

17.      Defendant City admits that Joseph Salvaggio is the Chief of Police for the City of Leon Valley and was at the time of the Plaintiffs' alleged incidents on June 14, 18, and 23, 2018 as averred in Paragraph 17.  Defendant denies the remaining averments as set forth in Paragraph 17.

18.      Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 18.

19.      Defendant City admits that Lieutenant David Anderson is a police officer employed with the Leon Valley Police Department as averred in Paragraph 19.  Defendant denies the remaining averments as set forth in Paragraph 19.

20.     Defendant City admits that Johnny Vasquez is a police officer employed with the Leon Valley Police Department. Defendant denies the remaining averments as set forth in Paragraph 20.

21.     Defendant City admits that Chad Mandry is a police officer employed with the Leon Valley Police Department.  Defendant denies the remaining averments as set forth in Paragraph 21.

22.     Defendant City admits that Jim Wells is a police officer employed with the Leon Valley Police Department.  Defendant denies the remaining averments as set forth in Paragraph 22.

23.     Defendant City admits that Uziel Hernandez is a police officer employed with the Leon Valley Police Department. Defendant denies the remaining averments as set forth in Paragraph 23.

24.     Defendant City admits that Luis Farias is a police officer employed with the Leon Valley Police Department. Defendant denies the remaining averments as set forth in Paragraph 24.

25.     Defendant City admits that Brandon Evans is a police officer employed with the Leon Valley Police Department. Defendant denies the remaining averments as set forth in Paragraph 25.

26.      Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26.

27.     Defendant City admits that Sergeant John Does is a police officer employed with the Leon Valley Police Department. Defendant denies the remaining averments as set forth in Paragraph 27.

28.     Defendant City admits that the individual Defendant Leon Valley police officers were employed by the City of Leon Valley and were in the course and scope of their employment on June 14, 18, and 23, 2018. Defendant denies the remaining averments as set forth in Paragraph 28.

29.     Defendant City objects to Paragraph 29, because it does not describe what act or omissions were allegedly performed by each individual Defendant while acting within the scope of their employment with the City of Leon Valley.  Without waiving said objection, Defendant City denies the averments as set forth in Paragraph 29.   Defendant City lacks knowledge or information

sufficient to form a belief about the truth of the allegation regarding individual Defendant, Goldman, in Paragraph 29.

30.     Defendant City objects to Paragraph 30, because it does not describe what act or omissions were allegedly performed by each individual Defendant. Without waiving said objection, Defendant City denies the averments as set forth in Paragraph 30.

31.     Defendant City denies the averments as set forth in Paragraph 31.

### Statement of Facts

32.     Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32.

### June 14, 2018 Incident

33.     Defendant City admits that on June 14, 2018, people were gathered at the Leon Valley Police Department.   Defendant City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 33.

34.     Defendant City admits the averments as set forth in Paragraph 34.

35.     Defendant City admits that Plaintiff Brown attempted to enter the City of Leon Valley's City Hall and was holding a camera as set forth in Paragraph 35.  However, the second individual with Plaintiff Brown was Jesus Padilla, an individual who was issued a criminal trespass warning pursuant to his arrest at Leon Valley City Hall on or about May 2, 2018.

36.     In Paragraph 36, Defendant City admits that Plaintiff Brown attempted to enter City Hall while filming and he was asked to leave because municipal court was in session; Jesus Padilla was situated on the City Hall steps.  Defendant City denies the remainder of averments as set forth in Paragraph 36.

37.     Defendant City denies the averments as set forth in Paragraph 37.

### June 18, 2018 Incident

38.      Defendant City admits that on June 18, 2018, people were gathered at the Leon Valley Police Department.   Defendant City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 38.

39.      Defendant City admits the averments as set forth in Paragraph 39.

40.      In Paragraph 40, Defendant City admits that a partially burnt similarity of the American flag was waived, dragged and stomped upon. Defendant denies the remaining averments as set forth in Paragraph 40.

41.      Defendant City denies the averments as set forth in Paragraph 41.

42.      Defendant City denies the averments as set forth in Paragraph 42.

### June 23, 2018 Incident

43.      Defendant City admits that on June 23, 2018, people were gathered at the Leon Valley Police Department but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations as set forth in Paragraph 43.

44.      Defendant City admits that individual Defendant, Salvaggio, announced that he would be holding a press conference.  Defendant denies the remaining averments set forth in Paragraph 44.

