UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

RUSSELL ZINTER, et al;                                CIVIL ACTION NO: 5:18-CV-680

    *Plaintiffs*,

VS.

CHIEF JOSEPH SALVAGGIO, et al;

    *Defendants*.
_____/

**PLAINTIFFS' REPLY BRIEF IN RESPONSE TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**

By way of background, Plaintiffs incorporate by reference their First Amended Complaint, ECF #3, their Emergency Motion for TRO, ECF #20, and their Reply Brief, ECF #32. However, one more point must be made, herein.

The defendants point to two cases in support of their position that this Court lacks jurisdiction over the parties and property that are at the heart of this litigation: *Wightman v. Tex. Sup. Ct.*, 84 F.3d 188, 189 (5th Cir. 1996) explaining the *Younger Abstention Doctrine* announced in *Younger v. Harris*, 401 U.S. 37, 43 (1971), and *Texas Ass'n of Business v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004).

1. **The defendants' bad faith is palpable.**

The defendants rely on **Texas Ass'n of Business v. Earle**, 388 F.3d 515, 519 (5th Cir. 2004), which requires that they bring the criminal actions in good faith. To make this argument, they point to four pending criminal actions, #ECF #33 pg ID 4 of 5, in their attempt to trick this Court into believing that the defendants are acting in

- 2 -

good faith and that they are in good faith prosecuting crimes and that is why they need the seized property. The defendants claim that they need the property that was seized in furtherance of their investigations into these four crimes.

But this is not true. The defendants forgot to tell the Court that even they believe that at least some of the property seized related to one of these "crimes" is not needed for the criminal case. Attached please find a letter sent to Mark Brown, offering his property back in exchange for Mr. Brown's promise to hold the defendants harmless. This letter was sent June 21, 2018 even though the criminal case is pending and even though Mr. Brown was charged, on June 14/15, 2018. Others received similar letters. Now, however the defendants suddenly claim they need all this property, to be able to prosecute these "crimes."

What changed? Simple: A lawsuit was filed. And they know that the best way to undermine claims for unlawful arrests or malicious prosecution is with convictions. See *Heck v Humphrey*, 512 US 477(1994). So, they are doubling down and attempting to use the criminal courts to backhandedly achieve these convictions specifically to defend this lawsuit.

Further, perhaps now that they are being sued, they will attempt to find something, ***anything***, on these devices that they can use to prosecute the plaintiffs for ***some*** crime, so that they can further indemnify themselves from the instant action. This would certainly explain why they are taking such drastic measures over such minor criminal charges; and frankly no other explanation makes sense.

Could there possibly be a worse example of bad faith? Unlikely. And that is precisely why this TRO is so necessary.

## CONCLUSION

This Court absolutely has jurisdiction over the property at issue. Further, even per *Younger*, there is irreparable injury, which further gives this Court jurisdiction over the property at issue. Lastly, no such adequate opportunity is being afforded to raise constitutional issues prior to the irreparable injury. Alternatively, at the very least, this Court should order the defendants to produce all warrants and affidavits related to the seized property so that the appropriate party be provided an adequate opportunity to raise constitutional issues in some court somewhere before the irreparable injury transpires.

Respectfully Submitted,

*/S/ Solomon M. Radner*
Solomon M. Radner (MI Bar No. P73653)
Attorney for Plaintiffs
26700 Lahser Rd, Suite 401
Southfield, MI 48033
248-291-9712
sradner@excololaw.com

DATED: September 10, 2018

## PROOF OF SERVICE

On September 10, 2018, the undersigned served this notice on all known parties of record by efiling it on this Court's efiling system which will send notice to counsel of record for all parties, with the exception of the Doe defendants who have yet to be identified.

*/s/ Solomon M. Radner*