IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUSSELL ZINTER *ET AL.* | § § § | |
| *Plaintiffs*, | § § | 5-18-CV-00680-FB |
| vs. | § § § | |
| CHIEF JOSEPH SALVAGGIO *ET AL.* | § § § | |
| *Defendants*. | § | |

### ORDER

This matter comes to the undersigned on a procedurally improper request by Plaintiffs to indefinitely extend a Temporary Restraining Order issued by the District Court that is set to expire on September 17, 2018. *See* Dkt. No. 32 at 2 (arguing "that the instant TRO must be extended indefinitely"). The undersigned held a hearing on this matter on September 13, 2018, at which counsel for all parties appeared.

The relief currently requested by Plaintiffs is not available as a matter of law. The District Court has already extended the Temporary Restraining Order twice, for a total additional period of 14-days beyond the initial 14-day period. And as the undersigned explained at the hearing, the Court has no authority to extend it indefinitely pursuant to Plaintiffs' request. *See* Fed. R. Civ. P. 65(b)(2) ("The [temporary restraining] order expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension."); *see also Granny Goose Foods, Inc., v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974) ("Ex parte temporary restraining orders are no doubt necessary in certain circumstances . . . but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.") (citations

1

omitted). Accordingly, Plaintiffs' request to extend indefinitely the temporary restraining order is **DENIED**.

To the extent Plaintiffs seek *further* preliminary injunctive relief, until a trial on the merits can be had, they have not made any such request in a procedurally appropriate manner. The record reflects no motion for preliminary injunction or other request for a preliminary injunctive relief that is supported by adequate legal briefing and evidence. *See* 11A Charles Alan Wright, Arthur R. Miller *et al.*, FEDERAL PRACTICE AND PROCEDURE § 2949 (3d. ed. 2018) ("Evidence that goes beyond the unverified allegations of the pleadings and motion papers must be presented to support or oppose a motion for a preliminary injunction."); *Collins v. Bank of Am.*, No. 3:11-CV-01120-P, 2012 WL 13027435, at *11 (N.D. Tex. Dec. 19, 2012) ("As TROs and preliminary injunctions are extraordinary remedies, Plaintiffs must support their request for relief with something beyond bare accusations and elemental recitations."). Indeed, while the undersigned is certainly sympathetic to Plaintiffs' argument that a search of a personal cell phone or other similar electronic media could result in irreparable harm to a given individual, they have produced no *evidence* sufficient to support any such conclusion here. *See Digital Generation, Inc. v. Boring*, 869 F. Supp. 2d 761, 777-78 (N.D. Tex. 2012) (denying preliminary injunction where movant failed to adduce any evidence demonstrating irreparable harm and explaining that "[w]hile evidentiary standards at the preliminary injunction stage are less formal . . . and the court . . . may issue a preliminary injunction without the presentation of evidence, it can do so only when the facts are not disputed"). They also have not adequately briefed the issue of their entitlement to further injunctive relief under a preliminary injunction standard.

To that end, and to the extent Plaintiffs seek preliminary injunctive relief, they may file a procedurally appropriate motion with supporting evidence and legal briefing **within fourteen**

**(14) days** from the date of this Order. To the extent Plaintiffs intend to rely on oral testimony, they should so indicate in their motion, and they should further indicate what they believe the testimony will show. It is up to Plaintiffs, not the Court, to introduce evidence in support of their request for preliminary injunctive relief and, ultimately, to meet their burden to show entitlement to such "an extraordinary remedy." *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) ("A preliminary injunction is an extraordinary remedy. It should only be granted if the movant has clearly carried the burden of persuasion on all four *Callaway* prerequisites."). Any response shall be due **ten (10) days** thereafter.

It appears that Defendants, at least at this time, oppose further injunctive relief in this case solely by invoking the *Younger* abstention doctrine (along with a confusing and unconvincing argument that this federal court does not have jurisdiction over a Section 1983 case). While *Younger* abstention could play into whether Plaintiffs can establish a likelihood of success on the merits, *see Wilson v. Thompson*, 593 F.2d 1375, 1384-85 (5th Cir. 1979), Defendants have failed to adequately explain how Plaintiffs Mead, Green, Pierce, Howd, and Egan—who are not subject to underlying criminal proceedings—have an adequate opportunity to raise their constitutional challenges in the ongoing criminal proceedings involving Plaintiffs Springer, Mead, Brown, and Miller. The undersigned recognizes the significant comity interests at play here, along with the dangers inherent in having federal courts available to micromanage ongoing state criminal prosecutions, but at the same time federal courts have a "virtually unflagging obligation" to exercise their jurisdiction. *Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 817 (1976). At this time, and on this woefully deficient factual and legal record, Defendants have failed to establish the propriety of *Younger* abstention; they have merely invoked a possible argument that might go to the Plaintiffs' likelihood of success on the merits in the context of a request for injunctive relief. *See Turner v. Pavlicek*, No. CIV.A. H-10-00749,

2011 WL 4458757, at *4 (S.D. Tex. Sept. 22, 2011) (explaining that "[t]he burden of establishing entitlement to abstention rests on the party seeking it") (collecting authorities). It also bears mention that neither party has adequately addressed with appropriate supporting authority and supporting evidence whether the bad faith exception to *Younger* abstention, which is "largely a question of fact," might apply here. *See Wilson*, 593 F.2d at 1387.[1]

Notwithstanding the foregoing, the Judges assigned to this case have considerable concerns with Defendants' apparent position that the government faces no possible consequences either in federal or state court (or in the court of public opinion) when it searches an uncharged witness's seized cell phone *without any reasonable limitations* to the scope of that search.

**IT IS ORDERED**.

SIGNED this 14th day of September, 2018.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants argued at the September 13 hearing that an indictment issued against Springer proves that no bad faith occurred here. But the role played by the grand jury may not necessarily insulate Defendants from a finding that they *sought* any or all of the criminal prosecutions at issue here—including the apparently unfettered discovery associated with those prosecutions—*at least in part* to retaliate against Plaintiffs for exercising their protected rights. *See Smith v. Hightower*, 693 F.2d 359, 369 (5th Cir. 1982). Plaintiffs, for their part, must present more than conclusory allegations on this point. *See Wilson*, 593 F.2d at 1387; *see also Collins v. Kendall County, Ill.*, 807 F.2d 95, 98 (7th Cir. 1986) (explaining that "[a] plaintiff asserting bad faith prosecution as an exception to *Younger* abstention must allege specific facts to support an inference of bad faith"); *Morris v. Robinson*, No. A-16-CV-1000-LY-ML, 2017 WL 4510593, at *5 (W.D. Tex. Jun. 5, 2017), *report and recommendation adopted*, 2017 WL 4506812 (W.D. Tex. Jul. 11, 2017), *aff'd*, 710 Fed. App'x 238 (5th Cir. 2018) (refusing to impute bad faith to defendants for "taking actions within their legal authority without factual allegations to support such an inference" and explaining that "barebones allegations of malicious intent, without factual support, are not sufficient to invoke the bad faith exception to *Younger* abstention").