IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUSSELL ZINTER *ET AL.* | § | |
| | § | |
| *Plaintiffs*, | § | 5-18-CV-00680-FB |
| | § | |
| vs. | § | |
| | § | |
| CHIEF JOSEPH SALVAGGIO *ET AL.* | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

Before the Court is Plaintiffs' Second Motion for Temporary Restraining Order. Dkt. No. 40. Plaintiffs request that the District Court extend the August 20, 2018 Temporary Restraining Order, which has already been extended twice,[1] or alternatively enter a Rule 65 Preliminary Injunction. But Plaintiffs have provided the Court with no authority to permit a further extension of the Temporary Restraining Order. *See* Fed. R. Civ. P. 65(b)(2) ("The [temporary restraining] order expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension.").[2] It bears mentioning that not until August 30, 2018, did Plaintiffs request a

---

[1] *See* Dkt. No. 25 (extending temporary restraining order to September 7, 2018 until a hearing could be held on that date); Dkt. No. 31 (extending temporary restraining order to September 17, 2018).

[2] *See also Granny Goose Foods, Inc., v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974) ("Ex parte temporary restraining orders are no doubt necessary in certain circumstances . . . but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.") (citations omitted); C. Wright and A. Miller *et al*., Federal Practice and Procedure, 11A Fed. Prac. & Proc. Civ. § 2953 (3d ed. 2018) ("The text of Rule 65(b) seems to exclude any

hearing on this matter. *See* Dkt. No. 23. One day later, the District Court timely set this matter for a hearing on September 7. Dkt. No. 25. Plaintiffs, however, requested an extension until September 13 at the earliest—a few days before the temporary restraining order would expire as a matter of law. *See* Dkt. No. 26. In sum, this is an emergency of Plaintiffs' own making, and one attributable to their own decisions on how to litigate this matter. It is not a crisis resulting after diligent efforts to set a hearing and no available hearing dates. *Cf.* C. Wright and A. Miller *et al.*, Federal Practice and Procedure, 11A Fed. Prac. & Proc. Civ. § 2953 (3d ed. 2018) (suggesting that notwithstanding the plain text of Rule 65(b), there may be situations in which a temporary restraining order may legitimately remain in effect beyond the 28 days such as where "the moving party has exercised good faith in seeking the preliminary injunction hearing but has been unsuccessful—perhaps because congestion on the court's docket has prevented a speedy hearing").

With respect to Plaintiffs' belated request for a preliminary injunction, the undersigned has already held a hearing on this matter at which Plaintiffs had the opportunity to more fully develop their record, both legally and factually. Plaintiffs, however, failed to do so. Although Plaintiffs did belatedly request, at the September 13, 2018 hearing, an opportunity to develop a factual record, that request came so late in the game as to provide effectively no room for accommodation. Accordingly, a preliminary injunction is not warranted at this time, as Plaintiffs have not met their burden to demonstrate entitlement to such extraordinary relief. *Mississippi*

---

possibility that a temporary restraining order can remain in force beyond 28 days"); *Pan Am. World Airways, Inc. v. Flight Engineers' Intn'l Ass'n, PAA Chapter, AFL-CIO*, 306 F.2d 840, 842 (2d Cir. 1962) ("There is no statutory authority for the indefinite, successive extensions of temporary restraining orders. . . The fact that notice is given and a hearing held cannot serve to extend indefinitely beyond the period limited by the Rule the time during which a temporary restraining order remains effective. The statute contemplates that notice and hearing shall result in an appropriate adjudication, *i.e.*, the issuance or denial of a preliminary injunction, not in extension of the temporary stay").

*Power & Light Co. v. United Gas Pipe Line Co*., 760 F.2d 618, 621 (5th Cir. 1985) ("A preliminary injunction is an extraordinary remedy. It should only be granted if the movant has clearly carried the burden of persuasion on all four *Callaway* prerequisites. The decision to grant a preliminary injunction is to be treated as the exception rather than the rule."). To the extent Plaintiffs believe a preliminary injunction is warranted, as the undersigned previously explained, Plaintiffs may file a motion citing the appropriate legal authority and supporting evidence. Only on a factually and legally developed record working in concert with fleshed-out briefing could a preliminary injunction be appropriate here.

For these reasons, it is recommended that Plaintiffs' Second Motion for Temporary Restraining Order, Dkt. No. 40, be **DENIED**.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*,

474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

      **IT IS SO ORDERED**.

      SIGNED this 14th day of September, 2018.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE

4