**LEON VALLEY POLICE DEPARTMENT**  Incident #201803942

## Charge(s):
**OBSTRUCT HIGHWAY PASSAGEWAY**

Statute: 42.03  Code: PC  Penalty: MB

Charge Note:

Arrest Narrative:

## Arrest:

Arrest#: 201803942-1  Date Arrested: 6/18/2018  Time Arrested: 14:25  Cell No:  Date Released:

Name: SPRINGER, JAMES ALAN JR  Address: 3006 CHIESA
Race: W  Sex: M  ROWLETT, TX 75088
DOB:  Arrest Age: 33  Home Phone: (469)230-5583  Work Phone:
Juvenile: N  Current Age: 34  Mobile Phone:  Caution:
DL#:  DL State: TX  DL Type:  Employer:  Occupation:

Arrest Location: 6400 EL VERDE RD  City: LEON VALLEY  District:
Agency: LEON VALLEY POLICE DEPARTMENT

Arresting Officer: 1056  FARIAS #534
Booking Officer:
Transfer Officer:

Entered By: 1056  Entered Date: 6/18/2018

## Charge(s):
**INTERFERENCE W/PUBLIC DUTIES**

Statute: 38.15(a)  Code: PC  Penalty: MB

Charge Note:

Arrest Narrative:

## Narrative:

On the above date the AP1 and several other male agitators/activists were conducting a demonstration at the Leon Valley City Hall and Municipal Court building. The agitator/activist attempted to enter into the building with video recording devices which is in violation of Municipal Judge Morales' order and security purposes. The actors were permitted to video the lobby area from the foyer area (between first and second set of doors) which was in compliance with the Judge's order. This entrance is the only access that the public has into the building to conduct Municipal Court and other city business. On two different occasions, Lt. D. Anderson 502 told the agitators/activist not to intentionally block the passageway into the building. Despite several reasonable requests to not obstruct the entrance, the AP1 intentionally and knowingly positioned himself in front of and obstructed the entrance with his body to the extent that his obstruction physically prevented a member of the public from entering the public building, in which she was identified as W3. At this point Lt. Anderson 502 summoned additional officers to follow him. Lt. Anderson 502 then approached the AP1 and informed him that he was under arrest for obstructing a passageway. The AP1 was handcuffed, processed and then booked for PC 42.03 Obstructing Highway or other Passageway. The AP1 received medical treatment at the LVPD office due to high blood pressure, before his transport to jail.

Due to the arrest of AP1, all others that were present and that were recording with cameras and other recording devices were now considered witnesses to a crime and we, Leon Valley PD officers, were requesting that they identify themselves and all recording devices to be seized as evidence. I approached SP1 and stated to the group he was with, that they have been witnesses to a crime and that all their recording devices are being confiscated as evidence. As I reached towards SP1's recording device he pulled away. I extended my arm out to reach SP1 and he backed away. I observed other officers next to me approach SP1 to retrieve the phone/camera from him. AP2 was directly beside of me so I reached out to grab the phone/camera out from his hands and he too also pulled away from me, moving his camera/phone in a manner that I was not able to retrieve it. I grabbed his right arm in an attempt to arrest him for interfering with public duties, but he forcefully moved his body so it would make it difficult to take control of him. I turned AP2 around using his right arm and placed him against the glass wall and pinned him up against it to gain control of him, while officer B. Evans 556 placed him

**LEON VALLEY POLICE DEPARTMENT**     Incident #201803942

in handcuffs. During this situation, AP2's camera phone fell on the ground and another officer retrieved it and seized it as evidence. Officer B. Evans then took control of AP2.

I then exited the building and observed more witnesses with recording devices. I observed W1 to have a recording camera and a cell phone and it appeared he was recording the event. I approached him and advised him that I was going to seize his cell phone and video camera as evidence. W1 complied with commands and identified himself by providing his name and date of birth. W1 received a property receipt for his camera and cell phone that I seized from him. W1 was released at the scene.

