IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RUSSELL ZINTER; JACK MILLER; <br> BRIAN HOWD; JAMES A. MEAD; <br> JOSEPH BRANDON PIERCE; MARK BROWN; <br> DAVID BAILEY; JUAN GONZALES JR.; <br> KEVIN EGAN; JONATHON GREEN; <br> JAMES SPRINGER <br><br> Plaintiffs, <br><br> VS. <br><br> CHIEF JOSEPH SALVAGGIO; <br> LIEUTENANT DAVID ANDERSON; <br> DEPUTY JANE DOE GOLDMAN; <br> OFFICER JOHNNY VASQUEZ; <br> CPL CHAD MANDRY; SERGEANT JOHN DOE; <br> OFFICER JIMMIE WELLS; CPL. LOUIS FARIAS, <br> BADGE 534; OFFICER BRANDON EVANS, <br> BADGE 556; OFFICER UZIEL HERNANDEZ; <br> JOHN DOE TASER 1; JOHN DOE TASER 2 AND <br> THE CITY OF LEON VALLEY, A POLITICAL <br> SUBDIVISION OF THE STATE OF TEXAS <br><br> Defendants. | CIVIL ACTION NO. 5:18-CV-0680-FB |

**DEFENDANT CHIEF SALVAGGIO, LT. ANDERSON, OFFICERS VASQUEZ, MANDRY, WELLS, FARIAS, EVANS AND HERNANDEZ' RESPONSE IN <u>OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION</u>**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE FRED BIERY:

NOW COMES **CITY OF LEON VALLEY CHIEF OF POLICE JOSEPH SALVAGGIO, LT. DAVID ANDERSON, OFFICER JOHNNY VASQUEZ, CORPORAL CHAD MANDRY, OFFICER JIMMIE WELLS, CORPORAL LOUIS FARIAS, OFFICER BRANDON EVANS** and **OFFICER UZIEL HERNANDEZ**, Defendants in the above entitled and numbered cause and pursuant to Rule 65(a) of the FEDERAL RULES OF CIVIL PROCEDURE files this their Response in Opposition to Plaintiffs' Motion for Preliminary Injunction (Dkt. 46) and would respectfully show unto the Court the following:

# I.
# BACKGROUND

The Plaintiffs are cabal zealot communicators who attempt to bring chaos and anarchy on governmental entities. By utilizing various social media outlets such as YouTube, the seek live streaming confrontations with law enforcement to stir up vitriolic attitudes towards police, while at the same time, lining their coffers through the number of social media posts gained.

The initial incident in Leon Valley which ignited a series of events, occurred on May 2, 2018 when a member of the cabal group, Jesus Padilla aka *Mexican Padilla* (Non-Plaintiff) was arrested in a restricted area of the City of Leon Valley City Offices and charged with harassment, criminal trespass and resisting arrest.

On May 31, 2018, Plaintiff Jack Miller was arrested under TEXAS PENAL CODE § 46.03 places weapons prohibited.

The three dates referenced in Plaintiffs' Complaint concerning arrests of the zealot protestors was June 14, 2018, June 18, 2018 and June 23, 2018. The cabal of zealot communicators caused and/or incited their followers to make thousands of telephone calls to the City of Leon Valley, it's Officials, including the Chief of Police and City Manager and thousands of emails to the City of Leon Valley. Plaintiffs caused and/or instigated an attempt to cause chaos and disruption and to cripple the City of Leon Valley's Governmental Offices and endangering its residents by crippling the City's Communications.

On June 14, 2018, non-Plaintiff Jesus Padilla aka *Mexican Padilla* was arrested for criminal trespass and Plaintiff Mark Brown was arrested under TEXAS PENAL CODE § 38.15 for interference with public duties and TEXAS PENAL CODE § 38.03 resisting arrest. (These cases are pending in Bexar County Court at Law No. 12 under Cause Nos. 577193 and 577195).

*Russell Zinter, et al v. Chief Joseph Salvaggio, et al*  
Defendants Salvaggio, Et Al's Response in Opposition to Preliminary Injunction

Civil Action No. 5:18-CV-0680-FB  
Page 2

On June 18, 2018, Plaintiff David Bailey was arrested under TEXAS PENAL CODE § 42.03 Obstructing Passageway (at the Leon Valley Municipal Court). Said charge currently pending at Bexar County Court at Law No. 4, Cause No. 577789.

On June 18, 2018, Plaintiff James Springer was arrested under TEXAS PENAL CODE § 38.15, Interference with Public Duties (said charge was initially rejected by refiled).

