FILED

2018 OCT -3 PM 4: 37

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY ____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUSSELL ZINTER *ET AL.* | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| vs. | § | Civil Action No. 5:18 - cv - 00690- FB |
| | § | |
| CHIEF JOSEPH SALVAGGIO *ET AL.* | § | |
| | § | |
| *Defendants.* | § | |

## NON-PARTY BRANDON RAMSEY'S MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER

COMES NOW Brandon Ramsey, a non-party to the above-captioned lawsuit, and, pursuant to Federal Rule of Civil Procedure 45(d) and Local Rule 7026(c), brings this, his Motion to Quash Subpoena and Motion for Protective Order, and respectfully shows as follows:

### I.      Background

On September 19, 2018 the Court entered an order setting Plaintiffs' Motion for Preliminary Injunction for hearing on October 4, 2018 at 9:30 a.m. (Docket no. 47).  On the morning of October 3, 2018, the day before the hearing, Mr. Brandon Ramsey, an Assistant District Attorney with the Bexar County District Attorney's Office, received by private overnight delivery service a subpoena to appear and testify at the next day's hearing and to "bring with [him]" several categories of documents and information.  A copy of the subpoena is attached hereto as Exhibit A.  The two categories of documents Mr. Ramsey is to "bring" to the hearing are as follows:

> 1.   All warrants, affidavits, witness statements, videos, photos, and police reports that relate to the actions mentioned in your August 31, 2018 affidavit.

1

    2. All correspondence between you or your office and any law enforcement people relating to the actions mentioned in your August 31, 2018 affidavit.

Exhibit A.

## II.      Argument and Authorities

### A.    *Improper Service*

Plaintiffs did not effectuate proper service of the subpoena on Mr. Ramsey because they wholly failed to tender a witness fee or mileage fee. Federal Rule of Civil Procedure 45 provides that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law" (Fed. R. Civ. P. 45(b)(1)). These requirements are unambiguous. As the Fifth Circuit held, "[t]he conjunctive form of the rule indicates that proper service requires not only personal delivery of the subpoena, but also tendering of the witness fee and a reasonable mileage allowance." *In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003) (no abuse of discretion where district court quashed a subpoena served with the witness fee but without an estimated mileage fee). For this reason alone, the subpoena must be quashed.

### B.    *Objections as to Form and Content*

The subpoena does not meet the form and content requirements of Federal Rule of Civil Procedure 45(a)(1)(A) in two ways. First, it does not properly command Mr. Ramsey to appear "at a specified time and place" (Fed. R. Civ. P. 45(a)(1)(A)(iii)) because it commands him to appear at "9:31 a.m." (Exhibit A), whereas the hearing is actually set for 9:30 a.m. (Docket no. 47). Second, the subpoena does not "set out the text of Rule 45(d) and (e)" (Fed. R. Civ. P. 45(a)(1)(A)(iv)); it only states, incorrectly, that certain provisions of Rule 45 "are attached" (*see* Exhibit A). Accordingly, the subpoena must be quashed.

## C.     Lack of Notice

Insofar as the subpoena seeks the production of documents, Plaintiffs' subpoena must be quashed because, upon information and belief, Plaintiffs have not given notice of the subpoena to other parties.  *See* Fed. R. Civ. P. 45(a)(4).

## D.     Unreasonable Time

Mr. Ramsey was served with Plaintiffs' subpoena approximately twenty-four hours before the time of compliance—the time for him to appear prepared to testify at hearing, with the litany of items listed in the subpoena: "all warrants, affidavits, witness statements, videos, photos, and police reports that relate to the actions mentioned in your August 31, 2018 affidavit" and ("all correspondence between you *or your office* and any law enforcement people [sic] relating to the actions mentioned in your August 31, 2018 affidavit" (Exhibit A; emphasis added)).  The scope of the subpoena includes materials from the case files from four criminal matters (*see* Id.).  Further, as discussed below, the subpoena seeks production of privileged information, which would require Mr. Ramsey to identify and create a privilege log for protected materials.  Additionally, Bexar County Information Technology cannot process a request for electronic correspondence between the District Attorney's office "and any law enforcement people [sic] relating to the actions mentioned in your August 31, 2018 affidavit" in a 24-hour period.  Thus, the subpoena does not permit a reasonable time for compliance and must be quashed.

