IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUSSELL ZINTER, *ET AL.* | § § § | |
| *Plaintiffs*, | § § | 5-18-CV-00680-FB-RBF |
| vs. | § § § | |
| CHIEF JOSEPH SALVAGGIO, *ET AL.* | § § § | |
| *Defendants*. | § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

Before the Court is Plaintiffs' Motion for Preliminary Injunction. *See* Dkt. No. 46. This case was assigned to the undersigned for disposition of all pre-trial matters, including any requests for injunctive relief, pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 42. The Court has federal question jurisdiction over this § 1983 case involving claims asserting various violations of the Fourth Amendment, *see* 28 U.S.C. § 1331, and the undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

On October 4, 2018, the undersigned held a hearing to address Plaintiffs' Motion for Preliminary Injunction, and all parties appeared through counsel of record. After considering the evidence presented and arguments of counsel, the undersigned recommends that Plaintiffs' Motion, Dkt. No. 46, be **DENIED**. Plaintiffs have failed to establish that a preliminary injunction is warranted at this time.

1

**Brief Background**

The factual and procedural background of this matter are addressed in some detail in a previous order and report and recommendation addressing Plaintiffs' unavailing efforts to extend a temporary restraining order and their procedurally inappropriate request for a preliminary injunction. *See* Dkt. Nos. 44-45. By and through their current motion, Plaintiffs "seek an order preliminarily enjoining the [D]efendants from searching the electronic devices or any electronic accounts of the people present for the protests which form the basis of this action." Dkt. No. 46 at 1.

**Analysis**

The familiar preliminary injunction standard applies to Plaintiffs' request. To obtain the requested injunctive relief, Plaintiffs must "clearly carry the burden of persuasion" on each of the following four requirements, as set forth in *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974): (1) a substantial likelihood of success on the merits; (2) a substantial threat that irreparable injury will result if the injunction is not granted; (3) the threatened injury outweighs any harm that may result from the injunction issued against the Defendants; and (4) granting the preliminary injunction will not disserve the public interest. *See Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985); *see also Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 371 (5th Cir. 2008). "A preliminary injunction is an 'extraordinary remedy' and should only be granted if the [P]laintiffs have clearly carried the burden of persuasion on all four requirements." *Nichols*, 532 F.3d at 372; *see also Black Fire Fighters Ass'n v. City of Dall.*, 905 F.2d 63, 65 (5th Cir. 1990) ("The denial of a preliminary injunction will be upheld where the movant has failed sufficiently to establish *any one* of the four

criteria.") (emphasis in original). Given the absence of evidence sufficiently establishing these four factors, as detailed below, the undersigned recommends that Plaintiffs' motion be denied.

*Factor 1: Substantial Likelihood of Success on the Merits*. Based on the argument and evidence presented, Plaintiffs have failed to establish a likelihood of success on the merits sufficient to warrant the requested preliminary injunction. To make such a showing, a movant must present a prima facie case, but need not prove entitlement to summary judgment. *See Daniels Health Sciences, L.L.C. v. Vascular Health Sciences, L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013).[1] Courts look to the standards of substantive law when determining whether this requirement has been met. *Mississippi Power*, 760 F.2d at 622.

In arguing that Plaintiffs' claims are unlikely to succeed on the merits, Defendants primarily invoke *Younger* abstention, as they did previously in this case when opposing Plaintiffs' efforts to extend the temporary restraining order. As one district court has noted, "a federal action requesting an injunction, whether preliminary or permanent, that falls *squarely* within the *Younger* abstention doctrine has no likelihood of success on the merits." *Alexander v. Estrada*, No. 3:17-CV-1917-B-BN, 2017 WL 7052200, at *2 (N.D. Tex. Jul. 21, 2017) (quotations and brackets omitted, emphasis added); *see also Wilson v. Thompson*, 593 F.2d 1375, 1384-85 (5th Cir. 1979). Defendants essentially urge that because criminal proceedings are ongoing against some—but not all—of Plaintiffs, *Younger* mandates there is no likelihood that *any* Plaintiff will succeed on the merits. As the undersigned explained when Defendants previously made a similar argument, this particular *Younger* argument involves complications the parties have not yet adequately addressed, or even recognized. Defendants have not—in other

---

[1] *See also Janvey v. Alguire*, 647 F.3d 585, 596 (5th Cir. 2011) (citing Charles Alan Wright, Arthur R. Miller, *et al*., 11A FEDERAL PRACTICE & PROCEDURE § 2948.3 (2d ed. 1995) ("All courts agree that plaintiff must present a prima facie case but need not show that he is certain to win."))

words—demonstrated that this *entire action* could fall squarely within the *Younger* abstention doctrine, which is a key premise of their argument.

