**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **RUSSELL ZINTER; ET AL.** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. SA-18-CA-680-FB** |
| | § | |
| **CHIEF JOSEPH SALVAGGIO; ET AL.** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS' ADVISORY TO THE COURT

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to the November 19, 2018 Magistrate's Order **[Dkt. 66]**, Defendants submit their advisory to the Court to contend the case should remained stayed, because named Plaintiffs have criminal charges and/or investigations still pending and unresolved.

## STATUS OF PLAINTIFFS' CRIMINAL CHARGES

**James Springer:**

Mr. Springer has the following active criminal cases/investigations:

1.     Interference with Duties of a Public Servant, #2018-03942. Pre-trial Conference and hearing set for June 4, 2019. See attached **Exhibit B-1.**[1]

2.     Retaliation, Cause No. 2018-CR-7461. Trial date set for June 17, 2019. **Exhibit B-2.**   As previously discussed in Defendant, City's Response to Plaintiffs' Motion for Preliminary injunction **[Dkt. 52, p. 16]**, Springer filed a Motion to Stay Execution of and to Quash the Search Warrant issued to Google Inc. ("Google") in this criminal proceeding requesting the state

---

[1] Defendants request the Court to take judicial notice of attached Exhibits B-1 through B-3 and B-5 through B-11, as public records.

**Exhibit B**

district criminal court to enjoin the Leon Valley Police Department, Bexar County District Attorney's Office, and other State and Federal Agencies from obtaining <u>any</u> evidence seized or may be seized in <u>connection</u> with his state case, pursuant to the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution; Article 1 Section 9 of the Texas Constitution; and under Article 38.23 of the Texas Code of Criminal Procedure. The request was broad to include, *"Any evidence seized or may be seized in connection with this case was or may be seized without warrant, probable cause or other lawful authority in violation of the rights of JAMES SPRINGER".* **Exhibit B-3 (p. 2).** Such a request was so broad that Google refused to produce any YouTube account holder information to anyone, to include other persons under investigation, until the resolution of Springer's Motion to Quash.   A hearing on Springer's motion was held on May 8, 2019, and was denied. **Exhibit B-3 (Order p. 12).**

3.      Other stalled similar criminal investigations are now active because evidence can now be acquired from Google in order to proceed with the prosecution of Springer and four other Plaintiffs, as persons of interest. See affidavit of City of Leon Valley Police Chief Salvaggio's Affidavit attached hereto as **Exhibit B-4.** The late determination of Springer's Motion to Quash caused delayed with ongoing criminal investigations or prosecutions of at least half or a majority of the Plaintiffs, which Defendants request this Court to consider in its determination of continuing the stay of this case.

**<u>David Bailey</u>:**

4.      Obstruction of Passageway/Roadway, #2018-03942. Jury trial is set for <u>June 3, 2019</u>. **Exhibit B-5.**

**<u>Brian Howd</u>:**

5.      Interference with Duties of Public Servant, #2018-04036. Jury trial is set for<u> May 20,</u>

2019. **Exhibit B-6.**

6.       Resisting Arrest, #2018-04036. Jury trial set for <u>May 20, 2019</u>.  **Exhibit B-7.**

**Jack Miller:**

7.       Disorderly Conduct, Criminal Trespass, and Interference with Duties of a Public Servant, Possession of Weapon-Prohibited Places, #2018-03491. Pretrial Conference, hearing and trial setting for <u>June 21, 2019</u>. **Exhibits B-8, B-9, B-10** and **B-11.**

**Joseph Brandon Pierce:**

8.       Interference with Duties of Public Servant, #2018-04036.

## CONCLUSION

9.       As evidence demonstrated by the Exhibits attached hereto, five (5) Plaintiffs are involved in criminal proceedings, with others involved as persons of interest in pending criminal investigations. This represents the majority or a close majority of the total eleven (11) Plaintiffs which are involved in active state criminal proceedings and investigations. In addition, at least six (6) matters are pending disposition in May and June 2019.  As the Supreme Court held in *Younger v. Harris* that, when a party in federal court is simultaneously defending a state criminal prosecution, federal courts "should not act to restrain [the state] criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. 37, 43–44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).  Defendants' refer to the Individual Defendants' and Defendant City's Responses to Plaintiffs' Motion for Preliminary Injunction in support of their contention that the instant civil proceeding under 42 U.S.C. §1983 should remain stayed until the criminal proceedings have been concluded. **[Dkt. 33]; [Dkt. 49 ¶¶ 32, 33, 34, 35, and 36].**

Respectfully submitted,

DENTON NAVARRO ROCHA BERNAL & ZECH
A Professional Corporation
2517 North Main Avenue
San Antonio, Texas 78212
Telephone:     (210) 227-3243
Facsimile:      (210) 225-4481
patrick.bernal@rampage-sa.com
adolfo.ruiz@rampage-sa.com

By:  _____
PATRICK C. BERNAL
State Bar No. 02208750
ADOLFO RUIZ
State Bar No. 17385600
COUNSEL FOR DEFENDANT CITY

LAW OFFICES OF CHARLES S. FRIGERIO PC
Riverview Towers
111 Soledad, Ste. 840
San Antonio, Texas 78205
Telephone:     (210) 271-7877
Facsimile:      (210) 271-0602
csfrigeriolaw@sbcglobal.net

By:  */s/ Charles S. Frigerio*
Charles S. Frigerio
State Bar No. 07477500
Hector Saenz
State Bar No. 17514850
COUNSEL FOR INDIVIDUAL DEFENDANTS



COUNTY CLERK & DISTRICT CLERK
COURT RECORDS SEARCH

---

## Case #603209

**Mag Case Number**:

**Name**: JAMES ALAN SPRINGER

**SID**: 1103396

**Judicial Number**: 1857241

**Case Status Date**: 6/4/2019

**Case Status**: AWTG
HEARING

**Court** : CC8

**Location** : BND

**Fine Amount** :  0.00

**Court Costs** : 0.00

**Sentence** : 0000000000

**Disposition Date** : N/A

**Disposition Status** :

**Offense Date** : 6/18/2018

**Offense Description** : INTERFERE W/DUTIES PUB SERVANT

**Judgment Date** : N/A

**Judgment** :

**Attorney Name** :

> !
> **Bond(s) exist for this case - Click here to view.** (/Bond/BondSummary?bp=CC603209&r=79dbbbb9-5c78-48db-98f2-d36ef9c0e56d&cs=603209

**Exhibit
B-1**

## Case Events

*Currently viewing all 52 records*

| Date | Description |
|------|-------------|
| 6/4/2019 | PRE-TRIAL CONFRNCE |
| 6/4/2019 | AWTG HEARING |
| 4/12/2019 | FILE RECD IN COURT CC8 |
| 4/10/2019 | CNTY COURT TRANSFR CC8 |
| 4/10/2019 | COURT TRNSFR ORDER |
| 3/25/2019 | PRE-TRIAL CONFRNCE |
| 3/25/2019 | AWTG HEARING |
| 3/23/2019 | FILE RECD IN COURT CC1 |
| 3/1/2019 | FILE RECD IN COURT CC1 |
| 2/28/2019 | PRE-TRIAL CONFRNCE |
| 2/28/2019 | AWTG HEARING |
| 1/22/2019 | ARRAIGNMENT SET |
| 1/4/2019 | CC RECEIVED BOND # 1810851 |
| 12/28/2018 | WARRANT RETURNED 1672576 |
| 12/28/2018 | FILE RECD IN COURT CC1 |
| 12/27/2018 | BOOKED B20186127401 |
| 12/27/2018 | WARRANT EXECUTED 1672576 |
| 12/27/2018 | DEF. MAGISTRATED |
| 12/27/2018 | BOND MADE 800.00 20 1810851 |
| 12/27/2018 | SID 0438294 B20186127401 1810851 |
| 12/27/2018 | REL'D ON BOND |
| 12/27/2018 | RELEASED FROM JAIL |
| 12/27/2018 | Offender record se nt to VINE1857241001 |
| 12/27/2018 | Charge record sent to VINE 1857241001 |
| 12/27/2018 | FILE RECD IN COURT CRCENTRAL |
| 12/27/2018 | ER2 RECV FROM DPS |
| 12/11/2018 | FILE RECD IN COURT CC1 |
| 12/10/2018 | COMPLAINT REC'D CF |
| 12/10/2018 | CNTY COURT ASSIGND CC1 603209 |
| 12/10/2018 | WARRANT ISSUED 0000000 |
| 12/10/2018 | COUNTY COURT FUG |
| 12/10/2018 | WARRANT RECEIVED 1672576 |
| 12/10/2018 | FILE SENT TO COURT CC1 |
| 12/7/2018 | PRES WALFR TO ADM |
| 12/7/2018 | ADM WALFR TO CF WARRANT |
| 12/7/2018 | BOND SET 800.00 0000000 |
| 12/6/2018 | WALFR REC'D ADM |
| 12/6/2018 | ADM WALFR TO PRES CC6 |
| 11/5/2018 | PRES WALFR TO ADM |
| 11/5/2018 | ADM WALFR TO DA'S REJECTED BY JUDGE |
| 11/5/2018 | PLEASE SEE JUDGE ABOUT PROBABLE CAUSE |
| 11/2/2018 | RECORD UNSEALED |
| 11/2/2018 | WALFR REC'D ADM |
| 11/2/2018 | ADM WALFR TO PRES CC2 |
| 10/23/2018 | AWTG FILING |
| 10/18/2018 | DSMD-FURTH INVEST |
| 10/18/2018 | CASE CLOSED |
| 7/10/2018 | REPORT FILED |
| 7/10/2018 | RECORD SEALED |
| 7/10/2018 | AWTG FILING |

| Date | Description |
|------|-------------|
| 6/18/2018 | MB 530009 INTERFER E W/DUTIES PUB SERVA |
| N/A | |



County Clerk & District Clerk
Court Records Search

# Case #2018CR7461

**Mag Case Number:**

**Name:** JAMES ALAN SPRINGER JR

**SID:** 1103396

**Judicial Number:** 1854291

**Case Status Date:** 6/17/2019

**Case Status:** AWTG TRIAL

**Court :** D227

**Location :** BND

**Fine Amount :** 0.00

**Court Costs :** 0.00

**Sentence :** 0000000000

**Disposition Date :** N/A

**Disposition Status :**

**Offense Date :** 6/23/2018

**Offense Description :** RETALIATION

**Judgment Date :** N/A

**Judgment :**

**Attorney Name :**

!
**Bond(s) exist for this case - Click here to view.** (/Bond/BondSummary?bp=DC2018CR7461&r=79dbbbb9-5c78-48db-98f2-d36ef9c0e56d&cs=2018cr7461&ct=&=&full=y...

**Exhibit
B-2**

# Case Events

*Currently viewing all 88 records*

| Date | Description |
| --- | --- |
| 6/17/2019 | TRIAL DATE SET |
| 6/17/2019 | AWTG TRIAL |
| 5/8/2019 | DC FILE REC IN CRT 227 |
| 5/7/2019 | REFERRED TO CLM TRO/MT STAY/QSH WRRT |
| 5/7/2019 | CASE HANDLD M.A.C. MTN FOR TEMPORARY |
| 5/7/2019 | HEARING HELD |
| 5/7/2019 | ORDER TO DENY V0000P0000 |
| 5/7/2019 | BY ORDERS OF JUDGE CARRUTHERS |
| 5/7/2019 | COURT REPORTER ROXIE PENA |
| 5/7/2019 | OUTTAKE DA 24077572 |
| 5/7/2019 | OUTTAKE DA 24074930 |
| 5/7/2019 | DC FILE FORWARD TO 227TH |
| 5/6/2019 | DC FILE FORWARD TO MAG COURT |
| 5/6/2019 | DC FILE REC IN CRT MAG CRT |
| 4/8/2019 | ATTY NOTICE FAXED FOR SETTING 06172019 |
| 4/8/2019 | ATTY NOTICE EMAIL FOR SETTING 06172019 |
| 3/28/2019 | CODEFENDANT 1110596 |
| 3/25/2019 | TRIAL DATE SET |
| 3/25/2019 | AWTG TRIAL |
| 2/28/2019 | ORD OF REFERRAL V1519P3058 |
| 2/19/2019 | EFILE ENVELOPE NBR 31270730 |
| 2/19/2019 | REQ TEMP RESTRAIN ORD MTN STAY AND QUA |
| 2/19/2019 | SH |
| 2/7/2019 | ORD QUASH WARRANT V1519P1354 |
| 1/29/2019 | ATTY NOTICE FAXED FOR SETTING 03252019 |
| 1/29/2019 | ATTY NOTICE EMAIL FOR SETTING 03252019 |
| 1/15/2019 | DC FILE REC IN CRT 227 |
| 1/14/2019 | DC FILE FORWARD TO 227TH |
| 1/10/2019 | REFERRED TO CLM PRETRIAL MOTIONS |
| 1/10/2019 | DC FILE FORWARD TO MAG COURT |
| 1/10/2019 | DC FILE REC IN CRT MAG COURT |
| 1/10/2019 | CASE HANDLD M.A.C. PRETRL MTNS HRD |
| 1/10/2019 | BY ORDERS OF JUDGE CARRUTHERS |
| 1/10/2019 | COURT REPORTER ROXIE PENA |
| 1/10/2019 | OUTTAKE DA 24027761 |
| 1/10/2019 | ORD WITHDRAWN V1518P1410 |
| 1/10/2019 | ORD PROD GRAND JRY V1518P1409(DENIED) |
| 12/12/2018 | EFILE ENVELOPE NBR 29675110 |
| 12/12/2018 | MT QUASH WRRNTS/SHOW CAUSE |
| 12/11/2018 | ORD OF REFERRAL V1502P3854 |
| 12/11/2018 | ORD OF REFERRAL V1502P3853 |
| 12/10/2018 | TRIAL DATE SET |
| 12/10/2018 | AWTG TRIAL |
| 12/5/2018 | EFILE ENVELOPE NBR 29510062 |
| 12/5/2018 | MTN PROD GRAND JRY TRANSCRIPT ART20.02D |
| 10/30/2018 | ATTY NOTICE FAXED FOR SETTING 12102018 |
| 10/30/2018 | ATTY NOTICE EMAIL FOR SETTING 12102018 |
| 10/29/2018 | TRIAL DATE SET |
| 10/29/2018 | AWTG TRIAL |
| 8/20/2018 | EFILE ENVELOPE NBR 26865805 |
| 8/20/2018 | 1ST AMD MT QUASH W ARRANT |
| 8/20/2018 | EFILE ENVELOPE NBR 26898792 |
| 8/20/2018 | SUPP 1ST AMD MTN T O QUASH |

| Date | Description |
|------|-------------|
| 8/17/2018 | EFILE ENVELOPE NBR 26852785 |
| 8/17/2018 | REQ TEMP REST ORD MTN STAY & QUASH |
| 8/17/2018 | EFILE ENVELOPE NBR 26861042 |
| 8/17/2018 | MT QUASH WARRANT |
| 8/16/2018 | PRE-HEARING RESET D227 |
| 8/15/2018 | ATTY NOTICE FAXED FOR SETTING 10292018 |
| 8/15/2018 | ATTY NOTICE EMAIL FOR SETTING 10292018 |
| 7/23/2018 | DC FILE FORWARD TO D227 |
| 7/23/2018 | DC FILE REC IN CRT 227TH |
| 7/20/2018 | ARRAIGNMENT SET |
| 7/20/2018 | AWTG TRIAL SETTING |
| 7/19/2018 | INDICTED BY GJ |
| 7/19/2018 | GRAND JURY REPORT V1485P0683 |
| 7/19/2018 | DIST COURT ASSIGND D227 2018CR7461 |
| 7/19/2018 | Offender record se nt to VINE1854291001 |
| 7/19/2018 | Charge record sent to VINE 1854291001 |
| 6/28/2018 | EFILE ENVELOPE NBR 25629163 |
| 6/28/2018 | LDC ATTORNEY HIRED 24096173 |
| 6/28/2018 | DC RECEIVED BOND 1781762 |
| 6/27/2018 | GJ NUMBER ASSIGNED GJ675052 |
| 6/27/2018 | CODEFENDANT 1103395 |
| 6/24/2018 | BOOKED B20183003701 |
| 6/24/2018 | BOND SET 5000.00 0000000 |
| 6/24/2018 | DEF. MAGISTRATED |
| 6/24/2018 | AWTG INDICTMENT |
| 6/24/2018 | BOND MADE 5000.00 1781762 |
| 6/24/2018 | SID 0438294 B20183003701 1781762 |
| 6/24/2018 | REL'D ON BOND |
| 6/24/2018 | Offender record se nt to VINE1854291001 |
| 6/24/2018 | Charge record sent to VINE 1854291001 |
| 6/24/2018 | RELEASED FROM JAIL |
| 6/24/2018 | Offender record se nt to VINE1854291001 |
| 6/23/2018 | F3 500430 RETALIAT ION |
| 6/23/2018 | COMPLAINT FILED NM 394250 |
| 6/23/2018 | ER2 RECV FROM DPS |

FILED
2/19/2019 12:00 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Audrey Arriola

## CAUSE NO. 2018-CR-7461

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V | § | 227TH JUDICIAL DISRICT |
| | § | |
| JAMES SPRINGER | § | BEXAR COUNTY, TEXAS |

## REQUEST FOR TEMPORARY RESTRAINING ORDER, MOTION TO STAY EXECUTION OF AND TO QUASH SEARCH WARRANT

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Defendant, **JAMES SPRINGER**, by and through Counsel, **Steven Gilmore**, and files this Request for Temporary Restraining Order, Motion to Stay execution, and Motion to Quash Search Warrant and shows the following:

### I.

On or about June 23, 2018, the Leon Valley Police Department arrested Defendant for the charge of Obstruction or Retaliation under Texas Penal Code § 36.03. Defendant was subsequently indicted for this offense on July 19, 2018. On August 7, 2018, a warrant was issued (No. 2018 W 0994) and sent to Google, Inc. ("Google") at 1600 Amphitheatre Parkway, Mountain View, CA 94043. That warrant was quashed by agreement on February 7, 2019. On February 13, 2019, the State applied for a subsequent search warrant (No. 2019 W 0209) based upon the same incident and underlying facts as the prior quashed warrant. The only substantive modification to the warrant is that the State has limited the date range for information to be gathered from Defendant's personal and private account to May 2, 2018 to June 30, 2018. This modified affidavit still fails to allege any unlawful conduct by Defendant sufficient to obtain and execute a search warrant on his account. Google has not yet complied with the search warrant and ask that

Exhibit
B-3

Defendant submit notice to Google of any objections Defendant has to the execution of the warrant.

## II.

JAMES SPRINGER requests the Court to be permanently enjoined from further execution of the search warrant and in support thereof would show the following:

1. The actions of the Leon Valley Police Department, the Bexar County District Attorney's Office and other State and Federal Agency's violated the constitutional and statutory rights of JAMES SPRINGER under the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, Article I, Section 9 of the Texas Constitution, and under Article 38.23 of the Texas Code of Criminal Procedure.

2. Any evidence seized or may be seized in connection with this case was or may be seized without warrant, probable cause or other lawful authority in violation of the rights of JAMES SPRINGER pursuant to the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, Article I, Sections 9, 10 and 19 of the Constitution of the State of Texas.

3. JAMES SPRINGER specifically shows that the search warrant at issue in this case, under which said evidence was seized or may be seized, was in violation of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, Article 1, Sections 9, 10 and 19 of the Constitution of the State of Texas and under Article 38.23 of the Texas Code of Criminal Procedure, for the following reasons:

   a. It appears to counsel that the affidavit upon which the search warrant was based was improperly and illegally executed because of the extensive breath

and scope of the search warrant on its face. Specifically, the probable cause affidavit explains that it was the "Livestream viewers" that posted the "residence address and personal information of the Leon Valley Chief of Police and his family members." The investigative and prosecuting authorities in this cause, therefore, have probable cause to execute this search on those livestream viewers—whose account names are in fact known to the investigative and prosecuting authorities—but no probable to execute this search on Defendant, **JAMES SPRINGER**. The breadth and scope of the search warrant extends into and invades the privacy of the account of Defendant and other innocent livestream viewers, when authorities have the less invasive option of searching the specific accounts known to them to have committed the act of posting the residence address described in the affidavit. This less invasive option is also the only option lawfully permissible by statute and the Constitutions of Texas and United States.

b.  It appears to counsel, based on the breadth and scope, of the warrant that the warrant was illegally issued because the affidavit did not show probable cause sufficient to justify the issuance of the search warrant, because the magistrate who issued the search warrant did not have a substantial basis for concluding that probable cause existed, i.e., that the alleged contraband/ evidence would be found in a particular place, and thus did not meet the totality of the circumstances analysis adopted in *Illinois v. Gates*, 462 U.S. 213 (1983). The investigative and prosecuting authorities in this cause, therefore, have probable cause to execute this search on those livestream

viewers—whose account names are in fact known to the investigative and prosecuting authorities—but no probable to execute this search on Defendant, **JAMES SPRINGER**. In short it is logically impossible the affidavit could have contained probable cause to believe the enumerated information sought by this search warrant to be executed on the described associated account contained the evidence particularly described in the search warrant.

c.  The search and seizure was illegal in that the search warrant was facially deficient because the search warrant failed to specify the place to be searched. Specifically, the search warrant describes the account associated with screen name: "JAMES FREEMAN". However, none of the available discovery nor probable cause affidavit indicate that this account created the identifying information listed in the indictment. Rather, the discovery and probable cause affidavit attached to this warrant indicate that such information was posted by a third party, whose screen name(s) is/are identified and known to Leon Valley Police Department and the Bexar County District Attorney's Office. Moreover, execution of this search warrant would necessarily violate the privacy and constitutional protections against unlawful searches and seizures of innocent third parties who did violate any state or federal law in their participation as commenters and passive observers of the account to be searched. This is not unlike the execution of a search warrant on a multi-unit dwelling in that the searching authorities are aware of particularized identifying information regarding a particular user (analogue: apartment number), but are searching the entire account

(analogue: every apartment in the entire complex) of a third party not believed to have provided the offending information to begin with. Where a warrant describes a multi-unit dwelling, the description must contain sufficient guidelines to apprise the officers executing the warrant of the particular unit to be searched *Morales v. State*, 640 S.W. 2d 273 (Tex. Crim. App. 1982): *Jones v. State*, 914 S.W. 2d 675 (Tex. App.—Amarillo 1996, no pet). Further, the description of the property should be sufficient to enable the executing officer to locate and distinguish the property from others in the community. *Etchieson v. State*, 574 S.W. 2d 753 (Tex. Crim. App. 1978) The constitutional objectives of requiring a particular description of the place to be searched include the following: [1] ensuring that the officer searches the right place; [2] confirming that probable cause is, in fact, established for the place described in the warrant; [3] limiting the officer's discretion and narrowing the scope of his search; [4] minimizing the danger of mistakenly searching the person or property of an innocent bystander or property owner, and [5] informing the owner of the officer's authority to search that specific location. *Long v. State*, 132 S.W.3d 443 (Tex. Crim. App. 2004). In the present case the search warrant essentially authorized the search of an entire account or neighborhood showing allowing no privacy protection of the defendant, innocent bystanders, or their individual accounts.

### III. JURISDICTION AND AUTHORITY

This Honorable Court, as the court presiding over the indicted cause to which this search warrant is associated, has an obligation to ensure that the execution of any warrant

in said cause comports with both statutory and Constitutional proscriptions. For example, Art. 18.12 of the Texas Code of Criminal Procedure requires in mandatory terms that:

> **Art. 18.12. MAGISTRATE SHALL INVESTIGATE**
> The magistrate, upon the return of a search warrant *shall* proceed to try the questions arising upon same, and shall take testimony as in other examinations before him [or her]." Emphasis added.

While there has yet to be a "return" of the warrant, the Texas Code clearly authorizes and mandates that this Court has not just authority, but a mandatory duty to see that the warrant and its execution are carried out according to the law, as well as an obligation to "take testimony as in other examinations" in order to assure that same is accomplished.

Furthermore, Art. 18.13 of the Texas Code of Criminal procedure similarly mandates that "[i]f the magistrate is not satisfied, upon [such] investigation, that there was good ground for the issuance of the warrant, he shall discharge the defendant and order restitution of the property taken." *See: In re Cornyn,* 27 S.W.3d 327 (Tex. App.—Houston, 2000). As this case has been indicted, 22 Tex. Const. art. V, § 12(b) provides that the presentment of indictment or information vests a court with jurisdiction of all matters to be raised in that cause. *See* Shields v. State, 379 S.W.3d 368, 370 (Tex. App.—Waco 2012, no pet.) (citing *McBee v. State,* 981 S.W.2d 694, 697 (Tex. App.—Houston 1998, pet. ref'd) (attachment of jurisdiction in district court gives it power to determine all essential questions and do anything pertaining thereto that is authorized by Constitution, statute, or law)).

## IV. PARTICULARIZED PROBABLE CAUSE AND THE RELATIONSHIP OF FREE SPEECH

It is now settled that the fundamental protections of the Fourth Amendment are guaranteed by the Fourteenth Amendment against invasion by the States. *See, e.g., Wolf v.*

*People of State of Colorado*, 338 U.S. 25, 27 (1949); *Mapp v. Ohio*, 367 U.S. 643 (1961); *Ker v. California*, 374 U.S. 23 (1963); *Stanford v. State of Tex.*, 379 U.S. 476, 481 (1965). The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

This protection against unlawful searches is particularly implicated in situations where the evidence to be seized may constitute protected speech under the First Amendment to the U.S. Constitution. *See Zurcher v. Stanford Daily*, 436 U.S. 547, 564 (1978) ("Where the materials sought to be seized may be protected by the First Amendment, the requirements of the Fourth Amendment must be applied with 'scrupulous exactitude.'") (quoting *Stanford v. Texas*, 379 U.S. 476, 485 (1965)). The Supreme Court in Zurcher advised that, "[w]here presumptively protected materials are sought to be seized, the warrant requirement should be administered to leave as little as possible to the discretion or whim of the officer in the field." 436 U.S. at 564.

Under the Texas Constitution, art. 1 § 8, the protections for individual speech exceed those described in the U.S. Constitution. *See* James C. Harrington, *Free Speech, Press, and Assembly Liberties Under the Texas Bill of Rights*, 68 TEX. L. REV. 1435, 1450 (1990) (citing *Ex Parte Tucker*, 220 S.W. 75, 75 (Tex. 1920) ("Ex parte Tucker's language might seem to suggest that section 8 and first-amendment protections are coextensive, the decision [in *Ex Parte Tucker*] by overturning an injunction against speech 'which might be calculated to provoke or inspire a breach of the peace,' goes beyond federal law, bringing at least some 'fighting words' within its protective ambit.")).

Finally, Defendant's role as an independent investigative news reporter further

implicates First Amendment protections of speech. In this particular instance, the law enforcement and prosecuting authorities seek to access the entirety of Defendant's private Google account in order to get the IP addresses and credit card information (among other data) from every single person that has ever interacted with that account as a commenter or non-participatory observer. Texas Const. art. 1, § 8 provides that "... no law shall ever be passed curtailing the liberty of speech or of the press." In civil cases concerning whether reporters must reveal confidential sources of information, the Court of Appeals has interpreted this to mean that:

> "[O]nce the [art. 1, § 8] privilege is asserted, the party seeking disclosure of the reporter's investigative materials [...] must demonstrate that there is a compelling and overriding need for the information. At a minimum, the litigant must make a clear and specific showing in the trial court that the information sought is: (1) highly material and relevant; (2) necessary or critical to the maintenance of the claim; and (3) not obtainable from other available sources."

*Channel Two Television Co. v. Dickerson*, 725 S.W.2d 470, 472 (Tex. App.—Houston 1987).

Here, Defendant asserts his art. 1, § 8 privilege of free speech and free press to be protected from being complicit in revealing the person or persons who made the offending comments described in the probable cause affidavit. A small quantity of the information to be obtained may be material and relevant, but the overwhelming majority of the information sought will have absolutely nothing to do with the offense charged in this cause. None of the information sought in this manner would be necessary or critical to the maintenance of the claim because the comments at issue are already publicly available to the authorities in this cause, and copies of which are already in their possession. Lastly, the particular information sought in this warrant is obtainable from other available sources—law enforcement and the District Attorney's Office know the account names of the offending

commenters, and are capable and far more entitled to obtain account information from Google as to those particular accounts by search warrant, subpoena, or other means without violating the rights and constitutional protections of Defendant and other innocent third parties in this cause.

**WHEREFORE**, Defendant requests that the State of Texas through any of its agents be Temporarily Restrained from further execution of the search warrant, the court Stay further execution of the warrant, and that after notice and hearing the court permanently enjoin the State from further execution of the search warrant, and quash the warrant and take such further action as the court feels is appropriate.

Respectfully Submitted,

STEVEN GILMORE
STATE BAR I.D. NO. 24096173
110 W. Nueva
San Antonio, Texas 78204
Tel: 210-560-3603
Fax: 210-475-9447
Email: SGilmoreLaw@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of defendant's REQUEST FOR TEMPORARY RESTRAINING ORDER, MOTION TO STAY EXECUTION OF AND TO QUASH SEARCH WARRANT has been delivered to the Bexar County District Attorney's Office by e-service on the same day as filed.

STEVEN GILMORE

**CAUSE NO. 2018-CR-7461**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V | § | 227TH JUDICIAL DISRICT |
| | § | |
| JAMES SPRINGER | § | BEXAR COUNTY, TEXAS |

## ORDER

    On this day, came on to be considered Defendant's REQUEST FOR TEMPORARY RESTRAINING ORDER, MOTION TO STAY EXECUTION OF AND TO QUASH SEARCH WARRANT an offense and said Motion is hereby:

                **(GRANTED)**        **(DENIED).**

SIGNED on the ___ day of _____, 20__

                                        _____

                                        **JUDGE PRESIDING**

CAUSE NO. 2018-CR-7461

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V | § | 227TH JUDICIAL DISRICT |
| | § | |
| JAMES SPRINGER | § | BEXAR COUNTY, TEXAS |

## NOTICE OF SETTING

TO THE BEXAR COUNTY DISTRICT ATTORNEY'S OFFICE:

The Defendant in this case has filed a REQUEST FOR TEMPORARY RESTRAINING ORDER, MOTION TO STAY EXECUTION OF AND TO QUASH SEARCH WARRANT.   A hearing has been set at the date and time below and the above motion will be heard at that time, subject to the discretion of the Court.

PRETRIAL HEARING: _____ at ___ AM/PM

The scheduling of this hearing does not affect any other dates or deadlines already set by the Court.

_____
**JUDGE PRESIDING**

CAUSE NO. 2018-CR-7461

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V | § | 227TH JUDICIAL DISRICT |
| | § | |
| JAMES SPRINGER | § | BEXAR COUNTY, TEXAS |

## ORDER

On this day, came on to be considered Defendant's REQUEST FOR TEMPORARY

RESTRAINING ORDER, MOTION TO STAY EXECUTION OF AND TO QUASH SEARCH

WARRANT an offense and said Motion is hereby:

(GRANTED)        (DENIED).

SIGNED on the ___ day of _____ 20__

JUDGE PRESIDING

CAUSE NO. 2018-CR-7461

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| V | § | 227TH JUDICIAL DISRICT |
| | § | |
| JAMES SPRINGER | § | BEXAR COUNTY, TEXAS |

## NOTICE OF SETTING

TO THE BEXAR COUNTY DISTRICT ATTORNEY'S OFFICE:

The Defendant in this case has filed a REQUEST FOR TEMPORARY RESTRAINING ORDER, MOTION TO STAY EXECUTION OF AND TO QUASH SEARCH WARRANT. A hearing has been set at the date and time below and the above motion will be heard at that time, subject to the discretion of the Court.

PRETRIAL HEARING: _____ at ___ AM/PM

The scheduling of this hearing does not affect any other dates or deadlines already set by the Court.

_____

**JUDGE PRESIDING**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUSSELL ZINTER; ET AL. | § | |
| | § | |
|    Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL NO. SA-18-CA-680-FB |
| | § | |
| CHIEF JOSEPH SALVAGGIO; ET AL. | § | |
| | § | |
|    Defendants. | § | |

## AFFIDAVIT OF JOSEPH SALVAGGIO

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF BEXAR | § |

Before me, the undersigned notary, on this day personally appeared Joseph Salvaggio, a person whose identity is known to me.  After being by me duly cautioned to tell the truth, subject to the penalties for perjury, he did affirm and testify as follows:

"My name is Joseph Salvaggio.  I am over the age of eighteen (18) years, am of sound mind, and am fully capable of making this affidavit.  I am personally familiar with facts recited below, which are true and correct.

Currently, I hold the position of Chief of Police for the City of Leon Valley ("City") Police Department.  I have held the position of Chief of Police since September 15, 2016.  I have personal knowledge of the lawsuit referenced above filed against the City based upon the incidents occurring on June 14 and 23, 2018.

Plaintiff, James Springer's, has an ongoing criminal case in state criminal district court in Bexar County, for the charge of Retaliation for an incident which occurred on June 23, 2018.  In this criminal case, Springer has actively attempted to quash the search warrants to Google Inc., from the Leon Valley Police Department, and Bexar County District Attorney's Office, requesting YouTube account information of Springer and other YouTube account holders involved in similar activity.  However, on May 7, 2019 the judge denied Springer's Motion to Quash these warrants.

Exhibit
**B-4**

The delay in obtaining the court's denial of Springer's motion, also delayed our investigation, involving four other Plaintiffs as persons of interest, but now the Leon Valley Police Department is able to proceed and attempt to obtain the needed information from Google, Inc. and continue its active criminal investigations.

Further Affiant sayeth not.

_____
JOSEPH SALVAGGIO
POLICE CHIEF

SUBSCRIBED AND SWORN TO BEFORE ME on this 17th day of May 2019, to certify which witness my hand and official seal.

_____
NOTARY PUBLIC, STATE OF TEXAS



**COUNTY CLERK & DISTRICT CLERK**
**COURT RECORDS SEARCH**

## Case #577789

**Mag Case Number**: NM393554

**Name**: DAVID MICHAEL BAILEY

**SID**: 773576

**Judicial Number**: 1853290

**Case Status Date**: 6/3/2019

**Case Status**: AWTG TRIAL

**Court** : CC4

**Location** : BND

**Fine Amount** :  0.00

**Court Costs** :  0.00

**Sentence** : 0000000000

**Disposition Date** : N/A

**Disposition Status** :

**Offense Date** : 6/18/2018

**Offense Description** : OBSTRUCT PASSAGEWAY/ROADWAY/WA

**Judgment Date** : N/A

**Judgment** :

**Attorney Name** : SLIMANE, NATHAN W

> **!**
> **Bond(s) exist for this case - Click here to view.** (/Bond/BondSummary?bp=CC577789&r=79dbbbb9-5c78-48db-98f2-d36ef9c0e56d&cs=5777

**Exhibit**
**B-5**

# Case Events

*Currently viewing 1 through 20 of 00039 records*

| Date | Description |
| --- | --- |
| 6/3/2019 | RES JRY TR - AGR |
| 6/3/2019 | AWTG TRIAL |
| 4/1/2019 | SET JURY TRIAL |
| 4/1/2019 | AWTG DKT APPEARNCE |
| 3/27/2019 | DA INFO TO CCF |
| 3/27/2019 | COMPLAINT REC'D CF |
| 3/27/2019 | FILE SENT TO COURT CC4 |
| 3/27/2019 | FILE RECD IN COURT CC4 |
| 2/6/2019 | PRE-TRIAL CONFRNCE |
| 2/6/2019 | AWTG DKT APPEARNCE |
| 1/8/2019 | HEARING DATE SET |
| 1/8/2019 | AWTG DKT APPEARNCE |
| 1/7/2019 | EFILE ENVELOPE NBR 30173154 |
| 1/7/2019 | MF SPEEDY TRIAL |
| 11/14/2018 | HEARING DATE SET |
| 11/14/2018 | AWTG DKT APPEARNCE |
| 8/27/2018 | HEARING DATE SET |
| 8/27/2018 | AWTG DKT APPEARNCE |
| 7/23/2018 | HEARING DATE SET |
| 7/23/2018 | AWTG DKT APPEARNCE |



COUNTY CLERK & DISTRICT CLERK
COURT RECORDS SEARCH

## Case #603326

**Mag Case Number**:

**Name**: BRIAN HOWD

**SID**: 1103541

**Judicial Number**: 1860565

**Case Status Date**
: 5/20/2019

**Case Status**: AWTG TRIAL

**Court** : CC8

**Location** : BND

**Fine Amount** : 0.00

**Court Costs** : 0.00

**Sentence** : 0000000000

**Disposition Date** : N/A

**Disposition Status** :

**Offense Date** : 6/23/2018

**Offense Description** : INTERFERE W/DUTIES PUB SERVANT

**Judgment Date** : N/A

**Judgment** :

**Attorney Name** :

> !
> **Bond(s) exist for this case - Click here to view.** (/Bond/BondSummary?bp=CC603326&r=79dbbbb9-5c78-48db-98f2-d36ef9c0e56d&cs=603326

**Exhibit
B-6**

## Case Events

*Currently viewing all 49 records*

| Date | Description |
| --- | --- |
| 5/20/2019 | AWTG TRIAL |
| 5/20/2019 | JURY TRIAL RESET |
| 5/13/2019 | FILE RECD IN COURT CC8 |
| 5/10/2019 | CNTY COURT TRANSFR CC8 |
| 5/10/2019 | COURT TRNSFR ORDER |
| 3/25/2019 | JURY TRIAL RESET |
| 3/25/2019 | AWTG TRIAL |
| 3/11/2019 | SET JURY TRIAL |
| 3/11/2019 | AWTG TRIAL |
| 2/11/2019 | EFILE ENVELOPE NBR 31110633 |
| 2/11/2019 | MOTION TO DISCLOSE NAMES OF WI |
| 2/11/2019 | TNESSES |
| 1/22/2019 | ARRAIGNMENT SET |
| 1/4/2019 | CC RECEIVED BOND # 1810844 |
| 1/2/2019 | APPT OF ATTY FLD |
| 12/28/2018 | WARRANT RETURNED 1672704 |
| 12/27/2018 | BOOKED B20186127202 |
| 12/27/2018 | WARRANT EXECUTED 1672704 |
| 12/27/2018 | REL'D ON BOND |
| 12/27/2018 | DEF. MAGISTRATED |
| 12/27/2018 | BOND MADE 800.00 20 1810844 |
| 12/27/2018 | BRIAN HOWD_(330)57 34044 1810844 |
| 12/27/2018 | 5097 HOLLY 1810844 |
| 12/27/2018 | NORTON OH 44203 1810844 |
| 12/27/2018 | REL'D ON BOND |
| 12/27/2018 | RELEASED FROM JAIL |
| 12/27/2018 | Offender record se nt to VINE1860565001 |
| 12/27/2018 | Charge record sent to VINE 1860565001 |
| 12/27/2018 | DEF ATTORNEY APP 2409386000 |
| 12/27/2018 | ATTORNEY APPOINTED V0000P0000 |
| 12/27/2018 | FILE RECD IN COURT CC6 |
| 12/11/2018 | COMPLAINT REC'D CF |
| 12/11/2018 | CNTY COURT ASSIGND CC6 603326 |
| 12/11/2018 | AWTG DKT APPEARNCE |
| 12/11/2018 | WARRANT ISSUED 0000000 |
| 12/11/2018 | COUNTY COURT FUG |
| 12/11/2018 | WARRANT RECEIVED 1672704 |
| 12/11/2018 | FILE SENT TO COURT CC6 |
| 12/11/2018 | FILE RECD IN COURT CC6 |
| 12/7/2018 | PRES WALFR TO ADM |
| 12/7/2018 | ADM WALFR TO CF WARRANT |
| 12/7/2018 | BOND SET 800.00 0000000 |
| 12/6/2018 | RECORD UNSEALED |
| 12/6/2018 | WALFR REC'D ADM |
| 12/6/2018 | ADM WALFR TO PRES CC6 |
| 7/31/2018 | REPORT FILED |
| 7/31/2018 | RECORD SEALED |
| 7/31/2018 | AWTG FILING |
| 6/23/2018 | MB 530009 INTERFER E W/DUTIES PUB SERVA |



COUNTY CLERK & DISTRICT CLERK
COURT RECORDS SEARCH

## Case #603206

**Mag Case Number**:

**Name**: BRIAN HOWD

**SID**: 1103541

**Judicial Number**: 1860564

**Case Status Date**
: 5/20/2019

**Case Status**: AWTG TRIAL

**Court** : CC8

**Location** : BND

**Fine Amount** :  0.00

**Court Costs** : 0.00

**Sentence** : 0000000000

**Disposition Date** : N/A

**Disposition Status** :

**Offense Date** : 6/23/2018

**Offense Description** : RESIST ARR-SEARCH-TRANSPORTATI

**Judgment Date** : N/A

**Judgment** :

**Attorney Name** :

> !
> **Bond(s) exist for this case - Click here to view. (/Bond/BondSummary?bp=CC603206&r=79dbbbb9-5c78-48db-98f2-d36ef9c0e56d&cs=603206

**Exhibit
B-7**

## Case Events

*Currently viewing all 49 records*

| Date | Description |
| --- | --- |
| 5/20/2019 | JURY TRIAL RESET |
| 5/20/2019 | AWTG TRIAL |
| 5/13/2019 | FILE RECD IN COURT CC8 |
| 5/10/2019 | CNTY COURT TRANSFR CC8 |
| 5/10/2019 | COURT TRNSFR ORDER |
| 3/25/2019 | JURY TRIAL RESET |
| 3/25/2019 | AWTG TRIAL |
| 3/11/2019 | SET JURY TRIAL |
| 3/11/2019 | AWTG TRIAL |
| 2/11/2019 | EFILE ENVELOPE NBR 31110623 |
| 2/11/2019 | MOTION TO DISCLOSE NAMES OF WI |
| 2/11/2019 | TNESSES |
| 1/22/2019 | ARRAIGNMENT SET |
| 1/4/2019 | CC RECEIVED BOND # 1810842 |
| 1/2/2019 | APPT OF ATTY FLD |
| 12/28/2018 | WARRANT RETURNED 1672567 |
| 12/27/2018 | BOOKED B20186127201 |
| 12/27/2018 | WARRANT EXECUTED 1672567 |
| 12/27/2018 | DEF. MAGISTRATED |
| 12/27/2018 | BOND MADE 1600.00 20 1810842 |
| 12/27/2018 | BRIAN HOWD_(330)57 34044 1810842 |
| 12/27/2018 | 5097 HOLLY 1810842 |
| 12/27/2018 | NORTON OH 44203 1810842 |
| 12/27/2018 | REL'D ON BOND |
| 12/27/2018 | RELEASED FROM JAIL |
| 12/27/2018 | Offender record se nt to VINE1860564001 |
| 12/27/2018 | DEF ATTORNEY APP 24093860 |
| 12/27/2018 | ATTORNEY APPOINTED V0000P0000 |
| 12/27/2018 | FILE RECD IN COURT CRCENTRAL |
| 12/27/2018 | FILE RECD IN COURT CC6 |
| 12/27/2018 | ER2 RECV FROM DPS |
| 12/11/2018 | FILE RECD IN COURT CC6 |
| 12/10/2018 | COMPLAINT REC'D CF |
| 12/10/2018 | CNTY COURT ASSIGND CC6 603206 |
| 12/10/2018 | AWTG DKT APPEARNCE |
| 12/10/2018 | WARRANT ISSUED 0000000 |
| 12/10/2018 | COUNTY COURT FUG |
| 12/10/2018 | WARRANT RECEIVED 1672567 |
| 12/10/2018 | FILE SENT TO COURT CC6 |
| 12/7/2018 | PRES WALFR TO ADM |
| 12/7/2018 | ADM WALFR TO CF WARRANT |
| 12/7/2018 | BOND SET 1600.00 0000000 |
| 12/6/2018 | RECORD UNSEALED |
| 12/6/2018 | WALFR REC'D ADM |
| 12/6/2018 | ADM WALFR TO PRES CC6 |
| 7/31/2018 | REPORT FILED |
| 7/31/2018 | RECORD SEALED |
| 7/31/2018 | AWTG FILING |
| 6/23/2018 | MA 480105 RESIST A RR-SEARCH-TRANSPORTA |

Case 5:18-cv-00680-FB-RBF   Document 68-2   Filed 05/17/19   Page 33 of 43



# Case #566364

**Mag Case Number:**

**Name**: JACK EDWARD MILLER

**SID**: 553480

**Judicial Number**: 1833104

**Case Status Date**
: 6/21/2019

**Case Status**: AWTG
HEARING

**Court** : CC15

**Location** : BND

**Fine Amount** : 0.00

**Court Costs** : 0.00

**Sentence** : 0000000000

**Disposition Date** : N/A

**Disposition Status** :

**Offense Date** : 2/20/2018

**Offense Description** : DISORDER COND-DISCH/DISPLAY FI

**Judgment Date** : N/A

**Judgment** :

**Attorney Name** :

> !
> **Bond(s) exist for this case - Click here to view.** [/Bond/BondSummary?bp=CC566364&r=79dbbbb9-5c78-48db-98f2-d36ef9c0e56d&cs=566364

**Exhibit
B-8**

# Case Events

*Currently viewing all 41 records*

| Date | Description |
|------|-------------|
| 6/21/2019 | PRE-TRIAL CONFRNCE |
| 6/21/2019 | AWTG HEARING |
| 4/29/2019 | PRE-TRIAL CONFRNCE |
| 4/29/2019 | AWTG HEARING |
| 1/25/2019 | PRE-TRIAL CONFRNCE |
| 1/25/2019 | AWTG HEARING |
| 11/13/2018 | PRE-TRIAL CONFRNCE |
| 11/13/2018 | AWTG HEARING |
| 8/15/2018 | PRE-TRIAL CONFRNCE |
| 8/15/2018 | AWTG HEARING |
| 7/11/2018 | PRE-TRIAL CONFRNCE |
| 7/11/2018 | AWTG HEARING |
| 6/14/2018 | ARRAIGNMENT RESET |
| 6/14/2018 | AWTG DKT APPEARNCE |
| 6/14/2018 | ATTY ARRGN NTCE EM SENT 20180514 |
| 6/8/2018 | ARRAIGNMENT HELD |
| 6/8/2018 | ARRAIGNMENT |
| 4/6/2018 | LDC ATTORNEY HIRED 24067974 |
| 4/5/2018 | EFILE ENVELOPE NBR 23691544 |
| 3/19/2018 | CNTY COURT TRANSFR CC15 |
| 3/19/2018 | COURT TRNSFR ORDER |
| 3/16/2018 | APPT OF ATTY FLD |
| 3/14/2018 | ARRAIGNMENT SET |
| 3/14/2018 | DEF ATTORNEY APP 24071140 |
| 3/14/2018 | ATTORNEY APPOINTED V0000P0000 |
| 3/14/2018 | APPT- JUDGE REQST CELESTE BROWN |
| 2/28/2018 | CC RECEIVED BOND # 1761653 |
| 2/21/2018 | BOOKED B20180812302 |
| 2/21/2018 | BOND SET 2000.00 0000000 |
| 2/21/2018 | DEF. MAGISTRATED |
| 2/21/2018 | AWTG DKT APPEARNCE |
| 2/21/2018 | CNTY COURT ASSIGND CC8 566364 |
| 2/21/2018 | BOND MADE 2000.00 1761653 |
| 2/21/2018 | SID 0438078 B20180812302 1761653 |
| 2/21/2018 | REL'D ON BOND |
| 2/21/2018 | Offender record se nt to VINE1833104001 |
| 2/21/2018 | Charge record sent to VINE 1833104001 |
| 2/21/2018 | RELEASED FROM JAIL |
| 2/21/2018 | Offender record se nt to VINE1833104001 |
| 2/20/2018 | MB 531102 DISORDER COND-DISCH/DISPLAY |
| 2/20/2018 | COMPLAINT FILED NM 377805 |



**COUNTY CLERK & DISTRICT CLERK**
**COURT RECORDS SEARCH**

## Case #566363

**Mag Case Number**:

**Name**: JACK EDWARD MILLER

**SID**: 553480

**Judicial Number**: 1833103

**Case Status Date**
: 6/21/2019

**Case Status**: AWTG
HEARING

**Court** : CC15

**Location** : BND

**Fine Amount** :  0.00

**Court Costs** :  0.00

**Sentence** : 0000000000

**Disposition Date** : N/A

**Disposition Status** :

**Offense Date** : 2/20/2018

**Offense Description** : CRIM TRESPASS-BLDG/VEHICLE

**Judgment Date** : N/A

**Judgment** :

**Attorney Name** :

> !
> **Bond(s) exist for this case - Click here to view.** (/Bond/BondSummary?bp=CC566363&r=79dbbbb9-5c78-48db-98f2-d36ef9c0e56d&cs=566363

**Exhibit**
**B-9**

## Case Events

*Currently viewing all 54 records*

| Date | Description |
| --- | --- |
| 6/21/2019 | PRE-TRIAL CONFRNCE |
| 6/21/2019 | AWTG HEARING |
| 4/29/2019 | PRE-TRIAL CONFRNCE |
| 4/29/2019 | AWTG HEARING |
| 1/25/2019 | PRE-TRIAL CONFRNCE |
| 1/25/2019 | AWTG HEARING |
| 11/13/2018 | PRE-TRIAL CONFRNCE |
| 11/13/2018 | AWTG HEARING |
| 10/29/2018 | FILE RECD IN COURT CC15 |
| 10/26/2018 | FILE RECD IN COURT CRCENTRAL |
| 8/15/2018 | PRE-TRIAL CONFRNCE |
| 8/15/2018 | AWTG HEARING |
| 7/11/2018 | PRE-TRIAL CONFRNCE |
| 7/11/2018 | AWTG HEARING |
| 6/14/2018 | ARRAIGNMENT RESET |
| 6/14/2018 | AWTG DKT APPEARNCE |
| 6/14/2018 | ATTY ARRGN NTCE EM SENT 20180514 |
| 6/14/2018 | ATTY VOUCHER FLD 24071140 A.E. |
| 6/14/2018 | ATTY VOUCHER FRWD 75 |
| 6/8/2018 | ARRAIGNMENT HELD |
| 6/8/2018 | ARRAIGNMENT |
| 4/6/2018 | LDC ATTORNEY HIRED 24067974 |
| 4/6/2018 | LDC ATTORNEY HIRED 24067974 |
| 4/5/2018 | EFILE ENVELOPE NBR 23691486 |
| 3/21/2018 | FILE RECD IN COURT CC15 |
| 3/19/2018 | CNTY COURT TRANSFR CC15 |
| 3/19/2018 | COURT TRNSFR ORDER |
| 3/16/2018 | VA-IMPACT SENT AK |
| 3/16/2018 | APPT OF ATTY FLD |
| 3/14/2018 | ARRAIGNMENT SET |
| 3/14/2018 | AWTG DKT APPEARNCE |
| 3/14/2018 | DEF ATTORNEY APP 24071140 |
| 3/14/2018 | ATTORNEY APPOINTED V0000P0000 |
| 3/14/2018 | APPT- JUDGE REQST CELESTE BROWN |
| 3/9/2018 | FILE RECD IN COURT CC8 |
| 3/7/2018 | COMPLAINT REC'D CF |
| 3/7/2018 | FILE SENT TO COURT CC8 |
| 3/6/2018 | DA INFO TO CCF |
| 2/28/2018 | CC RECEIVED BOND # 1761652 |
| 2/21/2018 | BOOKED B20180812301 |
| 2/21/2018 | BOND SET 1000.00 0000000 |
| 2/21/2018 | DEF. MAGISTRATED |
| 2/21/2018 | AWTG DKT APPEARNCE |
| 2/21/2018 | CNTY COURT ASSIGND CC8 566363 |
| 2/21/2018 | BOND MADE 1000.00 1761652 |
| 2/21/2018 | SID 0438078 B20180812301 1761652 |
| 2/21/2018 | REL'D ON BOND |
| 2/21/2018 | Offender record se nt to VINE1833103001 |
| 2/21/2018 | Charge record sent to VINE 1833103001 |
| 2/21/2018 | RELEASED FROM JAIL |

| Date | Description |
|------|-------------|
| 2/21/2018 | Offender record se nt to VINE1833103001 |
| 2/20/2018 | MB 570703 CRIM TRE SPASS-BLDG/VEHICLE |
| 2/20/2018 | COMPLAINT FILED NM 377804 |
| 2/20/2018 | ER2 RECV FROM DPS |



**COUNTY CLERK & DISTRICT CLERK**
**COURT RECORDS SEARCH**

## Case #572819

**Mag Case Number:**

**Name**: JACK EDWARD MILLER

**SID**: 553480

**Judicial Number**: 1846639

**Case Status Date**
: 6/21/2019

**Case Status**: AWTG
HEARING

**Court** : CC15

**Location** : BND

**Fine Amount** : 0.00

**Court Costs** : 0.00

**Sentence** : 0000000000

**Disposition Date** : N/A

**Disposition Status** :

**Offense Date** : 4/28/2018

**Offense Description** : INTERFERE W/DUTIES PUB SERVANT

**Judgment Date** : N/A

**Judgment** :

**Attorney Name** :

> !
> **Bond(s) exist for this case - Click here to view.** (/Bond/BondSummary?bp=CC572819&r=79dbbbb9-5c78-48db-98f2-d36ef9c0e56d&cs=572819

**Exhibit B-10**

# Case Events

*Currently viewing all 40 records*

| Date | Description |
|---|---|
| 6/21/2019 | PRE-TRIAL CONFRNCE |
| 6/21/2019 | AWTG HEARING |
| 4/29/2019 | PRE-TRIAL CONFRNCE |
| 4/29/2019 | AWTG HEARING |
| 1/25/2019 | PRE-TRIAL CONFRNCE |
| 1/25/2019 | AWTG HEARING |
| 11/13/2018 | PRE-TRIAL CONFRNCE |
| 11/13/2018 | AWTG HEARING |
| 8/15/2018 | PRE-TRIAL CONFRNCE |
| 8/15/2018 | AWTG HEARING |
| 7/11/2018 | PRE-TRIAL CONFRNCE |
| 7/11/2018 | AWTG HEARING |
| 6/14/2018 | PRE-TRIAL CONFRNCE |
| 6/14/2018 | AWTG HEARING |
| 5/31/2018 | ARRAIGNMENT SET |
| 5/31/2018 | PRO SE 00000000 |
| 5/31/2018 | ARRAIGNMENT HELD |
| 5/31/2018 | ARRAIGNMENT |
| 5/31/2018 | EFILE ENVELOPE NBR 24966313 |
| 5/31/2018 | LDC ATTORNEY HIRED 24067974 |
| 5/17/2018 | CC RECEIVED BOND # 1774567 |
| 5/9/2018 | BOOKED B20182186601 |
| 5/9/2018 | PROPOSED BOND 800.00 0000000 |
| 5/9/2018 | WARRANT EXECUTED 1646431 |
| 5/9/2018 | AWTG DKT APPEARNCE |
| 5/9/2018 | CNTY COURT ASSIGND CC15 572819 |
| 5/9/2018 | BOND MADE 800.00 1774567 |
| 5/9/2018 | SID 0438078 B20182186601 1774567 |
| 5/9/2018 | REL'D ON BOND |
| 5/9/2018 | Offender record se nt to VINE1846639001 |
| 5/9/2018 | Charge record sent to VINE 1846639001 |
| 5/9/2018 | RELEASED FROM JAIL |
| 5/9/2018 | Offender record se nt to VINE1846639001 |
| 5/9/2018 | WARRANT RETURNED 1646431 |
| 5/9/2018 | ER2 RECV FROM DPS |
| 5/4/2018 | WARRANT ISSUED 0000000 |
| 5/4/2018 | MAG WARRANT |
| 5/4/2018 | WARRANT RECEIVED 1646431 |
| 4/28/2018 | MB 530009 INTERFER E W/DUTIES PUB SERVA |
| 4/28/2018 | COMPLAINT FILED CM 048637 |



**COUNTY CLERK & DISTRICT CLERK**
**COURT RECORDS SEARCH**

# Case #2018CR8725

**Mag Case Number**:

**Name**: JACK EDWARD MILLER

**SID**: 553480

**Judicial Number**: 1850226

**Case Status Date**: 6/21/2019

**Case Status**: AWTG TRIAL

**Court**: D186

**Location**: BND

**Fine Amount**: 0.00

**Court Costs**: 0.00

**Sentence**: 0000000000

**Disposition Date**: N/A

**Disposition Status**:

**Offense Date**: 5/31/2018

**Offense Description**: POSS WPN - PROHIBITED PLACES

**Judgment Date**: N/A

**Judgment**:

**Attorney Name**:

> !
> **Bond(s) exist for this case - Click here to view.** (/Bond/BondSummary?bp=DC2018CR8725&r=79dbbbb9-5c78-48db-98f2-d36ef9c0e56d&cs=2018cr8725&ct=&=&full=yₐ

Exhibit
**B-11**

# Case Events

*Currently viewing all 57 records*

| Date | Description |
| --- | --- |
| 6/21/2019 | TRIAL DATE SET |
| 6/21/2019 | AWTG TRIAL |
| 4/9/2019 | ATTY NOTICE FAXED FOR SETTING 06212019 |
| 4/9/2019 | BOND NOTICE FAXED FOR SETTING 06212019 |
| 4/9/2019 | ATTY NOTICE EMAIL FOR SETTING 06212019 |
| 4/5/2019 | TRIAL DATE SET |
| 4/5/2019 | AWTG TRIAL |
| 2/6/2019 | ATTY NOTICE FAXED FOR SETTING 04052019 |
| 2/6/2019 | BOND NOTICE FAXED FOR SETTING 04052019 |
| 2/6/2019 | ATTY NOTICE EMAIL FOR SETTING 04052019 |
| 1/25/2019 | TRIAL DATE SET |
| 1/25/2019 | AWTG TRIAL |
| 10/30/2018 | ATTY NOTICE FAXED FOR SETTING 01252019 |
| 10/30/2018 | BOND NOTICE FAXED FOR SETTING 01252019 |
| 10/30/2018 | ATTY NOTICE EMAIL FOR SETTING 01252019 |
| 10/26/2018 | TRIAL DATE SET |
| 10/26/2018 | AWTG TRIAL |
| 10/26/2018 | PRECEPT/INDICT SVD |
| 10/26/2018 | ORD M.M. COMPLIANC V1506P1513 |
| 8/29/2018 | ATTY NOTICE FAXED FOR SETTING 10262018 |
| 8/29/2018 | BOND NOTICE FAXED FOR SETTING 10262018 |
| 8/29/2018 | ATTY NOTICE EMAIL FOR SETTING 10262018 |
| 8/27/2018 | DC FILE FORWARD TO D186 |
| 8/27/2018 | DC FILE REC IN CRT D186 |
| 8/24/2018 | ARRAIGNMENT SET |
| 8/24/2018 | AWTG TRIAL SETTING |
| 8/20/2018 | INDICTED BY GJ |
| 8/20/2018 | GRAND JURY REPORT V1485P1466 |
| 8/20/2018 | DIST COURT ASSIGND D186 2018CR8725 |
| 8/20/2018 | Offender record se nt to VINE1850226001 |
| 8/20/2018 | Charge record sent to VINE 1850226001 |
| 8/15/2018 | PRE-HEARING RESET D186 |
| 7/11/2018 | PRE-HEARING SET D186 |
| 6/21/2018 | EFILE ENVELOPE NBR 25459714 |
| 6/21/2018 | LDC ATTORNEY HIRED 24067974 |
| 6/18/2018 | GJ NUMBER ASSIGNED GJ673996 |
| 6/8/2018 | DC RECEIVED BOND 1778134 |
| 6/1/2018 | CO DEFENDANT NUM DC2015CR4571 |
| 6/1/2018 | BOOKED B20182590601 |
| 6/1/2018 | BOND SET 10000.00 0000000 |
| 6/1/2018 | DEF. MAGISTRATED |
| 6/1/2018 | WARRANT EXECUTED 1649627 |
| 6/1/2018 | AWTG INDICTMENT |
| 6/1/2018 | Offender record se nt to VINE1850226001 |
| 6/1/2018 | Charge record sent to VINE 1850226001 |
| 6/1/2018 | WARRANT RETURNED 1649627 |
| 6/1/2018 | BOND MADE 10000.00 1778134 |
| 6/1/2018 | SID 0438078 B20182590601 1778134 |
| 6/1/2018 | REL'D ON BOND |
| 6/1/2018 | RELEASED FROM JAIL |
| 6/1/2018 | Offender record se nt to VINE1850226001 |
| 5/31/2018 | F3 520306 POSS WPN - PROHIBITED PLACES |
| 5/31/2018 | COMPLAINT FILED CM 049562 |

| Date | Description |
|------|-------------|
| 5/31/2018 | WARRANT ISSUED 0000000 |
| 5/31/2018 | PRE-INDICT FUG |
| 5/31/2018 | WARRANT RECEIVED 1649627 |
| 5/31/2018 | ER2 RECV FROM DPS |