UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RUSSELL ZINTER, JACK MILLER, BRIAN HOWD, JAMES A. MEAD, JOSEPH BRANDON PIERCE, MARK BROWN, DAVID BAILEY, JUAN GONZALES JR, KEVIN EGAN, JONATHON GREEN, JAMES SPRINGER, <br><br> Plaintiffs, <br><br> v. <br><br> CHIEF JOSEPH SALVAGGIO, LIEUTENANT JOHN DOE ANDERSON, OFFICER JANE DOE GOLDMAN, OFFICER JOHN DOE VASQUEZ, CORPORAL C MANDRY, SERGEANT JOHN DOE, DETECTIVE JIM WELLS, OFFICER L FARIAS, BADGE 534; OFFICER JOHN DOE EVANS, BADGE 556; OFFICER JOHN DOE HERNANDEZ, JOHN DOE TAZER 1, JOHN DOE TAZER 2, THE CITY OF LEON VALLEY, TEXAS, A POLITICAL SUBDIVISION OF THE STATE OF TEXAS; <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § <br><br> CIVIL NO. SA-18-CV-00680-JKP-RBF |

**REFERRAL ORDER**

On this date, the Court considered the status of this action. On August 21, 2019, this action was transferred to Judge Pulliam. This referral order shall clarify the scope of the referral of this action to the Magistrate Judge.

In accordance with the authority vested in the United States Magistrate Judge pursuant to Federal Rule of Civil Procedure 72, Appendix C of the Local Rules and 28 U.S.C. § 636(b), the instant action is hereby REFERRED to United States Magistrate Judge Richard B. Farrer for disposition of all non-dispositive pretrial matters.

**I. MATTERS REFERRED**

As it is appropriate to the current status of the referred action, this referral confers the following duties upon the Magistrate Judge, the parties, and their counsel:

(1) **Conferences and Conference Orders.** The Magistrate Judge may schedule and hold the initial pretrial conference prescribed by Federal Rule of Civil Procedure 16 and all subsequent conferences deemed necessary. The Magistrate Judge may issue orders dealing with the subjects of such conferences and any revisions to that order.

The Magistrate Judge will not typically conduct the final pretrial conference but may do so upon Judge Pulliam's request without the need for a separate order of reference. The Magistrate Judge may thereafter issue an order on any matter that is the subject of that conference.

(2) **Scheduling Orders.** The Magistrate Judge may issue a Scheduling Order and may extend or otherwise modify deadlines in the Scheduling Order.

(3) **Pretrial Motions.** The Magistrate Judge shall rule on all pretrial motions except any dispositive motion (as discussed further below), pursuant to authority granted in 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). Where the Magistrate Judge's authority to make rulings is limited by statute, the Magistrate Judge may rule on such matter upon the consent of all parties, pursuant to 28 U.S.C. § 636(c)(1).

(4) **Contempt Authority.** The Magistrate Judge may exercise the contempt authority granted by 28 U.S.C. § 636(e). The parties are reminded the Magistrate Judge has authority to enforce pretrial orders pursuant to Federal Rules of Civil Procedure 16 and 37.

Unless all parties consent to proceed to trial before the Magistrate Judge, the Magistrate Judge shall return the case to Judge Pulliam after ruling on all non-dispositive pretrial motions the Scheduling Order requires to be filed prior to the final pretrial conference. Upon return of this action, Judge Pulliam will set the final pretrial conference and trial date after ruling on any dispositive motions.

## II. MATTERS NOT REFERRED

This referral to the Magistrate Judge does not include the following:

(1) **Motions for Temporary Restraining Orders and Preliminary Injunctions.** Such motions filed pursuant to Federal Rule of Civil Procedure 65 shall be presented to Judge Pulliam for disposition unless the parties consent to hearing before, and ruling by, the Magistrate Judge. Should Judge Pulliam conclude referral to the Magistrate Judge is proper, Rule 65 motions shall be referred by separate order for hearing before the Magistrate Judge. This action shall remain referred to the Magistrate Judge for disposition of any other non-dispositive matter ending disposition of any Rule 65 motion.

(2) **Dispositive Motions.** Any dispositive motion shall remain with Judge Pulliam for disposition unless the parties consent to a ruling by the Magistrate Judge. Should Judge Pulliam deem a recommendation by the Magistrate Judge on a dispositive motion is warranted, the motion shall be referred by separate order. A dispositive motion for purposes of this Referral Order includes a

Motion to Dismiss, Motion for Judgment on the Pleadings, Motion for Summary Judgment, Motion to Remand, Motion for Injunctive Relief, Motion to Strike an Affirmative Defense, Rule 23 Motion for Class Certification, Motion for Attorneys' Fees Post-Judgment, and any other motion that would require a Report and Recommendation under 28 U.S.C. § 636(b) and the governing case law.

**(3) Settlement Agreements and Settlement Conference.** Should the parties finalize a settlement agreement, they must immediately file a joint advisory stating the parties reached a settlement. If any party desires a settlement conference or one is required by law, the advisory must request that a hearing be set. Upon the filing of a joint advisory, Judge Pulliam will set a settlement conference or will enter such orders appropriate to resolve the action.

### III. OBJECTIONS/APPEAL

Objections to or an appeal from any Magistrate Judge's order shall be made in compliance with 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Rule 4 of Appendix C to the Local Rules. Such objections or appeal shall be limited to issues first raised before the Magistrate Judge. Failure to bring any defect in any order to the attention of the Magistrate Judge shall be deemed a waiver of such issue. Any order to which an objection or appeal is filed remains in full force and effect during its consideration. Judge Pulliam will rule on any request to stay an order or to extend time to file an objection or appeal.

**It is so ORDERED.**
SIGNED and entered this 25th day of September 2019.

Jason K. Pulliam
United States District Judge