UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RUSSELL ZINTER; ET AL.** | § § § § § § § § § § | |
| **Plaintiffs,** | | |
| v. | | **CIVIL NO. SA-18-CA-680-FB** |
| **CHIEF JOSEPH SALVAGGIO; ET AL.** | | |
| **Defendants.** | | |

## JOINT ADVISORY WHETHER CASE SHOULD PROCEED OR REMAIN STAYED

TO THE HONORABLE JUDGE OF SAID COURT:

1. Pursuant to the February 5, 2020 Magistrate's Order **[Dkt. 75]**, the Court continued the stay of the instant case for an additional six (6) months. The Court also indicated that the parties should meaningfully confer while the case remained stayed, and at the conclusion of the six (6) months (August 5, 2020) file another joint advisory discussing their respective views on whether the case is ready to proceed or should remained stayed. The Court recommended that the advisory should describe in detail the steps the parties propose to take in moving the case forward.

## CONFERENCE OF THE PARTIES

2. Pursuant to the Magistrate's Order **[Dkt. 75],** on March 5, 2020 the parties met in person at defense counsel's office to confer. The parties created a list of items to discuss and upon consideration of the items, the parties were able to agree to some of the items, but remain opposed to others as follows:

    a. Defendants disagree with Plaintiffs' contention that the last pending criminal charge against Springer is in the process of being dismissed; Plaintiffs are of the belief that the

prosecutor indicated this charge against Mr. Springer case will be dismissed, but then Corona happened, and nothing has happened since then.

    b.    The parties agree that the criminal charges against Plaintiff Springer, as described in the Defendants' December 13, 2019 Advisory to the Court [Dkt. 72-2], are still pending as indicated below:

**James Springer:**

3.    Mr. Springer has the following pending active criminal cases/investigations:

    a.    Interference with Duties of a Public Servant, #603209. Offense Date 06/18/18. This matter is awaiting a trial setting. This case is currently in Bexar County District Attorney's Intake as of July 24, 2020. See attached **Exhibit A-1**.[1]

    b.    Retaliation, Cause No. 2018-CR-7461. Offense Date 06/23/18. Trial date was set for February 18, 2020, but the matter is currently at the Bexar County District Attorney's Intake as of July 24, 2020. There is no trial setting noted. See attached **Exhibit A-2**.

**Jack Miller:**

4.    The parties agree that the four pending, active criminal charges against Plaintiff Miller, (#2018-CR8725; #566363; #566364; and #572819) were closed on January 4, 2020. However, Miller has been charged with four new additional similar crimes, in the City of Olmos Park, Texas, which are still active criminal cases/investigations as follows:

    a.    Disorderly Conduct, #633089; Offense Date 02/06/20. City of Olmos Park, Texas. Hearing reset date 09/23/2020. See attached **Exhibit A-3.**

    b.    Obstruction of Passageway/Roadway, #633090; Offense Date 02/06/20. City of Olmos Park, Texas. Hearing reset date 09/23/20. See attached **Exhibit A-4.**

    c.    Assault of a Peace Officer, #556674; Offence Date 02/06/20. City of Olmos Park, Texas. The matter is currently at the Bexar County District Attorney's Intake as of May 14, 2020. There is no trial setting noted. See attached **Exhibit A-5**.

    d.    Resisting Arrest, #633088; Offense Date 02/06/20. City of Olmos Park, Texas. Hearing date reset to 09/23/20. See attached **Exhibit A-6**.

5.    Once the last pending criminal charges against Plaintiffs Springer and Miller are dismissed (assuming that Springer and Miller are the last Plaintiffs with pending criminal

---

[1] Defendants request the Court to take judicial notice of attached Exhibits A-1 through A-6, as public records.

charges), Plaintiffs will be allowed thirty (30) days to amend their Complaint to name additional plaintiffs and identify some additional defendants. Plaintiffs contend that the criminal charge against Mr. Miller has nothing to do with this lawsuit, since it was from an unrelated incident.

    a.    Once Plaintiffs amend their Complaint, Defendants will have as much time that is reasonably necessary to respond with a motion or an answer;

    b.    When a scheduling order is in place, after initial disclosures, twelve (12) months will be allowed to complete discovery;

    c.    The parties agree to move forward on the case by attempting to schedule depositions, in as much as can be accomplished, in one-week blocks;

    d.    The parties agree to the authenticity of videos used during discovery but will reserve any objections concerning the admissibility to portions of or the entire video, prior to trial;

    e.    The parties agree that the creators of the YouTube channels may be deposed regardless whether or not they are parties;

    f.    The parties disagree regarding Plaintiffs' request for production of the approximate two terabytes of data received from Google. Defendants contend that the data received was a result of a criminal subpoena to Google, and no information can be released until after the completion of criminal investigations resulting from the disclosure of the data received from Google; Plaintiffs' position is that this case has been stayed for enough years to pursue whatever criminal charges are going to be pursued, and it is improper to allow the defendants to continue making this self-serving and unsupported claim, especially in light of the fact that the only thing has been happening is that criminal charges are being dismissed, not filed;

    g.    The parties agree that information from depositions in this matter will not be published or disseminated by Plaintiffs, Defendants, or other third parties pursuant to the terms of a to-be-agreed-upon Protective Order;

    h.    Defendants will prepare a proposed Protective Order that includes at least "confidentiality" and "attorney's eyes only" designations.

6.    Separate from the March 5, 2020 meeting, the parties agree that on or about November 8, 2018 Defendant City tendered its initial Rule 26 disclosures to Plaintiffs' counsel.

## CONCLUSION

7.   In summation, despite of the above-referenced agreements between the parties, Plaintiffs contend the case should proceed forward.  However, Defendants contend the case should remain stayed because as evidence demonstrated by the Exhibits attached hereto, two (2) Plaintiffs are involved in pending criminal proceedings.  As the Supreme Court held in *Younger v. Harris* that, when a party in federal court is simultaneously defending a state criminal prosecution, federal courts "should not act to restrain [the state] criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. 37, 43–44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).  Defendants' refer to the Individual Defendants' and Defendant City's Responses to Plaintiffs' Motion for Preliminary Injunction in support of their contention that the instant civil proceeding under 42 U.S.C. §1983 should remain stayed until the criminal proceedings have been concluded. **[Dkt. 33]; [Dkt. 49 ¶¶ 32, 33, 34, 35, and 36].**

    Respectfully submitted,

    DENTON NAVARRO ROCHA BERNAL & ZECH
    A Professional Corporation
    2517 North Main Avenue
    San Antonio, Texas 78212
    Telephone:     (210) 227-3243
    Facsimile:      (210) 225-4481
    patrick.bernal@rampage-sa.com
    adolfo.ruiz@rampage-sa.com

By:   ***/s/ Adolfo Ruiz***
    PATRICK C. BERNAL
    State Bar No. 02208750
    ADOLFO RUIZ
    State Bar No. 17385600
    COUNSEL FOR DEFENDANT CITY

|     | LAW OFFICES OF CHARLES S. FRIGERIO PC |
| --- | --- |
|     | Riverview Towers |
|     | 111 Soledad, Ste. 840 |
|     | San Antonio, Texas 78205 |
|     | Telephone:     (210) 271-7877 |
|     | Facsimile:     (210) 271-0602 |
|     | csfrigeriolaw@sbcglobal.net |
| By: | */s/ Charles S. Frigerio* |
|     | Charles S. Frigerio |
|     | State Bar No. 07477500 |
|     | Hector Saenz |
|     | State Bar No. 17514850 |
|     | COUNSEL FOR INDIVIDUAL DEFENDANTS |

|     | EXCOLO LAW, PLLC |
| --- | --- |
|     | 26700 Lahser Rd., Ste. 401 |
|     | Southfield, Michigan 48033 |
|     | Telephone:     (248) 291-9712 |
|     | sradner@excololaw.com |
| By: | */s/ Solomon M. Radner* |
|     | Solomon M. Radner |
|     | MBN: P73653 |
|     | COUNSEL FOR PLAINTIFFS |