IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUSSELL ZINTER *ET AL.* | § | |
| | § | |
| *Plaintiffs*, | § | 5-18-CV-00680-JKP-RBF |
| | § | |
| vs. | § | |
| | § | |
| CHIEF JOSEPH SALVAGGIO *ET AL.* | § | |
| | § | |
| *Defendants*. | § | |
| | § | |
| | § | |
| | § | |

## ORDER

Before the Court is the status of the above-referenced case, which was referred for resolution of all nondispositive pretrial matters pursuant to Rules CV-72 and 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Dkt. No. 71. On October 13, 2020, the Court held a status conference at which all parties appeared through counsel of record.

As stated on the record at the October 13 hearing, **IT IS ORDERED** that the stay previously imposed in this case is **LIFTED**.

**IT IS FURTHER ORDERED THAT** within **fourteen (14) days** from the date of this Order, the parties shall meaningfully confer and jointly submit: (1) proposed scheduling recommendations that conform to the presiding judge's attached template; and (2) a proposed protective order. In the event the parties cannot reach an agreement regarding a scheduling matter or provision in the proposed protective order, they should note their respective position on the issue and the reason(s) for the disagreement.

Finally, those appearing before the Court are advised of the following matters. First, counsel should refrain from communicating with the Courtroom Deputy or other court staff

concerning substantive matters. Substantive communications with the Court should be conducted via officially filed documents. Nondispositive motions filed with the Court—even where the opposing party is proceeding pro se—must include a certificate of conference, as indicated in the Local and Federal Rules, reflecting a *good-faith*, *diligent* effort to resolve the disputed issue that is the subject of the motion. *See* Local Rule CV-7(i) (applying to all non-dispositive motions); *see also* Fed. R. Civ. P. 37(a)(1) (applying to discovery disputes). While email or letter correspondence with opposing counsel may on some occasions be appropriate—*i.e.*, in the first instance or to ensure the motion is unopposed—in the Court's view, the best and most efficient way to comply with the conference requirement is through either an in-person meeting or actual conversation by telephone or video conference.[1] Accordingly, absent extenuating circumstances, a certificate of conference noting one or two unsuccessful attempts to confer—particularly where the attempts occur the day the motion is filed—will be disfavored and may result in denial of the requested relief. *See* Local Rule CV-7(i). Moreover, reasonable requests for deadline extensions that do not threaten meaningful prejudice to the client typically should not be opposed. *See* Local Rule AT-4(b); *see also* Ex M to Local Rules. At the same time, the Court frowns upon last-minute requests for extensions or continuances, unless there is a genuine emergency or extenuating circumstances.

Finally, while the Court understands and certainly expects counsel to zealously advance the legitimate interests of their clients, "appropriate standards of civility and decorum" must still be maintained. Local Rule AT4(a). Accordingly, the Court trusts that counsel (and their clients)

---

[1] *See, e.g.*, *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 400 (S.D. Tex. 2012) (noting that a single letter unilaterally identifying alleged flaws in discovery responses and setting an arbitrary response deadline is insufficient to comply with the conference requirement, "as it does not equate to a good faith conferral or attempt to confer); *Care Envtl. Corp. v. M2 Techs. Inc.*, No. CV-05-1600 (CPS), 2006 WL 1517742, at *1, 3 (E.D.N.Y. May 30, 2006) (explaining, "confer" means to "meet, in person or by telephone, and make a genuine effort to resolve the dispute"); Local Rule AT-4(e) ("When a discovery dispute arises, opposing lawyers should attempt to resolve it by working cooperatively together.").

will interact with the Court and opposing counsel with the civility, decorum, and courtesy that litigation in federal court requires.

A copy of my Civil Fact Sheet may be found at https://www.txwd.uscourts.gov/wp-content/uploads/Standing%20Orders/San%20Antonio/Farrer/Court%20Facts%20Sheet%20for%20U.S.%20Magistrate%20Judge%20Farrer.pdf. All counsel are expected to review it before filing any matters or appearing in a case before me.

**IT IS SO ORDERED**.

SIGNED this 14th day of October, 2020.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DIVISION

|  |  |  |
|---|---|---|
| Plaintiff, | § § § § | |
| vs. | § § § § § | |
| Defendant. | § § § § § | |

## AGREED[1] SCHEDULING RECOMMENDATIONS

The parties recommend that the following deadlines be entered in the Scheduling Order to control the course of this case.

1. Parties shall make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). To the extent a defendant knows the identity of a responsible third party contemplated by Texas Civil Practices & Remedies Code § 33.004, such identity is subject to disclosure under Rule 26(a)(1)(A)(i).

2. The parties shall file a report on alternative dispute resolution in compliance with Local Rule CV-88(b) on or before _____ [Generally, 30 days from date of this order].

3. Parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before _____ [Generally, 60 days from date of this order], and each opposing party shall respond, in writing on or before _____ [Generally, 14 days after receipt of the offer of settlement]. All offers of settlement are to be private, not filed. The parties shall retain the written offers of settlement and response, as the Court will use these in assessing attorneys' fees and costs at the conclusion of the proceedings. At any time, if any parties reach a settlement, they should immediately notify the Court by filing a joint advisory. The joint advisory shall state the parties who reached the settlement and whether a settlement conference is required or desired. If a hearing is requested, the parties shall confer and provide mutually agreeable potential dates for the hearing.

---

[1] This document should generally be filed as an agreed upon recommendation. If any party cannot agree to certain deadline, that party should indicate with specificity why a dispute exists as to the appropriate deadline.

4.  On or before _____ [Generally, 60 days from date of this order], the parties shall file any motion seeking leave to amend pleadings or join parties. To the extent it may apply in this case, the deadline for Defendant(s) to file a motion to designate responsible third parties, pursuant to Texas Civil Practices & Remedies Code § 33.004(a), is _____ [Generally, 60 days from date of this order].

5.  Parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B), on or before _____ [Generally, 90 days from date of this order].

6.  Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B), on or before _____ [Generally, 120 days from date of this order].

7.  Parties shall file all designations of rebuttal experts and serve on all parties the material required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within fourteen days of receipt of the report of the opposing expert.

8.  The deadline to file supplemental expert reports required under Federal Rule of Civil Procedure 26(e)(2) is at least 30 days before trial. The parties are advised any report filed under this deadline may only supplement the initial report and may not introduce new opinion or subject matter. This deadline is not intended to provide an extension of the deadline by which a party must deliver the substance of its expert information or opinion.

9.  Parties shall initiate all discovery procedures in time to complete discovery on or before _____ [Generally, 180 days from date of this order]. Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the expiration of the deadline. *See* Local Rule CV-16(d). Counsel may by agreement continue discovery beyond the deadline. The parties are advised that should they agree to extend discovery beyond the deadline, there will be no intervention by the Court except in exceptional circumstances. No trial setting or other deadline set forth herein will be vacated due to information obtained in post-deadline discovery. *See* Local Rule CV-7(d).

10. Counsel shall confer and file a joint report setting forth the status of settlement negotiations on or before _____ [Generally, 15 days after the discovery deadline].

11. On or before _____ [Generally, 15 days after the discovery deadline], the parties shall file any *Daubert* motions and challenge to or motion to exclude expert witnesses. Any such motion must specifically state the basis for the objection and identify the objectionable testimony.

12. On or before _____ [Generally, 45 days after the discovery deadline], parties shall file any dispositive motions, including motions for summary judgment on all or some of the claims. Further, notwithstanding any deadline provided herein, no motion (other than a motion in limine) may be filed after this date except for good cause.

13. The Court will set dates for trial and the final pretrial conference after ruling on any dispositive motions or after the deadline for such motions passes without a pertinent filing. At that time, the Court will also set appropriate deadlines for trial and pretrial conference matters.

14. All of the parties who have appeared in the action conferred concerning the contents of the proposed scheduling order on _____, and the parties have *(agreed/disagreed)* as to its contents. The following positions and reasons are given by the parties for the disagreement as to the contents of the proposed scheduling order_____.

_____
(Signature)

_____
(Print of type name)

ATTORNEY FOR

_____
(Print or type name)

CERTIFICATE OF SERVICE