**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **RUSSELL ZINTER, et al;** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. SA-18-CA-680-JKP-RBF** |
| | § | |
| **CHIEF JOSEPH SALVAGGIO, et al;** | § | |
| **Defendants.** | § | |

**DEFENDANT, CITY OF LEON VALLEY'S, ORIGINAL ANSWER TO**
**PLAINTIFFS' SECOND AMENDED COMPLAINT**

TO THE HONORABLE U.S. DISTRICT COURT:

COMES NOW Defendant, CITY OF LEON VALLEY, ("City") and pursuant to Rule 8 of the Federal Rules of Civil Procedure files this Original Answer to Plaintiffs' Second Amended Complaint with affirmative defenses to Plaintiffs RUSSELL ZINTER ("Zinter"), JACK MILLER ("Miller"), BRIAN HOWD ("Howd"), JAMES A. MEAD ("Mead"), JOSEPH BRANDON PIERCE ("Pierce"), MARK BROWN ("Brown"), DAVID BAILEY ("Bailey"), JUAN GONZALES JR. ("Gonzales"), KEVIN EGAN ("Egan"), JONATHAN GREEN ("Green") and JAMES SPRINGER's ("Springer"); Greg Gardiner ("Gardiner"); Selena Herrera ("Herrera"); Jason Green ("J. Green"); Theresa C. Richard ("Richard") (collectively referred to as "Plaintiffs") Second Amended Complaint [Dkt. 87] as follows:

## I.   ADMISSIONS AND DENIALS

Subject to and without waiving the defenses set forth elsewhere in this Original Answer, Defendant City denies each and every allegation contained in Plaintiffs' Second Amended Complaint pursuant to Fed. R. Civ. P. 8(b), except those expressly admitted herein.  Defendant is

not consenting to trial of any matters which have been dismissed by the Court simply by admitting or denying those matters herein.

### Introduction

1.      Defendant City admits that Plaintiffs' Second Amended Complaint alleges incidents that took place outside of the Leon Valley Police Department on June 14th, 18th and 23rd of 2018. Defendant City denies the remainder of Paragraph 1.

2.      Defendant City denies the allegations in Paragraph 2.

3.      Defendant City denies the allegations in Paragraph 3.

4.      Defendant City admits that Plaintiffs Zinter, Miller, Howd, Mead, Pierce, Brown, Bailey, Gonzales, Egan, Green and Springer filed their Original Complaint on July 4, 2018.  Defendant City denies the remainder of Paragraph 4.

5.      Defendant City denies the allegations in Paragraph 5.

6.      Defendant City admits Plaintiffs filed for an Emergency Motion for Temporary Restraining Order on August 17, 2018.  Defendant City denies the remaining allegations set forth in Paragraph 6.

7.      Defendant City admits to the allegations in Paragraph 7.

8.      Defendant City admits that Defendant Salvaggio testified at the October 4, 2018 hearing, Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegation that Salvaggio's testimony was the sole reason for the Court's findings.  Defendant City denies the remaining allegations set forth in Paragraph 8.

9.      Defendant City admits that the Court denied Plaintiffs' Emergency Motion for a Temporary Restraining Order. Defendant City denies the remaining allegations set forth in Paragraph 9.

10.     Defendant City admits that the instant case was stayed from November 19, 2018, pursuant to order from Magistrate Judge Farrer, to October 14, 2020. Defendant City denies the remaining allegations set forth in Paragraph 10,

11.     Defendant City denies the allegations in Paragraph 11.

12.     Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 12.

13.     Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 13.

14.     Defendant admits the allegations in Paragraph 14.

15.     Defendant City admits that Defendant Salvaggio testified at the October 4, 2018 hearing, Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegation that Salvaggio's testimony was the sole reason for the Court's findings.  Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegations of federal criminal charges against Plaintiffs.  Defendant denies the remaining allegations as set forth in Paragraph 15.

16.     Defendant City denies the allegations in Paragraph 16.

17.     Defendant City denies the allegations in Paragraph 17.

## Jurisdiction and Venue

18.     Defendant City admits that Plaintiffs' Second Amended Complaint alleges violations of the United States Constitution in Paragraph 1.  Defendant City denies Plaintiffs are entitled to the relief requested in Paragraph 18.

19.     Defendant admits jurisdiction, except for state law negligence and intentional tort claims, as alleged in Paragraph 19, but denies that any cause of action exists thereunder.

20.      Defendant admits venue is proper in the United States District Court-Western District, San Antonio Division as alleged in Paragraph 20.

21.      Defendant City admits that the events alleged in Plaintiffs' Second Amended Complaint occurred on or near the Leon Valley Police Department in Paragraph 21. Defendant denies that any of the alleged events gave rise to Plaintiffs' cause of action asserted in their Second Amended Complaint as set forth in Paragraph 21.

## Parties

22.      Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 22.

23.      Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 23.

24..      Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 24.

25.      Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 25.

26.       Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 26.

27.      Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 27.

28.      Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 28.

29.      Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 29.

30.     Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 30.

31.     Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 31.

32.     Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 32.

33.     Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 33.

34.     Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 34.

35.     Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 35.

36.     Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 36.

37.     Defendant City admits it is a political subdivision and, as such, a governmental entity under the laws of the State of Texas as averred in Paragraph 37.  Defendant denies the remaining allegations as set forth in Paragraph 37.

38.     Defendant City admits that Joseph Salvaggio is the Chief of Police for the City of Leon Valley and was at the time of the Plaintiffs' alleged incidents on June 14, 18, and 23, 2018 as averred in Paragraph 38.  Defendant denies the remaining allegations set forth in Paragraph 38.

39.     Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 39.

40.     Defendant City admits that Lieutenant David Anderson is a police officer employed with the Leon Valley Police Department, and at all times acting under color of state law in the performance of his duties, as averred in Paragraph 40.  Defendant denies the remaining allegations as set forth in Paragraph 40.

41.     Defendant City admits that Johnny Vasquez is a police officer employed with the Leon Valley Police Department, and at all times acting under color of state law in the performance of his duties. Defendant denies the remaining allegations as set forth in Paragraph 41.

42.     Defendant City admits that Chad Mandry is a police officer employed with the Leon Valley Police Department, and at all times acting under color of state law in the performance of his duties. Defendant denies the remaining allegations as set forth in Paragraph 42.

43.     Defendant City admits that Jim Wells is a police officer employed with the Leon Valley Police Department, and at all times acting under color of state law in the performance of his duties. Defendant denies the remaining allegations as set forth in Paragraph 43.

44.     Defendant City admits that Uziel Hernandez is a police officer employed with the Leon Valley Police Department, and at all times acting under color of state law in the performance of his duties.  Defendant denies the remaining allegations as set forth in Paragraph 44.

45.     Defendant City admits that Luis Farias is a police officer employed with the Leon Valley Police Department, and at all times acting under color of state law in the performance of his duties. Defendant denies the remaining allegations as set forth in Paragraph 45.

46.     Defendant City admits that Brandon Evans is a police officer employed with the Leon Valley Police Department, and at all times acting under color of state law in the performance of his duties. Defendant denies the remaining allegations as set forth in Paragraph 46.

47.     Defendant City admits that Yarbrough is a police officer employed with the Leon Valley Police Department, and at all times acting under color of state law in the performance of his duties. Defendant denies the remaining allegations as set forth in Paragraph 47.

48.     Defendant City admits that Breton is a police officer employed with the Leon Valley Police Department, and at all times acting under color of state law in the performance of his duties. Defendant denies the remaining allegations as set forth in Paragraph 48.

49.     Defendant City admits that Azar is a police officer employed with the Leon Valley Police Department, and at all times acting under color of state law in the performance of his duties. Defendant denies the remaining allegations as set forth in Paragraph 49.

50.     Defendant City admits that Urdiales is a police officer employed with the Leon Valley Police Department, and at all times acting under color of state law in the performance of his duties. Defendant denies the remaining allegations as set forth in Paragraph 50.

51.     Defendant City admits that King is a police officer employed with the Leon Valley Police Department, and at all times acting under color of state law in the performance of his duties. Defendant denies the remaining allegations as set forth in Paragraph 51.

52.     Defendant City admits that Castro is a police officer employed with the Leon Valley Police Department, and at all times acting under color of state law in the performance of his duties. Defendant denies the remaining allegations as set forth in Paragraph 52.

53.     Defendant City admits that Tacquard is a police officer employed with the Leon Valley Police Department, and at all times acting under color of state law in the performance of his duties. Defendant denies the remaining allegations as set forth in Paragraph 53.

54.    Defendant City admits that Rivera is a police officer employed with the Leon Valley Police Department, and at all times acting under color of state law in the performance of his duties. Defendant denies the remaining allegations as set forth in Paragraph 54.

55.    Defendant City admits that the individual Defendant Leon Valley police officers were employed by the City of Leon Valley and were in the course and scope of their employment on June 14, 18, and 23, 2018.  Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegation regarding LaHood and Joe Gonzales.  Defendant denies the remaining allegations as set forth in Paragraph 55.

56.    Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56.

57.    Defendant City objects to Paragraph 57, because it does not describe what act or omissions were allegedly performed by each individual Defendant while acting within the scope of their employment with the City of Leon Valley.  Without waiving said objection, Defendant City denies the allegations as set forth in Paragraph 57.  Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegation regarding individual Defendants, Goldman, LaHood and Gonzales in Paragraph 57.

58.    Defendant City objects to Paragraph 58, because it does not describe what act or omissions were allegedly performed by each individual. Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Goldman, LaHood and Gonzales. Defendant City denies the remaining allegations as set forth in Paragraph 58.

## Statement of Facts

59.     Defendant City admits that Plaintiffs are asserting that their causes of action take place on June 14th, 18th and 23rd 2018, in Paragraph 59.  Defendant denies the  remaining allegations  as set forth in Paragraph 59.

## June 14, 2018 Incident

60.     Defendant City admits that on June 14, 2018, people were gathered at the Leon Valley Police Department.  Defendant City denies that the crowd was small and peaceful.  Defendant City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 60.

61.     Defendant City admits the allegations as set forth in Paragraph 61.

62.     Defendant City admits that Plaintiff Brown attempted to enter the City of Leon Valley's City Hall and was holding a camera as set forth in Paragraph 62.  However, the second individual with Plaintiff Brown was Jesus Padilla, an individual who was issued a criminal trespass warning pursuant to his arrest at Leon Valley City Hall on or about May 2, 2018.

63.     In Paragraph 63, Defendant City admits that Plaintiff Brown attempted to enter City Hall while filming and he was asked to leave because municipal court was in session; Jesus Padilla was situated on the City Hall steps.  Defendant City denies the remainder of allegations as set forth in Paragraph 63.

64.     Defendant City admits that Brown and Padilla were outside City Hall.  Defendant City lacks knowledge or information sufficient to form a belief about the truth if Brown recorded the arrest.  Defendant City denies the remainder of the allegations  as set forth in Paragraph 64.

65.     Defendant City denies the allegations set forth in Paragraph 65.

66.     Defendant City denies the allegations set forth in Paragraph 66.

67.     Defendant City denies the allegations set forth in Paragraph 67.

68.     Defendant City lacks knowledge or information sufficient to form a belief about the truth of the alleged assertions made by Defendant Anderson and Defendant Vasquez in Paragraph 68. Defendant City denies the remainder of the allegations as set forth in Paragraph 68.

69.     Defendant City denies the allegations set forth in Paragraph 69.

70.     Defendant City denies all the allegations set forth in Paragraph 70.

71.     Defendant City denies the allegations set forth in Paragraph 71.

72.     Defendant City denies the allegations set forth in Paragraph 72.

## June 18, 2018 Incident

73.     Defendant City admits that on June 18, 2018, people were gathered at the Leon Valley Police Department.  Defendant City denies that the crowd was small and peaceful.  Defendant City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 73.

74.     Defendant City admits the allegations  as set forth in Paragraph 74.

75.     In Paragraph 75, Defendant City admits that a partially burnt similarity of the American flag was waved, dragged and stomped upon.  Defendant denies the remaining allegations  as set forth in Paragraph 75.

76.     Defendant City admits that the display of the similarity of the American flag is protected by the First Amendment.    Defendant City denies the remaining allegations as set forth in Paragraph 76.

77.     Defendant City denies the allegations as set forth in Paragraph 77.

78.     Defendant City denies the allegations as set forth in Paragraph 78.

79.     Defendant City denies the allegations as set forth in Paragraph 79.

80.     Defendant City denies the allegations as set forth in Paragraph 80.

**June 23, 2018 Incident**

81.     Defendant City admits that on June 23, 2018, people were gathered at the Leon Valley Police Department.  Defendant City denies that the crowd was small and peaceful.   Defendant City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 80.

82.     Defendant admits that Plaintiffs Springer, Pierce, Jason Green, Howd , and Jonathon Green were present at the June 23, 2018 incident. Defendant City lacks knowledge or information sufficient to form a belief about the truth regarding the attendance of the remaining individuals listed in Paragraph 82.

83.     Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83.

84.     Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84.

85.     Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85.

86.     Defendant City admits that individual Defendant, Salvaggio, announced that he would be holding a press conference.  Defendant denies the remaining allegations  set forth in Paragraph 86.

87.     In Paragraph 87, Defendant City admits that Chief Salvaggio ordered the arrest and/or detainment of individuals who were present.  Defendant denies the remaining allegations  set forth in Paragraph 87.

88.     Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88.

89.     In Paragraph 89, Defendant City  admits that most of the lawfully sized property was returned to Plaintiffs.  Defendant City lacks knowledge or information sufficient to form a belief about the truth if all lawfully seized property has been returned. Defendant denies the remaining allegations  as set forth in Paragraph 89.

90.     Defendant City denies all the allegations set forth in Paragraph 90.

**The June 14, 2018 Cause of Action:**
Count 1-June 14, 2018 Incident
Unlawful Arrest or Detention – 42 USC 1983 and Fourth Amendment
Plaintiff Mark Brown
Vs.
Defendants Leon Valley, Salvaggio, Anderson, Yarbrough, Vasquez, Wells, Farias

91.     Defendant City denies the allegations set forth in Paragraph 91.

92.     Defendant City denies the allegations set forth in Paragraph 92.

93.     Defendant City denies the allegations set forth in Paragraph 93.

94.     Defendant City denies the allegations set forth in Paragraph 94.

95.     Defendant City denies the allegations set forth in Paragraph 95.

Count 2-June 14, 2018 Incident
First Amendment Retaliation – Assault/Arrest/Detention/Property
Seizure/Prosecution -  42 USC 1983 and First Amendment
Plaintiff Mark Brown
Vs.
Defendants Yarbrough, Vasquez, Wells, Farias, Leon Valley, Anderson
and Salvaggio,

96.     Defendant City denies the allegations set forth in Paragraph 96.

97.     Defendant City denies the allegations set forth in Paragraph 97.

98.     Defendant City denies the allegations set forth in Paragraph 98.

99.     Defendant City denies the allegations set forth in Paragraph 99.

100.    Defendant City denies the allegations set forth in Paragraph 100.

Count 3-June 14, 2018 Incident
Excessive Force -  42 USC 1983 and the Fourth Amendment
Plaintiff Mark Brown
Vs.
Defendants Leon Valley, Salvaggio, Yarbrough, Vasquez, Wells, Anderson, and Farias,

101.   Defendant City denies the allegations set forth in Paragraph 101.

102.   Defendant City denies the allegations set forth in Paragraph 102.

103.   Defendant City denies the allegations set forth in Paragraph 103.

104.   Defendant City denies the allegations set forth in Paragraph 104.

Count 4-June 14, 2018 Incident
Unlawful Seizure of Property -  42 USC 1983 and the Fourth Amendment
Plaintiff Mark Brown
Vs.
Defendants Leon Valley, Salvaggio, Yarbrough, Vasquez, Wells, Anderson, and Farias,

105.   Defendant City denies the allegations set forth in Paragraph 105.

106.   Defendant City denies the allegations set forth in Paragraph 106.

107.   Defendant City denies the allegations set forth in Paragraph 107.

Count 5-June 14, 2018 Incident
Abuse of Process and Malicious Prosecution-  42 USC 1983 and the Fourth
and Fourteenth Amendments
Plaintiff Mark Brown
Vs.
Defendants Leon Valley, Salvaggio, Yarbrough, Vasquez, Wells, Anderson,
 Farias, LaHood, and  Gonzales

108.   Defendant City denies the allegations set forth in Paragraph 108.

109.   Defendant City denies the allegations set forth in Paragraph 109.

110.   Defendant City denies the allegations set forth in Paragraph 110.

111.   In Paragraph 111, Defendant City admits that the Bexar County District Attorney's Office commenced a criminal proceeding against Brown.

112.   Defendant City denies the allegations set forth in Paragraph 112.

113.   Defendant City denies the allegations set forth in Paragraph 113.

114.   Defendant City denies the allegations set forth in Paragraph 114.

115.   Defendant City denies the allegations set forth in Paragraph 115.

116.   Defendant City denies the allegations set forth in Paragraph 116.

117.   Defendant City denies the allegations set forth in Paragraph 117.

**The June 18, 2018 Cause of Action:**
Count 6-June 18, 2018 Incident
Unlawful Arrest or Detention – 42 USC 1983 and Fourth Amendment
Plaintiffs Mead, Bailey, Gonzales, Springer, and Zinter
Vs.
Defendants Leon Valley, Salvaggio, Anderson, Mandry, Evans, Urdiales, Gonzales, Azar, Rivera, Tacquard, and Castro

118.   Defendant City denies the allegations set forth in Paragraph 118.

119   Defendant City denies the allegations set forth in Paragraph 119.

120.   Defendant City admits that Mead is asserting a claim against Urdiales, Wells, Anderson, Salvaggio and Leon Valley.   Defendant denies that Mead is entitled to any relief in the allegations set forth in Paragraph 120.

121.    Defendant City admits that Bailey is asserting a claim against Farias, Mandry, Gonzales, Anderson, Salvaggio and Leon Valley.  Defendant denies that Bailey is entitled to any relief in the allegations set forth in Paragraph 121.

122.   Defendant City admits that Gonzales is asserting a claim against Farias, Mandry, Gonzales, Anderson, Salvaggio and Leon Valley.  Defendant denies that Gonzales is entitled to any relief in the allegations set forth in Paragraph 122.

123.    Defendant City admits that Springer is asserting a claim against Azar, Farias, Evans, Tacquard, Castro, Anderson, Salvaggio and Leon Valley.  Defendant denies that Springer is entitled to any relief in the allegations set forth in Paragraph 123.

124.    Defendant City admits that Zinter is asserting a claim against Farias, Rivera, Anderson, Salvaggio and Leon Valley.  Defendant denies that Zinter is entitled to any relief in the allegations set forth in Paragraph 124.

125.    Defendant City admits that Pierce is asserting a claim against Evans, Anderson, Salvaggio and Leon Valley.  Defendant denies that Pierce is entitled to any relief in the allegations set forth in Paragraph 125.

126.    Defendant City denies the allegations set forth in Paragraph 126.

127.    Defendant City denies the allegations set forth in Paragraph 127.

128.    Defendant City denies the allegations set forth in Paragraph 128.

Count 7-June 18, 2018 Incident
First Amendment Retaliation – Assault/Arrest/Detention/Property
Seizure/Prosecution/Prevention -  42 USC 1983 and First Amendment
Plaintiffs Mead, Bailey, Gonzales, Springer, and Zinter
Vs.
Defendants Leon Valley, Salvaggio, Anderson, Mandry, Evans, Urdiales, Gonzales, Azar,
Tacquard, and Castro

129.    Defendant City denies the allegations set forth in Paragraph 129.

130.    Defendant City denies the allegations set forth in Paragraph 130.

131.    Defendant City denies the allegations set forth in Paragraph 131.

132.    Defendant City denies the allegations set forth in Paragraph 132.

133.    Defendant City admits that Bailey is asserting a claim against Anderson, Farias, Rivera, and Mandry.  Defendant denies that Bailey is entitled to any relief in the allegations set forth in Paragraph 133.  Defendant further denies the remaining allegations set forth in Paragraph 133.

134.    Defendant City denies the allegations set forth in Paragraph 134.

135.    Defendant City denies the allegations set forth in Paragraph 135.

136.    Defendant City denies the allegations set forth in Paragraph 136.

137.    Defendant City denies the allegations set forth in Paragraph 137.

138.    Defendant City denies the allegations set forth in Paragraph 138.

139.    Defendant City denies the allegations set forth in Paragraph 139.

Count 8-June 18, 2018 Incident
Excessive Force -  42 USC 1983 and the Fourth Amendment
Plaintiff Mead, Gonzales, Springer
Vs.
Defendants Leon Valley, Salvaggio, Mandry, Evans, Farias, Gonzales
Tacquard, Castro, and Azar

140.    Defendant City denies the allegations set forth in Paragraph 140.

141.    Defendant City denies the allegations set forth in Paragraph 141.

142.    Defendant City denies the allegations set forth in Paragraph 142.

143.    Defendant City denies the allegations set forth in Paragraph 143.

144.    Defendant City denies the allegations set forth in Paragraph 144.

145.    Defendant City denies the allegations set forth in Paragraph 145.

146.    Defendant City denies the allegations set forth in Paragraph 146.

Count 9-June 18, 2018 Incident
Unlawful Seizure of Property -  42 USC 1983 and the Fourth Amendment
Plaintiffs Mead, Bailey, Gonzales, Springer, Pierce, and Zinter
Vs.
Defendants Leon Valley, Salvaggio, Anderson, Mandry, Evans, Urdiales,
Gonzales, Azar, Tacquard, and Castro

147.     Defendant City denies the allegations set forth in Paragraph 147.

148.     Defendant City denies the allegations set forth in Paragraph 148.

149.     Defendant City denies the allegations set forth in Paragraph 149.

150.     Defendant City denies the allegations set forth in Paragraph 150.

151.     Defendant City denies the allegations set forth in Paragraph 151.

152.     Defendant City denies the allegations set forth in Paragraph 152.

153.     Defendant City denies the allegations set forth in Paragraph 153.

154.     Defendant City denies the allegations set forth in Paragraph 154.

155.     Defendant City denies the allegations set forth in Paragraph 155.

Count 10-June 18, 2018 Incident
 Malicious Prosecution-  42 USC 1983 and the Fourth
and Fourteenth Amendments
Plaintiff Mark Brown
Vs.
Defendants Leon Valley, Salvaggio, Evans, Anderson,
 Farias, Rivera, Mandry, Azar, Tacquard, Castro, LaHood, and Joe Gonzales

156.     Defendant City denies the allegations set forth in Paragraph 156.

157.     Defendant City admits that Bailey is asserting  a claim against  Anderson, Farias, Rivera,

Mandry, Salvaggio, Leon Valley, LaHood, and Joe Gonzales in Paragraph 157.  Defendant denies

that Bailey is entitled to any relief  in the allegations set forth in Paragraph 157.  Defendant City

lacks knowledge or information sufficient to form a belief about the truth regarding the remaining

allegations in Paragraph 157.

158.    Defendant City admits that Springer is asserting  a claim against  Azar, Farias, Evans, Tacquard, Castro, Anderson, Salvaggio, Leon Valley, LaHood, and Joe Gonzales.   Defendant denies that   Springer is entitled to any relief in the allegations set forth in Paragraph 158. Defendant City denies the remaining allegations in Paragraph 158.

159.    Defendant City lacks knowledge or information sufficient to form a belief about the truth regarding Bailey's prosecution in Paragraph 159.  Defendant denies the remaining allegations in Paragraph 159.  Defendant City denies the remaining allegations set forth in Paragraph 159.

160.    Defendant City denies the allegations set forth in Paragraph 160.

161.    Defendant City denies the allegations set forth in Paragraph 161.

162.    Defendant City denies the allegations set forth in Paragraph 162.

163.    Defendant City denies the allegations set forth in Paragraph 163.

164.    Defendant City denies the allegations set forth in Paragraph 164.

165.    Defendant City denies the allegations set forth in Paragraph 165.

### The June 23, 2018 Cause of Action:
Count 11-June 23, 2018 Incident
Unlawful Seizure of Person and Property – 42 USC 1983 and Fourth Amendment
Plaintiffs Howd, Mead, Pierce, Egan, Jason Green, Springer, Gardiner, Herrera, Gonzales, Egan, Jonathon Green, Richard, Miller
Vs.
Defendants Leon Valley, Salvaggio, Hernandez, Evans, Vasquez, Mandry, Saucedo, Parra, Farias, Griego, and Rivera

166.    Defendant City denies the allegations set forth in Paragraph 166.

167.    Defendant City admits that Howd is asserting a claim against Parra, Hernandez, Salvaggio, and Leon Valley in Paragraph 167.  Defendant denies that Howd is entitled to any relief in the allegations set forth in Paragraph 167.

168.     Defendant City admits that Mead is asserting a claim against Vasquez, Salvaggio and Leon Valley in Paragraph 168.  Defendant denies that Mead is entitled to any relief in the allegations set forth in Paragraph 168.

169.     Defendant City admits that Pierce is asserting a claim against Vasquez, Salvaggio, and Leon Valley in Paragraph 169.  Defendant denies that Pierce is entitled to any relief in the allegations set forth in Paragraph 169.

170.     Defendant City admits that Egan is asserting a claim against Saucedo, Vasquez, Farias, Salvaggio, and Leon Valley  in Paragraph 170.  Defendant denies that Egan is entitled to any relief in the allegations set forth in Paragraph 170.

171.     Defendant City admits that Jason Green is asserting a claim against Saucedo, Salvaggio, and Leon Valley in Paragraph 171.  Defendant denies that Jason Green is entitled to any relief in the allegations set forth in Paragraph 171.

172.     Defendant City admits that Springer is asserting a claim against Mandry, Evans, Salvaggio, and Leon Valley in Paragraph 172.  Defendant denies that Springer is entitled to any relief in the allegations set forth in Paragraph 172.

173.     Defendant City admits that Gardiner is asserting a claim against Vasquez, Farias, Salvaggio, and Leon Valley in Paragraph 173.  Defendant denies that Gardiner is entitled to any relief in the allegations set forth in Paragraph 173.

174.     Defendant City admits that Herrera is asserting a claim against Saucedo, Griego, Salvaggio, and Leon Valley in Paragraph 174.  Defendant denies that Griego is a defendant in this cause. Defendant denies that Herrera is entitled to any relief in the allegations set forth in Paragraph 174.

175.     Defendant City admits that Juan Gonzales is asserting a claim against Vasquez, Griego, Salvaggio, and Leon Valley in Paragraph 175.  Defendant denies that Griego is a defendant in this

cause.  Defendant denies that Juan Gonzales is entitled to any relief in the allegations set forth in Paragraph 175.

176.     Defendant City admits that Egan is asserting a claim against Saucedo, Vasquez, Farias, Salvaggio, and Leon Valley in Paragraph 176.  Defendant denies that Egan is entitled to any relief in the allegations set forth in Paragraph 176.

177.     Defendant City admits that Jonathon Green is asserting a claim against Saucedo, Vasquez, Friego, Evans, Farias, Salvaggio, and Leon Valley in Paragraph 177.  Defendant denies that Jonathon Green is entitled to any relief in the allegations set forth in Paragraph 177.

178.     Defendant City admits that Richard is asserting a claim against Saucedo, Rivera, Salvaggio, and Leon Valley  in Paragraph 178.  Defendant denies that Richard is entitled to any relief in the allegations set forth in Paragraph 178.

179.     Defendant City admits that Miller is asserting a claim against  Salvaggio, and Leon Valley in Paragraph 179.  Defendant denies that Miller is entitled to any relief  in the allegations set forth in Paragraph 179.

180.     Defendant City denies the allegations set forth in Paragraph 180.

181.     Defendant City denies the allegations set forth in Paragraph 181.

182.     Defendant City denies the allegations set forth in Paragraph 182.

183.     Defendant City denies the allegations set forth in Paragraph 183.

Count 12-June 23, 2018 Incident
First Amendment Retaliation – Assault/Arrest/Detention/Property-
Seizure/Prosecution/Prevention – 42 USC 1983 and the First Amendment
Plaintiffs Howd, Mead, Pierce, Egan, Jason Green, Springer, Gardiner, Herrera, Gonzales, Egan,
Jonathon Green, Richard, Miller
Vs.
Defendants Leon Valley, Salvaggio, Hernandez, Evans, Vasquez, Mandry, Saucedo, Parra,
Farias, Griego, and Rivera

184.    Defendant City denies the allegations set forth in Paragraph 184.

185.    Defendant City admits that Howd is asserting a claim against Parra, Hernandez, Salvaggio, and Leon Valley in Paragraph 185. Defendant denies that Howd is entitled to any relief in the allegations set forth in Paragraph 185.

186.    Defendant City admits that Mead is asserting a claim against Vasquez, Salvaggio and Leon Valley in Paragraph 186.  Defendant denies that Mead is entitled to any relief in the allegations set forth in Paragraph 186.

187.    Defendant City admits that Pierce is asserting a claim against Vasquez, Salvaggio, and Leon Valley in Paragraph 187. Defendant denies that Pierce is entitled to any relief in the allegations set forth in Paragraph 187.

188.    Defendant City admits that Egan is asserting a claim against Saucedo, Vasquez, Farias, Salvaggio, and Leon Valley in Paragraph 188.  Defendant denies that Egan is entitled to any relief in the allegations set forth in Paragraph 188.

189.    Defendant City admits that Jason Green is asserting a claim against Saucedo, Salvaggio, and Leon Valley in Paragraph 189.  Defendant denies that Jason Green is entitled to any relief in the allegations set forth in Paragraph 189.

190.    Defendant City admits that Springer is asserting a claim against Mandry, Evans, Salvaggio, and Leon Valley in Paragraph 190.  Defendant denies that Springer is entitled to any relief in the allegations set forth in Paragraph 190.

191.    Defendant City admits that Gardiner is asserting a claim against Vasquez, Farias, Salvaggio, and Leon Valley in Paragraph 191.  Defendant denies that Gardiner is entitled to any relief in the allegations set forth in Paragraph 191.

192.    Defendant City admits that Herrera is asserting a claim against Saucedo, Griego, Salvaggio, and Leon Valley in Paragraph 192.  Defendant denies that Griego is a defendant in this cause. Defendant denies that Herrera is entitled to any relief in the allegations set forth in Paragraph 192.

193.    Defendant City admits that Juan Gonzales is asserting a claim against Vasquez, Griego, Salvaggio, and Leon Valley in Paragraph 193.  Defendant denies that Griego is a defendant in this cause.  Defendant denies that Juan Gonzales is entitled to any relief  in the allegations set forth in Paragraph 193.

194.    Defendant City admits that Egan is asserting a claim against Saucedo, Vasquez, Farias, Salvaggio, and Leon Valley in Paragraph 194.  Defendant denies that Egan is entitled to any relief in the allegations set forth in Paragraph 194.

195.    Defendant City admits that Jonathon Green is asserting a claim against Saucedo, Vasquez, Friego, Evans, Farias, Salvaggio, and Leon Valley in Paragraph 195. Defendant denies that Jonathon Green is entitled to any relief in the allegations set forth in Paragraph 195.

196.    Defendant City admits that Richard is asserting a claim against Saucedo, Rivera, Salvaggio, and Leon Valley  in Paragraph 196.  Defendant denies that Richard is entitled to any relief in the allegations set forth in Paragraph 196.

197.     Defendant City admits that Miller is asserting  a claim against  Salvaggio, and Leon Valley in Paragraph 197.  Defendant denies that Miller is entitled to any relief  in the allegations set forth in Paragraph 197.

198.     Defendant City denies the allegations set forth in Paragraph 198.

199.     Defendant City denies the allegations set forth in Paragraph 199.

200.     Defendant City denies the allegations set forth in Paragraph 200.

Count 13-June 23, 2018 Incident
Excessive Force and Refusal to Medically Treat – 42 USC 1983 and the
Fourth and Fourteenth Amendments
Plaintiffs Egan, Pierce, Jason Green,  and Jonathon Green
Vs.
Defendants Leon Valley, Salvaggio, Jane Doe Goldman, Saucedo, Vasquez, Friego, and Evans

201.     Defendant City denies the allegations set forth in Paragraph 201.

202.     Defendant City denies the allegations set forth in Paragraph 202.

203.     Defendant City admits that Jason Green is asserting a claim against Saucedo, Vasquez, Friego, Evans, Farias, Salvaggio, and Leon Valley in Paragraph 203.  Defendant denies that Jason Green is entitled to any relief  in the allegations set forth in Paragraph 203.

204.     Defendant City admits that Jonathon Green is asserting a claim against Saucedo, Vasquez, Friego, Evans, Farias, Salvaggio, and Leon Valley in Paragraph 204.   Defendant denies that Jonathon Green is entitled to any relief in the allegations set forth in Paragraph 204.

205.     Defendant City admits that Egan is asserting a claim against Saucedo, Vasquez, Salvaggio, and Leon Valley in Paragraph 205.  Defendant denies that Egan is entitled to any relief in the allegations set forth in Paragraph 205.

206.     Defendant City denies the allegations set forth in Paragraph 206.

207.     Defendant City denies the allegations set forth in Paragraph 207.

Count 15-June 23, 2018 Incident
 Malicious Prosecution – 42 USC 1983 and the Fourth  Amendment
Plaintiffs Howd, Jason Green, and Springer
Vs.
Defendants Leon Valley, Salvaggio, Mandry, Saucedo, Parra, Hernandez, Evans, LaHood, Joe
Gonzales

208.    Defendant City denies the allegations set forth in Paragraph 208.

209.    Defendant City admits that Howd is asserting a claim against Parra, Hernandez, Salvaggio, Leon Valley, LaHood, and Joe Gonzales  in Paragraph 209.  Defendant denies that Howd is entitled to any relief in the allegations set forth in Paragraph 209.

210.    Defendant City admits that Jason Green is asserting a claim against Saucedo, Salvaggio, Leon Valley, LaHood, and Joe Gonzales in Paragraph 210.  Defendant denies that Saucedo is a Defendant in the instant case. Defendant denies that Jason Green is entitled to any relief in the allegations set forth in Paragraph 210.

211.    Defendant City admits that Springer is asserting a claim against Mandry, Evans, Salvaggio, Leon Valley, LaHood, and Joe Gonzales in Paragraph 211.  Defendant denies that Springer is entitled to any relief  in the allegations set forth in Paragraph 211.

212.    Defendant City lacks knowledge or information sufficient to form a belief about the truth regarding if criminal proceedings were commenced against all Plaintiffs in Paragraph 212. Defendant denies the remaining allegations in Paragraph 212.

213.    Defendant City denies the allegations set forth in Paragraph 213.

214.    Defendant City denies the allegations set forth in Paragraph 214.

215.    Defendant City denies the allegations set forth in Paragraph 215.

216.    Defendant City denies the allegations set forth in Paragraph 216.

217.    Defendant City denies the allegations set forth in Paragraph 217.

*Monell* Liability

218.    Defendant City denies the allegations set forth in Paragraph 218.

219.    Defendant City denies the allegations as set forth in Paragraph 219.

220.    Defendant City denies the allegations as set forth in Paragraph 220.

221.    Defendant City denies all the allegations as set forth in Paragraph 221.

222.    Defendant City denies the allegations as set forth in Paragraph 222.

223.    Defendant City denies the allegations as set forth in Paragraph 223.

225.    Defendant City denies the allegations as set forth in Paragraph 225.  Defendant denies Plaintiffs are entitled to the relief requested in Paragraph 225.

226.    Defendant City denies all the allegations as set forth in Paragraph 226.

227.    Defendant City denies the allegations as set forth in Paragraph 227.  Defendant denies Plaintiffs are entitled to the relief requested in Paragraph 227.

228.    Defendant City denies the allegations in Paragraph 228.

## Prayer for Relief

229.    Defendant City denies all the allegations  and relief set forth in Plaintiffs' Prayer for Relief.  Defendant City denies that Plaintiffs are entitled to the relief requested.

## Jury Demand

230.    Defendant City admits Plaintiffs have requested a trial by jury as set forth in their jury demand.  Defendant denies the remainder of Plaintiffs' request.

## II. AFFIRMATIVE AND OTHER DEFENSES

231.    The Court lacks subject matter jurisdiction to consider the causes of action set forth in Plaintiff's Second Amended Complaint.

232.    Plaintiffs lacks standing to bring causes of action against Defendant City.

233.    Plaintiffs' Second Amended Complaint fails to state a cause of action against Defendant City upon which relief may be granted under 42 U.S.C. §1983, and the First, Fourth and Fourteenth Amendments.

234.    Defendant City asserts that it acted in compliance with and did not deny Plaintiffs any right or privilege granted or secured by the Constitution of the United States and the State of Texas.

235.    Plaintiffs fail to state a *Monell* cause of action, as a matter of law.

236.    Defendant City alleges affirmatively that it is a governmental entity, organized and operating under the laws of the State of Texas, with sovereign or governmental immunity from claims asserted by Plaintiffs.   Defendant City asserts in full its statutory and common law immunities from suit and limitation on liability from all of Plaintiffs' claims.

237.    Defendant City asserts that Plaintiffs cannot establish a deprivation of constitutional or other federally protected rights as a result of some official policy, practice or custom of the City.

238.    There is no policy or practice of  Defendant City which was the basis of the actions of which Plaintiffs complain for which either (1) the policy itself violated Federal or State law or authorized or directed the deprivation of Federal or State rights, or (2) the policy was adopted or maintained by the municipality's policymakers with "deliberate indifference" as to its known or obvious consequences.

239.    Defendant City did not adopt a custom and policy that caused Plaintiffs' alleged constitutional violations.

240.    Defendant City asserts Plaintiffs have failed to state a violation of Constitution or laws sufficient to support a claim of "excessive force."

241.    Alternatively, Plaintiff's excessive force claim fails because the plaintiff's alleged injuries, are not more than *de minimis*.

242.    Defendant asserts that it is entitled to defenses pursuant to Fed. R. Civ. P. 8(c), to include assumption of the risk, contributory negligence, estoppel, waiver, statute of limitations, fraud and illegality; and that the occurrences in question and any damages resulting therefrom, were caused in whole or in part by Plaintiffs' own negligent, reckless, intentional or willful actions, or other conduct in conspiring with others or under the law of parties in violation of the law.

243.    Defendant City asserts that any claim premised upon the law of negligence will not support a claim of constitutional dimension under 42 U.S.C. §1983.

244.    Defendant Salvaggio is not a policymaker or final policymaker for the City.

245.    Defendant Anderson, and other supervisors are not  policymakers or final policymakers for the City.

246.    The Defendant City asserts that any claim premised upon the doctrine of *respondeat superior* will not support a claim of a constitutional dimension under 42 U.S.C. §1983.

247.    Defendant City asserts the defense of any and all statutory caps on damages, costs and attorneys' fees recoverable.  Specifically, Defendant asserts immunity from punitive damages.

248.    Defendant City asserts all limitations and caps found in the Texas Tort Claims Act and any other statute or law.

249.    Defendant City files this Original Answer subject to and without waiving its claims of immunity and other claims raised in any Fed. R. Civ. P. 12(b) motions to dismiss.

250.    Defendant City further asserts mitigation of damages and right to set off as affirmative defenses.

251.    Defendant City  has sovereign immunity under the Texas Tort Claims Act from any actions asserted by Plaintiffs  for negligence claims and intentional tort claims, Texas Torts Claims Act, §101.057.

252.     In the alternative, Defendant City invokes contributory negligence and/or proportionate responsibility and would show unto the court that a proximate cause of the incident made the basis of this lawsuit was the negligent, willful, reckless, and/or otherwise illegal acts of Plaintiffs on the date in question and would show that the damages sustained by Plaintiffs, if any, were caused by Plaintiffs' actions.

253.     In the alternative, if the same be required, Defendant City asserts its actions were not the cause of Plaintiffs' alleged injuries, and that any injuries and resulting damages shown by Plaintiffs in this matter were caused by pre-existing conditions and/or parties other than Defendant City or by Plaintiffs.

### III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant CITY OF LEON VALLEY, prays Plaintiffs take nothing by this suit, and that upon final hearing hereon, all relief sought by Plaintiffs be denied; and that Defendant City be given such other and further relief, at law or in equity, general or special, to which Defendant City may be justly entitled.

Signed this 5th day of January 2021.

Respectfully submitted,

DENTON NAVARRO ROCHA BERNAL & ZECH
A Professional Corporation
2517 N. Main Avenue
San Antonio, Texas 78212
Telephone:     (210) 227-3243
Facsimile:     (210) 225-4481
pbernal@rampagelaw.com
aruiz@rampagelaw.com

BY:     */s/ Adolfo Ruiz*_____
PATRICK C. BERNAL
State Bar No. 02208750
ADOLFO RUIZ
State Bar No. 17385600
COUNSEL FOR DEFENDANT
CITY OF LEON VALLEY

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served upon the below named individual(s) via certified mail, return receipt requested, unless otherwise indicated, and according to the Federal Rules of Civil Procedure on the 5th day of January, 2021.

Brandon J. Grable                                          **E-NOTIFICATION**
GRABLE LAW FIRM PLLC
1603 Babcock Road, Suite 118
San Antonio, Texas 78229

Solomon M. Radner                                          **E-NOTIFICATION**
Johnson Law, PLC
Buhl Building
535 Griswold Street, Suite 2632
Detroit, MI 48226

Charles S. Frigerio                                        **E-NOTIFICATION**
Law Offices of Charles S. Frigerio PC
Riverview Towers
111 Soledad, Ste. 840
San Antonio, Texas 78205

*/s/ Adolfo Ruiz*_____
PATRICK C. BERNAL
ADOLFO RUIZ

Defendant City's Original Answer to 2nd Amended Complaint                    Page 29