UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUSSELL ZINTER, et al., | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | 5:18-cv-00680-JKP-RBF |
| | ) | |
| CHIEF JOSEPH SALVAGGIO, et al., | ) | |
| | ) | |
| *Defendants*. | ) | |

## BEXAR COUNTY'S MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Now come Defendants Nico LaHood and Joe Gonzales ("Bexar County"), who are both named in this action in their official capacities as the current and former Bexar County Criminal District Attorney,[1] and file this Motion to Dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6).

### BACKGROUND

1.      Plaintiffs initiated this litigation by filing their Complaint and Amended Complaint in July 2018, and, following a nearly two-year stay of these proceedings between November 2018 and October 2020, filed a Second Amended Complaint in November 2020, naming Bexar County as a

---

[1] Plaintiffs' Second Amended Complaint sets forth claims against both Nico LaHood and Joe Gonzales "only in their official capacities[,]" docket no. 87 at 2, ¶¶ 56, 58, and therefore represent another way of pleading Plaintiffs' claims against Bexar County. *Rosas v. Bexar Cty.*, No. 5:14-CV-1082-DAE, 2015 WL 1955406, at *3 (W.D. Tex. Apr. 29, 2015) (quoting *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 690 n. 55 (1978)). As the Second Amended Complaint notes, Nico LaHood was Bexar County's elected Criminal District Attorney until January 2019, when his term in office expired and Joe Gonzales assumed that office. The Federal Rules of Civil Procedure provide for the automatic substitution of public officers upon separation from office. Fed. R. Civ. P. 25(d). Undersigned counsel thus appears on behalf of Bexar County and Bexar County Criminal District Attorney Joe Gonzales in his official capacity, but not on behalf of Nico LaHood in his individual capacity.

Bexar County's Motion to Dismiss
*Russell Zinter et al. v. Chief Joseph Salvaggio, et al.*
5:18-cv-00680-JKP-RBF                                                                                                 1 of 15

Defendant for the first time. Docket nos. 1, 3, 66, 79, 87. Plaintiffs are a group of fifteen protestors who demonstrated outside the Leon Valley Police Department on June 14, 18, and 23, 2018, and who allege that they were subsequently subjected to unreasonable searches and seizures by the Leon Valley Police Department (LVPD) and its Chief and officers. Docket no. 87 at ¶¶ 1-3.

2.     Plaintiffs allege that, on June 14, 2018, a small crowd of protestors gathered outside the Leon Valley Police Department building were subjected to excessive force and unreasonable arrest. One of the protestors, Plaintiff Mark Brown, alleges that he was "frivolously and maliciously charged with Interference with Public Duties, and Resisting Arrest, both of which were thrown out by the prosecutor and dismissed by the Bexar County Court on April 9, 2019." Docket no. 87 at ¶ 60-71. Next, Plaintiffs allege that, on June 18, 2018, during a second protest outside the Leon Valley Police Department, a group of protesters that included Plaintiffs Russell Zinter, James Mead, Joseph Brandon Pierce, David Bailey, Juan Gonzales, and James Springer were subjected to unlawful arrests and seizures. Plaintiffs allege that Bailey was arrested for "Obstructing a Highway or Other Passageway"; that Juan Gonzales and James Springer were arrested and charged with Interference with Public Duties but that the magistrate rejected the charge; and that James Mead was charged with Failure to Identify as a Witness. Docket no. 87 at ¶¶ 73-77.

3.     Next, Plaintiffs allege that, on June 23, 2018, during another assembly outside the Leon Valley Police Department, an unknown individual posted comments on a YouTube page used by some of the protesters that contained LVPD Chief Joseph Salvaggio's home address. Docket no. 87 at ¶¶ 81-84. Plaintiffs allege that Salvaggio then lured the protestors into attendance at a press conference, during which Salvaggio ordered the arrests and submission of criminal charges against several of the assembled protestors. Docket no. 87 at ¶¶ 80-89. Specifically, Plaintiffs allege that

Bexar County's Motion to Dismiss
*Russell Zinter et al. v. Chief Joseph Salvaggio, et al.*
5:18-cv-00680-JKP-RBF                                                                                                              2 of 15

an LVPD officer, Mandry, "lied in his report to get [James] Springer charged with a felony" under Texas Penal Code 30.06; that Joseph Brandon Pierce and Jason Green were arrested and charged with Interference with Public Duties and Failure to Identify; and that Brian Howd was arrested for Interference with Public Duties and Resisting Arrest and charged a second time in December 2018. Docket no. 87 at ¶ 90.

4. Plaintiffs' Second Amended Complaint sets forth their claims in fifteen counts. Counts 5, 10, and 15 include claims against Bexar County. In Count 5, Plaintiff Mark Brown asserts a claim for "Abuse of Process and Malicious Prosecution" pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments. Plaintiffs allege that, following Brown's arrest by LVPD officers on June 14, 2018, "Defendants LaHood and Gonzales enacted unconstitutional policies and procedures to maliciously and frivolously prosecute Mr. Brown, and to retaliate against him for engaging in constitutionally protected conduct." Docket no. 87 at ¶ 110. Referring to all defendants, Plaintiffs allege that "they procured a prosecution against Plaintiff knowing he is innocent of the charged crime"; "initiated the charges to somehow justify their own unlawful actions"; "initiated or procured the proceeding with their false statements and charges"; "lacked probable cause to initiate the criminal proceeding"; and that "[t]he proceeding was terminated in plaintiff's favor when the charges were dismissed." Docket no. 87 at ¶¶ 109, 111-17.

5. In Count 10, Plaintiffs David Bailey and James Springer assert claims for malicious prosecution pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments. Plaintiffs allege that, following James Springer's arrest on June 18, 2018, his charge for interference was rejected by the Bexar County Magistrate "but [LaHood and Gonzales] re-charged Mr. Springer in December 2018, based on the herein complained of unconstitutional policy." Docket no. 87 at ¶ 158. Similarly, Plaintiffs allege that, following David Bailey's arrest on the same day and the

Bexar County's Motion to Dismiss
*Russell Zinter et al. v. Chief Joseph Salvaggio, et al.*
5:18-cv-00680-JKP-RBF                                                                                           3 of 15

dismissal of his charges on October 4, 2019, the charges were "then refiled and prosecuted again by these defendants on Oct 11, 2019; the second prosecution was finally dismissed on January 14, 2020." Docket no. 87 at ¶ 159.

6. In Count 15, Plaintiffs Brian Howd, Jason Green, and James Springer assert malicious prosecution claims pursuant to 42 U.S.C. § 1983 and the Fourth Amendment. Plaintiffs allege that, following their arrests on June 23, 2018, "[c]riminal proceeding[s] were commenced against the Plaintiffs" which they allege "[t]he defendants initiated or procured . . . through their false statements and charges"; that "[t]he proceedings were terminated in the Plaintiffs' favor"; that "[t]he defendants were innocent of the crimes charged"; and that "[t]he defendants lacked probable cause to initiate the criminal proceedings and acted with malice." Docket no. 87 at ¶¶ 209-17.

7. Plaintiffs make several references to "the herein complained of unconstitutional policies" they allege were maintained by LaHood and Gonzales, docket no. 87 at ¶¶ 158, 159, 228, presumably in reference to paragraph 12 of the Second Amended Complaint, where Plaintiffs allege a "policy or practice" by BCDA to:

> Prosecute the plaintiffs, hang the possibility of jail time and criminal/felony records over their heads, assign multiple prosecutors to these frivolous cases, all to coerce and extort a plea bargain out of the plaintiffs, for the sole purpose of protecting and defending the unlawful actions of the defendants police officers, specifically because Plaintiffs were exercising their rights to free speech.

Docket no. 87 at ¶ 12.

## LEGAL STANDARDS

8. The sufficiency of a pleading to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) is evaluated under the two-step process outlined by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). First, the Court must identify the Complaint's factual allegations, which are assumed to be true, and

Bexar County's Motion to Dismiss
*Russell Zinter et al. v. Chief Joseph Salvaggio, et al.*
5:18-cv-00680-JKP-RBF                                                                                      4 of 15

distinguish them from any conclusory statements that are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678, 680-81. Second, the Court must assess whether the assumed-as-true factual allegations set forth a plausible claim to relief. This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense" to determine whether "the well-pleaded facts . . . permit the court to infer more than the mere possibility of misconduct[.]" *Iqbal*, 556 U.S. at 679. Ultimately, the claim is subject to dismissal if it lacks "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ARGUMENT

9.  Taken together, the allegations set forth against Bexar County in Counts 5, 10, 15, of Plaintiffs' Second Amended Complaint are that the Bexar County Criminal District Attorney's Office initiated criminal proceedings against Mark Brown, David Bailey, James Springer, Brian Howd, and Jason Green. Plaintiffs allege that BCDA prosecuted these individuals after LVPD officials had subjected them to unreasonable searches and seizures, and did so in reliance on partially false information presented to them by LVPD officials. Docket no. 87 at ¶¶ 69, 77, 90, 112, 161, 213. Plaintiffs also assert a conclusion—not supported by any facts pleaded in the Second Amended Complaint—that Bexar County prosecutors acted with an improper motive: To shield LVPD officers from liability for the constitutional violations that Plaintiffs allege, and to retaliate against Plaintiffs for exercising their rights to free speech. Docket no. 87 at ¶ 12. Plaintiffs allege that these prosecutions violated their constitutional rights, and are therefore actionable under Section 1983, because they were motivated by this improper purpose, and because the prosecutions involved the possibility of jail time and criminal records, because multiple prosecutors were

Bexar County's Motion to Dismiss
*Russell Zinter et al. v. Chief Joseph Salvaggio, et al.*
5:18-cv-00680-JKP-RBF                                                                                                    5 of 15

assigned to the cases, and because prosecutors discussed the possibility of plea agreements to the plaintiffs. Docket no. 87 at ¶ 12.

10.     For several reasons, these allegations are insufficient to state any viable claim against Bexar County, the Bexar County Criminal District Attorney's Office, Joe Gonzales, or Nico LaHood. First, Plaintiffs' claims against the BCDA are squarely precluded by prosecutorial immunity, under which "[a] prosecutor is absolutely immune when she acts in her role as an advocate for the state by initiating and pursuing prosecution[,]" *Morgan v. Chapman*, 969 F.3d 238, 244 (5th Cir. 2020). These claims are also precluded by the Eleventh Amendment immunity that prohibits claims against state officers. *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009)**.** Second, Plaintiffs have not pleaded facts that could show Bexar County's § 1983 liability as a municipal entity, since they have not pleaded facts sufficient to show any policy or practice of Bexar County, much less one that caused the constitutional deprivations they allege. Third, Plaintiffs' Section 1983 are not viable because, even setting aside immunity and *Monell* issues, Plaintiffs have failed to plead facts that could show any underlying constitutional violation by BCDA. This is especially true since the Fifth Circuit has long held—and recently affirmed—that "malicious prosecution and abuse of process are not viable theories of constitutional injury" and therefore are an insufficient basis for a viable Section 1983 claim. *Morgan*, 969 F.3d at 241 (discussing *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003) (en banc)).

11.     Any one of these defects would alone be sufficient to require the dismissal of Plaintiffs' claims against Bexar County. For all of these reasons, the Bexar County Defendants' Motion to Dismiss should be granted, and Plaintiffs' claims against Bexar County should be dismissed in their entirety under Federal Rule of Civil Procedure 12(b)(6).

Bexar County's Motion to Dismiss
*Russell Zinter et al. v. Chief Joseph Salvaggio, et al.*
5:18-cv-00680-JKP-RBF                                                                                                          6 of 15

### A. Plaintiffs' Claims Against Bexar County are Barred by Prosecutorial and Eleventh Amendment Immunity

12.     "A prosecutor is absolutely immune when she acts in her role as an advocate for the state by initiating and pursuing prosecution." *Morgan v. Chapman*, 969 F.3d 238, 244 (5th Cir. 2020) (citing *Burns v. Reed*, 500 U.S. 478, 491 (1991)). The application of this immunity in Section 1983 actions is rooted in the common law immunity long afforded to prosecutors, and it serves the same purposes: shielding the independent judgment of prosecuting officials from the influence of harassing and burdensome litigation. *Imbler v. Pachtman*, 424 U.S. 409, 423-24 (1976) (quoting *Pearson v. Reed*, 44 P.2d 592, 596 (1935)). This immunity extinguishes claims against prosecutors for acts taken to initiate prosecution "even when they initiate prosecution maliciously, wantonly, or negligently." *Morgan*, 969 F.3d at 244; *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987) (absolute prosecutorial immunity extinguishes claims even "in the face of allegations of the knowing use of perjured testimony and the withholding of exculpatory information"); *see also Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir. 2016) (prosecutorial immunity applied "despite the fact that charges against the plaintiff were later dropped.").

13.     Plaintiffs' Second Amended Complaint makes clear that their claims against Bexar County arise from acts that BCDA prosecutors took in connection with the judicial process, to initiate and pursue prosecutions. They complain that the Bexar County Defendants "procured a prosecution against Plaintiff"; "initiated the charges"; "maliciously and frivolously prosecute[d] Mr. Brown"; and subjected Plaintiffs to "overzealous prosecution for . . . a minor charge." Docket no. 87 at ¶¶ 109-10, 159, 161, 212-13, 216. Plaintiffs do not allege any facts suggesting that BCDA prosecutors had any involvement in the investigatory activities of the LVPD Defendants. These pleadings in

Bexar County's Motion to Dismiss
*Russell Zinter et al. v. Chief Joseph Salvaggio, et al.*
5:18-cv-00680-JKP-RBF                                                                 7 of 15

Plaintiffs' Second Amended Complaint therefore demonstrate that their claims against BCDA are squarely foreclosed by prosecutorial immunity.[2]

14.     Additionally, Plaintiffs' claims against the Bexar County Defendants are barred by the Eleventh Amendment immunity of state officers. Plaintiffs assert their claims against the Bexar County Defendants based on the acts of Bexar County's Criminal District Attorney in his official capacity. Docket no. 87 at ¶ 56. "When acting in their official capacities, Texas district attorneys are considered agents of the state, which are immune from claims for damages under the Eleventh Amendment." *Cruts v. Travis Cty. Corr. Complex*, No. A-19-CV-1224-RP, 2020 WL 532935, at *3 (W.D. Tex. Feb. 3, 2020) (citing *Quinn v. Roach*, 326 Fed. App'x 280, 292-93 (5th Cir. May 4, 2009)).

### B. Plaintiffs Have Not Pleaded Facts That Could Show a Policy or Practice of Bexar County

15.     Plaintiffs contend that Bexar County's elected Criminal District Attorney is liable in his official capacity[3] under 42 U.S.C. § 1983 for prosecuting Plaintiffs. As discussed above, prosecutorial and Eleventh Amendment immunity precludes these claims, but even if they did not, they would not be viable because Plaintiffs have not pleaded facts that could show Bexar County's

---

[2]  In the event that Plaintiffs sought to assert any state-law claim against Bexar County based on the facts alleged in their Second Amended Complaint, that claim would be foreclosed by governmental immunity in addition to the prosecutorial immunity described above. *See generally Hillman v. Nueces Cty.*, 579 S.W.3d 354, 357 (Tex. 2019), reh'g denied (Aug. 30, 2019) (governmental immunity barred claims against "the County, the District Attorney's Office, and then-District Attorney . . . in his official capacity").

[3]  Plaintiffs assert their Section 1983 claims against the current and former Bexar County Criminal District Attorney in their official capacity only. Docket no. 87 at ¶ 56. Official capacity suits against a government official such as the Bexar County Criminal District Attorney "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Rosas v. Bexar Cty.*, No. 5:14-CV-1082-DAE, 2015 WL 1955406, at *3 (W.D. Tex. Apr. 29, 2015) (quoting *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 690 n. 55 (1978)).

Bexar County's Motion to Dismiss
*Russell Zinter et al. v. Chief Joseph Salvaggio, et al.*
5:18-cv-00680-JKP-RBF                                                                                                                      8 of 15

municipal liability under Section 1983. Municipal entities such as Bexar County may be liable under Section 1983, but only if plaintiffs can show "some policy or custom that causes a constitutional violation." *Quinn v. Guerrero*, 863 F.3d 353, 364 (5th Cir. 2017). Plaintiffs allege that Bexar County is liable under Section 1983 because it:

> enacted and enforced an unconstitutional policy or practice against these plaintiffs, to wit: Prosecute the plaintiffs, hang the possibility of jail time and criminal/felony records over their heads, assign multiple prosecutors to these frivolous cases, all to coerce and extort a plea bargain out of the plaintiffs, for the sole purpose of protecting and defending the unlawful actions of the defendants police officers, specifically because Plaintiffs were exercising their rights to free speech.

Docket no. 87 at ¶ 12. To proceed beyond the pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts.'" *Pena*, 879 F.3d at 622. Plaintiffs' pleading of a municipal policy or practice is insufficient to establish *Monell* liability for several reasons.

16. To begin with, the bulk of this description does not describe a "policy" or "practice" at all, but merely recites a few characteristics typical of virtually any prosecution. Criminal prosecutions nearly always involve the possibility of jail time, a criminal record, the possibility of a plea bargain, and the participation of more than one prosecutor. None of these characteristics "cause[] a constitutional violation." *Quinn*, 863 F.3d at 364. To the extent that these characteristics of criminal prosecution can be described as a "policy" or "practice" at all, they cannot serve as a basis for *Monell* liability.

17. The remainder of Plaintiffs' allegation of a policy or practice consists of an assertion that Bexar County prosecuted Plaintiffs with improper motives: To protect and defend the "unlawful actions" of the defendant police officers, and to retaliate against Plaintiffs for exercising their rights to free speech. But Plaintiffs merely assert a conclusion that this impermissible motive was the

Bexar County's Motion to Dismiss
*Russell Zinter et al. v. Chief Joseph Salvaggio, et al.*
5:18-cv-00680-JKP-RBF                                                                                                    9 of 15

true reason for BCDA prosecution of Plaintiffs—they do not plead facts that could make that conclusion plausible. The *Iqbal* case is instructive. In that case, the plaintiff described a policy of subjecting certain post-9-11 detainees to restrictive conditions of confinement, and then alleged that Attorney General John Ashcroft and FBI Director Robert Mueller had adopted and enforced that policy with an improper motive: "solely on account of [plaintiff's] religion, race, and/or national origin[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). This pleading of an improper motive was insufficient to state a plausible claim, the Court explained, because it amounted to "nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim . . . namely, that petitioners adopted a policy '"because of," not merely "in spite of," its adverse effects upon an identifiable group[.]'" *Iqbal*, 556 U.S. at 681.

18.     Similarly, a viable First Amendment retaliation claim requires the showing of a "but-for" causal relationship between the retaliatory motive and the injury: "It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must *cause* the injury." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (citing *Hartman v. Moore*, 547 U.S. 250, 259 (2006)). By merely announcing a conclusion that a retaliatory motive existed—but pleading no facts that could make that conclusion plausible or could show that the supposed retaliatory motive caused the prosecution, Plaintiffs have failed to state a viable Section 1983 retaliation claim, whether against any individual BCDA prosecutor or against Bexar County as a municipal entity.[4]

---

[4] Both *Hartman* and *Nieves* addressed retaliation claims against investigating or arresting law enforcement officers. Notably, neither case addressed the causal requirement for a retaliation claim against a prosecuting attorney—because, as both courts observed, "the prosecutor . . . is absolutely immune from liability for the decision to prosecute." *Hartman*, 547 U.S. at 262; *Nieves*, 139 S. Ct. at 1723.

Bexar County's Motion to Dismiss
*Russell Zinter et al. v. Chief Joseph Salvaggio, et al.*
5:18-cv-00680-JKP-RBF                                                                                          10 of 15

19.     Moreover, Plaintiffs allege that they were prosecuted pursuant to an "unconstitutional policy or practice" of pursuing prosecutions in retaliation against those who "exercis[e] their rights to free speech[,]" docket no. 87 at ¶ 12—but they do not identify anyone who was subjected to this supposed policy or practice other than themselves. "To adequately plead that a custom or policy exists, the plaintiff 'must do more than describe the incident that gave rise to his injury.'" *Koshnick v. City of Lakeway*, No. 1:17-CV-852-LY, 2018 WL 4623665, at *3 (W.D. Tex. Sept. 26, 2018) (quoting *Peña v. City of Rio Grande City*, 879 F.3d 613, 619 (5th Cir. 2018)); *Piotrowski v. City of Houston*, 237 F.3d 567, 581 (5th Cir. 2001) ("Isolated violations are not the persistent, often repeated, constant violations, that constitute custom and policy as required for municipal section 1983 liability." (quoting *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984) (en banc))). Rather, to establish that a municipal entity is liable for a constitutional deprivation carried out pursuant to a custom or practice, a plaintiff must show that the custom or practice is "so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

20.     Plaintiffs at no point allege that Bexar County or any County official formally adopted a policy of retaliating against free speech. A municipal entity "cannot be liable for an unwritten custom unless '[a]ctual or constructive knowledge of such custom' is attributable to a [municipal] policymaker." *Pena*, 879 F.3d at 623 (quoting *Hicks-Fields v. Harris Cty., Texas*, 860 F.3d 803, 808 (5th Cir. 2017)). Actual knowledge may be shown based on discussions among a lawmaking body or through the receipt of written information; constructive knowledge may arise where "the violations were so persistent and widespread that they were the subject of prolonged public discussion or of a high degree of publicity." *Hicks-Fields*, 860 F.3d at 809 (quoting *Bennett*, 728 F.2d at 768). Plaintiffs do not plead facts that could show either. Plaintiffs' unsupported assertion

Bexar County's Motion to Dismiss
*Russell Zinter et al. v. Chief Joseph Salvaggio, et al.*
5:18-cv-00680-JKP-RBF                                                                                                   11 of 15

that Bexar County prosecuted them in order to in some way defend the allegedly unconstitutional acts of the police officer Defendants and to retaliate against free speech are insufficient to state a claim of *Monell* liability, and, as discussed below, is insufficient to show any constitutional violation at all. *Cf. Pena*, 879 F.3d at 622 (allegations that a municipality maintained a "general policy of 'disregard[ing] . . . the rights of African American citizens' and of 'engag[ing] [African Americans] without regard to probable cause to arrest'" were too "vague and conclusory" to state a viable Section 1983 municipal liability claim (discussing *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997))).

### C. Plaintiffs Have Not Pleaded Facts that Could Show Any Underlying Constitutional Violation By BCDA

21. More fundamentally, Plaintiffs have failed to state a viable Section 1983 claim against Bexar County, former BCDA Nico LaHood, or current BCDA Joe Gonzales because they have failed to plead facts that could show any underlying constitutional violation. "As is well established, every *Monell* claim requires 'an underlying constitutional violation.'" *Hicks-Fields v. Harris Cty., Texas*, 860 F.3d 803, 808 (5th Cir. 2017) (quoting *Whitley v. Hanna*, 726 F.3d 631, 637 (5th Cir. 2013)). Plaintiffs purport to assert Section 1983 claims against Bexar County for "abuse of process" and "malicious prosecution." Docket no. 87 at 26, 33, 39. But, as the Fifth Circuit has recently clarified, "there is no constitutional right to be free from abuse of process" and "there is no freestanding right under the Constitution to be free from malicious prosecution." *Morgan v. Chapman*, 969 F.3d 238, 247 (5th Cir. 2020); *Arnold v. Williams*, 979 F.3d 262, 270 (5th Cir. 2020); *see also Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003) (en banc). Because neither "abuse of process" nor "malicious prosecution" implicate any right protected by the constitution, such claims cannot serve as the basis of a viable Section 1983 claim. *Morgan*, 969 F.3d at 246.

Bexar County's Motion to Dismiss
*Russell Zinter et al. v. Chief Joseph Salvaggio, et al.*
5:18-cv-00680-JKP-RBF                                                                                              12 of 15

22. Plaintiffs do not allege that Nico LaHood, Joe Gonzales, or any other BCDA official engaged in any conduct that was otherwise violative of any constitutional right. *Cf. Arnold*, 979 F.3d at 270 (noting that "facts amounting to malicious prosecution are properly alleged as part of an actual Fourth Amendment claim, such as unreasonable search or seizure."); *Roe v. Johnson Cty., Texas*, No. 3:18-CV-2497-B-BN, 2020 WL 5542333, at *4 (N.D. Tex. Sept. 15, 2020) (same). Counts 5, 10, and 15 of Plaintiffs Second Amended Complaint set forth claims jointly against BCDA and against several of the LVPD Defendants, and the captions of those Counts suggest that the bases for the claims include abuse of process, malicious prosecution, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments. Docket no. 87 at 26, 33, 39. It is therefore unclear whether Plaintiffs' Second Amended Complaint purports to assert Fourth or Fourteenth Amendment claims against BCDA. Plaintiffs do not allege that Nico LaHood, Joe Gonzales, or any other BCDA official arrested them, held them in custody, or deprived them of any pretrial process guaranteed by the Fourteenth Amendment—only that BCDA prosecuted the criminal charges filed against them before later dismissing the charges. Plaintiffs characterize these prosecutions as 'abusive' and "malicious," but do not explain how they violated Plaintiffs' rights under the Fourth and Fourteenth Amendment. Plaintiffs have therefore failed to state any underlying constitutional violation to supply the necessary predicate for any Section 1983 claim against Bexar County, much less a *Monell* claim.

## CONCLUSION

23. Plaintiffs' Second Amended Complaint purports to assert abuse of process and malicious prosecution claims against the current and former Bexar County Criminal District Attorney in their official capacity. Plaintiffs' pleading makes clear that the sole basis for their claims is that BCDA prosecutors engaged in the judicial process of pursuing criminal charges, later dismissed, against

Bexar County's Motion to Dismiss
*Russell Zinter et al. v. Chief Joseph Salvaggio, et al.*
5:18-cv-00680-JKP-RBF                                                                                                  13 of 15

them—precisely the prosecutorial conduct that has long been recognized to be shielded by both absolute prosecutorial immunity and immunity from suit in federal court under the Eleventh Amendment. But even aside from these immunity doctrines, Plaintiffs have failed to plead facts that could establish Bexar County's municipal liability under Section 1983, and have failed to plead facts that could show any underlying constitutional violation that could support *any* Section 1983 claim against a Bexar County entity or officer. For all of these reasons, Plaintiffs' claims against Nico LaHood, Joe Gonzales, BCDA, and Bexar County should be dismissed in their entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

        Respectfully Submitted,
        JOE GONZALES
        Bexar County Criminal District Attorney

By:    /s/ Robert Green
        **ROBERT D. GREEN**
        Bar No. 24087626
        Assistant District Attorney, Civil Division
        101 W. Nueva, 7th Floor
        San Antonio, Texas 78205
        Phone: (210) 335-2146
        Fax: (210) 335-2773
        robert.green@bexar.org
        *Attorney for Bexar County*

Bexar County's Motion to Dismiss
*Russell Zinter et al. v. Chief Joseph Salvaggio, et al.*
5:18-cv-00680-JKP-RBF    14 of 15

## CERTIFICATE OF SERVICE

I hereby certify that, on the 26th day of January, 2021 I electronically filed the foregoing Motion to Dismiss with the Clerk of Court using the CM/ECF system, which provided electronic service upon all parties.

/s/ Robert Green
**ROBERT D. GREEN**

Bexar County's Motion to Dismiss
*Russell Zinter et al. v. Chief Joseph Salvaggio, et al.*
5:18-cv-00680-JKP-RBF                                                                                   15 of 15