UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUSSELL ZINTER, et al., | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | 5:18-cv-00680-JKP-RBF |
| | ) | |
| CHIEF JOSEPH SALVAGGIO, et al., | ) | |
| | ) | |
| *Defendants*. | ) | |

**BEXAR COUNTY'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Now come Defendants Nico LaHood and Joe Gonzales ("Bexar County"), and file this Reply in support of their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

**BACKGROUND AND ARGUMENT**

1.      Plaintiffs' Second Amended Complaint asserts that Bexar County's current and former Criminal District Attorney are liable to them, pursuant to 42 U.S.C. § 1983, for money damages, because they "prosecute[d] the plaintiffs[.]" Docket no. 87 at ¶ 12. Bexar County moved to dismiss and Plaintiffs have filed a Response opposing the Motion to Dismiss. Docket nos. 94, 96.

  **A. Plaintiffs do not Sufficiently Allege Official Capacity Claims Against LaHood and Gonzales; the Claims they do Plead are Barred by Prosecutorial Immunity**

2.      In their Second Amended Complaint, Plaintiffs assert that Nico LaHood and Joe Gonzales violated their constitutional rights because, after the Leon Valley Police Department (LVPD) defendants submitted criminal charges against Plaintiffs to the Bexar County Criminal District Attorney's Office (BCDA), "the charge was prosecuted" and "[c]riminal proceeding[s] were commenced against the Plaintiffs." Docket no. 87 at ¶¶ 12, 110, 111, 160, 212. In its Motion to

Bexar County's Reply in Support of Its Motion to Dismiss
*Russell Zinter et al. v. Chief Joseph Salvaggio, et al.*
5:18-cv-00680-JKP-RBF                                                                                                                    1 of 12

Dismiss, Bexar County argued that these claims are barred by prosecutorial immunity, an immunity that attaches to a prosecutor's "acts in [his] role as an advocate for the state by initiating and pursuing prosecution" and applies "functionally, looking to the nature of the acts and not the title of the actor." *Morgan v. Chapman*, 969 F.3d 238, 244 (5th Cir. 2020). Docket no. 94 at ¶ 12.

3. In response, Plaintiffs argue that, because their claims against LaHood and Gonzales are official capacity claims effectively against Bexar County itself, prosecutorial immunity does not apply. Docket no. 96 at 6-7 (citing *Burge v. Par. of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999) and *Singleton v. Cannizzaro*, 956 F.3d 773, 778 n.3 (5th Cir. 2020)). But stating a viable Section 1983 claim against a municipal entity is not a simple as labeling a claim against an elected official as an "official capacity" claim, and for the reasons stated in Bexar County's Motion to Dismiss and discussed below, Plaintiffs have not pleaded facts that could show Bexar County's liability under Section 1983. The claim that remains—that a prosecuting office is liable to Plaintiffs for money damages under Section 1983 because it prosecuted them—is precisely the sort of claim that prosecutorial immunity prohibits. *Morgan*, 969 F.3d at 244. Plaintiffs may not circumvent this prohibition merely by affixing an "official capacity" label to their claim.

**B. Plaintiffs' Claims Against LaHood and Gonzales Arise from their Performance of Prosecutorial Duties, and the Eleventh Amendment Applies**

4. Bexar County's Motion to Dismiss also noted that Plaintiffs' claims against it are additionally barred by Eleventh Amendment immunity, which applies to Texas district attorneys in the performance of their duties as prosecutors because, in that role, they "are considered agents of the state." Docket no. 94 at ¶ 14 (citing *Cruts v. Travis Cty. Corr. Complex*, No. A-19-CV-1224-RP, 2020 WL 532935, at *3 (W.D. Tex. Feb. 3, 2020) and *Quinn v. Roach*, 326 Fed. App'x 280, 292-93 (5th Cir. May 4, 2009)). In response, Plaintiffs now argue that their claims against LaHood and Gonzales—claims that they are liable "because the charge was prosecuted" and

Bexar County's Reply in Support of Its Motion to Dismiss
*Russell Zinter et al. v. Chief Joseph Salvaggio, et al.*
5:18-cv-00680-JKP-RBF                                                                                    2 of 12

because "[c]riminal proceeding[s] were commenced against the Plaintiffs[,]" docket no. 87 at ¶¶ 159, 212—somehow do not implicate their performance of their duties as prosecutors, but instead arise only from "administrative and managerial actions in creating policies" that they performed as agents of Bexar County, not the state. Docket no. 96 at 7-8 (citing *Crane v. Texas*, 766 F.2d 193 (5th Cir. 1985) and *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997)).

5.      Plaintiffs' Second Amended Complaint is exceedingly clear as to whether their claims against LaHood and Gonzales arise from the performance of prosecutorial duties: Plaintiffs contend that they are liable "because the charge was prosecuted" and because "[c]riminal proceeding[s] were commenced against the Plaintiffs[,]" docket no. 87 at ¶¶ 159, 212. This theory of liability is fundamentally dissimilar to claims of liability that arise from a Texas district attorney's administrative or managerial functions, like the establishment of a county policy for the handling of misdemeanor arrests, *Crane*, 766 F.2d at 195,[1] or personnel actions within the district attorney's office. *Davis v. Ector Cty., Tex.*, 40 F.3d 777, 784 (5th Cir. 1994). Attempting to blur this crucial distinction by disassociating their claims from their criminal prosecutions, Plaintiffs

---

[1] *Crane*, in contrast, involved a claim that a Texas county, through the district attorney, maintained a practice that violated both the federal constitution and state law, of authorizing misdemeanor arrests without any finding of probable cause. 759 F.2d 412, 415 (5th Cir.), amended on denial of reh'g, 766 F.2d 193 (5th Cir. 1985); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 274 (1993) (noting that a prosecutor does not act as an "advocate" prior to the determination that probable cause exists to arrest). In a discussion of Eleventh Amendment immunity that accompanied the panel's denial of a petition for rehearing, the Court observed that the district attorney at issue had maintained the policy of no-probable-cause capias misdemeanor arrests and demonstrated his authority as to that policy by directing that it be changed during that litigation. Based on that observation, the panel concluded that "[f]or present purposes, then . . . he is properly viewed as a county official[.]" *Crane*, 766 F.2d at 195. This unique circumstance presents an exception to the general rule, under which the Fifth Circuit "has stated on numerous occasions that district attorneys and assistant district attorneys in Texas are agents of the state when acting in their prosecutorial capacities." *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009) (affirming Rule 12(b)(6) dismissal of Section 1983 official capacity claim against Texas district attorney on Eleventh Amendment immunity grounds; collecting cases).

Bexar County's Reply in Support of Its Motion to Dismiss
*Russell Zinter et al. v. Chief Joseph Salvaggio, et al.*
5:18-cv-00680-JKP-RBF                                                                                           3 of 12

set forth two novel arguments. First, Plaintiffs assert that their claims in fact arise from a "policy or practice" of BCDA—a policy or practice to "[p]rosecute the plaintiffs." Docket no. 87 at ¶ 12, 110. This claim is insufficient as a matter of *Monell* liability for the reasons explained in Bexar County's Motion to Dismiss, below, and by the Fifth Circuit in *Esteves*.[2] As to the Eleventh Amendment analysis, this semantic maneuver is irrelevant. Whether by prosecuting or enforcing a policy of prosecuting, a Texas district attorney acts "within the scope of his prosecutorial function"; "institute[s] criminal proceedings to enforce state law" and, in so doing, "pursues his duties as a state agent." *Esteves*, 106 F.3d at 678 (internal quotation marks omitted).

6.      Second, Plaintiffs—who argue that prosecutorial immunity is inapplicable because they assert only official capacity claims against LaHood and Gonzales—argue that LaHood and Gonzales actually did *not* act in their official capacities. Docket no. 96 at 10 (arguing that "free speech is not a crime in Texas" and "covering up the unlawful acts of police officers" and "char[g]ing innocent people with false crimes to cover up police misconduct is not a function of a Texas district attorney."); *but cf. Morgan*, 969 F.3d at 244 ("Absolute immunity shields prosecutors even when they initiate prosecution maliciously, wantonly, or negligently."). Plaintiffs offer no authority in support of this self-negating interpretation of the Eleventh Amendment, under which only conduct not claimed to incur liability could be immunized. This interpretation is inconsistent with the Fifth Circuit's repeated holdings that the scope of the Eleventh Amendment's

---

[2] In the *Esteves* case also cited by Plaintiffs, the Fifth Circuit found not only that Eleventh Amendment immunity barred an official capacity claim based on a Texas district attorney's constitutional violations in the course of prosecuting a case, but that, because the unconstitutional acts were undertaken within the scope of the district attorney's prosecutorial function, they could not form the basis of a policy-or-practice Section 1983 claim against the county. *Esteves v. Brock*, 106 F.3d 674, 676-78 & n.8 (5th Cir. 1997) (noting that "the county, which has no affirmative control over the prosecutor's decisions in a particular case, should not be held liable when a prosecutor engages in unconstitutional conduct during a criminal proceeding").

Bexar County's Reply in Support of Its Motion to Dismiss
*Russell Zinter et al. v. Chief Joseph Salvaggio, et al.*
5:18-cv-00680-JKP-RBF                                                                                                   4 of 12

applicability to Texas district attorneys depends not on whether a plaintiff alleges that they acted unconstitutionally, but whether the acts at issue involved enforcement of state law or county policies or practices. *Compare, e.g.*, *Esteves*, 106 F.3d at 676 (Eleventh Amendment applied to race-based use of peremptory challenges); *Quinn*, 326 F. App'x at 292 (Eleventh Amendment barred claim that district attorney violated plaintiff's speedy trial and due process rights by allowing fifteen-month delay in presentation of case to grand jury); *Crane*, 759 F.2d at 431 (district attorney acted as county, not state, official when he "established . . . procedures used in Dallas County to issue misdemeanor capias" that violated state law).

7. Plaintiffs' Second Amended Complaint is clear that their claims against LaHood and Gonzales arise from the fact that BCDA prosecuted them. It is thus clear from the face of Plaintiffs' pleadings that, because their claims arise from the manner in which they performed their duties as prosecutors under state law, the Eleventh Amendment applies. Plaintiffs' claims against LaHood and Gonzales should be dismissed in their entirety on this basis.

  **C. Even Aside from Immunity Issues, Plaintiffs Have Not Pleaded a Viable *Monell* Claim or Any Underlying Constitutional Deprivation**

8. In their response to Bexar County's argument that they have failed to plead facts that could state a viable *Monell* claim against Bexar County, Plaintiffs advance two arguments: That "the acts of a Texas district attorney can constitute final policymaking for the county[,]" docket no. 96 at 9, and that they have alleged sufficient facts to plausibly show that LaHood and Gonzales "implemented an unconstitutional policy, practice, or custom to utilize criminal charges for the sole purpose of protecting and defending the unlawful actions of the individual defendant police officers despite their knowledge that the plaintiffs were engaged in protected conduct[,]" *id.* at 12. These arguments conflate two distinct methods of establishing *Monell* liability. First, an official action of a policymaking body or official that causes a constitutional violation can alone be

Bexar County's Reply in Support of Its Motion to Dismiss
*Russell Zinter et al. v. Chief Joseph Salvaggio, et al.*
5:18-cv-00680-JKP-RBF    5 of 12

sufficient to establish the entity's liability under Section 1983—but only if state law empowered the body or official with "final policymaking authority" for the local governmental unit over the subject matter of the official act. *See generally James v. Harris Cty.*, 577 F.3d 612, 617 (5th Cir. 2009) (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)). As noted above, the Fifth Circuit has long held that "the actions of a Texas district attorney within the scope of his prosecutorial function during a criminal proceeding do not constitute official policy for which a county can be held liable." *Esteves*, 106 F.3d at 678.

9. Separately, a municipal entity's liability under Section 1983 may be established based on its customs or practices, but showing such a custom or practice requires far more than a single act or incident. Establishing municipal Section 1983 liability on this basis requires specific facts showing that the custom is "so persistent and widespread as to practically have the force of law." *See generally*, *Hicks-Fields v. Harris Cty., Texas*, 860 F.3d 803, 808 (5th Cir. 2017). To advance such a claim beyond the pleading stage, Plaintiffs "must do more than describe the incident that gave rise to [their] injury" and must provide more than a conclusory statement that a custom or practice existed; their description of the practice or custom must "contain specific facts." *Pena*, 879 F.3d at 622 (discussing *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997), in which allegation of practice of "disregard[ing] . . . the rights of African American citizens" and of "engag[ing] [African Americans] without regard to probable cause to arrest" were too "vague and conclusory" to state viable *Monell* claim); *Ratliff v. Aransas Cty., Texas*, 948 F.3d 281, 284-85 (5th Cir. 2020).[3]

---

[3] Plaintiffs argue that, since they allege a Section 1983 municipal liability claim, a relaxed standard of pleading sufficiency should apply under which they "need not 'specifically state what the [municipal] policy is'" but need only provide "minimal factual allegations[.]" Docket no. 96 at 6 n.1, 11 (citing *Gallentine v. Hous. Auth. of City of Port Arthur, Tex.*, 919 F. Supp. 2d 787, 810 (E.D. Tex. 2013) and *Sanchez v. Gomez*, 283 F. Supp. 3d 524, 532 (W.D. Tex. 2017)). The Fifth

Bexar County's Reply in Support of Its Motion to Dismiss
*Russell Zinter et al. v. Chief Joseph Salvaggio, et al.*
5:18-cv-00680-JKP-RBF                                                                 6 of 12

10. As an initial matter, LaHood and Gonzales are not, in their role as prosecutors, policymaking officials for Bexar County. Plaintiffs have not pleaded facts that could show that any Bexar County policymaking official had actual or constructive knowledge of the custom or practice they allege. *Cf. Pena*, 879 F.3d at 623 (affirming 12(b)(6) dismissal of *Monell* claim where the "complaint invites no more than speculation that any particular policymaker . . . knew about the alleged custom."). More significantly, Plaintiffs still have not identified specific facts that could show the existence of a BCDA practice or custom of doing anything beyond prosecuting cases, or a causal connection between that practice and any constitutional violation. Instead, Plaintiffs restate the conclusions asserted in their Second Amended Complaint: That LaHood and Gonzales prosecuted Plaintiffs "for the sole purpose of protecting and defending the unlawful actions of the individual defendant police officers despite their knowledge that the Plaintiffs were engaged in." Docket nos. 87 at ¶ 12; 96 at 1, 10, 12, 14-16. Plaintiffs also assert in conclusory fashion that no probable cause existed to initiate criminal charges against them, alleging that the arresting officers lied in their reports to create the appearance that a sufficient basis existed for the

---

Circuit has rejected this position. *Ratliff v. Aransas Cty., Texas*, 948 F.3d 281, 284 (5th Cir. 2020) (allegation that "the assault, beating, and severe injury to citizens, with little or no justification, is a persistent, widespread practice of County employees—namely officers/deputies—that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official county policy" did not contain specific facts sufficient to state a *Monell* custom or practice claim). Plaintiffs also cite *Brown v. City of Houston*, 297 F. Supp. 3d 748, 770 (S.D. Tex. 2017), in which a District Court denied a 12(b)(6) motion on *Monell* issues, finding that a plaintiff had sufficiently pleaded facts showing the existence of a "do whatever it takes" conviction culture in the Harris County District Attorney's Office. But the plaintiff in that case did not merely assert the existence of a "do whatever it takes" culture—he pleaded facts that made that claim a plausible one by alleging that the office used the payments of "crime stoppers" rewards to secure unreliable testimony, pressured witnesses to testify falsely by threatening them with arrest and the loss of their children, actually brought perjury charges against a witness who testified favorably to him, and withheld exculpatory evidence pursuant to a practice of inadequate *Brady* training. *Brown v. City of Houston*, 297 F. Supp. 3d 748, 755-56 (S.D. Tex. 2017) ("Hubbard was specific as to Rizzo's pressure tactics.").

Bexar County's Reply in Support of Its Motion to Dismiss
*Russell Zinter et al. v. Chief Joseph Salvaggio, et al.*
5:18-cv-00680-JKP-RBF                                                                                          7 of 12

arrests and criminal charges. Docket no. 87 at ¶¶ 70, 90, 115, 158, 164, 216. Plaintiffs do not plead specific facts that could make their extraordinary claim of improper motive a plausible one. Instead, they merely announce a conclusion that BCDA acted solely to punish their speech and protect police misconduct in an attempt to paper over the gaping hole at the heart of their *Monell* claim: That they fail to allege any BCDA policy, practice, or custom of doing anything other than prosecuting alleged violations of criminal law reported by law enforcement agencies. Maintaining a practice and custom of prosecuting crimes reported by law enforcement is the very purpose of a district attorney's office, and does not itself cause any constitutional violation. *Cf. Balle v. Nueces Cty., Texas*, 952 F.3d 552, 559 (5th Cir. 2017) (to be sufficient, *Monell* pleadings must allow court to "reasonably infer that . . . the alleged policy or practice was the moving force behind" the alleged constitutional deprivation).

11. Moreover, the only specific facts that Plaintiffs allege related to their claims against LaHood and Gonzales are the facts that BCDA maintained prosecutions against five of them,[4] in some cases refiling charges that had been initially rejected by a magistrate, before later dismissing all the charges against all five. *Ratliff*, 948 F.3d at 285 (affirming 12(b)(6) dismissal where "the complaint's only specific facts appear in the section laying out the events that gave rise to this action"). For the reasons explained in Bexar County's Motion to Dismiss, even if the prosecutions

---

[4] Five of the fifteen Plaintiffs assert claims against LaHood and Gonzales: Mark Brown, David Bailey, James Springer, Brian Howd, and Jason Green. Docket no. 87 at ¶¶ 108-17 (Count 5); 156-65 (Count 10); 208-17 (Count 15). Additional Plaintiffs, including Russell Zinter, James Mead, and Juan Gonzales, allege they were arrested along with Bailey and Springer on June 18, 2018, but they do not set forth claims against Nico LaHood or Joe Gonzales. Docket no. 87 at 26-27. Plaintiffs do not appear to allege that any of them were prosecuted by BCDA for "Failure to Identify as a Witness" an offense they claim does not exist under Texas law. Docket no. 87 at ¶¶ 80, 88, 90, 226; *but cf. Spring v. Caldwell*, 692 F.2d 994, 996 n.1 (5th Cir. 1982) (quoting Tex. Penal Code § 38.02). Plaintiffs also do not allege that BCDA has taken possession of any of their property.

Bexar County's Reply in Support of Its Motion to Dismiss
*Russell Zinter et al. v. Chief Joseph Salvaggio, et al.*
5:18-cv-00680-JKP-RBF 8 of 12

of these five Plaintiffs violated their constitutional rights, a single set of related prosecutions are insufficient to show the "persistent, often repeated, constant violations" that are necessary to show a custom or practice "so persistent and widespread as to practically have the force of law." *Piotrowski v. City of Houston*, 237 F.3d 567, 581 (5th Cir. 2001); *Connick*, 563 U.S. at 61; *Ratliff*, 948 F.3d at 285.

12. But even the five Plaintiffs who assert claims against Bexar County have not pleaded facts that could show violations of their constitutional rights, and thus provide no foundation upon which a *Monell* claim could rest.[5] Attempting to do so, they state a conclusion that the prosecutions against them were motivated solely by an improper purpose: To retaliate against their First Amendment-protected protests against LVPD and to cover up police misconduct. Docket no. 96 at 12. But this conclusory assertion is not supported by any specific facts that could make this extraordinary claim[6] a plausible one. Temporal proximity between protected speech and an adverse

---

[5] Plaintiffs cite the Fifth Circuit's recent opinion in *Fusilier v. Zaunbrecher* 806 F. App'x 280 (5th Cir. 2020), in support of an argument that "A policy to bring criminal charges for the sole purpose of covering up unlawful actions of individual police officers violates the Fourth Amendment." Docket no. 96 at 15-16. This argument misreads *Fusilier*, which discussed common law malicious prosecution claims in the context of determining when the limitations period for a Section 1983 claim accrued, while affirming the district court's observation that "there is 'no . . . freestanding constitutional right to be free from malicious prosecution'" because "the Constitution's text does not protect against the mere initiation of criminal charges." *Fusilier*, 806 F. App'x at 282 (quoting *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003) (en banc)). Similarly, in *Winfrey v. Rogers*, 901 F.3d 483, 493 (5th Cir. 2018), the court did not "f[ind] the plaintiff stated a claim for the tort of malicious prosecution" as Plaintiffs contend, docket no. 96 at 14; the court observed that the plaintiff's Fourth Amendment "claim *is more like* the tort of malicious prosecution," an observation relevant to determining when the statute of limitations accrued. *Winfrey*, 901 F.3d at 493 (emphasis added).

[6] Even aside from their conclusory and unsupported nature, Plaintiffs' claims about BCDA's motives are fundamentally nonsensical. While Plaintiffs allege that the LVPD officer defendants falsified their reports, they do not claim or plead facts that could show that BCDA participated in or had knowledge of this supposed deception—on the contrary, Plaintiffs claim in one instance that an arresting officer falsified his account "with the purpose of tricking a prosecutor into . . . charging Mr. Springer." Docket no. 87 at 19. In the case of Plaintiff Mark Brown, Plaintiffs

Bexar County's Reply in Support of Its Motion to Dismiss
*Russell Zinter et al. v. Chief Joseph Salvaggio, et al.*
5:18-cv-00680-JKP-RBF                                                                                                9 of 12

act—or "knowledge that the plaintiffs were engaged in protected conduct[,]" docket no. 96 at 10—is not enough, particularly because "protected speech is often a legitimate consideration when deciding whether to make an arrest[.]" *Nieves v. Bartlett*, 139 S. Ct. 1715, 1724 (2019) ("It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured" since "an official's action colored by some degree of bad motive does not amount to a constitutional tort if that action would have been taken anyway"); *Jones v. Hosemann*, 812 F. App'x 235, 240 (5th Cir. 2020) (pleading of "sequence of events" insufficient to state First Amendment retaliation claim).

## CONCLUSION

13.     Plaintiffs' Second Amended Complaint purports to state official capacity Section 1983 claims for money damages against Bexar County's current and former Criminal District Attorney, but basis those claims on prosecutorial acts covered by Eleventh Amendment immunity. Although Plaintiffs purport to set forth official capacity claims, they do not plead sufficient facts to state a Section 1983 municipal liability claim, and the claim they do state—that they are entitled to money damages because they were prosecuted—is one that would be barred by prosecutorial immunity.

---

specifically allege that an officer submitted a report that "contains multiple lies" relevant to the Interference with Public Duties and Resisting Arrest offenses with which he was charged, falsely stating that he "began to violently kick and thrash his body weight forcibly to prevent himself from being arrested." Docket no. 87 at ¶ 70. In short, Plaintiffs accuse BCDA of falsifying charges against them but offer no factual support for that conclusory claim; assumed as true, the facts they do allege show that arresting officers falsified their reports to deceive the prosecutors by falsely creating the appearance of probable cause—in which case any constitutional deprivation would result from that deception, not any policy or individual act of BCDA. Plaintiffs also gloss over another significant fact—one they have previously acknowledged—that further confounds their unsupported claims about BCDA's motives: That it was BCDA itself that ultimately dismissed the criminal charges against them. Docket nos. 72-1 at 3 (statement of Plaintiffs' counsel that charges against Mark Brown were "dismissed by the prosecutor"); 76 at 1-2 (statement of Plaintiffs' counsel that prosecutor had indicated charges against Springer would be dismissed).

Bexar County's Reply in Support of Its Motion to Dismiss
*Russell Zinter et al. v. Chief Joseph Salvaggio, et al.*
5:18-cv-00680-JKP-RBF                                                                                                    10 of 12

Plaintiff's claims against Nico LaHood, Joe Gonzales, BCDA, and Bexar County should be dismissed in their entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

        Respectfully Submitted,
        JOE GONZALES
        Bexar County Criminal District Attorney

By:   /s/ Robert Green
     **ROBERT D. GREEN**
     Bar No. 24087626
     Assistant District Attorney, Civil Division
     101 W. Nueva, 7th Floor
     San Antonio, Texas 78205
     Phone: (210) 335-2146
     Fax: (210) 335-2773
     robert.green@bexar.org
     *Attorney for Bexar County*

Bexar County's Reply in Support of Its Motion to Dismiss
*Russell Zinter et al. v. Chief Joseph Salvaggio, et al.*
5:18-cv-00680-JKP-RBF      11 of 12

## CERTIFICATE OF SERVICE

      I hereby certify that, on the 16th day of February, 2021, I electronically filed the foregoing Motion to Dismiss with the Clerk of Court using the CM/ECF system, which provided electronic service upon all parties.

      /s/ Robert Green
**ROBERT D. GREEN**

Bexar County's Reply in Support of Its Motion to Dismiss
*Russell Zinter et al. v. Chief Joseph Salvaggio, et al.*
5:18-cv-00680-JKP-RBF                                                                 12 of 12