**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**RUSSELL ZINTER, JACK MILLER, BRIAN HOWD, JAMES A. MEAD, JOSEPH BRANDON PIERCE, MARK BROWN, DAVID BAILEY, JUAN GONZALESJR, KEVIN EGAN, JONATHON GREEN, JAMES SPRINGER, THERESA C. RICHARD, JASON GREEN, GREG GARDINER, SELENA HERRARA,**

***Plaintiffs,***

**v.** **Case No. SA-18-CV-00680-JKP**

**CHIEF JOSEPH SALVAGGIO, LIEUTENANT JOHN DOE ANDERSON, OFFICER JANE DOE GOLDMAN, OFFICER JOHN DOE VASQUEZ, CORPORAL C MANDRY, SERGEANT JOHN DOE, DETECTIVE JIM WELLS, OFFICER L FARIAS, BADGE 534; OFFICER JOHN DOE EVANS, BADGE 556; OFFICER JOHN DOE HERNANDEZ, JOHN DOE TAZER 1, JOHN DOE TAZER 2, THE CITY OF LEON VALLEY, TEXAS, A POLITICAL SUBDIVISION OF THE STATE OF TEXAS; LIEUTENANT DAVID ANDERSON, OFFICER JOHNNY VASQUEZ, #552, ID1176; CPL. CHAD MANDRY, OFFICER BRANDON EVANS, BADGE 556; OFFICER UZIEL HERNANDEZ, OFFICER YARBROUGH, OFFICER BRETON, OFFICER AZAR, OFFICER URDIALES, OFFICER KING, OFFICER CASTRO, OFFICER TACQUARD, OFFICER E. RIVERA, NIKO LAHOOD, JOE GONZALES,**

***Defendants*.**

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Bexar County District Attorneys Nico LaHood and Joe Gonzales's Partial Motion to Dismiss and Plaintiffs' Response. *ECF Nos. 94,96,98*. Upon consideration, the Court concludes the motion shall be GRANTED. The Court finds amendment of the Second Amended Complaint would be futile. Accordingly, Plaintiffs' Section 1983 causes of action asserted against Nico LaHood and Joe Gonzales in their official capacity are DISMISSED.

## FACTUAL BACKGROUND

The undisputed facts reveal Plaintiffs are a group of protestors who demonstrated outside the Leon Valley Police Department on June 14, 18, and 23, 2018. At various times and dates during these demonstrations, Plaintiffs were arrested by the Defendant Leon Valley Police Department Officers and charged with criminal offenses. A Leon Valley Magistrate Judge later dismissed the criminal charges against all Plaintiffs. Based upon the same conduct and events, several Plaintiffs were later charged with the same or similar criminal offenses by the Bexar County District Attorney[1]. Following various court proceedings, these criminal charges imposed by the Bexar County District Attorney were dismissed.

In this federal action, Plaintiffs allege the Leon Valley Police Department (LVPD) and its Chief and named police officers violated their constitutional rights by prohibiting peaceful protest, by unlawfully detaining and arresting them and by subjecting them to unreasonable searches and seizures. *ECF No. 87, p. 2 at pars. 1-3*. Plaintiffs allege various causes of action against the individual police officers based upon alleged conduct pertaining to each Plaintiff's arrest. After a

---

[1] The Bexar County District Attorney at the relevant time was Nico LaHood. Joe Gonzales succeeded LaHood in January 2020 while this case was pending.

two-year stay of this litigation, Plaintiffs amended their Complaint to include three causes of action for violation of their constitutional rights pursuant to 42 U.S.C. § 1983 against the District Attorneys in their official capacity, only. *Id.* at pars. 12, 56, 108-117, 156-165, 208-228. Plaintiffs seek monetary damages and declaratory relief for the Section 1983 causes of action against the District Attorneys. *Id.* at p. 43.

In the Second Amended Complaint, Plaintiffs allege the Bexar County District Attorneys "enacted and enforced an unconstitutional policy or practice . . . to wit: Prosecute the plaintiffs, hang the possibility of jail time and criminal/felony records over their heads, assign multiple prosecutors to these frivolous cases, all to coerce and extort a plea bargain out of the plaintiffs, for the sole purpose of protecting and defending the unlawful actions of the defendant police officers, specifically because Plaintiffs were exercising their rights to free speech." *Id.* at p. 4, par. 12.

In Count 5, Plaintiff Brown titles his cause of action as "Abuse of Process and Malicious Prosecution – 42 USC 1983 and the Fourth and Fourteenth Amendments." Plaintiff Brown goes on to allege the District Attorneys "engaged in extortionate perversion of lawfully initiated process to illegitimate ends in that they procured a prosecution against [him] knowing he is innocent of the charged crime." Brown alleges the District Attorneys "enacted unconstitutional policies and procedures to maliciously and frivolously prosecute [him]." Brown then enumerates the elements of the state-law cause of action of malicious prosecution, asserting each is satisfied by the District Attorneys' actions in bringing retaliatory criminal charges against Brown. *Id.* at pars. 108-117

In Count 10, Plaintiffs Bailey and Springer title their cause of action as "Malicious Prosecution – 42 USC 1983 and the Fourth and Fourteenth Amendments." Plaintiff Springer asserts

this cause of action against the District Attorneys "is because the charge was initially rejected by the magistrate, but then these defendants re-charged [him] . . . based on the herein complained of unconstitutional policy." Plaintiff Bailey asserts his cause of action "is because the charge was prosecuted based on the herein complained of unconstitutional policy and was in fact dismissed . . . and then refiled and prosecuted again by these defendants. . . . Such overzealous prosecution . . . could have served no other possible purpose than that which is complained of here." Bailey and Springer go on to enumerate the elements of the state-law cause of action of malicious prosecution, asserting each is satisfied by the District Attorneys' actions in bringing retaliatory criminal charges against them. *Id.* at pars. 156-165.

In Count 15, Plaintiffs Howd, Green and Springer title their cause of action as "Malicious Prosecution – 42 USC 1983 and the Fourth Amendment." These Plaintiffs go on to enumerate the elements of the state-law cause of action of malicious prosecution, asserting each is satisfied by the District Attorneys' actions in bringing retaliatory criminal charges against them. These Plaintiffs state "Leon Valley directly caused the constitutional violations suffered" and assert specific constitutional violations committed by the City of Leon Valley and "caused by policies, practices and/or customs developed, implemented, enforced, encouraged, and sanctioned by Defendant City. . . ." Plaintiffs then name the specific unconstitutional policies and customs of the City of Leon Valley. These Plaintiffs do not allege or name any unconstitutional policy or custom of the Bexar County District Attorneys' Office or of these District Attorneys that guided their actions. Instead, Plaintiffs state: "the official capacity claims brought against LaHood and Joe Gonzales are based on the herein complained of unconstitutional policies." *Id.* at pars. 208-228.

The District Attorneys now file this Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule 12(b)(6).

**DISCUSSION**

The Bexar County District Attorneys move for dismissal of the Section 1983 causes of action asserted against them on three grounds: (1) these causes of action are barred by prosecutorial and eleventh-amendment immunity; (2) Plaintiffs cannot support these causes of action under Section 1983 because they fail to, and cannot, allege a specific policy, procedure or custom that caused any constitutional violation; and (3) Plaintiffs' allegations of malicious prosecution or abuse of process, alone cannot constitute a constitutional violation.

In response, Plaintiffs do not seek leave to amend the Complaint to cure any potential defects or omissions. Instead, Plaintiff argue prosecutorial and Eleventh Amendment immunity do not apply under these facts because Texas District Attorneys are agents of the county, not the state, and therefore, do not enjoy Eleventh Amendment immunity. Plaintiffs argue they alleged sufficient facts to support a cause of action against Bexar County under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Specifically, Plaintiffs allege the District Attorneys exercised administrative and managerial functions in establishing policies under which they asserted the unconstitutional criminal charges against them, and Bexar County may be held liable for these functions. Plaintiffs argue they sufficiently alleged and enumerated the specific facts upon which the Section 1983 cause of action is based, as well as the unconstitutional policies and customs the District Attorneys employed in bringing the criminal charges. Finally, Plaintiffs argue the

Second Amended Complaint "sufficiently alleges Defendants' unconstitutional policy violated their Fourth Amendment Rights" to assert a cause of action based upon unconstitutional malicious prosecution and abuse of process.

**1. Whether the Bexar County District Attorneys are Entitled to Eleventh Amendment Immunity**

It is undisputed Plaintiffs bring this suit seeking monetary damages and declaratory relief against the District Attorneys in their official capacities, only. The District Attorneys argue Plaintiffs fail to state any viable claim against them because, as state actors, the Eleventh Amendment bars any official-capacity suit against them. The District Attorneys assert this argument within the context of a Federal Rule 12(b)(6) Motion to Dismiss.

The United States Supreme Court has not yet determined whether Eleventh Amendment immunity is grounds for dismissal under Federal Rule 12(b)(1) or Federal Rule 12(b)(6). *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 389-92 (1998); *Sabine Pipe Line, LLC v. A Permanent Easement of 4.25 +/- Acres of Land in Orange County, Tex.*, 327 F.R.D. 131, 137–38 (E.D. Tex. 2017). However, the Fifth Circuit holds the Eleventh Amendment creates restrictions on a federal court's subject matter jurisdiction. *Sabine Pipe Line, LLC*, 327 F.R.D. at 137–38; *see also United States v. Tex. Tech Univ.*, 171 F.3d 279, 286 n.9 (5th Cir. 1999) (collecting cases), *cert. denied*, 530 U.S. 1202 (2000); *Cephus v. Tex. Health & Human Servs. Comm'n*, 146 F.Supp.3d 818, 825 (S.D. Tex. 2015). Because the Eleventh Amendment acts as a jurisdictional bar to a suit for damages in federal court against a state or one of its agencies, in the Fifth Circuit, Courts must address any assertion of Eleventh Amendment immunity as a jurisdictional challenge within the context of Federal Rule 12(b)(1) and must address the challenge prior to reaching the sub-

stantive merits of a case. *United States v. Tex. Tech Univ.*, 171 F.3d 279, 285–86 (5th Cir. 1999); *Yul Chu v. Mississippi State Univ.*, 901 F. Supp. 2d 761, 770 (N.D. Miss. 2012), aff'd, 592 Fed. Appx. 260 (5th Cir. 2014).

Consequently, this Court will review the District Attorneys' assertion of Eleventh Amendment immunity as a challenge to subject matter jurisdiction. The Court will address the challenge pursuant to Federal Rule 12(b)(1), even though the District Attorneys assert it within a Federal Rule 12(b)(6) Motion to Dismiss.

**Legal Standard**

"Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their subject-matter jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir.1990); *Okeezie v. Chertoff*, 462 F. Supp. 2d 731, 733 (W.D. Tex. 2006). The issue of subject matter jurisdiction may be raised by the parties or by the court *sua sponte*, at any time. *Id.*

A court must dismiss an action for lack of subject matter jurisdiction if the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction. *Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009), *cert. denied*, 559 U.S. 1008 (2010); *Sabine Pipe Line, LLC*, 327 F.R.D. at 137–38; *Ramming v. United States*, 281 F.3d 158, 158 (5th Cir. 2001).

**Applicability of Eleventh Amendment Immunity**

The Eleventh Amendment generally provides immunity to a state from suit in federal court by one of its' citizens against the state or a state agency or department. *Briggs v. Mississippi*, 331 F.3d 499, 502–03 (5th Cir.2003). The State of Texas is not a "person" that can be sued under Section 1983 for monetary damages. *Will v. Michigan Dep't of State Police*, 491 U.S. 58,

60-63 (1989); *Estrada v. Healey*, CV H-15-0092, 2015 WL 13158514, at *10–11 (S.D. Tex. June 4, 2015).

Suit against a government official in his official capacity is the equivalent of filing suit against the employing municipality or government agency of which the official is an agent. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir. 1997). Consequently, for the purpose of application of Eleventh Amendment immunity to a Texas District Attorney, the determinative factor is the employing governmental body.

The District Attorneys contend they acted as agents of the State of Texas in their official capacities, and therefore, are entitled to Eleventh Amendment immunity afforded to the State of Texas. Plaintiffs argue the District Attorneys are county, not state, officials, and therefore, are not protected by Eleventh Amendment immunity from suit against them in their official capacity. To impose liability on Bexar County as their employer, Plaintiffs contend the District Attorneys' actions upon which this suit is based are not prosecutorial in nature but are administrative and managerial because the District Attorneys established a policy to initiate unconstitutional criminal charges against them and acted as a "final policymaker" for the county.

The issue whether an individual defendant acts on behalf of the state or the local government is determined by state law and by analysis of the duties alleged to have caused the constitutional violation. *Esteves*, 106 F.3d at 678. A Texas District Attorney acts as an agent of the State, when he performs duties within his prosecutorial capacity. *Quinn v. Roach*, 326 Fed.Appx. 280, 282, 292–93 (5th Cir. 2009). These prosecutorial duties include: (1) instituting criminal proceedings to enforce state law, *Echols v. Parker*, 909 F.2d 795, 801 (5th Cir. 1990); (2) determining whether to initiate or dismiss criminal charges, *Quinn*, 326 Fed.Appx. at 282, 292–93; (3) using

peremptory challenges during jury selection, *Esteves*, 106 F.3d at 677-78; (4) denying a prisoner the right to proceed *in forma pauperis* on appeal and the right to self-representation, *Krueger v. Reimer*, 66 F.3d 75, 76–77 (5th Cir. 1995) (per curiam), and; when exercising delay in the presentation of the case to the grand jury, *Estrada v. Healey*, CV H-15-0092, 2015 WL 13158514, at *10 (S.D. Tex. June 4, 2015)(citing *Quinn*, 326 Fed. Appx. at 282, 292–93).

On the other hand, if a district attorney acts outside the scope of his prosecutorial duties, the county may be held liable under certain limited circumstances." *Krueger*, 66 F.3d at 77 (citing *Turner v. Upton Cnty.*, 915 F.2d 133, 137–38 (5th Cir. 1990)). In particular, a Texas county may be liable for actions of a District Attorney that are administrative or managerial in nature if the prosecutor functions as a final policymaker for the county. *Brown v. Lyford*, 243 F.3d 185, 192 (5th Cir. 2001); *Esteves*, 106 F.3d at 678. "[F]or example, a district attorney with the final word on hiring or firing within the district attorney's office sets county policy regarding those decisions." *Brown*, 243 F.3d at 192. In addition, a Texas district attorney acts as county official in setting county policy for the authorization of misdemeanor warrants. *Crane v. Texas*, 766 F.2d 193, 195 (5th Cir.1985).

**Analysis**

The factual allegations upon which Plaintiffs base their Section 1983 causes of action all center on the District Attorneys' actions in instituting criminal charges against them. While Plaintiffs characterize these actions as administrative and managerial in nature and based upon "unconstitutional policy and custom", actually, the causes of action are based upon the District Attorneys' decision to bring criminal charges against them. The District Attorneys' decision whether and when to bring criminal charges against Plaintiffs clearly falls within their official capacity as prosecutors. *See Echols*, 909 F.2d at 801. This alleged misconduct of instituting un-

constitutional or unfounded criminal proceedings falls within the District Attorneys' prosecutorial capacity recognized to be actions as a state employee, not a county employee. *Id.*; *Estrada*, 2015 WL 13158514, at *10.

In contrast, under Louisiana law, district attorneys in Louisiana when acting in their prosecutorial capacity are agents of the local parish, not the State. *Hudson v. City of New Orleans*, 174 F.3d 677, 682 (5th Cir. 1999) ("the Orleans Parish District Attorney's office is not an arm of the state and therefore not entitled to the benefits of the Eleventh Amendment."); *Spikes v. Phelps*, 131 Fed. Appx. 47, 49 (5th Cir. 2005) ("*Esteves* should be viewed as an interpretation of Texas law concerning the role of a district attorney within the framework of state government. But this court has held, contrary to *Esteves*, and based on Louisiana law, that a parish district attorney is not entitled to Eleventh Amendment immunity."); *see also Estrada*, 2015 WL 13158514, at *10, n. 19. Consequently, Plaintiffs' citation to Louisiana law as support for their argument that these Texas District Attorneys are county employees is inapposite.

Therefore, despite being county, rather than state, employees, the Bexar County District Attorneys are entitled to Eleventh Amendment immunity from Plaintiffs' Section 1983 causes of action. For this reason, Plaintiffs cannot prove a plausible set of facts that establish subject matter jurisdiction. Accordingly, Plaintiffs' Section 1983 causes of action for money damages asserted against the District Attorneys in their official capacity are dismissed for lack of subject matter jurisdiction.

This jurisdictional immunity from suit does not bar suit seeking declaratory relief. *Rosas v. Bexar County*, SA-14-CA-1082-DAE, 2015 WL 1966130, at *5 (W.D. Tex. Jan. 31, 2015), report and recommendation adopted, 5:14-CV-1082-DAE, 2015 WL 1955406 (W.D. Tex.

Apr. 29, 2015); *Washington Legal Found. v. Texas Equal Access to Justice Found.,* 86 F.Supp.2d 617, 621 (W.D. Tex. 2000). Further, the Court recognizes Plaintiffs seek to avoid this jurisdictional bar and impose liability upon Bexar County by couching the Section 1983 cause of action as "a *Monell* action" based upon alleged administrative and managerial actions, which, if asserted correctly, does side-step the immunity bar to suit. *See e.g. Krueger*, 66 F.3d at 77; *Esteves*, 106 F.3d at 678; *Estrada*, 2015 WL 13158514, at *10–11.

In *Kentucky v. Graham,* the Supreme Court explained "[t]here is no longer a need to bring official capacity actions against local government officials [because] under *Monell,* ... local government units can be sued directly." *Kentucky v. Graham*, 473 U.S. 159, 165, 167 n. 14, (1985). However, Plaintiffs do not include Bexar County as a defendant in the litigation. In any event, construing the Second Amended Complaint liberally, to the extent Plaintiffs intend to bring this suit against Bexar County based upon the District Attorneys' administrative or managerial actions beyond those that are prosecutorial in nature, and to the extent Plaintiffs seek declaratory relief, in the interest of judicial economy, the Court will analyze the parties' arguments in this regard.

**2. Liability of Bexar County for Actions of the District Attorneys**

The District Attorneys argue Plaintiffs fail to state a viable cause of action against them in their official capacity, that is, against Bexar County, because they fail to specifically allege or name any specific unconstitutional policy or custom imposed and followed in their act of bringing criminal charges against them.

**Legal Standard**

To provide opposing parties fair notice of what the asserted claim is and the grounds upon which it rests, every pleading must contain a short and plain statement of the claim showing

the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Conley v. Gibson*, 355 U.S. 41, 47 (1957). To survive a Motion to Dismiss filed pursuant to Federal Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *See id.*; *see also Twombly,* 550 U.S. at 563 n.8. Thus, to qualify for dismissal under Rule 12(b)(6), a complaint must, on its face, show a bar to relief. Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.*, 9 F. Supp.2d 734, 737–38 (S.D. Tex. 1998). While a Complaint need not contain detailed factual allegations to survive a Federal Rule 12(b)(6) motion, a plaintiff must provide more than conclusory allegations, legal conclusions or formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555; *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

In assessing a motion to dismiss under Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the motion to dismiss referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

**Analysis**

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show the alleged deprivation was committed by a person acting under color of state law. 42 U.S.C.A. § 1983; *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545 (5th Cir. 2005). However, a municipality is not liable under a respondeat superior theory for the unconstitutional actions of its employees that are asserted pursuant to Section 1983. *Monell*, 436 U.S. at 694. "To establish municipal liability under Section 1983, a plaintiff must show (1) an official policy or custom; (2) promulgated by the municipal policymaker with actual or constructive knowledge; and (3) the policy or custom was the moving force behind the violation of a constitutional right. *Robinson v. Hunt Cty*., 921 F.3d 440, 447 (5th Cir. 2019); *Peterson v. City of Fort Worth, Tex*., 588 F.3d 838, 847 (5th Cir. 2009). At the pleadings stage, a plaintiff only needs to "allege facts that show an official policy, promulgated or ratified by the policymaker, under which the municipality is said to be liable." *Groden v. City of Dallas,* 826 F.3d 280, 283-84 (5th Cir. 2016); *see also Colle v. Brazos County*, 981 F.2d 237, 245 (5th Cir. 1993).

The policy-or-custom element "includes the decisions of a government's law-makers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citation omitted); *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). A municipality is subject to liability only if the alleged constitutional violations are "directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Reference to past incidents of misconduct to others, multiple harms that occurred to the

plaintiff himself, misconduct that occurred in the open, and the involvement of multiple officials in the misconduct can support a plaintiff's allegations of a widespread practice. *See Sinegal v. City of El Paso*, 414 F. Supp. 3d 995, 1007-1009 (W.D. Tex. 2019). Ultimately, proof of a widespread practice requires similarity, specificity and numerous prior incidents instead of isolated incidents. *Id*. While a single decision by a policy maker may, under certain circumstances, constitute a policy for which a municipality may be liable, "[t]he single incident exception is a narrow one," and one the Fifth Circuit is reluctant to expand. *Wearry v. Perrilloux*, 391 F. Supp. 3d 620, 627 (M.D. La. 2019). If the allegation of policy or custom is based upon the conduct giving rise to the action alone, a plaintiff "must do more than describe the incident that gave rise to [their] injury." *Pena v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018). Further, actions of a Texas district attorney within the scope of his prosecutorial function during a criminal proceeding do not constitute official policy for which a county can be held liable. *Krueger*, 66 F.3d at 77; *Esteves*, 106 F.3d at 678.

In the Second Amended Complaint, Plaintiffs allege the District Attorneys enacted and enforced an unconstitutional policy against them to prosecute them and to coerce and extort a guilty plea for the purpose of protecting and defending the unlawful actions of the Leon Valley Police Officers. *ECF No. 87, p. 4, par.12*. Plaintiffs argue in their Response to the Motion to Dismiss the District Attorneys "implemented an unconstitutional policy, practice, or custom to utilize criminal charges for the sole purpose of protecting and defending the unlawful actions of the individual defendant police officers despite their knowledge that the plaintiffs were engaged in protected conduct." *ECF No. 96, p. 12*. Plaintiffs do not specify or otherwise explain or name the specific unconstitutional policy or custom. From the face of the Second Amended Complaint, it appears Plaintiffs base the Section 1983 causes of action solely on the series of incidents and

arrests forming the basis of this action, and specifically, on the District Attorneys' actions in bringing these specific charges against them.

These factual allegations cannot support a Section 1983 cause of action. First, the actions of the District Attorneys within the scope of their prosecutorial function during a criminal proceeding cannot constitute official policy for which Bexar County can be held liable. *See Esteves*, 106 F.3d at 678; *Krueger*, 66 F.3d at 677. Second, Plaintiffs fail to assert specific facts naming or showing any custom or policy for bringing false or baseless charges that is "so persistent and widespread as to practically have the force of law." *See Hicks-Fields v. Harris Cty., Texas*, 860 F.3d 803, 808 (5th Cir. 2017). Plaintiffs only briefly describe the incidents that give rise to their asserted injury and state in conclusory fashion the District Attorneys actions were based upon "unconstitutional policy and custom." Plaintiffs allege the District Attorneys' actions were based upon improper motives in asserting charges against them that were later dismissed. These facts and allegations do not show or describe actions that are the product of any policy or custom, but instead, describe an intentional and deliberate decision to fabricate evidence or retaliate was the moving force of the constitutional violation. Even if improper, this improper motive does not support a Section 1983 cause of action against Bexar County, or the District Attorneys in their official capacity.

The facts and circumstances upon which Plaintiffs rely do not support a Section 1983 cause of action against the District Attorneys in their official capacity or against Bexar County. Therefore, Plaintiffs' allegations are insufficient to assert this Section 1983 cause of action against the named District Attorneys, the Bexar County District Attorneys' Office, or Bexar County. For this reason, Plaintiffs Second Amended Complaint reveals the absence of sufficient facts to support a cognizable legal theory, and therefore, lacks facial plausibility. *See Frith,* 9 F.

Supp.2d at 737–38. Consequently, to the extent Plaintiffs intend to or seek to assert Section 1983 causes of action against Bexar County by asserting claims against the District Attorneys in their official capacity, these causes of action are dismissed.

**3. Amendment of Pleadings**

A district court should freely give leave to amend a pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). Leave may be denied when it would cause undue delay, be the result of bad faith, represent the repeated failure to cure previous amendments, create undue prejudice, or be futile. *Smith v. EMC Corp*., 393 F.3d 590, 595 (5th Cir. 2004).

Plaintiffs did not seek leave to amend the Second Amended Complaint. Instead, Plaintiffs responded to the Motion to Dismiss by arguing against the presented reasons supporting dismissal of their Section 1983 causes of action against the District Attorneys. The Scheduling Order deadline to amend pleadings has passed. Given the lengthy stay in this case and its recent return to active litigation, leave to amend would create undue delay. Given the immunity applicable to Bexar County District Attorneys LaHood and Gonzalez in their official capacity under these circumstances and the inability of Plaintiffs to assert any cognizable legal theory or viable cause of action against these Defendants or Bexar County, leave to amend would be futile. Consequently, the Court will not provide leave to amend even though such is not requested.

**CONCLUSION**

Defendant Bexar County District Attorneys Nico LaHood and Joe Gonzales's Partial Motion to Dismiss is GRANTED. Plaintiffs' Section 1983 causes of action asserted against Nico LaHood and Joe Gonzales in their official capacity are DISMISSED.

It is so ORDERED.
SIGNED this 12th day of April, 2021.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE