IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUSSELL ZINTER *ET AL.*, | § | |
| *Plaintiff*, | § § § | 5-18-CV-680-JKP-RBF |
| vs. | § § | |
| CHIEF JOSEPH SALVAGGIO *ET AL.*, | § § | |
| *Defendant*. | § § § § | |

**AMENDED SCHEDULING ORDER**

Before the Court is the Joint Motion to Extend Scheduling Order Deadlines. *See* Dkt. No. 102. The Motion, Dkt. No. 102, is **GRANTED**, and the disposition of this case will be controlled by the following Amended Scheduling Order. In accordance with Federal Rule of Civil Procedure 6(a), if a deadline set in this order falls on a weekend or a holiday, the effective day will be the next business day.

**In light of the number of extensions granted and length of the extension requested, however, the parties are specifically advised that absent a particularized showing of good cause and diligence, any further extension request will be disfavored**.

1. Parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B), on or before **September 27, 2021**.

2. Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B), on or before **October 25, 2021**.

3. Parties shall file all designations of rebuttal experts and serve on all parties the material required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within fourteen days of receipt of the report of the opposing expert.

4. The deadline to file supplemental expert reports required under Federal Rule of Civil Procedure 26(e)(2) is at least 30 days before trial. The parties are advised any report filed under this deadline may only supplement the initial report and may not introduce new

opinion or subject matter. This deadline is not intended to provide an extension of the deadline by which a party must deliver the substance of its expert information or opinion.

5. Parties shall initiate all discovery procedures in time to complete discovery on or before **December 13, 2021**. Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the expiration of the deadline. *See* Local Rule CV-16(e). Counsel may by agreement continue discovery beyond the deadline. The parties are advised that should they agree to extend discovery beyond the deadline, there will be no intervention by the Court except in exceptional circumstances. No trial setting or other deadline set forth herein will be vacated due to information obtained in post-deadline discovery. *See id.*

6. Counsel shall confer and file a joint report setting forth the status of settlement negotiations on or before **December 28, 2021**.

7. On or before **December 28, 2021**, the parties shall file any *Daubert* motions and challenge to or motion to exclude expert witnesses. Any such motion must specifically state the basis for the objection and identify the objectionable proposed testimony.

8. On or before **January 24, 2022**, parties shall file any dispositive motions, including motions for summary judgment on all or some of the claims. Further, notwithstanding any deadline provided herein, no motion (other than a motion in limine) may be filed after this date except for good cause.

9. The Court will set dates for trial and the final pretrial conference after ruling on any dispositive motions or after the deadline for such motions passes without a pertinent filing. At that time, the Court will also set appropriate deadlines for trial and pretrial conference matters.

10. All other deadlines set forth in the Court's prior governing scheduling orders and not modified herein shall remain in full force and effect.

**IT IS SO ORDERED**.

SIGNED this 29th day of July, 2021.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE