## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| **RUSSELL ZINTER; ET AL.** § | |
| § | |
| **Plaintiffs,** § | |
| § | |
| v. § | **CIVIL NO. SA-18-CA-680-JKP-RBF** |
| § | |
| **CHIEF JOSEPH SALVAGGIO; ET AL.** § | |
| § | |
| **Defendants.** § | |

### OPPOSED MOTION FOR PROTECTIVE ORDER

COMES NOW DEFENDANT, The CITY OF LEON VALLEY ("Defendant" or "City") and files this Opposed Motion for Protective Order requesting that this Court Quash Plaintiffs' Notices of Deposition of Defendant City's Attorneys, Adolfo Ruiz, Patrick Bernal, and Lowell Denton scheduled for November 17, 2021, pursuant to Fed. R. Civ. P. 26(b)(1), (c)(1) and 30(a)(2), and in support of this Motion, state the following:

### PLAINTIFFS REQUEST FOR DEFENDANT'S COUNSELS' DEPOSITION EXPERT TESTIMONY ON THE REASONABLENESS OF PLAINTIFFS ATTORNEYS' FEES IS PREMATURE AND SPECULATIVE

1. Defendant files this Moton for Protective Order pursuant to Fed. R. Civ. P. 26 (c), to request the Court for protection and issue an order quashing the depositions of the above-referenced named attorneys from the undue burden and expense of offering expert testimony as to the reasonableness of Plaintiffs' attorneys' fees and costs when the instant matter has not been resolved, substantially completed, or set for trial. When determining whether to grant a motion for a protective order to prohibit a deposition, the District Court must balance the burdens on the deponent against the need for a party to access relevant information to the case. *McGowan v. United States* 337 F.R.D. 495, 497 (N.D. Ohio, 2021). Fed. R. Civ. P. 26(c)(1).

2. "'The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ...' Fed. R. Civ. P. 26(c)(1). The party seeking a protective order must show good cause based on a particular and specific demonstration of fact, as opposed to relying on stereotypical or conclusory statements. *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016); *McGowan* at 497. "Because deposition of a party's attorney is usually both burdensome and disruptive, the mere request to depose a party's attorney constitutes good cause for obtaining a ... protective order unless the party seeking the deposition can show both the propriety and need for the deposition." *Equal Employment Opportunity Commission v. Pointe at Kirby Gate, LLC,* 290 F.R.D. 89, 90 (W.D. Tenn, 2003), citing *N.F.A. Corp. v. Riverview Narrow Fabrics,* 117 F.R.D. 83, 85 (M.D.N.C.1987).

3. The enumerated harms available to support a protective order are "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

4. Plaintiffs' request to depose Defendant's attorneys who will offer expert testimony against Plaintiffs' request for attorneys' fees and costs is premature at this stage of the litigation. Pursuant to the July 29, 2021, Scheduling Order, discovery closes on December 13, 2021, and the filing of dispositive motions by January 24, 2021; however, there is no trial date set in the Order. **[Dkt. 111]**. There is a substantial amount of attorney pre-trial preparation that still needs to be completed. Any expert opinions on the issue of the reasonableness or entitlement to Plaintiffs' attorneys' fees will be counterproductive and a waste of time.

5. Attorney's fees are determined at the closed of the case. *Brandon v. Sage Corporation* 2014 WL 1092078 *4 (W.D. Tex. 2014)[1], citing *Straus v. DVC Worlkwide, Inc.*, 484 F. Supp. 2d 620,633

---

[1] San Antonio Division, Hon. David A. Ezra. March 18, 2014. At that time the case had not yet been set for trial.

(S.D. Tex. 2007) ("[a]ttorneys' fee claims are generally resolved at the close of the case, after both liability and damages have been determined").

6. Not only are Plaintiffs' requesting to depose Defendant's attorneys regarding the reasonableness of Plaintiffs' attorneys' fees premature, but Plaintiffs also assume that they will be the prevailing party. *Leffler v. Meer* 60 F. 3d 369, 372 (7th Cir. 1995) (Plaintiff must be prevailing party to qualify for attorney fees under 42 U.S.C.A. § 1988) or that they will succeed on a significant issue in the lawsuit which achieves at least some of the benefit sought in bringing the action. *Id.* "More specifically, "liability on the merits and responsibility for fees go hand in hand; where a defendant has not been prevailed against, either because of legal immunity or on the merits, § 1988 does not authorize a fee award against that defendant." *Leffler* at 372-73 citing *Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 3104, 87 L.Ed.2d 114 (1985), *quoted in Farrar,* 506 U.S. at ——, 113 S.Ct. at 572. "The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, . . ." *Farrar* at 573. Pursuant to the Plaintiffs' Second Amended Complaint, the City is one out of sixteen (16) Defendants. **[Dkt. 87].** Plaintiffs are requesting that Defendant's counsel opine on the reasonableness of Plaintiffs' attorney's fees expended by each Plaintiff (1) without differentiating the time and expense expended on each Defendant; (2) without taking into consideration if one or more of the Defendants may be dismissed or found not liable to Plaintiffs; (3) without knowing if any of the Plaintiffs will be dismissed; (4) or if Plaintiffs will even be awarded their attorneys' fees.[2] Taking into account these factors, Defendant's counsels' opinion at this time will be extremely speculative.

---

[2] District court, which in calculating "lodestar" figure in connection with successful claims for attorney fees purposes should give prevailing party credit only for hours of legal service reasonably supportive of such claims, should determine not only number of hours actually devoted to successful claims but also whether it was reasonably necessary to spend that number of hours in order to perform legal services for which compensation is sought, with burden of persuasion resting on party seeking fees. *Hughes v. Repko,* C.A.3 (Pa.) 1978, 578 F.2d 483, on remand 471 F. Supp. 43.

7. The enumerated harms available to support a protective order are "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The time and expense to obtain expert testimony on the reasonableness of Plaintiffs' attorneys' fees at this stage of the litigation will be obsolete by the time liability if finally determined on any one of the Defendants and will therefore, outweigh the likely benefit pursuant to Fed. R. Civ. P. 26(b)(1) and will be an undue burden and expense as per Fed. R. Civ. P. 26(c)(1). The testimony will have to be repeated after the determination of liability of the remaining Defendants. Taking the testimony of Defendant's attorneys at this time will be incomplete and largely duplicative to the attorney testimony for the completion of the attorneys' fee amount at the conclusion of the trial. Taking Defendant's counsels' deposition prior to trial instead of at the end of the trial will result in unnecessary delay and will be oppressive to Defendant in having its attorneys prepare a second time to render their opinions concerning the reasonableness and necessity of Plaintiffs' attorneys' fees.

8. In addition, Defendant has not yet received Plaintiffs' response to Defendant's Request for Production requesting any and all documents supporting Plaintiffs' claim for attorney's fees, which are due on November 26, 2021. Therefore, Defendant's counsel does not have anything to render an opinion on.

**PLAINTIFFS MUST SEEK LEAVE OF COURT TO DEPOSE DEFENDANTS' COUNSEL**

9. Pursuant to Fed. R. Civ. P. 30(a)(2), the Plaintiffs must seek leave of court if the parties have not stipulated to the depositions of Defendant's attorneys, which would result in more than ten (10) depositions being taken under Rule 30. As per the email forwarded by Plaintiffs' counsel on October 7, 2021, Plaintiffs' desire to first take the deposition of approximately eighteen (18) Defendants (See Exhibit **"A"**). Plaintiffs later noticed Defendant's counsels' depositions for November 17, 2021, without agreement from Defendant's counsel on the date or times for the depositions. (See Exhibits

"**B**" Patrick Bernal; "**C**" Adolfo Ruiz; and "**D**" Lowell Denton). Therefore, there has been no stipulation as to these depositions and Plaintiffs need to seek leave. Please see attached affidavit of Attorney, Adolfo Ruiz, attesting to the demonstration of facts in support of this motion attached hereto as **Exhibit "E"**.

10. Defendant also requests a Protective Order because Plaintiffs did not provide reasonable notice of Defendant's counsels' depositions. The time constraints and prior commitments of three of the law firm's litigators was not taken into consideration when Plaintiffs unilaterally picked November 17, 2021, as a convenient date for these depositions.

## CERTIFICATE OF CONFERENCE

11. On October 29, 2021, Defendant conferred with Plaintiffs' counsel, Brandon Grable, regarding the contents of this motion. Mr. Grable did not agree to delay Defendants' counsels' expert testimony on the reasonableness of the Plaintiffs' attorneys' fees until after Defendant's liability, if any, is determined by the tier of fact.

**WHEREFORE,** Defendant respectfully asks this Honorable Court to Grant its Motion for Protective Order and quash Plaintiffs' depositions of Defendant's counsel, Patrick Bernal, Adolfo Ruiz, and Lowell Denton for November 17, 2021, and allow the parties the opportunity to reschedule Defendants' counsel's testimony for the appropriate time, and for any other relief granted by this Court.

SIGNED this 29th day of October 2021.

Respectfully submitted,

DENTON NAVARRO ROCHA BERNAL & ZECH
A Professional Corporation
2517 N. Main Avenue
San Antonio, Texas 78212
Telephone:   (210) 227-3243
Facsimile:    (210) 225-4481
pbernal@rampagelaw.com

aruiz@rampagelaw.com

BY: */s/ Adolfo Ruiz*
 PATRICK C. BERNAL
 State Bar No. 02208750
 ADOLFO RUIZ
 State Bar No. 17385600
 COUNSEL FOR DEFENDANT
 CITY OF LEON VALLEY

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served upon the below named individual(s) via certified mail, return receipt requested, unless otherwise indicated, and according to the Federal Rules of Civil Procedure on the 29th day of October, 2021.

| | |
|---|---|
| Brandon J. Grable | **Email:** brandon@ggm.law |
| Austin M. Reyna | **Email:** austin@ggm.law |
| GRABLE GRIMSHAW MORA, PLLC | |
| 1603 Babcock Road, Suite 280 | |
| San Antonio, Texas 78229 | |
| | |
| Charles S. Frigerio | **Email:** csfrigeriolaw@sbcglobal.net |
| Law Offices of Charles S. Frigerio PC | **Email:**  csf@frigeriolawfirm.com |
| 111 Soledad, Ste. 840 | |
| San Antonio, Texas 78205 | |
| | |
| Brandon Joseph Pierce | **Email:**  ethicsinstead@protonmail.com |
| 644 Kerry | |
| Crowley, Texas 76026 | |
| | |
| Selena Herrera | **CMRRR # 9489 0090 0027 6104 0442 36** |
| 202 S. Hoy Street | **& Copy First Class Regular Mail** |
| Buffalo, Oklahoma 73834 | |

 */s/ Adolfo Ruiz*
 PATRICK C. BERNAL
 ADOLFO RUIZ