UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RUSSELL ZINTER, et al;** | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL NO. SA-18-CV-680-JKP-RBF |
| | § | |
| **CHIEF JOSEPH SALVAGGIO, et al;** | § | |
| *Defendants*. | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT CITY OF LEON VALLEY'S OPPOSED MOTION FOR PROTECTIVE ORDER**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, RUSSELL ZINTER, DAVID BAILEY, MARK BROWN, KEVIN EGAN, GREGORY GARDINER, JUAN GONZALES, JONATHAN GREEN, JASON GREEN, BRIAN HOWD, JACK MILLER, THERESA RICHARD, JAMES SPRINGER, and JAMES MEAD (hereinafter "Plaintiffs") files their *Response to Defendant City of Leon Valley's Opposed Motion for Protective Order,* and in support of, shows the following:

## I.   PRELIMINARY STATEMENT

Plaintiffs file this response in support of this Court finding that Defendant's motion for protective order [Dkt. 119] must be dismissed for lack of authority or basis. Properly noticing a deposing an expert witness is not annoying, embarrassing, oppressing, or would cause an undue burden or expense. The process of deposing designated expert witness is a part of proper litigation practice. Defendant City of Leon Valley ("Defendant City") is attempting to hamper the normal process and unduly waste this Court's time and resources in the process. Plaintiffs implore this Court to deny Defendant City's request for a protective order, therefore allowing Plaintiffs to properly inquire into the processes and impressions of Defendant City's designated testifying expert witnesses.

1

## II.     RELEVANT FACTS

This lawsuit involves important issues surrounding the First, Fourth, and Fourteenth Amendments of the United States Constitution. This lawsuit arises out of abusive police tactics from the Leon Valley Police Department and their Officers against Plaintiffs, who were peaceful protesters, on three days in June 2018. During Plaintiffs' protest of Defendant City's policies and practices in June of 2018, Defendants' harassed Plaintiffs, injured Plaintiffs, and violated their Constitutional rights. Defendants worked together to find criminal offenses to charge Plaintiffs with. All criminal charges were subsequently dropped.

On November 8, 2018, Defendant City served its initial disclosures on Plaintiff.[1] Responsive to initial disclosure Federal Rule of Civil Procedure 26(a)(2)(A) and 26(a)(2)(C), Defendant City identified three individuals who may be used to present evidence at trial under Federal Rules of Evidence 702, 703, or 705. The three individuals named to give expert testimony were Patrick C. Bernal, Adolfo Ruiz, and Lowell F. Denton ("Defendant City's Expert Witnesses").

On September 15, 2021, the undersigned informed Defendant City's counsel that he would be noticing the depositions of Defendant City's Expert Witnesses.[2] On October 7, 2021, the undersigned requested dates to depose Defendant City's Expert Witnesses.[3] The undersigned did not receive a response. On October 22, 2021, the undersigned reached out to Defendant City's counsel to invite a response with applicable dates to depose Defendant City's Expert Witnesses.[4] Despite Defendant City's counsel's representation that he would be responding with dates soon, the undersigned again never received a response from Defendant City's counsel.

---

[1] Subject to the Confidentiality and Protective Order issued in this matter [Dkt. 82], Plaintiffs are not filing Defendant City's initial disclosures at this time. A copy of Defendant City's initial disclosures will be provided to the Court upon request.
[2] Exhibit A.
[3] Exhibit B.
[4] Exhibit C.

2

Reasonably inferring Defendant's counsel would not provide dates to depose Defendant City's Expert Witnesses after two unresponsive attempts, the undersigned notice the depositions on October 27, 2021, to take place on November 17, 2021.[5] Defendant's counsel filed a motion for protective order on October 29, 2021.

### III.    ARGUMENT AND AUTHORITIES

*A. Defendant City Seeks to Deny Plaintiffs' the Ability to Depose Their Designated Expert Witnesses*

Federal Rule of Civil Procedure 26(b)(4)(A) declares "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." Plaintiffs seek to depose three designated expert witnesses as disclosed in Defendant City's initial disclosures. Plaintiffs' desires to depose Defendant City's Expert Witness are in accord with the "primary purpose of [Rule 26(b)(4)(A)'s] disclosure" which is "to permit the opposing party to prepare an effective cross-examination." *Hoover v. United States Dep't of Interior,* 611 F.2d 1132, 1142 (5th Cir. 1980).[6]

Ultimately, the federal discovery rules are intended to "allow the parties to develop fully and crystalize concise factual issues for trial." *In re Leblanc*, 559 F. App'x 389, 392 (5th Cir. 2014). Deposing Defendant City's Expert Witnesses will afford the undersigned the ability to inquire into the mental process and impressions of how these expert witnesses intend to provide testimony regarding attorney's fees in this matter. This sort of questioning will be in line with the primary purpose of Rule 26(b)(4)(A) by affording the undersigned the opportunity to effectively prepare for cross-examination of Defendant City's Expert witnesses. While the undersigned steadfastly believes in probability of prevailing on this matter at trial, he in no way assumes such as unfoundedly claimed in Defendant City's motion.[7]

---

[5] Exhibit D.
[6] Defendants City's motion fails to cite to any controlling authority to dispute Rule 26(b)(4)(A)'s primary purpose in relation to their motion for a protective order.
[7] Dkt. 119 at ¶ 6.

Moreover, Defendant City's motion pompously plasters the pages of their motion with the charged phrases of "annoyance, embarrassment, oppression, or undue burden or expense."[8] Defendant City's counsel fails to provide commending analysis on his claims that such depositions of their disclosed expert witnesses would be annoying, embarrassing, be oppressive, or would cause an undue burden or expense. The undersigned twice attempted to confer with Defendant City's counsel on dates of availability, Defendant City's counsel declined to respond.

The total amount of attorneys' fees for the entire case is not what the undersigned seeks to inquire at deposition. Rather, the undersigned seeks to inquire into the mental processes and structure of how the designated expert witness may testify. This testimony should be rather consistent regardless of the progression of this matter and thus the deposition would not be a "waste of time" or annoying, embarrassing, be oppressive, or would cause an undue burden or expense as Defendant City's counsel claims. It is well-established that Plaintiffs bear the cost of the deposition. *See* FED. R. CIV. P. 26(b)(4)(E)(i) (requiring the party taking the expert's deposition to "pay the expert a reasonable fee for time spent in responding to discovery").

### *B. Plaintiffs are not Required to Seek Leave to Conduct these Depositions*

A deposition has yet to occur in this matter. Defendant City is correct that, without a stipulation of the parties, a party seeking to take more than 10 depositions must seek leave of court to do so. FED. R. CIV. P. 30(a)(2)(A)(i). While there are over 10 individuals on each side of the case, plus their testifying expert witness, such an imposition that Plaintiff must request leave of court to take the first depositions in this matter is premature.

---

[8] Dkt. 119 at ¶ 2, 3, and 7.

## IV. CONCLUSION

Plaintiffs pray that Defendants' motion [Dkt. 119] be denied in its entirety and Plaintiffs further pray that they be entitled to all costs and expenses incident to and arising out of this Motion, including reasonable attorneys' fees. Plaintiffs lastly requests that this Court grant such other and further relief as may be equitable

Respectfully submitted,

**GRABLE GRIMSHAW MORA PLLC**

*/s/ Brandon J. Grable*
**BRANDON J. GRABLE**
Texas State Bar No. 24086983
brandon@ggm.law
**AUSTIN M. REYNA**
Texas State Bar No. 24118645
austin@ggm.law
1603 Babcock Road, Suite 280
San Antonio, Texas 78229
Telephone: (210) 963-5297
Facsimile: (210) 641-3332
**COUNSEL FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing instrument has been served upon the below named parties, via electronic mail or certified mail according to the Federal Rules of Civil Procedure on this 1st day of November 2021,

| | |
|---|---|
| **Charles Frigerio** | **Email:** csfrigeriolaw@sbcglobal.net |
| Law Offices of Charles S. Frigerio | **Email:** frigeriolaw1995@sbcglobal.net |
| 111 Soledad, Suite 840 | |
| San Antonio, Texas 78205 | |
| *Attorney for Defendants, Officers* | |

**Adolfo Ruiz**      **Email:** aruiz@rampagelaw.com
Denton Navarro Rocha Bernal & Zech
2517 North Main Avenue
San Antonio, TX 78212
*Attorneys for Defendants, City*

**Brandon Joseph Pierce**      **Email:** ethicsinstead@protonmail.com
644 Kerry
Crowley, Texas 76026

**Selena Herrera**      **CMRRR # 9490 9116 9900 0892 6760 61**
202 S. Hoy Street
Buffalo, Oklahoma 73834

                                           */s/Brandon J. Grable*
                                           **Brandon J. Grable**