UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RUSSELL ZINTER; ET AL. § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL NO. SA-18-CA-680-JKP-RBF |
| § | |
| CHIEF JOSEPH SALVAGGIO; ET AL. § | |
| § | |
| Defendants. § | |

### REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT CITY OF LEON VALLEY'S OPPOSED MOTION FOR PROTECTIVE ORDER

COMES NOW DEFENDANT, The CITY OF LEON VALLEY ("Defendant" or "City") and files this Reply to Plaintiffs' Response to Defendant's Opposed Motion for Protective Order requesting that this Court Quash Plaintiffs' Notices of Deposition of Defendant City's Attorneys, Adolfo Ruiz, Patrick Bernal, and Lowell Denton ("Motion") scheduled for November 17, 2021, pursuant to Fed. R. Civ. P. 26(b)(1), (c)(1) and 30(a)(2) and show the following:

### DEFENDANT TAKES EXCEPTION TO PLAINTIFFS' PRELIMINARY STATEMENT OF A LACK OF AUTHORITY TO SUPPORT ITS MOTION

1.  Plaintiffs' contention that Defendant's Motion [Dkt. 19] must be dismissed for lack of authority or basis is without merit. In its first paragraph of its Motion, Defendant cites Fed. R. Civ. P. 26(b)(1), (c)(1), and 30(a)(2), in support of the Motion. Throughout its Motion, Defendant explains the basis why these statutory provisions apply to Defendant's request to quash the depositions of Defendants' counsel, Adolfo Ruiz, Patrick Bernal and Lowell Denton. Defendant cites approximately nine (9) cases in support of its position that Plaintiffs' request for Defendant's counsels' deposition at this juncture of the litigation is premature, burdensome, disruptive, and not economically feasible. [Dkt. 119]. Plaintiffs summarily ignores Defendants' cited authority and argument because they simply do

not agree with it. Defendant has shown that good cause based on particular and specific demonstration of the undue burden and expense of taking the Defendant's counsel' deposition at this time. *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016); *McGowan v. United States* 337 F.R.D. 495, 497 (N.D. Ohio, 2021); and Fed. R. Civ. P. 26(c)(1).

2. Contrary to Plaintiffs' unfounded assertions, Defendant is not hampering Plaintiffs' ability to properly inquire into the "processes and impressions" of Defendant's designated attorneys as expert witnesses to testify as to Plaintiffs' request for reasonable attorneys' fees. Defendants are utilizing the purposes of Fed. R. Civ. P. 26(b)(1), (c)(1) and 30(a)(2) because the instant case has not been resolved, substantially completed, or set for trial. Defendant contends that any award of attorneys' fees to Plaintiffs should be until after Defendant's liability, if any, is determined by the trier of fact. *Brandon v. Sage Corporation* 2014 WL 1092078 *4 (W.D. Tex. 2014), *Straus v. DVC Worlkwide, Inc*., 484 F. Supp. 2d 620,633 (S.D. Tex. 2007).

3. Defendant contends that their attorneys appear for Plaintiffs requested depositions at the appropriate time when unsuccessful issues and non-liable parties have been dismissed from the case. Defendant is not insinuating the outcome of Plaintiffs cause of action but using the lodestar calculation will be determined on the number of parties and successful issues, if any, left in the case. *Hughes v. Repko*, C.A.3 (Pa.) 1978, 578 F.2d 483, on remand 471 F. Supp. 43.

4. Defendant does not dispute Plaintiffs' statutory legal authority of Fed. R. Civ. Pro. 26 (b)(4)(A) to take an expert's deposition or the case law cited to support Plaintiffs' right to do so. However, it is Plaintiffs who are ignoring Defendant's cited authority under Fed. R. Civ. P. 26(b)(1), (c)(1) and 30(a)(2) and cited cases that enable Defendant to request a protective order to quash Defendant's counsels' depositions under these circumstances.

5. Defendant is attempting to adhere and facilitate the normal process of testifying to Plaintiffs' attorneys' fees either by deposition or trial testimony at a time when the total or substantial part of the fees can be determined and not subject the Court to piecemeal testimony by Defendants' counsel at different stages of the litigation.

6. It is a fact that Plaintiffs' intention is to take more than 10 depositions, so a stipulation of parties is required under FED. R. CIV. P. 30(a)(2)(A)(i). Plaintiffs cite no authority that a stipulation and/or a leave of court is not required at this time.

7. The City is one out of a total of approximately eighteen (18) Defendants. There are approximately ten (10) Plaintiffs in this case. As evidenced by Plaintiff's Exhibit "A" in Plaintiffs' Response, the first September 15, 2018, email was initiated by Defendant's counsel in order to organize a schedule for the anticipated multitude of depositions in the case. The email was Defendant's attempt to spur the litigation forward, not to hamper it. During this same time Defendant's counsel and Plaintiffs' counsel were both involved major activity as attorneys representing different parties in *Grisham and Everard v. The City of Olmos Park, et al*, In the United States District Court, Western District of Texas, San Antonio Division, Civil No. 5:20-cv-00387-OLG. No disregarding on this email was intended.

8. Defendant takes exception to Plaintiffs' representation that in an October 7, 2021, email Plaintiffs' counsel requested dates to depose the City's Expert Witnesses and attached said email as Exhibit "B" to their Reply. On review of the email sent to both Charles Frigerio, attorney for the Individual Defendants, and this office, the request was to, "provide deposition dates for your clients". No reference to Defendant City's experts were mentioned or could be inferred from this email.

9. Defendant takes exception to Plaintiffs' allegation that on October 22, 2021, Defendant City's counsel represented that he would be responding with deposition dates soon. Upon review of

Plaintiffs' Exhibit "C," Defendant's counsel did not make said representation. The determination of the deposition dates for the individual defendants would have to be determined by their attorney, Mr. Frigerio. Defendant's counsel also reminded Plaintiffs' counsel to include the firm's paralegal on all emails to enhance proper communications between counsel.

10. As mentioned in Defendant's Motion, Plaintiffs' responses to Defendant City's Requests for Production and Interrogatories to include Plaintiffs' attorneys' documents to prove their request for attorneys' fees are due on November 26, 2021. To take the City's attorneys expert testimony prior to this date will not result in productive depositions.

11. Defendant's counsel also aver that they will be ready to testify as to Plaintiffs' attorneys' fees at the appropriate time when documents are available and request the Court to allow the parties the opportunity to reschedule Defendant counsels' testimony at that time. [Dkt. 119-1, Exhibit "E", Affidavit of Adolfo Ruiz].

## ALTERNATIVELY REQUEST LEAVE TO AMEND SCHEDULING ORDER

12. Defendants request leave of Court to extend the discovery deadline from its current date of December 13, 2021 in order to schedule Defendants counsels' depositions from November 17th to a later date after Defendants receive accurate and sufficient billing records and allow a reasonable amount of time for review of said records at an appropriate date after mediation or at a time determined by the Court.

SIGNED this 4th day of November 2021.

Respectfully submitted,

DENTON NAVARRO ROCHA BERNAL & ZECH
A Professional Corporation
2517 N. Main Avenue
San Antonio, Texas 78212
Telephone:   (210) 227-3243
Facsimile:   (210) 225-4481

pbernal@rampagelaw.com
aruiz@rampagelaw.com

BY:  /s/ Adolfo Ruiz
PATRICK C. BERNAL
State Bar No. 02208750
ADOLFO RUIZ
State Bar No. 17385600
COUNSEL FOR DEFENDANT
CITY OF LEON VALLEY

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served upon the below named individual(s) via certified mail, return receipt requested, unless otherwise indicated, and according to the Federal Rules of Civil Procedure on the 4th day of November, 2021.

| | |
|---|---|
| Brandon J. Grable | **Email:** brandon@ggm.law |
| Austin M. Reyna | **Email:** austin@ggm.law |
| GRABLE GRIMSHAW MORA, PLLC | |
| 1603 Babcock Road, Suite 280 | |
| San Antonio, Texas 78229 | |
| | |
| Charles S. Frigerio | **Email:** csfrigeriolaw@sbcglobal.net |
| Law Offices of Charles S. Frigerio PC | **Email:** csf@frigeriolawfirm.com |
| 111 Soledad, Ste. 840 | |
| San Antonio, Texas 78205 | |
| | |
| Brandon Joseph Pierce | **Email:** ethicsinstead@protonmail.com |
| 644 Kerry | |
| Crowley, Texas 76026 | |
| | |
| Selena Herrera | **CMRRR # 9489 0090 0027 6104 0442 43** |
| 202 S. Hoy Street | **& Copy First Class Regular Mail** |
| Buffalo, Oklahoma 73834 | |

/s/ Adolfo Ruiz
PATRICK C. BERNAL
ADOLFO RUIZ