## IN THE UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TEXAS SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RUSSELL ZINTER; ET AL** | § | |
| *Plaintiffs* | § | |
| | § | |
| **vs.** | § | **Case No.: 5:18-CV-00680-JKP-RBF** |
| | § | |
| **CHIEF JOSEPH SALVAGGIO; ET AL** | § | |
| *Defendants.* | § | |
| | § | |

## OPPOSED MOTION TO MODIFY CONFIDENTIALITY AND PROTECTIVE ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, RUSSELL ZINTER, DAVID BAILEY, MARK BROWN, KEVIN EGAN, GREGORY GARDINER, JUAN GONZALES, JONATHAN GREEN, JASON GREEN, BRIAN HOWD, JACK MILLER, THERESA RICHARD, JAMES SPRINGER, and JAMES MEAD (hereinafter "Plaintiffs") file their *Opposed Motion to Modify Confidentiality and Protective Order*, and in support thereof, Plaintiffs show the following:

### I.      PRELIMINARY STATEMENT

Plaintiffs move this Court to replace the Confidentiality and Protective Order, rendered on October 20, 2020, filed at Docket 82, with this district's form protective order.[1] Recent developments in sentiment and binding authority shift the focus away from broad blanketed protective orders like that which was entered in this matter. [Dkt. 82]. The public has a right to access the courts, including the information of the courts. This of course involves a balancing act

---

[1] Exhibit A.

between the right for access on one side and the interest of protection of sensitive information of the other.

The Protective Order agreed to by Defendants' and Plaintiffs' prior counsel uniformly restricts the public from viewing, for the benefit of Defendants only, all of Defendants discovery responses, exhibits, affidavits, deposition testimony, deposition transcripts. [Dkt. 82 ¶ 2]. Defendants are not required to identify why records should be shielded from the public.  Moreover, this restriction is not reciprocal, as dissemination of Plaintiffs' responses in this litigation are not automatically deemed confidential (and nor should they be without some effort to justify it).

Since the Protective Order entered in this matter is out of line with binding legal authority, it must be modified.

## II.      ABOUT THIS CASE

This lawsuit involves important issues surrounding the First, Fourth, and Fourteenth Amendments of the United States Constitution. This lawsuit arises out of abusive police tactics from the Leon Valley Police Department and their Officers against Plaintiffs while peacefully protesting during three days in June 2018.  During Plaintiffs' protest of Defendant City's policies and practices, Defendants harassed Plaintiffs, injured Plaintiffs, and violated their Constitutional rights.  Defendants worked together to find criminal offenses to charge Plaintiffs with.  All criminal charges were subsequently dropped.

## III.    CURRENT LAW REQUIRES MODIFICATION OF CURRENT CONFIDENTIALITY AND PROTECTIVE ORDER

As the Fifth Circuit as recognized, "[c]ourts have recognized that the public has a common law right to inspect and copy judicial records." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). "Judicial records are public records." *Binh Hoa Le v. Exeter Fin. Corp*., 990 F.3d 410, 416 (5th Cir. 2021). "And public records, by definition, presume public access." *Id.* "There is a

strong presumption in favor of public access to judicial proceedings, including judicial records." *In re Leopold to Unseal Certain Elec. Surveillance Application & Orders*, 964 F.3d 1121, 1123 (D.C. Cir. 2020).

"[T]here are three different types of protective orders: (1) the narrowest type protects specific, identified information which the court has reviewed and has determined that 'good cause' exists for such an order; (2) the disfavored 'umbrella' protective order that designates all discovery as protected, without review or determination of 'good cause' by the parties or the court; and (3) a 'blanket' protective order which allows the parties to protect those documents which they in good faith believe contain trade secrets or other confidential commercial information and which are usually agreed to by the parties and approved of by the courts." *Newby v. Enron Corp.* (*In re Enron Corp. Secs, Derivative & "ERISA" Litig.*), No. MDL-1446, 2009 U.S. Dist. LEXIS 93299, at *72-73 (S.D. Tex. Sep. 29, 2009) (citing *Holland v. Summit Autonomous, Inc.*, No. CIV. A. 00-2313, 2001 U.S. Dist. LEXIS 12659, 2001 WL 930879, *3-4 (E.D. La. Aug. 14, 2001)).

While there is no definitive test a court should apply when analyzing whether modification of a protective order is to be decreed, courts in this circuit have used a standard similar to that of *Neon Enter. Software, LLC v. IBM Corp.*[2] When a modification of a protective order is at issue, the court should consider: "(1) the nature of the protective order (i.e., narrow vs. broad, court imposed vs. court approved); (2) the foreseeability at the time of the original protective order of the modification now requested; and (3) the parties' reliance on the protective order." *Id.*

---

[2] No. A-09-CA-896 AWA, 2012 U.S. Dist. LEXIS 17756, at *17 (W.D. Tex. Feb. 13, 2012).

## IV.    APPLICATION OF THE LAW TO THIS CASE

**A.    The Protective Order in this Matter is Broad in Nature**

The Protective Order here is a blanket Protective Order that allows Defendants the broad ray of confidentiality with proverbially any action exercised in this case. This type of hush hush secrecy is the quintessential protective order the Fifth Circuit informs the district courts to be weary of. In *Binh Hoa Le*, the Fifth Circuit found, "The public's right of access to judicial records is a fundamental element of the rule of law." 990 F.3d at 417 (quoting *In re Leopold*, 964 F.3d at 1123). The Constitution makes clear in its "first three words . . . . that ultimate sovereignty is wielded not by the government but by the governed." *Binh Hoa Le*, 990 F.3d at 417.  "Accessibility," the Court asserts, "enhances legitimacy, the assurance that things are on the level. *Id.*

Under the current Protective Order, Defendants have a shield of anonymity as to all of their discovery responses are deemed confidential without any further analysis.  The Protective Order states in part:

> **Defendants'** answers and responses, to Plaintiffs' Interrogatories; Requests for Production; Requests for Admission; Deposition on Written Questions; Rule 26 Disclosures; exhibits; affidavits; video and audio deposition testimony; and video and non-video deposition transcripts of the **Individual Defendants**, representatives and employees of the City ("Deponents" and/or "Witnesses").

[Dkt. 82, ¶ 2].

Plaintiffs move for this Court to reconsider the Confidentiality and Protective Order rendered on October 20, 2020, to comply with the Fifth Circuit's holding that,

> American judicial proceedings are public.[3] And judges must protect public accessibility for three mutually reenforcing reasons: (1) the public has a right to monitor the exercise of judicial authority;[4] (2) judges are 'the primary

---

[4]    *Binh Hoa Le.,* 990 F.3d at 416 (*citing Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 224 (5th Cir. 2020) ("The public 'has a common law right to inspect and copy judicial records.'")

representative[s] of the public interest in the judicial process";[5] and (3) the judiciary's institutional legitimacy depends on public trust. Public trust cannot coexist with a system wherein 'important judicial decisions are made behind closed doors' and, worse, private litigants do the closing.[6]

The Fifth Circuit asserts, "Public access to judicial records 'promotes the trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a better understanding of the judicial process, including its fairness [and] serves as a check on the integrity of the system." *Id.* (citing *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) (quoting *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010). The broad order in this matter permits the Defendants to unilaterally designate all material as confidential the moment they respond, produce a document, or make a sound at deposition. This broad nature must be tamed.

### B.    Defendants Have the Burden to Defeat Proposed Modification of the Order

"In deciding where to place the burden of proof, Judge Harmon in *Newby* adopted the test identified by Judge Africk in *Holland*, which focuses on whether there was a requirement of demonstrating good cause to support the issuance of the protective order in the first instance. *Neon Enter. Software*, 2012 U.S. Dist. LEXIS 17756, at *17-18 (citing *Holland*, U.S. Dist. LEXIS 12659 [WL] at *3). "If good cause was shown for the original protective order, then the burden should be on the party seeking modification, and if good cause was not shown for the original protective order, the burden of showing good cause should be on the party seeking continued confidentiality." *Id.*

---

[5]    *Id.* (citing *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (Posner, J.) ("[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding.").

[6]    *Id.* (citing *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) (*quoting United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010).

Here, as in *Neon Enter. Software*, the Protective Order was entered in October 2020 at the joint request of the parties. Thus, "there was not any significant presentation made in support of its entry." *Id.* Furthermore, recent concern raised by the Fifth Circuit supports modification. These factors weigh against the presumption of good cause for the original protective order. Therefore, the burden rest on Defendants to prove the confidentiality under the current Protective Order shall continue.

**C.      Defendants Cannot Meet Their Burden**

"Whether there is a continued need for confidentiality is perhaps the most important factor in this analysis." *Neon Enter. Software*, 2012 U.S. Dist. LEXIS 17756, at *22. With full objectivity, Plaintiffs acknowledge there are some documents produced by Defendants that otherwise would not have been if the Protective Order would not have existed. This concern is valid. What is not valid is the assertion that all documents, no matter the scope or relative need— and without any independent assessment from counsel—are automatically deemed "Confidential" once produced by Defendants.

Explementary of this is the fact Plaintiffs do not enjoy the same benefits. Clearly, the intent of the current Protective Order encourages gamesmanship by allowing Defendants, for example, to produce publicly available information, and then claim confidentiality pursuant to the Protective Order.

Modifying the current Protective Order, such as with Exhibit A of this motion, is a step closer to being consistent with Fifth Circuit precedent as it requires parties and the court to apply the proper balancing mechanisms in identifying truly sensitive information and allow the public to maintain trust in the open courts of the United States.

## V.     PRAYER & CONCLUSION

**FOR THESE REASONS,** Plaintiffs pray the Court grant Plaintiffs an expedited Hearing to Reconsider the Opposed Motion to Modify the Confidentiality and Protective Order rendered by this Court on October 20, 2020 as its provisions are overbroad and inconsistent with the Fifth Circuit's holding that [judicial] processes should facilitate public scrutiny and . . . zealously guard the public's right of access to judicial records – their judicial records – so 'that justice may  not be done in a corner.'"[7]

Respectfully submitted,

**GRABLE GRIMSHAW MORA PLLC**

*/s/ Brandon J. Grable*
**BRANDON J. GRABLE**
Texas State Bar No. 24086983
brandon@ggm.law
**AUSTIN M. REYNA**
Texas State Bar No. 24118645
austin@ggm.law
1603 Babcock Road, Suite 280
San Antonio, Texas 78229
Telephone: (210) 963-5297
Facsimile: (210) 641-3332
**COUNSEL FOR PLAINTIFFS**

---

[7] *Binh Hoa Le*, 990 F.3d at 421.

## CERTIFICATE OF CONFERENCE

I certify that a reasonable effort has been made to resolve this dispute without the necessity of court intervention and has failed.

_____
Brandon J. Grable

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing instrument has been served upon the below named parties, via electronic mail or certified mail according to the Federal Rules of Civil Procedure on this 18th day of November 2021,

**<u>Charles Frigerio</u>**                              **Email:** csfrigeriolaw@sbcglobal.net
Law Offices of Charles S. Frigerio        **Email:** frigeriolaw1995@sbcglobal.net
111 Soledad, Suite 840
San Antonio, Texas 78205
*Attorney for Defendants, Officers*

**<u>Adolfo Ruiz</u>**                                  **Email:** aruiz@rampagelaw.com
Denton Navarro Rocha Bernal & Zech
2517 North Main Avenue
San Antonio, TX 78212
*Attorneys for Defendants, City*

**<u>Brandon Joseph Pierce</u>**                **Email:** ethicsinstead@protonmail.com
644 Kerry
Crowley, Texas 76026

**<u>Selena Herrera</u>**                              **CMRRR # 9400 1119 6900 0940 0000 11**
202 S. Hoy Street
Buffalo, Oklahoma 73834

  */s/Brandon J. Grable*
**Brandon J. Grable**