UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUSSELL ZINTER; ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL NO. SA-18-CA-680-JKP-RBF |
| | § | |
| CHIEF JOSEPH SALVAGGIO; ET AL. | § | |
| | § | |
| Defendants. | § | |

### DEFENDANT CITY OF LEON VALLEY'S RESPONSE TO PLAINTIFFS' OPPOSED MOTION TO MODIFY CONFIDENTIALITY AND PROTECTIVE ORDER

COMES NOW DEFENDANT, The CITY OF LEON VALLEY ("Defendant" or "City") and files Response to Plaintiffs' Opposed Motion to Modify Confidentiality and Protective Order, and show the following:

1. On October 28, 2020, Plaintiffs RUSSELL ZINTER, DAVID BAILEY, MARK BROWN, KEVIN EGAN, GREGORY GARDINER, JUAN GONZALES, JONATHAN GREEN, JASON GREEN, BRIAN, HOWD, JACK MILLER, THERESA RICHARD, JAMES SPRINGER, and JAMES MEAD ("Plaintiffs"); CHIEF JOSEPH SALVAGGIO; LIEUTENANT DAVID ANDERSON; DEPUTY JANE DOE GOLDMAN; OFFICER JOHNNY VASQUEZ; CPL. CHAD MANDRY; SERGEANT JOHN DOE; OFFICER JIMMIE WELLS; CORPORAL LOUIS FARIAS, badge 534; FFICER BRANDON EVANS, badge 556; OFFICER UZIEL HERNANDEZ; JOHN DOE TAZER ; JOHN DOE TAZER 2 ("Individual Defendants"); and THE CITY OF LEON VALLEY, a political Subdivision of the State of Texas ("City") (collectively referred to as "the Parties") filed a Joint Motion for Confidentiality and Protective Order [Dkt. 81].

2. On October 30, 2020, the Court granted the Motion and entered a Confidentiality and Protective Order [Dkt. 82].

3.      On November 18, 2021, Plaintiffs filed an Opposed Motion to Modify Confidentiality and Protective Order [Dkt. 122].

**I.
GOOD CAUSE EXISTS FOR THE CONTINUATION OF THE CONFIDENITALITY AND PROTECTIVE ORDER**

4.      Plaintiffs appear to forget that the current Confidentiality and Protective Order ("Protective Order") was the result of an "Agreed Joint Motion" for Confidentiality and Protective Order ("Agreed Joint Motion") [Dkt. 81].  Plaintiffs themselves is a designating party under the Protective Order who designated the documents or information listed in paragraph two (2) of the Protective Order as Classified/Confidential Information. [Dkt. 82, p. 2, ¶2; p. 8, ¶ 12].  Now, Plaintiffs desire to terminate the agreement voluntarily entered by Plaintiffs and Defendants with requested approval by the Court. The Agreed Joint Motion is clear as to the reason for the request for confidentiality to prevent the dissemination, publication, broadcasting, posting, and copying on social media, internet platforms and other electronic and broadcast media of sensitive and private information of police officers, city officials, city employees and confidential information of criminal investigations, arrests, and conviction of third parties. [Dkt. 81, ¶4].

**A.      Plaintiffs are Auditors who will publish discovery produced by Defendants in this case to their respective internet websites and/or YouTube Channels.**

5.      The facts in this case are self-evident.  Plaintiffs individually and/or in tandem produced private information of Defendant Chief Salvaggio and his family members on the internet which resulted in derogatory and dangerous comments against Chief Salvaggio and his family.  [See Dkt. 49, Defendants Response to Plaintiffs' Motion for Preliminary Injunction].  Plaintiffs provide no reason why Plaintiffs seek disclosure for themselves.  Plaintiffs do not provide any evidence or rationale how they are being harmed or prejudiced from the non-disclosure of the agreed-to confidential information. Plaintiffs just recite 5th Circuit precedent that the public has a right to inspect and copy judicial records.

However, constitutional claims are personal and cannot be asserted vicariously. *Johns v. County of San Diego*, 114 F. 3d 874, (9th Cir. 1997).  As a matter of law, Plaintiffs do not have standing to vicariously assert constitutional claim violations on behalf of unknown and unidentified activists or third parties. *Id* at 874, *San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 704 (5th Cir. 1991); *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978).  The general public is not a party in this case nor can the general public be represented vicariously through Plaintiffs or Plaintiffs' counsel.

**B.      Plaintiffs' cited cases are distinguishable from the Instant case.**

6.      Plaintiff relies heavily on the Fifth Circuit's holding in *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021), to support their proposition that "Judicial records are public records." "And public records, by definition, presume public access." *Id.*  However, the Court found that there was no discernable reason for the agreed protective order other than both parties wanted it that way. *Id.* at 417.  In the instant case, the parties' Joint Agreed Motion set forth the reasons for granting the Protective Order [Dkt. 82, p. 2, ¶2].  The *Binh* Court also found that, "But increasingly, courts are sealing documents in run-of-the-mill cases where the parties simply prefer to keep things under wraps." *Id.*  The instant case cannot be described as a "run-of-the-mill" case, with Plaintiffs' nature of intentional dissemination of mischaracterization of facts in support of their cause.

7.      Plaintiffs' reliance on *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993), is misplaced.  The Fifth Circuit determined that courts have recognized that the public has a common law right to inspect and copy judicial records. However, the public's common law right is not absolute. "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id.*  As demonstrated above, the disclosure of discovery information produced by Defendants in the instant case will more likely than not be used for improper purposes by Plaintiffs.

## II.
## IN THE ALTERNATIVE, PLAINTIFFS DID NOT INVOKE THE REQUIREMENT OF THE PROTECTIVE ORDER TO OBJECT IN WRITING TO DEFENDANT WHO DESIGNATED THE INFORMATION AS CLASSIFIED

8. Pursuant to paragraph 12 of the Protective Order [Dkt. 82], Plaintiffs are required to object in writing to Defendant who allegedly unilaterally designated the information as classified. Without said pre-conditional requirement, Plaintiffs cannot proceed to request relief from this Court to amend or modify the Protective Order.

### PRAYER

9. Defendant requests that the Court deny Plaintiffs' Opposed Motion to Modify the Confidentiality and Protective Order, and for such other and further relief to which the Defendant City may be justly entitled.

SIGNED this 26th day of November 2021.

Respectfully submitted,

DENTON NAVARRO ROCHA BERNAL & ZECH
A Professional Corporation
2517 N. Main Avenue
San Antonio, Texas 78212
Telephone:   (210) 227-3243
Facsimile:    (210) 225-4481
pbernal@rampagelaw.com
aruiz@rampagelaw.com

BY:   */s/ Adolfo Ruiz*
PATRICK C. BERNAL
State Bar No. 02208750
ADOLFO RUIZ
State Bar No. 17385600
COUNSEL FOR DEFENDANT
CITY OF LEON VALLEY

## CERTIFICATE OF SERVICE

  This is to certify that a true and correct copy of the foregoing instrument has been served upon the below named individual(s) via certified mail, return receipt requested, unless otherwise indicated, and according to the Federal Rules of Civil Procedure on the 26th day of November, 2021.

| | |
|---|---|
| Brandon J. Grable | **Email:** brandon@ggm.law |
| Austin M. Reyna | **Email:** austin@ggm.law |
| GRABLE GRIMSHAW MORA, PLLC | |
| 1603 Babcock Road, Suite 280 | |
| San Antonio, Texas 78229 | |
| | |
| Charles S. Frigerio | **Email:** csfrigeriolaw@sbcglobal.net |
| Law Offices of Charles S. Frigerio PC | **Email:**  csf@frigeriolawfirm.com |
| 111 Soledad, Ste. 840 | |
| San Antonio, Texas 78205 | |
| | |
| Brandon Joseph Pierce | **Email:**  ethicsinstead@protonmail.com |
| 644 Kerry | |
| Crowley, Texas 76026 | |
| | |
| Selena Herrera | **CMRRR & Copy First Class Regular Mail** |
| 202 S. Hoy Street | |
| Buffalo, Oklahoma 73834 | |

             */s/ Adolfo Ruiz*
             PATRICK C. BERNAL
             ADOLFO RUIZ