AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | | |
|---|---|---|
| ZINTER et al. | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:18 CV-680 |
| | ) | |
| SALVAGGIO et al. | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:   FBI AGENT HARLEN L. JOHNSTON

[X]   *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material relating, but not limited, to the following topics:

- Knowledge of any federal investigation into Russell Zinter, Jack Miller, Brian Howd, James Mead, Mark Brown, David Bailey, Jaun Gonzales Jr., Kevin Egan, Jonathon Green, James Springer, Greg Gardiner, Jason Green, and Theresa Richard for their involvement in protesting at Leon Valley in June 2018.

- Knowledge of the Task Force's communications with any representative of the City of Leon Valley regarding or relating to Leon Valley protests in June 2018.

- Meetings with Leon Valley representatives concerning Russell Zinter, Jack Miller, Brian Howd, James Mead, Mark Brown, David Bailey, Jaun Gonzales Jr., Kevin Egan, Jonathon Green, James Springer, Greg Gardiner, Jason Green, and Theresa Richard.  This includes, but is not limited, the meeting that occurred on September 12, 2018 and October 5, 2018.

- Knowledge of any and all efforts made in investigating my clients for protesting Leon Valley in June 2018.

- Knowledge of any connection between Russell Zinter, Jack Miller, Brian Howd, James Mead, Mark Brown, David Bailey, Jaun Gonzales Jr., Kevin Egan, Jonathon Green, James Springer, Greg Gardiner, Jason Green, and Theresa Richard and any shooting incident anywhere.

- Knowledge of Leon Valley's efforts to investigate Russell Zinter, Jack Miller, Brian Howd, James Mead, Mark Brown, David Bailey, Jaun Gonzales Jr., Kevin Egan, Jonathon Green, James Springer, Greg Gardiner, Jason Green, and Theresa Richard.

- Knowledge of the Task Force's communications with any local, state, or federal agency regarding June 2018 protests in June 2018.

- Knowledge of attempts or requests made by fmr. Chief Salvaggio, or any Leon Valley representative, to cause or seek investigations into Plaintiffs.

- Knowledge of any representations made to Leon Valley that federal indictments were forthcoming.

| Place: | Date and Time: |
|---|---|
| Grable Grimshaw Mora PLLC<br>1603 Babcock Road, Suite 280<br>San Antonio, Texas 78229 | By: December 10, 2021<br>At:  5:00 PM |

*Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: ___3 Dec 21___

CLERK OF THE COURT

_____  OR  _____
Signature of Clerk or Deputy Clerk                        Attorney's Signature

Page **2** of **6**

The name, address, email, and telephone number of the attorney representing Zinter, et al, who issues or requests this subpoena, are:

**GRABLE GRIMSHAW MORA PLLC**

*/s/ Brandon J. Grable*
**BRANDON J. GRABLE**
Texas State Bar No. 24086983 brandon@ggm.law
**AUSTIN M. REYNA**
Texas State Bar No. 24118645 austin@ggm.law
1603 Babcock Road, Suite 280
San Antonio, Texas 78229
Telephone: (210) 963-5297
Facsimile: (210) 641-3332
**COUNSEL FOR PLAINTIFFS**

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**
**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or     **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information;
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or     **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and     **(ii)** ensures that the subpoenaed person will be reasonably compensated.
**(d) Duties in Responding to a Subpoena.**
 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.     **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 **(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:     **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trialpreparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person

Page **5** of **6**

who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | | |
|---|---|---|
| ZINTER et al. ) | | |
| *Plaintiff* ) | | |
| ) | | |
| v. ) | | Civil Action No. 5:18 CV-680 |
| ) | | |
| SALVAGGIO et al. ) | | |
| *Defendant* ) | | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:   FBI REPRESENTATIVE OF SQUAD CT-4 of the San Antonio Domestic Terrorism Unit.

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material relating, but not limited, to the following topics:

- FBI investigation into Russell Zinter, Jack Miller, Brian Howd, James Mead, Mark Brown, David Bailey, Jaun Gonzales Jr., Kevin Egan, Jonathon Green, James Springer, Greg Gardiner, Jason Green, and Theresa Richard arising from information obtained from fmr. Chief Salvaggio, or any Leon Valley representative.

- Timeline of any investigation into Plaintiffs arising from June 2018 Leon Valley protests.

- Communications with Defendants related to June 2018 Leon Valley protests.

- Findings and conclusions of any investigations into Plaintiffs arising from June 2018 Leon Valley protests.

- Findings and conclusions of any investigations seeking to establish any connection between Plaintiffs and any 2018 shooting incident.

| Place: | Date and Time: |
|---|---|
| Grable Grimshaw Mora PLLC<br>1603 Babcock Road, Suite 280<br>San Antonio, Texas 78229 | By: December 10, 2021<br>At:  5:00 PM |

*Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: __3 Dec 21_____

CLERK OF THE COURT

_____   OR   _____
Signature of Clerk or Deputy Clerk                    Attorney's Signature

Page **2** of **6**

The name, address, email, and telephone number of the attorney representing Zinter, et al, who issues or requests this subpoena, are:

                                          **GRABLE GRIMSHAW MORA PLLC**

                                          */s/ Brandon J. Grable*
                                          **BRANDON J. GRABLE**
                                          Texas State Bar No. 24086983 brandon@ggm.law
                                          **AUSTIN M. REYNA**
                                          Texas State Bar No. 24118645 austin@ggm.law
                                          1603 Babcock Road, Suite 280
                                          San Antonio, Texas 78229
                                          Telephone: (210) 963-5297
                                          Facsimile: (210) 641-3332
                                          **COUNSEL FOR PLAINTIFFS**

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**
**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information;
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or     **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and     **(ii)** ensures that the subpoenaed person will be reasonably compensated.
**(d) Duties in Responding to a Subpoena.**
 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.     **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 **(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:     **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trialpreparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person

who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | |
|---|---|
| ZINTER et al.<br>*Plaintiffs*<br><br>v.<br><br>SALVAGGIO et al.<br>*Defendants* | )<br>)<br>)<br>)  Civil Action No. 5:18 CV-680<br>)<br>)<br>) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:   FBI AGENT S. JASON HARRIS

☒   *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material relating, but not limited, to the following topics:

- Knowledge of any federal investigation into Russell Zinter, Jack Miller, Brian Howd, James Mead, Mark Brown, David Bailey, Juan Gonzales Jr., Kevin Egan, Jonathan Green, James Springer, Greg Gardiner, Jason Green, and Theresa Richard for their involvement in protesting at Leon Valley in June 2018.

- Knowledge of the Task Force's communications with any representative of the City of Leon Valley regarding or relating to Leon Valley protests in June 2018.

- Meetings with Leon Valley representatives concerning Russell Zinter, Jack Miller, Brian Howd, James Mead, Mark Brown, David Bailey, Juan Gonzales Jr., Kevin Egan, Jonathan Green, James Springer, Greg Gardiner, Jason Green, and Theresa Richard. This includes, but is not limited to, the meetings that occurred on September 12, 2018, and October 5, 2018.

- Knowledge of any and all efforts made in investigating my clients for protesting Leon Valley in June 2018.

- Knowledge of any connection between Russell Zinter, Jack Miller, Brian Howd, James Mead, Mark Brown, David Bailey, Juan Gonzales Jr., Kevin Egan, Jonathan Green, James Springer, Greg Gardiner, Jason Green, and Theresa Richard and any shooting incident anywhere.

- Knowledge of Leon Valley's efforts to investigate Russell Zinter, Jack Miller, Brian Howd, James Mead, Mark Brown, David Bailey, Juan Gonzales Jr., Kevin Egan, Jonathan Green, James Springer, Greg Gardiner, Jason Green, and Theresa Richard.

- Knowledge of the Task Force's communications with any local, state, or federal agency regarding June 2018 protests in June 2018.

- Knowledge of attempts or requests made by fmr. Chief Salvaggio or any Leon Valley representative to cause or seek investigations into Plaintiffs.

- Knowledge of any representations made to Leon Valley that federal indictments were forthcoming.

| Place: | Date and Time: |
|---|---|
| Grable Grimshaw Mora PLLC<br>1603 Babcock Road, Suite 280<br>San Antonio, Texas 78229 | By: December 10, 2021<br>At:  5:00 PM |

*Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   3 Dec 21

CLERK OF THE COURT

_____   OR   _____
Signature of Clerk or Deputy Clerk                     Attorney's Signature

The name, address, email, and telephone number of the attorney representing Zinter et al. who issues or requests this subpoena, are:

        **GRABLE GRIMSHAW MORA PLLC**

        */s/ Austin M. Reyna*
        **BRANDON J. GRABLE**
        Texas State Bar No. 24086983 brandon@ggm.law
        **AUSTIN M. REYNA**
        Texas State Bar No. 24118645 austin@ggm.law
        1603 Babcock Road, Suite 280
        San Antonio, Texas 78229
        Telephone: (210) 963-5297
        Facsimile: (210) 641-3332
        **COUNSEL FOR PLAINTIFFS**

**Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)**

**(c) Protecting a Person Subject to a Subpoena.**
**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information;
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or    **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and    **(ii)** ensures that the subpoenaed person will be reasonably compensated.
**(d) Duties in Responding to a Subpoena.**
 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 **(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:    **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trialpreparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person

who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).