UNITED STATES DISTRICT
COURT WESTERN DISTRICT OF
TEXAS SAN ANTONIO DIVISION

| | |
|---|---|
| RUSSELL ZINTER, et al; §<br>    *Plaintiffs*, §<br>§<br>v. §<br>§<br>CHIEF JOSEPH SALVAGGIO, et al; §<br>    *Defendants*. § | CIVIL NO. SA-18-CV-680-JKP-RBF |

### PLAINTIFFS' OPPOSED MOTION FOR LEAVE
### TO FILE THIRD AMENDED COMPLAINT

NOW COMES Plaintiffs, RUSSELL ZINTER, DAVID BAILEY, MARK BROWN, KEVIN EGAN, GREGORY GARDINER, JUAN GONZALES, JONATHAN GREEN, JASON GREEN, BRIAN HOWD, JACK MILLER, THERESA RICHARD, JAMES SPRINGER, and JAMES MEAD (hereinafter "Plaintiffs"), by and through their attorneys, and moves this Court pursuant to Federal Rule of Civil Procedure 15(a)(2) for an Order granting leave to file a Third Amended Complaint.[1] In support of the Motion, Plaintiff states the following:

### I.      BRIEF INTRODUCTION

This lawsuit involves important issues surrounding the First, Fourth, and Fourteenth Amendments of the United States Constitution. This lawsuit was filed on July 4, 2018. Since that time, the case was stayed multiple time per this Honorable Court's order. This case was stayed for nearly two years. During that time, no discovery or motions practice could be done.

Since the stay has been lifted on this case, Plaintiffs and Defendants have engaged in massive amounts of discovery. Nearly 10,000 documents have been exchanged between the

---

[1] Plaintiffs' Third Amended Complaint is attached hereto, and incorporated by reference, as **Exhibit A.**

1

parties and the counsels for all parties have been continuously conferring to accommodate the schedules of thirty plus deponents within the confines of availability. The parties have moved as judicially efficient as possible given the size and nature of the case. Plaintiff's have moved for a continuance of the current scheduling deadlines in this matter and a decision from this Court is pending.

As it stands today, there are nearly thirty parties named in this lawsuit. A third amendment of the complaint is necessary in this action in order to: 1) promote clarity for all parties and their representatives; 2) assure the correct parties are named and have full knowledge of the allegations alleged against them; and 3) promote judicial efficiency.

## II.  PROCEDURAL NATURE OF THE CASE

July 4, 2018, Plaintiffs filed their Original Complaint and Jury Demand. [Dkt. 1].

August 17, 2018, Plaintiffs filed their Emergency Motion for a Temporary Restraining Order. [Dkt. 20].

August 20, 2018, This Court granted Plaintiff's Motion for a Temporary Restraining Order. [Dkt. 22].

August 30, 2018, Plaintiffs filed their Motion to Extend Temporary Restraining Order. [Dkt. 23].

August 31, 2018, This Court granted Plaintiff's to Extend Temporary Restraining Order. [Dkt. 25].

September 18, 2018, Plaintiffs filed their Motion for Preliminary Injunction. [Dkt. 46].

September 19, 2018, This Court set a hearing on Plaintiffs' Motion for Preliminary Injunction to be held on October 4, 2018. [Dkt. 47].

November 19, 2018, This Court, stating "a slower approach to pretrial matters is the most appropriate course" for this case, stayed this case for six months. [Dkt. 66]. Plaintiffs opposed the stay.

June 13, 2019, This Court stayed the case for an additional six months. [Dkt. 69]. Plaintiffs opposed the stay.

February 5, 2020, This Court stayed this case for another six months. [Dkt. 75]. Plaintiffs opposed the stay.

October 14, 2020, This Court lifted the stay originally imposed on November 19, 2018. [Dkt. 79].

November 30, 2020, Plaintiffs filed their Second Amended Complaint. [Dkt. 87].

January 25, 2021, Then Defendants Nico LaHood and Joe Gonzales filed their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Dkt. 94].

April 12, 2021, This Court granted Defendants Nico LaHood and Joe Gonzales' Motion to Dismiss. [Dkt. 99].

May 10, 2021, Plaintiffs' lead attorney, Solomon M. Radner, withdrew as counsel. [Dkt. 100]. This Court granted the withdraw on May 13, 2021.

June 7, 2021, The undersigned filed his notice of lead counsel for RUSSELL ZINTER, DAVID BAILEY, MARK BROWN, KEVIN EGAN, GREGORY GARDINER, JUAN GONZALES, JONATHAN GREEN, JASON GREEN, BRIAN HOWD, JACK MILLER, THERESA RICHARD, JAMES SPRINGER, and JAMES MEAD. [Dkt. 101].

June 18, 2021, Plaintiffs served all eighteen (18) Defendants with Request for Production, Request for Admissions, and Interrogatories. Defendants Answers were to be served on

Plaintiffs' counsel on or before August 19, 2021. Due to the vast number of documents to be produced and the coordination with Defendants to respond to the inquires, Defendants' counsel requested an extension to respond to discovery to September 16, 2021. The undersigned granted the extension.

October 29, 2021, Defendant City of Leon Valley ("Defendant City") served all thirteen Plaintiffs represented by the undersigned with Request for Production and Interrogatories. Due to the vast number of documents to be produced and the coordination with Plaintiffs to respond to the inquires, Plaintiffs' counsel requested an extension to respond to discovery to December 20, 2021. The Defendant City granted the extension.

November 18, 2021, Plaintiffs had noticed the deposition of Defendant Chief Salvaggio to be conducted. Defendant Chief Salvaggio cancelled the day before due to a family emergency.

November 30, 2021, the Plaintiffs notice the depositions of all eighteen Defendants.

December 3, 2021, Defendant Chief Salvaggio served all thirteen Plaintiffs represented by the undersigned with Request for Production and Interrogatories. Due to the vast number of documents to be produced and the coordination with Plaintiffs to respond to the inquires, Plaintiffs' counsel requested an extension to respond to discovery to January 18, 2022. Counsel for Defendant Chief Salvaggio granted the extension.

December 13, 2021, Plaintiffs took the deposition of Defendant Chief Salvaggio.

December 14, 2021, Plaintiffs took the deposition of Defendant Wells and Defendant Anderson.

December 15, 2021, Plaintiffs took the deposition of Defendant Vasquez.

December 16, 2021, Plaintiffs took the deposition of Defendant Mandry.

<u>December 16, 2021,</u> Plaintiffs took the deposition of Defendant Farias.

<u>January 5-12, 2022,</u> Defendants took most depositions of Plaintiffs.

The discovery process is just underway in this lawsuit. The unusual number of parties and lineage of case progression has led the parties to this stage and the parties are ready to fully begin litigating this matter. The filing of Plaintiffs' Third Amended Complaint will afford equity and efficient justice. Defendants will be removed, proper parties will be named, and factual claims against the Defendants will be streamlined.

### III.     STANDARD TO AMEND COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "Leave to amend is in no way automatic, but the district court must possess a 'substantial reason' to deny a party's request for leave to amend." *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014).

In determining whether to grant leave to amend a complaint, "the district court may consider a variety of factors in exercising its discretion and the Supreme Court has set forth five factors to be considered during this inquiry: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failures to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); *Rodriguez v. Mech. Tech. Servs.*, No. A-12-CV-710 LY, 2014 U.S. Dist. LEXIS 162839, at *4 (W.D. Tex. Nov. 20, 2014) (same).

5

## IV. ARGUMENT AND AUTHORITIES

### A. Delay and Prejudice

"The Court may consider various factors in deciding whether to grant a motion to amend, including undue delay, bad faith or dilatory motive on the part of the movant . . . [and] undue prejudice to the opposing party . . . ." *Rodriguez.*, 2014 U.S. Dist. LEXIS 162839, at *4 (quoting *Marucci Sports, L.L.C.*, 751 F.3d at 378). Since the filing of Plaintiffs' Second Amended Complaint, substantial and relevant facts have boiled to the surface that necessitate inclusion in their pleadings in the interest of justice.

Moreover, Plaintiffs do not deny nor turn a blind eye to the delay endured in officially naming Saucedo, Parra, Brooks, Munoz, Eddie Gonzales, and Kasey Burleson as Defendants. While Saucedo and Brooks was not in the caption of the Second Amended Complaint [Dkt 87], they were described in the pleadings as defendants. Burleson was involved in the June 14, 2018 incident with Mark Brown, which would classify them as a John Doe described in the original Complaint [Dkt 1].

Importantly, Plaintiffs' pleadings provided sufficient notice to defendants as to their claims with the understanding that defendants knew what Plaintiffs did not—who from Leon Valley was involved. Plaintiffs have spent months gathering discovery, watching hundreds of hours of videos, doing dozens of depositions—all in order to find out what Leon Valley and its officers already knew. That is, that Saucedo, Parra, Brooks, Munoz, Eddie Gonzales, and Kasey Burleson were all involved.

Moreover, the delay (or inability of Plaintiffs to find this information sooner) is insufficient to deny Plaintiffs' Motion to amend. *See Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) ("[D]elay alone is an insufficient basis for denial of leave to amend: The

6

delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court."); *Mata v. United States*, No. SA:13-CV-220-DAE, 2014 U.S. Dist. LEXIS 703, at *8 (W.D. Tex. Jan. 3, 2014) ("When there has been a delay, the party seeking amendment bears the burden of showing that a delay was due to oversight, inadvertence, or excusable neglect."). The filing of the third amendment would not cause a substantial increase in time or resources of the parties or this Court. Within reasonable logic, the additional officers were fully apprised of this lawsuit since July 4, 2018. All individual officers are represented by the same counsel.

There were also additional claims made with respect to official retaliation based on Leon Valley's practice of criminally trespassing Plaintiffs (Counts 2, 8, and 14 in the Third Amended Complaint). Leon Valley, Salvaggio, and Anderson had prior knowledge of this unconstitutional practice. Plaintiffs did not obtain adequate information to understand the official retaliation involved until defendants were deposed. These claims were developed through discovery and deposition, and therefore, it does not result in any substantial increase in time or resources of the parties or this Court.

Plaintiffs' have not had an adequate opportunity to cure deficiencies by previous amendments as the first amendment was within 21 days of the filing of the original complaint and the second amended complaint was filed shortly after a two-year stay. [Dkt. 3; Dkt. 87]. No discovery or substantial litigation had yet to occur. Taking the unique circumstance of this case into a landscape view, the time elapsed from the original complaint should not be viewed in a vacuum. Rather, as this case was sitting on a shelf for over two years, the litigation legs of this matter are just beginning to churn. *See Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (noting the language of Rule 15(a) evinces a bias in favor of granting leave to amend.). Despite their valiant efforts, the Plaintiffs could not avert the delay. Plaintiffs opposed the stay of this case

at every juncture.[2]  Had Plaintiffs been provided the opportunity to further develop their claims and obtain discovery in 2018 and 2019, there is no doubt that the amendments currently proposed would have occurred sooner.

Above all, the amendment would afford Plaintiffs the ability to proceed with his case in an efficient and judicial manner. *Biziko v. Van Horne*, No. 1:16-CV-0111-BL, 2018 U.S. Dist. LEXIS 233712, at *18 (N.D. Tex. Sep. 24, 2018) ("Consistent with the purposes of Rule 15(a), courts should consider judicial economy and whether the amendments would lead to expeditious disposition of the merits of the litigation.") (quotations omitted). When these Defendants are added and the full facts are completely flush in the third amended complaint, this case can finally be set in full force for a expeditious disposition this year. The amendment will hold the rightful parties accountable in the interest of just cause being done in the federal court system for Plaintiffs standing force, firm, and peaceful for their Constitutional rights.

### B. Plaintiffs' Third Amended Complaint Would Survive a Motion to Dismiss.

"Although leave to amend should be freely given when justice so requires, a district court may refuse leave to amend if the filing of the amended complaint would be futile, i.e., if the complaint as amended would be subject to dismissal." *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (citing FED. R. CIV. P. 15(a)(2)). In determining whether the amendment would be futile, the court views the pleadings in a light most favorable to the Plaintiffs and assumes that all facts in Plaintiff's complaint are true. *Club Retro, L.L.C., v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009); *Mata*, 2014 U.S. Dist. LEXIS 703, at *11 ("To avoid this premature determination of the merits,

---

[2] Dkt. 66; Dkt. 69; Dkt. 75.

the standard for denying an amendment based on futility is that if a proposed amendment is not clearly futile, then denial of leave to amend is improper.").

Plaintiffs' third amended complaint comprises of detailed facts and concrete allegations that would survive under even under a close scrutiny of dismissal review. A cursory reading of Plaintiffs' third amended Complaint describes, in pain staking detail, the Constitutional violations of Plaintiffs' rights on those three days in June 2018. It is incontrovertible the Third Amended Complaint surpass the standards of FED. R. CIV. P. 8(a)(2) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Plaintiffs have been able to unveil the specific identities of the individuals whose unlawful acts and practices violated the Constitutional rights of each and every Plaintiff. The amendment to add responsible Defendants will not be futile because the amendment will relate back to the original filing of the complaint for which the particular Defendants had constructive notice of. *Williams v. City of Denton*, Civil Action No. 4:17-cv-00811-ALM-KPJ, 2020 U.S. Dist. LEXIS 40877, at *12 (E.D. Tex. Mar. 10, 2020) ("Where a defendant did not receive actual notice, a plaintiff may be able to satisfy the requirements of Rules 15(c) and 4(m) by establishing that the defendant had constructive notice.").

Specifically, Officers Saucedo, Parra, Brooks, Munoz, Gonzales, and Burelson will be included as Defendants in the Third Complaint. These officers all had prior knowledge of the incidents at issue as well as the filing of the lawsuit in July 2018. These officers will likely be represented by the same legal counsel as the defendant officers already before the court. Therefore, Saucedo, Parra, Brooks, Munoz, Gonzales, and Burelson will not be prejudiced as they have already received constructive notice of the claims asserted by Plaintiffs against them for their actions in June of 2018. Officer Saucedo is already named twice in the live complaint as a

Defendant. [Dkt. 87, ¶ 90d]. Officer Parra appears seven times in Plaintiffs' live complaint as a Defendant. [*Id.*, ¶¶ 90e, 167, 185, 209]. Brooks appears once. [*Id.*, ¶ 5].

The wealth of information gathered, scoured, organized, and put together since the filing of Plaintiffs' Second Amended complaint afforded Plaintiff the opportunity to acquire the true identities of the responsible parties and detail the allegations against those parties. Plaintiffs' Third Amended Complaint will clarify for all parties the responsible individuals and specific relief sought. This will afford all parties efficient and effective justice to hold the culprits responsible and save the guiltless.

## V.   CONCLUSION AND PRAYER

Plaintiffs have sufficiently shown new facts about Defendants and their agents have emerged and justice requires that this Court grant Plaintiff's Motion to Amend. For all these reasons, Plaintiffs respectfully requests that the Court allow Plaintiff to file a Third Amended Complaint. In the alternative, Plaintiffs pray this Court grant Plaintiffs' the ability to depose Officer Saucedo, Officer Munoz and Officer Parra to find out the extent of knowledge these officers had relevant to the lawsuit in question before the expiration of the statute of limitations.

Respectfully Submitted,

**GRABLE GRIMSHAW PLLC**

*/s/ Brandon J. Grable*
**BRANDON J. GRABLE**
Texas State Bar No. 24086983
brandon@g2.law
**AUSTIN M. REYNA**
Texas State Bar No. 24118645
austin@g2.law
1603 Babcock Road, Suite 280
San Antonio, Texas 78229
Telephone: (210) 963-5297

Facsimile: (210) 641-3332
**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

I certify that a reasonable effort has been made to obtain the written consent of Defendants. Defendants have affirmed they are opposed to Plaintiffs' Motion.

*/s/ Brandon J. Grable*
Brandon J. Grable

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served upon the below named parties, via electronic mail or certified mail according to the Federal Rules of Civil Procedure on this 12th day of January 2022,

**Charles Frigerio**
Law Offices of Charles S. Frigerio
111 Soledad, Suite 840
San Antonio, Texas 78205
*Attorney for Defendants, Officers*

**Email:** csfrigeriolaw@sbcglobal.net
**Email:** frigeriolaw1995@sbcglobal.net

**Adolfo Ruiz**
Denton Navarro Rocha Bernal & Zech
2517 North Main Avenue
San Antonio, TX 78212
*Attorneys for Defendants, City*

**Email:** aruiz@rampagelaw.com

**Brandon Joseph Pierce**
644 Kerry
Crowley, Texas 76026

**Email:** ethicsinstead@protonmail.com

**Selena Herrera**
202 S. Hoy Street
Buffalo, Oklahoma 73834

**CMRRR**

 */s/Brandon J. Grable*
**Brandon J. Grable**

11