UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **RUSSELL ZINTER, et al;** § | |
| *Plaintiffs*, § | |
| § | |
| v. § | CIVIL NO. SA-18-CV-680-JKP-RBF |
| § | |
| **CHIEF JOSEPH SALVAGGIO, et al;** § | |
| *Defendants*. § | |

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF
UNOPPOSED MOTION FOR CONTINUANCE**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, RUSSELL ZINTER, DAVID BAILEY, MARK BROWN, KEVIN EGAN, GREGORY GARDINER, JUAN GONZALES, JONATHAN GREEN, JASON GREEN, BRIAN HOWD, JACK MILLER, THERESA RICHARD, JAMES SPRINGER, and JAMES MEAD (hereinafter "Plaintiffs") by and through their attorneys, file this Motion for Reconsideration of Plaintiff's Unopposed Motion for Continuance, and in support thereof, Plaintiffs state the following:

Plaintiffs request a 90-day continuance. On January 13, 2022, the Court issued an order denying Plaintiffs' first unopposed motion for a continuance. [Dkt. 137]. In the order, the Court referenced a number of concerns in weighing its decision. Plaintiffs attempt to address those concerns here.

**First,** the Court stated that the case "was stayed for quite some time—due to concerns raised by Plaintiffs' actions." Plaintiffs contend that the case was stayed based on representations from since-fired Chief of Police Joseph Salvaggio that there were ongoing investigations and

1

prosecutions. It was not the desire of Plaintiffs to stay the case. Plaintiffs are not aware what they did to cause this case being stayed.

Importantly, most Plaintiffs had never been arrested or charged with a crime prior to arriving in Leon Valley in June 2018 simply armed with a phone or video camera. They represent the public: varying education, military backgrounds, different working classes, and some are involved in charities. Despite these differences, they all had one goal in common: bring awareness to potential government overreach in a peaceful manner.

Plaintiff James Mead, for example, was approached by Leon Valley police officers simply because he had a camera. Leon Valley officers handcuffed him (for over an hour), brought him inside the police station where his personal belongings were taken from him, and then he was indefinitely criminally trespassed from all government-owned city property in Leon Valley. He was never charged with any crime nor was he ever asked to make any sort of statement (if the assumption was that he was a witness).

You can also look at Plaintiff Theresa Richard. She works for charities in her local community in Louisiana. She drove to Leon Valley with a friend (she grew up in Texas and was familiar with it). She stayed and observed what was occurring for a few hours. It was generally peaceful. She was about to head back to Louisiana until Salvaggio announced that he would hold a press conference in about twenty minutes. She decided to stick around. What occurred next was that she was detained, had her phone and driver license seized, and even though she begged them to look through her phone so she could get it back, they refused. She was separated from her friend without identification and without a phone—all because she wanted to hear what Salvaggio was going to say.

During Salvaggio's tenure as the Chief of Police of Leon Valley, he had a list of individuals that he hoped to have prosecuted (James Springer, for instance). When charges were dropped after, for example, prosecutors questioned the legality of Salvaggio's tactics, he called anyone and everyone that would listen—different prosecutors, the FBI, etc. His efforts temporarily paid off as some charges were refiled. In the end, all charges—every single one—were eventually dismissed.

**Second,** the Court raised a concern that there had not been "any meaningful activity on discovery until June 2021." For clarification, on June 7, 2021, the undersigned filed a *Notice of Lead Counsel for Plaintiffs*. [Dkt. 101]. This was in response to the prior lead counsel filing a *Motion to Withdraw*, citing that "over the past several months" he had not been able to provide Plaintiffs and this case "the attention it requires." [Dkt 100]. Following the filing of the *Motion to Withdraw*, the undersigned immediately communicated and met with each Plaintiff to determine whether they wanted the undersigned to continue with representation. The undersigned was retained by all Plaintiffs—except for Joseph Brandon Pierce and Selena Herrera—to continue as lead counsel. [*See* Dkt. 101].

Since June 2021, the undersigned served written requests on all defendants, deposed several defendants, and identified a number of nonparties with relevant information. Plaintiffs have responded to multiple sets of discovery (and still working through them). Most Plaintiffs have also been deposed.

Despite the undersigned's (and Defendants' counsels') diligent efforts, there is still work to be done. Most of the parties have not received their transcripts to go through them. As of this morning, the undersigned served a multi-page conferral letter to Defendant City concerning several discovery concerns. Plaintiffs believe the dispute can be resolved, but the undersigned wants to

3

afford the City adequate time to respond. The City has already produced over 10,000 documents, so the time to evaluate our concerns is no easy task. Plaintiffs are currently working on a similar letter to Defendant Officers. Notably, these are not the first conferral letters between counsel. Counsel has worked quite well in addressing concerns and reaching agreements concerning discovery disputes (thus far). For example, the parties agreed to depose Officer Terry Brooks on January 19, 2022. The parties are working to complete all outstanding depositions (whether a party or not). Critically, Plaintiffs have not been able to depose the City of Leon Valley. The undersigned furnished a topic list, and the City's counsel is working to identify one or more people to present for deposition.

Plaintiffs are also seeking out critical discovery that pertain to Defendant Salvaggio's credibility. Plaintiffs believe that with additional time to complete this discovery, they will prevail at all stages in this lawsuit. Significantly, the undersigned believes that Plaintiffs (most of them anyway) were not investigated by local, state, and federal agencies—rather Salvaggio hoped they would be by whatever means necessary. We understand this is argumentative, but this argument is what we intend to show at trial if afforded the opportunity.

For this process, the undersigned is going through the *Touhey* and subpoena process to get records from the FBI. [Dkt 129]. The FBI, so far, has been agreeable to work with the undersigned in responding to the subpoena, but it is a heavily regulated process that unfortunately cannot be rushed. Plaintiffs are also in the process of serving a subpoena on the City of San Antonio to find out more information about Defendant Salvaggio's integrity violations when he was employed with SAPD (prior to being employed by Leon Valley). [Dkt 133]. The undersigned is also in the process of coordinating depositions of one or more individuals formerly with the Bexar County District Attorney's office. In addition, the undersigned hopes to gather additional information

through the discovery conferral process.

Lastly, the undersigned has used significant resources since June 2021 to get this case to the point it is now. The undersigned, his legal team, and experts exhausted hundreds of hours going through every video and document related to this matter, conducting research, drafting documents and motions, preparing for depositions, and taking depositions, and evaluating discovery and trial strategies. It would be a disservice to Plaintiffs if the undersigned were not permitted to continue his due diligence in developing this case.

Plaintiffs need adequate time to complete the following depositions (most of whom were named as additional defendants should the court permit the third amended complaint filed at Dkt. 134):

1. **Defendant remaining:** Leon Valley, King, Castro, Urdiales, Azar, Breton, Yarbrough, Hernandez, Evans, Rivera.

2. **Third Parties (some possible defendants):** Saucedo, Eddie Gonzales, Brooks (scheduled), Munoz, Burleson, Jay Norton.

3. **Defendants' expert**.

For clarification to the Court, Plaintiffs believe that the Leon Valley Criminal Investigation Department were heavily involved in the actions taken against Plaintiffs. Interestingly, these individuals were not the ones filing out the reports, so their involvement was not discovered until recently. As a result, these individuals were not named as defendants initially. Now, we have information showing their true involvement, but we have not had the opportunity to depose them (but again, the parties are working on scheduling those depositions—even if defendants oppose adding them to the Third Amended Complaint).

The undersigned requests that the Court reconsider its denial of Plaintiffs' Motion for

Continuance and permit 90 days to allow the parties to complete discovery.  This would allow the parties to finish depositions and work through subpoena and discovery issues.  This would also allow the parties to work with their caseloads and other obligations (for instance, the undersigned is in the United States Army Reserve).

Plaintiffs do not make this request lightly.  Since day one, they wanted their day in court.  But it needs to be done the correct way without wasting judicial resources and the parties' time and money.  This request is not for delay, but so that justice may be done.  Plaintiffs incorporate the same legal arguments presented in their original motion, and hope that this Motion for Reconsideration addresses concerns raised by the Court.

**FOR THESE REASONS**, Plaintiffs respectfully pray that this Court set this matter for a hearing, and that after such hearing their Motion for Continuance be in all things granted, and that this Honorable Court enter an Order continuing the trial of this matter for no less than 90 days from its current setting. Plaintiffs further respectfully pray and request that this Honorable Court schedule a Scheduling Conference so that the parties may agree to a new Scheduling Order establishing new pre-trial deadlines, and for such other and further relief, at law or in equity, to which Plaintiffs may show themselves justly entitled.

    Respectfully submitted,

    **GRABLE GRIMSHAW PLLC**

    */s/ Brandon J. Grable*
    **BRANDON J. GRABLE**
    Texas State Bar No. 24086983
    brandon@g2.law
    **AUSTIN M. REYNA**
    Texas State Bar No. 24118645
    austin@g2.law
    1603 Babcock Road, Suite 280

               San Antonio, Texas 78229
               Telephone: (210) 963-5297
               Facsimile: (210) 641-3332
               **COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

  This is to certify that a true and correct copy of the foregoing instrument has been served upon the below named parties, via electronic mail or certified mail according to the Federal Rules of Civil Procedure on this 13th day of January 2022,

| | |
|---|---|
| **Charles Frigerio** <br> Law Offices of Charles S. Frigerio <br> 111 Soledad, Suite 840 <br> San Antonio, Texas 78205 <br> *Attorney for Defendants, Officers* | **Email:** csfrigeriolaw@sbcglobal.net <br> **Email:** frigeriolaw1995@sbcglobal.net |
| **Adolfo Ruiz** <br> Denton Navarro Rocha Bernal & Zech <br> 2517 North Main Avenue <br> San Antonio, TX 78212 <br> *Attorneys for Defendants, City* | **Email:** aruiz@rampagelaw.com |
| **Brandon Joseph Pierce** <br> 644 Kerry Street <br> Crowley, Texas 76026 | **Email:** ethicsinstead@protonmail.com |
| **Selena Herrera** <br> 202 S. Hoy Street <br> Buffalo, Oklahoma 73834 | CMRR |

                */s/Brandon J. Grable*
               **Brandon J. Grable**