UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RUSSELL ZINTER; ET AL. § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL NO. 5:18-CV-00680-JKP-RBF |
| § | |
| CHIEF JOSEPH SALVAGGIO; ET AL. § | |
| § | |
| Defendants. § | |

**PLAINTIFFS' MOTION TO COMPEL APPEARANCE AND TESTIMONY
OF DEFENDANT LEON VALLEY AT DEPOSITION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiffs, RUSSELL ZINTER, DAVID BAILEY, MARK BROWN, KEVIN EGAN, GREGORY GARDINER, JUAN GONZALES, JONATHAN GREEN, JASON GREEN, BRIAN HOWD, JACK MILLER, THERESA RICHARD, JAMES SPRINGER, and JAMES MEAD (hereinafter "Plaintiffs"), seeking an Order compelling the appearance and testimony of Defendant Leon Valley for oral deposition, and to the extent the Court deems necessary, the imposition of sanctions.

## I.     PRIMARY STATEMENT

The undersigned relied on many representations from Adolfo Ruiz, counsel for Defendant Leon Valley, that Plaintiffs would be provided with an opportunity to depose Leon Valley representatives, and that Mr. Ruiz was in the process of identifying individuals with relevant knowledge. Without warning, and in an apparent response to this Court denying *Plaintiff's Unopposed Motion for a Continuance* [Dkt. 137], Mr. Ruiz unilaterally decided that since the

discovery period is over, he is no longer producing Leon Valley for deposition. Plaintiffs ask that this Court, after an **expedited hearing**, order Leon Valley or Mr. Ruiz to show cause, and that Leon Valley be ordered to appear for deposition as previously represented. Plaintiffs further request the should the Court find bad faith on part of Mr. Ruiz or Leon Valley, that they be sanctioned appropriately.

## II.     RELEVANT BACKGROUND

Through multiple conferrals, counsel for the parties agreed to produce their clients for deposition. Needing to coordinate these dozens of party depositions served as a basis for the parties to file a *Joint Motion to Modify the Scheduling Order* [Dkt. 123, ¶10] and Plaintiffs to file *Plaintiff's Unopposed Motion for a Continuance* [Dkt. 132, pp. 6-7].

The discovery deadline expired on Thursday, January 13, 2022. Leading up to this deadline, Mr. Ruiz was in constant agreement to continue party depositions after the expiration of the discovery deadline. With this understanding, the undersigned presented Plaintiffs over the last few weeks (with the last plaintiff deposition occurring on January 12, 2022). In the days leading up to the January 13, 2022 deadline, the parties, by agreement, deposed all represented Plaintiffs (except James Springer). During this same period, Mr. Ruiz represented he was still identifying individuals that could answer the topics for a 30(b)(6) deposition.

On January 13, 2022, the undersigned sent a formal conferral letter to Mr. Ruiz requesting dates for Defendant Leon Valley's deposition. [Dkt. 140-1]. On January 19, 2022, after the undersigned agreed to extend Mr. Ruiz's response date, Mr. Ruiz responded and admitted that he "was in the process" of identify "what City representative would have the knowledge in the areas" requested, but that this action was not a "commit[ment] to have the representative's deposition taken." [Dkt. 140-2]. Notably, Mr. Ruiz relied on the fact that "[t]he Court denied Plaintiffs'

request to extend the discovery deadlines." [*Id*.]. The undersigned engaged in further conferral with Mr. Ruiz before filing this motion, but he refused to formally respond. [Dkt. 140-3].

Had the undersigned recognized that Mr. Ruiz's gamesmanship—that he would only identify representatives but not produce them—then the undersigned would have noticed Defendant Leon Valley for deposition prior to any other agreed deposition took place. However, now that Mr. Ruiz was able to collect nearly all Plaintiffs' depositions up until the discovery deadline (by agreement), he is now using the undersigned's good faith conferral offensively.

### III.   TOPIC LIST

On January 7, 2022, the undersigned sent a completed topic list to Mr. Ruiz following Mr. Ruiz's and undersigneds' appearances at the depositions of Jonathan Green and Teresa Richard. It should be noted that Mr. Ruiz never objected to the topics but instead represented he was in the process of identifying City representatives. At no time, during any conference related to depositions, did Mr. Ruiz represent that he did not have any intention of producing his client for deposition.

1. **Chief Salvaggio's authority as Chief of Police for Leon Valley at all times relevant to this lawsuit**

2. **Chief Salvaggio's duties and responsibilities as Chief of Police for Leon Valley at all times relevant to this lawsuit**

3. **Decision-making process and evaluations in deciding to recommend and then approve the hiring of Chief Salvaggio for the Chief of Police position**

4. **Chief Salvaggio's termination as Leon Valley's Chief of Police**

5. **The incidents and investigations related to this lawsuit**

6. **Briefings, communications, updates, etc provided by Chief Salvaggio to the City (City Council and City Manager) concerning the incidents that gave rise to this lawsuit**

7. **City's discovery responses and production**

8. **Factual basis of City's defenses asserted in this lawsuit**

9.  City's retention policy for emails, text messages, and other written communication

10. City's cell phone policy

11. City's definition of the terms "auditors," "agitators," and "anarchists."

12. Operational Security Plans related to "auditors"

13. COLV 11255-11287

14. Process concerning the handling of complaints made against Leon Valley employees

15. Process concerning the handling of complaints made against Leon Valley police officers

16. Decision making process concerning June 2018 policy or "court order" concerning the prohibition of the use of recording devices within the City Hall building

17. Disciplinary action arising from any complaints made as a result of the incidents that gave rise to this lawsuit

18. City's position on whether the arrests of Plaintiffs were lawful

19. City's position on whether the detention of Plaintiffs were lawful

20. City's position on whether the seizure of Plaintiffs' personal property was lawful

21. City's position on whether Plaintiffs had a right to be at the Leon Valley City Hall location on June 14, 2018

22. City's position on whether Plaintiffs had a right to be at the Leon Valley City Hall location on June 18, 2018

23. City's position on whether Plaintiffs had a right to be at the Leon Valley City Hall location on June 23, 2018

24. Decision making process concerning the issuance of Criminal Tresspass Warnings to Plaintiffs that indefinitely banned them from City property

25. Decision making process in creating the Criminal Tresspass Warnings tendered to Plaintiffs

26. Policies, procedures, training materials, and educational materials provided to City employees concerning "auditors," "agitators," and "anarchists."

27. Policies and procedures concerning a citizen's right to be on public property within Leon Valley

28. Leon Valley's tactical responses to protests occurring in Leon Valley in June 2018

**29.** **Leon Valley's knowledge concerning Chief Salvaggio's "Press Conference"**

**30.** **Crimes Plaintiffs were accused of committing**

**31.** **Evidence Plaintiffs were allegedly possessing**

**32.** **City's handling and possession of Plaintiffs' personal property**

**33.** **Leon Valley statements to media concerning the incidents that gave rise to this lawsuit**

**34.** **Statements of Leon Valley employees made to media concerning the incidents that gave rise to this lawsuit**

**35.** **Knowledge of Plaintiffs prior to June 14, 2018**

**36.** **Knowledge of Plaintiffs prior to June 18, 2018**

**37.** **Knowledge of Plaintiffs prior to June 23, 2018**

**38.** **Guidance allegedly received from Bexar County District Attorney's Office concerning the right to take personal property from a "witness"**

### IV. ALL DEPOSITIONS TAKEN (**WHICH WERE ALL BY AGREEMENT**):

**A.** *Defendants*

1. **December 13, 2021** – Defendant Joseph Salvaggio

2. **December 14, 2021** – Defendants Jim Wells and David Anderson

3. **December 15, 2021** – Defendant Johnny Vasquez

4. **December 16, 2021** – Defendants Mike Tacquard and Chad Mandry

5. **December 17, 2021** – Defendant Louis Farias

**B.** *Plaintiffs [which were all noticed by Mr. Ruiz – by agreement][1]*

6. **January 5, 2022** – Plaintiffs Greg Gardiner and David Bailey

7. **January 6, 2022** – Plaintiffs Mark Brown and Juan Gonzalez

8. **January 7, 2022** – Plaintiffs Jonathan Green and Teresa Richard

9. **January 10, 2022** – Plaintiffs Jack Miller and Jason Green

---

[1] Mr. Ruiz's notices of Plaintiffs' depositions, reached by agreement, are attached at Dkt. 140-4.

      10.     **January 11, 2022** – Plaintiffs James Mead and Russell Zinter

      11.     **January 12, 2022** – Plaintiffs Kevin Egan and Brian Howd

C. *Non-Party*

      12.     **January 19, 2022** – Terry Brooks

## V.    ARGUMENT

This Court has authority to extend the discovery deadline and allow the deposition of Defendant Leon Valley based "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The factors used to determine excusable neglect include (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006).

### A. *Danger of Prejudice to the Non-Movant*

There is not any danger to Leon Valley. Prior to the Court denying *Plaintiff's Unopposed Motion for Continuance*, Leon Valley was already working on identifying one or more individuals that could be available for deposition on Plaintiffs' topic list. Furthermore, Mr. Ruiz stated in his January 19, 2022 correspondence that the undersigned inquired into deposing Leon Valley since November. The parties conducted 20 depositions (19 of them were parties) between December 13, 2021 and January 19, 2022. Mr. Ruiz represented for the first time on January 19, 2022 that he did not intend to present Leon Valley for deposition.

### B. *Length of Delay and Impact on Judicial Proceedings*

The undersigned recognizes that the Court disfavors any other extensions and is not wanting to shift any deadlines. The undersigned believes that if this Court compels the deposition

of Leon Valley to take place within the next week or two, there should not be any impact to the parties.  To the extent there is an impact, it would be to the dispositive motion deadline, and the undersigned would not object to permitting Leon Valley to supplement their dispositive motion with any information gleaned from its deposition.  Bottom line, deadlines should not be impacted by permitting the undersigned to depose Leon Valley.

### C. *The Reason for the Delay Outside Reasonable Control of Movant*

The parties coordinated 18 depositions—all by agreement.  While counsel conferred on numerous occasions to coordinate these depositions, Mr. Ruiz was aware of my inquiries to depose the City of Leon Valley, and on January 7, 2022, he received my topic list.  He *never* represented that he would not present Leon Valley.  To the contrary—as with prior conferrals, he acknowledged that he was going to identify the individual(s) and get back to me with dates.  He never did.  Had Mr. Ruiz been up front about his intentions, the undersigned would have noticed the City's deposition for January 7-13, 2022 (the same period Mr. Ruiz used his representations of good faith conferral to secure Plaintiffs' depositions).

### D. *Movants Acted in Good Faith*

As stated throughout, all depositions occurred by agreement.  The undersigned put Mr. Ruiz on notice in November 2021 that Plaintiffs wanted to depose Leon Valley.  The parties went forward with coordinating and conducting party depositions.  The moment the discovery period closed on January 13, 2022, and the Court denied Plaintiffs' efforts to extend, Mr. Ruiz used these events to backtrack his prior representations and suggested that he never formally agreed to produce Leon Valley—despite that his representations led the undersigned to believe that Plaintiffs would secure Leon Valley's deposition.  Mr. Ruiz used wordsmithing and gamesmanship to secure

12 Plaintiff depositions during the last two weeks of the discovery period while foreclosing on Plaintiffs' ability to secure Leon Valley's deposition. Plaintiffs acted in good faith.

## VI.   SANCTIONS

In the event this Court thinks that the conduct of Leon Valley or Mr. Ruiz were done in bad faith, Plaintiffs request that the Court sanction Leon Valley or Mr. Ruiz and order them to pay reasonable expenses and attorney's fees incurred in securing this order and deposition. Rule 30(d) permits sanctions "including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Rule 37(a)(1) permits a party to move for an order compelling discovery, and Notes of Advisory Committee on 1970 amendments reads that "Rule 37 provides generally for sanctions against parties or persons unjustifiably resisting discovery."

## VII.   PRAYER

Plaintiffs pray that this Court issues an order compelling the appearance and testimony of Defendant Leon Valley at Deposition, and for any other relief the Court deems appropriate.

Respectfully Submitted,

**GRABLE GRIMSHAW PLLC**

*/s/ Brandon J. Grable*
**BRANDON J. GRABLE**
Texas State Bar No. 24086983
brandon@g2.law
**AUSTIN M. REYNA**
Texas State Bar No. 24118645
austin@g2.law
1603 Babcock Road, Suite 280
San Antonio, Texas 78229
Telephone: (210) 963-5297
Facsimile: (210) 641-3332

**CERTIFICATE OF CONFERENCE**

I certify that a reasonable effort has been made to resolve this dispute without the necessity of court intervention and has failed.

*/s/Brandon J. Grable*
Brandon J. Grable

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been served upon the below named parties, via electronic mail or certified mail according to the Federal Rules of Civil Procedure on this 24th day of January 2022,

| | |
|---|---|
| **Charles Frigerio** <br> Law Offices of Charles S. Frigerio <br> 111 Soledad, Suite 840 <br> San Antonio, Texas 78205 <br> *Attorney for Defendants, Officers* | **Email:** csfrigeriolaw@sbcglobal.net <br> **Email:** frigeriolaw1995@sbcglobal.net |
| **Adolfo Ruiz** <br> Denton Navarro Rocha Bernal & Zech <br> 2517 North Main Avenue <br> San Antonio, TX 78212 <br> *Attorneys for Defendants, City* | **Email:** aruiz@rampagelaw.com |
| **Brandon Joseph Pierce** <br> 644 Kerry <br> Crowley, Texas 76026 | **Email:** ethicsinstead@protonmail.com |
| **Selena Herrera** <br> 202 S. Hoy Street <br> Buffalo, Oklahoma 73834 | CMRRR |

*/s/Brandon J. Grable*
**Brandon J. Grable**