**DENTON NAVARRO ROCHA BERNAL & ZECH**
A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS
San Antonio I Austin I Rio Grande Valley I Texas Gulf Coast

**San Antonio Office**
2517 North Main Avenue
San Antonio, Texas 78212-4685
Phone (210) 227-3243
Fax (210) 225-4481
www.rampagelaw.com

January 19, 2022

Brandon J. Grable Email: brandon@ggm.law
Austin M. Reyna Email: austin@ggm.law
Grable Law Firm, PLLC
1603 Babcock Rd., Ste. 280
San Antonio, Texas 78229

Re: Russell Zinter, et al v. City of Leon Valley, et al
 No. 5:18-CV-00680-FB (U.S.D.C., Western District, San Antonio Division)

Mr. Grable:

Please consider this letter a response to your January 13, 2022, letter regarding Defendants' Privilege Log, Discovery, and City representative. This letter **shall not** constitute a waiver or an agreement between Defendant City and Plaintiffs regarding production of documents/information after the January 13, 2022, discovery deadline.

## PRIVILEGE LOG

1. **COLV 00927:** We have provided the privilege log pursuant to the description as provided by FRCP 26 (b)(5). Chief Salvaggio was an employee of the City requesting legal advice from the City's Attorney, Denise Frederick. You are aware that the City's position is that Chief Salvaggio is neither a policymaker nor a final policymaker for the City of Leon Valley. A copy of the email went to the City Manager, Kuenstler; Assistant City Manager, Caldera; and Officer Saucedo.

2. **COLV 00928:** We have provided the privilege log pursuant to the description as provided by FRCP 26 (b)(5). Chief Salvaggio was an employee of the City requesting legal advice from the City's Attorney, Denise Frederick. There is no indication in the description that Chief Salvaggio prepared or was preparing a response to an open records request from Jack Miller. The redacted portion of the email is the communication with the City's Attorney.

3. **COLV: 02620**: The redacted information is the 06/19/18 email from City Attorney Denise Frederick, to Salvaggio and Kuenstler.

4. **COLV 02673**: The redacted information is the email from City Attorney, Denise Frederick to Salvaggio and Officer Terry Brooks.

Mr. Brandon J. Grable
Mr. Austin M. Reyna
January 19, 2022
Page 2

5. **COLV 06365**: The "From" line was not redacted. The "From" indicated on the email was blank when it was copied.

6. **COLV 06773-06774:** The recipient is the City Attorney, Denise Frederick. The reference to Ms. Frederick's name caused the redaction.

7. **COLV 06777**: Email from City Attorney, Denise Frederick
   **COLV 06778-06779:** Redaction removed, please see attached.

8. **COLV 07115-07127; 07131-07143, 07146-07209:** These are all emails with City Attorney, Denise Frederick.
   **7139-7140:** Released, please see attached.

## SPECIFIC CONCERNS

9. **COLV 07119-07126**. We do not understand how discussions about a citizen's complaint about Salvaggio is deemed attorney-client or work privilege. Please explain why you think this information is privileged, and as a last resort, why you are not able to produce even a redacted document with only the alleged confidential communications redacted.

   **Answer:** Portions of **COLV 07119, 07124** are being released. **COLV 07120-07121**, and **07125-07126** are being released. The redacted portions involve attorney-client communications.

10. **COLV 07127**. You produced COLV 07128-07129. The portion you did not produce purports to be an email from Salvaggio to other officers. It does not appear that any of the participants are attorneys. Furthermore, the context of the discussion appears to be related to a news article. What does this have to do with legal opinions or proceedings? Please explain why COLV 07127 is not being produced.

    **Answer:** See released portion of **COLV 07127**.

11. **COLV 07150-07194**. These documents appear to be email correspondence involving "auditor" emails and attachments. We are unclear why the entirety of this correspondence and its attachments would be deemed confidential or privileged. Please explain why these documents are not being produced.

    **Answer:** As indicated in the Privilege Log, these are documents and information with the City's Attorney, Denise Frederick.

Mr. Brandon J. Grable
Mr. Austin M. Reyna
January 19, 2022
Page 3

12. **COLV 07200**. Please produce the email from Joseph Salvaggio to Jay Norton. There is reason why this email would be redacted for attorney-client and work product privileges. Please provide context and an explanation as to why this email is redacted. It would appear, that if it is "regarding 6/04/2018" that it would be with respect to the large multi-agency meeting that took place with many individuals. If so, then there is reason to not produce this document.

   **Answer:** Pursuant to the Privilege Log, the email contains attorney-client and attorney-work product privilege matters. The description conforms with FRCP 26 (b)(5) regarding description of the document(s).

## WRITTEN DISCOVERY

13. I have either not received the following documents and they are not listed on your privilege log, so please supplement accordingly: **COLV 07210-08215; 08262-08881**.

    **Answer:  COLV 7210-8215 & 8262-8881**—Are referenced in the Privilege Log, entries 108-215 and 217-244.

14. I received the following documents, but they are altered or redacted, and they are not listed on your privilege log. Please supplement accordingly: COLV 00265-00272, 09302, 9369, 09877-09878, 09886, 09902-10046, 10130, 10146-10148, 10525-10541, 10459-10578, 10584-10592, 10604-10612, 10615, 10705, 10707-10726, 10734-10763, 10785-10788, 10793, 10795-10859.

    **Answers:**

    **COLV 265-272 –** Defendant logged proper objections to documents regarding Plaintiffs request as overly board and burdensome and is not limited in time and scope. Subject to these objections, Defendant produced DEFT COLV 00122-00512.

    **COLV 9032**—Please indicate your issue with this page/document. We do not note any alteration, redaction, or non-listing of this item.

    **COLV 9369**—See Privilege Log.

    **COLV 9877 – 9878**—See Privilege Log.

    **COLV 9886**—Same as 9877-9878 in Privilege Log.

    **COLV 9902-9910; 9911-9919; 9920-10043; 10044-10046**—See Privilege Log.

    **COLV 10130**—Blank Page.

Mr. Brandon J. Grable
Mr. Austin M. Reyna
January 19, 2022
Page 4

> **COLV 10146-10148**—See Privilege Log.
>
> **COLV 10525-10541**—See Privilege Log.
>
> **COLV 10459-10524**-- Please indicate your issue with this page/document. We do not note any alteration, redaction, or non-listing of this item.
>
> **COLV 10525** – See Privilege Log.
>
> **COLV 10526-10541**—See Privilege Log.
>
> **COLV 10459-10578**—See Privilege Log.
>
> **COLV 10584-10592**—See Privilege Log.
>
> **COLV 10604-10612** –See Privilege Log.
>
> **COLV 10615 –**See Privilege Log.
>
> **COLV 10615 –** See Privilege Log.
>
> **COLV 10705 –** See Privilege Log.
>
> **COLV 10707-10726** – See Privilege Log.
>
> **COLV 10734-10763 -** See Privilege Log.
>
> **COLV 10785-10788; COLV 10793; 10795-10859--** See Privilege Log.

## DECEMBER 23, 2021, CORRESPONDENCE:

My December 23, 2021, correspondence to you was in response to your December 14, 2021, conferral email regarding requests for an additional seventeen (17) categories of documents. Please note the responses provided in my December 23, 2021, letter to you indicated that your requests for these documents were not included in any previous requests for production to our office. Defendant raised the following objections in its letter:

> Plaintiffs' informal request for additional documents was sent via email instead of through a formal Request for Production pursuant to FRCP 34. Defendant noted that it did not waive any objection to receive document requests via email.
>
> Any responses through a formal Request for Production would now be untimely because the response date would be after the discovery deadline of January 13, 2022. [November 23,

Mr. Brandon J. Grable
Mr. Austin M. Reyna
January 19, 2022
Page 5

2021, Text Order]. Pursuant to Local Rule CV-16 (e), "The responding party has no obligation to respond and object to written discovery if the response and objection would not be due until after the discovery deadline."

Defendant asserts the same objections in response to your January 13, 2022, letter to this office. In addition, the Court has denied your request to extend the discovery deadlines past January 13, 2022, except by agreement of the parties, which Defendant City has not agreed to.

## EMAILS GENERALLY

15. We are concerned that the emails produced in PDF format may have been altered or redacted in some way (other than what was asserted in your privilege log). For all emails that do not have any assertion of privilege, please produce them in their native formats.

    **Answer:** What evidence do you have that the emails produced by the City have been altered or redacted? In addition, what do you mean by production of the emails in their "native format"? Your request is beyond the scope contemplated by FRCP 26. In addition, the Court has denied Plaintiffs' request to extend the discovery deadline in this case. As such, your request for additional discovery is beyond the time designated by the Court.

## TEXT MESSAGES

16. Your December 23, 2021, correspondence, for item number 1, requests that we limit our inquiry for text messages on Salvaggio's and Anderson's phones to a reasonable timeframe. We request all text messages made between May 30, 2018, through December 31, 2018, that pertain to Plaintiffs, auditors, or agitators.

    The response to your letter indicated a reasonable time frame through a formal Request for Production. Without waiving Defendant's objections made in this letter, our client informs us that Salvaggio did not have a City issued cell phone and that Lt. Anderson's cell phone was blank.

## EMAIL COMMUNICATIONS

17. Your December 23, 2021 correspondence, for item number 4, indicates we would discuss further representations made by Salvaggio with respect to email correspondence to various agencies. For instance, we know that Salvaggio made a presentation at an Alamo Area conference in early June 2018, and this spurred a multi-hour, multi-agency meeting at the Bexar County District Attorney's Office. We do not have any emails pertaining to the Alamo Area conference or the multi-agency meeting. We know that Salvaggio testified to emailing other agencies as early as May 2018 following the arrest of Jesus Padilla. We have reason to believe that we have not received all relevant emails in this matter.

    **Answer:** I indicated in my letter that I would like to go over Salvaggio's deposition

Mr. Brandon J. Grable
Mr. Austin M. Reyna
January 19, 2022
Page 6

testimony where you represent that Chief Salvaggio sent emails to the FBI and other agencies. I did not affirm that any representations were made by Chief Salvaggio to the FBI or other agencies.

## POWERPOINTS

18. You produced PDF versions of PowerPoints, as indicated in your December 23, 2021 correspondence, for item number 12. Please produce the native files along with all versions in your client's possession. Please produce any emails where these PowerPoints were attached.

    **Answer:**  Our office produced the native PowerPoint presentations to you on January 13, 2022, **COLV 11305-11341**.

## DA COMMUNICATIONS

19. Your December 23, 2021 correspondence, for item number 15, where we asked for written correspondence and documents indicating where the District Attorney's office recommended warrantless seizure of personal property, you indicated that this information was produced with the City's Second Supplemental Responses. This is not clear to me. Please identify the proper documents. It could be possible that the documents you are referring to were not produced.

    **Answer:**  Please see COLV **11387-11388**.

a) In addition, there are emails, such as **COLV 08882, 08899, and 08933**, for example, that appear altered with some yellow markings. Please explain these alterations and whether we have all of the attachments referenced.

    **Answer:  COLV 8882, 8899, 8933** – To our knowledge, the yellow markings occur when converted to pdf, but we do not know why.  However, we provided the attachments, so this should not be an issue.

b) Moreover, we think all communication with the Bexar County District Attorney's office involving "auditors" should have been produced under Request for Production No. 8. The City did not make any objections to this request.

    **Answer:**  Please note that the City includes its objections at the beginning of its responses to Plaintiffs' Request for Production to include overly broad requests so any responses would be subject to this objection.  However, COLV **11387-11388,** was discovered that may be reasonably related to this case and included in the City's Supplemental Responses on January 13, 2022.

## COURTROOM ORDER

20. Your December 23, 2021 correspondence, for item number 16, seems to indicate that we are seeking information from the municipal court. We are seeking information within the City's possession. Specifically, COLV 10771 references email communications involving Salvaggio on June 8, 2018. Your privilege log also makes several references to emails with Salvaggio and others discussing posting signage (see for example, your amended privilege log, item 68, which reference June 8, 2018 communications involving Salvaggio and presumably the court order, but you withheld these emails).

    **Answer:** The Privilege Log has identified the documents, bate stamp number and the privilege in accordance with FRCP 26 (b)(5). Item 68 is pursuant to the attorney-client privilege between Chief Salvaggio and City Attorney, Denise Frederick. The City has produced **COLV 11387-11388** regarding communication with the Bexar County District Attorney's Office.

## CITIZENS POLICE ADVISORY COMMITTEE

21. Pursuant to Requests for Production Nos. 1 and 5, please produce agendas, minutes, notes, memos, files, and other materials provided to, or generated by, the Leon Valley Citizens Police Advisory Committee that relate to "auditors." For example, a June 20, 2018 agenda for the committee identifies a section for the "Chief's Report" which includes at item f, "Auditors."

    **Answer:** The City has made valid objections to Requests for Production Nos. 1-5 as overly broad and not limited in time and scope. Your requests for information regarding the Leon Valley Citizens Police Advisory Committee is untimely and not included in any previous request for production to this office. Defendant objects to Plaintiffs' informal request for additional documents not conforming to FRCP 34 and Local Rule CV-16 (e). In addition, the Court has denied Plaintiffs' request to extend the discovery deadlines past January 13, 2022.

## CITY DEPOSITIONS

22. We previously conferred on scheduling 30(b)(6) deposition(s) for the City of Leon Valley on the topics below. I wanted to provide the topics in formal correspondence to keep everything together. Please let me know what date(s) you propose, and we will get a notice out. I only added one item to the list (number 39).

    **Answer:** On Friday, January 7, 2022, at 5:54 p.m., you sent an email requesting the deposition of the City's Representative with a laundry list of 38 separate items of knowledge that the City's representative would be able to testify. In your instant letter, you are requesting an additional area of knowledge that the City representative can offer testimony

Mr. Brandon J. Grable
Mr. Austin M. Reyna
January 19, 2022
Page 8

for a total of thirty-nine (39) items of knowledge. As you may recall, in a November 9, 2021, email, I requested the categories or the subject matter for the representative's testimony and you responded that you would be deposing that person after the fact witnesses depositions. Only on the evening of Friday, January 7, 2022, did you make your request and list of areas of extensive knowledge you expect from the City's representative to offer testimony. I indicated to you on or about January 12, 2022, that I was in the process of reviewing your extensive list to determine what City representative would have the knowledge in the areas you requested. Please note that I did not commit to have the representative's deposition taken.

The Court has denied Plaintiffs' request to extend the discovery deadlines except by agreement of the parties. Defendant City does not have an agreement with Plaintiffs to extend the discovery deadline to take the depositions of Plaintiff Springer; Plaintiffs' expert, Chief Thomas Tiderington; Defendants' expert Craig Miller; or City representative(s).

Should you have any questions, please do not hesitate to contact our office.

Very truly yours,

DENTON NAVARRO ROCHA BERNAL & ZECH
A Professional Corporation

*/s/ Adolfo Ruiz*

ADOLFO RUIZ

AR/mg
Enclosures: as stated.

cc:   Charles S. Frigerio                    Email:  csf@frigeriolawfirm.com