AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Western District of Texas

| | | |
|---|---|---|
| Russell Zinter et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 5:18-CV-00680-FB |
| Joseph Salvaggio et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: City of San Antonio

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Please produce all documents specific to Joseph Salvaggio's disciplinary history and actions taken for excessive force complaints or findings, infractions of policy and procedure, and moral turpitude allegations or integrity violations. We specifically request all documents identifying the reason and basis for Joseph Salvaggio's indefinite suspension from SAPD. These requests are limited from 2010 through 2016.

| Place: 1603 Babcock Rd., Ste. 280, San Antonio, TX 78229 | Date and Time: 01/28/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 01/12/2022

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| Signature of Clerk or Deputy Clerk | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
Russell Zinter, et al. , who issues or requests this subpoena, are:
Brandon Grable, brandon@g2.law, and Austin Reyna, austin@g2.law; (210) 963-5297

**Exhibit A**



# LORR

**LAW & ORDER RECORD RETRIEVAL**
**Phone: (800) 736-9105  Fax: (210) 366-0844**

RUSSELL ZINTER, ET AL

VS

JOSEPH SALVAGGIO, ET AL

01/14/2022

ADOLFO RUIZ
DENTON NAVARRO ROCHA BERNAL & ZECH, PC
2517 N MAIN AVE
SAN ANTONIO, TX 78212

**RE:  JOSEPH SALVAGGIO,** from:

Record Type:

 CITY OF SAN ANTONIO

Dear  ADOLFO RUIZ,
**L.O.R.R.** has been requested to obtain records pertaining to the above referenced case.  We would like to offer you this opportunity to also receive a copy of the records.

Please check the appropriate boxes below, sign this request form, and return it to us.  Preferably, you may return this form to us via Fax at (210) 366-0844.  In order that we may proceed ASAP with this request, we also ask that you waive the notice period.

We are extending you the courtesy of providing you with the opportunity of receiving copies with the understanding that payment will be mailed upon receipt.  If your firm represents an insurance company, please provide the direct billing information.

COMPANY     _____     ADDRESS     _____
ADJUSTER     _____     CLAIM NO     _____
INSURED     _____     DATE OF LOSS     _____

**YES     NO**

☐     ☐     **I want copies of these Records produced via on-line Repository.  $40.00 Base / $0.30 per page.**
              **Please provide your email address:** _____

☐     ☐     **I want copies of these Records produced as paper copies only.  $55.00 Base / $0.60 per page.**

☐     ☐     I will waive the 14 (fourteen) day notice.

☐     ☐     I want copies of x-rays/photos (if any were requested).

☐     ☐     In the event some of the requested records are from out-of-state resulting in difficulties with designating an agent to take the deposition (notary), I agree that the deposition may be taken by telephone.

☐     ☐     I would like more information regarding the services offered by L.O.R.R. ***Receive 20%** off standard price of service on your first request for records

## PLEASE SELECT DELIVERY METHOD

☐ **Email**          ☐ **Hand Delivered**          ☒ **Certified Mail**          ☐ **Fax**

**(Emailed copies only.**                                                                              **(Faxed copies only.**
**Originals will not follow).**                                                                    **Originals will not follow).**

_____
Authorized Signature

**Exhibit B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| RUSSELL ZINTER, ET AL | § § § | |
| VS | § § | CIVIL ACTION NO. 5:18-CV-00680-FB |
| JOSEPH SALVAGGIO, ET AL | § § § | |

## NOTICE OF INTENTION TO TAKE DEPOSITION
## BY WRITTEN QUESTIONS

**TO:**
CHARLES FRIGERIO          ADOLFO RUIZ

You will take notice that after 14 days from the service of a copy hereof with attached questions, a deposition by written questions will be taken of the CUSTODIAN OF RECORDS for:

CITY OF SAN ANTONIO
506 DOLOROSA
SAN ANTONIO, TX 78205

at the offices of the **Custodian,** or at another agreed upon time and/or place before a Notary Public, an Officer of the State of Texas and employee of **Law & Order Record Retrieval,** or their designated agent. Which deposition, with attached questions, may be used in evidence upon the trial of the above styled and numbered cause pending in the above named Court.

Notice is further given that request is here made as authorized under Rule 30 and 31, Federal Rules of Civil Procedure, to the Officer authorized to take this deposition to issue a SUBPOENA DUCES TECUM pursuant to FRCP 45 and cause to be served on the witness to produce for inspection and photocopying: **Any and all documents specific to Joseph Salvaggio's disciplinary history and actions taken for excessive force complaints or findings, infractions of policy and procedure, and moral turpitude allegations or integrity violations. We specifically request all documents identifying the reason and basis for Joseph Salvaggio's indefinite suspension from SAPD. These requests are limited from 2010 through 2016**

**Pertaining To:  JOSEPH SALVAGGIO,**  and turn all such records over to the Officer authorized to take this deposition for inspection and photocopying, the same may be made by him and attached to said deposition.

*Brandon J. Grable* /s/

BRANDON J. GRABLE, SBID: 24086983
GRABLE GRIMSHAW PLLC
1603 BABCOCK RD STE 280
SAN ANTONIO, TX 78229
Ph: (210) 963-5297   Fax: (210) 641-3332
brandon@g2.law
ATTORNEY FOR THE PLAINTIFF

### CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing Notice of Intention to Take Deposition by Written Questions was provided to the respective parties or attorneys of record, pursuant to Rule 5(b) of the FRCP, by registered mail, postage prepaid or hand delivered.

Date:_____01/14/2022_____          By:  *Brandon J. Grable* /s/

BRANDON J. GRABLE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

RUSSELL ZINTER, ET AL

§
§
§
§
§
§
§
§

VS

CIVIL ACTION NO. 5:18-CV-00680-FB

JOSEPH SALVAGGIO, ET AL

## QUESTIONS TO BE PROPOUNDED TO THE WITNESS,
## THE CUSTODIAN OF RECORDS FOR: CITY OF SAN ANTONIO

1. Please state your full name, occupation, and/or official title.

ANSWER_____

2. Did you receive a Subpoena Duces Tecum for the production of: Any and all documents specific to Joseph Salvaggio's disciplinary history and actions taken for excessive force complaints or findings, infractions of policy and procedure, and moral turpitude allegations or integrity violations. We specifically request all documents identifying the reason and basis for Joseph Salvaggio's indefinite suspension from SAPD. These requests are limited from 2010 through 2016 pertaining to JOSEPH SALVAGGIO?

ANSWER_____

3. Are you able to identify these records as the original or true and correct photostatic copies of the originals?

ANSWER_____

4. Were these records made and kept in the regular course of your business? (Business means any kind of regularly organized activity, whether conducted for profit or not).

ANSWER_____

5. In the regular course or your business, did the person who signed or otherwise prepared these records either have personal knowledge of the entries on these records or obtain the information to make such records from sources who have such personal knowledge?

ANSWER_____

6. Are these records under your care, supervision, direction, custody or subject to your control?

ANSWER_____

7. Are these records made at or near the time of the act, event or condition recorded on the records, or reasonably soon thereafter pertaining to the incident in question?

ANSWER_____

8. Were these records kept as described above?

ANSWER_____

9.  Have you been requested, directed, or has it ever been suggested by any person (whether doctor, lawyer or anyone else) that any part of the records subject to this deposition be withheld or protected from discovery for any reason?  If so, please state the name and address of the person who conveyed this information to you and when such event occurred.

ANSWER_____

10.  Are there any other locations where CITY OF SAN ANTONIO would keep records or documents pertaining to JOSEPH SALVAGGIO?  If yes, please identify the name and address of that location, if known.

ANSWER_____

11.  Please hand all such records as outlined in the Subpoena Duces Tecum to the Officer taking your deposition.  (These will be at no expense to you, and the Officer will return the originals of your records to you after they have been both inspected and copied).  Have you done as requested?  If not, why not?

ANSWER_____

12.  Have any records of any kind been destroyed or are any records missing?  If yes, why?  Please describe those records that have been destroyed or are missing by CITY OF SAN ANTONIO.

**ANSWER:**_____

13.  In the event that no records can be found, are there document archives (i.e. microfiche) or document retention policies which explain their absence?  If yes, please explain your archiving and/or retention policy. Please identify who has knowledge of those archives and/or retention policies for CITY OF SAN ANTONIO.

**ANSWER:**_____


_____
WITNESS CUSTODIAN OF RECORDS

I,_____,A Notary Public in and for the State of Texas do hereby certify that the foregoing answers of the witness were made by the said witness and sworn to and subscribed before me. The records attached hereto are exact duplicates of the original records.

GIVEN UNDER MY HAND AND SEAL on this the _____ day of_____20____.


_____
Notary Public in and for the State of Texas

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **RUSSELL ZINTER, ET AL** | § § § | |
| **VS** | § § | **CIVIL ACTION NO. 5:18-CV-00680-FB** |
| **JOSEPH SALVAGGIO, ET AL** | § § § | |

# AFFIDAVIT

**RECORDS PERTAINING TO: JOSEPH SALVAGGIO**

Before me, the undersigned authority, personally appeared_____,
who being duly sworn, deposed as follows:

My name is _____. I am over 18 years of age, of sound mind, capable
of making this affidavit, and personally acquainted with the facts herein stated:

I am the CUSTODIAN OF RECORDS OF CITY OF SAN ANTONIO and am familiar with the manner in
which its records are created and maintained by virtue of my duties and responsibilities. Attached hereto
are _____ pages of records which are maintained in either paper copies and/or digital electronic format
from CITY OF SAN ANTONIO. These said records are kept by CITY OF SAN ANTONIO in the regular
course of business and it was the regular course of business of CITY OF SAN ANTONIO for an employee
or representative of CITY OF SAN ANTONIO, or other individual, with knowledge of the act, event,
condition, opinion, or diagnosis, recorded to make the record or to transmit information thereof to be
included in such record; and the record was made at or near the time or reasonably soon thereafter. The
records attached hereto are the originals or exact duplicates of the originals.

_____
**AFFIANT**

SUBSCRIBED AND SWORN TO BEFORE ME on this, the _____day of _____, 20_____

_____
Notary Public in and for The State of Texas

_____
Notary's Printed Name

_____
My Commission Expires



CERTIFIED MAIL™

FIRST-CLASS MAIL
U.S. POSTAGE AND
FEES PAID
LETTERSTREAM





RECEIVED

JAN 1 8 2022

BY: ...............................

7821234685 C029

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western  District of Texas

| | | |
|---|---|---|
| ZINTER et al. | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:18 CV-680 |
| | ) | |
| SALVAGGIO et al. | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:     FBI AGENT HARLEN L. JOHNSTON

    [X]   *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material relating, but not limited, to the following topics:

- Knowledge of any federal investigation into Russell Zinter, Jack Miller, Brian Howd, James Mead, Mark Brown, David Bailey, Jaun Gonzales Jr., Kevin Egan, Jonathon Green, James Springer, Greg Gardiner, Jason Green, and Theresa Richard for their involvement in protesting at Leon Valley in June 2018.

- Knowledge of the Task Force's communications with any representative of the City of Leon Valley regarding or relating to Leon Valley protests in June 2018.

- Meetings with Leon Valley representatives concerning Russell Zinter, Jack Miller, Brian Howd, James Mead, Mark Brown, David Bailey, Jaun Gonzales Jr., Kevin Egan, Jonathon Green, James Springer, Greg Gardiner, Jason Green, and Theresa Richard.  This includes, but is not limited, the meeting that occurred on September 12, 2018 and October 5, 2018.

- Knowledge of any and all efforts made in investigating my clients for protesting Leon Valley in June 2018.

**Exhibit C**

- Knowledge of any connection between Russell Zinter, Jack Miller, Brian Howd, James Mead, Mark Brown, David Bailey, Jaun Gonzales Jr., Kevin Egan, Jonathon Green, James Springer, Greg Gardiner, Jason Green, and Theresa Richard and any shooting incident anywhere.

- Knowledge of Leon Valley's efforts to investigate Russell Zinter, Jack Miller, Brian Howd, James Mead, Mark Brown, David Bailey, Jaun Gonzales Jr., Kevin Egan, Jonathon Green, James Springer, Greg Gardiner, Jason Green, and Theresa Richard.

- Knowledge of the Task Force's communications with any local, state, or federal agency regarding June 2018 protests in June 2018.

- Knowledge of attempts or requests made by fmr. Chief Salvaggio, or any Leon Valley representative, to cause or seek investigations into Plaintiffs.

- Knowledge of any representations made to Leon Valley that federal indictments were forthcoming.

| Place: | Date and Time: |
|---|---|
| Grable Grimshaw Mora PLLC<br>1603 Babcock Road, Suite 280<br>San Antonio, Texas 78229 | By: December 10, 2021<br>At: 5:00 PM |

*Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: ___3 Dec 21___

CLERK OF THE COURT

_____     OR     _____
Signature of Clerk or Deputy Clerk                              Attorney's Signature

 The name, address, email, and telephone number of the attorney representing Zinter, et al, who issues or requests this subpoena, are:

**GRABLE GRIMSHAW MORA PLLC**

*/s/ Brandon J. Grable*

**BRANDON J. GRABLE**
Texas State Bar No. 24086983 brandon@ggm.law
**AUSTIN M. REYNA**
Texas State Bar No. 24118645 austin@ggm.law
1603 Babcock Road, Suite 280
San Antonio, Texas 78229
Telephone: (210) 963-5297
Facsimile: (210) 641-3332
**COUNSEL FOR PLAINTIFFS**

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or **(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form. **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: **(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trialpreparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person

who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western  District of Texas

| | | |
|---|---|---|
| ZINTER et al. | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:18 CV-680 |
| | ) | |
| SALVAGGIO et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     FBI REPRESENTATIVE OF SQUAD CT-4 of the San Antonio Domestic

Terrorism Unit.

☒   *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material relating, but not limited, to the following topics:

- FBI investigation into Russell Zinter, Jack Miller, Brian Howd, James Mead, Mark Brown, David Bailey, Jaun Gonzales Jr., Kevin Egan, Jonathon Green, James Springer, Greg Gardiner, Jason Green, and Theresa Richard arising from information obtained from fmr. Chief Salvaggio, or any Leon Valley representative.

- Timeline of any investigation into Plaintiffs arising from June 2018 Leon Valley protests.

- Communications with Defendants related to June 2018 Leon Valley protests.

- Findings and conclusions of any investigations into Plaintiffs arising from June 2018 Leon Valley protests.



Exhibit
D

- Findings and conclusions of any investigations seeking to establish any connection between Plaintiffs and any 2018 shooting incident.

| Place: | Date and Time: |
|---|---|
| Grable Grimshaw Mora PLLC<br>1603 Babcock Road, Suite 280<br>San Antonio, Texas 78229 | By: December 10, 2021<br>At: 5:00 PM |

*Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: ____3 Dec 21_____

CLERK OF THE COURT

_____     OR     _____
Signature of Clerk or Deputy Clerk                          Attorney's Signature

Page **2** of **6**

The name, address, email, and telephone number of the attorney representing Zinter, et al, who issues or requests this subpoena, are:

**GRABLE GRIMSHAW MORA PLLC**

*/s/ Brandon J. Grable*
**BRANDON J. GRABLE**
Texas State Bar No. 24086983 brandon@ggm.law
**AUSTIN M. REYNA**
Texas State Bar No. 24118645 austin@ggm.law
1603 Babcock Road, Suite 280
San Antonio, Texas 78229
Telephone: (210) 963-5297
Facsimile: (210) 641-3332
**COUNSEL FOR PLAINTIFFS**

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or **(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form. **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: **(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trialpreparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person

who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

| | | |
|---|---|---|
| ZINTER et al. | ) | |
| *Plaintiffs* | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:18 CV-680 |
| | ) | |
| SALVAGGIO et al. | ) | |
| *Defendants* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     FBI AGENT S. JASON HARRIS

[X]   *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material relating, but not limited, to the following topics:

- Knowledge of any federal investigation into Russell Zinter, Jack Miller, Brian Howd, James Mead, Mark Brown, David Bailey, Juan Gonzales Jr., Kevin Egan, Jonathan Green, James Springer, Greg Gardiner, Jason Green, and Theresa Richard for their involvement in protesting at Leon Valley in June 2018.

- Knowledge of the Task Force's communications with any representative of the City of Leon Valley regarding or relating to Leon Valley protests in June 2018.

- Meetings with Leon Valley representatives concerning Russell Zinter, Jack Miller, Brian Howd, James Mead, Mark Brown, David Bailey, Juan Gonzales Jr., Kevin Egan, Jonathan Green, James Springer, Greg Gardiner, Jason Green, and Theresa Richard. This includes, but is not limited to, the meetings that occurred on September 12, 2018, and October 5, 2018.

- Knowledge of any and all efforts made in investigating my clients for protesting Leon Valley in June 2018.

- Knowledge of any connection between Russell Zinter, Jack Miller, Brian Howd, James Mead, Mark Brown, David Bailey, Juan Gonzales Jr., Kevin Egan, Jonathan Green, James Springer, Greg Gardiner, Jason Green, and Theresa Richard and any shooting incident anywhere.



Exhibit E

- Knowledge of Leon Valley's efforts to investigate Russell Zinter, Jack Miller, Brian Howd, James Mead, Mark Brown, David Bailey, Juan Gonzales Jr., Kevin Egan, Jonathan Green, James Springer, Greg Gardiner, Jason Green, and Theresa Richard.

- Knowledge of the Task Force's communications with any local, state, or federal agency regarding June 2018 protests in June 2018.

- Knowledge of attempts or requests made by fmr. Chief Salvaggio or any Leon Valley representative to cause or seek investigations into Plaintiffs.

- Knowledge of any representations made to Leon Valley that federal indictments were forthcoming.

| Place: | Date and Time: |
|---|---|
| Grable Grimshaw Mora PLLC<br>1603 Babcock Road, Suite 280<br>San Antonio, Texas 78229 | By: December 10, 2021<br>At: 5:00 PM |

*Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: ___3 Dec 21_____

CLERK OF THE COURT

_____ OR _____
Signature of Clerk or Deputy Clerk             Attorney's Signature

The name, address, email, and telephone number of the attorney representing Zinter et al. who issues or requests this subpoena, are:

**GRABLE GRIMSHAW MORA PLLC**

*/s/ Austin M. Reyna*_____

**BRANDON J. GRABLE**
Texas State Bar No. 24086983 brandon@ggm.law
**AUSTIN M. REYNA**
Texas State Bar No. 24118645 austin@ggm.law
1603 Babcock Road, Suite 280
San Antonio, Texas 78229
Telephone: (210) 963-5297
Facsimile: (210) 641-3332
**COUNSEL FOR PLAINTIFFS**

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or **(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form. **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: **(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trialpreparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person

who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 5:18-CV-680

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* <u>FBI AGENT HARLEN L JOHNSTON</u> was received by me on *(date)* <u>Dec 3, 2021, 10:09 am</u>.

<table>
<tr><td></td><td>I personally served the summons on the individual at <i>(place)</i> _____ on <i>(date)</i> _____ ; or</td></tr>
<tr><td></td><td>I left the summons at the individual's residence or usual place of abode with <i>(name)</i> _____ , a person of suitable age and discretion who resides there, on <i>(date)</i> _____ , and mailed a copy to the individual's last known address; or</td></tr>
<tr><td>X</td><td>I served the summons on <i>(name of individual)</i> <u>JASON, FBI LOCAL COUNSEL</u> , who is designated by law to accept service of process on behalf of <i>(name of organization)</i> <u>FBI AGENT HARLEN L JOHNSTON</u> on <i>(date)</i> <u>Fri, Dec 03 2021 at 2:28PM</u> ; or</td></tr>
<tr><td></td><td>I returned the summons unexecuted because: _____ ; or</td></tr>
<tr><td></td><td>Other: _____ ; or</td></tr>
</table>

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: 12/08/21

_____
*Server's signature*

Angela Rodriguez
PSC#15983
EXP. 11/30/22
_____
*Printed name and title*

8521 Blanco Rd #2-236, San Antonio, TX 78216
_____
*Server's address*

Additional information regarding attempted service, etc.:

1) Successful Attempt: Dec 3, 2021, 2:28 pm CST at COMPANY: 5740 UNIVERSITY HEIGHTS BLVD, SAN ANTONIO, TX 78249 received by FBI AGENT HARLEN L JONSTON.

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 5:18-CV-680

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* FBI REPRESENTATIVE OF SQUAD CT-4 OF THE SAN ANTONIO DOMESTIC TERRORISM UNIT was received by me on *(date)* Dec 3, 2021, 10:09 am.

☐ I personally served the summons on the individual at *(place)* _____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____ , a person of suitable age and discretion who resides there, on *(date)* _____ , and mailed a copy to the individual's last known address; or

☒ I served the summons on *(name of individual)* JASON, FBI LEGAL COUNSEL , who is designated by law to accept service of process on behalf of *(name of organization)* FBI REPRESENTATIVE OF SQUAD CT-4 OF THE SAN ANTONIO DOMESTIC TERRORISM UNIT on *(date)* Fri, Dec 03 2021 AT 2:26PM ; or

☐ I returned the summons unexecuted because: _____ ; or

☐ Other: _____ ; or

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: 12/08/2021

_____
*Server's signature*

Angela Rodriguez
PSC#15983
EXP. 11/30/22
_____
*Printed name and title*

8521 Blanco Rd #2-236, San Antonio, TX 78216
_____
*Server's address*

Additional information regarding attempted service, etc.:
1) Successful Attempt: Dec 3, 2021, 2:26 pm CST at COMPANY: 5740 UNIVERSITY HEIGHTS BLVD, SAN ANTONIO, TX 78249 received by FBI REPRESENTATIVE OF SQUAD CT-4 OF THE SAN ANTONIO DOMESTIC TERRORISM UNIT.

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 5:18-CV-680

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* <u>FBI AGENT S JASON HARRIS</u> was received by me on *(date)* <u>Dec 3, 2021, 10:09 am</u>.

[ ]  I personally served the summons on the individual at *(place)* _____ on *(date)* _____ ; or

[ ]  I left the summons at the individual's residence or usual place of abode with *(name)* _____ , a person of suitable age and discretion who resides there, on *(date)* _____ , and mailed a copy to the individual's last known address; or

[X]  I served the summons on *(name of individual)* <u>JASON, FBI LOCAL COUNSEL</u> , who is designated by law to accept service of process on behalf of *(name of organization)* <u>FBI AGENT S JASON HARRIS</u> on *(date)* <u>Fri, Dec 03 2021 at 2:27pm</u> ; or

[ ]  I returned the summons unexecuted because: _____ ; or

[ ]  Other: _____ ; or

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: 12/08/21

_____
*Server's signature*

Angela Rodriguez
PSC#15983
EXP. 11/30/22
_____
*Printed name and title*

8521 Blanco Rd #2-236, San Antonio, TX 78216
_____
*Server's address*

Additional information regarding attempted service, etc.:
1) Successful Attempt: Dec 3, 2021, 2:27 pm CST at COMPANY: 5740 UNIVERSITY HEIGHTS BLVD, SAN ANTONIO, TX 78249 received by FBI AGENT S JASON HARRIS.