IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUSSELL ZINTER; JACK MILLER; <br> BRIAN HOWD; JAMES A. MEAD; <br> JOSEPH BRANDON PIERCE; MARK BROWN; <br> DAVID BAILEY; JUAN GONZALES JR.; <br> KEVIN EGAN; JONATHON GREEN; <br> JAMES SPRINGER, GREG GARDINER, <br> SELINA HERRERA, JASON GREEN AND <br> THERESA RICHARD <br><br> Plaintiffs, <br><br> VS. <br><br> CHIEF JOSEPH SALVAGGIO; <br> LIEUTENANT DAVID ANDERSON; <br> DEPUTY JANE DOE GOLDMAN; <br> OFFICER JOHNNY VASQUEZ; <br> CPL CHAD MANDRY; SERGEANT JOHN DOE; <br> OFFICER JIMMIE WELLS; CPL. LOUIS FARIAS, <br> BADGE 534; OFFICER BRANDON EVANS, <br> BADGE 556; OFFICER UZIEL HERNANDEZ; <br> JOHN DOE TASER 1; JOHN DOE TASER 2 AND <br> THE CITY OF LEON VALLEY, A POLITICAL <br> SUBDIVISION OF THE STATE OF TEXAS <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 5:18-CV-0680-JP |

**DEFENDANT CHIEF SALVAGGIO, LT. ANDERSON AND OFFICERS VASQUEZ, MANDRY, WELLS, FARIAS, EVANS, HERNANDEZ, YARBOROUGH, BRETON, AZAR, URDIALES, KING, CASTRO, TACQUARD, AND RIVERA'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE JASON PULLIUM:

NOW COMES **CITY OF LEON VALLEY CHIEF OF POLICE JOSEPH SALVAGGIO, LIEUTENANT DAVID ANDERSON, OFFICER JOHNNY VASQUEZ, CORPORAL CHAD MANDRY, DETECTIVE JIMMIE WELLS, CORPORAL LOUIS FARIAS, OFFICER BRANDON EVANS, OFFICER UZIEL HERNANDEZ, OFFICER CLARENCE YARBROUGH, OFFICER JORGE BRETON, OFFICER JOANN AZAR, SERGEANT JOEL URDIALES, OFFICER ALEX**

**KING, OFFICER BENJAMIN CASTRO, OFFICER MIKE TACQUARD,** and **OFFICER ERIKA RIVERA,** Individually, Defendants in the above entitled and numbered cause, and pursuant to Rule 56, FEDERAL RULES OF CIVIL PROCEDURE, files this their Motion for Summary Judgment against Plaintiffs' claims and in support thereof would respectfully show unto the Court the following:

## I.

Defendants **CHIEF SALVAGGIO, LT. ANDERSON, OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS, OFFICER HERNANDEZ, OFFICER YARBROUGH, OFFICER BRETON, OFFICER AZAR, SGT. URDIALES, OFFICER KING, OFFICER CASTRO, OFFICER TACQUARD,** and **OFFICER RIVERA** would show unto the Court that there is no genuine issue as to any material fact herein and that they are entitled to judgment, as a matter of law.

## II.
## EXHIBITS

Defendants **CHIEF SALVAGGIO, LT. ANDERSON, OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS, OFFICER HERNANDEZ, OFFICER YARBROUGH, OFFICER BRETON, OFFICER AZAR, SGT. URDIALES, OFFICER KING, OFFICER CASTRO, OFFICER TACQUARD,** and **OFFICER RIVERA** incorporate into their Motion for Summary Judgment for all purposes the following exhibits:

    (1)    Exhibit A  -  Deposition of Chief Joe Salvaggio;
    (2)    Exhibit B  -  Deposition of Lieutenant David Anderson;
    (3)    Exhibit C  -  Declaration of Expert Clifford Herberg;
    (4)    Exhibit D  -  City of Leon Valley Police Department Reports;
    (5)    Exhibit E  -  Emails with the Federal Bureau of Investigation (FBI);
    (6)    Exhibit F  -  Chief Joseph Salvaggio's Report; and,
    (7)    Exhibit G  -  Deposition Excerpts of Officer Johnny Vasquez.

The above Exhibits A through G are hereby incorporated by reference for all purposes.

## III.
## BACKGROUND

The case at bar concerns a cabal of communication zealots intent on bringing chaos and disruption to municipal governments and in particular, the City of Leon Valley. Plaintiffs refer to themselves as First Amendment Auditors and employ tactics such as electronic civil disobedience through flood calling the municipality's municipal offices; emails and **live-streaming** YouTube wherein they enlist the involvement of followers to earn views for profit.

Plaintiffs' counsel currently represents 13 of the 15 named plaintiffs. Plaintiffs Joseph Brandon Pierce and Selina Herrera are no longer represented by Plaintiffs' counsel. Defendants are current and former members of the City of Leon Valley Police Department and are being sued in their individual capacity. All individual defendants assert their entitlement to qualified immunity under both prongs of the analysis and official immunity.

This peripatetic peregrination commences on May 2, 2018 when First Amendment Auditor Jesus Padilla (*Aka "Mexican Padilla"*) was arrested in a restricted area of City Hall in the City of Leon Valley by Chief Salvaggio. Mexican Padilla was arrested for criminally trespassing and resisting arrest. This encounter was captured on YouTube Video while **live-streaming** and amounted to a call to arms for Mexican Padilla's cohorts. The ensuing chaotic anarchy erupted within minutes wherein the City of Leon Valley was flooded by phone calls and emails. (*See, Exhibit A – Deposition of Chief Joe Salvaggio, pp.15-19*).

Chief Salvaggio's home address was then displayed on YouTube, threats of violence, including Murder and Rape were made against his family.  (*See, Exhibit A – Deposition of Chief Joe Salvaggio, pp. 132-133; 198-200*).

Plaintiffs' Second Amended Complaint (Dkt 87) is the live pleading on file. Plaintiffs' allegations concern First Amendment Auditor demonstrations on the dates of June 14, 2018; June 18, 2018; and June 23, 2018.  These First Amendment Auditor demonstration dates can be broken down as follows:

| | |
|---|---|
| **June 14, 2018**: | Jesus Padilla (Mexican Padilla) was arrested for criminal trespass.  While Padilla was being arrested, Plaintiff Mark Brown interfered with the arrest and was arrested for interference with public duties of an officer, TEXAS PENAL CODE § 38.15(a) and resisting arrest under TEXAS PENAL CODE § 38.03(a).  Plaintiff Brown was arrested by Defendant Officer Johnny Vasquez. Officer Rigoberto Parra (a non-defendant) and Defendant Jim Wells. |
| **June 18, 2018**. | Plaintiff David Bailey is arrested by Defendant Lt. David Anderson for obstruction of a passageway.  TEXAS PENAL CODE § 42.03.  Defendant Lt. Anderson is assisted by Defendant Officers JoAnn Azar and Defendant Corporal Louis Farias. |
| | Plaintiff James Springer is arrested for interference with public duties of an officer by Defendant Corporal Louis Farias assisted by Defendant Officers Brandon Evans and Defendant JoAnn Azar.  Springer interfered with the arrest of David Bailey. |
| | Plaintiff James Mead was detained by Defendant Sgt. Uridales and subsequently released.  Plaintiff Juan Gonzales Jr. was detained by Defendant Corporal Chad Mandry and issued a citation for criminal trespass. |
| | Plaintiff Russell Zinter was approached by Defendant Corporal Farias for recording the Bailey arrest and |

| | |
|---|---|
| | voluntarily released his recording device without being detained. |
| | Plaintiff Joseph Pierce was approached by Defendant Officer Brandon Evans who escorted Pierce out of the building and released his video recording device without further incident. |
| **June 23, 2018** | Plaintiff James Springer is arrested by Defendant Officer Brandon Evans for obstruction or retaliation by threat TEXAS PENAL CODE § 36.06. Recording and **live-streaming** of Chief Salvaggio's personal address along with threats against Salvaggio and his family. |
| | Plaintiff Joseph Pierce was arrested by Defendant Officer Johnny Vasquez for interference with Public Duties TEXAS PENAL CODE § 38.15(a) and issued a citation for failure to identify TEXAS PENAL CODE § 38.02. |
| | Plaintiff Brian Howd was arrested by Defendant Uziel Hernandez for interference with public duties TEXAS PENAL CODE § 38.15(a) and resisting arrest TEXAS PENAL CODE §38.03(a). |
| | Plaintiff Jason Green was arrested by Captain Ruben Saucedo (non-defendant) for interference with public duties, resisting arrest and issued a citation for failure to identify. |
| | Jonathon Green (son of Jason Green) was detained by Capt. Saucedo in order to seize his recording device. Jonathon Green was released pending further investigation. |
| | Plaintiff Gregory Gardiner approached by Officer Rigoberto Parra (non-defendant officer) who seized Gardiner's recording device. Officer Vasquez placed Gardiner in handcuffs for officer safety and Defendant Officer Louis Farias conducted an investigation of a possible unlawfully carrying of Plaintiff Gardiner. Once it was determined Gardiner had a license to carry, his weapons were returned. |

## IV.
## UNDISPUTED FACTS

Defendants **CHIEF SALVAGGIO, LT. ANDERSON, OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS, OFFICER HERNANDEZ, OFFICER YARBROUGH, OFFICER BRETON, OFFICER AZAR, SGT. URDIALES, OFFICER KING, OFFICER CASTRO, OFFICER TACQUARD,** and **OFFICER RIVERA** assert unto the Court the following facts are undisputed:

(1) Subsequent to the arrest of Jesus Padilla (aka Mexican Padilla) on May 2, 2018, the City of Leon Valley was targeted and subjected to civil disobedience through First Amendment Auditors by call flooding the City's municipal offices through phone calls, emails and live-streaming and YouTube postings. **Live-streaming** and YouTube postings contained direct threats to Chief Salvaggio and his family. (*See, Exhibit A – Deposition of Chief Salvaggio, pp. 15-19; Exhibit B – Deposition of Lt. David Anderson pp. 34-40; Exhibit C – Declaration of Cliff Herberg, pp. 7-9; Exhibit F – Salvaggio Report.*)

(2) The First Amendment Auditor demonstrations lasted for 13 days but Auditors were only arrested on 3 of those days. (*See, Exhibit A – Deposition of Chief Joe Salvaggio, pp. 17-18*);

(3) Plaintiff Jack Miller, James Springer and Mark Brown **live-streamed** YouTube videos inciting followers/subscribers throughout the YouTube world to conduct civil disobedience, as well has threats against Chief Salvaggio and Officials of Leon Valley. (*See, Exhibit A – Deposition of Chief Joe Salvaggio, pp. 22-27; 31-33; 42; 132-133; 209-210; Exhibit B – Deposition of Lt. David Anderson, pp. 34-36*);

(4) Chief Salvaggio met with the members of the Bexar County District Attorney's Office and various law enforcement agencies including the Federal Bureau of Investigation (FBI) concerning the First Amendment Auditor situation. (*See, Exhibit A –Deposition of Chief Joe Salvaggio, pp. 46-47; 58; and Exhibit E  FBI Emails*);

(5) The rapscallion activities of the First Amendment Auditors amounted to an organized crime activity promulgated by the instantaneous use of the world wide web to threaten and harass the City of Leon Valley officials and particularly singled out Chief Joe Salvaggio.  (*See, Exhibit A – Deposition of Chief Joe Salvaggio, pp. 189-191; 195-196; 198-200; 209-210; 214; 257; Exhibit C – Declaration of Expert Cliff Herberg pp. 7-10).*

(6) June 14, 2018, Plaintiff Mark Brown was arrested by Defendant Officer Johnny Vasquez, Officer Parra and Defendant Det. Wells for Interference With Public Duties Of An Officer, TEXAS PENAL CODE, §38.15(a). (*See, Exhibit A – Deposition of Chief Joe Salvaggio, pp. 149; 161-162; Exhibit B – Deposition of Lt. David Anderson, pp. 88-89; 93; 98-99; Exhibit C – Declaration of Cliff Herberg, pp. 11-13; Exhibit F – Chief Joe Salvaggio Report; Exhibit D – City of Leon Valley Police Reports; Exhibit G – Deposition Excerpts of Defendant Officer Johnny Vasquez, pp. 71-79; 81-82; 87; 97-102; 115-117).*

(7) On June 18, 2018, Plaintiff David Bailey is arrested by Lt. Anderson for Obstruction Of A Passageway, TEXAS PENAL CODE § 42.03 and was assisted by Defendants Officers JoAnn Azar and Corporal Louis Farias. Plaintiff James Springer is arrested for Interference With Public Duties Of An Officer by Defendant Corporal Louis Farias assisted by Defendant Officer Brandon Evans and Defendant Officer JoAnn Azar.

Plaintiffs James Meade and Plaintiff Juan Gonzales Jr. were detained and subsequently released. Defendants Sgt. Uridales and Defendant Corporal Mandry.

Plaintiff Russell Zinter and Plaintiff Joseph Pierce were approached by Defendant Corporal Farias and Defendant Officer Brandon Evans but were not detained.

(*Exhibit A – Deposition of Joe Salvaggio, pp. 168-172; Exhibit B – Deposition of Lt. David Anderson, pp. 102-106; 107-108; 119-120; Exhibit C – Declaration of Cliff Herberg, pp. 13-19; Exhibit D – City of Leon Valley Police Reports*);

(8) On June 23, 2018, Plaintiff James Springer is arrested by Defendant Officer Brandon Evans for Obstruction Or Retaliation By Threat, TEXAS PENAL CODE § 36.06.

Plaintiff Joseph Pierce was arrested by Officer Johnny Vasquez for Interference With Public Duties, TEXAS PENAL CODE § 38.15(a) and issued a citation for Failure To Identify, TEXAS PENAL CODE §38.02.

Plaintiff Brian Howd is arrested by Defendant Officer Uziel Hernandez for Interference With Public Duties, TEXAS PENAL CODE § 38.15(a) and Resisting Arrest, TEXAS PENAL CODE § 38.03(a).

Plaintiff Jason Green is arrested by Captain Ruben Saucedo for Interference With Public Duties TEXAS PENAL CODE § 38.15(a) and Resisting Arrest TEXAS PENAL CODE § 38.03(a).

Plaintiff Jonathon Green (son of Jason Green) was detained by Captain Saucedo in order to seize recording devices.

Plaintiff Gregory Gardiner was approached by Officer Rigoberto Parra, seized his recording device. Gardiner was detained in handcuffs and under investigation of whether he had a license to carry a weapon. Defendant Officer Farias confirmed Gardiner had a license to carry and his weapons were returned.

(*Exhibit A – Deposition of Joe Salvaggio, pp. 174-175; 189-191; 195-196; 198-200; 228-229; Exhibit C – Declaration of Cliff Herberg, pp. 19-26; Exhibit D – City of Leon Valley Police Reports; Exhibit F – Chief Joe Salvaggio's Report*);

## V.
## LEGAL ANALYSIS

Defendants **CHIEF SALVAGGIO, LT. ANDERSON, OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS, OFFICER HERNANDEZ, OFFICER YARBROUGH, OFFICER BRETON, OFFICER AZAR, SGT. URDIALES, OFFICER KING, OFFICER CASTRO, OFFICER TACQUARD,** and **OFFICER RIVERA** assert their entitlement to qualified immunity under both prongs of the qualified immunity analysis against all Plaintiffs (including Herrera and Pierce which are pro se). Defendants assert under the facts alleged and evidence presented that there is no violation of constitutional right of the Plaintiffs. Defendants further assert their actions were objectively reasonable under established law at the time of their alleged conduct in question.

Plaintiffs' claims are broken down by Counts 1 – 13, no Count 14, and a final Count 15 as alleged in Plaintiffs' Second Amended Complaint [Dkt. 87].

| | |
|---|---|
| **C**OUNTS **1 – 5**: | Counts 1 through 5 concern the incident of June 14, 2018 and concern Plaintiff Mark Brown.  Plaintiffs' allegations under 42 U.S.C. §1983 are for: |

- Unlawful arrest or detention under the Fourth Amendment;
- Retaliation and Unlawful seizure of property, excessive force under the Fourth Amendment;
- Unlawful seizure of property under the Fourth Amendment; and,
- Malicious prosecution under the Fourth and Fourteenth Amendments.

| | |
|---|---|
| **C**OUNTS **6 – 10**: | Concern the incident of June 18, 2018 and include Plaintiffs Meade, Bailey, Gonzales, Springer and Zinter. Plaintiffs' allegations under 42 U.S.C. §1983 are for: |

- Unlawful arrest or detention under the Fourth Amendment;
- First Amendment Retaliation and Detention of Property;
- Excessive Force under the Fourth Amendment;
- Unlawful seizure of property, excessive force under the Fourth Amendment; and,
- Malicious prosecution under the Fourth and Fourteenth Amendments.

| | |
|---|---|
| **C**OUNTS **11 – 15**: | Concern the incident of June 23, 2018 and include Plaintiffs Howd, Meade, Pierce, Eagan, Jason Green, Springer, Gardiner, Herrera, Gonzales, Jonathon Green and Richard Miller. |

- Plaintiffs' allegations under 42 U.S.C. §1983 are for Unlawful Seizure of Person and Property under the Fourth Amendment;
- Amendment retaliation, assault, arrest and detention of property as a force and refusal to medically treat under the Fourth and Fourteenth Amendments; and,
- Malicious prosecution under the Fourth Amendment.

| | |
|---|---|
| **C**OUNT **14**: | There is no Count 14 included in Plaintiffs' Second Amended Complaint. [Dkt. 87]. |

Defendants **CHIEF SALVAGGIO, LT. ANDERSON, OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS, OFFICER HERNANDEZ, OFFICER YARBROUGH, OFFICER BRETON, OFFICER AZAR, SGT. URDIALES, OFFICER KING, OFFICER CASTRO, OFFICER TACQUARD,** and **OFFICER RIVERA** have affirmatively raised their defense of qualified immunity. Governmental officials who perform discretionary functions are entitled to the defense of qualified immunity which shields them from suit as well as liability for civil damages, if their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." ***Harlow v. Fitzgerald***, 457 U.S. 800, 818 (1982).

Ordinarily, one who pleads an affirmative defense, must establish his entitlement to such defense. In the context of qualified immunity, however, this burden varies from the norm. The Fifth Circuit Rule is a follows:

> "*Where….a defendant pleads qualified immunity and shows he is a governmental official whose position involves the exercise of discretion, the plaintiff then has the burden to rebut this defense by establishing that the officials' allegedly wrongful conduct violated clearly established law. We do not require that an official demonstrate that he did not violate clearly established federal rights; our precedent places that burden upon the plaintiffs.*" ***Brown v. Callahan***, 623 F.3d 249, 253 (5th Cir. 2010).

The Doctrine of Qualified Immunity shields officials from civil liability so long as their conduct "*does not violate clearly established statutory or constitutional rights which a reasonable person would have known*."

The well-known steps of the qualified immunity analysis are as follows:

When a plaintiff seeking to defeat qualified immunity must show:

(1)     That the official violated a statutory or constitutional right; and,

(2)     That the right was clearly established at the time of the challenge conduct.

*Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011).

Under *Saucier v. Katz*, 533 U.S. 194 (2001), the Court must determine first whether the facts shown are sufficient to make out a violation of a constitutional or federal statutory right. If the records sets forth or establishes no violation, no further inquiry is necessary. On the other hand, if the plaintiff sufficiently pleads or establishes that a violation could be made out, the court must determine whether the right at issue was clearly established at the time of the governmental official's alleged conduct.

A right is "clearly established" only when its contours are sufficiently clear that a reasonable public official would have realized or understood that his conduct violated the right in issue, not merely that the conduct was otherwise improper. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Thus, the right must not only be clearly established in an abstract sense, but in a more particularized sense so that it is apparent to the official that his actions are unlawful in light of preexisting law. *Stefanoff v. Hays County*, 154 F.3d 523, 525 (5th Cir. 1998); *May v. City of Arlington, Tex.,* 398 F.Supp.3d 68, 83 (N.D. Tex. 2019).

In *Anderson v. Creighton*, 483 U.S. 635 (1987), the Court refined the qualified immunity standard and held that the relevant question is whether a reasonable officer or public official **could have believed** that his conduct was lawful in light of clearly established law and the information possessed by him. If public officials or officers of "reasonable competence could disagree on whether their conduct is legal, immunity should

be recognized. ***Malley v. Briggs***, 475 U.S. 335, 341 (1986); ***Babb v. Dorman***, 33 F.3d 472, 477 (5th Cir. 1994).

Qualified immunity is designed to protect from civil liability "*all but the plainly incompetent or those who knowingly violate the law.*" ***Malley v. Briggs***, 475 U.S. 335, 341 (1986). For an official to surrender qualified immunity, preexisting law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like situated, reasonable government agent that what the defendant is doing violates the law in the circumstances. ***Pierce v. Smith***, 117 F.3d 866, 882 (5th Cir. 1997). Stated differently, while the law does not require a case directly on point, existing precedent must have placed the statutory or constitutional question beyond debate. ***Ashcroft v. Al-Kidd***, 563 U.S. 731, 741 (2011).

In analyzing qualified immunity claims, the Supreme Court has repeatedly told the courts to not define clearly established law at a high level of generality. ***Mullinex v. Luna,*** 577 U.S. 7, 12 (2015).

The case at bar must be analyzed from the point of view that Plaintiffs were obstreperous fomenters who used **live- streaming** YouTube videos to incite world wild web comments and threats that the police department would be blown up, Chief Salvaggio's wife raped and his family murdered. (Chief Salvaggio's home address had been previously **live-streamed** on YouTube by these fomenters) (*See, Exhibit A – Deposition of Chief Joe Salvaggio, pp. 189-191; 195-196; 198-200, 209-210; 214; Exhibit C – Declaration of Cliff Herberg, pp. 24-26*). Such conduct is not exercising First Amendment Rights but rather instilling anarchy.

On June 14, 2018, Plaintiff Brown was arrested by Defendant Officer Johnny Vasquez and Defendant Officer Jim Wells. Plaintiff Brown interfered with the public duties of an officer and resisted arrest. Defendant Officer Vasquez tazed Plaintiff Brown to gain compliance. Defendant Officers Vasquez and Wells are entitled to the protective shroud of qualified immunity. ***Mullinex v. Luna***, 577 U.S. 7, 12 (2015). (*See, Exhibit C – Declaration of Expert Clifford Herberg, pp. 11-13*).

On June 18, 2018, Plaintiff David Bailey and Plaintiff James Springer were arrested at the City Hall / Municipal Court. Bailey was arrested for obstruction of a passageway and Springer was arrested for interference with the public duties of an officer. Defendant Officers Lt. Anderson, Officer JoAnn Azar, Corporal Louis Farias and Officer Brandon Evans are entitled to the protective shroud of qualified immunity. (See, *Exhibit C – Declaration of Cliff Herberg, pp. 13 – 19*).

On June 23, 2018, Plaintiff James Springer, Plaintiff Joseph Pierce, Plaintiff Brian Howd and Plaintiff Jason Green were arrested for obstruction / retaliation by threat, and interference with public duties of a peace officer by Defendant Officers Brandon Evans, Defendant Officer Johnny Vasquez, Defendant Officer Uziel Hernandez, Non-Defendant Captain Ruben Saucedo. Plaintiff Jason Green and Plaintiff Gregory Gardiner were detained and had devices seized. Defendants **CHIEF SALVAGGIO, LT. ANDERSON, OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS, OFFICER HERNANDEZ, OFFICER YARBROUGH, OFFICER BRETON, OFFICER AZAR, SGT. URDIALES, OFFICER KING, OFFICER CASTRO, OFFICER TACQUARD,** and **OFFICER RIVERA** assert their entitlement to qualified immunity for all of Plaintiffs' claims. (*See, Exhibit C – Declaration of Clifford Herberg, pp. 18-26*).

Defendants **CHIEF SALVAGGIO, LT. ANDERSON, OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS, OFFICER HERNANDEZ, OFFICER YARBROUGH, OFFICER BRETON, OFFICER AZAR, SGT. URDIALES, OFFICER KING, OFFICER CASTRO, OFFICER TACQUARD,** and **OFFICER RIVERA** assert that their actions on June 14, 2018, June 18, 2018 and June 24, 2018 were the actions of reasonable officers confronted with anarchists using electronic civil disobedience on the City of Leon Valley, Texas.  Defendant Chief Salvaggio met with various law enforcement agencies, including the FBI and the Bexar County District Attorney's Office.  Under the guidance of the Bexar County District Attorney's Office, evidence was seized from witnesses to a crime. (*See, Exhibit A – Deposition of Chief Salvaggio, pp. 135-139; 144-145; Exhibit B – Deposition of Lt. David Anderson, pp. 52-57; 120; Exhibit C – Declaration of Cliff Herberg, pp. 24-26*).  Defendants **CHIEF SALVAGGIO, LT. ANDERSON, OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS, OFFICER HERNANDEZ, OFFICER YARBROUGH, OFFICER BRETON, OFFICER AZAR, SGT. URDIALES, OFFICER KING, OFFICER CASTRO, OFFICER TACQUARD,** and **OFFICER RIVERA** assert their entitlement to qualified immunity since Plaintiffs' constitutional rights were not violated and by the fact that the officers' actions were objectively reasonable based on established law at the time of the incident in question, as a matter of law.  ***Mullinex v. Luna***, 577 U.S. 7, 12 (2015).

**WHEREFORE, PREMISES CONSIDERED** Defendants **CHIEF SALVAGGIO, LT. ANDERSON, OFFICER VASQUEZ, CORPORAL MANDRY, OFFICER WELLS, CORPORAL FARIAS, OFFICER EVANS, OFFICER HERNANDEZ, OFFICER YARBROUGH, OFFICER BRETON, OFFICER AZAR, SGT. URDIALES, OFFICER KING, OFFICER CASTRO, OFFICER TACQUARD,** and **OFFICER RIVERA** pray that their Motion for Summary Judgment will be

in all things granted, and for such other and further relief as they may show themselves justly entitled.

                Respectfully submitted,

**LAW OFFICES OF CHARLES S. FRIGERIO**
A Professional Corporation
Riverview Towers
111 Soledad, Suite 456
San Antonio, Texas 78205
(210) 271-7877
(210) 271-0602 Telefax
Email: CSF@FrigerioLawFirm.com
       Firm@FrigerioLawFirm.com

BY: /s/ Charles S. Frigerio
     CHARLES S. FRIGERIO
     SBN:  07477500
     ATTORNEY-IN-CHARGE

     HECTOR X. SAENZ
     SBN:  17514850

**ATTORNEYS FOR DEFENDANTS LEON VALLEY CHIEF OF POLICE JOSEPH SALVAGGIO, LIEUTENANT DAVID ANDERSON, SERGEANT JOEL URDIALES, DETECTIVE ALEX KING, CORPORAL CHAD MANDRY, CORPORAL LOUIS FARIAS, OFFICER JOHNNY VASQUEZ, OFFICER JIMMIE WELLS, OFFICER BRANDON EVANS, OFFICER UZIEL HERNANDEZ, OFFICER CLARENCE YARBOROUGH, OFFICER JORGE BRETON, OFFICER JOANN AZAR, OFFICER BENJAMIN CASTRO, OFFICER MIKE TAQUARD, AND OFFICER ERIKA RIVERA**

## CERTIFICATE OF SERVICE

    I hereby certify that on the 23rd day of February, 2022, I electronically filed the foregoing Defendants Chief Salvaggio, et al's Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF Participants and via certified mail to the non-CM/ECF pro ses:

Mr. Brandon J. Grable  
Mr. Austin Reyna  
Grable Law Firm PLLC  
1603 Babcock Road, Suite 118  
San Antonio, Texas 78229  

Mr. Adolfo Ruiz  
Mr. Patrick Bernal  
Denton Navarro Rocha Bernal & Zech  
2517 North Main Avenue  
San Antonio, TX 78212  

Mr. Brandon Joseph Pierce  
644 Kerry  
Crowley, Texas 76026  

Ms. Selena Herrera  
202 S. Hoy Street  
Buffalo, Oklahoma 73834  

                /s/ Charles S. Frigerio  
                CHARLES S. FRIGERIO