45.      In Paragraph 45, Defendant City admits that Chief Salvaggio ordered the arrest and/or detainment of individuals who were present. Defendant denies the remaining averments set forth in Paragraph 45.

46.      In Paragraph 46, Defendant City admits that at this time, lawfully seized property has still not been returned.  Defendant denies the remaining averments as set forth in Paragraph 46.

47.      In Paragraph 47, Defendant City denies excessive force was used.  Defendant denies the remaining averments as set forth in Paragraph 47.

**Plaintiff Russell Zinter**

48.     Defendant City admits that Plaintiff Zinter was present at the Leon Valley Police Department on June 18 and 23, 2018. Defendant denies the remaining averments as set forth in Paragraph 48.

49.     Defendant City denies the averments as set forth in Paragraph 49.

50.     Defendant City denies the averments as set forth in Paragraph 50.

51.     Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51.

52.     Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52.

**Plaintiff Jack Miller**

53.     Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53.

54.     Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54.

55.     Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55.

56.     Defendant City denies the averments as set forth in Paragraph 56.

**Plaintiff Brian Howd**

57.     Defendant City admits that Plaintiff Howd was present at the Leon Valley Police Department on June 23, 2018.  Defendant denies the remaining averments as set forth in Paragraph 57.

58.     Defendant City admits that Plaintiff Howd was arrested on or about June 23, 2018 by Leon Valley police officers. Defendant denies the remaining averments as set forth in Paragraph 58.

59.     Defendant City admits that Plaintiff Howd's property was lawfully seized.  Defendant denies the remaining averments as set forth in Paragraph 59.

60.     Defendant City denies the averments as set forth in Paragraph 60.

### Plaintiff James A. Mead

61.     Defendant City admits that Plaintiff Mead was present at the Leon Valley Police Department on June 23, 2018.  Defendant denies the remaining averments as set forth in Paragraph 61.

62.     Defendant City denies the averments as set forth in Paragraph 62.

63.     Defendant City denies the averments as set forth in Paragraph 63.

64.     Defendant City denies the averments as set forth in Paragraph 64.

65.     Defendant City denies the averments as set forth in Paragraph 65.

66.     Defendant City denies the averments as set forth in Paragraph 66.

67.     Defendant City denies the averments as set forth in Paragraph 67.

68.     Defendant City denies the averments as set forth in Paragraph 68.

69.     Defendant City denies the averments as set forth in Paragraph 69.

70.     Defendant City admits that Plaintiff Mead was not criminally charged.  Defendant denies the remaining averments as set forth in Paragraph 70.

71.     Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71.

72.     Defendant City denies the averments as set forth in Paragraph 72.

73.     Defendant City denies the averments as set forth in Paragraph 73.

74.     Defendant City denies the averments as set forth in Paragraph 74.

75.     Defendant City denies the averments as set forth in Paragraph 75.

76.     Defendant City denies the averments as set forth in Paragraph 76.

77.     Defendant City denies the averments as set forth in Paragraph 77.

78.     In Paragraph 78, Defendant City admits that Plaintiff Mead was provided a property receipt on June 23, 2018. Defendant denies the remaining averments as set forth in Paragraph 78.

79.     In Paragraph 79, Defendant City admits that no charges were filed against Plaintiff Mead. Defendant denies the remaining averments in Paragraph 79.

**Plaintiff Joseph Brandon Pierce**

80.     In Paragraph 80, Defendant City admits that Plaintiff Pierce was present at the Leon Valley Police Department on June 18 and 23, 2018.

81.     In Paragraph 81, Defendant City admits that on June 18, 2018, Plaintiff Pierce's phone was lawfully seized.  Defendant denies the remaining averments as set forth in Paragraph 81.

82.     Defendant City denies the averments as set forth in Paragraph 82.

83.     Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83.

84.     Defendant City denies the averments as set forth in Paragraph 84.

85.     Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85.

86.     Defendant City denies the averments as set forth in Paragraph 86.

87.     Defendant City denies the averments as set forth in Paragraph 87.

88.     Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88.

89.     Defendant City denies the averments as set forth in Paragraph 89.

90.     Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90.

91.     Defendant City denies the averments as set forth in Paragraph 91.

92.     In Paragraph 92, Defendant City admits that Plaintiff Pierce was issued a property receipt. Defendant denies the remaining averments as set forth in Paragraph 92.

93.     Defendant City denies the averments as set forth in Paragraph 93.

### **Plaintiff Mark Brown**

94.     In Paragraph 94, Defendant City admits that Plaintiff Brown was at City Hall on June 14, 2018. Defendant denies the remaining averments as set forth in Paragraph 94.

95.     Defendant City denies the averments as set forth in Paragraph 95.

96.     Defendant City denies the averments as set forth in Paragraph 96.

97.     Defendant City denies the averments as set forth in Paragraph 97.

98.     Defendant City denies the averments as set forth in Paragraph 98.

99.     In Paragraph 99, Defendant City admits that Plaintiff Brown's property was lawfully seized.  Defendant denies the remaining averments as set forth in Paragraph 99.

100.    Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100.

101.    Defendant City admits that Leon Valley EMS transported Plaintiff Brown for treatment. Defendant denies the remaining averments as set forth in Paragraph 101.

### **Plaintiff Bailey**

102.    Defendant City admits the averments as set forth in Paragraph 102.

103.    In Paragraph 103, Defendant City admits that Plaintiff Bailey positioned himself in front of and obstructed the entrance at City Hall. Defendant denies the remaining averments as set forth in Paragraph 103.

104.    In Paragraph 104, Defendant City admits that Defendant Anderson arrested Plaintiff Bailey for Obstruction of Highway or other Passageway.

105.    Defendant City denies the averments as set forth in Paragraph 105.

106.    Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 106 regarding seizure of Plaintiff Bailey's listed property.

107.    Defendant City denies the averments as set forth in Paragraph 107.

108.    In Paragraph 108, Defendant City admits that Plaintiff Bailey's charge for Obstructing Highway or other Passageway is currently pending.

### **Plaintiff Gonzales**

109.    In Paragraph 109, Defendant City admits that Plaintiff Gonzales was at City Hall on June 14, 2018.

110.    In Paragraph 110, Defendant City admits that Plaintiff Gonzales was at City Hall video recording from his camera.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 110.

111.    Defendant City denies the averments as set forth in Paragraph 111.

112.    Defendant City denies the averments as set forth in Paragraph 112.

113.    Defendant City denies the averments as set forth in Paragraph 113.

114.    Defendant City denies the averments as set forth in Paragraph 114.

115.    Defendant City denies the averments as set forth in Paragraph 115.

116.    In Paragraph 116, Defendant City admits Plaintiff Gonzales was released and his lawfully seized property is currently retained.

117.    In Paragraph 117, Defendant City admits that prior to his release, Plaintiff Gonzales was issued a Criminal Trespass Warning. Defendant denies the remaining averments as set forth in Paragraph 117.

118.    Defendant City denies the averments as set forth in Paragraph 118.

### **Plaintiff Egan**

119.    Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 119.

120.    Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 120.

121.     Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 121.

122.    Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 122.

123.    Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 123.

124.    Defendant City admits that Chief Salvaggio ordered the arrest and/or detainment of individuals.  Defendant denies the remaining averments as set forth in Paragraph 124.

125.    Defendant City denies the averments as set forth in Paragraph 125.

126.    Defendant City denies the averments as set forth in Paragraph 126.

127.    Defendant City denies the averments as set forth in Paragraph 127.

128.    Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 128.

### Plaintiff Jonathan Green

129.    Defendant City admits that Plaintiff Green was present at City Hall on June 23, 2018.

130.     Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 130.

131.    Defendant City denies the averments as set forth in Paragraph 131.

132.    In Paragraph 132, Defendant City admits that Plaintiff Green was detained and taken to the Leon Valley Police Station and his Samsung Galaxy S phone was lawfully seized and is currently retained. Defendant denies the remaining averments as set forth in Paragraph 132.

133.    Defendant City denies the averments as set forth in Paragraph 133.

134.    Defendant City denies the averments as set forth in Paragraph 134.

### Plaintiff Springer

135.    In Paragraph 135, Defendant City admits that Plaintiff Springer was present at City Hall on June 18, and 23, 2018.

136.    Defendant City admits that on June 18, 2018, Plaintiff Springer was at City Hall recording with a camera. Defendant denies the remaining averments as set forth in Paragraph 136.

137.    Defendant City denies the averments as set forth in Paragraph 137.

138.    Defendant City denies the averments as set forth in Paragraph 138.

139.    Defendant City denies the averments as set forth in Paragraph 139.

140.    In Paragraph 140, Defendant City admits that Plaintiff Springer was charged with Interference with Public Duties.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 140.

141.     Defendant City denies the averments as set forth in Paragraph 141.

142.     In Paragraph 142, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff Springer was recording with a different camera. Defendant City denies the remaining averments as set forth in Paragraph 142.

143.     In Paragraph 143, Defendant City admits that Plaintiff Springer was arrested for obstruction or retaliation on June 23, 2018.  Defendant denies the remaining averments as set forth in Paragraph 143.

144.     In Paragraph 144, Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff Springer's camera was seized and is in still custody.

145.     Defendant City denies the averments as set forth in Paragraph 145.

146.     In Paragraph, 146, Defendant City admits the charges of obstruction or retaliation against Plaintiff Springer are still pending.

### Count 1-June 14, 2018
### Unlawful Arrest or Detention—42 USC 1983 and Fourth Amendment
### Plaintiff Mark Brown
### v.
### Defendants City of Leon Valley, Salvaggio, John Doe Tazer 1 and 2

147.     Defendant City denies the averments as set forth in Paragraph 147.

148.     Defendant City denies the averments as set forth in Paragraph 148.

149.     Defendant City denies the averments as set forth in Paragraph 149.

150.     Defendant City denies the averments as set forth in Paragraph 150.

151.     Defendant City denies the averments as set forth in Paragraph 151.

### Count 2--June 14, 2018
### Unlawful and Retaliatory Assault/Arrest/Detention/Property Seizure/Prosecution—42 USC 1983 and First Amendment
### Plaintiff Mark Brown

**v.**
**Defendants City of Leon Valley, Salvaggio, John Doe Tazer 1 and 2**

152.   Defendant City denies the averments as set forth in Paragraph 152.

153.   Defendant City denies the averments as set forth in Paragraph 153.

154.   In Paragraph 154, Defendant City admits that Plaintiff Brown was arrested for Interference with Public Duties and Resisting Arrest Search or Transport and his property was lawfully seized. Defendant denies the remaining averments as set forth in Paragraph 154.

155.   Defendant City denies the averments as set forth in Paragraph 155.

156.   In Paragraph 156, Defendant City denies it was engaged in "adverse acts".  Defendant denies the remaining averments as set forth in Paragraph 156.

157.   Defendant City denies the averments as set forth in Paragraph 157.

### Count 3—June 14, 2018
### Excessive Force—42 USC 1983 and Fourth Amendment
### Plaintiff Mark Brown
### v.
### Defendants City of Leon Valley, Salvaggio, John Doe Tazer 1 and 2

158.   Defendant City denies the averments as set forth in Paragraph 158.

159.   Defendant City denies the averments as set forth in Paragraph 159.

160.   Defendant City denies the averments as set forth in Paragraph 160.

161.   Defendant City denies the averments as set forth in Paragraph 161.

### Count 4—June 4, 2018
### Unlawful Seizure of Property—42 USC 1983 and Fourth Amendment
### Plaintiff Mark Brown
### v.
### Defendants, City of Leon Valley, Salvaggio, John Doe Tazer 1 and 2

162.   Defendant City denies the averments as set forth in Paragraph 162.

163.   In Paragraph 163, Defendant City admits that Plaintiff Brown's camera was lawfully seized. Defendant denies the remaining averments as set forth in Paragraph 163.

164.    Defendant City denies the averments as set forth in Paragraph 164.

**Count 5—June 14, 2018**
**Abuse of Process—42 USC 1983 and Fourth Amendment**
**Plaintiff Mark Brown**
**v.**
**Defendants City of Leon Valley, Salvaggio, John Doe Tazer 1 and 2**

165.    Defendant City denies the averments as set forth in Paragraph 165.

166.    Defendant City denies the averments as set forth in Paragraph 166.

167.    Defendant City denies the averments as set forth in Paragraph 167.

**Count 6—June 18, 2018**
**Unlawful Arrest or Detention—42 USC 1983 and Fourth Amendment**
**Plaintiffs Mead, Bailey, Gonzales, Springer**
**v.**
**Defendants City of Leon Valley, Salvaggio, John Doe Sergeant, Anderson, Mandry, Evans**

168.    Defendant City denies the averments as set forth in Paragraph 168.

169.    Defendant City denies the averments as set forth in Paragraph 169.

170.    Defendant City denies the averments as set forth in Paragraph 170.

171.    Defendant City denies the averments as set forth in Paragraph 171.

172.    Defendant City denies the averments as set forth in Paragraph 172.

173.    Defendant City denies the averments as set forth in Paragraph 173.

174.    Defendant City denies the averments as set forth in Paragraph 174.

175.    Defendant City denies the averments as set forth in Paragraph 175.

**Count 7—June 18, 2018**
**Unlawful and Retaliatory Assault/Arrest/Detention/Property**
**Seizure/Prosecution/Prevention—42 USC 1983 and First Amendment**
**Plaintiffs Zinter, Mead, Pierce, Bailey, Gonzales, Springer**
**v.**
**Defendants City of Leon Valley, Salvaggio, Farias, John Doe Sergeant, Anderson, Mandry, Evans**

176.    Defendant City denies the averments as set forth in Paragraph 176.

177. In Paragraph 177, Defendant City admits that Plaintiff Zinter's camera and phone were lawfully seized. Defendant denies the remaining averments as set forth in Paragraph 177.

178. Defendant City denies the averments as set forth in Paragraph 178.

179. In Paragraph 179, Defendant City admits that Plaintiff Pierce's phone was lawfully seized. Defendant denies the remaining averments as set forth in Paragraph 179.

180. In Paragraph 180, Defendant City admits that Plaintiff Bailey was arrested on June 18, 2018 and charged with Obstructing Highway or other Passageway. Defendant denies the remaining averments as set forth in Paragraph 180.

181. Defendant City denies the averments as set forth in Paragraph 181.

182. Defendant City denies the averments as set forth in Paragraph 182.

183. Defendant City denies the averments as set forth in Paragraph 183.

184. In Paragraph 184, Defendant City denies adverse acts against Plaintiffs. Defendant denies the remaining averments as set forth in Paragraph 184.

185. In Paragraph 185, Defendant City denies adverse acts against Plaintiffs. Defendant denies the remaining averments as set forth in Paragraph 185.

186. Defendant City denies the averments as set forth in Paragraph 186.

### Count 8—June 18, 2018
### Unlawful and Retaliatory Assault/Arrest/Detention/Property Excessive Force—42 USC 1983 and Fourth Amendment
### Plaintiffs Mead, Gonzales, Springer
### v.
### Defendants City of Leon Valley, Salvaggio, Mandry, Evans

187. Defendant City denies the averments as set forth in Paragraph 187.

188. Defendant City denies the averments as set forth in Paragraph 188.

189. Defendant City denies the averments as set forth in Paragraph 189.

190. Defendant City denies the averments as set forth in Paragraph 190.

191.    Defendant City denies the averments as set forth in Paragraph 191.

192.    Defendant City denies the averments as set forth in Paragraph 192.

193.    Defendant City denies the averments as set forth in Paragraph 193.

194.    Defendant City denies the averments as set forth in Paragraph 194.

195.    Defendant City denies the averments as set forth in Paragraph 195.

**Count 9—June 18, 2018**
**Unlawful Seizure of Property—42 USC 1983 and Fourth Amendment**
**Plaintiffs Zinter, Mead, Pierce, Bailey, Gonzales, Springer**
**v.**
**Defendants City of Leon Valley, Salvaggio, Farias,  John Doe Sergeant, Anderson, Mandry,**
**Evans**

196.    Defendant City denies the averments as set forth in Paragraph 196.

197.     Defendant City denies the averments as set forth in Paragraph 197.

198.    Defendant City denies the averments as set forth in Paragraph 198.

199.    Defendant City denies the averments as set forth in Paragraph 199.

200.     Defendant City denies the averments as set forth in Paragraph 200.

201.    Defendant City denies the averments as set forth in Paragraph 201.

202.    Defendant City denies the averments as set forth in Paragraph 202.

203.    Defendant City denies the averments as set forth in Paragraph 203.

204.    Defendant City denies the averments as set forth in Paragraph 204.

**Count 10—June 18, 2018**
**Malicious Prosecution—42 USC 1983 and Fourth Amendment**
**Plaintiff Springer**
**v.**
**Defendants City of Leon Valley, Salvaggio, Evans**

205.    Defendant City denies the averments as set forth in Paragraph 205.

206.    Defendant City denies the averments as set forth in Paragraph 206.

207.    Defendant City objects to Paragraph 207, because Plaintiff Springer does not describe what type of criminal proceeding he is referring to.  Without waiving said objection, Defendant City admits a criminal proceeding was commenced against Plaintiff Springer.   Defendant City denies the remaining averments as set forth in Paragraph 207.

208.    Defendant City objects to Paragraph 208, because it does not describe what Defendant initiated or procured the criminal proceeding.  Without waiving said objection, Defendant City denies the averments as set forth in Paragraph 208.

209.    Defendant City objects to Paragraph 209, because it does not describe what proceeding was allegedly terminated in Plaintiff's favor. Without waiving said objection, Defendant City denies the averments as set forth in Paragraph 209.

210.    Defendant City objects to Paragraph 210, because it does not describe the criminal charge which allegedly Plaintiff was innocent.  Without waiving said objection, Defendant City denies the averments as set forth in Paragraph 210.

211.    Defendant City objects to Paragraph 211, because it does not describe the type of criminal proceeding or identify the Defendant who allegedly lacked probable cause. Defendant further objects because Paragraph 211 is confusing to understand.  Without waiving said objections, Defendant City denies the averments as set forth in Paragraph 211.

212.    Defendant City denies the averments as set forth in Paragraph 212.

### Count 11—June 18, 2018
### Abuse of Process—42 USC 1983 and Fourth Amendment
### Plaintiffs Bailey, Springer
### v.
### Defendants City of Leon Valley, Salvaggio, Evans

213.    Defendant City denies the averments as set forth in Paragraph 213.

214.    In Paragraph 214, Defendant City admits that Plaintiff Bailey was charged with Obstructing Highway or other Passageway and that this charge is still pending.  Defendant denies the remaining averments as set forth in Paragraph 214.

215.    Defendant City denies the averments as set forth in Paragraph 215.

216.    Defendant City denies the averments as set forth in Paragraph 216.

217.    Defendant City denies the averments as set forth in Paragraph 217.

### Count 12—June 23, 2018
### Unlawful Arrest or Detention—42 USC 1983 and Fourth Amendment
### Plaintiffs Howd, Mead, Pierce, Egan, Green, Gonzales, Springer
### v.
### Defendants City of Leon Valley, Salvaggio, Hernandez, Evans, Vasquez

218.    Defendant City denies the averments as set forth in Paragraph 218.

219.    Defendant City denies the averments as set forth in Paragraph 219.

220.    Defendant City denies the averments as set forth in Paragraph 220.

221.    Defendant City denies the averments as set forth in Paragraph 221.

222.    Defendant City denies the averments as set forth in Paragraph 222.

223.    Defendant City denies the averments as set forth in Paragraph 223.

224.    Defendant City denies the averments as set forth in Paragraph 224.

225.    In Paragraph 225, Defendant City admits that Plaintiffs Howd, Pierce, Green, and Springer were either arrested or detained. Defendant denies the remaining averments as set forth in Paragraph 225.

226.    Defendant City denies the averments as set forth in Paragraph 226.

227.    Defendant City denies the averments as set forth in Paragraph 227.

228.    Defendant City denies the averments as set forth in Paragraph 228.

**Count 13—June 23, 2018**
**Unlawful and Retaliatory Assault/Arrest/Detention/Property-**
**Seizure/Prosecution/Prevention—42 USC 1983 and First Amendment**
**Plaintiffs Miller, Howd, Mead, Pierce, Egan, Green, Springer**
**v.**
**Defendants City of Leon Valley, Salvaggio, Hernandez, Evans, Vasquez, Goldman**

229.   Defendant City denies the averments as set forth in Paragraph 229.

230.   Defendant City denies the averments as set forth in Paragraph 230.

231.   Defendant City denies the averments as set forth in Paragraph 231.

232.   Defendant City denies the averments as set forth in Paragraph 232.

233.   Defendant City denies the averments as set forth in Paragraph 233.

234.   Defendant City denies the averments as set forth in Paragraph 234.

235.   Defendant City denies the averments as set forth in Paragraph 235.

236.   Defendant City denies the averments as set forth in Paragraph 236.

237.   Defendant City objects to Paragraph 237, because it does not identify which Plaintiff it is referring to.   Without waiving said objection, Defendant City denies the averments as set forth in Paragraph 237.

238.   In Paragraph 238, Defendant City denies it was engaged in "adverse acts".   Defendant denies the remaining averments as set forth in Paragraph 238.

239.   In Paragraph 239, Defendant City denies it was engaged in "adverse acts".   Defendant denies the remaining averments as set forth in Paragraph 239.

240.   Defendant City denies the averments as set forth in Paragraph 240.

**Count 14—June 23, 2018**
**Excessive Force—42 USC 1983 and Fourth Amendment**
**Plaintiffs Pierce, Egan,**
**v.**
**Defendants City of Leon Valley, Salvaggio, Hernandez, Evans, Vasquez, Goldman**

241.   Defendant City denies the averments as set forth in Paragraph 241.

242.    Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 242.

243.    Defendant City denies the averments as set forth in Paragraph 243.

244.    Defendant City denies the averments as set forth in Paragraph 244.

245.    Defendant City denies the averments as set forth in Paragraph 245.

## Count 15—June 23, 2018
## Unlawful Seizure of Property—42 USC 1983 and Fourth Amendment
## Plaintiffs Howd, Mead, Pierce, Green Springer,
## v.
## Defendants City of Leon Valley, Salvaggio, Hernandez, Evans, Vasquez,

246.    Defendant City denies the averments as set forth in Paragraph 246.

247.    Defendant City admits that Plaintiff Howd's camcorder was lawfully seized. Defendant denies the remaining averments as set forth in Paragraph 247.

248.    Defendant City denies the averments as set forth in Paragraph 248.

249.    Defendant City denies the averments as set forth in Paragraph 249.

250.    Defendant City denies the averments as set forth in Paragraph 250.

251.    Defendant City denies the averments as set forth in Paragraph 251.

252.    Defendant City denies the averments as set forth in Paragraph 252.

253.    Defendant City denies the averments as set forth in Paragraph 253.

## Count 16—June 23, 2018
## Malicious Prosecution—42 USC 1983 and Fourth Amendment
## Plaintiff Howd
## v.
## Defendants City of Leon Valley, Salvaggio, Hernandez, Evans,

254.    Defendant City denies the averments as set forth in Paragraph 254.

255.    Defendant City denies the averments as set forth in Paragraph 255.

256.     Defendant City objects to Paragraph 256 because Plaintiff Howd does not describe what type of criminal proceeding he is referring to.  Without waiving said objection, Defendant City admits criminal proceedings were commenced against Plaintiff Howd.   Defendant City denies the remaining averments as set forth in Paragraph 256.

257.     Defendant City objects to Paragraph 257 because it does not describe which Defendant initiated or procured the criminal proceeding.  Without waiving said objection, Defendant City denies the averments as set forth in Paragraph 257.

258.     Defendant City objects to Paragraph 258 because it does not describe what proceeding was allegedly terminated in Plaintiff's favor. Without waiving said objection, Defendant City denies the averments as set forth in Paragraph 258.

259.     Defendant City objects to Paragraph 259 because it does not describe the criminal charge which allegedly Plaintiff was innocent.  Without waiving said objection, Defendant City denies the averments as set forth in Paragraph 259.

260.     Defendant City objects to Paragraph 260 because it does not describe the type of criminal proceeding or identify the Defendant who allegedly lacked probable cause.  Without waiving said objections, Defendant City denies the averments as set forth in Paragraph 260.

261.     Defendant City denies the averments as set forth in Paragraph 261.

262.     Defendant City denies the averments as set forth in Paragraph 262.

### Count 17—June 23, 2018
### Abuse of Process—42 USC 1983 and Fourth Amendment
### Plaintiffs Howd, Springer
### v.
### Defendants City of Leon Valley, Salvaggio, Hernandez, Evans,

263.     Defendant City denies the averments as set forth in Paragraph 263.

264.     Defendant City denies the averments as set forth in Paragraph 264.

265.    Defendant City denies the averments as set forth in Paragraph 265.

266.    Defendant City denies the averments as set forth in Paragraph 266.

267.    Defendant City denies the averments as set forth in Paragraph 267.

### Count 18—*Monell* Liability

268.    Defendant City denies the averments as set forth in Paragraph 268.

269.    Defendant City denies the averments as set forth in Paragraph 269.

270.    Defendant City denies the averments as set forth in Paragraph 270.

271.    Defendant City denies all the averments as set forth in Paragraph 271.

272.    Defendant City denies the averments as set forth in Paragraph 272.

273.    Defendant City denies the averments as set forth in Paragraph 273.

274.    Defendant City denies the averments as set forth in Paragraph 274.

275.    Defendant City denies the averments as set forth in Paragraph 275. Defendant denies Plaintiffs are entitled to the relief requested in Paragraph 275.

276.    Defendant City denies all the averments as set forth in Paragraph 276.

277.    Defendant City denies the averments as set forth in Paragraph 277.

### Prayer for Relief

278.    Defendant City denies the averments and relief set forth in Plaintiffs' Prayer for Relief.

### Jury Demand

279.    Defendant City admits Plaintiffs have requested a trial by jury as set forth in their jury demand.  Defendant denies the remainder of Plaintiffs' request.

## II. AFFIRMATIVE AND OTHER DEFENSES

280.    Plaintiff's First Amended Complaint fails to state a cause of action against Defendant City upon which relief may be granted under 42 U.S.C. §1983, and the First, Fourth and Fourteenth Amendments.

281.    Defendant City asserts that it acted in compliance with, and did not deny Plaintiffs any right or privilege granted or secured by, the Constitution of the United States and the State of Texas.

282.    Plaintiffs fail to state a *Monell* cause of action, as a matter of law.

283.    Defendant City alleges affirmatively that it is a governmental entity, organized and operating under the laws of the State of Texas, with sovereign or governmental immunity from claims asserted by Plaintiffs.  Defendant City asserts in full its statutory and common law immunities from suit and limitation on liability from all of Plaintiffs' claims.

284.    Defendant City asserts that Plaintiffs cannot establish a deprivation of constitutional or other federally protected rights as a result of some official policy, practice or custom of the City.

285.    There is no policy or practice of the City which was the basis of the actions of which Plaintiffs complain for which either (1) the policy itself violated Federal or State law or authorized or directed the deprivation of Federal or State rights, or (2) the policy was adopted or maintained by the municipality's policymakers with "deliberate indifference" as to its known or obvious consequences.

286.    Defendant City did not adopt a custom and policy that caused Plaintiffs' alleged constitutional violations.

287.    Defendant City asserts Plaintiffs have failed to state a violation of Constitution or laws sufficient to support a claim of "excessive force."

288.     Defendant City asserts that it is entitled to all the defenses pursuant to Fed. R. Civ. P. 8(c), and that the occurrences in question, and any damages resulting therefrom, were caused in whole or in part by Plaintiffs' own negligent, reckless, intentional or willful actions, or other conduct in conspiring with others or under the law of parties in violation of the law.

289.     Defendant City asserts that any claim premised upon the law of negligence will not support a claim of constitutional dimension under 42 U.S.C. §1983.

290.     Defendant City asserts the defense of any and all statutory caps on damages, costs and attorneys' fees recoverable.  Specifically, Defendant asserts immunity from punitive damages.

291.     Defendant City asserts all limitations and caps found in the Texas Tort Claims Act and any other statute or law.

292.     Defendant City files this Original Answer subject to and without waiving its claims of immunity and other claims raised in any Fed. R. Civ. P. 12(b) motions to dismiss.

293.     Defendant City further asserts mitigation of damages and right to set off as affirmative defenses.

293.     Defendant City  has sovereign immunity under the Texas Tort Claims Act from any actions asserted by Plaintiffs  for negligence claims and intentional tort claims,   Texas Torts Claims Act, §101.057.

### III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant CITY OF LEON VALLEY, prays Plaintiffs take nothing by this suit, and that upon final hearing hereon, all relief sought by Plaintiffs be denied; and that Defendant City be given such other and further relief, at law or in equity, general or special, to which Defendant City may be justly entitled.

Signed this 4th day of September, 2018.

               Respectfully submitted,

               DENTON NAVARRO ROCHA BERNAL & ZECH
               A Professional Corporation
               2517 N. Main Avenue
               San Antonio, Texas 78212
               Telephone:    (210) 227-3243
               Facsimile:    (210) 225-4481
               patrick.bernal@rampage-sa.com
               adolfo.ruiz@rampage-sa.com

BY:       _____

               PATRICK C. BERNAL
               State Bar No. 02208750
               ADOLFO RUIZ
               State Bar No. 17385600
               COUNSEL FOR DEFENDANT
               CITY OF LEON VALLEY

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing instrument has been served upon the below named individual(s) via certified mail, return receipt requested, unless otherwise indicated, and according to the Federal Rules of Civil Procedure on the 4th day of September, 2018.

Brandon J. Grable                       **E-NOTIFICATION**
**GRABLE LAW FIRM PLLC**
1603 Babcock Road, Suite 118
San Antonio, Texas 78229

Solomon M. Radner                   **E-NOTIFICATION**
EXCOLO LAW, PLLC
26700 Lahser Rd, Suite 401
Southfield, MI 48033

Charles S. Frigerio                     **E-NOTIFICATION**
Law Offices of Charles S. Frigerio PC
Riverview Towers
111 Soledad, Ste. 840
San Antonio, Texas 78205

               _____
               PATRICK C. BERNAL
               ADOLFO RUIZ

F:\Zinter et al v Leon Valley (45259)\Pleadings\Drafts\Def City Original Answer 2018 0904.docx