In my presence, Officer B. Evans 556 gave a criminal trespass warning to AP1 and AP2 from barring hime from all Leon Valley city offices and court rooms. Both AP1 and AP2 received a copy of all addresses and location of city owned properties to include the Leon Valley PD, Leon Valley Municipal Court and area essential to the court, Leon Valley Library, Leon Valley Fire Department, Leon Valley Public Works Department and Leon Valley Community Center. Each AP was told that failure to adhere to this warning would result in their arrest.

All items I seized as evidence I gave to Officer E. Rivera 567 so she can secure it in the Leon Valley Evidence property room.

**Supplement: Breton 560**

While responding to assist Cpl. Farias, I noticed W4 (Jesus Padilla) recording all the incident using his cell phone. W4 was standing by the flags in front of main entrance to Leon Valley Municipal offices. W4 was previously criminal trespass warned; and he was in flagrant violation of criminal trespass. I contatced W4 and requested his cell phone as evidence, due his recording Cpl. Farias detaining suspects in the Municipal restricted area. W4 was reluctant to release his cell phone. W4 was advised to release his cell phone several times until he gave his cell phone to Detective A. king. W4 was not arrested for criminal trespass today.

Officer's Signature: _____

Date: _____

Supervisor's Signature: _____

Date: _____

**Supplement: supplement j. wells #548**

06/18/2018

ON 06/18/2018 AT APPROXIMATELY 1400 HRS I WAS SUMMONDSED TO THE MAIN ENTRENCE TO CITY HALL DUE TO A DISTURBANCE. I ARRIVED TO THE AREA AND SGT URDIALES HAD A SUBJECT LATER IDENTIFIED AS JAMES MEAD, SP-2, W/M DOB ███████ IN CUSTODY FOR FAILURE TO IDENTIFY AS A WITNESS. I TOOK POSSESSION OF EVIDENCE, BELONGING TO JAMES MEAD.

DET. J. WELLS #548

06/19/2018

On this date I was contacted by Joseph Pierce (W2) at the Leon Valley Police Department. Pierce notified me he had some personal property in a white Chev Tahoe that was impounded on 06/18/2018 belonging to James Springer, AP2. Pierce advised the property consisted of a Texas Drivers License and a Credit Card both with his name on them. I was advised the property was in the glove compartment of the vehicle. I went to the impound yard and retrieved the said items from the described vehicle and returned to the LVPD. The property was released to Joseph Pierce; 1) TXDL-███████ and (2) EECU Debit Card# ███████████████  Property Reciept issued to Pierce.

Officer's Signature: _____

Date: _____

Supervisor's Signature: _____

Date: _____

**LEON VALLEY POLICE DEPARTMENT**  Incident #201803942

### Supplement: J.Azar 564

On Monday June 18, 2018 around 1400 hundred hour we had agitators at 6400 El Verde Municipal Court. We ask several of the agitators to stop blocking the passageway to the main entry of the building or they will be arrested. When a female customer which was later identified later as (W)3 tried entering the Municipal Court, the agitators were blocking the door way not allowing the female(W)3 easy passageway from coming in so we were sent to arrest the agitator holding the burnt blue line flag. As soon as the Officers had hands on the agitator with the burnt blue line flag who was later identified as (AP)1. I tried to confiscate a video recorder from another agitator due to it being used to record the arrest with (AP)1, but (AP)2 pulled his hand away from me and that's when other Officers stepped in to help out and (AP)2 was detained. (AP)2 subsequently was arrested for interfering with pubic duties.

Officer's Signature: _____
Date: _____
Supervisor's Signature: _____
Date: _____

### Supplement: Supplement Sgt. J Urdiales 555

On The 18th of June 2018 at 14:00 hrs. I was assigned to the Leon Valley Municipal Courts Security detail in full Police uniform.

Due to Agitators that had posted Videos on the Internet Web page YOU-TUBE that they where coming to the City of Leon Valley.

SP 2 (James Mead D.O.B. ▮▮▮▮ was contacted as a witness due to a Disturbance that had taken place at the main entry doors to the Leon Valley Municipal Court Building.

SP 2 was Video/ live streaming on too a YOU TUBE Channel. I contacted SP 2 and requested that he ID himself as a witness. SP 2 refused and stated that he did not have ID.

I advised SP2 that he was being arrested for failuer to ID as a witness, I took control of SP2 by handcuffing him and double locking handcuffs for his safety.

Det. J Wells took control of video cameras that SP2 had in his hands, SP2 stated that the cameras were not his. Det J Wells placed the cameras into the property room as evidence.

Once SP2 Identified himself by name and D.O.B., and it was verified, SP2 received a Verbal Criminal Trespass Warning by Cpl. Mandry, in the Leon Valley Police Department Roll Call room.

SP2 was released with his personal property and escorted from the building.

Officer's Signature: _____
Date: _____
Supervisor's Signature: _____
Date: _____

### Supplement: A. King#519

On 06-18-18 Approx. 1400hrs I was sitting at my desk at 6400 El Verde (Leon Valley Police Dept. and was advised someone was getting arrested in the Municipal court by the front doors. I made location and observed several officers

**LEON VALLEY POLICE DEPARTMENT**  Incident #201803942

detaining two males. I was advised there were several witness's who were recording the incident. I stepped outside and observed who i know to be a agitator W4 (Jesus Padilla) recording the incident with his cell phone. I approached W4 and advised i needed to get his cell phone because he had evidence of the crime recorded. W4 handed me the phone at which time i advised i would get him a property receipt. When i returned W4 was not at location. Evidence was placed in property room. No further action was taken on my part at this time.

Officer's Signature: _____

Date: _____

Supervisor's Signature: _____

Date: _____

**Supplement:** Evans #556

On 06/18/2018 at approximately 1400 hours, I was advised to stand by for a group of agitators that have been blocking the door way entrance of 6400 El Verde Rd, Leon Valley, TX 78238 at the Municipal Court and had been told not to do so multiple times but ignored orders. I was standing by inside the police department. Shortly later, I heard a commotion coming from the Municipal Court entrance door way. I then responded to assist fellow officers. Once on scene, I was instructed to escort W2 out of location. As I was escorting W2 out of immediate area, I then heard a struggle behind me in the Municipal Court entrance. That was the last contact I made with W2. I then went to assist fellow officers in detaining AP2. I did so by securing the right arm of AP2. After AP2 was in hand cuffs I began to identify AP2. AP2 did not have any identification on him, but was able to provide name, address, and date of birth. Shortly, AP2 was advised he was being placed under arrest for Interference with Police Duties. AP2 made the statement not to tow his vehicle that was parked on Leon Valley property. AP stated he drove here, described the vehicle, and gave an exact location of vehicle. AP2's vehicle was towed by Banis Towing due to vehicle being personal property of AP2. I conducted an inventory of AP2's vehicle and while conducting an inventory a black and silver Ruger SR40C pistol, was discovered on the back of the passenger seat pocket/compartment. Pistol was checked into TCIC/NCIC and came back clear. AP2 was asked about ownership of the discovered pistol and stated he was not going to answer anymore questions. Pistol was stored in Leon Valley Police Department Property Room for safekeeping. Back in service.

Officer's Signature: _____

Date: _____

Supervisor's Signature: _____

Date: _____

**Supplement:** Cpl.C.Mandry#540

On this date, I Cpl.C.Mandry#540 was at location on standby during a multiperson event protesting police activity. During that time, Obstructing Passage/Pathway was observed by Lt D.Anderson. Officers on scene apprehended AP1 for his offense. I observed Cpl.L.Farias#534 attempting to collect electronic recording devices from SP1, a witness to the offense and a member of the group. Initially, SP1 wasn't compliant with the request from Cpl.Farias. I too informed SP1 that Off.L.Farias#534 was attempting to collect the evidence followed by me placing him in handcuffs due to the escalation in the confined space and to remove him from the situation. In the lobby of City Hall, his small GoPro camera was shut off and my body camera remained activated. SP1 was taken to the patrol room to confirm his identity as a witness to the offense as well. SP1 and SP2 were both confirmed as non residents to Leon Valley with no assets, ties or responsibilities requiring access to City Facilities. Both were issued Criminal Trespass Warnings while being recorded on body camera. SP1 and SP2 stated to have understood.
SP1 was released without further incident, his GoPro Hero 6 and Samsung Galaxy S8 Plus were collected as evidence by Det E Gonzales.

Officer's Signature: _____

Date: _____

LEON VALLEY POLICE DEPARTMENT                                              Incident #201803942

Supervisor's Signature: _____

Date: _____

## Supplement: CASTRO #515

AP2: SPRINGER, JAMES ALAN JR. W/M ▮▮▮▮▮▮   TDL# ▮▮▮▮▮▮

3006 ROWLETT, DALLAS, TEXAS 75088 PH# 469-230-5583

ON 06-18-18, AT APPROXIMATELY 1400 HOURS I OBSERVED LVPD OFFICERS ATTEMPTING TO ARREST A WHITE MALE SUBJECT, LATER IDENTIFIED AS JAMES ALAN SPRINGER JR. ▮▮▮▮▮▮, IN THE ENTRANCE OF THE LEON VALLEY MUNICIPAL COURT LOCATED AT 6400 EL VERDE RD.

I PLACED MY HANDCUFFS ON THE AP2 AND HE WAS TAKEN INTO CUSTODY FOR INTERFERING WITH PUBLIC DUTIES

Officer's Signature: _____

Date: _____

Supervisor's Signature: _____

Date: _____

## Supplement: Mike Tacquard #510

LEON VALLEY POLICE DEPARTMENT SUPPLEMENT REPORT LVPD FORM NO. 65 [3-67]   DATE: 06/18/2018

| | |
|---|---|
| TO | : Records/Investigations |
| FROM | : Officer Mike Tacquard #510 |
| COPIES | : Supplemental Report |
| SUBJECT | : CASE 18-3942 |

MESSAGE HERE: [TYPE OR PRINT ONLY - USE INK]

On Monday, June 18, 2018 at approximately 14:00 hours, I Officer Mike Tacquard #510 was on duty and performing my assigned duties with the Leon Valley Police Department. At approximately 14:00 hours I responded to the Municipal Court office due to a disturbance. Upon arrival I observed Officer AZAR #564 contact a white male (AP 2) informing him that due to a penal code violation his video equipment was being confiscated as evidence of the offense. The male subject refused to surrender his video tapping equipment and raised his equipment in order to prevent the officer from performing her duties. This subject was subsequently subdued and restrained by handcuffs. This individual was identified as JAMES SPRINGER W/M/ ▮▮▮▮▮▮ and hereafter referred to as AP-2.

DETAILS:

1. On Monday, June 18, 2018, I officer Mike TACQUARD #510 was on duty and performing my official duties as a police officer for the City of Leon Valley Texas County of Bexar.
2. At approximately 14:00 hours I responded to the Municipal Court office located at 6400 El Verde Rd, Leon Valley, Texas in reference to an officer needing assistance.
3. As I arrived at the location I saw several officers contacting several individuals. I observed Officer AZAR contacting a white male subject to my left. I observed AP 2 to pull away from Officer AZAR.
4. As I got closer I heard Officer AZAR inform AP 2 that he was recording a crime with his recording equipment and that the video equipment was being seized as evidence in the case.

**LEON VALLEY POLICE DEPARTMENT**                                Incident #201803942

5. Again, I observed AP 2 to back away and put his video equipment above his head to prevent the retrieval of the equipment for evidentiary purposes.
6. Officer AZAR informed AP 2 numerous times that he was refusing lawful order and interfering with the duties of a public servant.
7. AP 2 continued to refuse to comply and continued to try and prevent the officer AZAR from performing her lawful duties.
8. At this time, AP 2 was forcibly detained by the assistance of two additional officers, Officers FARIS # 534 and EVANS # 556 along with myself.
9. AP 2 was placed against the wall and secured with handcuffs with the minimal amount of force required. AP 2's video equipment was secured and placed into evidence.
10. AP 2 was escorted to the booking area of the Leon Valley Police Department for Obstructing.
11. At one-point AP 2 stated he was a member of the press and had a legal right to video the incident in question. I asked AP 2 for his press credentials or any form of identification identifying him as a member of the press. AP 2 stated he did not have any identification to that affect.
12. After securing AP 2 I had no further contact.

AP 2
1. AP2 was identified as SPRINGER, JAMES W/M
2. AP2 was wearing blue gray T-shirt, tan shorts and tennis shoes
3. AP 2 Red hair and full facial beard.

Officer's Signature: _____
Date: _____
Supervisor's Signature: _____
Date: _____

**Supplement:** E.Rivera 567

On 06.18.2018 I was assigned to the Leon Valley Municipal Court Security. I was instructed to wand all persons and enforce Judge Morales order of no recording inside of the building. On this date several agitators were conducting a demonstration in front of the building. At about 1400 hours the agitators were recording from the foyer area. The agitators were advised multiple times by Lt. Anderson not to obstruct the passageway. At one point an agitator was blocking the second set of doors while a woman was behind him and he ran into her. At that point officers were instructed to arrest AP1, Identify all witnesses, and to confiscate any recording devices from the witnesses. I located a black cell phone on the floor where the incident took place. I wrote a property receipt for the phone although it was not claimed.

Officer's Signature: _____
Date: _____
Supervisor's Signature: _____
Date: _____

**Supplement:** CID Supplmt

06/27/18

Case filed.

**NOTE:** AP1 AND SP1 WERE ORIGINALLY ARRESTED IN THIS INCIDENT. SP1'S CASE WAS REJECTED. THIS REPORT APPLIES EQUALLY TO BOTH AP1 AND SP1.

**ACTOR:** AP1 Bailey, David  WM  54  ▇▇▇  164 Elizabeth  SID NO. 0773576
Booked for Obstruct Highway/Passageway.

**SUSPECTS:** SP1 Springer, James Alan, Jr.  WM 33  ▇▇▇  SID NO. 1103396
aka "James Freeman" Identified member of "The First Amendment Auditors"
HM ADD  3006 Chiesa  (Rowlett, Tx. 778088)  HM PH NO  (469) 230-5583
Originally booked for Interference With Public Duties. Charge dismissed by Magistrate. Listed as AP2 (Arrested Person 2) in original handling officer's report.

|  |  |
|---|---|
|  | SP2  Mead, James   WM 57   ▮▮▮▮   23022 Fairway Bridge   S.A Tx. Reportedly video-taped above arrests and detained for Failure to ID as a witness. Subsequently released after providing identification. Phone/camera used to record arrest was seized and a property receipt issued to SP2. Released pending investigation. |
| WITNESSES: | W1  Zinter, Russell  WM 56   ▮▮▮▮   4112 Cr Rd. 3841   S.A. Tx. Identified as a witness video-recording above incident. Phone/camera used to record incident seized. Property receipt issued. |
|  | W2  Pierce, Joseph   WM 41  ▮▮▮▮   644 Kerry   (Crowley, Tx. 76036) aka "Ethics Instead"  Identified member of "The First Amendment Auditors." Identified as a witness for video-taping above incident. See Evidence List for info on his recording device. W2 refused to sign or accept a property receipt for same. |
|  | W3  Salazar, Maria   WF 56  ▮▮▮▮   7234 Grass Valley   (210) 260-8836 Leon Valley citizen attempting to enter above location (lobby) to conduct city business, when prevented by AP1 obstructing passage into lobby. |
|  | W4  Padilla, Jesus   LM 27   ▮▮▮▮   11555 W. Culebra Rd.  SID NO. aka "Mexican Padilla"  Identified member of "The First Amendment Auditors." Observed video-taping above arrests with his camera and was reluctant to release his camera to officers. Eventually relinquished camera to officers and left scene before receiving a property receipt for same. |
|  | W5  Gonzales, Juan Jr.   LM 53   ▮▮▮▮   2424 Paddle Creek (S.A. Tx. 78245) Listed as SP1 in original report. Reportedly video-taped the incident and identified himself as a witness. His recording device was seized after refusing to relinquish same to officers. Property receipt issued. |
| EVIDENCE: | "BLACKWEB"  100000 MAH battery pack  black in color  Model# BWA17W1030 "JOBY"   cell/camera holder Unknown brand cell phone with clear case   Serial # 353322090827099 Above listed evidence seized from SP1. See evidence list in handling officer's report for info on property seized from W1 (Zinter), W2 (Pierce) and W4 (Padilla). |

| OFFICERS AT SCENE: | | |
|---|---|---|
| | Cpl. Farias #534 | Handling Officer |
| | Officer Tacquard #510 | Arresting Officer |
| | Officer Azar #564 | Arresting Officer |
| | Officer Evans #556 | Assisting Officer |
| | Officer Rivera #567 | Assisting Officer |
| | Officer Breton #560 | Assisting Officer |
| | Det. King # 519 | CID Investigations |
| | Det. Wells #548 | CID Investigations |
| | Sgt. Castro #515 | Patrol Supervisor |
| | Sgt. Urdiales #555 | Patrol Supervisor |
| | Lt. Anderson #502 | CID Commander |

DETAILS:     Above location of occurrence is the City of Leon Valley Municipal Building, which houses

the municipal court and offices essential to this court. The police department is also located in this building. On June 14, 2018, Judge Morales ordered that no weapons or video recording devices be permitted in this building. Citizens are allowed to video tape the lobby from outside the building, but the foyer leading into the lobby is to be kept clear to allow entry into the lobby and court. This court order is a result of recent disruptions to city and court operations by agitators belonging to the group called, "The First Amendment Auditors." These agitators have video-taped personnel inside restricted areas and have made threats to Leon Valley police officers. They have also threatened the police chief and several city officials, including the mayor via on-line websites.

At above time and date, above AP1 and SP1, in accompany of above listed SP2 and WITNESSES, walked into the foyer of the municipal court/building and began video-taping activities inside the lobby. AP1 intentionally began blocking citizens, mainly W3, from attempting to enter the lobby by placing himself in their path. Officers asked AP1 several times to refrain from obstructing passage to the lobby and to relocate. AP1 refused and as he was being arrested by officers for Obstructing Passage, SP1 and the other agitators, including SP2, W1, W2 and W4, began video-taping AP1's arrest. Cpl Farias #534 announced that subjects in possession of recording devices and video-taping AP1's arrest were now considered witnesses and their recording devices were subject to seizure and subsequent search. As Cpl. Farias #534 attempted to retrieve SP1's recording device, SP1 backed away from the officer and placed the recording device above his head and out of Cpl. Farias' reach. Officer Azar #564, observing the SP1 refusing to comply with Cpl. Farias' request, advised SP1 twice that he was refusing a lawful order and interfering with the duties of a public servant. SP1 refused to comply with officers and was arrested. SP1 initially claimed to be a member of the press but was unable to produce credentials upon request.

SP1 was arrested for P.C. 38.15 Interference with Public Duties for interfering with officers attempting to seize his recording devices used in video-taping AP1's arrest, as per the Bexar County D.A.'s Office. SP1's recording device and accessories were seized and placed in the property room as evidence, pending application for search warrant.

SP1 was transported to jail and his charge was rejected by the magistrate.

Upon consultation with the D.A's Office and following their advice, SP1 is charged with Interference with Public Duties from same incident.

The remaining WITNESSES (W1, W2, W4) and SP2 (listed above) cooperated by identifying themselves as witnesses and releasing their recording devices to officers. They were issued property receipts, awaiting applications for search warrants of their recording devices.