On June 23 2018, the third event in the trilogy the following Plaintiffs were arrested:

1. James Springer aka *James Freeman* arrested under TEXAS PENAL CODE § 36.06, Retaliation which resulted in a Felony Indictment under 2018CR7461 (*See, Exhibit A – Indictment of James Springer*);

2. Non-Plaintiff Bao Nguyen aka *Clash with Bao* was arrested under TEXAS PENAL CODE § 36.06 for Retaliation which resulted in Felony Indictment under 2018CR7461 (*See, Exhibit B – Indictment of Bao Nguyen*);

3. Plaintiff Jason Green aka *Buckeye In The Sky News* was arrested under TEXAS PENAL CODE § 38.15 Interference with Public Duties; TEXAS PENAL CODE § 38.03 Resisting arrest (cases initially rejected but refiled) and TEXAS PENAL CODE § 38.02 Failure to Identify;

4. Plaintiff Brian Howd was arrested under TEXAS PENAL CODE § 38.15 Interference with Public Duties and Section 38.03 Resisting Arrest. (Cases initially rejected but refiled);

5. Plaintiff Joseph Pierce aka *Ethics Instead* was arrested under TEXAS PENAL CODE §38.15 interference with public duties (Case initially rejected but refiled) and TEXAS PENAL CODE § 38.02 Failure to identify.

On July 4, 2018, Eleven (11) days subsequent to the June 18, 2018 incident, Plaintiffs filed their Original Complaint in Federal Court, which is the case at bar. Defendants assert that Plaintiff's Complaint is being used as a tactic to avoid state criminal prosecution, seven of the eleven Plaintiffs in this case have criminal cases pending with the Bexar County Criminal District Attorney's Office.

*Russell Zinter, et al v. Chief Joseph Salvaggio, et al*  
Defendants Salvaggio, Et Al's Response in Opposition to Preliminary Injunction  
Civil Action No. 5:18-CV-0680-FB  
Page 3

## II.

Defendants **CHIEF SALVAGGIO, LT. ANDERSON, OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ**, move the Court to deny Plaintiff's Motion for Preliminary Injunction. (Dkt. 46).  Defendants attach as exhibits to their motion the following:

1. Exhibit A - Indictment of James Springer.

2. Exhibit B - Indictment of Bao Nguyen.

3. Exhibit C - Information filed against Plaintiff Mark Brown.

4. Exhibit D - Affidavit of Assistant District Attorney Brandon Ramsey.

5. Exhibit E - Social Media threats against Leon Valley Officers.

To obtain a preliminary injunction under Rule 65 of the FEDERAL RULES OF CIVIL PROCEDURE, the Movant must show the following:

(1) A substantial likelihood of success on the merits;

(2) A substantial threat of irreparable harm if the injunction is not granted;

(3) That the threatened injury outweighs any harm dissolve the injunction might cause to the Defendant.

(4) That the injunction will not disserve the public interest.

*Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 288 (5th Cir. 2012); *PCI Transportation, Inc. v. Ft. Worth and Western Railroad Company*, 418 F.3d 535, 545 (5th Cir. 2005).

### III.
### YOUNGER ABSTENTION DOCTRINE.

Defendants assert that this case is unique for the sole reason of search warrants involving cell phones.  Plaintiffs assert a substantial threat of irreparable harm if the injunction is not granted.  However, Defendants assert that the first, third and fourth prongs of the equitable

factors for injunctive relief, weigh in favor of denial of the preliminary injunction.

As to the first prong, (the likelihood of success), Defendants assert qualified immunity and the independent intermediary doctrine as a defense. **Shields v. Twiss,** 389 F.3d 142 (5th Cir. 2004)**.** The third prong weighs in favor of the defendants to the extent that the Plaintiffs threatened injury does not outweigh any harm that the injunction might cause to the Defendants. (*See, Exhibit D, Affidavit of Brandon Ramsey asserting that injunctive relief would interfere with the criminal investigations pending.*) Defendants further assert the fourth prong weights in favor of the defendants since the injunction would be a disservice to the public interest since the criminal investigation would be interfered with. (*See, Exhibit D – Affidavit of Brandon Ramsey, Bexar County Assistant District Attorney.*)

Defendants would show unto the Court that the Plaintiffs are not merely protestors but rather masters at mayhem. Plaintiffs' self-described activities state that the activists are technically savvy and masters of internet trolling. Defendants place into evidence as Exhibit E, Terroristic threats on their social media against the City of Leon Valley Officials. (*See, Exhibit E - Social Media threats against Leon Valley Officers.*)

Defendants assert that the Younger Abstention Doctrine bars Plaintiff's attempt at equitable relief.  Under **Younger v. Harris**, 401 U.S. 37, 43 (1971), the analysis for determining its applicability is as follows:

(1)	The dispute must involve an ongoing state judicial proceeding,

(2)	An important state interest in the subject matter of the proceeding must be implicated, and,

(3)	The state proceedings must afford an adequate opportunity to raise constitutional challenges.

**Wightman v. Tex. Sup. Ct.**, 84 F.3d 188, 189 (5th Cir. 1996).

The eleven Plaintiffs to the case at bar, can be characterized as follows:

(a) Criminal cases filed and criminal cases docketed in the Bexar County Judicial system: Plaintiff James Springer, Plaintiff Jack Miller, Plaintiff Mark Brown and Plaintiff David Bailey.

(b) Criminal charges filed and pending Plaintiff Jason Green, Plaintiff Brian Howd and Plaintiff Joseph Brandon Pierce.

(c) No charges filed but investigation ongoing: Plaintiff Russell Zinter, Plaintiff James A. Mead, Plaintiff Juan Gonzales, Jr. and Plaintiff Kevin Egan.

Defendants assert that all three prongs of the YOUNGER ABSTENTION DOCTRINE have been met. *(See, Exhibit A - Indictment of James Springer; Exhibit B - Indictment of Bao Nguyen; Exhibit C - Information filed against Plaintiff Mark Brown; Exhibit D - Affidavit of Assistant District Attorney Brandon Ramsey).* When the Younger Abstention Doctrine test is met, the Federal may only enjoin a pending state criminal court proceeding if certain narrowly delimited exceptions to the Abstention Doctrine apply. Specifically, Courts may disregard the Younger Abstention Doctrine when:

(1) The state court proceeding was brought in bad faith or for the purpose of harassing the federal plaintiffs;

(2) The state statute is flagrantly and patently violative of express constitutional prohibitions and every clause, sentence and paragraph in whatever matter and against whoever an effort might be made to apply it or

(3) The application of the doctrine was waived.

***Texas Association of Business v. Earl***, 388 F.3d 515, 519 (5th Cir. 2004).

Plaintiffs attempt to no avail on the theory that the state court proceeding was brought in bad faith. To the contrary, Plaintiffs filing a federal complaint eleven (11) days subsequent to being arrested is evidence of Plaintiffs federal civil suit is being used to circumvent the criminal court proceedings in Bexar County, Texas.

In ***Middlesex County Ethics Committee v. Garden State Bar Ass'n.***, 457 U.S. 423 (1982), the Supreme Court analyzed the Younger Abstention Doctrine in the context of a

pending state judicial proceeding. The Court, in holding that the Younger Abstention Doctrine applied, stated that so long as the Constitutional claims of respondents can be determined in the state proceedings and so long as there is no showing of bad faith, harassment or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain. *Middlesex County Ethics Committee v. Garden State Bar Ass'n.,* 457 U.S. 423, 435 (1982).

The Fifth Circuit addressed an analogous scenario in *Gates v. Strain*, 885 F.3d 874 (5th Cir. 2018). Plaintiff Gates brought a Section 1983 cause of action alleging that the officers arrested her unlawfully and used excessive force and were prosecuting her in bad faith. The trial court denied the arrestees motion for an injunction and the arrestee appealed. The Fifth Circuit affirmed the trial court's denial of the temporary injunction based on the Younger Abstention Doctrine. The Court analyzed that the Plaintiff's request for a temporary injunction would enjoin the pending state court criminal proceedings and clearly interfere with an ongoing state judicial proceeding. Second, the Court reasoned that underlying state court proceeding concerned the enforcement of the state criminal law, something of which the state has a strong interest. Third, the Court held that Gates could raise his challenges to the state criminal court proceedings in state court. Accordingly, the Court upheld the Younger Abstention Doctrine precluding injunctive relief.

In the case at bar, Plaintiffs have an opportunity to raise their constitutional challenges in state court proceedings. Defendants respectfully request the Court to deny the Preliminary Injunction and stay the case until criminal proceedings have been concluded. *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994).

**WHEREFORE, PREMISES CONSIDERED**, Defendants **CHIEF SALVAGGIO, LT. ANDERSON, OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS** and **OFFICER HERNANDEZ** pray that the Court deny Plaintiff's Motion for Preliminary Injunction and stay the civil proceedings under 42 U.S.C. § 1983 until the state court criminal proceedings have been concluded and for such other and further relief, both general and special, and at law and in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**LAW OFFICES OF CHARLES S. FRIGERIO**
A Professional Corporation
Riverview Towers
111 Soledad, Suite 840
San Antonio, Texas 78205
(210) 271-7877
(210) 271-0602 Telefax
Email: csfrigeriolaw@sbcglobal.net
       frigeriolaw1995@sbcglobal.net

BY: /s/ Charles S. Frigerio
    CHARLES S. FRIGERIO
    SBN: 07477500
    ATTORNEY-IN-CHARGE

    HECTOR X. SAENZ
    SBN: 17514850
ATTORNEYS FOR DEFENDANTS **CHIEF OF POLICE JOSEPH SALVAGGIO, LT. DAVID ANDERSON, OFFICER JOHNNY VASQUEZ, CORPORAL CHAD MANDRY, OFFICER JIMMIE WELLS, CORPORAL LOUIS FARIAS, OFFICER BRANDON EVANS AND OFFICER UZIEL HERNANDEZ**

## **CERTIFICATE OF SERVICE**

   I hereby certify that on the 28th day of September, 2018, I electronically filed the foregoing Defendants Chief Salvaggio, Lt. Anderson, Officer Vasquez, Corporal Mandry, Officer Wells, Corporal Farias, Officer Evans and Officer Hernandez' Response in Opposition to Plaintiffs' Preliminary Injunction with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Brandon J. Grable
Grable Law Firm PLLC
1603 Babcock Road, Suite 118
San Antonio, Texas 78229

Mr. Solomon M. Radner
EXCOLO LAW, PLLC
26700 Lahser Road, Suite 401
Southfield, MI 48033

                /s/ Charles S. Frigerio
                CHARLES S. FRIGERIO