## E.     Undue Burden

### 1.     Improper use of subpoena duces tecum

Plaintiffs' subpoena represents an improper attempt to secure production of documents through a hearing subpoena.  "Parties are permitted to issue trial subpoena duces tecum to

another party but only for the purposes of securing materials for memory refreshment, trial preparation, or to ensure the availability at trial of original records previously disclosed in discovery." Hatcher v. Precoat Metals, 271 F.R.D. 674, 675 (N.D.Ala. 2010). Plaintiffs' subpoena is really an attempt at securing discovery because the materials requested go far beyond the scope of materials envisioned in *Hatcher*. The subpoena should be quashed.

> 2.    Excessive Scope of Materials Sought and Burden of Production

The burden to Mr. Ramsey to comply with the subpoena and gather all of the materials requested far exceeds any value of production to the issuing parties. As is clear from Mr. Ramsey's affidavit, he is not the day-to-day prosecutor assigned to manage the criminal prosecutions of any of the plaintiffs in this lawsuit except for one: James Springer (*see* Exhibit A). His affidavit was prepared as an attachment to the City of Leon Valley's response (Docket no. 30) to the temporary restraining order entered in the lawsuit on August 20, 2018 (Docket no. 22), in support of Leon Valley's invocation of the *Younger* Doctrine. Yet, the subpoena seeks to compel him to bring "all warrants, affidavits, witness statements, videos, photos, and police reports that relate to the actions mentioned in your August 31, 2018 affidavit," which includes materials with which he is not familiar (Exhibit A). Further, the subpoena is unduly burdensome because it requires him to research and compile other attorneys' communications ("all correspondence between you *or your office* and any law enforcement people [sic] relating to the actions mentioned in your August 31, 2018 affidavit" (Exhibit A; emphasis added)). For these reasons, the subpoena should be quashed.

> F.    *Assertion of Attorney-Client and Work Product Privilege*

The information requested includes correspondence between Mr. Ramsey and law enforcement personnel that constitutes attorney-client communication and therefore is privileged

and not subject to disclosure: ("all correspondence between you *or your office* and any law enforcement people [sic] relating to the actions mentioned in your August 31, 2018 affidavit" (emphasis added)).

Active district attorney files are exempt from discovery, as are closed files. *Holmes v. Morales,* 924 S.W.2d 920, 924-25 (Tex. 1966). Additionally, no basis for withholding the information is required. It is sufficient that the district attorney's office assert the privilege without more. *Id.*

Accordingly, the subpoena seeks testimony regarding work product. *See* Govt. Code § 552.103; § 552.108; § 552.111. The work product privilege protects an attorney's (and their employees) mental impressions, opinions, conclusions, legal theories and strategies prepared in anticipation of litigation or for trial. *Owens-Corning Fiberglass Corp. v. Caldwell*, 818 S.W.2d 749, 750 (Tex. 1991). The Texas Supreme Court has exempted from discovery the <u>entire</u> file of a prosecuting attorney based on the work product privilege. *The State of Texas ex rel. Tim Curry v. The Honorable Jeff Walker*, 873 S.W.2d 379,380 (Tex. 1994, orig. proceeding). The Court stated that "an attorney's litigation file goes to the heart of the privileged work area guaranteed by the work product exemption." *Id.* (*citing National Union Fire Insurance Co. v. Valdez*, 863 S.W.2d 458, 460 (Tex. 1993, orig. proceeding)). The organization of the file, as well as the decision as to what to include in it, necessarily reveals the attorney's thought processes concerning the prosecution or defense of the case. In a criminal case involving a District Attorney's file, the privilege "extends to all of the DA's Office's work in connection with the criminal proceeding". *In Re Bexar County Criminal District Attorney's Office*, 224 S.W. 3d 182, 187 (Tex. 2007). That means the privilege extends to the entire litigation file, not only to documents which, considered individually, are work product. *The State of Texas ex rel. Tim*

5

*Curry v. The Honorable Jeff Walker*, 873 S.W.2d 379, 380 (Tex. 1994, orig. proceeding). (*See also Owens-Corning Fiberglass v. Caldwell*, 818 S.W.2d 749, 750-51 (Tex. 1991)(work product rule shelters mental processes of attorney); *Wiley v. Williams*, 769 S.W.2d 715, 717 (Tex. App. - Austin 1989, orig. proceeding [leave denied])(discussing work product doctrine generally)). The work product privilege is applicable to litigation files in criminal as well as civil litigation. As the United States Supreme Court explained in *United States v. Nobles*, 422 U.S. 225, 95 S.Ct.2160, 45 L.Ed.2d 141 (1975):

> Although the work product doctrine most frequently is asserted as a bar to discovery in civil litigation, its role in assuring the proper functioning of the criminal justice system is even more vital. The interest of society and the accused in obtaining a fair and accurate resolution of the question of guilt or innocence demand that adequate safeguards assure the thorough preparation and presentation of each side of the case.

*Id.* at 238, 95 S.Ct. 2160.

G.      *Assertion of Law Enforcement Privilege*

The testimony and information sought by plaintiffs pertains to ongoing criminal investigations, and the testimony and release of information would be prejudicial to the investigation. In *Hobson v. Moore,* the Texas Supreme Court recognized an independent law-enforcement privilege in civil litigation for information that pertains to an ongoing criminal investigation. 734 S.W.2d 340 (Tex. 1987).

The need for confidentiality in law enforcement activities is recognized in statutory law. The *Hobson* Court found:

> Section 3(a)(8) of the Texas Open Records Act, TEX. REV. CIV. STAT. ANN. ART. 6252-17a, exempts from disclosure: records of law enforcement agencies and prosecutors that deal with the detection, investigation and prosecution of crime and the internal records and notations of such law enforcement agencies and prosecutors which are maintained for internal use in matters relating to law enforcement and prosecution. ***We recognize this privilege in civil litigation for law enforcement investigation.***

*Id.* at 340-341, *citing Houston Chronicle Pub. Co. v. City of Houston,* 531 S.W.2d 177 (Tex. Civ. App.--Houston [14th Dist.], writ ref'd n.r.e. per curiam) 536 S.W.2d 559, 19 Tex. Sup. Ct. J. 300 (Tex. 1976))" (emphasis added). Accordingly, the testimony and information sought is privileged from civil discovery.

III.    Conclusion

WHEREFORE, PREMISES CONSIDERED, Bexar County Criminal District Attorney's Office prays that the Court sustain the foregoing objections, quash the subpoena, issue a protective order, relieve it and Brandon Ramsey of any duty to comply with the subpoena, and provide it and him with all other relief to which it is justly entitled at law or in equity. BCCDA further requests that the Court's Order prevent any attempt to compel testimony by deposition or otherwise from Bexar County employees with knowledge of the case concerning the information sought.

> Respectfully submitted,
> NICHOLAS "NICO" LAHOOD
> Bexar County Criminal District Attorney
>
> By:   /s/ Robert W. Piatt III
> Robert W. Piatt III
> Bar No. 24041692
> Kristin K. Bloodworth
> Bar No. 24095848
> Assistant District Attorneys, Civil Division
> 101 W. Nueva, 7th Floor
> San Antonio, Texas 78205
> Telephone:  (210) 335-3920
> Facsimile:   (210) 335-2773
> *Attorney for the Bexar County Criminal District Attorney's Office and Brandon Ramsey*

## CERTIFICATE OF CONFERENCE

Counsel for BCCDA left a voicemail message with counsel for the Plaintiffs with regard on Oct 3, 2018. mp

to the aforementioned subpoena in this matter but the message was not returned.

/s/ Robert W. Piatt III

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument has been served upon the following individuals either by electronic service through the Court's e-filing system or by electronic mail. on Oct 3, 2018. mp

Solomon M. Radner
Excolo Law, PLLC
sradner@excololaw.com
Attorney for Plaintiffs

Brandon J. Grable
Grable Law Firm
bgrable@grablelawfirm.com
Attorney for Plaintiffs

Charles Straith Frigerio
Hector Xavier Saenz
Law Offices of Charles S. Frigerio
Frigeriolaw1995@sbcglobal.net
Attorney for Defendants Chief Joseph Salvaggio,
Lieutenant John Doe Anderson, Officer John Doe
Vasquez, Corporal C. Mandry, Detective Jim
Wells, Officer L. Farias, Officer John Doe Evans,
And Officer John Doe Hernandez

Adolfo Ruiz
Denton Navarro Rocha Bernal & Zech
Adolfo.ruiz@rampage-sa.com
Attorney for The City of Leon Valley, Texas

Patrick Charles Bernal
Denton Navarro Rocha Bernal & Zech
patrick.bernal@rampage-sa.com
Attorney for The City of Leon Valley, Texas

/s/ Robert W. Piatt III

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Western District of Texas  ▾

| | |
|---|---|
| Zinter, et al | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  18-cv-00680 |
| Salvaggio, et al | ) |
| _Defendant_ | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:     ASSISTANT CRIMINAL DISTRICT ATTORNEY BRANDON RAMSEY

_(Name of person to whom this subpoena is directed)_

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| | |
|---|---|
| Place: John H. Wood, Jr. United States Courthouse, 655 E. Cesar Chavez Boulevard, San Antonio, Texas, 78206 | Courtroom No.: Courtroom A on 4th Floor |
| | Date and Time: 10/04/2018 9:31 am |

You must also bring with you the following documents, electronically stored information, or objects _(leave blank if not applicable)_: 1. ALL WARRANTS, AFFIDAVITS, WITNESS STATEMENTS, VIDEOS, PHOTOS, AND POLICE REPORTS THAT RELATE TO THE ACTIONS MENTIONED IN YOUR AUGUST 31, 2018 AFFIDAVIT.

2. ALL CORRESPONDENCE BETWEEN YOU OR YOUR OFFICE AND ANY LAW ENFORCEMENT PEOPLE RELATING TO THE ACTIONS MENTIONED IN YOUR AUGUST 31, 2018 AFFIDAVIT.
- affidavit attached for reference-

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     09/27/2018

| CLERK OF COURT | | |
|---|---|---|
| | OR | _Attorney's signature_ |
| _Signature of Clerk or Deputy Clerk_ | | |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_     **Plaintiffs**
, who issues or requests this subpoena, are:

Solomon Radner, EXCOLO LAW PLLC, 26700 Lasher Road, Suite 400, Southfield, MI 48033. 248-291-9719.

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUSSELL ZINTER *ET AL.* | § § § | |
| *Plaintiffs,* | § § | 5-18-CV-00680-FB-RBF |
| vs. | § § § | |
| CHIEF JOSEPH SALVAGGIO *ET AL.* | § § | |
| *Defendants.* | § § § § § | |

### ORDER

Before the Court is Plaintiffs' Motion for Preliminary Injunction. *See* Dkt. No. 46. This case was assigned to the undersigned for disposition of all pre-trial matters, including any requests for injunctive relief, pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 42. **IT IS ORDERED THAT** that the Motion, Dkt. No. 46, is set for a hearing at **9:30 am on October 4, 2018** in Courtroom A on the 4th Floor of the John H. Wood, Jr. United States Courthouse, 655 E. Cesar Chavez Boulevard, San Antonio, Texas, 78206.

**IT IS SO ORDERED.**

SIGNED this 19th day of September, 2018.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE

| | |
|---|---|
| **THE STATE OF TEXAS** | § |
| | § |
| **COUNTY OF BEXAR** | § |

BEFORE ME, the undersigned authority in and for the State and County aforesaid, on this day personally appeared Brandon Ramsey, who being by my duly sworn upon his oath deposes and says:

I am Brandon Ramsey and I am over the age of 18 and capable of making this affidavit. I am employed by the Bexar County District Attorney's office as an Assistant Criminal District Attorney. I am currently assigned to the 227th Judicial District Court, Bexar County, Texas, and am the second chair prosecutor handling cause 2018CR7461 in the 227th Judicial District Court of Bexar County, Texas. The alleged offense date in said cause is June 23rd, 2018. That case involves an allegation of Retaliation under Texas Penal Code §36.06 being committed by James Allen Springer against a public servant and it is an ongoing state judicial proceeding. Said offense is a third degree felony punishable by up to ten years confinement in the Texas Department of Criminal Justice Institutional Division. I am also aware of additional potential criminal offenses that are being investigated that are related to above referenced case(s).

Additionally, several persons were identified during the investigation phase of the above listed cause number to include Brain Howd, James A. Mead, Joseph Pierce, and Jonathan Green. Detectives with the Leon Valley Police Department subsequently presented search warrants with regards to property seized from these individuals and James Springer. Search warrants were also presented regarding several youtube.com accounts including accounts believed to be associated with James Springer, Jonathan Green, and Joseph Pierce. It is my understanding that youtube.com is owned by Google. These search warrants were reviewed and signed by Texas District Court Judge Jefferson Moore of the 187th District Court of Bexar County, Texas.

I have also been able to review a case which has been filed with the Bexar County District Attorney's Office with regards to Jack Miller. That case is filed under cause 2018CR8725 in the 186th District Court of Bexar County, Texas. That case alleges a violation of Possessing a Weapon in a Prohibited Place under §46.03 of the Texas Penal Code alleged to have been committed on May 31st, 2018. Said offense is a third degree felony punishable by up to ten years in the Texas Department of Criminal Justice Institutional Division. After reviewing the file it appears that a Detective from Leon Valley applied for and was granted an arrest warrant and search warrant for Jack Miller. It also appears that a search warrant was subsequently presented by Detective Alex King of the Leon Valley Police Department to Judge Alcala, who approved said warrant. That warrant authorized the search of several electronic items belonging to Jack Miller.

I have also reviewed causes 577193 and 577195 which have both been filed in Bexar County Court at Law number 12 against Mark Brown. These cases relate to allegations of resisting arrest and interference with public duties of a public servant alleged to have been committed on June 14th, 2018. Both charges are misdemeanors under the laws of

the State of Texas. After reviewing these cases it appears that items were seized from Mark Brown. Based on my review it does not appear that any search warrants have been applied for with regards to said items at this time.

I have also reviewed cause 577789 which has been filed in Bexar County Court at Law number 4 against David Bailey. This cause relates to an allegation of Obstruction of a Passageway alleged to have been committed by David Bailey on June 18th, 2018. Based on my review of the file for the listed cause number, it appears that officers came in to contact with several individuals including Juan Gonzales Jr., James Mead, Russel Zitner, James Springer, Joseph Pierce, and David Bailey. During the officers interactions with these individuals it appears that they seized property from James Mead, Russel Zitner, and James Springer. Based on my review it does not appear that any search warrants have been applied for with regards to said items at this time.

I have reviewed a Temporary Restraining Order issued by the Hon. Fred Biery, United States District Judge for the Western District of Texas, in Civil Action No. SA-18-CA-680-FB. The order was signed on August 20, 2018.   That order enjoins certain named law enforcement officials from "searching, examining, or in any other way, viewing the contents or files on any of the devices seized by the defendants on the dates to which plaintiffs refer in their complaint". The order also enjoins the officials "from taking any actions in furtherance of their attempt to uncover, view, or examine any Google information of any of the plaintiffs" and Google "from producing any records about any plaintiffs to any of the defendants that in any way relate to the allegations that are the subject of this litigation."

It is my belief that the trial court's order, by preventing the named law enforcement officials from completing their investigations, is interfering with the Bexar County District Attorney's Office ability to investigate and prosecute the above referenced cases.

Branden Ramsey

Sworn and subscribed before me, this 31st day of August, A.D., 2018.

MARGARET PEREZ
Notary Public, State of Texas
Comm. Expires 03-15-2021
Notary ID 6549238

Notary Public in and for the State of Texas
My commission expires: _3-15-21_

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISRICT OF TEXAS

| | | |
|---|---|---|
| ZINTER, et al, | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION NO.:** |
| vs. | ) | |
| | ) | |
| SALVAGGIO, et al, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER ON NON-PARTY BEXAR COUNTY CRIMINAL DISTRICT ATTORNEY'S OFFICE'S MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER

Before the Court is Non-Party Bexar County Criminal District Attorney's Office's ("BCCDA") motion to quash subpoena duces tecum and for a protective order.

On October 3, 2018, BCCDA was served with a subpoena issued by Plaintiffs' counsel in the above-styled civil matter to Assistant District Attorney Brandon Ramsey in regards to a hearing set for the next day, October 4, 2018. The same day it was served, BCCDA filed its motion to quash subpoena and for protective order under Federal Rule of Civil Procedure Rule 45(d)(3)(iii).

The Court has reviewed BCCDA's motion and finds that it is **GRANTED**. BCCDA is not required to produce responsive documents to Defendant's subpoena served upon it on October 3, 2018 or to produce Assistant District Attorney Brandon Ramsey to testify.

Signed this _____ day of _____, 2018.

_____
RICHARD B. FARRER
UNITED STATES DISTRICT JUDGE