Three conditions must be met for *Younger* abstention to apply: (1) the federal proceeding would interfere with an "ongoing state judicial proceeding"; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has "an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). "If this test is met, then a federal court may only enjoin a pending state criminal court proceeding if certain narrowly delimited exceptions to the abstention doctrine apply." *Texas Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004). "Specifically, courts may disregard the *Younger* doctrine when: (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it, or (3) application of the doctrine was waived." *Id.* (quotations omitted).

Defendants introduced credible evidence at the hearing reflecting that state criminal proceedings have been initiated and are ongoing against Plaintiffs Bailey, Brown, Springer, Miller, Green, and Howd,[2] and demonstrating that issuing the requested injunctive relief would interfere with those proceedings. *See* Salvaggio Testimony & Exs. B-D to Dkt. No. 48. The authorities undoubtedly have an important interest in prosecuting criminal offenses, and there is

---

[2] Although charges against Green and Howd were apparently dismissed at one point, Chief Salvaggio explained in his testimony at the hearing that these charges have since been re-filed. *See Middlesex*, 457 U.S. at 436-37 ("[W]here state criminal proceedings are begun against the federal plaintiffs after the federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court, the principles of *Younger v. Harris* should apply in full force.") (quotations omitted).

no reason to believe that these underlying criminal proceedings will not afford these specific criminally charged Plaintiffs an adequate opportunity to raise their constitutional challenges. *See Butler v. Alabama Judicial Inquiry Comm'n*, 245 F.3d 1257, 1262 (11th. Cir. 2001) ("[Plaintiffs] bear[] the burden to establish that the state procedures are *inadequate*. 'Minimal respect for the state processes, of course, precludes any *presumption* that the state courts will not safeguard federal constitutional rights.'") (citations omitted, quoting *Middlesex*, 457 U.S. at 431, emphasis in original). Accordingly, *Younger* abstention would foreclose awarding the injunctive relief sought by Plaintiffs Bailey, Brown, Springer, Miller, Green, and Howd, assuming for argument's sake that Defendants had invoked *Younger* limited to those claims. But even so, there would still remain unaddressed the requests for injunctive relief by the remaining Plaintiffs—*i.e.*, those who do not currently have any criminal proceedings pending against them.

At this time it does not appear that a sufficient basis is presented to apply *Younger* abstention to the claims of those Plaintiffs against whom there are no ongoing criminal proceedings. Defendants admit that no criminal proceedings are ongoing against Plaintiffs Zinter, Mead, Pierce, Egan[3], and Gonzales. According to Defendants, however, these Plaintiffs are under further investigation, and the Leon Valley Police Department has requested that criminal charges be filed against several other Plaintiffs. Nonetheless, it is unclear whether these "requests" will yield charges actually being filed. Defendants do not meaningfully argue that a criminal investigation is equivalent for purposes of *Younger* to an ongoing criminal proceeding, and the case law suggests to the contrary.[4]

---

[3] It appears that none of Egan's electronic devices were seized. Plaintiffs' requested injunctive relief therefore would not implicate him.

[4] *See, e.g., United States v. South Carolina*, 720 F.3d 518, 527 (4th Cir. 2013) ("*Younger* does *not* bar the granting of federal injunctive relief when a state criminal prosecution is expected and imminent. We have also drawn a distinction between the commencement of 'formal enforcement

Defendants also have failed to adequately explain how state criminal proceedings initiated against some Plaintiffs would provide every Plaintiff—including those not subject to any current prosecution or party to any ongoing proceeding—an adequate opportunity to raise constitutional challenges *before* an alleged constitutional violation is suffered. Likewise, there is no convincing argument from Defendants that some kind of *post hoc* remedy in state or federal court would be sufficient under *Younger* to safeguard or vindicate these Plaintiffs' rights.

In short, there remain a number of unaddressed issues in connection with Defendants' broad invocation of *Younger*. Indeed, it appears that *Younger* abstention would be better framed here through a Rule 12(b)(1) motion, or some similar procedure, with more robust briefing and developed argument from all involved. *See M.D. v. Perry*, 799 F. Supp. 2d 712, 715 (S.D. Tex. 2011).

But Plaintiffs' efforts to entirely sidestep *Younger* are also unconvincing. There are no specific facts or other evidence in the record sufficient to show that Defendants initiated the underlying state criminal prosecutions (against some but not all of Plaintiffs) to retaliate against Plaintiffs (even in part) or deter them from engaging in protected First Amendment activity.[5]

---

proceedings,' at which point *Younger* applies, versus the period of time when there is only a 'threat of enforcement,' when *Younger* does not apply.") (citations omitted and emphasis in original); *Guillemard–Ginorio v. Contreras–Gomez*, 585 F.3d 508, 519 (1st Cir. 2009) (finding that "requiring the commencement of 'formal enforcement proceedings' before abstention is required, better comports with the Supreme Court's decisions in *Younger* and its progeny, in which an indictment or other formal charge had already been filed against the parties seeking relief at the time the federal action was brought").

[5] *See Wilson*, 593 F.2d at 1387 (explaining the appropriate test for determining whether to enjoin a criminal prosecution allegedly brought in retaliation for or to deter the exercise of constitutionally protected rights); *Collins v. Kendall County, Ill.*, 807 F.2d 95, 98 (7th Cir. 1986) ("A plaintiff asserting bad faith prosecution as an exception to *Younger* abstention must allege specific facts to support an inference of bad faith. The *Younger* rule . . . requires more than a mere allegation and more than a 'conclusory' finding to bring a case within the harassment exception.") (quotations omitted); *Morris v. Robinson*, No. A-16-CV-1000-LY-ML, 2017 WL 4510593, at *5 (W.D. Tex. Jun. 5, 2017), *report and recommendation adopted*, 2017 WL

And Plaintiffs' argument, raised for the first time at the hearing, that *Younger* abstention is inappropriate due to an "extraordinary circumstance" is also unavailing. According to this argument, the alleged overbreadth of the warrants at issue and types of devices to be searched necessarily makes *Younger* abstention inappropriate. While this case certainly presents an unusual set of facts, the undersigned is not convinced that sufficiently extraordinary circumstances are presented to warrant adopting Plaintiffs' argument against abstention.[6]

But even assuming that some Plaintiffs avoid *Younger* here, no Plaintiff has, at this time, established a significant likelihood of imposing municipal liability against the City of Leon Valley or overcoming the individual Defendants' claims of qualified immunity. This undermines Plaintiffs' request for a preliminary injunction. *See Church v. City of Huntsville*, 30 F.3d 1332, 1347 (11th Cir. 1994) (reversing district court's preliminary injunction where plaintiffs failed to establish the existence of a municipal policy or a pervasive practice that could serve as a predicate to municipal liability under Section 1983); *Bonnell v. Lorenzo*, 241 F.3d 800, 824 (6th Cir. 2001) (plaintiffs fail to show likelihood of success on merits if qualified immunity likely applies). First, there is *no evidence* of an unlawful policy that was the moving force behind the alleged constitutional violations. Indeed, the evidence in the record cuts the other way. Putting aside whether the actions by Chief Salvaggio could give rise to an official policy by the City of

---

4506812 (W.D. Tex. Jul. 11, 2017), *aff'd*, 710 Fed. App'x 238 (5th Cir. 2018) (refusing to impute bad faith to defendants for "taking actions within their legal authority without factual allegations to support such an inference" and explaining that "barebones allegations of malicious intent, without factual support, are not sufficient to invoke the bad faith exception to *Younger* abstention").

[6] *See Moore v. Sims*, 442 U.S. 415, 433 (1979) (recognizing that although "[t]he very nature of 'extraordinary circumstances,' of course, makes it impossible to anticipate and define every situation that might create a sufficient threat of such great, immediate, and irreparable injury as to warrant intervention in state criminal proceedings . . . whatever else is required, such circumstances must be 'extraordinary' in the sense of creating an extraordinarily pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation") (quotations omitted).

Leon Valley—yet another significant issue not meaningfully addressed by Plaintiffs[7]—Chief Salvaggio credibly testified that he specifically instructed his officers not to interfere with Plaintiffs' protests, to the extent at all possible. Plaintiffs at best offer innuendo and speculation on this topic. Plaintiffs have failed to bring forth evidence and marshal a coherent argument to demonstrate a likelihood of succeeding on the merits on a claim for municipal liability.

With respect to the likelihood of success for Plaintiffs' claims against the individual officer Defendants, Plaintiffs appear to argue that qualified immunity cannot apply in the face of the allegedly overbroad warrants at issue. But, as the Supreme Court has noted, "[w]here the alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner or, as we have sometimes put it, in 'objective good faith.'" *Messerschmidt v. Millender*, 565 U.S. 535, 546-48 (2012) (quoting *United States v. Leon*, 468 U.S. 897, 922-923 (1984)). The shield of immunity could be lost when an officer knowingly deceives a judge in order to secure a warrant, *see Hampton v. Oktibbeha County Sheriff Dep't*, 480 F.3d 358, 364 (5th Cir. 2007), or where "'it is obvious that no reasonably competent officer would have concluded that a warrant should issue,'" *Messerschmidt*, 565 U.S. at 547 (quoting *Malley v. Briggs*, 475 U.S. 335, 341, 345 (1986)). For example, an officer is not entitled to qualified immunity where the warrant is "'based on an affidavit so lacking in indicia of probable

---

[7] *Compare Dorward v. Ramirez*, No. 09–cv–0018–D, 2009 WL 2777880, *5 (N.D. Tex. Aug. 28, 2009) (holding plaintiff had not adequately pled that police chief was a policymaker and noting, "[i]t is not reasonable to infer based solely on Chief Seller's status as Chief of Police that he has been delegated final policymaking authority with respect to enforcement of the City's ordinances, including the determination of enforcement goals, strategies, and actions to obtain compliance with the nuisance laws") *with Flanagan v. City of Dallas, Tex.*, 48 F. Supp. 3d 941, 951 (N.D. Tex. 2014) (plaintiffs sufficiently pled municipal liability where they averred that the chief of police was the City's final policymaker and that the Dallas City Councilman recently confirmed that the City Council had delegated policy-making authority for police officer training to the chief).

cause as to render official belief in its existence entirely unreasonable.'" *Id.* (quoting *Leon*, 468 U.S. at 923).

Plaintiffs have made no meaningful evidentiary showing that the individual officers knowingly deceived a judge to secure any warrant or that the warrants here so lack indicia of probable cause as to render official belief in the existence of probable cause entirely unreasonable. Plaintiffs have introduced only four warrants that have been issued—one of which appears to request a search of audio and digital recordings and images related to the protests. *See* Pls. Hearing Ex. B. Another warrant, while arguably overbroad on its face, is supported by a probable cause affidavit that appears to address only messages and comments on YouTube accounts associated with the person who posted Chief Salvaggio's address. These would be directly relevant to Springer's charged offense of Obstruction or Retaliation in violation of Texas Penal Code § 36.06. *See* Pls. Hearing Ex. A.[8] To be clear, the warrants themselves could have been drafted more narrowly to authorize a search with greater particularity, such as by including a date restriction. But there is no evidence that the affiants deceived the state judge to secure the

---

[8] The probable cause affidavit also expresses the affiant's intent that Google conduct its search in the least intrusive manner possible:

> By nature, Google being a Website Internet Company, it is realized that many other individuals, organizations, businesses, and other entities utilize this company's services and have no association with the subject investigation. These other unnamed individuals, organizations, businesses, and other entities may have various amounts of information maintained in various forms with Google Inc. with a reasonable expectation of privacy. It is Affiant's intent that the search conducted at Google Inc. to be as least intrusive as possible to complete this search as it relates to the above listed user name(s) and email address associated with the described offense only. Further, it is the intent to use whatever means or methodology on hand to conduct this search with limited or no interruption of the service provided to these other unnamed individuals. It is for these reasons that Affiant requests that Google Inc. locate and isolate the above-named information on their servers and make a copy of such information in a readable format to provide to Affiant for review as part of this investigation

*Id.* at 4.

warrants or that the warrants so lack indicia of probable cause so as to render reliance on them objectively unreasonable. Accordingly, the fact that the individual Defendants may have requested an overbroad search warrant likely will not, on its own, subject them to individual liability. *See Messerschmidt*, 565 U.S. at 546-48; *see also Hunter v. Bryant*, 502 U.S. 224, 229 (1991) ("The qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'") (quoting *Malley*, 475 U.S. at 341, 343).

For these reasons, Plaintiffs likely have failed to establish a sufficient likelihood of success on the merits.

*Factor 2: Threat of Irreparable Injury*. Although the undersigned previously indicated to Plaintiffs that evidence on this issue of a substantial threat of irreparable injury ought to be introduced, Plaintiffs have elected to introduce no specific evidence to address this issue. *See* Dkt. No. 44 ("Indeed, while the undersigned is certainly sympathetic to Plaintiffs' argument that a search of a personal cell phone or other similar electronic media could result in irreparable harm to a given individual, they have produced no *evidence* sufficient to support any such conclusion here.") (emphasis in original) (citing *Digital Generation, Inc. v. Boring*, 869 F. Supp. 2d 761, 777-78 (N.D. Tex. 2012) (denying preliminary injunction where movant failed to adduce any evidence demonstrating irreparable harm and explaining that "[w]hile evidentiary standards at the preliminary injunction stage are less formal . . . and the court . . . may issue a preliminary injunction without the presentation of evidence, it can do so only when the facts are not disputed")).

Plaintiffs apparently argue that the threat of *any* unauthorized search of *any* cell phone or camera necessarily causes a substantial threat of irreparable injury sufficient to warrant

injunctive relief. But one could easily imagine a situation where one or more of the cell phones seized here does not contain much or any personal or confidential information. Similarly, the cameras seized might (or might not) only contain footage of the protests giving rise to this suit. It does not impose a heavy burden to request that a movant seeking a preliminary injunction as intrusive and broad as the one sought here articulate, with a supporting evidentiary showing, how and why the injunction is necessary to prevent a specific injury to a specific plaintiff. Plaintiffs, however, have failed to provide any such explanation or any evidence, such as an affidavit or testimony, on this issue.[9]

Ultimately, while there is no evidence in the record to support a finding for Plaintiffs on the second *Callaway* criteria, the undersigned need not rely on this shortcoming to support a recommendation against injunctive relief. Plaintiffs fail to carry their burden on all of the factors, as would be required to secure an injunction.

*Factors 3 and 4: Weighing the Threatened Injury Against Any Hardship and Whether the Injunction Would Disserve the Public Interest.* Ultimately, the undersigned's decision is most significantly informed in this unusual case by the final two *Callaway* factors. Chief Salvaggio provided extensive credible testimony that the requested preliminary injunction would thwart the City of Leon Valley's ongoing criminal investigations of the individual Plaintiffs. He further provided credible allegations connecting the Plaintiffs with an overarching pattern of extremely

---

[9] *See* Charles Alan Wright, Arthur R. Miller *et al*., 11A FEDERAL PRACTICE AND PROCEDURE § 2949 (3d. ed. 2018) ("Evidence that goes beyond the unverified allegations of the pleadings and motion papers must be presented to support or oppose a motion for a preliminary injunction."); *Collins v. Bank of Am.*, No. 3:11-CV-01120-P, 2012 WL 13027435, at *11 (N.D. Tex. Dec. 19, 2012) ("As TROs and preliminary injunctions are extraordinary remedies, Plaintiffs must support their request for relief with something beyond bare accusations and elemental recitations."); *Digital Generation*, 869 F. Supp. 2d at 777 ("the court is limited to the record before it and cannot grant a preliminary injunction based on assumptions not supported by the evidence").

disruptive group conduct that includes potentially violent, criminal conduct. The public has a strong interest in ensuring state law enforcement investigations of this type are unimpeded. *See, e.g., In re Grand Jury Subpoena*, 866 F.3d 231, 234 (5th Cir. 2017); *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962). Given the circumstances presented by this case, including the parties' (on both sides) repeated efforts to treat all Plaintiffs as a unitary group, the threatened injuries to Plaintiffs (about which the Court has no specific evidence) do not outweigh the hardship a preliminary injunction would cause Defendants. For similar reasons, granting the requested relief would disserve the public interest.

## Conclusion

Because Plaintiffs have failed to carry their burden, the undersigned recommends that Plaintiffs' Motion for Preliminary Injunction, Dkt. No. 46, be **DENIED**.

Notwithstanding the foregoing, nothing in this Report and Recommendation should be seen as a ruling on the merits of Plaintiffs' § 1983 claims at this early stage.[10]

## Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be

---

[10] Chief Salvaggio's credible testimony and the questioning by Plaintiffs' counsel at the hearing, however, have heightened the undersigned's concerns that this civil case threatens to inappropriately impede ongoing criminal investigations and prosecutions. Accordingly, even if *Younger* abstention does not squarely apply here, the circumstances presented nonetheless reflect that a stay of this civil proceeding pending resolution of ongoing criminal matters may be appropriate. *See, e.g., In re Grand Jury Subpoena*, 866 F.3d at 234; *Campbell*, 307 F.2d at 487; *Billiot v. Beavers*, No. CIV.A. 12-2946, 2015 WL 4397108, at *3 (E.D. La. Jul. 13, 2015). To the extent Defendants believe a stay is appropriate, they should file the appropriate motion supported by applicable authority and analysis.

filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

 **IT IS SO ORDERED**.

 SIGNED this 19th day of October, 2018.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE