```
 1              UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF TEXAS
 2                 SAN ANTONIO DIVISION

 3  RUSSELL ZINTER, et al.,      )
                                 )
 4         Plaintiffs,           )
                                 )
 5  VS.                          ) CIVIL ACTION
                                 )
 6  CHIEF JOSEPH SALVAGGIO, et   ) NO.: SA-18-CA-680-JKP-RBF
    al.,                         )
 7                               )
           Defendants.           )
 8

 9         -----------------------------------

10          ORAL AND VIDEOTAPED DEPOSITION OF

11                    MARK BROWN

12                  JANUARY 6, 2022

13                (REPORTED REMOTELY)

14         -----------------------------------

15      ORAL AND VIDEOTAPED DEPOSITION OF MARK BROWN,

16  produced as a witness at the instance of the DEFENDANTS,

17  and duly sworn, was taken in the above-styled and

18  numbered cause on January 6, 2022, from 9:10 a.m. to

19  1:19 p.m., before Marta M. Johnson, CSR No. 10743, in

20  and for the State of Texas, located in Boerne, Kendall

21  County, Texas, reported by machine shorthand, the

22  witness is attending from Tucson, Arizona, pursuant to

23  the Federal Rules of Civil Procedure and the provisions

24  stated on the record or attached hereto.

25
```

**Exhibit A**

Mark Brown                                                January 06, 2022
                                                               Page 2

```
 1                    REMOTE APPEARANCES

 2   FOR THE PLAINTIFFS:

 3          MR. AUSTIN M. REYNA, ESQ.
            GRABLE GRIMSHAW MORA PLLC
 4          603 Babcock Road
            Suite 280
 5          San Antonio, Texas  78229
            Phone: (210) 670-5994
 6          Austin@ggm.law

 7

     FOR THE DEFENDANT:
 8
            MR. ADOLFO RUIZ, ESQ.
 9          DENTON NAVARRO ROCHA BERNAL & ZECH
            2517 North Main Avenue
10          San Antonio, Texas  78212
            Phone: (210) 227-3243
11          Fax: (210) 225-4481
            Aruiz@rampagelaw.com
12

13   FOR THE DEFENDANT:

14          MR. HECTOR X. SAENZ, ESQ.
            LAW OFFICES OF CHARLES S. FRIGERIO
15          111 Soledad
            Suite 840
16          San Antonio, Texas  78205
            Phone: (210) 271-7877
17          Fax: (210) 271-0602

18

19   ALSO PRESENT:
            Dave Bailey
20          Kevin Egan
            Jason Green
21          Juan Gonzales, Jr.
            Hector Saenz
22          Luis Valiente - Paralegal
            Joelle Thomas - GZ-GGM Legal
23          Russell Zinter - Sasquatch
            G2 Paralegal
24          Jack Miller
            Greg Gardiner
25          Jonathan Green
```

```
 1                         INDEX

 2

 3  MARK BROWN                                  PAGE

 4        Remote Appearances                       2

 5        Examination By Mr. Ruiz                   5

 6        Examination By Mr. Saenz               139

 7        Further Examination By Mr. Ruiz        169

 8        Reporter's Certificate                 194

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

 1  channel.  But my channel was down for -- where I

 2  couldn't do any livestreaming.

 3      Q.  So is it a YouTube channel?

 4      A.  It was a -- my YouTube channel, Tucson Police

 5  Suck.

 6      Q.  Okay.  And then on that YouTube channel --

 7  before you came to Leon Valley, you were, I guess,

 8  livestreaming Tucson police doing, I guess, activity

 9  and -- and city employees as well?

10      A.  Yeah.  Court -- I cop watch.  I go to the city

11  courts, mainly for my own court date, you know.  And my

12  own -- you know, I always film --

13      Q.  Okay.

14      A.  -- my own activity with them, but -- and court

15  date -- courts, police stations, and then cop watching,

16  you know.  I never did a traditional audit.  I don't

17  consider myself an auditor.  I don't go to post offices,

18  you know.  I don't do none of that.

19      Q.  Okay.  So the -- have you ever been -- you

20  indicated some, I guess, encounters with the Tucson

21  Police Department.  Have any of those encounters

22  involved you carrying a concealed weapon or a sidearm or

23  a rifle or anything?

24      A.  No.

25      Q.  Okay.

1        Q.   Okay.

2        A.   I can't -- I don't control what happens ever,

3   you know.   I just film them and -- and how they react is

4   how they react.   And -- and I never ever come up and

5   start something first.   They -- always when they start

6   on with me is when I'll even return words with them.

7   I -- I never -- I never say nothing to them.

8        Q.   Okay.   Let's see.   So when you came to Leon

9   Valley the first time, was it a -- I guess an organized

10  event that James Springer told you about?

11       A.   No.   There -- there wasn't no organized event

12  until after that.

13       Q.   Okay.

14       A.   I think that's why they organized the event was

15  because of what they did to me.   No.   I was just there

16  in the area.   And I -- I never -- any of the people

17  involved in the Leon Valley or this -- in this lawsuit,

18  I didn't know any of them except for James Springer.   He

19  was the only one out of the bunch that I actually knew.

20       Q.   Okay.   And when you mentioned your YouTube

21  channel, is that still active now?   Do you still have

22  it?

23       A.   Yes, it is.

24       Q.   Okay.   Do you have anybody who moderates or who

25  is a moderator while you're livestreaming?

1        A.  We walked over to Leon Valley, right up to the

2   steps, and Jesus Padilla couldn't -- he was trespassed

3   from there, so he couldn't go on the property.  He

4   stayed on the sidewalk.  So he walked over to the

5   sidewalk to the one end.  I don't even know what

6   direction that is, but further away from the Bandera

7   or -- which Walgreens was on.  And he stood on that

8   corner on the sidewalk, and I just went right up and

9   then -- to go inside.

10                 If I remember right, somebody opened the

11  door for me.  I had both cameras in my hand and up --

12  probably about my head level or a little bit more, so I

13  had both my hands occupied and up.

14                 So a guy -- the guy opened the door for me,

15  and then I walked in the first door -- there's a first

16  door and then there's a second door to go in -- so I

17  just opened that first door and walk in there, and

18  that's when I was attacked.

19                 I don't even think I was in there much more

20  than 15 seconds or so.  I never got to the second door,

21  you know.  Then they came out.  That one short Hispanic

22  guy with a mustache, I can't remember his name, and then

23  that -- and then the officer that later became known as

24  Azar, them two are the one that came out.

25                 Well, he came out and just started poking

1      Q.   Okay.  So if the -- if Juan Padilla and

2  Jack Miller -- well, let -- let me rephrase my question.

3            I think you indicated you do not know

4  what -- what -- let me ask the question again.

5            With regard to Mr. Padilla and Mr. Miller,

6  and correct me if I'm mistaken, is that you don't know

7  if they were solely arrested just because they were

8  videotaping police officers --

9            MR. REYNA:  Objection, form.

10     Q.  (BY MR. RUIZ)  -- would that be --

11           MR. REYNA:  You can answer.

12     Q.  (BY MR. RUIZ)  -- would that be a fair

13  statement?

14     A.   No.  I don't -- I don't know the motivation of

15  the chief that arrested him in -- and he was there on

16  both occasions that -- he was there when they raided

17  Jack Miller's house and he was there when they arrested

18  Padilla.  Yeah.  His motivations of why, you know, he

19  don't like cameras.  He don't like whatever he don't

20  like, you know, you're going to have to ask him.  I

21  don't know his motivation.

22     Q.   Okay.  Could it -- do you believe that there

23  was the -- the Chief Salvaggio's motivation, or that he

24  was following orders from the City, do you know if --

25  if -- either one of those?

```
 1        A.  I have no idea.

 2               MR. REYNA:  Objection, form.

 3               You can answer.

 4               THE WITNESS:  Yeah.  I have no idea what

 5   Chief Salvaggio thinks.  I mean, even after watching all

 6   his depositions, I mean, I don't know what he really

 7   thinks.  He don't say what he really thinks.

 8        Q.  (BY MR. RUIZ)  Okay.  So were there any actions

 9   on your part that could have been interpreted by the

10   Leon Valley police that you were not either following

11   directions or interfering in an arrest or those charges

12   that were brought against you?

13               MR. REYNA:  Objection, form.

14               You can answer.

15               THE WITNESS:  Yeah.  Absolutely not.  I

16   mean, there's -- there was no -- I didn't do nothing

17   illegal.  I was just standing there with two cameras.

18   That's all I was doing.  I didn't even get inside the

19   building.

20        Q.  (BY MR. RUIZ)  Okay.

21        A.  And then the Officer Azar said you -- I could

22   not -- I'm going to stand out here.  And she said, "You

23   can stand right there."  So they -- they even gave me

24   the permission to, but then they attacked me.

25        Q.  Okay.  And do you think if they were videotaped
```

 1  getting --

 2      Q.  Okay.

 3      A.  -- I was getting pummeled.  I couldn't tell you

 4  whether it was kneed, kicked, punched, you know, because

 5  it was just so fast and I was surrounded.

 6      Q.  Okay.  Now, I think you indicated that -- now,

 7  we talked about the -- the -- the videotaping and the

 8  City policy that -- that you believe that the City has a

 9  policy of I -- and correct me if I'm mistaken, that the

10  City has a policy to arrest anyone who is videotaping.

11  Is that a -- was that your testimony or did I get that

12  correct?

13      A.  I don't know what their policy is.

14              MR. REYNA:  Objection, form.

15              You can answer.

16      Q.  (BY MR. RUIZ)  Okay.

17      A.  Yeah.  I don't know what their policy is

18  exactly, other than, you know, that -- during the

19  deposition, that policy they put out on June 14th, the

20  exact same day they beat me about that being a

21  courthouse or all that policy was put out the same day;

22  I'm assuming that was done after because I didn't know

23  anything about none of that.  I didn't even know that

24  one policy was -- existed, the one they put on June 14,

25  2018, the same day they beat and tased me, I don't -- I

 1  don't -- I didn't know about that until these

 2  depositions.

 3      Q.  Okay.  And -- and so -- so are you assuming

 4  that that's the City policy?

 5      A.  I don't know.

 6      Q.  Okay.

 7      A.  I don't -- Leon Valley, I don't think they have

 8  a policy.  They just do what they want.

 9      Q.  Okay.

10      A.  I think that's their policy, to do whatever

11  feels good.

12      Q.  Okay.  Why do they -- why do you think the Leon

13  Valley police officers arrested you?

14      A.  I have no idea why -- why they -- they -- they

15  arrested me to shut my camera off, I guess, to keep me

16  from filming Jesus Padilla from being arrested.  And,

17  like I said, when they came out and was circling, I

18  thought that -- I didn't know they was going after him,

19  you know.  Like I said, I was closer to him at the time

20  so like the -- that one guy in deposition said that I

21  moved 20 feet closer.  That was a lie.  I was -- I was

22  closer to them the whole time until they circled around

23  me and then grabbed him.  And I didn't know they was

24  going after him.  He was never on their property.  He

25  was always on the sidewalk.

 1        A.   June 18th, I -- I was trespassed there so -- so
 2   we went there and I was just basically on the outskirts,
 3   everything that happened in there was them guys -- I was
 4   watching some of it on livestream from -- you know, from
 5   right off there, but -- but I couldn't -- I couldn't go
 6   on the property --
 7        Q.   Okay.
 8        A.   -- so I never stepped on Leon Valley property
 9   since -- since June 14th.
10        Q.   Okay.  So why -- why did you go to Leon Valley
11   on June 18th?
12        A.   It was four days after and I did -- and I got
13   my other rent-a-car and -- and I was there, I think
14   James Springer, Texas Wolfman, there was about five or
15   six people.  Brandon -- oh, what's his last name?
16   Ethics Instead, Brandon-something, he was there.  And
17   they was basically going there to do protests there
18   out -- out on the sidewalk.  And then the people that
19   wasn't trespassed went in -- you know, up on the
20   property into the lobby, I believe, that first -- the
21   first set of doors that -- where they threw me out of,
22   they went in there.
23        Q.   But I'm -- I'm asking you, so why did you go
24   there on -- on June 18th?
25        A.   Oh, I went there -- I couldn't go inside.  I

1  just went there to support.  And -- and, actually, they

2  was protesting somewhat what they did to me.  And, of

3  course, I wasn't too happy what they did to me either,

4  so --

5       Q.  Okay.

6       A.  -- I would have probably been in there if I

7  wasn't trespassed, you know.

8       Q.  Okay.  And so you went there to -- I guess, to

9  support -- and -- and who told you that they were going

10 to gather on June 18th?

11              MR. REYNA:  Objection, form.

12              You can answer.

13              THE WITNESS:  Yeah.  I can't remember

14 because the following Tuesday -- I can't remember what

15 the 18th was, but -- was that -- on Tuesday was the city

16 hall meeting.  And I know I went to that, too, and I was

17 on the outside, you know.  That was the Tuesday

18 following June 14th.  And then -- because on the

19 Wednesday I had to be back in Tucson, so everything that

20 I did, I couldn't be there for the June 23rd incident

21 that happened that Saturday because I had to be back in

22 Tucson.  We had to be to work by Thursday --

23      Q.  (BY MR. RUIZ)  Okay.

24      A.  -- my girlfriend, and then -- and me, I had

25 jobs, so I had to be back in Tucson.  So we left, I

```
 1              UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF TEXAS
 2                SAN ANTONIO DIVISION

 3  RUSSELL ZINTER, et al.,        )
                                   )
 4            Plaintiffs,          )
                                   )
 5  VS.                            ) CIVIL ACTION
                                   )
 6                                 ) NO.: SA-18-CA-680-JKP-RBF
    CHIEF JOSEPH SALVAGGIO, et     )
 7  al.,                           )
                                   )
 8            Defendants.          )

 9

10               REPORTER'S CERTIFICATION
                 DEPOSITION OF MARK BROWN
11                  JANUARY 6, 2022
                   REPORTED REMOTELY
12

13      I, Marta M. Johnson, Certified Shorthand Reporter

14  No. 10743, in and for the State of Texas, hereby certify

15  to the following:

16      That the witness, MARK BROWN, was duly sworn by the

17  officer and that the transcript of the oral deposition

18  is a true record of the testimony given by the witness;

19      That the deposition transcript was submitted on

20  _____ to the witness or to the attorney

21  for the witness for examination, signature and return to

22  me by _____;

23      That the amount of time used by each party at the

24  deposition is as follows:

25      MR. AUSTIN M. REYNA, ESQ. - 00 HOURS:00 MINUTE(S)
        MR. ADOLFO RUIZ, ESQ. - 03 HOURS:15 MINUTE(S)
```

```
 1        MR. HECTOR X. SAENZ, ESQ. - 00 HOURS:42 MINUTE(S)

 2        That pursuant to information given to the

 3   deposition officer at the time said testimony was taken,

 4   the following includes counsel for all parties of

 5   record:

 6              MR. AUSTIN M. REYNA, ESQ., Attorney for
                     Plaintiffs
 7              MR. ADOLFO RUIZ, ESQ., Attorney for Defendant
                MR. HECTOR X. SAENZ, ESQ., Attorney for
 8                   Defendant

 9        That $_____ is the deposition officer's

10   charges to the Defendants for preparing the original

11   deposition transcript and any copies of exhibits;

12        I further certify that I am neither counsel for,

13   related to, nor employed by any of the parties or

14   attorneys in the action in which this proceeding was

15   taken, and further that I am not financially or

16   otherwise interested in the outcome of the action.

17        Certified to by me this 23rd day of January, 2022.

18

19

20        _____

21        Marta M. Johnson, Texas CSR 10743
          Expiration Date:  10/31/22
          Firm Registration No. 633
22        Magna Legal Services
          16414 San Pedro, Suite 900
23        San Antonio, Texas  78232
          210.697.3400 210.697.3408 fax

24

25
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUSSELL ZINTER; ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL NO. SA-18-CA-680-JKP-RBF |
| | § | |
| CHIEF JOSEPH SALVAGGIO; ET AL. | § | |
| | § | |
| Defendants. | § | |

DEFENDANT CITY OF LEON VALLEY'S
MOTION FOR SUMMARY JUDGMENT

# PLACEHOLDER FOR EXHIBIT B

# BODY WORN CAMERA VIDEO RECORDING
# SGT. JOEL URDIALES [COLV 00014]

# PURSUANT TO AGREED CONFIDENTIALITY
# AND PROTECTIVE ORDER
# ENTERED ON 10/30/2020 [DKT. 82]

## STANDING ORDERS GOVERNING COURT DECORUM
## LEON VALLEY MUNICIPAL COURT

IT IS ORDERED THAT:

- Order shall be maintained at all times while conducting court business appearing before the court or court staff. Violation of this rule can result in a reprimand by the Judge, expulsion from the courtroom and/or Court Staff working area, or a contempt citation.

    A.    Unless an attorney is making an objection, only one person may speak at a time.
    B.    No one may talk while the Judge is talking.
    C.    Participants will address the Court, Prosecutor, Bailiff, and Court Staff with respect.

- Absolutely no weapons shall be brought into the courtroom and areas surrounding the courtroom. Commissioned peace officers may bring weapons into the courtroom. The Judge and Bailiff shall have the discretion to have any weapon removed from the courtroom.

- In order to maintain cleanliness and decorum in the courtroom, no open containers of food or drink shall be consumed in or brought into the courtroom, except with permission of the Judge.

- All persons in the courtroom shall be seated, except when addressing the Judge or Jury, when a seat is not available, when directed to rise by a court officer, or with permission of the Judge.

- All persons shall dress appropriately for all court proceedings. Inappropriate attire includes but is not limited to clothing with inciteful, or obscene language or images, pants that sag and/or expose undergarments, tank tops, cut-off shorts, pajamas, and clothing that is dirty or unsanitary. Shoes shall be worn at all times. No hats, caps or sunglasses shall be worn in the courtroom except with permission of the Judge.

- All electronic devices shall be turned off or in silent mode. Any devices which interferes with the Court's operation may be confiscated, and will be returned to the owner at 5:00 p.m. Upon confiscation of all electronic devices the **City of Leon Valley Texas is not responsible** for the condition of the device upon return to the owner.

- Taking photographs and audio and/or video recording in the courtroom and court business areas are strictly prohibited, unless authorized by the Court. Violation of this rule SHALL result in a reprimand, expulsion from the courtroom, or a contempt citation.

So Ordered this 14th day of June, 2018.

LAWRENCE G. MORALES
Presiding Judge
City of Leon Valley



**Exhibit C**

Def Officers Bates No. 000003

# Incident Report

**LEON VALLEY POLICE DEPARTMENT**          CFS #201803857                    Incident #201803857

## Administrative:

Date Reported: 6/14/2018                                                        CFS#: 201803857

Location Address: **6400 EL VERDE RD**

City: LEON VALLEY                                          State: TX     Zip: 78238      District: 3      Beat:        Grid:

Location: **LEON VALLEY POLICE DEPARTMENT**

Occurrence From: 06/14/2018   @ 13:45   To:              @                    Day of Week: THU

Status Date: 6/14/2018                          Status: CLEARED BY ADULT ARREST

Type: 48                    Description: OTHER OFFENSE / INCIDENT

Reportee: **RAYNES, RENE**                              Address:  6400 EL VERDE

Race: W                    Sex: F                                   LEON VALLEY, TX 78238

DOB:                        Offense Age:                  Home Phone: (210)684-1391    Work Phone:

                            Current Age:                  Mobile Phone:

Source of Call:              Time Received:        Time Dispatched:      Time Arrived:        Time Cleared:

Reporting Officer 1 ID:  1176        Name: VASQUEZ #552

Reporting Officer 2 ID:              Name:

Investigating Officer ID: 1260       Name: BROOKS, TERRY 521

Entered By:  1176                    Entered Date: 6/14/2018

## Offense:

Offense: **INTERFERENCE W/PUBLIC DUTIES**

Statute: 38.15(a)                  Code: PC                       Penalty: MB

### Offense M.O.

Type of Location: GOVERNMENT/PUBLIC BUILDINGS          Forced: No

Point of Entry:                                        Offender Used: Not Applicable

Method of Entry:                                       Bias Motivation: ANTI-NONE

Family Violence: No                                    Weapons Involved:

Entered By:  1176                                      Entered Date: 6/14/2018

Offense Note:

## Victim:

Victim Type: SOCIETY/PUBLIC                      Business: **STATE OF TEXAS**

07/19/2018 12:05              6400 EL VERDE RD LEON VALLEY, TX 78238              Page  1   of  10

Exhibit D

**LEON VALLEY POLICE DEPARTMENT**                    CFS #201803857                    Incident #201803857

| | | | |
|---|---|---|---|
| Name: | | Address: 6400 EL VERDE | |
| Race: | Sex: | LEON VALLEY, TX 78238 | |
| DOB: | Offense Age: | Home Phone: | Work Phone: |
| | Current Age: | Mobile Phone: | |

Injuries:

Entered By:   1176        Entered Date:  6/14/2018

Victim Note:

---

## Offender:

Relationship of Victim to Offender:  STRANGER          Address: 5701 WYOMING

**Name: BROWN, MARK, DAVID**                TUCSON, AZ 85757
Race: W              Sex: M              Home Phone:          Work Phone:
DOB: 7/14/1962       Offense Age: 55     Mobile Phone:
Juvenile: N          Current Age: 56

| | | | | |
|---|---|---|---|---|
| SSN: | Hgt: 6'07" | Wgt: 230 | Skin Tone: | Face Hair: |
| LID: | Hair: BRN | Eyes: BRO | Resident: | Citizen: |
| DL#: B14355694 | DL State: AZ | DL Type: | | |

| | | | |
|---|---|---|---|
| License Number: | Year: | | Make: |
| License State: | Color: | | Model: |
| License Year: | VIN: | | Style: |

Entered By:   1176                    Entered Date:  6/14/2018

Offender Note:

---

## Offense:

Offense:  **RESIST ARREST SEARCH OR TRANSPORT**

Statute:  38.03(a)              Code:  PC              Penalty:  MA

*Offense M.O.*
Type of Location:  GOVERNMENT/PUBLIC BUILDINGS          Forced:  No
Point of Entry:                                        Offender Used:  Not Applicable
Method of Entry:                                       Bias Motivation: ANTI-NONE
Family Violence:  No                                   Weapons Involved:  PERSONAL WEAPONS

Entered By:   1176                    Entered Date:  6/14/2018

Offense Note:

---

## Victim:

Victim Type:  LAW ENFORCEMENT OFFICER                  Business:
**Name: VASQUEZ #552,**                Address: 6400 EL VERDE RD
Race: W              Sex: M              LEON VALLEY, TX 78238
DOB:                 Offense Age: BB     Home Phone:          Work Phone: 2106843215
                     Current Age:        Mobile Phone:

Injuries: NONE - - - -

Entered By:   1176        Entered Date:  6/14/2018

Victim Note:

---

## Offender:

DEFT COLV  00123

**LEON VALLEY POLICE DEPARTMENT**                    **CFS #201803857**                **Incident #201803857**

| Relationship of Victim to Offender: STRANGER | | Address: 5701 WYOMING | |
|---|---|---|---|
| | Name: **BROWN, MARK, DAVID** | TUCSON, AZ 85757 | |
| | Race: W | Sex:  M | Home Phone: | Work Phone: |
| NO IMAGE AVAILABLE | DOB: 7/14/1962 | Offense Age: 55 | Mobile Phone: | |
| | Juvenile: N | Current Age: 56 | | |

| SSN: | Hgt: 6'07" | Wgt: 230 | Skin Tone: | Face Hair: |
|---|---|---|---|---|
| LID: | Hair:  BRN | Eyes: BRO | Resident: | Citizen: |
| DL#:  B14355694 | DL State: AZ | DL Type: | | |

| License Number: | Year: | Make: |
|---|---|---|
| License State: | Color: | Model: |
| License Year: | VIN: | Style: |

Entered By:    1176                            Entered Date: 6/14/2018

Offender Note:

## Property:

| Quantity | Type | Description | Brand / Model / Color | VIN / Serial# | Loss Value | Recovered |
|---|---|---|---|---|---|---|
| 1 | EVIDENCE | MONEY | | | 0.00 | |
| Entered By:    1176 | | Entered Date: 6/14/2018 | / / | | | |

Property Note:
$310.00

| 1 | EVIDENCE | PURSES/HANDBAGS/WALLETS | | | 0.00 | 0.00 |
|---|---|---|---|---|---|---|
| Entered By:    1176 | | Entered Date: 6/14/2018 | / / | | | |

Property Note:
WALLET

| 1 | EVIDENCE | CREDIT/DEBIT CARDS | | | 0.00 | 0.00 |
|---|---|---|---|---|---|---|
| Entered By:    1176 | | Entered Date: 6/14/2018 | / / | | | |

Property Note:
3 MASTERCARDS
3 VISA CARDS
1 DISCOVER CARD
1 AMERICAN EXPRESS

| 1 | EVIDENCE | IDENTITY DOCUMENTS | | | 0.00 | 0.00 |
|---|---|---|---|---|---|---|
| Entered By:    1176 | | Entered Date: 6/14/2018 | / / | | | |

Property Note:
VA CARD
ARIZONA DEPARTMENT HEALTH SERVICES
ARIZONA MEDICAL MARIJUANA PROGRAM ID
ARIZONA DL B14355694

| 1 | EVIDENCE | AUTOMOBILES | | | 0.00 | 0.00 |
|---|---|---|---|---|---|---|
| Entered By:    1176 | | Entered Date: 6/14/2018 | FORD / TAU / BRN | 1FAHP2F84JG109664 | | |
| 1 | EVIDENCE | OTHER | | | 0.00 | 0.00 |
| Entered By:    1176 | | Entered Date: 6/14/2018 | / / | | | |

Property Note:
3 charging adaptors
1 multi plug outlet with 1 usb cord
1080 fhd camera w 8 gb sd card
ikross usb electronic stand

DEFT COLV  00124

**LEON VALLEY POLICE DEPARTMENT**                    **CFS #201803857**                    **Incident #201803857**

| 2 | EVIDENCE | RECORDINGS-AUDIO/VISUAL | | 0.00 | 0.00 |

Entered By:   1176          Entered Date: 6/20/2018                     /  /

Property Note:

1 BLACK TABLET

1 CELL PHONE

---

Stolen:  $0.00                    Recovered:  $0.00                    Damaged:  $0.00

---

### Involved:

Code:  SUSPECT 1                                        Address:  11555 W CULEBRA   360
Name:  **PADILLA, JESUS**                                          SAN ANTONIO, TX 77906
Race:  W               Sex:  M                          Home Phone:                    Work Phone:
DOB:  6/30/1990        Offense Age:  27    Current Age:  28    Mobile Phone:
DL#:  28082240         DL State:  TX                    Employer:                      Occupation:

Entered By:   1176          Entered Date:  6/14/2018

---

### Arrest:

Arrest#:  **201803857**          Date Arrested:  6/14/2018    Time Arrested:  13:45    Cell No:              Date Released:

NO IMAGE AVAILABLE          Name:  **BROWN, MARK, DAVID**                  Address:  5701 WYOMING
                            Race:  W               Sex:  M                          TUCSON, AZ 85757
                            DOB:  7/14/1962        Arrest Age:  55          Home Phone:                    Work Phone:
                            Juvenile:  N           Current Age:  56         Mobile Phone:                  Caution:
DL#:  B14355694        DL State:  AZ          DL Type:              Employer:                      Occupation:

Arrest Location:  6400 EL VERDE                                    City:  LEON VALLEY         District:  3
Agency:   LEON VALLEY POLICE DEPARTMENT

Arresting Officer: 1176          VASQUEZ #552
Booking Officer:
Transfer Officer:

Entered By:   1176          Entered Date:  6/14/2018

*Charge(s):*

**INTERFERENCE W/PUBLIC DUTIES**

Statute:  38.15(a)                          Code:  PC          Penalty:  MB

Charge Note:

**RESIST ARREST SEARCH OR TRANSPORT**

Statute:  38.03(a)                          Code:  PC          Penalty:  MA

Charge Note:

Arrest Narrative:

---

### Narrative:

# R - Rene raynes
# AP - Mark Brown
# SP - Jesus Padilla

---

DEFT COLV  00125

During shift briefing at Leon Valley Police Department (6400 El Verde) on 06/14/2018 at 1345 hours, Leon Valley Municipal Court receptionist R announced over the intercom "we need officers to the front immediately!" Officer Yarbrough and I ran to the front Municipal Court Lobby to investigate and navigated thru the crowd due to court being in session. As I approached the front doors of the Municipal Court Lobby, I observed SP standing near the front steps outside of the Municipal court doors with a cell phone in hand. As I exited the building, I saw Detectives attempting to take into custody SP, while AP was standing in close proximity video recording SP's arrest. I then observed Detective J. Wells make contact with AP and repeatedly told him to put his hands behind his back. AP refused Detective Well's command and continued filming SP's arrest. Detective Wells then attempted to arrest AP, while still giving the commands to put his hands behind his back and to stop resisting. I then assisted Detective J. Wells in giving the same commands to AP, to put his hands behind his back and to stop resisting. AP then began to pull away his arms and used his body weight (6'7" 230 lbs) to resist being subdued and arrested by police officers. Officer Farias made the scene and managed to place AP on the ground with AP falling on top of Officer Farias. While on the ground, the AP continued to pull his arms away and place them underneath himself. As officers continued to arrest AP, AP began to violently kick and thrash his body weight forcibly to prevent himself from being arrested. Due to multiple officers struggling to subdue and arrest AP, and it was unknown if AP was in possession of any weapons, I used my electronic control device (taser) and performed a drive stun on AP's back side of his body, lower abdomen. As the electronic control device (taser) stopped after five seconds, AP continued to resist with officers so I re-applied the electronic control device (taser) drive stun and AP complied. AP then stated he couldn't move, so Leon Valley EMS was called out and AP was placed in EMS unit accompanied by Officer Yarbrough. AP was then transported to University Hospital.

AP was arrested for Interference with Public Duties, due to him being ordered repeatedly by Det. J. Wells and officers to move back while SP was being arrested. AP continued to disregard officers' commands and interefered by video recording SP's arrest within a several feet of officers arresting SP, possibly resulting in injury to himself, SP or officers.

AP was also charged with resisting arrest due to him refusing to comply with officers' repeated commands, and by using his body weight in a thrashing manner to prevent arrest.

AP was given a criminal trespass warning to all Leon Valley Facilities thereof:

CITY OF LEON VALLEY MUNICIPAL COURT OFFICES AND POLICE DEPARTMENT : 6400 EL VERDE RD

DEFT COLV  00126

LEON VALLEY POLICE DEPARTMENT                    CFS #201803857                    Incident #201803857

**CITY OF LEON VALLEY FIRE DEPARTMENT : 6300 EL VERDE RD**
**CITY OF LEON VALLEY LIBRARY : 6425 EVERS RD**
**CITY OF LEON VALLEY COMMUNITY : 6427 EVERS RD**
**CITY OF LEON VALLEY CONFERENCE CENTER : 6421 EVERS RD**
**CITY OF LEON VALLEY PUBLIC WORKS : 6429 EVERS RD**
**CITY OF LEON VALLEY PARK : 6440 EVERS**
**ALL LOCATIONS ARE IN LEON VALLEY TX 78238**

**Attached items placed in evidence locker as evidence**

**AP's vehicle was towed to 6429 Evers road for safe keeping from 6635 Bandera**

**Following property was given to me by Captain Saucedo in regards to the vehicle tow inventory:**
**3 charging adaptors**
**1 multi plug outlet with 1 usb cord**
**1080 fhd camera w 8 gb sd card**
**ikross usb electronic stand**

**see report for SP arrest 201803859**

---

**Supplement: R. Parra 520**

On 06/14/2018, I was off duty departing the Leon Valley Police Department. As I was turning east bound on El Verde Rd, I observed SP in front of the main entrance of 6400 El Verde Rd in which I knew Municipal Court was in session. I also knew SP to have an active Criminal Trespass Warning for the Leon Valley Municipal Court building. I observed SP then step onto the Leon Valley Municipal Court building property. As I was exiting my personal vehicle to make contact, Sgt Urdiales then placed SP in custody. I then assisted Officer Vasquez, Sgt Burleson, Detective Wells, and Cpl Farias in restraining AP, who was resisting arrest. After Officer Vasquez performed a drive stun on AP with his Taser, we were able to place him into custody.

Officer's Signature: _____

Date: _____

Supervisor's Signature: _____

Date: _____

---

**Supplement: Cpl. L. Farias 534**

On 06-14-2018 at approximately 1345 hrs, I was contacted  via cell phone by Officer R. Parra. R. Parra, who had just ended his shift and was in his personal vehicle and leaving the police station. Officer R. Parra advised me that he observed 'Jesus Padilla' (SP) outside of our City Hall and Police Department. SP is well known for having a criminal trespass warning issued to him for not being allowed on any Leon Valley city property. He has had multiple arrest from the Leon Valley Police Department for criminal trespass and harassment of a police officer.

I made my way to the front of City Hall to assist Officer Parra,  where I observed Officer J. Vasquez,

---

07/19/2018 11:59                    6400 EL VERDE RD LEON VALLEY, TX 78238                    Page  6   of  10

**LEON VALLEY POLICE DEPARTMENT**  CFS #201803857  Incident #201803857

Officer C. Yarbrough, Sgt. Urdiales and Officer R. Parra attempting to restrain a white male later identifed as AP. I clearly heard officers give instructions to AP to quit resisting multiple times, while they were attempting to place his hands behind his back so they can arrest him. After repeated commands were not followed, I grabbed AP to assist other officers and placed him on the ground in an attempt to arrest him. AP collapsed on top of me and Officer J. Vasquez warned AP several times that he was going to deploy his taser in order to restrain him. After AP failed to comply with officers' commands, Officer J. Vasquez conducted a drive stun to his lower back area. This Taser deployment gave Officers the opportunity to place AP in handcuffs, without further incident.

AP complained of injuries, so Leon Valley EMS was called to the scene. They evaluated him and transported him to the University Hospital. Officer C. Yarbrough accompanied AP. No further action by this officer.

Officer's Signature: _____
Date: _____
Supervisor's Signature: _____
Date: _____

**Supplement:** C.Yarbrough #565

On Thursday June 14, 2018 at 1345 Hours, I responded to the front of 6400 El Verde for an assistance call, I observed Detective Wells struggling with AP1 as I exited the building. AP1 began pulling aware and resisting the application of hand cuffs as other officers arrived on the scene. AP1 was then assisted to the ground, while on the ground AP1 refuse to comply with the application of the handcuffs again. Officer Vasquez # 552 then dry stunned AP1 on the left side of AP1's lower back twice. Due to AP1 not removing his left hand from under his body. I was then able to control AP1's left arm and reposition it behind his back as I yelled,"stop resisting!" AP1 complied with the orders and I was able to apply the left handcuff onto AP1 behind his back. AP1 was then turned onto his right side, but turned himself on to his back. I then requested EMS to our location for an assessment at the scene. Prior to the arrival of EMS AP1 was assisted to his feet but refused to stand under his own power.

AP1 complained of pain in his legs and stated he could not stand as he kicked his legs. EMS arrived and AP1 was assisted onto a gurney and secured in the ambulance. I stayed with AP1 for security purposes in the ambulance and the hospital. While in the ambulance AP1 refused to answer any questions from the paramedic crew. AP1 was then transported to University Hospital.

While at University Hospital, I read AP1 a criminal trespass warning advising the location and addresses of the property AP1 was prohibited from in The City of Leon Valley, Texas AP1 stated he would die and he didn't know where the properties were located.

Officer's Signature: _____
Date: _____
Supervisor's Signature: _____
Date: _____

**Supplement:** K Burleson #517

On Thursday, June 14, 2018 at shift change I was conducting roll call when R called over the intercom that she needed officers up front immediately. Officer Vasquez, Officer Yarbrough and I proceeded into

DEFT COLV 00128

LEON VALLEY POLICE DEPARTMENT                CFS #201803857                Incident #201803857

the front lobby of the Municipal Court where I observed officers outside attempting to detain two parties, SP and AP. I could see officers telling them to put their hands behind their backs. Detective King, Detective Brooks and Sgt. Urdiales were observed detaining SP but already had him under control. Detective Wells and Officer Vasquez were attempting to detain AP but AP was pulling away and appeared to be trying to break free from their hold. I saw Officer Parra emerge from the left in an attempt to help take AP into custody. AP continued to yell and refused to comply with requests to stop resisting as he pushed and pulled away from officers attempting to detain him. I put my hand on his left arm in an attempt to assist, but then saw Cpl. Farias jump in from the front taking AP to the ground. AP fell on top of Officer Farias. Officers kept giving verbal commands to stop resisting as we attempted to gain control of AP. AP kept jerking back and forth in an attempt to get free. I heard Officer Vasquez advise of Taser deployment. I got into position to place handcuffs on AP. I was able to get him handcuffed. I then stood by with Officers until EMS arrived to evaluate AP. AP was evaluated by Paramedics J. Valadez and R. Flores. for minor scrapes to his arm. He was then transported to University Hospital for further evaluation. No further action.

Officer's Signature: _____

Date: _____

Supervisor's Signature: _____

Date: _____

**Supplement:** J. WELLS #548

![LVPD badge] **LEON VALLEY POLICE DEPARTMENT SUPPLEMENT REPORT** LVPD FORM NO. 65 [3-67]   **DATE:**

**06/14/2018**

MESSAGE HERE: [TYPE OR PRINT ONLY - USE INK]

ON 06/14/2018 AT APPROXIMATELY 1400 HRS, I WAS ON DUTY AND SITTING AT MY DESK INSIDE THE POLICE DEPARTMENT, WHEN I HEARD A REQUEST FOR OFFICERS IN THE LEON VALLEY CITY HALL LOBBY. I IMMEDIATELY PROCEEDED TO THAT LOCATION AND WAS DIRECTED TO THE FRONT ENTRANCE AREA, JUST OUTSIDE THE FRONT DOOR.  I OBSERVED A SUBJECT KNOWN TO ME AS JESUS PADILLA DOB-06/30/1990 BEING PLACED UNDER ARREST BY SGT. J. URDIALES. JESUS PADILLA WAS RECENTLY ARRESTED FOR CRIMINAL TRESPASSING ON CITY PROPERTY AND WAS ISSUED A "NO TRESPASS" WARNING BY THE CITY OF LEON VALLEY. JESUS PEDILLA WAS NOW BEING ARRESTED BY SGT URDIALES FOR VIOLATING THIS WARNING AND TRESPASSING AGAIN.  I THEN OBSERVED A WHITE ADULT MALE HOLDING A PHONE AND IPAD, WHO APPEARED TO BE VIDEOING MOVING TOWARDS THE LOCATION WHERE THE ARREST WAS TAKING PLACE. WHEN I APPROACHED THIS WHITE ADULT MALE, HE WAS WITHIN FIVE FEET OF SGT J. URDIALES AND JESUS PADILLA. I IMMEDIATELY ADVISED THIS WHITE ADULT MALE THAT "HE NEEDED TO STAND ACROSS THE STREET RIGHT NOW, YOU NEED TO STAND ACROSS THE STREET" I WANTED TO DISTANCE HIM FROM THE ARREST SIGHT FOR HIS OWN SAFETY AND THE SAFETY OF OTHERS. THE WHITE ADULT MALE AFTER BEING TOLD SEVERAL TIMES TO MOVE BACK REFUSED TO MOVE AT WHICH TIME I GRABBED HIS RIGHT ARM AND ATTEMPTED TO DIRECT HIM TO BACK UP. THE

DEFT COLV  00129

**LEON VALLEY POLICE DEPARTMENT**                    CFS #201803857                    Incident #201803857

ADULT MALE, BEGAN RESISTING AND PULLING AWAY FROM ME. AT THIS TIME OTHER UNIFORMED
OFFICERS ARRIVED AND ASSISTED AND THE ADULT MALE LATER IDENTIFIED AS MARK BROWN
07/14/1966 WAS PLACED UNDER ARREST FOR INTERFERENCE. I WANT TO ADD THAT I WAS DRESSED
IN POLICE FATIGUES PANTS AND SHIRT, DISPLAYING MY POLICE BADGE, DUTY WEAPON AND
POLICE CREDENTIALS. IT WAS APPARENT THIS WHITE ADULT MALE KNEW I WAS A POLICE
OFFICER. THE ADULT MALE WAS LATER IDENTIFIED AS MARK BROWN 07/14/1966, WAS PLACED
UNDER ARREST FOR INTERFERENCE WITH THE DUTIES OF A PUBLIC SERVANT.

_____**JIM WELLS #548**_____
**LEON VALLEY POLICE DEPARTMENT**

Officer's Signature: _____

Date: _____

Supervisor's Signature: _____

Date: _____

**Supplement: 6**

Det Brooks, King and Munoz all assigned to case

Officer's Signature: _____

Date: _____

Supervisor's Signature: _____

Date: _____

**Supplement: CID Supplement Brooks #521**

## 06/14/18

On 06/14/18 I was inside the police department building at 6400 El Verde Rd when I heard a request over the phone system for officers to come to the front lobby immediately. I ran to the front and noticed Sgt Urdiales walking out the front lobby doors towards the front entrance area of the police department. There were numerous citizens in the lobby area due to court being in session. When I reached the front door, I observed a tall white male, later identified as Mark David Brown, holding both arms in the air with recording devices in each hand. At the bottom of the steps I observed a hispanic male, later identified as Jesus Padilla pointing his camera in the direction of the lobby entrance. Sgt Urdiales went straight for Padilla and advised him he was under arrest. Padilla did not immediatly comply so I grabbed his right arm. While Sgt Urdiales was placing Padilla in handcuffs, I heard a commotion immediatley behind us. I looked and observed Det J. Wells saying something to Brown, but I could not make it out. Brown still had both hands in the air with his camera devices. I turned my attention back to Padilla to assist Sgt Urdiales in placing Padilla in handcuffs. That is when I heard the commotion with Brown escalate. When I turned around I noticed several officers attempting to place Brown in custody. I heard officers giving Brown commands to stop resisting and to put his hands behind his back, but he was not complying. Officers were eventually able to get Brown on the ground where he continued to resist with his arms and flailing his legs. I was able to grab his legs and hold them until he was placed in handcuffs and stopped flailing his legs. Both were provided medical care at the scene.

During the altercation I was handed a tablet and cell phone that I learned belonged to Brown. I gave these devices to Ofc J. Vasquez and he placed them into evidence.

After both subjects were placed into custody, I was informed that Padilla was charged with Criminal Trespass

07/19/2018 11:59          6400 EL VERDE RD LEON VALLEY, TX 78238          Page 9 of 10

DEFT COLV 00130

due to a notice trespass that had previously been issued to him for 6400 El Verde Rd.  Brown was charged with Interference with Public Duties due to him not complying with officers commands while Padilla was being placed under arrest.

I was advised there was a witness to the incident named Scott Beal.  After speaking with Beal, he agreed to provide a statement to what he saw.  I voluntarily took a statement from Beal at the Leon Valley Police Department.

I was informed later in the day the vehicles that Padilla and Brown were located and had been impounded.  Sgt Gonzales advised Chief Salvaggio tasked myself and Sgt Gonzales with inventorying the vehicles.  The vehicles had been towed to the Leon Valley Police Departments Impound Lot by Chief Salvaggio.  Myself and Sgt Gonzales inventoried Padilla's vehicle and placed any valuable items into property for safe keeping.  I recorded the inventory on my body camera.  Brown's vehicle was not inventoried due to it being locked and no keys available.  I later learned Ofcs had inventoried the vehicle prior to it being towed to the Leon Valley Impountd Lot.

## *Inv T. Brooks #521*

Officer's Signature: _____

Date: _____

Supervisor's Signature: _____

Date: _____

**Reporting Officer Signature:**

Officer's Signature: _____

Date: _____

Supervisor's Signature: _____

Date: _____

DEFT COLV  00131

```
 1              IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TEXAS
 2                   SAN ANTONIO DIVISION

 3
     RUSSELL ZINTER; JACK        )
 4   MILLER; BRIAN HOWD;         )
     JAMES A. MEAD; JOSEPH       )
 5   BRANDON PIERCE; MARK        )
     BROWN; DAVID BAILEY;        )
 6   JUAN GONZALES, JR.;         )
     KEVIN EGAN; JONATHAN        )
 7   GREEN; JAMES SPRINGER,      )
          Plaintiffs,            )
 8                               ) CIVIL ACTION
     VS.                         ) NO. 5:18-CV-0680-FB
 9                               )
     CHIEF JOSEPH SALVAGGIO;     )
10   LIEUTENANT DAVID            )
     ANDERSON; DEPUTY JANE       )
11   DOE GOLDMAN; OFFICER        )
     JOHNNY VASQUEZ; CPL.        )
12   CHAD MANDRY; SERGEANT       )
     JOHN DOW; OFFICER           )
13   JIMMIE WELLS; CPL.          )
     LOUIS FARIAS, BADGE         )
14   534; OFFICER BRANDON        )
     EVENS, BADGE 556;           )
15   OFFICER UZIEL               )
     HERNANDEZ; JOHN DOE         )
16   TASER 2; JOHN DOE TASER     )
     2; and THE CITY OF LEON     )
17   VALLEY, a POLITICAL         )
     SUBDIVISION of the          )
18   STATE OF TEXAS,             )
          Defendants.            )
19

20   _____

21

22            ORAL AND VIDEOTAPED DEPOSITION OF

23                 OFFICER JOHNNY VASQUEZ

24                   DECEMBER 15, 2021

25          [REPORTED REMOTELY BY VIDEOCONFERENCE]
     _____
```

**Exhibit E**

```
 1              ORAL AND VIDEOTAPED DEPOSITION of the witness,

 2   OFFICER JOHNNY VASQUEZ, taken at the instance of the

 3   Plaintiff, in the above entitled cause, before CATHEY

 4   RIMMER, Certified Shorthand Reporter in and for Bexar

 5   County, Texas, on December 15, 2021, the Witness being

 6   located at the offices of Leon Valley Police Department,

 7   Leon Valley, Bexar County, Texas, between the hours of

 8   10:30 o'clock a.m. and 5:47 o'clock p.m., pursuant to

 9   the Federal Rules of Civil Procedure and the provisions

10   stated on the record or attached hereto.

11

12                        *-*-*-*-*-*-*-*

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Officer Johnny Vasquez                                    December 15, 2021
                                                                   Page 3

```
 1                    A P P E A R A N C E S

 2  APPEARING REMOTELY FOR PLAINTIFFS:

 3            GRABLE GRIMSHAW, PLLC
              Mr. Brandon J. Grable
 4            Mr. Austin M. Reyna
              1603 Babcock Road, Suite 118
 5            San Antonio, Texas 78229
              (210) 934-4764
 6

 7  APPEARING REMOTELY FOR DEFENDANT OFFICERS:

 8            LAW OFFICES OF CHARLES S. FRIGERIO, P.C.
              Mr. Charles S. Frigerio
 9            Mr. Hector X. Saenz
              111 Soledad, Suite 465
10            San Antonio, Texas 78205
              (210) 271-7877
11

12  APPEARING REMOTELY FOR DEFENDANT, CITY OF LEON VALLEY,
    TEXAS:
13
              DENTON, NAVARRO, ROCHA, BERNAL & ZECH
14            Mr. Adolfo Ruiz
              2517 North Main Avenue
15            San Antonio, Texas 78212
              (210) 227-3243
16

17  ALSO APPEARING REMOTELY:

18            OFFICER JOHNNY VASQUEZ
                  The Witness
19
              CHAD JACKSON,
20                Prevail Session Manager

21            CATHEY RIMMER
                  Certified Shorthand Reporter
22                in and for the State of Texas

23
                      *-*-*-*-*-*-*
24

25
```

Kim Tindall and Associates, LLC 16414 San Pedro, Suite 900   San Antonio, Texas 78232
210-697-3400                                                 210-697-3408

```
 1                    I N D E X

 2
     TESTIMONY                                             PAGE
 3
          Examination by Mr. Grable....................   7
 4

 5   DEPOSITION EXHIBITS
     NO.  DESCRIPTION                               IDENTIFIED
 6
     1    Incident Report, CFS #201803857, 6/14/2018.....  17
 7
     2    Incident Report, Incident #201804036, 6/23/2018  18
 8
     3    Defendant Officer Johnny Vasquez' Answers to
 9        Plaintiffs' First Set of Interrogatories.......  43

10   4    Email, Vasquez to Wells, 6/14/2018,
          Deft COLV 00337................................  57
11
     5    Screenshot, 6/14/2018 13:52:56.................  88
12
     6    Screenshot, 6/14/2018 13:52:54.................  89
13
     7    Screenshot, 6/14/2018 13:56:50.................  99
14
     8    Screenshot, 6/14/2018 13:53:24................. 103
15
     9    Screenshots (11)............................... 130
16
     10   Screenshot, 6/23/2018 17:09:03................. 134
17
     11   Criminal Trespass notices, 6/23/2018,
18        Zinter-Def Officers Bates No. 554-559......... 189

19

20                   *-*-*-*-*-*-*

21

22

23

24

25
```

1       Q.  Okay.  But you had knowledge, right, that it

2   was First -- quote, First Amendment auditors?

3       A.  I didn't have -- I had no knowledge of what was

4   actually going on when they announced over the intercom

5   what was -- I had no knowledge of what was going on when

6   they announced over the intercom.

7       Q.  Okay.  So -- but when you walked by -- when you

8   walked by the receptionist, do you hear them say, It's

9   the First Amendment auditors?

10      A.  I don't recall that, sir.

11      Q.  Okay.  And so what was your plan then?  You

12  were just going to go and just start arresting anyone

13  that looked out of place or what?  What were you looking

14  to do?

15      A.  Well, my plan was to conserve the peace and

16  assist the public where necessary.

17      Q.  Okay.  And so did you see a problem when you

18  saw Mark Brown filming Padilla's arrest?

19      A.  Well, so according -- you know, I'm sorry I

20  keep referring back to this report, but that's the best

21  way I can recall.  I remember it being crowded.  I

22  remember being -- looking around, and then -- and then,

23  you know, considering how close it was and Detective

24  Wells trying to, you know, take custody of him and he

25  was struggling, you know, that, you know, I'm going to,

1    Q.  But you were aware of this lawsuit in 2018,

2    correct?

3    A.  I was aware of a lawsuit, yes, sir.

4    Q.  Okay.  You were served with it?

5    A.  Yes, sir.

6    Q.  Okay.  Okay.  So -- never mind.  It doesn't --

7    so did you put anywhere in your report the fact that

8    Brooks, Burleson, Farias, you, Yarbrough and Parra were

9    all on top of Brown?  Is that anywhere in your report?

10            MR. FRIGERIO:  Objection; form.

11            THE WITNESS:  I put that Officer Farias

12   made the scene and managed to place AP on the ground

13   with AP falling on top of Officer Farias.  And the other

14   indication is Officer Yarbrough rode with EMS to the

15   unit.

16   Q.  (BY MR. GRABLE)  Okay.  So if Brown was having

17   his face pushed into the cement and several officers on

18   top of him, why did you tase him?

19   A.  Because he was still actively resisting by

20   kicking and throwing his -- see, that's -- this is a

21   small portion of the picture, and I don't even know if

22   that tasing was at the same time as that picture.  I

23   don't know if that was before or after.  But the tasing

24   came due to the fact that he was actively resisting.

25   Q.  And he was actively resisting because you came

Officer Johnny Vasquez

December 15, 2021
Page 198

```
1              IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TEXAS
2                    SAN ANTONIO DIVISION

3
   RUSSELL ZINTER; ET AL,        )
4       Plaintiffs,              )
                                 )
5  VS.                           ) CIVIL ACTION
                                 ) NO. 5:18-CV-0680-FB
6  CHIEF JOSEPH SALVAGGIO;       )
   ET AL,                        )
7       Defendants.              )

8

9         CERTIFICATE TO THE ORAL DEPOSITION OF

10             OFFICER JOHNNY VASQUEZ

11                 DECEMBER 15, 2021

12

13         I, CATHEY RIMMER, Certified Shorthand Reporter in

14  and for the State of Texas, do hereby certify to the

15  following:

16         That the Witness, OFFICER JOHNNY VASQUEZ, was duly

17  sworn by the officer and that the transcript of the oral

18  deposition is a true record of the testimony given by

19  the Witness.

20         I further certify that pursuant to FRCP Rule

21  30(e)(1) that the signature of the Deponent was not

22  requested by the Deponent or a party before the

23  completion of the deposition.

24         I further certify that the amount of time used by

25  each party at the deposition is as follows:
```

1        Mr. Brandon J. Grable - 5 hours, 43 minutes

2        I further certify that I am neither attorney, nor

3    counsel for, nor related to, nor employed by any of the

4    parties to the action in which this testimony is taken,

5    and further that I am not a relative or employee of any

6    attorney of record in this cause, nor do I have a

7    financial interest in the action.

8        SUBSCRIBED AND SWORN TO on this the 24th day of

9    January, 2022.

10

11   _____
     CATHEY RIMMER, Texas CSR 519
12   Expiration Date:  04/30/2023
     Magna Legal Services
13   Firm Registration No. 633
     16414 San Pedro Ave., Ste. 900
14   San Antonio, TX  78232

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUSSELL ZINTER; ET AL. | § | |
| | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL NO. SA-18-CA-680-JKP-RBF |
| | § | |
| CHIEF JOSEPH SALVAGGIO; ET AL. | § | |
| | § | |
|     Defendants. | § | |

---

**DEFENDANT CITY OF LEON VALLEY'S
MOTION FOR SUMMARY JUDGMENT**

---

# PLACEHOLDER FOR EXHIBIT F

# BODY WORN CAMERA VIDEO RECORDING
# OFFICER JOHNNY VASQUEZ [COLV 00006]

# PURSUANT TO AGREED CONFIDENTIALITY
# AND PROTECTIVE ORDER
# ENTERED ON 10/30/2020 [DKT. 82]

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

RUSSELL ZINTER; ET AL.               §
                                     §
    Plaintiffs,                  §
                                     §
v.                                   §        CIVIL NO. SA-18-CA-680-JKP-RBF
                                     §
CHIEF JOSEPH SALVAGGIO; ET AL.       §
                                     §
    Defendants.                  §

---

**DEFENDANT CITY OF LEON VALLEY'S
MOTION FOR SUMMARY JUDGMENT**

---

# PLACEHOLDER FOR EXHIBIT G

# BODY WORN CAMERA VIDEO RECORDING OFFICER JOANN AZAR [COLV 00009]

# PURSUANT TO AGREED CONFIDENTIALITY AND PROTECTIVE ORDER ENTERED ON 10/30/2020 [DKT. 82]

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUSSELL ZINTER; ET AL. | § | |
| | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL NO. SA-18-CA-680-JKP-RBF |
| | § | |
| CHIEF JOSEPH SALVAGGIO; ET AL. | § | |
| | § | |
|     Defendants. | § | |

---

**DEFENDANT CITY OF LEON VALLEY'S
MOTION FOR SUMMARY JUDGMENT**

---

# PLACEHOLDER FOR EXHIBIT H

# BODY WORN CAMERA VIDEO RECORDING
# OFFICER CLARENCE YARBROUGH [COLV 00013]

# PURSUANT TO AGREED CONFIDENTIALITY
# AND PROTECTIVE ORDER
# ENTERED ON 10/30/2020 [DKT. 82]

# Incident Report

**LEON VALLEY POLICE DEPARTMENT**                                              Incident #201803942

## Administrative:

| | |
|---|---|
| Date Reported: 6/18/2018 | CFS#: |
| Location Address: **6400 EL VERDE RD** | |
| City: LEON VALLEY | State: TX    Zip: 78238    District: 3    Beat:    Grid: |
| Location: **LEON VALLEY MUNICIPAL COURT** | |
| Occurrence From: 06/18/2018  @ 14:00  To:           @ | Day of Week: MON |
| Status Date: 6/18/2018 | Status: CLEARED BY ADULT ARREST |
| Type: 48 | Description: OTHER OFFENSE / INCIDENT |

| | |
|---|---|
| Reportee: **FARIAS #534,** | Address: 6400 EL VERDE RD |
| Race: | LEON VALLEY, TX 78238 |
| DOB: | Sex: | Offense Age: | Home Phone: | Work Phone: 2106843215 |
| | Current Age: | Mobile Phone: |

| | | | | |
|---|---|---|---|---|
| Source of Call: | Time Received: | Time Dispatched: | Time Arrived: | Time Cleared: |
| Reporting Officer 1 ID: 1056 | Name: FARIAS #534 | | | |
| Reporting Officer 2 ID: | Name: | | | |
| Investigating Officer ID: 1267 | Name: MUNOZ, RUDY | | | |

## Offense:

Offense: **OBSTRUCT HIGHWAY PASSAGEWAY**

| | | |
|---|---|---|
| Statute: 42.03 | Code: PC | Penalty: MB |

***Offense M.O.***

| | |
|---|---|
| Type of Location: GOVERNMENT/PUBLIC BUILDINGS | Forced: No |
| Point of Entry: | Offender Used: Not Applicable |
| Method of Entry: | Bias Motivation: ANTI-NONE |
| Family Violence: No | Weapons Involved: |
| Offense Note: | |

## Victim:

| | |
|---|---|
| Victim Type: GOVERNMENT | Business: |
| Name: **STATE OF TEXAS,** | Address: 6400 EL VERDE |
| Race: U | Sex: U | LEON VALLEY, TX 78238 |
| DOB: 12/1/1999 | Offense Age: 18 | Home Phone: | Work Phone: |
| | Current Age: 18 | Mobile Phone: |

Injuries:

Victim Note:

## Offense:

Offense: **INTERFERENCE W/PUBLIC DUTIES**

Exhibit
I

DEFT COLV  00132

**LEON VALLEY POLICE DEPARTMENT**                                    **Incident #201803942**

| Statute:  38.15(a) | Code:  PC | Penalty:  MB |
|---|---|---|

**Offense M.O.**

| | |
|---|---|
| Type of Location:  GOVERNMENT/PUBLIC BUILDINGS | Forced:  No |
| Point of Entry: | Offender Used:  Not Applicable |
| Method of Entry: | Bias Motivation:  ANTI-NONE |
| Family Violence:  No | Weapons Involved: |

Offense Note:

## Victim:

| | |
|---|---|
| Victim Type:  GOVERNMENT | Business: |
| Name:  **STATE OF TEXAS,** | Address:  6400 EL VERDE |
| Race:  U                Sex:  U | LEON VALLEY, TX 78238 |
| DOB:  12/1/1999        Offense Age:  18 | Home Phone:              Work Phone: |
| Current Age:  18 | Mobile Phone: |

Injuries:

Victim Note:

## Property:

| | | |
|---|---|---|
| Quantity:  1        Type:  **EVIDENCE** | | Description:  **OTHER** |
| Year: | Make / Brand:  IPHONE | Model: |
| Color:  GLD | VIN / Serial#:  IMEI 35444606 | Loss Value:  $0.00 |
| Recovered Date: | Recovered Value:  $0.00        Stored At: | |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No        Tag/Control: | |
| Owner:  ZINTER, RUSSELL | Release Date:        Released To: | |

Property Note:

## Property:

| | | |
|---|---|---|
| Quantity:  1        Type:  **EVIDENCE** | | Description:  **RECORDINGS-AUDIO/VISUAL** |
| Year: | Make / Brand:  BESTEKER | Model: |
| Color:  BLK | VIN / Serial#:  302SM180100172 | Loss Value:  $0.00 |
| Recovered Date: | Recovered Value:  $0.00        Stored At: | |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No        Tag/Control: | |
| Owner:  ZINTER, RUSSELL | Release Date:        Released To: | |

| 08/29/2018 13:59 | 6400 EL VERDE RD LEON VALLEY, TX 78238 | Page  2  of  15 |
|---|---|---|

DEFT COLV  00133

**LEON VALLEY POLICE DEPARTMENT**                                                    **Incident #201803942**

Property Note:

Attached to Besteker microphone and black camera holder, three cords, USB cord, Anker battery pack. Camera contained a Li-ion battery, 32G SanDisk SD card

## Property:

| Quantity: 1 | Type: **EVIDENCE** | | Description: **RECORDINGS-AUDIO/VISUAL** |
|---|---|---|---|
| Year: | Make / Brand: POLAROID | | Model: I534 |
| Color: SIL | VIN / Serial#: | | Loss Value: $0.00 |
| Recovered Date: | Recovered Value: $0.00 | Stored At: | |
| Owner#: | NIC#: | | |
| Recovered From: | Recovered Local: No | Tag/Control: | |
| Owner: MEAD, JAMES | Release Date: | Released To: | |

Property Note:

With tripod and fuzz ball

## Property:

| Quantity: 1 | Type: **EVIDENCE** | | Description: **OTHER** |
|---|---|---|---|
| Year: | Make / Brand: SAMSUNG | | Model: GALAXY EDGE |
| Color: BLK | VIN / Serial#: R38G80TSCYK | | Loss Value: $0.00 |
| Recovered Date: | Recovered Value: $0.00 | Stored At: | |
| Owner#: | NIC#: | | |
| Recovered From: | Recovered Local: No | Tag/Control: | |
| Owner: MEAD, JAMES | Release Date: | Released To: | |

Property Note:

## Property:

| Quantity: 1 | Type: **EVIDENCE** | | Description: **RECORDINGS-AUDIO/VISUAL** |
|---|---|---|---|
| Year: | Make / Brand: GOPRO | | Model: HERO4 |
| Color: SIL | VIN / Serial#: C312112 6255492 | | Loss Value: $0.00 |
| Recovered Date: | Recovered Value: $0.00 | Stored At: | |
| Owner#: | NIC#: | | |
| Recovered From: | Recovered Local: No | Tag/Control: | |
| Owner: MEAD, JAMES | Release Date: | Released To: | |

08/29/2018 13:59                        6400 EL VERDE RD LEON VALLEY, TX 78238                        Page 3 of 15

DEFT COLV 00134

**LEON VALLEY POLICE DEPARTMENT**                                                    **Incident #201803942**

Property Note:

In clear case with detachable mic.

## Property:

| Quantity: 1 | Type: **EVIDENCE** | | Description: **OTHER** | |
|---|---|---|---|---|
| Year: | Make / Brand: | | Model: | |
| Color: | VIN / Serial#: | | Loss Value: $0.00 | |
| Recovered Date: | Recovered Value: $0.00 | Stored At: | | |
| Owner#: | NIC#: | | | |
| Recovered From: | Recovered Local: No | | Tag/Control: | |
| Owner: MEAD, JAMES | Release Date: | Released To: | | |

Property Note:

10000 mAh battery power pack

## Property:

| Quantity: 1 | Type: **EVIDENCE** | | Description: **OTHER** | |
|---|---|---|---|---|
| Year: | Make / Brand: | | Model: | |
| Color: BLK | VIN / Serial#: | | Loss Value: $0.00 | |
| Recovered Date: | Recovered Value: $0.00 | Stored At: | | |
| Owner#: | NIC#: | | | |
| Recovered From: | Recovered Local: No | | Tag/Control: | |
| Owner: MEAD, JAMES | Release Date: | Released To: | | |

Property Note:

Camera holder

## Property:

| Quantity: 1 | Type: **EVIDENCE** | | Description: **OTHER** | |
|---|---|---|---|---|
| Year: | Make / Brand: BLACKWEB | | Model: BWA17WI030 | |
| Color: BLK | VIN / Serial#: | | Loss Value: $0.00 | |
| Recovered Date: | Recovered Value: $0.00 | Stored At: | | |
| Owner#: | NIC#: | | | |

08/29/2018 13:59                    6400 EL VERDE RD LEON VALLEY, TX 78238                    Page 4 of 15

**LEON VALLEY POLICE DEPARTMENT**                                    **Incident #201803942**

| | | |
|---|---|---|
| Recovered From: | Recovered Local: No | Tag/Control: |
| Owner: SPRINGER, JAMES ALAN JR | Release Date: | Released To: |

Property Note:

10000 mAh battery pack

## Property:

| | | |
|---|---|---|
| Quantity: 1    Type: **EVIDENCE** | | Description: **OTHER** |
| Year: | Make / Brand: JOBY | Model: |
| Color: BLK | VIN / Serial#: | Loss Value: $0.00 |
| Recovered Date: | Recovered Value: $0.00    Stored At: | |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local: No    Tag/Control: | |
| Owner: SPRINGER, JAMES ALAN JR | Release Date:    Released To: | |

Property Note:

cell/camera holder

## Property:

| | | |
|---|---|---|
| Quantity: 1    Type: **EVIDENCE** | | Description: **OTHER** |
| Year: | Make / Brand: | Model: |
| Color: | VIN / Serial#: IMEI 353322090827099 | Loss Value: $0.00 |
| Recovered Date: | Recovered Value: $0.00    Stored At: | |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local: No    Tag/Control: | |
| Owner: SPRINGER, JAMES ALAN JR | Release Date:    Released To: | |

Property Note:

Cell phone with clear cell phone case

## Property:

| | | |
|---|---|---|
| Quantity: 1    Type: **EVIDENCE** | | Description: **OTHER** |
| Year: | Make / Brand: HUAWEI | Model: H1711 |

| | | |
|---|---|---|
| 08/29/2018 13:59 | 6400 EL VERDE RD LEON VALLEY, TX 78238 | Page 5 of 15 |

**LEON VALLEY POLICE DEPARTMENT**                                      Incident #201803942

| | | |
|---|---|---|
| Color: GRY | VIN / Serial#: QISH1711 | Loss Value: $0.00 |
| Recovered Date: | Recovered Value: $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local: No | Tag/Control: |
| Owner: UNKNOWN, UNKNOWN | Release Date: | Released To: |

Property Note:

## Property:

| | | |
|---|---|---|
| Quantity: 1    Type: **EVIDENCE** | | Description: **OTHER** |
| Year: | Make / Brand: SAMSUNG | Model: GALAXY S8 PLUS |
| Color: BLK | VIN / Serial#: | Loss Value: $0.00 |
| Recovered Date: | Recovered Value: $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local: No | Tag/Control: |
| Owner: GONZALES, JUAN JR | Release Date: | Released To: |

Property Note:

## Property:

| | | |
|---|---|---|
| Quantity: 1    Type: **EVIDENCE** | | Description: **RECORDINGS-AUDIO/VISUAL** |
| Year: | Make / Brand: GOPRO | Model: |
| Color: GRY | VIN / Serial#: UNKNOWN | Loss Value: $0.00 |
| Recovered Date: | Recovered Value: $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local: No | Tag/Control: |
| Owner: GONZALES, JUAN JR | Release Date: | Released To: |

Property Note:

with case and battery

## Property:

| | | |
|---|---|---|
| 08/29/2018 13:59 | 6400 EL VERDE RD LEON VALLEY, TX 78238 | Page 6 of 15 |

DEFT COLV 00137

**LEON VALLEY POLICE DEPARTMENT**                                        **Incident #201803942**

| Quantity: 1 | Type: **EVIDENCE** | | Description: **OTHER** | |
|---|---|---|---|---|

| Year: | | Make / Brand: LG | | Model: LGMP260 |
|---|---|---|---|---|
| Color: BLK | | VIN / Serial#: 802CYBD539877 | | Loss Value: $0.00 |
| Recovered Date: | | Recovered Value: $0.00 | Stored At: | |
| Owner#: | | NIC#: | | |
| Recovered From: | | Recovered Local: No | Tag/Control: | |
| Owner: PADILLA, JESUS | | Release Date: | Released To: | |

Property Note:

Cell phone with LG battery

Owner left scene and did not receive property receipt.

---

**Involved:**                                                          W4

| Code: WITNESS 4 | | | Address: 11555 W CULEBRA 360 | |
|---|---|---|---|---|
| Name: **PADILLA, JESUS** | | | SAN ANTONIO, TX 77906 | |
| Race: W | Sex: M | | Home Phone: | Work Phone: |
| DOB: 6/30/1990 | Offense Age: 27 | Current Age: 28 | Mobile Phone: | |
| DL#: 28082240 | DL State: TX | | Employer: | Occupation: |

**Involved:**                                                          SP1

| Code: SUSPECT 1 | | | Address: 2424 PADDLE CREEK | |
|---|---|---|---|---|
| Name: **GONZALES, JUAN JR** | | | SAN ANTONIO, TX 78245 | |
| Race: W | Sex: M | | Home Phone: (210)386-1013 | Work Phone: |
| DOB: 2/2/1965 | Offense Age: 53 | Current Age: 53 | Mobile Phone: | |
| DL#: 10787227 | DL State: TX | | Employer: | Occupation: |

**Involved:**                                                          SP2

| Code: SUSPECT 2 | | | Address: 23022 FAIRWAY BRIDGE | |
|---|---|---|---|---|
| Name: **MEAD, JAMES** | | | SAN ANTONIO, TX 78258 | |
| Race: W | Sex: M | | Home Phone: | Work Phone: |
| DOB: 9/23/1960 | Offense Age: 57 | Current Age: 57 | Mobile Phone: | |
| DL#: 23399958 | DL State: TX | | Employer: | Occupation: |

**Involved:**                                                          W1

| Code: WITNESS 1 | | | Address: 4112 CR RD 3841 | |
|---|---|---|---|---|
| Name: **ZINTER, RUSSELL** | | | SAN ANTONIO, TX 78253 | |
| Race: W | Sex: M | | Home Phone: | Work Phone: |
| DOB: 5/10/1962 | Offense Age: 56 | Current Age: 56 | Mobile Phone: | |
| DL#: 35696150 | DL State: TX | | Employer: | Occupation: |

**Involved:**                                                          AP2

| Code: ARRESTED PERSON 2 | | | Address: 3006 CHIESA | |
|---|---|---|---|---|
| Name: **SPRINGER, JAMES ALAN JR** | | | ROWLETT, TX 75088 | |
| Race: W | Sex: M | | Home Phone: (469)230-5583 | Work Phone: |

DEFT COLV 00138

**LEON VALLEY POLICE DEPARTMENT**                                            **Incident #201803942**

| | | | | |
|---|---|---|---|---|
| DOB: 7/29/1984 | Offense Age: 33 | Current Age: 34 | Mobile Phone: | |
| DL#: 35706973 | DL State: TX | | Employer: | Occupation: |

## Involved: AP1

| | | | | |
|---|---|---|---|---|
| Code: ARRESTED PERSON 1 | | | Address: 164 ELIZABETH | |
| Name: BAILEY, DAVID | | | SAN ANTONIO, TX 78209 | |
| Race: W | Sex: M | | Home Phone: | Work Phone: |
| DOB: 8/23/1963 | Offense Age: 54 | Current Age: 55 | Mobile Phone: | |
| DL#: 09994433 | DL State: TX | | Employer: | Occupation: |

## Involved: W2

| | | | | |
|---|---|---|---|---|
| Code: WITNESS 2 | | | Address: 644 KERRY ST | |
| Name: PIERCE, JOSEPH | | | CROWLEY, TX 76036 | |
| Race: W | Sex: M | | Home Phone: | Work Phone: |
| DOB: 7/19/1976 | Offense Age: 41 | Current Age: 42 | Mobile Phone: | |
| DL#: 43167388 | DL State: TX | | Employer: | Occupation: |

## Involved: W3

| | | | | |
|---|---|---|---|---|
| Code: WITNESS 3 | | | Address: 7234 GRASS VALLEY | |
| Name: SALAZAR, MARIA | | | LEON VALLEY, TX 78240 | |
| Race: W | Sex: F | | Home Phone: (210)260-8836 | Work Phone: (210)767-8567 |
| DOB: 8/16/1961 | Offense Age: 56 | Current Age: 57 | Mobile Phone: | |
| DL#: | DL State: | | Employer: | Occupation: |

## Arrest:

| | | | | |
|---|---|---|---|---|
| Arrest#: 201803942 | Date Arrested: 6/18/2018 | Time Arrested: 14:25   Cell No: | | Date Released: |
| Name: BAILEY, DAVID | | Address: 164 ELIZABETH | | |
| Race: W | Sex: M | SAN ANTONIO, TX 78209 | | |
| DOB: 8/23/1963 | Arrest Age: 54 | Home Phone: | Work Phone: | |
| Juvenile: N | Current Age: 55 | Mobile Phone: | | Caution: |
| DL#: 09994433 | DL State: TX   DL Type: | Employer: | Occupation: | |

Arrest Location: 6400 EL VERDE RD                                    City: LEON VALLEY          District: 3

Agency: LEON VALLEY POLICE DEPARTMENT

Arresting Officer: 1285          ANDERSON, DAVID

Booking Officer:

Transfer Officer:

### Charge(s):

**OBSTRUCT HIGHWAY PASSAGEWAY**

    Statute: 42.03                                    Code: PC          Penalty: MB

    Charge Note:

Arrest Narrative:

## Arrest:

| | | | | |
|---|---|---|---|---|
| Arrest#: 201803942-1 | Date Arrested: 6/18/2018 | Time Arrested: 14:25   Cell No: | | Date Released: |
| Name: SPRINGER, JAMES ALAN JR | | Address: 3006 CHIESA | | |
| Race: W | Sex: M | ROWLETT, TX 75088 | | |
| DOB: 7/29/1984 | Arrest Age: 33 | Home Phone: (469)230-5583 | Work Phone: | |
| Juvenile: N | Current Age: 34 | Mobile Phone: | | Caution: |

DEFT COLV 00139

**LEON VALLEY POLICE DEPARTMENT**                                      Incident #201803942

| DL#: 35706973 | DL State: TX | DL Type: | Employer: | | Occupation: |
|---|---|---|---|---|---|

Arrest Location: 6400 EL VERDE RD                                City: LEON VALLEY          District:
Agency:   LEON VALLEY POLICE DEPARTMENT

Arresting Officer: 1056          FARIAS #534
Booking Officer:
Transfer Officer:

**Charge(s):**
    INTERFERENCE W/PUBLIC DUTIES

    Statute:  38.15(a)                                    Code:  PC          Penalty:  MB

    Charge Note:

Arrest Narrative:

---

**Narrative:**

On the above date the AP1 and several other male agitators/activists were conducting a demonstration at the Leon Valley City Hall and Municipal Court building. The agitator/activist attempted to enter into the building with video recording devices which is in violation of Municipal Judge Morales' order and security purposes. The actors were permitted to video the lobby area from the foyer area (between first and second set of doors) which was in compliance with the Judge's order. This entrance is the only access that the public has into the building to conduct Municipal Court and other city business. On two different occasions, Lt. D. Anderson 502 told the agitators/activist not to intentionally block the passageway into the building. Despite several reasonable requests to not obstruct the entrance, the AP1 intentionally and knowingly positioned himself in front of and obstructed the entrance with his body to the extent that his obstruction physically prevented a member of the public from entering the public building, in which she was identified as W3. At this point Lt. Anderson 502 summoned additional officers to follow him. Lt. Anderson 502 then approached the AP1 and informed him that he was under arrest for obstructing a passageway. The AP1 was handcuffed, processed and then booked for PC 42.03 Obstructing Highway or other Passageway. The AP1 received medical treatment at the LVPD office due to high blood pressure, before his transport to jail.

Due to the arrest of AP1, all others that were present and that were recording with cameras and other recording devices were now considered witnesses to a crime and we, Leon Valley PD officers, were requesting that they identify themselves and all recording devices to be seized as evidence. I approached SP1 and stated to the group he was with, that they have been witnesses to a crime and that all their recording devices are being confiscated as evidence. As I reached towards SP1's recording device he pulled away. I extended my arm out to reach SP1 and he backed away. I observed other officers next to me approach SP1 to retrieve the phone/camera from him. AP2 was directly beside of me so I reached out to grab the phone/camera out from his hands and he too also pulled away from me, moving his camera/phone in a manner that I was not able to retrieve it. I grabbed his right arm in an attempt to arrest him for interfering with public duties, but he forcefully moved his body so it would make it difficult to take control of him. I turned AP2 around using his right arm and placed him against the glass wall and pinned him up against it to gain control of him, while officer B. Evans 556 placed him in handcuffs. During this situation, AP2's camera phone fell on the ground and another officer retrieved it and seized it as evidence. Officer B. Evans then took control of AP2.

I then exited the building and observed more witnesses with recording devices. I observed W1 to have a recording camera and a cell phone and it appeared he was recording the event. I approached him and advised him that I was going to seize his cell phone and video camera as evidence. W1 complied with commands and identified himself by providing his name and date of birth. W1 received a property receipt for his camera and cell phone that I seized from him. W1 was released at the scene.

In my presence, Officer B. Evans 556 gave a criminal trespass warning to AP1 and AP2 from barring hime from all Leon Valley city offices and court rooms. Both AP1 and AP2 received a copy of all addresses and location of city owned properties to include the Leon Valley PD, Leon Valley Municipal Court and area essential to the court, Leon Valley Library, Leon Valley Fire Department, Leon Valley Public Works Department and Leon Valley Community Center. Each AP was told that failure to adhere to this warning would result in their arrest.

All items I seized as evidence I gave to Officer E. Rivera 567 so she can secure it in the Leon Valley Evidence property

---

DEFT COLV  00140

room.

## Supplement: Breton 560

While responding to assist Cpl. Farias, I noticed W4 (Jesus Padilla) recording all the incident using his cell phone. W4 was standing by the flags in front of main entrance to Leon Valley Municipal offices. W4 was previously criminal trespass warned; and he was in flagrant violation of criminal trespass. I contatced W4 and requested his cell phone as evidence, due his recording Cpl. Farias detaining suspects in the Municipal restricted area. W4 was reluctant to release his cell phone. W4 was advised to release his cell phone several times until he gave his cell phone to Detective A. king. W4 was not arrested for criminal trespass today.

## Supplement: supplement j. wells #548

06/18/2018

ON 06/18/2018 AT APPROXIMATELY 1400 HRS I WAS SUMMONDSED TO THE MAIN ENTRENCE TO CITY HALL DUE TO A DISTURBANCE. I ARRIVED TO THE AREA AND SGT URDIALES HAD A SUBJECT LATER IDENTIFIED AS JAMES MEAD, SP-2, W/M DOB 09/23/1960 IN CUSTODY FOR FAILURE TO IDENTIFY AS A WITNESS. I TOOK POSSESSION OF EVIDENCE, BELONGING TO JAMES MEAD.

DET. J. WELLS #548

06/19/2018

On this date I was contacted by Joseph Pierce (W2) at the Leon Valley Police Department. Pierce notified me he had some personal property in a white Chev Tahoe that was impounded on 06/18/2018 belonging to James Springer, AP2. Pierce advised the property consisted of a Texas Drivers License and a Credit Card both with his name on them. I was advised the property was in the glove compartment of the vehicle. I went to the impound yard and retrieved the said items from the described vehicle and returned to the LVPD. The property was released to Joseph Pierce; 1) TXDL-431673388 and (2) EECU Debit Card# 516289000514 1814. Property Reciept issued to Pierce.

## Supplement: J.Azar 564

On Monday June 18, 2018 around 1400 hundred hour we had agitators at 6400 El Verde Municipal Court. We ask several of the agitators to stop blocking the passageway to the main entry of the building or they will be arrested. When a female customer which was later identified later as (W)3 tried entering the Municipal Court, the agitators were blocking the door way not allowing the female(W)3 easy passageway from coming in so we were sent to arrest the agitator holding the burnt blue line flag. As soon as the Officers had hands on the agitator with the burnt blue line flag who was later identified as (AP)1. I tried to confiscate a video recorder from another agitator due to it being used to record the arrest with (AP)1, but (AP)2 pulled his hand away from me and that's when other Officers stepped in to help out and (AP)2 was detained. (AP)2 subsequently was arrested for interfering with pubic duties.

## Supplement: Supplement Sgt. J Urdiales 555

On The 18th of June 2018 at 14:00 hrs. I was assigned to the Leon Valley Municipal Courts Security detail in full Police uniform.

Due to Agitators that had posted Videos on the Internet Web page YOU-TUBE that they where coming to the City of Leon Valley.

SP 2 (James Mead D.O.B. 09-23-60) was contacted as a witness due to a Disturbance that had taken place at the main entry doors to the Leon Valley Municipal Court Building.

SP 2 was Video/ live streaming on too a YOU TUBE Channel. I contacted SP 2 and requested

DEFT COLV 00141

that he ID himself as a witness. SP 2 refused and stated that he did not have ID.

I advised SP2 that he was being arrested for failuer to ID as a witness, I took control of SP2 by handcuffing him and double locking handcuffs for his safety.

Det. J Wells took control of video cameras that SP2 had in his hands, SP2 stated that the cameras were not his.  Det J Wells  placed the cameras into the property room as evidence.

Once SP2 Identified himself by name and D.O.B., and it was verified,  SP2 received a Verbal Criminal Trespass Warning by Cpl. Mandry, in the Leon Valley Police Department Roll Call room.

SP2 was released with his personal property and escorted from the building.

### Supplement: A. king#519

On 06-18-18 Approx. 1400hrs I was sitting at my desk at 6400 El Verde (Leon Valley Police Dept. and was advised someone was getting arrested in the Municipal court by the front doors. I made location and observed several officers detaining two males. I was advised there were several witness's who were recording the incident. I stepped outside and observed who i know to be a agitator W4 (Jesus Padilla) recording the incident with his cell phone. I approached W4 and advised i needed to get his cell phone because he had evidence of the crime recorded. W4 handed me the phone at which time i advised i would get him a property receipt. When i returned W4 was not at location. Evidence was placed in property room. No further action was taken on my part at this time.

### Supplement: Evans #556

On 06/18/2018 at approximately 1400 hours, I was advised to stand by for a group of agitators that have been blocking the door way entrance of 6400 El Verde Rd, Leon Valley, TX 78238 at the Municipal Court and had been told not to do so multiple times but ignored orders. I was standing by inside the police department. Shortly later, I heard a commotion coming from the Municipal Court entrance door way. I then responded to assist fellow officers. Once on scene, I was instructed to escort W2 out of location. As I was escorting W2 out of immediate area, I then heard a struggle behind me in the Municipal Court entrance. That was the last contact I made with W2. I then went to assist fellow officers in detaining AP2. I did so by securing the right arm of AP2. After AP2 was in hand cuffs I began to identify AP2. AP2 did not have any identification on him, but was able to provide name, address, and date of birth. Shortly, AP2 was advised he was being placed under arrest for Interference with Police Duties. AP2 made the statement not to tow his vehicle that was parked on Leon Valley property. AP stated he drove here, described the vehicle, and gave an exact location of vehicle. AP2's vehicle was towed by Banis Towing due to vehicle being personal property of AP2. I conducted an inventory of AP2's vehicle and while conducting an inventory a black and silver Ruger SR40C pistol, was discovered on the back of the passenger seat pocket/compartment. Pistol was checked into TCIC/NCIC and came back clear. AP2 was asked about ownership of the discovered pistol and stated he was not going to answer anymore questions. Pistol was stored in Leon Valley Police Department Property Room for safekeeping. Back in service.

### Supplement: Cpl.C.Mandry#540

On this date, I Cpl.C.Mandry#540 was at location on standby during a multiperson event protesting police activity. During that time, Obstructing Passage/Pathway was observed by Lt D.Anderson. Officers on scene apprehended AP1 for his offense. I observed Cpl.L.Farias#534 attempting to collect electronic recording devices from SP1, a witness to the offense and a member of the group. Initially, SP1 wasn't compliant with the request from Cpl.Farias. I too informed SP1 that Off.L.Farias#534 was attempting to collect the evidence followed by me placing him in handcuffs due to the escalation in the confined space and to remove him from the situation. In the lobby of City Hall, his small GoPro camera was shut off and my body camera remained activated. SP1 was taken to the patrol room to confirm his identity as a witness to the offense as

DEFT COLV  00142

**LEON VALLEY POLICE DEPARTMENT**                                        **Incident #201803942**

well. SP1 and SP2 were both confirmed as non residents to Leon Valley with no assets, ties or responsibilities requiring access to City Facilities. Both were issued Criminal Trespass Warnings while being recorded on body camera. SP1 and SP2 stated to have understood.
SP1 was released without further incident, his GoPro Hero 6 and Samsung Galaxy S8 Plus were collected as evidence by Det E Gonzales.

**Supplement:** CASTRO #515

AP2: SPRINGER, JAMES ALAN JR. W/M 07-29-1984 TDL# 35706973

3006 ROWLETT, DALLAS, TEXAS 75088 PH# 469-230-5583

ON 06-18-18, AT APPROXIMATELY 1400 HOURS I OBSERVED LVPD OFFICERS ATTEMPTING TO ARREST A WHITE MALE SUBJECT, LATER IDENTIFIED AS JAMES ALAN SPRINGER JR. 07-29-1984, IN THE ENTRANCE OF THE LEON VALLEY MUNICIPAL COURT LOCATED AT 6400 EL VERDE RD.

I PLACED MY HANDCUFFS ON THE AP2 AND HE WAS TAKEN INTO CUSTODY FOR INTERFERING WITH PUBLIC DUTIES

**Supplement:** Mike Tacquard #510

**LEON VALLEY POLICE DEPARTMENT SUPPLEMENT REPORT** LVPD FORM NO. 65 |3-67| **DATE:** 06/18/2018

| TO | : Records/Investigations |
|---|---|
| **FROM** | : Officer Mike Tacquard #510 |
| **COPIES** | : Supplemental Report |
| **SUBJECT** | : CASE 18-3942 |

MESSAGE HERE: [TYPE OR PRINT ONLY / USE INK]

On Monday, June 18, 2018 at approximately 14:00 hours, I Officer Mike Tacquard #510 was on duty and performing my assigned duties with the Leon Valley Police Department. At approximately 14:00 hours I responded to the Municipal Court office due to a disturbance. Upon arrival I observed Officer AZAR #564 contact a white male (AP 2) informing him that due to a penal code violation his video equipment was being confiscated as evidence of the offense. The male subject refused to surrender his video tapping equipment and raised his equipment in order to prevent the officer from performing her duties. This subject was subsequently subdued and restrained by handcuffs. This individual was identified as JAMES SPRINGER W/M/ 07-29-1984 and hereafter referred to as AP-2.

DETAILS:

1. On Monday, June 18, 2018, I officer Mike TACQUARD #510 was on duty and performing my official duties as a police officer for the City of Leon Valley Texas County of Bexar.

2. At approximately 14:00 hours I responded to the Municipal Court office located at 6400 El Verde Rd, Leon Valley, Texas in reference to an officer needing assistance.

3. As I arrived at the location I saw several officers contacting several individuals. I observed Officer AZAR contacting a white male subject to my left. I observed AP 2 to pull away from Officer AZAR.

4. As I got closer I heard Officer AZAR inform AP 2 that he was recording a crime with his recording equipment and that the video equipment was being seized as evidence in the case.

5. Again, I observed AP 2 to back away and put his video equipment above his head to prevent the retrieval of the equipment for evidentiary purposes.

6. Officer AZAR informed AP 2 numerous times that he was refusing lawful order and interfering with the duties of a public servant.

7. AP 2 continued to refuse to comply and continued to try and prevent the officer AZAR from performing her lawful duties.

8. At this time, AP 2 was forcibly detained by the assistance of two additional officers, Officers FARIS # 534 and EVANS # 556 along with myself.

DEFT COLV 00143

**LEON VALLEY POLICE DEPARTMENT**                                                        **Incident #201803942**

9.   AP 2 was placed against the wall and secured with handcuffs with the minimal amount of force required. AP 2's video equipment was secured and placed into evidence.

10.  AP 2 was escorted to the booking area of the Leon Valley Police Department for Obstructing.

11.  At one-point AP 2 stated he was a member of the press and had a legal right to video the incident in question. I asked AP 2 for his press credentials or any form of identification identifying him as a member of the press. AP 2 stated he did not have any identification to that affect.

12.  After securing AP 2 I had no further contact.

AP 2

1.   AP2 was identified as SPRINGER, JAMES W/M/07-29-1984

2.   AP2 was wearing blue gray T-shirt, tan shorts and tennis shoes

3.   AP 2 Red hair and full facial beard.

---

**Supplement: E.Rivera 567**

On 06.18.2018 I was assigned to the Leon Valley Municipal Court Security. I was instructed to wand all persons and enforce Judge Morales order of no recording inside of the building. On this date several agitators were conducting a demonstration in front of the building. At about 1400 hours the agitators were recording from the foyer area. The agitators were advised multiple times by Lt. Anderson not to obstruct the passageway. At one point an agitator was blocking the second set of doors while a woman was behind him and he ran into her. At that point officers were instructed to arrest AP1, Identify all witnesses, and to confiscate any recording devices from the witnesses. I located a black cell phone on the floor where the incident took place. I wrote a property receipt for the phone although it was not claimed.

---

**Supplement: CID Supplmt**

06/27/18

Case filed.

NOTE:             **AP1 AND SP1 WERE ORIGINALLY ARRESTED IN THIS INCIDENT. SP1'S**
                  **CASE WAS REJECTED. THIS REPORT APPLIES EQUALLY TO BOTH AP1**
                  **AND SP1.**

ACTOR:            **AP1 Bailey, David  WM  54     08/23/63  164 Elizabeth      SID NO. 0773576**
                  **Booked for Obstruct Highway/Passageway.**

SUSPECTS:         **SP1 Springer, James Alan, Jr.  WM 33     07/29/84     SID NO. 1103396**
                  **aka "James Freeman"  Identified member of "The First Amendment Auditors"**
                  **HM ADD  3006 Chiesa  (Rowlett, Tx. 778088)   HM PH NO  (469) 230-5583**
                  **Originally booked for Interference With Public Duties. Charge dismissed by**
                  **Magistrate. Listed as AP2 (Arrested Person 2) in original handling officer's report.**

                  **SP2 Mead, James  WM 57     09/23/60     23022 Fairway Bridge      S.A Tx.**
                  **Reportedly video-taped above arrests and detained for Failure to ID as a witness.**
                  **Subsequently released after providing identification. Phone/camera used to record**
                  **arrest was seized and a property receipt issued to SP2. Released pending**
                  **investigation.**

WITNESSES:        **W1 Zinter, Russell  WM 56   05/10/62     4112 Cr Rd. 3841   S.A. Tx.**
                  **Identified as a witness video-recording above incident. Phone/camera used to record**
                  **incident seized. Property receipt issued.**

                  **W2 Pierce, Joseph  WM 41  07/19/76     644 Kerry    (Crowley, Tx. 76036)**
                  **aka "Ethics Instead"  Identified member of "The First Amendment Auditors."**
                  **Identified as a witness for video-taping above incident. See Evidence List for info on**
                  **his recording device. W2 refused to sign or accept a property receipt for same.**

08/29/2018 13:59                          6400 EL VERDE RD LEON VALLEY, TX 78238                    Page 13 of 15

DEFT COLV 00144

LEON VALLEY POLICE DEPARTMENT                                        Incident #201803942

> W3  Salazar, Maria  WF 56  08/16/61    7234 Grass Valley    (210) 260-8836
> Leon Valley citizen attempting to enter above location (lobby) to conduct city
> business, when prevented by AP1 obstructing passage into lobby.

> W4  Padilla, Jesus   LM 27    06/30/90    11555 W. Culebra Rd.  SID NO.
> aka "Mexican Padilla"  Identified member of "The First Amendment Auditors."
> Observed video-taping above arrests with his camera and was reluctant to release his
> camera to officers. Eventually relinquished camera to officers and left scene before
> receiving a property receipt for same.

> W5  Gonzales, Juan Jr.   LM 53    02/02/65    2424 Paddle Creek (S.A. Tx. 78245)
> Listed as SP1 in original report. Reportedly video-taped the incident and identified
> himself as a witness. His recording device was seized after refusing to relinquish same to
> officers. Property receipt issued.

EVIDENCE:  "BLACKWEB"  100000 MAH battery pack   black in color    Model# BWA17W1030
"JOBY"     cell/camera holder
Unknown brand cell phone with clear case       Serial # 353322090827099
Above listed evidence seized from SP1. See evidence list in handling officer's report for info
on property seized from W1 (Zinter), W2 (Pierce) and W4 (Padilla).

OFFICERS
AT SCENE:     Cpl. Farias #534                              Handling Officer
              Officer Tacquard #510                         Arresting Officer
              Officer Azar #564                             Arresting Officer
              Officer Evans #556                            Assisting Officer
              Officer Rivera #567                           Assisting Officer
              Officer Breton #560                           Assisting Officer
              Det. King # 519                               CID Investigations
              Det. Wells #548                               CID Investigations
              Sgt. Castro #515                              Patrol Supervisor
              Sgt. Urdiales #555                            Patrol Supervisor
              Lt. Anderson #502                             CID Commander

DETAILS:   Above location of occurrence is the City of Leon Valley Municipal Building, which houses
           the municipal court and offices essential to this court. The police department is also
           located in this building. On June 14, 2018, Judge Morales ordered that no weapons or
           video recording devices be permitted in this building. Citizens are allowed to video tape
           the lobby from outside the building, but the foyer leading into the lobby is to be kept clear
           to allow entry into the lobby and court. This court order is a result of recent disruptions to
           city and court operations by agitators belonging to the group called, "The First
           Amendment Auditors." These agitators have video-taped personnel inside restricted areas
           and have made threats to Leon Valley police officers. They have also threatened the police
           chief and several city officials, including the mayor via on-line websites.

           At above time and date, above AP1 and SP1, in accompany of above listed SP2 and
           WITNESSES, walked into the foyer of the municipal court/building and began video-
           taping activities inside the lobby. AP1 intentionally began blocking citizens, mainly W3,

08/29/2018 13:59                    6400 EL VERDE RD LEON VALLEY, TX 78238                Page  14  of  15

LEON VALLEY POLICE DEPARTMENT                                    Incident #201803942

from attempting to enter the lobby by placing himself in their path. Officers asked AP1 several times to refrain from obstructing passage to the lobby and to relocate. AP1 refused and as he was being arrested by officers for Obstructing Passage, SP1 and the other agitators, including SP2, W1, W2 and W4, began video-taping AP1's arrest. Cpl Farias #534 announced that subjects in possession of recording devices and video-taping AP1's arrest were now considered witnesses and their recording devices were subject to seizure and subsequent search. As Cpl. Farias #534 attempted to retrieve SP1's recording device, SP1 backed away from the officer and placed the recording device above his head and out of Cpl. Farias' reach. Officer Azar #564, observing the SP1 refusing to comply with Cpl. Farias' request, advised SP1 twice that he was refusing a lawful order and interfering with the duties of a public servant. SP1 refused to comply with officers and was arrested. SP1 initially claimed to be a member of the press but was unable to produce credentials upon request.

SP1 was arrested for P.C. 38.15 Interference with Public Duties for interfering with officers attempting to seize his recording devices used in video-taping AP1's arrest, as per the Bexar County D.A.'s Office. SP1's recording device and accessories were seized and placed in the property room as evidence, pending application for search warrant.

SP1 was transported to jail and his charge was rejected by the magistrate.

Upon consultation with the D.A's Office and following their advice, SP1 is charged with Interference with Public Duties from same incident.

The remaining WITNESSES (W1, W2, W4) and SP2 (listed above) cooperated by identifying themselves as witnesses and releasing their recording devices to officers. They were issued property receipts, awaiting applications for search warrants of their recording devices.

DEFT COLV  00146

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

RUSSELL ZINTER; ET AL.            §
                                   §
    Plaintiffs,                  §
                                   §
v.                                 §        CIVIL NO. SA-18-CA-680-JKP-RBF
                                   §
CHIEF JOSEPH SALVAGGIO; ET AL.    §
                                   §
    Defendants.                  §

---

**DEFENDANT CITY OF LEON VALLEY'S
MOTION FOR SUMMARY JUDGMENT**

---

# PLACEHOLDER FOR EXHIBIT J

# BODY WORN CAMERA VIDEO RECORDING
# CPL. LOUIS FARIAS [COLV 00026]

# PURSUANT TO AGREED CONFIDENTIALITY
# AND PROTECTIVE ORDER
# ENTERED ON 10/30/2020 [DKT. 82]

```
 1              UNITED STATES DISTRICT COURT
                    DISTRICT OF TEXAS
 2                SAN ANTONIO DIVISION

 3   RUSSELL ZINTER, ET AL.,      (
             Plaintiffs,          (
 4                                (
     vs.                          (CIVIL NO.
 5                                (   SA-18-CA-680-JKP-RBF
                                  (
 6   CHIEF JOSEPH SALVAGGIO,      (
     ET AL.,                      (
 7          Defendants            (

 8   ********************************************************

 9                REMOTE ORAL DEPOSITION OF

10                     DAVID BAILEY

11                   JANUARY 5TH, 2022

12   ********************************************************

13      REMOTE ORAL DEPOSITION of DAVID BAILEY, produced as

14   witness at the instance of the Defendant City of Leon

15   Valley, and duly sworn, was taken in the above-styled

16   and numbered cause on the 5th of January, 2022, from

17   1:43 p.m. to 4:57 p.m., remotely via videoconference,

18   before Stephanie McClure Lopez, CSR, in and for the

19   State of Texas, reported by machine shorthand, at

20   @location, Texas, pursuant to the Federal Rules of

21   Civil Procedure, and the provisions stated on the

22   record or attached hereto.

23

24                                        Exhibit

25                                          K
```

David Bailey                                                    January 05, 2022
                                                                        Page 2

```
 1                      A P P E A R A N C E S

 2

 3  FOR THE PLAINTIFFS:
        Mr. Brandon J. Grable
 4      Mr. Austin Reyna
        GRABLE, GRIMSHAW, MORA, P.L.L.C.
 5      1603 Babcock Road, Suite 280
        San Antonio, Texas  78229
 6      Telephone:  210.960.8650
        Facsimile:  210.641.3332
 7      Email:       brandon@ggm.law
                     austin@ggm.law
 8
    FOR THE DEFENDANT CITY OF LEON VALLEY:
 9      Mr. Adolfo Ruiz
        DENTON, NAVARRO, ROCHA, BERNAL & ZECH
10      2517 N. Main Avenue
        San Antonio, Texas  78212
11      Telephone:  210.227.3243
        Facsimile:  210.225.4481
12      Email:       aruiz@rampagelaw.com

13  FOR THE DEFENDANT OFFICERS:
        Mr. Hector X. Saenz
14      LAW OFFICES OF CHARLES S. FRIGERIO
        111 Soledad, Suite 840
15      San Antonio, Texas  78205
        Telephone:  210.271.7877
16      Facsimile:  210.271.0602
        Email:       HXS@FrigerioLawFirm.com
17
    ALSO PRESENT:   (appeared throughout deposition)
18      Mr. Robert Morison
        Ms. Margaret G. White
19      Mr. Joelle Thomas
        Mr. Luis Valiente
20      Mr. Greg Gardiner
        Mr. Russell Zinter
21      Mr. Kevin Egan
        Mr. Juan Gonzales Jr.
22      Mr. Mark Brown
        Mr. Jonathan Green
23      Mr. Jason Green
        Mr. James Springer
24      Mr. Jack Miller

25          (All attendees appeared via remote means.)
```

David Bailey                                    January 05, 2022
                                                        Page 3

1                         INDEX

2  Appearances..........................        2

3  DAVID BAILEY

4  Examination by Mr. Ruiz.............        4
   Examination by Mr. Saenz............       74
5  Further Examination by Mr. Ruiz.....       96
   Examination by Mr. Grable...........      104
6  Further Examination by Mr. Ruiz.....      112
   Further Examination by Mr. Saenz....      113
7  Further Examination by Mr. Grable...      114
   Further Examination by Mr. Saenz....      117
8  Further Examination by Mr. Grable...      117
   Further Examination by Mr. Ruiz.....      119
9
   Reporter's Certificate..............      120
10

11                       EXHIBITS

12 NO.      DESCRIPTION                      PAGE

13 1        Property Receipt (DEFT COLV 00284)    53

14 2        Certified mail letter dated   56
            June 21, 2018 (DEFT COLV 00310-13)
15

16

17

18

19

20

21

22

23

24

25

 not. But when you look at all of them as a whole, I think that would tell an accurate picture.

Q. Okay. So, did you decide to go by yourself on June 18th, 2018, or did you read some notice that there could be a group of people meeting in front of the City of Leon Valley city hall?

A. I don't recall. Chatter, you know, that, you know, certain -- "I'm going to go," "I'm going to go," "I'm going to go." I'm sure there was some of that involved but when it comes down to decisions, you know, I make my own decisions and I decided I wanted to go out there.

Q. Okay. And so, what did you take with you to -- what'd you take to have with you when you were there in front of the city building?

A. My camera. I may -- I think I did -- I took some charcoal fluid and that should be all. Just -- just...

Q. Did you take a flag with you?

A. I did not take the flag.

Q. Okay. There's a picture of a flag in the Plaintiffs' complaint. It's the one with the blue stripe -- I guess the American flag with the blue stripe. Do you know what significance the blue stripe has?

1      A.   Watch the killers backs.  Screw us against
 2  them.   Police are their own -- you know, their own
 3  cabal.
 4      Q.   Okay.  So, is that a pro-police flag or an
 5  anti-police flag?
 6              MR. GRABLE:  Objection.  Form.
 7      A.   Depends who -- depends who you ask.
 8      Q.   (BY MR. RUIZ)  I'm sorry?
 9      A.   That would depend who you ask.
10      Q.   Oh, okay.  Because I'm trying to figure it out
11  if it's a -- now, you say you took some charcoal
12  fluid --
13      A.   Let me -- let me answer that real -- that
14  question pretty easy for you.
15      Q.   All right.
16      A.   I would say in my opinion it's neither.  It's
17  an antisociety flag, anticitizen flag.
18      Q.   Okay.  Can you explain that, please?
19      A.   It's them against us.  That's their frame of
20  mind.
21      Q.   Okay.  And can you tell me who them is?
22      A.   The cabal of police, the -- you know, the blue
23  line represents we've got to stick together no matter
24  what.  We've got to protect each other and we've got to
25  lie for each other.  Whatever it takes, it's us against

 1 them.

 2      Q.   Okay.   And when you say us, who is us?

 3      A.   The police cabal.

 4      Q.   Oh, no.   I thought -- well, you said them is

 5 the police cabal.   You said it's them against us.   So

 6 they --

 7      A.   And they fly that blue line flag --

 8      Q.   Okay.

 9      A.   -- this is their blue line flag and it's going

10 us against them.   Okay.   Them, in this instance, would

11 be the citizens.   Us, in that instance, would be the

12 police.

13      Q.   Okay.   So, the police wave that flag, it's

14 saying that it's us police officers against them the

15 citizens?

16      A.   Sure.

17      Q.   Okay.   And if the citizens wave that flag it's

18 us citizens against them the cabal police?

19      A.   The citizens --

20           MR. GRABLE:   Objection.   Form.

21      A.   -- they're gonna -- I can't speak for all of

22 the citizens.   I can speak for myself.

23      Q.   (BY MR. RUIZ)   Okay.

24      A.   If I'm waving that flag, it's done

25 sarcastically.

David Bailey                                              January 05, 2022
                                                               Page 34

```
 1        A.  I had two encounters that day.

 2        Q.  Okay.  Describe one at a time, please.

 3        A.  Okay.  The first one I walked into the foyer

 4  and immediately was greeted by Anderson, who began

 5  yelling and screaming at me for standing in front of

 6  the door, which I was, telling me he's already told me

 7  once, he's not going to tell me again but the only

 8  problem was that was the first encounter.  I would love

 9  to see the video, out of all the cameras there, that

10  showed him previously telling me.  There were none.  It

11  never happened.

12             So I -- I gave it back to him as good as

13  he gave it to me, only maybe a little bit better

14  because that's the way it is.  You come at me like that

15  and you're wrong, I'm going to come at you even harder.

16  And from that point on I went outside and did not go

17  back into the foyer for a while.

18             The second encounter was -- I had asked to

19  walk inside and carry the flag.  I handed my phone off

20  to somebody else.  I walked inside with the flag.  I

21  showed it to them through the glass door.  I dirtied my

22  shoes by rubbing them on it.  I think there were a

23  couple of times that somebody would approach the door

24  and if I didn't see them, somebody else would let me

25  know there's somebody coming so I could step aside and
```

1 let them come through.

2             A woman was coming through.  I believe it

3 was -- James Springer told me there's somebody coming.

4 I stepped aside.  And before you know it, Anderson

5 almost knocked her on her -- I mean, he -- she's lucky

6 she wasn't hurt.

7     Q.  Now, you said you stepped aside and you -- I'm

8 sorry.  Can you talk about what Lieutenant Anderson

9 did?

10    A.  I had stepped aside.  The lady approached the

11 front door.  She grabbed the front door and about the

12 same time she was grabbing that front door and got it

13 opened, Anderson comes running through that second set

14 of doors, slams them open.  I immediately turned around

15 put my -- you know, face against the wall and my hands

16 behind my back.  He was coming out -- you know, the way

17 he was approaching, it was obvious he -- he's looking

18 to take some people with him to the back.

19            So, I turned around, put the flag down

20 and, yeah, he grabbed me as well as everybody else he

21 could.

22    Q.  Okay.  And so, you said he grabbed you.  Did

23 he tackle you or did he just grab your arms and

24 handcuff you?  What -- how -- how'd he approach you?

25    A.  He -- by my neck that was already damaged --

1  I'm surprised you're not sure.  They seized all my

2  property for no crime.  They searched me for no crime.

3  Everything that was done was for no crime.  That's

4  just -- that's just a lot of violations.

5      Q.  (BY MR. RUIZ)  Okay.  Now -- and, again, I

6  represent the City.  What city policy, practice,

7  procedure, or custom that you can point to that you

8  were retaliated against?

9          MR. GRABLE:  Objection.  Form.

10     A.  Well, I -- if I was to hazard a guess, there's

11  a policy against what they've done.  I'm just -- I

12  would guess.  There was a written policy against

13  everything they've done.  There's the Constitution,

14  Number 1.  That's a -- that's a hell of a policy,

15  supposed to be anyway.  But that's all just pretty

16  little paper just to make everybody happy.

17     Q.  (BY MR. RUIZ)  Uh-huh.

18     A.  The practice, I think, has been shown in

19  numerous videos, in numerous angles from numerous days.

20     Q.  Okay.  Can you be a little bit more specific

21  on -- on which videos indicate the practice that you're

22  saying that there was a city practice that -- to

23  retaliate -- retaliate against --

24     A.  Not really.

25     Q.  -- someone --

David Bailey                                                    January 05, 2022
                                                                    Page 120

```
 1              UNITED STATES DISTRICT COURT
                     DISTRICT OF TEXAS
 2               SAN ANTONIO DIVISION

 3 RUSSELL ZINTER, ET AL.,        (
           Plaintiffs,            (
 4                                (
   vs.                            (CIVIL NO.
 5                                (   SA-18-CA-680-JKP-RBF
                                  (
 6 CHIEF JOSEPH SALVAGGIO,        (
   ET AL.,                        (
 7         Defendants             (

 8             REPORTER CERTIFICATION
                    DAVID BAILEY
 9           TAKEN ON JANUARY 5TH, 2022

10         I, Stephanie McClure Lopez, Certified
   Shorthand Reporter in and for the State of Texas,
11 hereby certify pursuant to the Rules and/or agreement
   of the parties present to the following:
12         That this deposition transcript is a true
   record of the testimony given by the witness named
13 herein, after said witness was duly sworn or affirmed
   by me.
14         The witness _____ was/ __X____ was not
   requested to review the deposition.
15         I further certify that I am neither attorney
   nor counsel for, related to, nor employed by any of the
16 parties to the action in which this testimony was
   taken.  Further, I am not a relative nor employee of
17 any attorney of record in this cause, nor do I have a
   financial interest in this action.
18         SUBSCRIBED AND SWORN to on this the _____
   day of _____, 2022.
19
20                          _____
                            STEPHANIE McCLURE LOPEZ, CSR
21                          Texas CSR 3483;   Expiration: 7/31/22
                            Magna Legal Services
22                          JBCC Firm Registration No. 633
                            16414 San Pedro Avenue, Suite 900
23                          San Antonio, Texas  78232
                            Telephone:  210.697.3400
24                          Facsimile:  210.697.3408

25
```




# CITY OF LEON VALLEY
# POLICE DEPARTMENT

To:        Detective Munoz, Leon Valley Police Department

From:      Joseph Salvaggio, Chief of Police

Date:      July 10, 2018

Subject:   Arrests for PC 36.06 Retaliation

On May 2, 2018 a self-proclaimed "auditor" named Jesus Padilla (known as Mexican Padilla on YouTube Live) was live streaming in the City of Leon Valley Municipal Court, Administrative Offices and City Hall building. He had entered a secure area of the building when I observed him and asked him to leave the restricted area. Padilla repeatedly refused my orders to leave the area; and began cursing me in Spanish and English. After numerous attempts to get him to leave the area I advised Padilla he was under arrest. He refused to comply with my repeated orders to submit to the arrest, forcing us to take him to the ground as he struggled, fought and spit on me several times. After a lengthy struggle he was finally secured. Jesus Padilla was charged with Criminal Trespass and Resisting Arrest. As the arrest was unfolding, the City of Leon Valley telephone lines lit up with calls from across the world. Messages began to pour in threatening our employee's safety, their families' safety, as well as violence to our facilities. This is called "flood calling" and is a tactic that is used by the "auditors" to intimidate and harass organizations into doing what they demand. We filed additional charges on Jesus Padilla and his wife for harassment for broadcasting for a flood call to continue, as well as for harassment of our employees. The calls and emails continue to this day.

**DEPOSITION**

Plaintiff #2

**Exhibit L**

Zinter - Def Officers Bates No. 666

# CITY OF LEON VALLEY
# POLICE DEPARTMENT

Jesus Padilla also broadcast a call for other "1st Amendment Auditors" to come to Leon Valley to harass and or create havoc for the city. A few days later he returned with other "auditors" and media and was promptly arrested for criminal trespass, again (he would later be arrested a third time with an auditor out of Tucson, Arizona). Other self-proclaimed "auditors" started coming by the Leon Valley Municipal Court, Administrative Offices and City Hall building in order conduct an "audit". These "auditors" were coming in daily and were disrupting court business by approaching persons attempting to conduct business at the court and within other administrative offices essential to the court. In addition, the threats of violence against our employees and I continued to pour in. I began working with the Judges assigned to our Municipal Court on a Court Decorum policy that would clearly identify where weapons and cameras were allowed.

The signed judge's order was posted in the lobby on both doors entering Municipal Court, was placed on the Leon Valley website, and copies were made to hand out to everyone who entered the areas essential to the court. This further enraged the "auditors" causing further "audits" and harassment of our city administration. Numerous calls for mass appearances at the City of Leon Valley and for phone calls to the City of Leon Valley were broadcast on YouTube. Many of these calls and videos contained threats to Leon Valley police officers and specifically, me the Chief of Police.  Numerous "auditors" from across the United States stated they were traveling to Leon Valley for a "mass rally" against the police. We started seeing known "auditors" from Arizona, Ohio, Louisiana, Crowley, Texas, and Houston, Texas posting videos of their arrival in San Antonio and Leon Valley.

Zinter - Def Officers Bates No. 667

# CITY OF LEON VALLEY
# POLICE DEPARTMENT

On June 18, 2018, as Leon Valley police officers were posted at the Municipal Court entrance searching people and notifying those entering of the Municipal Court Judge's order banning recording devices, another self-proclaimed "auditor", David Bailey (known as Texas Wolfman on YouTube) was blocking the entrance when he was asked not to do so multiple times. After continuing to block the entrance, preventing a citizen from entering the building, Bailey was arrested for Blocking a Passageway. Later this day, numerous calls to action were posted and broadcast on YouTube channels along with death threats to Leon Valley employees, my family and I. I did not know any of these "auditors" prior to their arrests; so, any threats being made were in retaliation of the lawful arrests that were being made by the Leon Valley Police Department and I while in our official capacity as police officers in the State of Texas.

June 18, 2018, was the first day I became aware of the auditors posting my personal address, along with death threats on the "auditors" YouTube Live Videos. These videos were being posted on the individual auditors YouTube account that they alone control. In addition, each auditor has "moderators" or "mods" who are given a "wrench" that can remove posts from their video feeds. These "mods" can be seen removing posts from the YouTube Live video that are in support of police officers and against the YouTube Live channels owners liking; but they left the home addresses and death threats to my family and I on their feed. The person filming the YouTube Live segment and the "mods" can see the posts approximately a minute before they are seen by the public; yet took no effort to remove them or stop anything that were threatening or addresses of my family and I. In addition, they posted the videos on their YouTube live account without

Zinter - Def Officers Bates No. 668

ever trying to remove anything that would be deemed harmful or threatening, or my family's personal information as well as mine. I became very fearful for my family's safety, as well as scared for my own life. I immediately went home and removed my family from the house. They were kept away for well over a week out of being terrified for their safety. The attacks continued.

Throughout the week auditors posted the information and death threats numerous times, which was quickly spread through their YouTube networks to tens of thousands of followers. During these posts and live streams our names, home address and phone numbers were continually shared and numerous threats to harm us were posted as were threats to kill us and our entire families. These threats and calls for violence placed my family and I in fear of personal harm, injury or death. There were so many posts and threats I was unable to keep up. Many friends, acquaintances and supporters were calling me and warning me of the group's threats and intentions. My family and I are and have been in fear for our lives. My wife and children were not able to return home for fear for their lives. My son-in-law has gone as far as installing a new home security system he can monitor in real time and I have been forced to re-install a security system in my home out of fear for our safety.

All of these self-proclaimed auditors banned together in their separate live streams and broadcasts and asked their followers to come to the City of Leon Valley in mass on June 22, 2018, for a mass demonstration and mass disruption. Due to the extensive communication traffic on their sites, and the clear signs of escalation in their actions, I reached out to other local and state police agencies for mutual aid assistance. The

Zinter - Def Officers Bates No. 669

# CITY OF LEON VALLEY
# POLICE DEPARTMENT

Department of Public Safety (DPS), Bexar County Sheriff's Office, San Antonio Police Department and Leon Valley Police Department all placed officers on standby in case of a mass demonstration or mass disobedience by the different groups and individuals that had responded with intentions to come to Leon Valley. By the morning of June 22, 2018, Jason Green (AKA – Ohio Guardian) and his son Jonathan Green (AKA – Ohio Guardian 2.0) live streamed their travel to Leon Valley. Bao-Quoc Trac Nguyen, James Springer, and Joseph Pierce also live streamed their return to Leon Valley from Crowley, Texas. There were calls for weapons to be brought and mass executions of police officers and my family. The auditors continued to post the death threats along with my personal information on their YouTube Live accounts, making no attempt to remove anything threatening or my personal information, yet continued removing things that were pro-police. This deliberate and purposeful actions on the part of these individuals demonstrates that they condoned, supported, and were intentionally leaving the threats and personal information on their sites, despite having the ability to remove it when it occurred, or throughout the week by removing the video from their YouTube Live channels. The owner of the account is solely in control of the material being posted, and in accordance with the YouTube Live account they agreed to, they and they alone are responsible for the content of their videos.

On June 22, 2018 approximately twenty-five "auditors" descended on the City of Leon Valley Municipal building which houses City Hall, the police department, city administrative offices, and Municipal Court, court offices, and areas essential to the

Zinter - Def Officers Bates No. 670

court. They lawfully photographed from areas they could legally do so throughout the day. No attempt by our department or assisting agencies were made to contact them or arrest them for any violations. Throughout the day, auditors harassed civilian employees and police officers by deliberately walking in front of personal vehicles as they were leaving and taking videos and photos of employee's, their vehicles and license plates. The auditors would post this information live on YouTube and ask someone to "run them" and get the personal information of the owners. This further increased the fear of all employees for the City of Leon Valley.

On Saturday June 23, 2018, several of the "auditors" were at the building when I arrived to try and catch up on the plethora of open records requests, phone messages, and emails that have inundated our city staff and I since the "auditors" began their harassment campaign. I began getting calls and emails from citizens who were seeing the YouTube live streams from the 10-15 auditors who were at the building. All of the emails and calls stated there were more death threats and my family (wife- Patricia) and my personal information were being shared on Bao-Quoc Trac Nguyen and James Springer's YouTube Live accounts. They all said Bao nor Springer were taking any action to remove the threats or personal information from the videos they were posting to their personal YouTube accounts. I began watching the feeds and saw some of the death threats and personal information being posted on both of their accounts. In a video dated June 23, 2018, I observed Bao-Quoc Trac Nguyen personally interacting with the commenters on his YouTube Live post, reading off some comments, yet

Zinter - Def Officers Bates No. 671

skipping over the posting of my address and the death threats. I witnessed him read posts above and below a threat and address, but never make any comment or take any action to stop the death threats and addresses being placed on his live feed. In addition, Bao-Quoc Trac Nguyen never asked his "moderators" to remove the addresses or death threats from the post, nor did they remove the posts that had death threats and my personal address on the YouTube Live posts that they posted and solely controlled. The video remained on YouTube Live as of the date of this statement.

I also reviewed a video post from James Springer dated June 23, 2018. In this video I witnessed a person known to me as Zhoie Perez (You Tube Live name of Furry Potato) live streaming for James Springer on his "James Freeman" YouTube Live account. In the live stream, my personal address was given out multiple times, and Zhoie Perez (Furry Potato) even repeats the address out loud. James Springer is seen interacting with Zhoie Perez throughout the video, and the YouTube Live account is James Freeman (James Springer). The moderators on the account that day are the same as the moderators that are usually on James Springers account, including James Springer's wife (known as Mrs. Springer on YouTube Live). Neither Zhoie Perez nor James Springer asked the "moderators" to remove the addresses or death threats from James Springers live post, nor did they later remove the posts that had death threats and my personal address on the YouTube Live posts that they posted and solely controlled. I contacted a member of the Bexar County District Attorney's Office with my concern that the original video evidence on their cameras could be lost if we allow them to leave and travel back to whatever out of town location they lived. I also shared my

Zinter - Def Officers Bates No. 672

# CITY OF LEON VALLEY
# POLICE DEPARTMENT

concern that the vast majority of the people that were here were unknown to us; and would be lost as witnesses if we didn't identify them at that time. The Assistant District Attorney agreed with me that we had more than enough probable cause to make the arrest and preserve the video evidence, to include the recording devices of those present at that time. As most of my staff are off on Saturday, I began calling officers in to assist with the apprehensions.

At approximately 1600 hours I walked out of the building, approached a member of the group and advised her I would be making a statement at the front doors in approximately 20 minutes. I gathered up enough officers to be able to safely effect the arrest and went outside. I saw Bao-Quoc Trac Nguyen backing up in the street as if he was getting ready to run. I advised him and James Springer they were under arrest for PC 36.06 Retaliation. Unfortunately, Zhoie Perez ran from the location and was able to escape. We will conduct an investigation on this individual for possible charges to be filed at a later date. I also advised another individual that was blocking the roadway that he too was under arrest. This person became to be known as Jonathan Green (known on YouTube Live as Ohio Guardian 2.0) from Ohio. After officers properly identified him, I asked that he be released for possible charges to be filed at a later date. The remainder of the group were taking photos or video of the event as it unfolded. I advised everyone present that they were considered witnesses and would have to remain at the location until they were identified, and that we would be seizing all recording devices as evidence. I further explained that a warrant would be obtained for the evidence and the device would be returned to them once completed. Several members of the group

CITY OF LEON VALLEY

# CITY OF LEON VALLEY
# POLICE DEPARTMENT

refused to identify themselves or refused to allow collection of the recorded evidence. Those individuals were arrested for either failure to identify as a witness, for interference with the duties of a peace officer, or for both. Another individual was present with an oxygen machine and tubing. Despite being outside in the hot sun for most of the day, within a few minutes he began stating he was getting dizzy. We offered him water, to which he stated he had Gatorade (orange in color). Captain Saucedo called for EMS whom came to the front of the building to treat the individual. We had no additional contact with the individual once EMS arrived.

Within minutes of the arrests videos were being taken down and YouTube Live accounts were being deleted. I ordered my detectives to complete a preservation order to be issued to YouTube for all of the active "auditors" that we had seen death threats and my personal information on, or accounts that we were notified of by citizens and police officers from around the United States that contained them. We will be seeking warrants for each of the devices and each YouTube account involved in these threats and posting of my personal information. I continue to live in fear for my family and my life. My wife and daughter were not allowed to return home for a week and a half. We all remain in constant fear due to the videos posted by Bao-Quoc Trac Nguyen and James Springer as retaliation for my service as a police officer. In the near future, we plan to review the videos of the other YouTube Live "auditors" that have been involved and to file additional criminal charges for retaliation as warranted.

Please feel free to contact me at (210) 812-3345 if there are any questions or concerns with this report.

Zinter - Def Officers Bates No. 674

# CITY OF LEON VALLEY
# POLICE DEPARTMENT

Very Respectfully,

Joseph Salvaggio
Chief of Police
Leon Valley Police Department

Zinter - Def Officers Bates No. 675







We are protesting piggies guys, protesting piggies ☺

Clash With Bao

▶️ Subscribe  6.9K

7,579 views

➕ Add to    ↪ Share    ••• More                                👍 284  👎 43

Streamed live on Jun 23, 2018
Link For TTS:











We are protesting piggies guys, protesting piggies 😊







We are protesting piggies guys, protesting piggies 😊

Clash With Bao

▶ Subscribe  6.9K

7,579 views

➕ Add to    ➤ Share    ••• More

👍 284    👎 43

Streamed live on Jun 23, 2018
Link For TTS:



We are protesting piggies guys, protesting piggies ☺

Clash With Bao

Subscribe  6.9K

7,579 views

👍 284   👎 43

Streamed live on Jun 23, 2018
Link For TTS:









1              UNITED STATES DISTRICT COURT

2              WESTERN DISTRICT OF TEXAS

3               SAN ANTONIO DIVISION

4

5    RUSSELL ZINTER; et al,      )
                                 )
6                                )
            Plaintiffs,          )
7                                )
     Vs.                         )CIVIL NO.
8                                )SA-18-CA-680-JKP-RBF
                                 )
9    CHIEF JOSEPH SALVAGGIO,     )
     et al,                      )
10                               )
                                 )
11          Defendants.          )

12

           ORAL AND VIDEOTAPED DEPOSITION OF
13
                    KEVIN EGAN
14
               JANUARY 12, 2022
15            (Reported Remotely)

16          ORAL AND VIDEOTAPED DEPOSITION OF KEVIN EGAN,

17   produced as a witness at the instance of the Defendants

18   and duly sworn, was taken in the above-styled and

19   numbered cause on January 12, 2022, from 9:04 a.m. to

20   11:52 a.m., before Teresa Smith, RPR, Texas CSR Number

21   11814, California CSR Number 13473, in and for the State

22   of Texas, reported by computerized stenotype machine,

23   pursuant to the Texas Rules of Civil Procedure and the

24   provisions stated on the record herein.

Exhibit
N

25

Kevin Egan                                          January 12, 2022
                                                            Page 2

```
 1              A P P E A R A N C E S

 2

 3   FOR THE PLAINTIFFS:

 4   AUSTIN REYNA, ATTORNEY AT LAW
     GRABLE GRIMSHAW MORA PLLC
 5   1603 Babcock Road, Suite 280
     San Antonio, Texas 78229
 6   (210) 592-4655
     austin@ggm.law
 7

 8
     FOR THE DEFENDANT:
 9   (City of Leon Valley)

10   ADOLFO RUIZ, ATTORNEY AT LAW
     DENTON NAVARRO ROCHA BERNAL & ZECH
11   2517 N. Main Avenue
     San Antonio, Texas 78212
12   (210) 227-3243
     aruiz@rampagelaw.com
13

14   FOR THE DEFENDANT:
     (Leon Valley Police Officers)
15
     HECTOR SAENZ, ATTORNEY AT LAW
16   LAW OFFICES OF CHARLES S. FRIGERIO
     111 Soledad, Suite 840
17   San Antonio, Texas 78205
     (210) 271-7877
18   csf@frigeriolawfirm.com

19
     ALSO PRESENT:
20

21   KTA Video Host

22   Jonathan Green

23   Jason Green

24   Juan Gonzales, Jr.

25   Kevin Egan
```

Kevin Egan                                              January 12, 2022
                                                              Page 3

```
 1    ALSO PRESENT (continued):

 2

 3    Mark Brown

 4    Russell Zinter

 5    James Miller

 6    Greg Gardiner

 7    David Bailey

 8    Joelle Thomas

 9    Luis Vailente

10    Marlena Guajardo

11    Carolyn Stritzke

12

13

14                        --oOo--

15

16

17

18

19

20

21

22

23

24

25
```

Kevin Egan                                                    January 12, 2022
                                                                      Page 4

```
 1                          WITNESS INDEX

 2   WITNESS:                                              PAGE

 3      KEVIN EGAN (Sworn)

 4

 5   EXAMINATION BY MR. RUIZ                                  5

 6   EXAMINATION BY MR. SAENZ                                70

 7   FURTHER EXAMINATION BY MR. RUIZ                         88

 8   FURTHER EXAMINATION BY MR. SAENZ                       100

 9   FURTHER EXAMINATION BY MR. RUIZ                        103

10   WITNESS' CORRECTIONS                                   107

11   WITNESS' SIGNATURE                                     108

12   REPORTER'S CERTIFICATE                                 110

13

14

15

16                          EXHIBIT INDEX

17

18        (No exhibits were marked or proffered.)

19

20

21                          --oOo--

22

23

24

25
```

 1   BY MR. SAENZ:

 2       Q.  When you're -- when you're reading YouTube

 3   channels, have you ever come across, that you recall,

 4   any police threats?

 5            MR. REYNA:  Objection.  Form.  You can answer.

 6            THE WITNESS:  I'm not hearing properly that

 7   last word.

 8   BY MR. SAENZ:

 9       Q.  Police threats, T-H-R-E-A-T-S.

10       A.  Oh, okay.  Yeah, probably.

11       Q.  Okay.  And when you see any, do you do

12   anything about it or -- or what do you do?

13       A.  I don't do anything because they're all

14   usually blowing smoke up their butt.

15       Q.  Okay.  Were you aware that there had been some

16   police threats made toward the Leon Valley police

17   officers in 2018?

18            MR. REYNA:  Objection.  Form.  You can answer.

19            THE WITNESS:  I became aware of it afterwards.

20   BY MR. SAENZ:

21       Q.  Okay.  And what was your understanding?

22       A.  That -- that somebody posted the Chief's

23   address, home address.

24       Q.  Oh, okay.  Was that something that you became

25   aware of on June 23rd, 2018, when the Chief came out?

```
 1   unwritten policies.

 2       Q.  Okay.

 3       A.  And -- and being from Chicago, I'm very

 4   familiar with unwritten policies as far as the city and

 5   police goes.

 6       Q.  But --

 7       A.  The city knew -- the city has known for how

 8   many weeks what was going on, and they continued to let

 9   it happen, which would tell me that their policy was to

10   let the Chief do what he did.

11       Q.  So, are you indicating that the -- the -- that

12   the -- the city around the -- well, what -- now, I guess

13   it -- it's following a certain policy as directed.

14           Are you indicating that there was a policy

15   that -- that Chief Salvaggio was following or that

16   the -- the city allowed the Chief to exercise his

17   discretion on whatever he was doing?

18           MR. REYNA:  Objection.  Form.  You can answer.

19           THE WITNESS:  I have no idea.

20   BY MR. RUIZ:

21       Q.  Okay.

22       A.  I don't know how to answer that one.

23       Q.  Okay.  And it's generally the -- Salvaggio was

24   acting under, you know, if there's a city policy to

25   arrest anyone that was exercising the First Amendment
```

 1   right, so Salvaggio did what he did.  So that's the

 2   essence of my question.

 3           Is there a policy that you believe that --

 4   that -- that the Chief followed to -- to do what he did?

 5       A.  To detain everybody, I would probably put it

 6   that way.  They allowed him to detain everybody and

 7   actually go away from the property and round up other

 8   people.

 9       Q.  And -- and so there was a -- do you believe

10   that was a -- the city's policy?

11       A.  Well --

12                       (Crosstalk.)

13               (Reporter Clarification.)

14           THE WITNESS:  A specific policy to allow him

15   to go and round up everybody, probably not; but a policy

16   of letting him have free rein to do whatever he wants.

17   BY MR. RUIZ:

18       Q.  The -- now, we -- we discussed this word in

19   other depositions.  An auditor.  Can you tell me what

20   you believe an "auditor" is?

21       A.  I -- I don't know.  It's what they call

22   themselves.  They go out and stand and film something

23   and see if anybody's going to try to tell them that they

24   can't.  I don't particularly care for the word

25   "auditor".  I -- I kind of prefer "investigator".

```
 1                  UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF TEXAS
 2                    SAN ANTONIO DIVISION

 3    RUSSELL ZINTER; et al,      )
                                  )
 4                                )
              Plaintiffs,         )
 5                                )
      Vs.                         )CIVIL NO.
 6                                )SA-18-CA-680-JKP-RBF
                                  )
 7    CHIEF JOSEPH SALVAGGIO,     )
      et al,                      )
 8                                )
                                  )
 9              Defendants.       )

10

11                  REPORTER'S CERTIFICATION
                    DEPOSITION OF KEVIN EGAN
12                   TAKEN JANUARY 12, 2022

13

14          I, Teresa Smith, Certified Shorthand Reporter
      in and for the State of Texas, hereby certify to the
      following:
15
            That the witness, KEVIN EGAN, was duly sworn
16    by the officer and that the transcript of the oral
      deposition is a true record of the testimony given by
17    the witness to the best of my ability;

18          That the deposition transcript was submitted
      on _____, to the witness or to the attorney
19    for the witness for examination, signature and return to
      KIM TINDALL & ASSOCIATES, by _____;
20
            That the amount of time used by each party at
21    the deposition is as follows:

22          ADOLFO RUIZ - 2 hours, 3 minutes
            HECTOR SAENZ - Zero hours, 32 minutes
23          AUSTIN REYNA - Zero hours, Zero minutes

24          That pursuant to information given to the
      deposition officer at the time said testimony was taken,
25    the following includes counsel for all parties of
      record:
```

Kevin Egan                                              January 12, 2022
                                                            Page 110

 1           AUSTIN REYNA - ATTORNEY FOR PLAINTIFF(S)
             ADOLFO RUIZ - ATTORNEY FOR DEFENDANT(S)
 2           HECTOR SAENZ - ATTORNEY FOR DEFENDANT(S)

 3           I further certify that I am neither counsel
     for, related to, nor employed by any of the parties in
 4   the action in which this proceeding was taken, and
     further that I am not financially or otherwise
 5   interested in the outcome of the action.

 6           Further certification requirements pursuant to
     Rule 203 of TRCP will be certified to after they have
 7   occurred.

 8           Certified to by me this 25th day of January,
     2022.

 9

10

11

12

13

14                    Teresa C. Smith

15           Teresa Smith, CSR No. 11814
             Expiration Date: 11/5/2022
             Magna Legal Services
16           Firm Registration No. 633
             16414 San Pedro, Suite 900
17           San Antonio, Texas  78232
             Phone:  (866) 672-7800

18

19

20

21

22

23

24

25

```
 1              UNITED STATES DISTRICT COURT

 2              WESTERN DISTRICT OF TEXAS

 3                SAN ANTONIO DIVISION

 4

 5  RUSSELL ZINTER; et al,      )
                                )
 6                              )
            Plaintiffs,         )
 7                              )
    Vs.                         )CIVIL NO.
 8                              )SA-18-CA-680-JKP-RBF
                                )
 9  CHIEF JOSEPH SALVAGGIO,     )
    et al,                      )
10                              )
                                )
11          Defendants.         )

12

13          ORAL AND VIDEOTAPED DEPOSITION OF

14                    BRIAN HOWD

15              JANUARY 12, 2022
               (Reported Remotely)

16          ORAL AND VIDEOTAPED DEPOSITION OF BRIAN HOWD,

17  produced as a witness at the instance of the Plaintiffs

18  and duly sworn, was taken in the above-styled and

19  numbered cause on January 12, 2022, from 1:31 p.m. to

20  4:43 p.m., before Teresa Smith, RPR, Texas CSR Number

21  11814, California CSR Number 13473, in and for the State

22  of Texas, reported by computerized stenotype machine,

23  pursuant to the Texas Rules of Civil Procedure and the

24  provisions stated on the record herein.
```

**Exhibit O**

25

Brian Howd                                              January 12, 2022
                                                              Page 2

```
 1                 A P P E A R A N C E S

 2

 3   FOR THE PLAINTIFFS:

 4   AUSTIN REYNA, ATTORNEY AT LAW
     GRABLE GRIMSHAW MORA PLLC
 5   1603 Babcock Road, Suite 280
     San Antonio, Texas 78229
 6   (210) 592-4655
     austin@ggm.law
 7

 8
     FOR THE DEFENDANT:
 9   (City of Leon Valley)

10   ADOLFO RUIZ, ATTORNEY AT LAW
     DENTON NAVARRO ROCHA BERNAL & ZECH
11   2517 N. Main Avenue
     San Antonio, Texas 78212
12   (210) 227-3243
     aruiz@rampagelaw.com
13

14   FOR THE DEFENDANT:
     (Leon Valley Police Officers)
15
     HECTOR SAENZ, ATTORNEY AT LAW
16   LAW OFFICES OF CHARLES S. FRIGERIO
     111 Soledad, Suite 840
17   San Antonio, Texas 78205
     (210) 271-7877
18   csf@frigeriolawfirm.com

19
     ALSO PRESENT:
20

21   KTA Video Host

22   Jonathan Green

23   Jason Green

24   Juan Gonzales, Jr.

25   Kevin Egan
```

Brian Howd                                          January 12, 2022
                                                         Page 3

1   ALSO PRESENT (continued):

2

3   Mark Brown

4   Russell Zinter

5   James Miller

6   Greg Gardiner

7   David Bailey

8   Joelle Thomas

9   Luis Vailente

10   Marlena Guajardo

11   Carolyn Stritzke

12                          --oOo--

13

14

15

16

17

18

19

20

21

22

23

24

25

Brian Howd                                          January 12, 2022
                                                         Page 4

 1                      WITNESS INDEX

 2   WITNESS:                                        PAGE

 3     BRIAN HOWD (Sworn)

 4   EXAMINATION BY MR. RUIZ                            5

 5   EXAMINATION BY MR. SAENZ                          93

 6   FURTHER EXAMINATION BY MR. RUIZ                  107

 7   WITNESS' CORRECTIONS                             114

 8   WITNESS' SIGNATURE                               115

 9   CERTIFICATE OF REPORTER                          117

10

11

12

13

14                      EXHIBIT INDEX

15

16        (No exhibits were proffered or marked.)

17

18

19                       --oOo--

20

21

22

23

24

25

1      Q.  Okay.  Later on did you learn that someone

2    made comments on a YouTube channel with regard to

3    threats to Chief Salvaggio?

4      A.  Did I learn about it, or did I hear chains of

5    people saying it -- it possibly happened?

6      Q.  Whatever.  However.  You know, did you -- did

7    you learn of it through any type of media, either

8    someone telling you or...

9      A.  I'm not going to say I never learned about it

10   because, you know, it's not something I studied or even

11   saw or looked at.  I heard innuendo of accusations of

12   it, but I never saw it.  I have no idea what it was,

13   what was said.

14     Q.  Okay.

15              (Reporter clarification.)

16     THE REPORTER:  The time is 2:54 p.m.  We're

17   going off the record.

18                  (A recess transpired.)

19     THE REPORTER:  The time is 3:11 p.m.  We're

20   going back on the record.

21   BY MR. RUIZ:

22     Q.  Mr. Howd, we returned from a short break.  I'm

23   going to change the topic on -- on the day of June 23rd,

24   2018, and I'd like to -- for you to tell me what

25   happened.  I -- I could go, I guess, question to

1    was this just something that somebody captured on video?

2        A.  I'm not sure who it was.

3        Q.  Okay.  Did you actually see her?  Did you hear

4    someone -- or did someone tell you that happened?

5        A.  I heard her voice say it.

6        Q.  Okay.  And just the audio; is that correct?

7        A.  Yes.

8        Q.  Okay.  Do you know if that was from a city

9    council meeting or a direct interview?

10       A.  No idea where it was from.

11       Q.  Okay.  And did you hear it on -- on the TV or

12   from the -- from your computer?

13       A.  YouTube.

14       Q.  Okay.  Oh, so you had the audio but not the

15   actual video?

16       A.  Correct.

17       Q.  Okay.  And who -- what -- whose YouTube

18   channel did you hear that from?

19       A.  I'm not sure.

20       Q.  Okay.  Okay.  So do you believe that there was

21   a city policy that -- that -- that Chief Salvaggio or

22   any of the other police officers were following that --

23   to, I guess, arrest individuals who were exercising

24   their First Amendment right?

25       A.  I have no idea what Chief Salvaggio and his

1    crew were following or thinking.

2        Q.   Do you believe that they were acting under

3    the, I guess a policy of the City?

4        A.   Well, I would hope that the City does not have

5    a policy that -- that states you can illegally arrest

6    people for doing constitutionally-protected activity.

7        Q.   Would you think that the City would have a

8    formal policy to arrest individuals for exercising their

9    First Amendment right?

10            MR. REYNA:  Objection.  Form.  You can answer.

11            THE WITNESS:  I have no idea what policies

12   they have and don't have.

13   BY MR. RUIZ:

14       Q.   Now, after the -- after June 23rd, 2018, you

15   indicated that you went -- went back to the city of Leon

16   Valley, I guess a few days later; is that -- is that

17   right?  Did I hear that correctly?

18       A.   Yes.

19       Q.   Okay.  And I guess, how long did you stay when

20   you went back to -- to the city?

21       A.   It wasn't long.  Maybe an hour.  Maybe two,

22   tops.

23       Q.   Okay.  In the other depositions, there was

24   another, I guess, gathering or rally at one of the

25   city's facilities, either the civic center or some place

```
 1                  UNITED STATES DISTRICT COURT
 2                   WESTERN DISTRICT OF TEXAS
                       SAN ANTONIO DIVISION
 3
      RUSSELL ZINTER; et al,      )
 4                                )
                                  )
 5              Plaintiffs,       )
                                  )
 6    Vs.                         )CIVIL NO.
                                  )SA-18-CA-680-JKP-RBF
 7                                )
      CHIEF JOSEPH SALVAGGIO,     )
 8    et al,                      )
                                  )
 9                                )
                Defendants.       )
10
11                  REPORTER'S CERTIFICATION
12                  DEPOSITION OF BRIAN HOWD
                     TAKEN January 12, 2022
13
14          I, Teresa Smith, Certified Shorthand Reporter
      in and for the State of Texas, hereby certify to the
15    following:
16          That the witness, BRIAN HOWD, was duly sworn
      by the officer and that the transcript of the oral
17    deposition is a true record of the testimony given by
      the witness to the best of my ability;
18
            That the deposition transcript was submitted
19    on _____, to the witness or to the attorney
      for the witness for examination, signature and return to
20    KIM TINDALL & ASSOCIATES, by _____;
21          That the amount of time used by each party at
      the deposition is as follows:
22
            Adolofo Ruiz - 2 hour, 28 minutes
23          Hector Saenz - Zero minutes, 19 minutes
            Austin Reyna - Zero hour, Zero minutes
24
25
```

Brian Howd                                          January 12, 2022
                                                         Page 117

 1          That pursuant to information given to the
    deposition officer at the time said testimony was taken,
 2  the following includes counsel for all parties of
    record:
 3
              AUSTIN REYNA - ATTORNEY FOR PLAINTIFF(S)
 4            ADOLFO RUIZ - ATTORNEY FOR DEFENDANT(S)
              HECTOR SAENZ - ATTORNEY FOR DEFENDANT(S)
 5
            I further certify that I am neither counsel
 6  for, related to, nor employed by any of the parties in
    the action in which this proceeding was taken, and
 7  further that I am not financially or otherwise
    interested in the outcome of the action.
 8
            Further certification requirements pursuant to
 9  Rule 203 of TRCP will be certified to after they have
    occurred.
10
            Certified to by me this 27th day of January,
11  2022.

12

13

14

15

16

17              Teresa Smith, CSR No. 11814
                Expiration Date: 11/5/2022
18              Magna Legal Services
                Firm Registration No. 633
19              16414 San Pedro, Suite 900
                San Antonio, Texas  78232
20              Phone:  (866) 672-7800

21

22

23

24

25

Joseph Salvaggio                                    December 13, 2021

```
 1              IN THE UNITED STATES DISTRICT COURT
                FOR THE WESTERN DISTRICT OF TEXAS
 2                    SAN ANTONIO DIVISION

 3
      RUSSELL ZINTER; JACK        )
 4    MILLER; BRIAN HOWD;         )
      JAMES A. MEAD; JOSEPH       )
 5    BRANDON PIERCE; MARK        )
      BROWN; DAVID BAILEY;        )
 6    JUAN GONZALES, JR.;         )
      KEVIN EGAN; JONATHAN        )
 7    GREEN; JAMES SPRINGER,      )
          Plaintiffs,            )
 8                                ) CIVIL ACTION
      VS.                         ) NO. 5:18-CV-0680-FB
 9                                )
      CHIEF JOSEPH SALVAGGIO;     )
10    LIEUTENANT DAVID            )
      ANDERSON; DEPUTY JANE       )
11    DOE GOLDMAN; OFFICER        )
      JOHNNY VASQUEZ; CPL.        )
12    CHAD MANDRY; SERGEANT       )
      JOHN DOW; OFFICER           )
13    JIMMIE WELLS; CPL.          )
      LOUIS FARIAS, BADGE         )
14    534; OFFICER BRANDON        )
      EVENS, BADGE 556;           )
15    OFFICER UZIEL               )
      HERNANDEZ; JOHN DOE         )
16    TASER 2; JOHN DOE TASER     )
      2; and THE CITY OF LEON     )
17    VALLEY, a POLITICAL         )
      SUBDIVISION of the
18    STATE OF TEXAS,
          Defendants.

19

20    _____

21

22              ORAL AND VIDEOTAPED DEPOSITION OF

23                  CHIEF JOSEPH SALVAGGIO

                        DECEMBER 13, 2021
24
              [REPORTED REMOTELY BY VIDEOCONFERENCE]
25    _____
```

**Exhibit P**

1           ORAL AND VIDEOTAPED DEPOSITION of the witness,

2    CHIEF JOSEPH SALVAGGIO, taken at the instance of the

3    Plaintiffs, in the above entitled cause, before CATHEY

4    RIMMER, Certified Shorthand Reporter in and for Bexar

5    County, Texas, on December 13, 2021, the Witness being

6    located at the offices of Leon Valley Police Department,

7    Leon Valley, Bexar County, Texas, between the hours of

8    10:20 o'clock a.m. and 6:42 o'clock p.m., pursuant to

9    the Federal Rules of Civil Procedure and the provisions

10   stated on the record or attached hereto.

11

12                    *-*-*-*-*-*-*-*

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    A P P E A R A N C E S

 2    APPEARING REMOTELY FOR PLAINTIFFS:

 3                GRABLE GRIMSHAW, PLLC
                  Mr. Brandon J. Grable
 4                Mr. Austin M. Reyna
                  1603 Babcock Road, Suite 118
 5                San Antonio, Texas 78229
                  (210) 934-4764
 6

 7    APPEARING REMOTELY FOR DEFENDANT OFFICERS:

 8                LAW OFFICES OF CHARLES S. FRIGERIO, P.C.
                  Mr. Charles S. Frigerio
 9                Mr. Hector X. Saenz
                  111 Soledad, Suite 465
10                San Antonio, Texas 78205
                  (210) 271-7877
11

12    APPEARING REMOTELY FOR DEFENDANT, CITY OF LEON VALLEY,
      TEXAS:
13
                  DENTON, NAVARRO, ROCHA, BERNAL & ZECH
14                Mr. Adolfo Ruiz
                  2517 North Main Avenue
15                San Antonio, Texas 78212
                  (210) 227-3243
16

17    ALSO APPEARING REMOTELY:

18                CHIEF JOSEPH SALVAGGIO
                       The Witness
19
                  CHAD JACKSON,
20                     Prevail Session Manager

21                CATHEY RIMMER
                       Certified Shorthand Reporter
22                     in and for the State of Texas

23                     *-*-*-*-*-*-*-*

24

25
```

```
 1                        I N D E X

 2

 3   TESTIMONY                                          PAGE

 4        Examination by Mr. Grable.....................

 5

 6   DEPOSITION EXHIBITS
     NO.  DESCRIPTION                            IDENTIFIED
 7
     1    Standing Orders Governing Court Decorum,
 8        Leon Valley Municipal Court,
          Def Officers Bates No. 000003.................  85
 9
     2    Memo, Salvaggio to Munoz, 7/10/18,
10        Zinter-Def Officers Bates No. 666-675.........  97

11   3    Email, Eddie Gonzales to David Gonzalez,
          8/11/21, Deft COLV 10861-10865................ 159
12
     4    Email from Salvaggio, 6/17/18, Deft 01859-01863 162
13
     5    Initial Case Report, Springer, 10/10/18,
14        Zinter-Def Officers Bates No. 501-502......... 184

15   6    Email, Salvaggio to FBI, 6/17/18,
          Deft COLV 2482-2483.......................... 188
16
     7    Email, Munoz to Gonzales, 4/9/19,
17        Deft COLV 10116-10129........................ 238

18

19                   *-*-*-*-*-*-*-*

20

21

22

23

24

25
```

 1  keyboard warriors.  They stand behind all these media

 2  ways to hide themselves.

 3       Q.  Okay.  So you understand that people are

 4  innocent until proven guilty, correct?

 5       A.  Oh, absolutely.

 6       Q.  Okay.  So I'm going to ask you what evidence do

 7  you have that any of the plaintiffs called Leon Valley

 8  to make any kind of threats?

 9       A.  I personally did not go over the evidence.  I

10  personally did not go over the call logs.  So I can't

11  answer that.

12       Q.  Okay.  So you'd agree with me then as we sit

13  here today you are not aware of any evidence that links

14  any of the plaintiffs to any of the threatening calls

15  made to Leon Valley in May of 2018?

16            MR. FRIGERIO:  Objection; form.  Go ahead

17  and answer if you can, Chief, but I'm objecting for the

18  record.

19            THE WITNESS:  I'm just saying at this point

20  I never looked at them.  I don't -- I don't have -- most

21  of this evidence in most of these arrests I wasn't

22  present at and I did not get involved with.

23       Q.  (BY MR. GRABLE)  Okay.  So you had all of

24  their phones at one point, correct?

25       A.  I didn't have their phones at all.

 1      Q.  So did you order that the phones be seized?

 2      A.  No, we ordered that we were going to look at

 3  their phones if they were a witness to a crime, as we

 4  were advised to do by the district attorney's office.

 5      Q.  Okay.  And we'll get to that.  But I just want

 6  to make clear that you had or Leon Valley had in their

 7  possession at one point plaintiffs' phones, correct?

 8      A.  We had phones from arrestees, suspects and

 9  witnesses, correct.

10      Q.  Okay.  And these phones, there was a

11  forensic -- I guess, some kind of forensic work done on

12  these phones, correct?

13      A.  We went to court and got a court order to be

14  able to download the phones.  Some of the phones we

15  could not download.  Well, let me go back and say we

16  turned those over to, I believe, the Secret Service and

17  SAPD, and they're the ones that attempted to download

18  the phones, weren't successful on many of them to get

19  them downloaded, and so I don't know which ones were

20  successful and which ones weren't.

21      Q.  Okay.  And just for the record -- well, let

22  me -- if you could have linked an individual with making

23  threatening calls via phone to Leon Valley, could you

24  have charged that individual with a crime?

25      A.  We can charge a lot of people with a lot of

Joseph Salvaggio                                    December 13, 2021
                                                         Page 143

 1      A.  May/June time frame, before all the big
 2 arrests.  Because if you look again, you look at -- even
 3 when Jack Miller got arrested there were several people
 4 in there, and we didn't seize any of their cameras or
 5 capture any of the original evidence.  It was just lost.
 6 Same thing when Padilla came in.  When several of them
 7 came in with Padilla we didn't do any of that.  It
 8 wasn't until later on after meetings with the DA's
 9 office that they saw that we were losing that original
10 evidence, and they brought it up as to whether or not we
11 should go ahead and seize it.  Until then we hadn't
12 seized any phones.  So we were following the attorney's
13 advice and the DA's advice on that one.
14      Q.  Okay.  Has it been your experience that you can
15 rely on the advice of the district attorney -- rely on
16 the advice of a district attorney to avoid going to get
17 a warrant?
18      A.  Again, oversimplification.  But if the DA's
19 office tells us this is what we need to do to capture
20 evidence of a crime, then we would definitely follow
21 that because that's the process that they want to us do.
22      Q.  Okay.  So your discussion with the district
23 attorney -- well, let me ask.  On June 23rd, 2018, for
24 example, you didn't actually have a discussion with the
25 district attorney's office on that date about arresting

1    people and seizing their phones; is that correct?

2          A.   Sir, for the third time, yes, I did, and it's

3    right in that report.   It tells you that before I made

4    one arrest I was on the phone with the DA's office.   I

5    was talking to intake.   I was talking to the number two

6    person in their agency and the lawyers, the prosecutors,

7    that had been assigned to this case, these cases, not

8    just mine.   Across Bexar County all these cases were

9    going to one group of prosecutors.   And so, yes, before

10   we made one arrest on the 23rd I had the conversation

11   with them, and that's been detailed in all of my reports

12   from day one.

13         Q.   All right.   Let's jump to that real quick.

14   June 23rd.   You pick up the phone and you talk to the

15   DA's office and you tell them what?

16         A.   I explained to them that we had already had the

17   discussion about the threats and the retaliation that

18   was going on to my family and I and had been going on

19   all week there on several of your plaintiffs and several

20   members of the group.

21         Q.   Wait a second.   Hold on before you keep going

22   on.   What several members of the plaintiffs, for the

23   record?

24         A.   From videos that Springer.   The videos that

25   Jack Miller was posting.   My address was on numerous of

 1  individuals such as Zinter, Meed, Gonzales, Padilla,

 2  because those devices may, for example, have evidence of

 3  a crime?

 4       A.  If they were -- if they were witness to a

 5  crime, the information that we had received from the

 6  district attorney's office, which I've testified to

 7  multiple times, is that they were told to seize the

 8  cameras.  Bailey's camera was seized but it was seized

 9  as part of his arrest that day.  Springer's was seized

10  as part of his arrest that day.  So it just depends

11  individually what was going on as to whether or not

12  cameras were seized or whether or not somebody was

13  arrested, and it changes why they were seized based on

14  an arrest, charged incident to arrest, or whether or not

15  they were seized as evidence of a crime.  It just

16  depends.

17       Q.  Okay.  So you received information from the

18  prosecutor's office that if somebody was a witness to a

19  crime, you could take their recording devices, correct?

20       A.  You can seize it, and then you have to get a

21  search warrant.  And I'd ask you to actually look at

22  International Association of Chiefs of Police Law

23  Enforcement Policing Center on recording police

24  activities.  Their model policy that all of us in the

25  United States at C2C, it even details in there what --

1   the same thing that we did and the same thing that the

2   district attorney's office said we should do.  So it is

3   a common practice, and it's not only ours.

4        Q.  So you don't know -- okay.  So you know there

5   were devices seized on June 18, 2018, correct?

6        A.  Correct, sir.

7        Q.  Okay.  How many people were arrested on

8   June 18, 2018?

9        A.  Please pop up the report, and I'll definitely

10  testify based on that report how many people were

11  arrested.  You have that.

12       Q.  Okay.  But you know that there were -- that

13  there were individuals who were just filming, right,

14  that had their items seized but they weren't arrested,

15  correct?

16       A.  I have no clue, partner.  Without it sitting in

17  front of me I couldn't tell you.  I don't know if

18  everybody got arrested.  That was in a very small

19  confined space.  I do remember one person out front that

20  was still filming the arrests and all that.  I don't

21  remember if they took his camera or they arrested him.

22  I remember he was backing up into the street.  But I

23  don't believe the other people that were in the area

24  that were protesting, I don't think they were even

25  talked to or anything.  So there was a lot of people

1  passageway.  You understand that, correct?

2      A.  Yes, sir.

3      Q.  Okay.  Are you aware of any instruction that

4  would have come from you or your command team to seize

5  any recording devices that people had that were filming

6  that incident?

7      A.  If they were filming a criminal incident, which

8  that one was, yes, they should have asked first to give

9  up their devices, and then if they don't they'll try to

10 take the devices, and if they resist they would be

11 arrested for interfering and resisting --

12     Q.  Okay.  So --

13     A.  -- as instructed by the district attorney's

14 office.

15     Q.  Okay.  But not -- so the district attorney just

16 told you generally, right?  Because -- let me clarify.

17 The district attorney did not tell you specifically that

18 in the Bailey incident on June 18th, 2018, that your

19 officers could just seize equipment from law-abiding

20 citizens who were nearby, correct?

21     A.  No, I don't know of any law-abiding citizens

22 that got their stuff taken away.  But if they were

23 filming, whether it be a news reporter or whether it be

24 part of your group were filming, it didn't matter.  If

25 they filmed a crime, that's original evidence, and, yes,

Joseph Salvaggio                                    December 13, 2021
                                                            Page 182

1      A.  No.  This is -- this is all basic stuff, search
2  incident to arrest or being a witness to a crime.  These
3  are all basic things that the officers know.
4      Q.  Okay.  So if -- all right.  So then if an
5  officer was instructed to take recording devices from
6  individuals who, I guess, witnessed a crime, that
7  guidance would have been something that you got from the
8  district attorney's office that you then gave to your
9  command team?  How did it get down to the officer who
10 was actually requesting the recording devices?
11     A.  I'm sure that either myself or my captain or my
12 lieutenant or my sergeant went to the roll calls and
13 disseminated the information to make sure how we were
14 going to handle this group when they came in and did
15 what we believed they were going to do.
16     Q.  Okay.  Do you have any written information that
17 shows that guidance that you would have passed
18 throughout your police department?
19     A.  You and I both have that information.  I'm
20 sorry you haven't looked at it.  It's the incident
21 action plan for those incidents and that protest.  It's
22 written in there in black and white as far as I can
23 remember.  Again, I don't have it in front of me.  I
24 just know that that's what they were being briefed.
25     Q.  Okay.  Who was in the room with you from the

1  to go through you?

2       A.   The DA constantly instructs our officers what

3  they will and won't take.  That happens every night that

4  we go down there to the DA's office.  Absolutely it

5  does.

6       Q.   So do you think that the district attorney

7  instructed your officers to make any of the arrests of

8  plaintiffs in this case?

9       A.   Oh, absolutely.

10      Q.   Who did the district attorney's office instruct

11  your officers to arrest?

12      A.   So before the arrest on the 23rd, anybody that

13  was arrested we got confirmation from intake and from

14  the attorneys that, yes, go ahead and make those arrests

15  for the retaliation and the whole thing about if they

16  refuse to -- if they had been a witness to anything or

17  the arrest and the refusal -- I can't think what I was

18  going to say at this point.  I'm getting tired.  But

19  basically, yes, all that was preapproved before we

20  arrested one person.

21      Q.   Okay.  So basically it's your testimony that

22  your officers would not have arrested any of the

23  plaintiffs unless the -- unless the district attorney's

24  office instructed them to do so?

25      A.   So we -- all week we had been getting death

 1  threats, and we were seeing those on James Springer and

 2  Bao's and several others, multiple that were being

 3  watched.  Those death thoughts and my address was being

 4  put out.  On the 23rd before everybody packed up and

 5  left the discussion was we don't know who most of these

 6  people are, we have no way of knowing if they're the

 7  ones sending in the death threats, you know, are they

 8  suspects, are they witnesses?  We're not going to be

 9  able to get the evidence of the crime if they leave.  We

10  can't get a search warrant because we don't know who

11  most of them are.  All of them are from out of town.

12  None of them lived in Leon Valley.  And so when we had

13  those discussions with the DA's office and intake, they

14  agreed to go ahead and make those arrests.

15       Q.  Okay.  So it wasn't the officers' own

16  observations then that they thought a crime was being

17  committed.  They were just following the instruction of

18  the district attorney's office?

19       A.  No, we were giving them the facts of the case,

20  asking them is it something that meets the criteria that

21  we had already discussed over multiple occasions and

22  whether or not we should follow them at large, like we

23  did the vast majority, or should we go ahead and arrest

24  them at that time, and we were instructed to go ahead

25  and arrest them at that time.

 1  think we called them all in once we decided -- after

 2  talking to the DA's office that we were going to make

 3  that arrest.

 4       Q.  Okay.  So on page seven of Plaintiff's 2, on

 5  the very bottom, it looks like the last complete

 6  sentence, it says, I contacted a member of the Bexar

 7  County District Attorney's Office with my concern that

 8  the original video evidence on their cameras could be

 9  lost if we allowed them to leave and travel back to

10  whatever out-of-town location they lived.

11       A.  Correct.

12       Q.  So did you contact a member of the Bexar County

13  District Attorney's Office on June 23rd, 2018?

14       A.  Yes, sir, just like it says there.

15       Q.  Okay.  Who did you talk to at the Bexar County

16  District Attorney's Office on Saturday, June 23rd, 2018?

17       A.  I talked to Jay Norton and I talked to intake,

18  and I don't recall the intake's name but it was whoever

19  answered the phone that day at the DA's office.  But the

20  main person I was speaking with at that point was Jay

21  Norton, who was the number two in the district

22  attorney's office and was assigned to us as part of

23  their dealings with us on the investigation.

24       Q.  Okay.  And then on page eight of Plaintiff's 2,

25  the first complete paragraph says, The assistant

1  district attorney agreed with me that we had more than

2  enough probable cause to make the arrest and preserve

3  the video evidence, to include the recording devices of

4  those present at the time.  Do you see that?

5      A.  Yes, sir, absolutely.

6      Q.  Okay.  So this is a little -- this is a little

7  vague because the whole paragraph essentially talks

8  about Springer, correct?  About the comment made -- what

9  was it? -- Furry Potato on Springer's video, and then it

10 talks about how you raised a concern with the Bexar

11 County District Attorney's Office and they authorized,

12 it says, the arrest.  So tell me what that conversation

13 was.  What were you seeking, I guess, guidance on?  Was

14 it to arrest everybody or was it to make one or two

15 arrests?

16     A.  We -- if you go back up further, you'll see

17 that we're talking -- most of this is discussion about

18 Bao Nguyen and about James Springer.  We had no intent

19 of arresting anybody else.  In fact, we hoped that we

20 wouldn't have to arrest anybody else, and so our intent

21 was only the arrest of those two individuals.  We wanted

22 to identify the Greens because we had gotten complaints

23 of -- and had seen videos of -- Mr. Jackson, I'm sorry

24 we're boring you -- videos of them blocking passageways

25 to keep our people from leaving the employee parking

1  enough eyes on the cases, so that we weren't making a

2  mistake and so that as many people could look at it

3  before the -- [unintelligible].  That was our goal and

4  that's what we did, and that's why the vast majority of

5  the charges were filed after the last arrest made on the

6  23rd.

7       Q.  Okay.  So you had time to talk to the district

8  attorney or someone from that office on June 23rd, 2018,

9  correct?

10      A.  Correct.

11      Q.  And then you even emailed the media too on

12 June 23rd, 2018, telling them not to run with the story,

13 correct?

14      A.  I mailed on the 23rd?

15      Q.  Yes.

16      A.  Okay.

17      Q.  You don't recall that?

18      A.  No, I don't, but if you pop it up on the screen

19 on the 23rd, I'll be more than happy to say yea or nay.

20      Q.  If you don't recall it, that's fine.

21      A.  I'm not saying I didn't do it.  I'm just saying

22 I don't recall it.

23      Q.  Right.  Then it says, About 1600 hours, which

24 is 4:00 p.m., you walked out of the building, approached

25 a member of the group and advised her you would be

 1  making a statement at the front doors in approximately

 2  20 minutes, correct?

 3       A.  Correct.

 4       Q.  And you gave this time period so you could

 5  gather up enough officers, right?

 6       A.  Correct.

 7       Q.  And so this was because -- was this because you

 8  anticipated that you were going to have to arrest or

 9  detain a large number of people?

10       A.  We didn't know what we were going to have.  We

11  just knew that we were going to arrest at least two

12  people, and I'm hoping that was it.  But, unfortunately,

13  your group didn't see fit to that.  So -- but I had no

14  officers, zero, on duty available to deal with this.  So

15  we had to call officers in from out of town even if we

16  arrested two.  I mean, we didn't have the resources, and

17  that's why they hit us.  That's why they hit the small

18  cities, because they know they can overwhelm them, they

19  know that they can shut down their organization.

20       Q.  I want to get through this.  So on June 23rd,

21  2018, how many officers were you able to get together?

22       A.  Oh, I don't recall.  I'm sorry.  I don't know.

23       Q.  How long did it take you to get your officers

24  together?

25       A.  Probably 20 or 30 minutes for the majority of

 1  right?

 2       A.  I was made aware of it, yes.

 3       Q.  And as a result you make the decision that you

 4  want to go and have everyone arrested and you want all

 5  their devices and you want to figure out who's making

 6  those comments, correct?

 7       A.  Not correct.  I didn't do anything.  I made a

 8  phone call and from that phone call got counseling from

 9  lawyers that are supposed to do this for a living and

10  was given guidance at that time.  It wasn't a rash

11  decision.  It was very calculated and had been for the

12  entire week.

13       Q.  Okay.  And so you told everyone that was there

14  that you were going to make a press conference on

15  June 23rd, 2018?

16       A.  Not correct.

17       Q.  Well, you told somebody, right?  You told

18  somebody you were --

19       A.  I told one person.  One.

20       Q.  Because you wanted people to stick around?

21       A.  I wanted James Springer and Bao to stick

22  around.

23       Q.  Okay.  Got it.  Understood.  Because that's

24  where the comments were directed at you, correct, on

25  their videos, on Springer and Bao's videos, right?

Joseph Salvaggio                                    December 13, 2021
                                                            Page 259

 1        A.  Correct.

 2        Q.  Okay.  So --

 3        A.  It wasn't just the comments.  It's the video,

 4   the original evidence with the videos.

 5        Q.  And original evidence.  You mean the video

 6   itself?  What do you mean original evidence?

 7        A.  Yeah, the video itself.  They can choose to not

 8   post it or post it.  A lot of things -- like Jack

 9   Miller, he won't post his stuff right away.  He goes

10   back and edits it and does all the sensational stuff to

11   make the police officer or whoever look silly.  These

12   original things, evidence, we have no way of having

13   unless we get the evidence on the spot, because once

14   they leave there they have the opportunity for the

15   evidence to be thrown away, whatever you call it.  I

16   don't say cancelled.  But basically they can destroy the

17   evidence once they left there.

18        Q.  Do you understand what a live stream is?

19        A.  I don't completely understand it.  But the live

20   stream, you have to hit a button when it's over to

21   upload that live stream.  It does not upload by itself.

22   It's a process that works.  That's my understanding.

23   I've never myself uploaded anything to YouTube.

24        Q.  Okay.  So your frustration or your -- you

25   talked about being scared.  That was about the comments

1 | or the threats made on Bao's and Springer's video.  I
2 | understand that.  What I'm trying to understand --
3 |     A.  It wasn't only theirs.  It was -- we were
4 | getting information from all different places,
5 | different -- as you show?  What's his name?  Bay Sock.
6 | I don't think his was just those two either.  Yeah, it
7 | wasn't just Bao and Springer.
8 |     Q.  I get that.  So I want to put that like off to
9 | the side.  Okay?  Now -- now I'm trying to understand.
10 | Help me understand in more detail.  The devices taken --
11 | the recording devices taken from everyone that was out
12 | at Leon Valley, right?  Essentially it was give me your
13 | device or you risk being arrested.  I'm trying to
14 | understand why was that the directive if the goal was to
15 | find out who was posting threats on Bao and Springer's
16 | videos?
17 |     A.  And again, it wasn't only about Bao and
18 | Springer.  It was about Joseph Pierce.  It was about
19 | David Bailey.  It was about different things that were
20 | going on at that time, suspects, where they were
21 | suspects of criminal activity.  It was original evidence
22 | in the fact that the death threats -- we don't know
23 | where they're coming from.  We need to identify the
24 | people that are making it.  People can sign -- were
25 | signing on from fake accounts or whatever.  They have

1  the ability.  And so based on all of that and that

2  discussion with the district attorney's office, they

3  agreed that we needed to seize the phones, get a search

4  warrant if we -- just because we seize the phone doesn't

5  mean we're going to see anything that's in there.  Now

6  we have to go get a search warrant signed by a judge,

7  and that's exactly what we did.  In fact, we went to

8  court multiple times where y'all tried to suppress those

9  things, whether it be a search warrant or a grand jury

10  subpoena, and the judges agreed that we had enough

11  probable cause to seize those phones.  I don't know what

12  else to tell you.

13      Q.  That wasn't necessarily what the judge's ruling

14  was, but that's fine.

15      A.  We got to seize the -- we got to access the

16  stuff, right?  You didn't stop us from accessing the

17  stuff.  The judges agreed.

18      Q.  Okay.  So your office was able to access all of

19  the devices, correct?

20      A.  After they -- after they obtained either search

21  warrants or the DA's office got grand jury subpoenas.

22      Q.  Okay.  And after all of that -- I just want to

23  make clear.  After all of that, the DA refused any

24  charges, for example, of engaging in organized crime?

25      A.  No, the DA's office took those originally.  A

```
 1            IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TEXAS
 2                    SAN ANTONIO DIVISION

 3
      RUSSELL ZINTER; ET AL,       )
 4         Plaintiffs,             )
                                   )
 5    VS.                          ) CIVIL ACTION
                                   ) NO. 5:18-CV-0680-FB
 6    CHIEF JOSEPH SALVAGGIO;      )
      ET AL,                       )
 7         Defendants.             )

 8

 9        CERTIFICATE TO THE ORAL DEPOSITION OF

10               CHIEF JOSEPH SALVAGGIO

11                  DECEMBER 13, 2021

12

13        I, CATHEY RIMMER, Certified Shorthand Reporter in

14   and for the State of Texas, do hereby certify to the

15   following:

16        That the Witness, CHIEF JOSEPH SALVAGGIO, was duly

17   sworn by the officer and that the transcript of the oral

18   deposition is a true record of the testimony given by

19   the Witness.

20        I further certify that pursuant to FRCP Rule

21   30(e)(1) that the signature of the Deponent was not

22   requested by the Deponent or a party before the

23   completion of the deposition.

24        I further certify that the amount of time used by

25   each party at the deposition is as follows:
```

Joseph Salvaggio                                    December 13, 2021
                                                    Page 269

1        Mr. Brandon J. Grable -  6 hours, 30 minutes

2        I further certify that I am neither attorney, nor

3   counsel for, nor related to, nor employed by any of the

4   parties to the action in which this testimony is taken,

5   and further that I am not a relative or employee of any

6   attorney of record in this cause, nor do I have a

7   financial interest in the action.

8        SUBSCRIBED AND SWORN TO on this the 10th day of

9   January, 2022.

10

11   _____
     CATHEY RIMMER, Texas CSR 519
12   Expiration Date: 04/30/2023
     Magna Legal Services
13   Firm Registration No. 633
     16414 San Pedro Ave., Ste. 900
14   San Antonio, TX  78232

15

16

17

18

19

20

21

22

23

24

25

# Incident Report

**LEON VALLEY POLICE DEPARTMENT**                                    **Incident #201804036**

## Administrative:

Date Reported: 6/23/2018                                    CFS#:

Location Address: **6400 EL VERDE RD**

City: LEON VALLEY                          State: TX    Zip: 78238          District: 3    Beat:    Grid:

Location: **LEON VALLEY POLICE DEPARTMENT**

Occurrence From: 06/23/2018  @ 17:30  To: 06/23/2018  @ 17:30              Day of Week: SAT

Status Date: 6/23/2018                  Status: CLEARED BY ADULT ARREST

Type: 48                    Description: OTHER OFFENSE / INCIDENT

---

Reportee: **MANDRY #540, CHAD**                    Address: 6400 EL VERDE RD

Race:              Sex:                              LEON VALLEY, TX 78238

DOB:            Offense Age:              Home Phone:              Work Phone: 2106843215

                  Current Age:              Mobile Phone:

---

Source of Call:              Time Received:        Time Dispatched:        Time Arrived:        Time Cleared:

Reporting Officer 1 ID: 1116            Name: MANDRY #540, CHAD

Reporting Officer 2 ID:            Name:

Investigating Officer ID: 1267          Name: MUNOZ, RUDY

## Offense:

Offense: **RESIST ARREST SEARCH OR TRANSPORT**

Statute: 38.03(a)                  Code: PC                        Penalty: MA

### *Offense M.O.*

Type of Location: GOVERNMENT/PUBLIC BUILDINGS              Forced: No

Point of Entry:                          Offender Used: Not Applicable

Method of Entry:                          Bias Motivation: ANTI-NONE

Family Violence: No                      Weapons Involved: NONE

Offense Note:

## Victim:

Victim Type: SOCIETY/PUBLIC                    Business: **STATE OF TEXAS**

                                Address:

                                Phone:

          NONE - - - -

Victim Note:

## Offender:

Relationship of Victim to Offender: STRANGER              Address: 5097 HOLLY AVE

---

DEFT COLV  00147



**LEON VALLEY POLICE DEPARTMENT**                                         **Incident #201804036**

| | | | | |
|---|---|---|---|---|
| Name: **HOWD, BRIAN** | | NORTON, OH 44203 | | |
| Race: W | Sex:  M | Home Phone:  (330)573-4044 | Work Phone: | |
| DOB: 2/12/1971 | Offense Age: 57 | Mobile Phone: | | |
| Juvenile: N | Current Age:  47 | | | |

| | | | | |
|---|---|---|---|---|
| SSN: | Hgt: 6'02" | Wgt: 175 | Skin Tone: | Face Hair: |
| LID: | Hair:  BRN | Eyes: | Resident: | Citizen: |
| DL#:  RS963733 | DL State: OH | DL Type: | | |

| | | |
|---|---|---|
| License Number: | Year: | Make: |
| License State: | Color: | Model: |
| License Year: | VIN: | Style: |
| Offender Note: | | |

## Offense:

Offense: **INTERFERENCE W/PUBLIC DUTIES**

| | | |
|---|---|---|
| Statute:  38.15(a) | Code:  PC | Penalty:  MB |

### Offense M.O.

| | |
|---|---|
| Type of Location:  GOVERNMENT/PUBLIC BUILDINGS | Forced:  No |
| Point of Entry: | Offender Used:  Not Applicable |
| Method of Entry: | Bias Motivation: ANTI-NONE |
| Family Violence:  No | Weapons Involved: |

Offense Note:

## Victim:

| | |
|---|---|
| Victim Type:  SOCIETY/PUBLIC | Business:  **STATE OF TEXAS** |
| | Address: |
| | Phone: |

Victim Note:

## Offender:

| | |
|---|---|
| Relationship of Victim to Offender: | Address:  5097 HOLLY  AVE |
| Name: **HOWD, BRIAN** | NORTON, OH 44203 |

| | | |
|---|---|---|
| Race: W | Sex:  M | Home Phone:  (330)573-4044    Work Phone: |
| DOB: 2/12/1971 | Offense Age: 57 | Mobile Phone: |
| Juvenile: N | Current Age:  47 | |

| | | | | |
|---|---|---|---|---|
| SSN: | Hgt: 6'02" | Wgt: 175 | Skin Tone: | Face Hair: |
| LID: | Hair:  BRN | Eyes: | Resident: | Citizen: |
| DL#:  RS963733 | DL State: OH | DL Type: | | |

| | | |
|---|---|---|
| License Number: | Year: | Make: |
| License State: | Color: | Model: |
| License Year: | VIN: | Style: |
| Offender Note: | | |

## Offense:

DEFT COLV  00148

**LEON VALLEY POLICE DEPARTMENT**                                              **Incident #201804036**

| | |
|---|---|
| Offense: **OBSTRUCTION RETALIATION BY THREAT** | |

Statute: 36.06                          Code: PC                          Penalty: F3

*Offense M.O.*

Type of Location:  PARKING/DROP LOT/GARAGE          Forced:  No

Point of Entry:                                                      Offender Used:  Computer Equip.

Method of Entry:                                                  Bias Motivation: ANTI-NONE

Family Violence: No                                              Weapons Involved:

Offense Note:

## Victim:

Victim Type:  LAW ENFORCEMENT OFFICER          Business:

Name:  **SALVAGGIO #500,**                                   Address:  6400 EL VERDE RD

Race:  W                     Sex:  M                                      LEON VALLEY, TX 78238

DOB:                        Offense Age:                      Home Phone:          Work Phone: 2106843215

                              Current Age:                     Mobile Phone:

Injuries:

Victim Note:

## Offender:

Relationship of Victim to Offender: STRANGER          Address:  644 KERY ST

Name:  **NGYUEN, BAO-QUOC TRAC**                        CROWLEY, TX 76036

Race:  A                     Sex:  M                               Home Phone:          Work Phone:

DOB: 12/1/1982          Offense Age: **35**                  Mobile Phone:

Juvenile: N                Current Age: 35

| | | | | |
|---|---|---|---|---|
| SSN: | Hgt: | Wgt: | Skin Tone: LBR | Face Hair: |
| LID: | Hair:  BLK | Eyes: BRO | Resident: | Citizen: |
| DL#: | DL State: | DL Type: | | |

| | | | |
|---|---|---|---|
| License Number: | Year: | | Make: |
| License State: | Color: | | Model: |
| License Year: | VIN: | | Style: |

Offender Note:

## Offense:

Offense:  **OBSTRUCTION RETALIATION BY THREAT**

Statute: 36.06                          Code: PC                          Penalty: F3

*Offense M.O.*

Type of Location:  GOVERNMENT/PUBLIC BUILDINGS          Forced:  No

Point of Entry:                                                      Offender Used:  Not Applicable

Method of Entry:                                                  Bias Motivation: ANTI-NONE

Family Violence: No                                              Weapons Involved:

Offense Note:

## Victim:

Victim Type:  LAW ENFORCEMENT OFFICER          Business:

Name:  **SALVAGGIO #500,**                                   Address:  6400 EL VERDE RD

Race:  W                     Sex:  M                                      LEON VALLEY, TX 78238

DEFT COLV  00149

**LEON VALLEY POLICE DEPARTMENT**                                              **Incident #201804036**

| | | | |
|---|---|---|---|
| DOB: | Offense Age: | Home Phone: | Work Phone: 2106843215 |
| | Current Age: | Mobile Phone: | |

Injuries:

Victim Note:

## Offender:

| | | |
|---|---|---|
| Relationship of Victim to Offender: STRANGER | | Address: 3006 CHIESA |
| Name: **SPRINGER, JAMES ALAN JR** | | ROWLETT, TX 75088 |
| Race: W | Sex: M | Home Phone: (469)230-5583   Work Phone: |
| DOB: 7/29/1984 | Offense Age: **33** | Mobile Phone: |
| Juvenile: N | Current Age: 34 | |

| | | | | |
|---|---|---|---|---|
| SSN: | Hgt: 6'00" | Wgt: 160 | Skin Tone: | Face Hair: BRD |
| LID: | Hair: BRN | Eyes: BLU | Resident: | Citizen: |
| DL#: 35706973 | DL State: TX | DL Type: | | |

| | | |
|---|---|---|
| License Number: | Year: | Make: |
| License State: | Color: | Model: |
| License Year: | VIN: | Style: |

Offender Note:

## Offense:

Offense:  **INTERFERENCE W/PUBLIC DUTIES**

| | | |
|---|---|---|
| Statute:  38.15(a) | Code:  PC | Penalty:  MB |

### *Offense M.O.*

| | |
|---|---|
| Type of Location:  GOVERNMENT/PUBLIC BUILDINGS | Forced:  No |
| Point of Entry: | Offender Used:  Not Applicable |
| Method of Entry: | Bias Motivation: ANTI-NONE |
| Family Violence:  No | Weapons Involved: |

Offense Note:

## Victim:

| | |
|---|---|
| Victim Type:  SOCIETY/PUBLIC | Business:  **STATE OF TEXAS** |
| | Address:  6400 EL VERDE |
| | LEON VALLEY, TX 78238 |
| | Phone:      (   ) - |

Victim Note:

## Offender:

| | | |
|---|---|---|
| Relationship of Victim to Offender: STRANGER | | Address:  644 KERRY ST |
| Name: **PIERCE, JOSEPH** | | CROWLEY, TX 76036 |
| Race: W | Sex:  M | Home Phone:      Work Phone: |
| DOB: 7/19/1976 | Offense Age: **41** | Mobile Phone: |
| Juvenile: N | Current Age: 42 | |

| | | | | |
|---|---|---|---|---|
| SSN: | Hgt: 6'00" | Wgt: 185 | Skin Tone: | Face Hair: |
| LID: | Hair: BLK | Eyes: HAZ | Resident: | Citizen: |

DEFT COLV  00150

**LEON VALLEY POLICE DEPARTMENT**                                    **Incident #201804036**

| | | |
|---|---|---|
| DL#: 43167388 | DL State: TX | DL Type: |

| | | |
|---|---|---|
| License Number: | Year: | Make: |
| License State: | Color: | Model: |
| License Year: | VIN: | Style: |

Offender Note:

## Offense:

Offense:  **FAILURE TO IDENTIFY**

| | | |
|---|---|---|
| Statute: 38.02 | Code: PC | Penalty: MC |

### *Offense M.O.*

| | |
|---|---|
| Type of Location:  GOVERNMENT/PUBLIC BUILDINGS | Forced:  No |
| Point of Entry: | Offender Used:  Not Applicable |
| Method of Entry: | Bias Motivation: ANTI-NONE |
| Family Violence: No | Weapons Involved: |

Offense Note:

## Victim:

| | |
|---|---|
| Victim Type:  SOCIETY/PUBLIC | Business:  **STATE OF TEXAS** |
| | Address:  6400 EL VERDE |
| | LEON VALLEY, TX 78238 |
| | Phone:    ( ) - |

Victim Note:

## Offender:

| | |
|---|---|
| Relationship of Victim to Offender:  STRANGER | Address:  644 KERRY ST |
| Name:  **PIERCE, JOSEPH** | CROWLEY, TX 76036 |

| | | | |
|---|---|---|---|
| Race: W | Sex:  M | Home Phone: | Work Phone: |
| DOB: 7/19/1976 | Offense Age: **41** | Mobile Phone: | |
| Juvenile:  N | Current Age:  42 | | |

| | | | | |
|---|---|---|---|---|
| SSN: | Hgt: 6'00" | Wgt: 185 | Skin Tone: | Face Hair: |
| LID: | Hair:  BLK | Eyes: HAZ | Resident: | Citizen: |
| DL#: 43167388 | DL State: TX | DL Type: | | |

| | | |
|---|---|---|
| License Number: | Year: | Make: |
| License State: | Color: | Model: |
| License Year: | VIN: | Style: |

Offender Note:

## Offense:

Offense:  **INTERFERENCE W/PUBLIC DUTIES**

| | | |
|---|---|---|
| Statute: 38.15(a) | Code: PC | Penalty:  MB |

### *Offense M.O.*

| | |
|---|---|
| Type of Location:  GOVERNMENT/PUBLIC BUILDINGS | Forced:  No |
| Point of Entry: | Offender Used:  Not Applicable |
| Method of Entry: | Bias Motivation: ANTI-NONE |

DEFT COLV  00151

**LEON VALLEY POLICE DEPARTMENT**                                    **Incident #201804036**

Family Violence:  No                                    Weapons Involved:

Offense Note:

## Victim:

Victim Type:  SOCIETY/PUBLIC                       Business:  **STATE OF TEXAS**
                                                   Address:  6400 EL VERDE
                                                             LEON VALLEY, TX 78238
                                                   Phone:        (   ) -

Victim Note:

## Offender:

Relationship of Victim to Offender:  STRANGER      Address:  3626 SUMMITT
Name:  **GREEN, JASON**                                       PATASKALA, OH 43062
Race: W               Sex:  M                      Home Phone: (740)975-4639    Work Phone:
DOB: 2/12/1971        Offense Age:  47             Mobile Phone:
Juvenile:  N          Current Age:  47

| SSN: | Hgt: | Wgt: | Skin Tone: | Face Hair: |
| LID: | Hair: | Eyes: | Resident: | Citizen: |
| DL#:  RS963733 | DL State: OH | DL Type: | | |

| License Number: | Year: | Make: |
| License State: | Color: | Model: |
| License Year: | VIN: | Style: |

Offender Note:

## Offense:

Offense:  **RESIST ARREST SEARCH OR TRANSPORT**

Statute:  38.03(a)          Code:  PC                    Penalty:  MA

*Offense M.O.*
Type of Location:  GOVERNMENT/PUBLIC BUILDINGS      Forced:  No
Point of Entry:                                     Offender Used:  Not Applicable
Method of Entry:                                    Bias Motivation: ANTI-NONE
Family Violence:  No                                Weapons Involved: PERSONAL WEAPONS

Offense Note:

## Victim:

Victim Type:  SOCIETY/PUBLIC                       Business:  **STATE OF TEXAS**
                                                   Address:  6400 EL VERDE
                                                             LEON VALLEY, TX 78238
                                                   Phone:        (   ) -

          NONE - - - -
Victim Note:

## Offender:

DEFT COLV  00152

**LEON VALLEY POLICE DEPARTMENT**                                    **Incident #201804036**

| | | | | |
|---|---|---|---|---|
| Relationship of Victim to Offender:  STRANGER | | | Address:  3626 SUMMITT | |
| Name:  **GREEN, JASON** | | | | PATASKALA, OH 43062 |
| Race: W | Sex:  M | | Home Phone: (740)975-4639 | Work Phone: |
| DOB: 2/12/1971 | Offense Age: **47** | | Mobile Phone: | |
| Juvenile:  N | Current Age:  47 | | | |

| | | | | |
|---|---|---|---|---|
| SSN: | Hgt: | Wgt: | Skin Tone: | Face Hair: |
| LID: | Hair: | Eyes: | Resident: | Citizen: |
| DL#:  RS963733 | DL State: OH | DL Type: | | |

| | | | |
|---|---|---|---|
| License Number: | Year: | | Make: |
| License State: | Color: | | Model: |
| License Year: | VIN: | | Style: |

Offender Note:

## Offense:

Offense:  **FAILURE TO IDENTIFY**

| | | |
|---|---|---|
| Statute:  38.02 | Code:  PC | Penalty:  MC |

### *Offense M.O.*

| | |
|---|---|
| Type of Location:  GOVERNMENT/PUBLIC BUILDINGS | Forced:  No |
| Point of Entry: | Offender Used:  Not Applicable |
| Method of Entry: | Bias Motivation: ANTI-NONE |
| Family Violence:  No | Weapons Involved: |

Offense Note:

## Victim:

| | |
|---|---|
| Victim Type:  SOCIETY/PUBLIC | Business:  **STATE OF TEXAS** |
| | Address:  6400 EL VERDE |
| | LEON VALLEY, TX 78238 |
| | Phone:      ( )  - |

Victim Note:

## Offender:

| | | | | |
|---|---|---|---|---|
| Relationship of Victim to Offender:  STRANGER | | | Address:  3626 SUMMITT | |
| Name:  **GREEN, JASON** | | | | PATASKALA, OH 43062 |
| Race: W | Sex:  M | | Home Phone: (740)975-4639 | Work Phone: |
| DOB: 2/12/1971 | Offense Age: **47** | | Mobile Phone: | |
| Juvenile:  N | Current Age:  47 | | | |

| | | | | |
|---|---|---|---|---|
| SSN: | Hgt: | Wgt: | Skin Tone: | Face Hair: |
| LID: | Hair: | Eyes: | Resident: | Citizen: |
| DL#:  RS963733 | DL State: OH | DL Type: | | |

| | | | |
|---|---|---|---|
| License Number: | Year: | | Make: |
| License State: | Color: | | Model: |
| License Year: | VIN: | | Style: |

Offender Note:

DEFT COLV  00153

**LEON VALLEY POLICE DEPARTMENT**                                                    **Incident #201804036**

---

## Property:

| Quantity: 1 | Type: **EVIDENCE** | | Description: **RECORDINGS-AUDIO/VISUAL** |

| Year: | Make / Brand:  CANON CAMCORD | Model:  VIXI HFR800 |
| Color:  BLK | VIN / Serial#: 352494011801 | Loss Value: $0.00 |
| Recovered Date: | Recovered Value:  $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No | Tag/Control: |
| Owner:  HOWD, BRIAN | Release Date: | Released To: |

Property Note:

---

## Property:

| Quantity: 1 | Type: **EVIDENCE** | | Description: **OTHER** |

| Year: | Make / Brand:  UK PRO | Model:  POLE |
| Color:  BLK | VIN / Serial#: | Loss Value: $0.00 |
| Recovered Date: | Recovered Value:  $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No | Tag/Control: |
| Owner:  GARDINER, GREGORY | Release Date: | Released To: |

Property Note:

Black Camera stick with blue handle

## Property:

| Quantity: 1 | Type: **EVIDENCE** | | Description: **RECORDINGS-AUDIO/VISUAL** |

| Year: | Make / Brand:  GO PRO | Model:  HERO 2 |
| Color: | VIN / Serial#: H214A1012051811 | Loss Value: $0.00 |
| Recovered Date: | Recovered Value:  $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No | Tag/Control: |
| Owner:  GARDINER, GREGORY | Release Date: | Released To: |

---

DEFT COLV  00154

**LEON VALLEY POLICE DEPARTMENT**

**Incident #201804036**

---

Property Note:

Video camera with Li-ion battery

## Property:

| Quantity: 1 | Type: **EVIDENCE** | Description: **COMPUTER HARDWARE/SOFTWARE** |
|---|---|---|

| Year: | Make / Brand: SAN DISK | Model: 32G |
|---|---|---|
| Color: | VIN / Serial#: | Loss Value: $0.00 |
| Recovered Date: | Recovered Value: $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local: No | Tag/Control: |
| Owner: GARDINER, GREGORY | Release Date: | Released To: |

---

Property Note:

32G memory card

## Property:

| Quantity: 1 | Type: **EVIDENCE** | Description: **RECORDINGS-AUDIO/VISUAL** |
|---|---|---|

| Year: | Make / Brand: APPLE | Model: IPHONE |
|---|---|---|
| Color: | VIN / Serial#: 355799079755356 | Loss Value: $0.00 |
| Recovered Date: | Recovered Value: $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local: No | Tag/Control: |
| Owner: HERRERA, SELENA CAROL | Release Date: | Released To: |

---

Property Note:

## Property:

| Quantity: 1 | Type: **EVIDENCE** | Description: **RECORDINGS-AUDIO/VISUAL** |
|---|---|---|

| Year: | Make / Brand: APPLE | Model: IPHONE 8 |
|---|---|---|
| Color: | VIN / Serial#: UNKNOWN | Loss Value: $0.00 |
| Recovered Date: | Recovered Value: $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local: No | Tag/Control: |
| Owner: RICHARD, THERESA COOK | Release Date: | Released To: |

---

DEFT COLV 00155

**LEON VALLEY POLICE DEPARTMENT**                                    **Incident #201804036**

---

Property Note:

with Black Monopod

## Property:

| Quantity: 1 | Type: **EVIDENCE** | | Description: **RECORDINGS-AUDIO/VISUAL** |
|---|---|---|---|

| | | |
|---|---|---|
| Year: | Make / Brand:  SAMSUNG | Model:  GALAXY S8 |
| Color: | VIN / Serial#: UNKNOWN | Loss Value: $0.00 |
| Recovered Date: | Recovered Value:  $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No | Tag/Control: |
| Owner:  NGYUEN, BAO-QUOC TRAC | Release Date: | Released To: |

---

Property Note:

## Property:

| Quantity: 1 | Type: **EVIDENCE** | | Description: **OTHER** |
|---|---|---|---|

| | | |
|---|---|---|
| Year: | Make / Brand:  SPIGEN | Model:  PHONE CASE |
| Color: | VIN / Serial#: UNKNOWN | Loss Value: $0.00 |
| Recovered Date: | Recovered Value:  $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No | Tag/Control: |
| Owner:  NGYUEN, BAO-QUOC TRAC | Release Date: | Released To: |

---

Property Note:

## Property:

| Quantity: 1 | Type: **EVIDENCE** | | Description: **OTHER** |
|---|---|---|---|

| | | |
|---|---|---|
| Year: | Make / Brand:  ZEADIO | Model:  FRAME |
| Color: | VIN / Serial#: | Loss Value: $0.00 |
| Recovered Date: | Recovered Value:  $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No | Tag/Control: |

DEFT COLV  00156

**LEON VALLEY POLICE DEPARTMENT**                                                          **Incident #201804036**

Owner:  NGYUEN, BAO-QUOC TRAC                Release Date:            Released To:

Property Note:

## Property:

Quantity: 1          Type: **FOUND PROPERTY**                    Description: **CREDIT/DEBIT CARDS**

| | | |
|---|---|---|
| Year: | Make / Brand:  CAPITAL ONE | Model: |
| Color: | VIN / Serial#: | Loss Value: $0.00 |
| Recovered Date: | Recovered Value: $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No | Tag/Control: |
| Owner: | Release Date: | Released To: |

Property Note:

## Property:

Quantity: 1          Type: **EVIDENCE**                    Description: **OTHER**

| | | |
|---|---|---|
| Year: | Make / Brand:  MONOPOD | Model: |
| Color:  BLK | VIN / Serial#: | Loss Value: $0.00 |
| Recovered Date: | Recovered Value: $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No | Tag/Control: |
| Owner:  RICHARD, THERESA COOK | Release Date: | Released To: |

Property Note:

## Property:

Quantity: 1          Type: **FOUND PROPERTY**                    Description: **OTHER**

| | | |
|---|---|---|
| Year: | Make / Brand:  GOPRO | Model: STICK |
| Color: | VIN / Serial#: | Loss Value: $0.00 |

DEFT COLV  00157

**LEON VALLEY POLICE DEPARTMENT**                                    **Incident #201804036**

| | | |
|---|---|---|
| Recovered Date: | Recovered Value: $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No | Tag/Control: |
| Owner: | Release Date: | Released To: |

---

Property Note:

## Property:

| | | |
|---|---|---|
| Quantity: 1     Type: **EVIDENCE** | | Description: **RECORDINGS-AUDIO/VISUAL** |
| Year: | Make / Brand:  SMASUNG | Model:  GALAXY S8 |
| Color: | VIN / Serial#: 355982080759491 | Loss Value: $0.00 |
| Recovered Date: | Recovered Value: $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No | Tag/Control: |
| Owner:  GREEN, JONATHAN M | Release Date: | Released To: |

---

Property Note:

cracked screen

## Property:

| | | |
|---|---|---|
| Quantity: 1     Type: **NONE** | | Description: **RECORDINGS-AUDIO/VISUAL** |
| Year: | Make / Brand:  IPHONE | Model: |
| Color:  BLK | VIN / Serial#: | Loss Value: $0.00 |
| Recovered Date: | Recovered Value: $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No | Tag/Control: |
| Owner:  HERNANDEZ, ALDO ALEZANDRO | Release Date: 6/23/2018 | Released To:  HERNANDEZ, ALDO ALEZANDRO |

---

Property Note:

With Lime Green case

## Property:

| | | |
|---|---|---|
| Quantity: 1     Type: **EVIDENCE** | | Description: **RECORDINGS-AUDIO/VISUAL** |

08/30/2018 09:53                     6400 EL VERDE RD LEON VALLEY, TX 78238                     Page  12  of  39

DEFT COLV  00158

**LEON VALLEY POLICE DEPARTMENT**                                    **Incident #201804036**

| | | |
|---|---|---|
| Year: | Make / Brand:  MOTOROLA | Model:  FLIP PHONE |
| Color:  RED | VIN / Serial#:  IMEI 351628052468025 | Loss Value:  $0.00 |
| Recovered Date: | Recovered Value:  $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No | Tag/Control: |
| Owner:  MEAD, JAMES | Release Date: | Released To: |

Property Note:

## Property:

Quantity:  1          Type: **EVIDENCE**                              Description: **RECORDINGS-AUDIO/VISUAL**

| | | |
|---|---|---|
| Year: | Make / Brand:  SAMSUNG | Model: |
| Color:  BLK | VIN / Serial#:  RV8K30KCA8P | Loss Value:  $0.00 |
| Recovered Date: | Recovered Value:  $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No | Tag/Control: |
| Owner:  SPRINGER, JAMES ALAN JR | Release Date: | Released To: |

Property Note:

Black cell phone

## Property:

Quantity:  1          Type: **UNKNOWN**                              Description: **OTHER**

| | | |
|---|---|---|
| Year: | Make / Brand:  JBL | Model:  BLUETOOTH SPEAKER |
| Color: | VIN / Serial#: | Loss Value:  $0.00 |
| Recovered Date: | Recovered Value:  $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No | Tag/Control: |
| Owner:  NGUYEN, BAO-QUOC TRAC | Release Date: | Released To: |

Property Note:

Cell phone confiscated for evidence. Cell phone is SP4's phone.

DEFT COLV  00159

**LEON VALLEY POLICE DEPARTMENT**                                    **Incident #201804036**

Gray and black LG cell phone.

## Property:

| | | |
|---|---|---|
| Quantity: 1      Type: **EVIDENCE** | | Description: **OTHER** |
| Year: | Make / Brand:  UNK | Model: |
| Color:  BLK | VIN / Serial#: | Loss Value: $0.00 |
| Recovered Date: | Recovered Value:  $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No | Tag/Control: |
| Owner:  SPRINGER, JAMES ALAN JR | Release Date: | Released To: |

Property Note:

Black tri pod (cell phone holder)

## Property:

| | | |
|---|---|---|
| Quantity: 1      Type: **EVIDENCE** | | Description: **OTHER** |
| Year: | Make / Brand:  BLACKWEB | Model:  BWA18W1051 |
| Color:  BLK | VIN / Serial#: | Loss Value: $0.00 |
| Recovered Date: | Recovered Value:  $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No | Tag/Control: |
| Owner:  SPRINGER, JAMES ALAN JR | Release Date: | Released To: |

Property Note:

10400 mAh external battery

## Property:

| | | |
|---|---|---|
| Quantity: 1      Type: **EVIDENCE** | | Description: **OTHER** |
| Year: | Make / Brand:  UNKNOWN | Model: |
| Color:  WHI | VIN / Serial#: | Loss Value: $0.00 |
| Recovered Date: | Recovered Value:  $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No | Tag/Control: |
| Owner:  SPRINGER, JAMES ALAN JR | Release Date: | Released To: |

DEFT COLV  00160

**LEON VALLEY POLICE DEPARTMENT**                                    **Incident #201804036**

Property Note:

USB cable

## Property:

| Quantity: 1 | Type: **EVIDENCE** | | Description: **RECORDINGS-AUDIO/VISUAL** |
|---|---|---|---|

Year:                                    Make / Brand:                          Model:

Color:  BLK                              VIN / Serial#: 804VTXF010210            Loss Value: $0.00

Recovered Date:                          Recovered Value:  $0.00        Stored At:

Owner#:                                   NIC#:

Recovered From:                          Recovered Local:  No           Tag/Control:

Owner:  RUSSELL, JOSHUA                   Release Date:         Released To:

---

Property Note:

Black/Gray Cell phone

## Property:

| Quantity: 1 | Type: **EVIDENCE** | | Description: **RECORDINGS-AUDIO/VISUAL** |
|---|---|---|---|

Year:                                    Make / Brand:  SAMSUNG                  Model:

Color:  BLK                              VIN / Serial#: IMEI 354308081104894     Loss Value: $0.00

Recovered Date:                          Recovered Value:  $0.00        Stored At:

Owner#:                                   NIC#:

Recovered From:                          Recovered Local:  No           Tag/Control:

Owner:  MALDONADO, JASON ANTHONY          Release Date:         Released To:

---

Property Note:

Cell phone with cracked screen

## Property:

| Quantity: 1 | Type: **NONE** | | Description: **FIREARMS** |
|---|---|---|---|

Year:                                    Make / Brand:  DTI                      Model: 5.56

Color:  BLK                              VIN / Serial#: B-7380                   Loss Value: $0.00

Recovered Date:                          Recovered Value:  $0.00        Stored At:

Owner#:                                   NIC#:

Recovered From:                          Recovered Local:  No           Tag/Control:

Owner:  GARDINER, GREGORY                 Release Date: 6/23/2018   Released To:  GARDINER, GREGORY

---

08/30/2018 09:53                6400 EL VERDE RD LEON VALLEY, TX 78238              Page   15  of  39

**LEON VALLEY POLICE DEPARTMENT**                                    **Incident #201804036**

Property Note:

## Property:

| | | |
|---|---|---|
| Quantity: 1 | Type: **NONE** | Description: **OTHER** |

| | | |
|---|---|---|
| Year: | Make / Brand:  PMAG | Model: 5.56 MAGAZINE |
| Color:  BLK | VIN / Serial#: | Loss Value: $0.00 |
| Recovered Date: | Recovered Value:  $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No | Tag/Control: |
| Owner:  GARDINER, GREGORY | Release Date: 6/23/2018 | Released To:  GARDINER, GREGORY |

Property Note:

with ammo

## Property:

| | | |
|---|---|---|
| Quantity: 1 | Type: **NONE** | Description: **FIREARMS** |

| | | |
|---|---|---|
| Year: | Make / Brand:  RUGER | Model:  P94 |
| Color: | VIN / Serial#: 341-22798 | Loss Value: $0.00 |
| Recovered Date: | Recovered Value:  $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No | Tag/Control: |
| Owner:  GARDINER, GREGORY | Release Date: 6/23/2018 | Released To:  GARDINER, GREGORY |

Property Note:

.40 cal

## Property:

| | | |
|---|---|---|
| Quantity: 1 | Type: **NONE** | Description: **OTHER** |

| | | |
|---|---|---|
| Year: | Make / Brand:  RUGER | Model:  .40 CAL MAGAZINE |
| Color: | VIN / Serial#: | Loss Value: $0.00 |
| Recovered Date: | Recovered Value:  $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No | Tag/Control: |

DEFT COLV  00162

**LEON VALLEY POLICE DEPARTMENT**                                          **Incident #201804036**

Owner:  GARDINER, GREGORY                Release Date: 6/23/2018    Released To:  GARDINER, GREGORY

---

Property Note:

with ammo

## Property:

| Quantity: 1 | Type: **EVIDENCE** | | Description: **RECORDINGS-AUDIO/VISUAL** |
|---|---|---|---|

| | | |
|---|---|---|
| Year: | Make / Brand:  CANON | Model:  VIXIA HF R600 |
| Color:  WHI | VIN / Serial#: 942114100798 | Loss Value: $0.00 |
| Recovered Date: | Recovered Value:  $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No | Tag/Control: |
| Owner:  WARDEN, DAVID | Release Date: | Released To: |

---

Property Note:

## Property:

| Quantity: 1 | Type: **EVIDENCE** | | Description: **OTHER** |
|---|---|---|---|

| | | |
|---|---|---|
| Year: | Make / Brand:  NEEWER | Model: |
| Color:  BLK | VIN / Serial#: | Loss Value: $0.00 |
| Recovered Date: | Recovered Value:  $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No | Tag/Control: |
| Owner:  WARDEN, DAVID | Release Date: | Released To: |

---

Property Note:

Camera stick

## Property:

| Quantity: 1 | Type: **EVIDENCE** | Description: **RECORDINGS-AUDIO/VISUAL** |
|---|---|---|

| | | |
|---|---|---|
| Year: | Make / Brand:  TRANSCEND | Model:  SD CARD 64G |
| Color: | VIN / Serial#: | Loss Value: $0.00 |

---

08/30/2018 09:53                         6400 EL VERDE RD LEON VALLEY, TX 78238                    Page  17  of  39

DEFT COLV  00163

**LEON VALLEY POLICE DEPARTMENT**                                        **Incident #201804036**

| | | |
|---|---|---|
| Recovered Date: | Recovered Value: $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No | Tag/Control: |
| Owner:  WARDEN, DAVID | Release Date: | Released To: |

Property Note:

## Property:

| | | |
|---|---|---|
| Quantity:  1 | Type: **EVIDENCE** | Description: **OTHER** |
| Year: | Make / Brand:  HP | Model: |
| Color:  BLK | VIN / Serial#: | Loss Value: $0.00 |
| Recovered Date: | Recovered Value: $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No | Tag/Control: |
| Owner:  PIERCE, JOSEPH | Release Date: | Released To: |

Property Note:

Charger outlet (wall plug in)

## Property:

| | | |
|---|---|---|
| Quantity:  2 | Type: **EVIDENCE** | Description: **OFFICE-TYPE EQUIPMENT** |
| Year: | Make / Brand:  UNKNOWN | Model: |
| Color:  WHI | VIN / Serial#: | Loss Value: $0.00 |
| Recovered Date: | Recovered Value: $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No | Tag/Control: |
| Owner:  PIERCE, JOSEPH | Release Date: | Released To: |

Property Note:

USB cord

## Property:

| | | |
|---|---|---|
| Quantity:  1 | Type: **EVIDENCE** | Description: **CREDIT/DEBIT CARDS** |

DEFT COLV  00164

**LEON VALLEY POLICE DEPARTMENT**                                                                                    **Incident #201804036**

| | | |
|---|---|---|
| Year: | Make / Brand:  EECU MASTER CARD | Model:  DEBIT |
| Color:  BLU | VIN / Serial#: 5162890005141814 | Loss Value: $0.00 |
| Recovered Date: | Recovered Value:  $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No | Tag/Control: |
| Owner:  PIERCE, JOSEPH | Release Date: | Released To: |

Property Note:

## Property:

Quantity:  1        Type: **EVIDENCE**                                        Description: **OTHER**

| | | |
|---|---|---|
| Year: | Make / Brand:  UNKNOWN | Model: |
| Color:  BLK | VIN / Serial#: | Loss Value: $0.00 |
| Recovered Date: | Recovered Value:  $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No | Tag/Control: |
| Owner:  PIERCE, JOSEPH | Release Date: | Released To: |

Property Note:

electrical tape

## Property:

Quantity:  1        Type: **EVIDENCE**                                        Description: **OTHER**

| | | |
|---|---|---|
| Year: | Make / Brand:  SAMSUNG | Model:  AC ADAPTER |
| Color:  WHI | VIN / Serial#: | Loss Value: $0.00 |
| Recovered Date: | Recovered Value:  $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No | Tag/Control: |
| Owner:  PIERCE, JOSEPH | Release Date: | Released To: |

Property Note:

DEFT COLV  00165

**LEON VALLEY POLICE DEPARTMENT**                                      Incident #201804036

## Property:

| Quantity: 1 | Type: **EVIDENCE** | | Description: **OTHER** |
|---|---|---|---|

| | | | |
|---|---|---|---|
| Year: | Make / Brand:  ZTE | | Model: |
| Color:  BLK | VIN / Serial#: | | Loss Value: $0.00 |
| Recovered Date: | Recovered Value:  $0.00 | Stored At: | |
| Owner#: | NIC#: | | |
| Recovered From: | Recovered Local:  No | Tag/Control: | |
| Owner:  PIERCE, JOSEPH | Release Date: | Released To: | |

Property Note:

wall plug

## Property:

| Quantity: 1 | Type: **EVIDENCE** | | Description: **OTHER** |
|---|---|---|---|

| | | | |
|---|---|---|---|
| Year: | Make / Brand:  HYUNDAI | | Model: 2600 MAH |
| Color:  SIL | VIN / Serial#: | | Loss Value: $0.00 |
| Recovered Date: | Recovered Value:  $0.00 | Stored At: | |
| Owner#: | NIC#: | | |
| Recovered From: | Recovered Local:  No | Tag/Control: | |
| Owner:  PIERCE, JOSEPH | Release Date: | Released To: | |

Property Note:

Portable battery

## Property:

| Quantity: 1 | Type: **EVIDENCE** | | Description: **OTHER** |
|---|---|---|---|

| | | | |
|---|---|---|---|
| Year: | Make / Brand:  ONN | | Model: |
| Color:  WHI | VIN / Serial#: | | Loss Value: $0.00 |
| Recovered Date: | Recovered Value:  $0.00 | Stored At: | |
| Owner#: | NIC#: | | |
| Recovered From: | Recovered Local:  No | Tag/Control: | |
| Owner:  PIERCE, JOSEPH | Release Date: | Released To: | |

DEFT COLV  00166

**LEON VALLEY POLICE DEPARTMENT**                                      Incident #201804036

Property Note:

portable charger cigarette plug

## Property:

| Quantity: 1 | Type: **EVIDENCE** | | Description: **OTHER** |
|---|---|---|---|

Year:                          Make / Brand:  BROWN BOX                    Model:
Color:                         VIN / Serial#:                              Loss Value: $0.00
Recovered Date:                Recovered Value:  $0.00        Stored At:
Owner#:                        NIC#:

Recovered From:                Recovered Local:  No           Tag/Control:
Owner:  PIERCE, JOSEPH         Release Date:            Released To:

Property Note:

three attachments inside box include;

two batteries
one USB cord

## Property:

| Quantity: 1 | Type: **EVIDENCE** | Description: **COMPUTER HARDWARE/SOFTWARE** |
|---|---|---|

Year:                          Make / Brand:  SANDISK                      Model:  ULTRA PLUS
Color:                         VIN / Serial#:                              Loss Value: $0.00
Recovered Date:                Recovered Value:  $0.00        Stored At:
Owner#:                        NIC#:

Recovered From:                Recovered Local:  No           Tag/Control:
Owner:  PIERCE, JOSEPH         Release Date:            Released To:

Property Note:

New in package 16G

## Property:

| Quantity: 1 | Type: **EVIDENCE** | Description: **OTHER** |
|---|---|---|

Year:                          Make / Brand:                              Model:  SELFIE STICK
Color:  BLK                    VIN / Serial#:                             Loss Value: $0.00
Recovered Date:                Recovered Value:  $0.00        Stored At:
Owner#:                        NIC#:

Recovered From:                Recovered Local:  No           Tag/Control:

DEFT COLV  00167

**LEON VALLEY POLICE DEPARTMENT**                                    **Incident #201804036**

| | | |
|---|---|---|
| Owner:  PIERCE, JOSEPH | Release Date: | Released To: |

Property Note:

Phone 'selfie' stick

## Property:

| | | |
|---|---|---|
| Quantity: 1 | Type: **EVIDENCE** | Description: **CAMPING/HUNTING/FISHING EQUIPM** |
| Year: | Make / Brand:  UNKNOWN | Model:  FOLDED |
| Color:  GRY | VIN / Serial#: | Loss Value: $0.00 |
| Recovered Date: | Recovered Value:  $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No | Tag/Control: |
| Owner:  PIERCE, JOSEPH | Release Date: | Released To: |

Property Note:

Fold style pocket knife

## Property:

| | | |
|---|---|---|
| Quantity: 1 | Type: **EVIDENCE** | Description: **PURSES/HANDBAGS/WALLETS** |
| Year: | Make / Brand: | Model:  TRIFOLD |
| Color:  BLK | VIN / Serial#: | Loss Value: $0.00 |
| Recovered Date: | Recovered Value:  $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No | Tag/Control: |
| Owner:  PIERCE, JOSEPH | Release Date: | Released To: |

Property Note:

Nylon trifold wallet

## Property:

| | | |
|---|---|---|
| Quantity: 1 | Type: **EVIDENCE** | Description: **MONEY** |
| Year: | Make / Brand:  US DOLLARS | Model: |
| Color:  GRN | VIN / Serial#: | Loss Value: $19.50 |

DEFT COLV  00168

**LEON VALLEY POLICE DEPARTMENT**                                        **Incident #201804036**

| | | |
|---|---|---|
| Recovered Date: | Recovered Value:  $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No | Tag/Control: |
| Owner:  PIERCE, JOSEPH | Release Date: | Released To: |

Property Note:

10 Dollar bill serial ML 00441108 A
5 Dollar bill serial ML 06732040 F
1 Dollar bill serial L 19599790 D
1 Dollar bill serial H 44527567 D
1 Dollar bill serial C 29181789 A
1 Dollar bill serial D 95277370 E
2 US quarters

## Property:

| | | |
|---|---|---|
| Quantity: 1  Type: **EVIDENCE** | | Description: **RECORDINGS-AUDIO/VISUAL** |
| Year: | Make / Brand:  SAMSUNG | Model: GALAXY J7 |
| Color:  BLK | VIN / Serial#: IMEI 355077082522326 | Loss Value: $0.00 |
| Recovered Date: | Recovered Value:  $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No | Tag/Control: |
| Owner:  PIERCE, JOSEPH | Release Date: | Released To: |

Property Note:

contains a 128G SanDisk ultra plus memory card

## Property:

| | | |
|---|---|---|
| Quantity: 1  Type: **EVIDENCE** | | Description: **CAMPING/HUNTING/FISHING EQUIPM** |
| Year: | Make / Brand:  OUTDOOR PRODUCTS | Model: |
| Color:  BLK | VIN / Serial#: | Loss Value: $0.00 |
| Recovered Date: | Recovered Value:  $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No | Tag/Control: |
| Owner:  PIERCE, JOSEPH | Release Date: | Released To: |

DEFT COLV  00169

**LEON VALLEY POLICE DEPARTMENT**                                      Incident #201804036

Property Note:

Back pack

## Property:

| Quantity: 1 | Type: **EVIDENCE** | Description: **OFFICE-TYPE EQUIPMENT** |

| Year: | Make / Brand: | Model: |
| Color: SIL | VIN / Serial#: | Loss Value: $0.00 |
| Recovered Date: | Recovered Value: $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local: No | Tag/Control: |
| Owner: PIERCE, JOSEPH | Release Date: | Released To: |

Property Note:

USB cord

## Property:

| Quantity: 1 | Type: **EVIDENCE** | Description: **OFFICE-TYPE EQUIPMENT** |

| Year: | Make / Brand: ONN | Model: |
| Color: BLK | VIN / Serial#: | Loss Value: $0.00 |
| Recovered Date: | Recovered Value: $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local: No | Tag/Control: |
| Owner: PIERCE, JOSEPH | Release Date: | Released To: |

Property Note:

computer mouse

## Property:

| Quantity: 1 | Type: **EVIDENCE** | Description: **OTHER** |

| Year: | Make / Brand: | Model: |
| Color: SIL | VIN / Serial#: | Loss Value: $0.00 |
| Recovered Date: | Recovered Value: $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local: No | Tag/Control: |
| Owner: PIERCE, JOSEPH | Release Date: | Released To: |

DEFT COLV  00170

**LEON VALLEY POLICE DEPARTMENT**                                          **Incident #201804036**

---

Property Note:

Camera tripod

## Property:

| | | |
|---|---|---|
| Quantity: 1    Type: **EVIDENCE** | | Description: **OTHER** |

Year: | Make / Brand:  DVC | Model:
Color: | VIN / Serial#: | Loss Value: $0.00
Recovered Date: | Recovered Value:  $0.00 | Stored At:
Owner#: | NIC#:

Recovered From: | Recovered Local:  No | Tag/Control:
Owner:  GREEN, JASON | Release Date: | Released To:

---

Property Note:

DVC Black Bag

## Property:

| | | |
|---|---|---|
| Quantity: 1    Type: **EVIDENCE** | | Description: **OTHER** |

Year: | Make / Brand: | Model:
Color: | VIN / Serial#: | Loss Value: $0.00
Recovered Date: | Recovered Value:  $0.00 | Stored At:
Owner#: | NIC#:

Recovered From: | Recovered Local:  No | Tag/Control:
Owner:  GREEN, JASON | Release Date: | Released To:

---

Property Note:

Ultra San Disk

## Property:

| | | |
|---|---|---|
| Quantity: 1    Type: **EVIDENCE** | | Description: **OTHER** |

Year: | Make / Brand: | Model:
Color: | VIN / Serial#: | Loss Value: $0.00
Recovered Date: | Recovered Value:  $0.00 | Stored At:
Owner#: | NIC#:

Recovered From: | Recovered Local:  No | Tag/Control:

---

DEFT COLV  00171

**LEON VALLEY POLICE DEPARTMENT**                                    **Incident #201804036**

Owner:  GREEN, JASON                  Release Date:          Released To:

Property Note:

Black Battery

## Property:

| Quantity: 1 | Type: **EVIDENCE** | | Description: **RECORDINGS-AUDIO/VISUAL** |
|---|---|---|---|

Year:                              Make / Brand:  DVC                    Model:
Color:                             VIN / Serial#:  F31724366             Loss Value: $0.00
Recovered Date:                    Recovered Value:  $0.00       Stored At:
Owner#:                            NIC#:

Recovered From:                    Recovered Local:  No          Tag/Control:
Owner:  GREEN, JASON               Release Date:          Released To:

Property Note:

DVC Digital Video Camera

## Property:

| Quantity: 1 | Type: **UNKNOWN** | | Description: **OTHER** |
|---|---|---|---|

Year:                              Make / Brand:                        Model:
Color:                             VIN / Serial#:                       Loss Value: $0.00
Recovered Date:                    Recovered Value:  $0.00       Stored At:
Owner#:                            NIC#:

Recovered From:                    Recovered Local:  No          Tag/Control:
Owner:  NGUYEN, BAO-QUOC TRAC      Release Date:          Released To:

Property Note:

Lotion

## Property:

| Quantity: 1 | Type: **UNKNOWN** | | Description: **OTHER** |
|---|---|---|---|

Year:                              Make / Brand:  ADVENTURE             Model:  MY CHARGE
Color:                             VIN / Serial#:                       Loss Value: $0.00

DEFT COLV  00172

**LEON VALLEY POLICE DEPARTMENT**                                    **Incident #201804036**

| | | |
|---|---|---|
| Recovered Date: | Recovered Value:  $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No | Tag/Control: |
| Owner:  NGUYEN, BAO-QUOC TRAC | Release Date: | Released To: |

Property Note:

Power Source

## Property:

| | | |
|---|---|---|
| Quantity:  1          Type: **UNKNOWN** | | Description: **OTHER** |
| Year: | Make / Brand: | Model: |
| Color: | VIN / Serial#: | Loss Value:  $0.00 |
| Recovered Date: | Recovered Value:  $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No | Tag/Control: |
| Owner:  NGUYEN, BAO-QUOC TRAC | Release Date: | Released To: |

Property Note:

Goggles

## Property:

| | | |
|---|---|---|
| Quantity:  1          Type: **UNKNOWN** | | Description: **PORTABLE ELECTRONIC COMMUNICAT** |
| Year: | Make / Brand: | Model: |
| Color:  BLK | VIN / Serial#: | Loss Value:  $0.00 |
| Recovered Date: | Recovered Value:  $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local:  No | Tag/Control: |
| Owner:  NGUYEN, BAO-QUOC TRAC | Release Date: | Released To: |

Property Note:

Laptop

## Property:

| | | |
|---|---|---|
| Quantity:  1          Type: **UNKNOWN** | | Description: **PORTABLE ELECTRONIC COMMUNICAT** |

DEFT COLV  00173

**LEON VALLEY POLICE DEPARTMENT**                                    **Incident #201804036**

| | | |
|---|---|---|
| Year: | Make / Brand: JAZZ | Model: JDC87 |
| Color: | VIN / Serial#: | Loss Value: $0.00 |
| Recovered Date: | Recovered Value: $0.00 | Stored At: |
| Owner#: | NIC#: | |
| Recovered From: | Recovered Local: No | Tag/Control: |
| Owner: NGUYEN, BAO-QUOC TRAC | Release Date: | Released To: |

Property Note:

Digital Camera with 2 USB Cords

---

**Involved:**                                                                        SP6

| | | |
|---|---|---|
| Code: SUSPECT 6 | | Address: 1643 LACY DR |
| Name: **RUSSELL, JOSHUA** | | LIPAN, TX 76462 |
| Race: W | Sex: M | Home Phone: | Work Phone: |
| DOB: 6/12/1989 | Offense Age: 29 | Current Age: 29 | Mobile Phone: |
| DL#: 25977277 | DL State: TX | Employer: | Occupation: |

**Involved:**                                                                        SP3

| | | |
|---|---|---|
| Code: SUSPECT 3 | | Address: 1601 DENISE DR |
| Name: **GARDINER, GREGORY** | | KILLEEN, TX 76542 |
| Race: W | Sex: M | Home Phone: | Work Phone: |
| DOB: 4/27/1961 | Offense Age: 57 | Current Age: 57 | Mobile Phone: |
| DL#: 38201408 | DL State: TX | Employer: | Occupation: |

**Involved:**

| | | |
|---|---|---|
| Code: WITNESS 1 | | Address: |
| Name: ****** **Information Has Been Restricted** ****** | | |
| Race: | Sex: | Home Phone: | Work Phone: |
| DOB: | Offense Age: 16 | Current Age: 17 | Mobile Phone: |
| DL#: | DL State: | Employer: | Occupation: |

**Involved:**

| | | |
|---|---|---|
| Code: WITNESS 2 | | Address: |
| Name: ****** **Information Has Been Restricted** ****** | | |
| Race: | Sex: | Home Phone: | Work Phone: |
| DOB: | Offense Age: 17 | Current Age: 17 | Mobile Phone: |
| DL#: | DL State: | Employer: | Occupation: |

**Involved:**                                                                        O1

| | | |
|---|---|---|
| Code: OTHER 01 | | Address: |
| Name: **WARDEN, DAVID** | | |
| Race: | Sex: | Home Phone: | Work Phone: |
| DOB: | Offense Age: | Current Age: | Mobile Phone: |
| DL#: | DL State: | Employer: | Occupation: |

---

DEFT COLV  00174

**LEON VALLEY POLICE DEPARTMENT**                                      Incident #201804036

| **Involved:** | | O2 |
|---|---|---|

| | | | |
|---|---|---|---|
| Code: OTHER 2 | | Address: 610 COLWYN PASS | |
| Name: **WINTERS, SARAH** | | SAN ANTONIO, TX 78216 | |
| Race: W | Sex: F | Home Phone: (210)439-5498 | Work Phone: |
| DOB: 3/12/1968 | Offense Age: 50 | Current Age: 50 | Mobile Phone: |
| DL#: 29516394 | DL State: TX | Employer: | Occupation: |

| **Involved:** | | W3 |
|---|---|---|

| | | | |
|---|---|---|---|
| Code: WITNESS 3 | | Address: 23022 FAIRWAY BRIDGE | |
| Name: **MEAD, JAMES** | | SAN ANTONIO, TX 78258 | |
| Race: W | Sex: M | Home Phone: | Work Phone: |
| DOB: 9/23/1960 | Offense Age: 57 | Current Age: 57 | Mobile Phone: |
| DL#: 23399958 | DL State: TX | Employer: | Occupation: |

| **Involved:** | | W4 |
|---|---|---|

| | | | |
|---|---|---|---|
| Code: WITNESS 4 | | Address: 82 ROUND UP RD | |
| Name: **MALDONADO, JASON ANTHONY** | | SAN ANTONIO, TX | |
| Race: W | Sex: M | Home Phone: (210)612-9329 | Work Phone: |
| DOB: 8/6/1978 | Offense Age: 39 | Current Age: 40 | Mobile Phone: |
| DL#: 03997535 | DL State: TX | Employer: | Occupation: |

| **Involved:** | | SP2 |
|---|---|---|

| | | | |
|---|---|---|---|
| Code: SUSPECT 2 | | Address: 414 AMBERDALE OAK | |
| Name: **HERNANDEZ, ALDO ALEZANDRO** | | SAN ANTONIO, TX 78249 | |
| Race: W | Sex: M | Home Phone: (956)763-9569 | Work Phone: |
| DOB: 10/16/1990 | Offense Age: 27 | Current Age: 27 | Mobile Phone: |
| DL#: 24586574 | DL State: TX | Employer: | Occupation: |

| **Involved:** | | AP2 |
|---|---|---|

| | | | |
|---|---|---|---|
| Code: ARRESTED PERSON 2 | | Address: 3006 CHIESA | |
| Name: **SPRINGER, JAMES ALAN JR** | | ROWLETT, TX 75088 | |
| Race: W | Sex: M | Home Phone: (469)230-5583 | Work Phone: |
| DOB: 7/29/1984 | Offense Age: 33 | Current Age: 34 | Mobile Phone: |
| DL#: 35706973 | DL State: TX | Employer: | Occupation: |

| **Involved:** | | SP4 |
|---|---|---|

| | | | |
|---|---|---|---|
| Code: SUSPECT 4 | | Address: 1005 EAST 7TH ST | |
| Name: **RICHARD, THERESA COOK** | | CROWLEY, LA 70526 | |
| Race: W | Sex: F | Home Phone: (337)784-0209 | Work Phone: |
| DOB: 7/31/1969 | Offense Age: 48 | Current Age: 49 | Mobile Phone: |
| DL#: 0053534402 | DL State: LA | Employer: | Occupation: |

| **Involved:** | | SP1 |
|---|---|---|

| | | | |
|---|---|---|---|
| Code: SUSPECT 1 | | Address: 56 S WESTMOOR AVE  B | |
| Name: **GREEN, JONATHAN M** | | NEWARK, OH 43055 | |
| Race: W | Sex: M | Home Phone: | Work Phone: |
| DOB: 7/1/1988 | Offense Age: 29 | Current Age: 30 | Mobile Phone: |
| DL#: ST401412 | DL State: OH | Employer: | Occupation: |

| **Involved:** | | SP5 |
|---|---|---|

| | | |
|---|---|---|
| Code: SUSPECT 5 | | Address: 1207 VICKSBURG DR |
| Name: **HERRERA, SELENA CAROL** | | ENES, TX 78519 |

**LEON VALLEY POLICE DEPARTMENT**                                                    **Incident #201804036**

| | | | |
|---|---|---|---|
| Race:  W | Sex:  F | Home Phone:  (972)268-4016 | Work Phone: |
| DOB:  4/7/1998 | Offense Age:  20 | Current Age:  20 | Mobile Phone: |
| DL#: | DL State: | | Employer: | Occupation: |

---

## Arrest:

| | | | |
|---|---|---|---|
| Arrest#:  **201804036** | Date Arrested:  6/23/2018 | Time Arrested:  17:30    Cell No: | Date Released: |
| Name:  **HOWD, BRIAN** | | Address:  5097 HOLLY  AVE | |
| Race:  W | Sex:  M | NORTON, OH 44203 | |
| DOB:  2/12/1971 | Arrest Age:  47 | Home Phone:  (330)573-4044 | Work Phone: |
| Juvenile:  N | Current Age:  47 | Mobile Phone: | Caution: |
| DL#:  RS963733 | DL State:  OH | DL Type: | Employer: | Occupation: |

| | | |
|---|---|---|
| Arrest Location: 6400  EL VERDE | City:  LEON VALLEY | District:  2 |
| Agency:  LEON VALLEY POLICE DEPARTMENT | | |

Arresting Officer: 1220          HERNANDEZ #561
Booking Officer: 1220          HERNANDEZ #561
Transfer Officer:

### *Charge(s):*

**INTERFERENCE W/PUBLIC DUTIES**

Statute: 38.15(a)                              Code:  PC          Penalty:  MB

Charge Note:

**RESIST ARREST SEARCH OR TRANSPORT**

Statute: 38.03(a)                              Code:  PC          Penalty:  MA

Charge Note:

Arrest Narrative:

---

## Arrest:

| | | | |
|---|---|---|---|
| Arrest#:  **201804036A** | Date Arrested:  6/23/2018 | Time Arrested:  17:15    Cell No: | Date Released: |
| Name:  **SPRINGER, JAMES ALAN JR** | | Address:  3006 CHIESA | |
| Race:  W | Sex:  M | ROWLETT, TX 75088 | |
| DOB:  7/29/1984 | Arrest Age:  33 | Home Phone:  (469)230-5583 | Work Phone: |
| Juvenile:  N | Current Age:  34 | Mobile Phone: | Caution: |
| DL#:  35706973 | DL State:  TX | DL Type: | Employer: | Occupation: |

| | | |
|---|---|---|
| Arrest Location: 6400  EL VERDE RD | City:  LEON VALLEY | District:  3 |
| Agency:  LEON VALLEY POLICE DEPARTMENT | | |

Arresting Officer: 1274          EVANS, BRANDON
Booking Officer: 1274          EVANS, BRANDON
Transfer Officer:

### *Charge(s):*

**OBSTRUCTION RETALIATION BY THREAT**

Statute: 36.06                              Code:  PC          Penalty:  F3

Charge Note:

Arrest Narrative:

---

## Arrest:

DEFT COLV  00176

**LEON VALLEY POLICE DEPARTMENT**                                    Incident #201804036

Arrest#: **201804036-B**          Date Arrested: 6/23/2018     Time Arrested: 18:00     Cell No:          Date Released:
Name: **PIERCE, JOSEPH**                                      Address:  644 KERRY ST
Race: W                    Sex:  M                                      CROWLEY, TX 76036
DOB: 7/19/1976             Arrest Age:   41              Home Phone:                Work Phone:
Juvenile:  N               Current Age: 42               Mobile Phone:                        Caution:
DL#:  43167388             DL State: TX      DL Type:        Employer:                 Occupation:
Arrest Location: 6400  EL VERDE                                 City:  LEON VALLEY          District:
Agency:  LEON VALLEY POLICE DEPARTMENT

Arresting Officer: 1176          VASQUEZ #552
Booking Officer:
Transfer Officer:

*Charge(s):*
   **INTERFERENCE W/PUBLIC DUTIES**
   Statute: 38.15(a)                                  Code:  PC        Penalty:  MB
   Charge Note:
   **FAILURE TO IDENTIFY**
   Statute:  38.02                                    Code:  PC        Penalty:  MC
   Charge Note:

Arrest Narrative:

**Arrest:**

Arrest#: **201804036-C**          Date Arrested: 6/23/2018     Time Arrested: 18:00     Cell No:          Date Released:
Name: **GREEN, JASON**                                       Address: 3626 SUMMITT
Race: W                    Sex:  M                                      PATASKALA, OH 43062
DOB: 2/12/1971             Arrest Age:   47              Home Phone: (740)975-4639     Work Phone:
Juvenile:  N               Current Age: 47               Mobile Phone:                        Caution:
DL#:  RS963733             DL State: OH      DL Type:        Employer:                 Occupation:
Arrest Location: 6400  EL VERDE                                 City:  LEON VALLEY          District:
Agency:  LEON VALLEY POLICE DEPARTMENT

Arresting Officer: 1176          VASQUEZ #552
Booking Officer:
Transfer Officer:

*Charge(s):*
   **INTERFERENCE W/PUBLIC DUTIES**
   Statute: 38.15(a)                                  Code:  PC        Penalty:  MB
   Charge Note:
   **RESIST ARREST SEARCH OR TRANSPORT**
   Statute: 38.03(a)                                  Code:  PC        Penalty:  MA
   Charge Note:
   **FAILURE TO IDENTIFY**
   Statute:  38.02                                    Code:  PC        Penalty:  MC
   Charge Note:

DEFT COLV  00177

LEON VALLEY POLICE DEPARTMENT                                          Incident #201804036

Arrest Narrative:

## Arrest:

Arrest#: **201804036D**        Date Arrested: 6/23/2018    Time Arrested: 18:00    Cell No:           Date Released:

Name: **NGYUEN, BAO-QUOC TRAN**                              Address: 644 KERY ST

Race: A              Sex: M                                 CROWLEY, TX 76036

DOB: 12/1/1982       Arrest Age:  35          Home Phone:              Work Phone:

Juvenile: N          Current Age: 35          Mobile Phone:                    Caution:

DL#:                 DL State:        DL Type:         Employer:              Occupation:

Arrest Location: 6400  EL VERDE                            City:  LEON VALLEY        District:

Agency:   LEON VALLEY POLICE DEPARTMENT

Arresting Officer: 1176           VASQUEZ #552

Booking Officer:

Transfer Officer:

### Charge(s):

**OBSTRUCTION RETALIATION BY THREAT**

Statute: 36.06                          Code:  PC         Penalty:  F3

Charge Note:

Arrest Narrative:

## Narrative:

AP1 - Nyguen, Bao-Quac
AP2 - Springer, James
AP3 - Pierce, Joseph
AP4 - Green, Jason
AP5 - Howd, Brian
SP1 - Green, jonathan
SP2 - Hernandez, Aldo
SP3 - Gardiner, Gregory
SP4 - Russell, Josh


On 23June2018 at 1730 hours, This officer was at the listed location during an anarchist demonstration which had escalated over the past two weeks. Ap 1 and AP 2 were both in front of the Leon Valley Police dept protesting and both AP's were streaming live the event in progress. During this live broadcast on YouTube channels C 's home address personal identifying information and identifying information on C's family, names, addresses were listed. This act incited viewers to make death threats against C and his family. Ap1 and Ap2 did nothing to delete or stop the personal identifying information from being listed on the comments.

C1 stated himself and his family have come under death threat and  physical  harm and violence due to the publicly broadcasted information of C' and his family on the internet media platform YouTube. Information included their names and addresses. The information was being posted by anarchist agitators in the chat group during live broadcast as well as threats of stalking and causing physical violence.

 This information was ultimately publicly broadcasted by AP1 and AP2 during their live streams and information left in the chat on their respective pages to be viewed by anyone on the page without

08/30/2018 09:53              6400 EL VERDE RD LEON VALLEY, TX 78238              Page  32  of  39

**LEON VALLEY POLICE DEPARTMENT**                                      Incident #201804036

interference from them. This action placed C in fear for his safety and life, as well as that of his family causing them to leave their home and find alternate housing since initial threat observed. This act was committed by AP1 and AP2 for the retaliation of C1, as public servant as The Chief of Police for the City of Leon Valley acting in his official capacity.

The posting of their addresses on YouTube by viewers of the live stream on, a publicly accessible site and channels operated by AP1 and AP2 with active moderators to control information displayed. Effort was shown deleting comments from viewers who are against their message or supporting police by the moderators as well as by AP1 and AP2 on their respective pages(Channels). The posting of the messages brought on the threats of violence, serious bodily harm as well as death.

 No effort was made to moderate those offensive posts or personal information. AP1 and  AP2 belong to this anarchist group of agitators who's sole purpose is to incite a confrontation with police  and interrupt emergency 911 operations as the agitators encourage viewers to flood the 911 call center with frivolous calls

AP2 had posted a video to YouTube social media platform for a "call to action." This stemming from arrests on 18June2018, an organized gathering set for 22June2018 at 1200hours. AP1 and AP2 continued live streams hosted by both are monitored by both parties as seen during their broadcasts and the interaction with those typing on their respective channels. AP1 and AP2 had known moderators in the chat to delete comments which were contrary to beliefs and statements or pro law enforcement. Those names are seen in a different color font and a wrench next to the username during the chat.

The organized event was created to protest city government  activity in the municipality. AP1, currently on Bond from Crowley, Tx and unemployed, he had rented a vehicle to travel to Leon Valley for the organized anti government/anti police event. AP1 live streamed his travels and activity through YouTube Live Stream and uses for financial gains/donations from viewers.

At time of arrest, I apprehended AP1 who was placed in handcuffs after the removal of his backpack and sign hanging from his neck. He was informed he was being charged with PC36.06 Obstruction or Retaliation and taken into the Leon Valley Municipal Building for identification and processing. AP1 identity was confirmed and shown clear of any warrants. His Samsung Galaxy S8, Spigen Phone Case and Zeadio mounted on ZGrip equipment frame was taken as evidence related to the offense.

AP2 was taken into custody by Off. Evans#556 for the offense of PC36.06 Obstruction or Retaliation for his YouTube channel(James Freeman) which was used to live stream the address and names of C1, and his family.


AP3 had been placed under arrest by Off.J.Vasquez#552 for Interference with Public Servant Duties followed by a Citation for Failure to Identify. Details of event noted in attached supplement report by J.Vasquez#552.

AP4 was placed under arrest by Capt.R.Saucedo#543 for the offense of Interference with Public Servant Duties followed by a Citation for Failure to Identify. Details of event noted in attached supplement report by Capt.R.Saucedo#543.

AP5 was placed under arrest by Off.U.Hernandez#561 for Interference with Public Servant Duties and Resisting Arrest. Details of event noted in attached supplement report by Off.U.Hernandez#561.

SP2 was contacted by Cpl.C.Carrillo#554 and identified. He provided information and allowing access

DEFT COLV  00179

**LEON VALLEY POLICE DEPARTMENT**                                                    Incident #201804036

to his cell phone to show he was not participating in the gathering and was released once shown with no active warrants.

SP3 was contacted by Cpl.L.Farias#534 who seized equipment as items used to record evidence of a crime occurring. He was released shortly after without incident.

SP4 was contacted by Off.U.Hernandez who had been attempting to retrieve recording devices as evidence. Off.R.Parra assisted in detaining in handcuffs. SP4 was identified and released shortly after without infcident. Contact documented in supplement reports from both officers.

The Leon Valley Police dept has been in contact with the Bexar County District Attorney's  office and local FBI office in regards to this anarchist agitator group.

The D.A's office is aware of these charges and arrest being made today.

---

**Supplement:** R. Parra 520

On 06/23/2018 at 17:15hrs, I assisted Officers in front of the Leon Valley Municiple Offices with multiple agitators that were being arrested or detained for listed charges. All subjects at location were instructed to give up all recording devices since it was used to record the arrest and going to be seized as evidence. I confiscated SP6's cell phone. I observed AP5 resisting arrest/detention by Officer Hernandez by refusing to give up his recording his device in which it recorded a crime and by pulling away his arms. I approached Officer Hernandez and assisted detaining AP5 with handcuffs behind the back. SP6's cell phone was placed into evidence.

---

**Supplement:** Hernandez

On June 23, 2018 at approximately 1730 hrs., I was assigned to the Leon Valley Police Dept as security for the first amendment auditors who were staging a protest. (AP5) Howd, B. had a black Canon camcord that was recording officers arrestting  AP2 and needed to be seized as evidence. I then walked towards AP5 and instructed him  twice  to hand over the camera since it had recorded the event . AP5 then asked why and began to walk backwards . I then grabbed AP5 left arm that was holding the camera and he pulled back and became stiff not allowing me to retrieve the camera. I then advised AP5 that he was interfering with public duties. AP5 still continued to resist  becoming stiff, LVPD Officer Parra #520 then came to me for assistance by controlling AP5 right arm. Both arms were placed behind his back and was placed in handcuffs. AP5 camera was placed in evidence room. AP5 was charged for Interference with Public Duty and Resisting arrest/Detention. AP5 was then transported to 401S.Frio for booking.

The entire event was captured on my Coban body cam.

---

**Supplement:** E.Rivera 567

On 06.23.2018 at about 1730 hours, I was advised by Chief Salvaggio to provide property receipts to witnesses whose property was confiscated for evidence. At that time I provided property receipts to SP2 and SP4 and placed confiscated property into property room. A white/ black GoPro Stick was located outside in front of the City Council Chambers and was not claimed, I placed property into property room as found.

---

**Supplement:** Cpl. L. Farias 534

On the above date and time, I assisted other officers in front of the Leon Valley Municipal offices with several agitators that were being detained or arrested for the listed charges. All involved were instructed to give up all recording devices and recordings, since it was used to record the arrest and going to be seized as evidence.

SP3 was a witness to the listed crimes and was in possession of a Go Pro video camera attached to a

DEFT COLV  00180

camera stick. Officer R. Parra approached SP3 and requested that SP3 hand over the Go Pro camera as it was being seized for evidence. SP3 complied and  Officer R. Parra placed it in the Patrol Room for safe keeping.

SP3 also had an AR15 rifle slung on his side with a loaded magazine, but did not display it in an alarming manner and was attached to him in a manner that he would have quick access to it. Officer J. Vasquez placed him in handcuffs for officer safety. At that point SP3 stated to me that he had a pistol in his possession and had a current concealed handgun license.

SP3 was now detained, so I conducted an investigation of possible unlawful carrying. I retrieved from SP3, a DTI AR15 5.56 rifle that had a PMAG magazine attached to it with ammo. The rifle had no ammo chambered or in battery. From SP3's hip Officer J. Vasquez retrieved a Ruger P94 .40cal pistol with a Ruger magazine with ammo and a round in the chamber. Officer J. Vasquez rendered the pistol safe and gave me possession of it.

SP3 stated he also had a Go Pro camera taken from him and he identified Officer Parra as the officer that seized it. I spoke with Officer Parra and retrieved the Go Pro camera as I took custody of it for processing as evidence.

I verified that SP3 had an active concealed handgun carry license, so I issued SP3 a property receipt indicating that he received his rifle, rifle magazine and ammo, his pistol, pistol magazine ammo. SP3 signed it and was given said property.

SP3 stated that he had no video recording of the above listed arrested individuals and stated he was just recording himself for proof that he did not display his rifle in an alarming way.

SP3 was asked by Det. E. Gonzalez and Det. J. Wells,  if he would give consent for the police to retrieve the video on his Go Pro camera and SP3 declined. SP3 then was issued a property receipt for his Go Pro camera with a battery, a UK Pro camera stick and a 32G SanDisk memory card that was located inside the Go Pro camera. SP3 was advised the these items were being seized as evidence and a search warrant would be obtained.

SP3 was released at the scene and he left the location.

The items seized as evidence were place in evidence locker one.

**Supplement:** Carrillo 554

On 06/23/18 at approximately 0530 hours, I arrived at Leon Valley Police Department to assist with a large group of protesters. I made location  Identified SP2. I was informed by Officer Rivera, she had a property receipt for SP2's cell phone. SP2 then informed me he was not with the group but was at the water store at 6526 Bandera when he over heard one of the protesters make the comment of C going to have an interview with the protesters. SP2 stated he had been following some of the recordings on the Internet from the protesters. SP2 decided to follow the protesters and see what was going to happen. This is when he was taken into custody with the group and brought inside the Police Department. SP2 stated he was not recording and would allow us to review his phone. I handed SP2 a consent to search form. SP2 read and on his own free will signed consent form, and gave Detective Brooks the code to unlock the phone. Detective Brooks checked the phone and found that SP2 did not record any of the protest, SP2's phone contained no evidence and was released to leave with his phone.

**LEON VALLEY POLICE DEPARTMENT**                                          Incident #201804036

---

**Supplement:** Evans #556

On 06/23/2018 at approximately 1715 hours while at 6400 El Verde Rd (Leon Valley City Hall), I was advised by C we would be executing an arrest on AP1 and AP2. The charge for AP1 and AP2 would be Obstruction or Retaliation PC 36.06 due to AP1 and AP2 live streaming via YouTube, C's address along with his wife's and daughter's information for the public to see. AP2 publicly live streamed to the public C's address while knowing C is a public servant. AP2 was outside of the Leon Valley City Hall along with approximately 15-20 individuals conducting a demonstration. There have been threats of harm to C and his family ever since the information was posted on YouTube. My task was to apprehend AP2 once outside. I exited the building through the City Council Chamber's entrance/exit on the east wing of the building. I observed AP2 (who I have previously identified before) recording with his phone on the sidewalk near the intersection of El Verde Rd and Bandera Rd. I approached AP2 and advised him he was under arrest for Obstruction or Retaliation PC 36.06. AP2 was placed in hand cuffs and escorted into the police station. While in the police station, I searched AP2, read him his Miranda Warning, and placed him in a holding cell. Property obtained from AP2 was stored in Leon Valley Police Department Property Room as evidence. AP2 was given a property receipt for the items taken from him. AP2 was processed while at Leon Valley Police Department, then transported to 401 S. Frio for booking on the charge of Obstruction or Retaliation.


Items take from AP2 by me:

1 Black Samsung Cell Phone S/N=RV8K30KCA8P

1 Small Black Tripod No Brand

1 Black "Blackweb" Box Charger S/N= BWA18W1051

1 White USB Cable Cord No Brand

---

**Supplement:** VASQUEZ #552

On 06/23/2018 at approximately 1700 hours, C advised Leon Valley Patrol units will be executing an arrest of AP1 for the offense of Obstruction or retaliation. C stepped outside to the front of the Municipal court building, east wing, and contacted a large group of over ten agitators/anarchist who were video recording with multiple video recording devices (cell phones, tablets, cameras etc). The large group of agitators /anarchists have been demonstrating over multiple days in front of the Municipal Court building with the sole purpose of creating a confrontation with the Police Department and government body. As C stepped out of the building, the large group of agitators/anarchists approached C and C immediately announced in a loud clear tone that AP1 was under arrest. Leon Valley Officers took custody of AP1, C then proceed to announce in a loud clear voice to all agitators/ anarchists that they are not free to leave and advised the large group to surrender their recording devices due to them being a witness to a crime.  Patrol Officers began requesting video recording devices from agitators /anarchists recording the event in the proximity. As a large group of agitators/anarchists were detained, they were told to sit down along a brick wall to collect items and provided property receipt. As I approached AP3 who was

DEFT COLV  00182

approximately 30 feet away from me, I could see him holding a selfie stick with a black phone or tablet attached to the end filming the event. He is known on YouTube as "Ethics instead" and is known to video record encounters with Police with the sole purpose to create hostile environments with the police. I commanded him in a loud clear voice to "come here" and as he began to walk away I advised him again to come here, now describing his clothing that he was wearing. As AP3 continued to walk away from me while recording after having clear sight of me approaching him, I told him one last time to "come here" and AP3 then stopped next to another agitator/anarchist continuing to record me approaching him. As I approached AP3, I told him clearly "I need your device." AP3 advised he didn't hear me so I told him again "I need your device." AP3 stated he didn't hear me again so I told him again "I need your device."  AP3 Replied "I don't want to give it to you." I then went hands on and attempted to grab his left wrist. At this time, he pulled his left arm back to prevent apprehension. As I grabbed AP3, he complied and was handcuffed. AP3 was wearing a black tank top shirt with a black back pack on his back while holding a selfie stick with a black Samsung Verizon Galaxy J7 cell phone attached. AP3 was given to Captain Saucedo and I went to assist Corporal Farias to detain SP3 who was carrying a rifle slung to the front of his chest and a holstered handgun on his right side. SP3 was detained by me and both weapons were made safe, Corporal Farias then escorted male to the detainment area in front of the Municipal building. I then observed O1 standing on the sidewalk near Bandera and El Verde holding a cell phone to his face, also appearing to record the event taking place, due to him being a witness to the crime, I asked him for his phone and as he questioned why I detained him. He was then escorted to the detainment area in front of the Municipal hall building. After taking male to the location I assisted Officer Griego in identifying witnesses in the activity at 6526 Bandera, I contacted W1 and W2, due to W2 being a minor I also contacted mother O2. I then made location at 6400 El Verde and assisted in confiscating video devices. I collected a Samsung Cell Phone J3 Luna from a W4, property receipt provided and item given to E. Rivera, and a Motorola flip phone from a W3, property receipt given and items transferred over to Officer Rivera. I re-contacted AP3 in front of the council chambers and during property inventory I asked him for his name.AP3 advised he is not going to provide me any information. I continued to ask multiple times and he refused to provide his information. He was eventually identified as listed AP3 in this report.  Following items were confiscated from AP3:

selfie stick

knife

black wallet with 19.25

Samsung Verizon Galaxy J7

Black outdoor back pack

DEFT COLV  00183

Silver USB cord

Black mouse

Small tripod

EECU debit card

Black tape

AC adapter white

Wall plug

Hyundai portable charging device

Camera digital box containing 3 attachments

16 GB san disk

Charging outlet port for HP

Two USB cards

All items transferred over to E. Rivera


 AP3 intentionally refused to provide his name, date of birth and address after he was lawfully arrested, he is charged with Failure to identify, Citation issued: 163028


AP1, AP2, AP3, AP4, AP5

**AP'S were given a criminal trespass warning and copy of all Leon Valley Facilities thereof:**


**CITY OF LEON VALLEY MUNICIPAL COURT OFFICES AND POLICE DEPARTMENT : 6400 EL VERDE RD**
**CITY OF LEON VALLEY FIRE DEPARTMENT : 6300 EL VERDE RD**
**CITY OF LEON VALLEY LIBRARY : 6425 EVERS RD**
**CITY OF LEON VALLEY COMMUNITY : 6427 EVERS RD**
**CITY OF LEON VALLEY CONFERENCE CENTER : 6421 EVERS RD**
**CITY OF LEON VALLEY PUBLIC WORKS : 6429 EVERS RD**
**CITY OF LEON VALLEY PARK : 6440 EVERS**
**ALL LOCATIONS ARE IN LEON VALLEY TX 78238**

**LEON VALLEY POLICE DEPARTMENT**                                    Incident #201804036

---

| **Supplement:** CID Supplement Brooks #521 |
|---|

### 06/23/18

I was called out on this date to assist LVPD officers with processing numerous subjects that had been arrested at the Leon Valley Police Department.  Upon arrival, I was contacted by Sgt Gonzales who requested I speak with a subject who was a possible witness.  I was directed to an individual identified as Aldo Alexandro Hernandez.  Hernandez was detained during the arrests mentioned earlier.  He was in possession of a cellular telephone that was believed may contain evidence regarding the arrests.  Hernandez voluntarily signed a Consent to Search allowing LVPD officers to search his phone.  Hernandez voluntarily provided his passcode and i examined the contents.  I determined the phone did not contain any evidence and it was returned to Hernandez.  He left the scene once his phone was returned to him.

### *Inv T. Brooks #521*

| **Supplement:** A.Griego 566 |
|---|

Once on scene I was directed by Capt.Saucedo to detain individuals standing at the NE connor of the property. I detained SP6 in handcuffs and sat him in the council chambers lobby.I then again went outside to assist officers. Chief Salvaggio informed me that SP5 was a witness to the offense and advised me to identify her. I identified SP5 and seized her phone for evidence. SP5 was issued a copy of property receipt by Officer Rivera. I handed SP5's phone to Ofc Rivera for processing. Chief Salvaggio also handed me a cell phone that he located on sidewalk and asked me to locate its owner. SP1, who was already detained inside, stated that the cell phone found on the sidewalk belonged to him, I then issued SP1 a property receipt for his cell phone which was seized as evidence. SP1's cell phone was handed to Ofc Rivera for processing. I then returned to the council chambers lobby and identified SP6, SP6 was then given a property receipt for his cell phone by Ofc.Parra who had seized his cellphone.

---

DEFT COLV  00185

# CHAIN OF CUSTODY REPORT

**LEON VALLEY POLICE DEPARTMENT**

| | | | |
|---|---|---|---|
| **Incident#** 201804036 | **CFS#** | **Property#** | 89172 |
| **Report Date** 6/23/2018 | **Prop Status** | **Prop Status Date** | 6/23/2018 |

| | | | |
|---|---|---|---|
| **Item#  14** | **Offense** | | **Loss Type** NONE |
| **Description** RECORDINGS-AUDIO/VISUAL | **Details** IPHONE BLK | |
| **Item Status** ACTIVE | **Item Status Date** 06/23/2018 | |
| **Storage Information** Currently Released | | |
| **Note** With Lime Green case | | |

| | | |
|---|---|---|
| **Date Out** 06/23/2018 **Time Out** | **Destination** | |
| **Reason** | | **Disp** |
| **Released By** RIVERA #567, ERIKA | | |
| **Released To** HERNANDEZ, ALDO ALEZADRO | | |

| | | | |
|---|---|---|---|
| **Item#  22** | **Offense** | | **Loss Type** NONE |
| **Description** FIREARMS | **Details** DTI 5.56 BLK | |
| **Item Status** | **Item Status Date** 06/23/2018 | |
| **Storage Information** Currently Released | | |

| | | |
|---|---|---|
| **Date Collected** 06/23/2018 **Time Collected** | **Collected By** FARIAS #534 | |
| **Collected From** | | |

| | | |
|---|---|---|
| **Date Out** 06/23/2018 **Time Out** | **Destination** | |
| **Reason** | | **Disp** |
| **Released By** FARIAS #534 | | |
| **Released To** GARDINER, GREGORY | | |

| | | | |
|---|---|---|---|
| **Item#  23** | **Offense** | | **Loss Type** NONE |
| **Description** OTHER | **Details** PMAG 5.56 MAGAZINE BLK | |
| **Item Status** | **Item Status Date** 06/23/2018 | |
| **Storage Information** Currently Released | | |
| **Note** with ammo | | |

| | | |
|---|---|---|
| **Date Collected** 06/23/2018 **Time Collected** | **Collected By** FARIAS #534 | |
| **Collected From** | | |

| | | |
|---|---|---|
| 08/30/2018 09:54 | 6400 EL VERDE RD LEON VALLEY, TX 78238 | Page 1 of 2 |

**LEON VALLEY POLICE DEPARTMENT**

| | | | | | |
|---|---|---|---|---|---|
| Incident# 201804036 | | CFS# | | Property# | 89172 |
| Report Date 6/23/2018 | | Prop Status | | Prop Status Date | 6/23/2018 |

| | | | |
|---|---|---|---|
| Date Out  06/23/2018  Time Out | | Destination | |
| Reason | | | Disp |
| Released By  FARIAS #534 | | | |
| Released To  GARDINER, GREGORY | | | |

| | | |
|---|---|---|
| Item#  24          Offense | | Loss Type  NONE |
| Description  FIREARMS | Details  RUGER P94 | |
| Item Status | Item Status Date  06/23/2018 | |
| Storage Information  Currently Released | | |
| Note       .40 cal | | |

| | | | |
|---|---|---|---|
| Date Collected  06/23/2018  Time Collected | | Collected By  FARIAS #534 | |
| Collected From | | | |

| | | | |
|---|---|---|---|
| Date Out  06/23/2018  Time Out | | Destination | |
| Reason | | | Disp |
| Released By  FARIAS #534 | | | |
| Released To  GARDINER, GREGORY | | | |

| | | |
|---|---|---|
| Item#  25          Offense | | Loss Type  NONE |
| Description  OTHER | Details  RUGER .40 CAL MAGAZINE | |
| Item Status | Item Status Date  06/23/2018 | |
| Storage Information  Currently Released | | |
| Note       with ammo | | |

| | | | |
|---|---|---|---|
| Date Collected  06/23/2018  Time Collected | | Collected By  FARIAS #534 | |
| Collected From | | | |

| | | | |
|---|---|---|---|
| Date Out  06/23/2018  Time Out | | Destination | |
| Reason | | | Disp |
| Released By  FARIAS #534 | | | |
| Released To  GARDINER, GREGORY | | | |

DEFT COLV  00187

```
 1                UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF TEXAS
 2                   SAN ANTONIO DIVISION

 3   RUSSELL ZINTER; ET AL.          )
                                     )
 4   vs.                             )   CASE NO.
                                     )   SA-18-CA-680-JKP-RBF
 5                                   )
     CHIEF JOSEPH SALVAGGIO; ET      )
 6   AL.                             )

 7                      ORAL DEPOSITION

 8                       JAMES MEAD

 9                    JANUARY 11, 2022

10                  (Reported Remotely)

11        ORAL DEPOSITION OF JAMES MEAD, produced as a witness

12   at the instance of the Defendant and duly sworn, was

13   taken in the above-styled and numbered cause on JANUARY

14   11, 2022, from 9:17 a.m. to 2:17 p.m., before Sarah A.

15   Prugh, Certified Shorthand Reporter in and for the State

16   of Texas, reported by machine shorthand with the witness

17   located in San Antonio, Texas, pursuant to the Federal

18   Rules of Civil Procedure or by agreement of counsel, and

19   the provisions stated on the record or attached hereto.

20

21

22

23

24                                            Exhibit
                                                 R
25
```

James Mead                                            January 11, 2022
                                                              Page 2

```
 1                         APPEARANCES

 2

 3   FOR PLAINTIFF:

 4        Mr. Brandon J. Grable
          Mr. Austin Reyna
 5        Grable Grimshaw Mora, PLLC
          1603 Babcock Road, Suite 280
 6        San Antonio, Texas 78229
          Telephone: 210-592-4655
 7
     FOR DEFENDANT:
 8
          Mr. Adolfo Ruiz
 9        Denton Navarro Rocha Bernal & Zech
          2517 N. Main Avenue
10        San Antonio, Texas 78212
          Telephone: 210-227-3243
11
     FOR DEFENDANT:
12
          Mr. Hector Saenz
13        Law Offices of Charles S. Frigerio
          111 Soledad, Suite 840
14        San Antonio, Texas 78205
          Telephone: 210-227-3243
15
     ALSO PRESENT:
16
          Ms. Joelle Thomas
17        Ms. Margaret G. White
          Mr. Luis Vailente
18        Ms. Carolyn Stritzke
          Ms. Marlena Guarjardo
19        Mr. Jonathan Green
          Mr. Russell Zinter
20        Mr. Mark Brown
          Mr. Dave Bailey
21        Mr. Kevin Egan
          Mr. Juan Gonzales, Jr.
22        Mr. Greg Gardiner
          Ms. Theresa Richard
23        Mr. James Springer
          Mr. Jason Green
24        Mr. Robert Morison, Zoom Facilitator

25
```

James Mead                                    January 11, 2022
                                                      Page 3

1

2                              INDEX

3                                                    PAGE

4   JAMES MEAD

5   Examination by Mr. Ruiz ...........................4
    Examination by Mr. Saenz ........................104
6   Further Examination by Mr. Ruiz .................117
    Further Examination by Mr. Saenz ...............130
7   Examination by Mr. Grable .......................130
    Further Examination by Mr. Ruiz .................146
8   Further Examination by Mr. Grable ..............153
    Signature Page  .................................155
9   Court Reporter's Certificate ....................157

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

James Mead                                          January 11, 2022
                                                         Page 63

1   custody because you were there with cameras in your hand

2   or you were there because you were just present?

3        A.   In my opinion, I was arrested because I was

4   present with a camera and there was an effort to shut

5   down any efforts to communicate about Leon Valley.

6        Q.   Okay.  So would that be in addition to the

7   failure to identify?

8        A.   No, I think they used the failure to identify

9   as a way to get IDs.

10       Q.   Okay.

11       A.   And to seize property.

12       Q.   Now, do you believe that -- do you believe that

13  I guess the sergeant was acting on his own accord to

14  request your identification or to place you under arrest

15  or was that -- do you think that he was directed to do

16  so by somebody else or some policy or of the city?

17       A.   I know for a fact that Lieutenant Anderson told

18  him to arrest me for failure to ID.

19       Q.   Okay.  And do you know if Lieutenant Anderson

20  was following any type of policy or procedure of the

21  City of Leon Valley?

22       A.   Do I know?  No.  Is it my opinion?  Yes,

23  because it was an orchestrated effort by multiple

24  officers with multiple people.

25       Q.   Okay.  So it was -- I guess how would that be a

1  city policy or procedure because it involved multiple

2  officers and multiple people?

3      A.   Because the city supervises the police

4  department.

5      Q.   Okay.  So was it the actions of the police

6  officers or was it the -- do you believe it was a

7  directive that the city had or some type of policy that

8  the city got?

9      A.   The totality of the things, I don't know.  The

10  trespass was a city issue.

11      Q.   Okay.  And why do you say that?

12      A.   Because Chief Salvaggio testified, if I recall

13  correctly, at the TRO hearing, the fact that they had

14  preprinted forms that they commonly use, the city

15  council members have made comment and are aware of it.

16  All of these, yes, the city knows about it.

17      Q.   Okay.  So how do you know that the council

18  members I guess knew about it or -- I guess that is my

19  first question.

20      A.   It has been discussed there in city council

21  meetings.

22      Q.   Is that before or after the event occurring?

23      A.   I know after.  I don't know about before.  I

24  was not watching city council meetings prior to becoming

25  aware of what was going on in Leon Valley.

```
 1              UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF TEXAS
 2                SAN ANTONIO DIVISION

 3   RUSSELL ZINTER; ET AL.        )
                                   )
 4   vs.                           )    CASE NO.
                                   )    SA-18-CA-680-JKP-RBF
 5                                 )
     CHIEF JOSEPH SALVAGGIO; ET    )
 6   AL.                           )

 7              REPORTER'S CERTIFICATE

 8          ORAL DEPOSITION OF JAMES MEAD

 9              JANUARY 11, 2022

10       I, Sarah A. Prugh, Certified Shorthand Reporter in

11   and for the State of Texas, hereby certify to the

12   following:

13       That the witness, JAMES MEAD, was duly sworn and

14   that the transcript of the deposition is a true record

15   of the testimony given by the witness;

16       That the deposition transcript was duly submitted on

17   _____1-21_____ to the witness or to the attorney for

18   the witness for examination, signature, and return to me

19   by _____2-21_____.

20       That pursuant to information given to the deposition

21   officer at the time said testimony was taken, the

22   following includes all parties of record and the amount

23   of time used by each party at the time of the

24   deposition:

25       Mr. Adolfo Ruiz (3h45m)
             Attorney for Plaintiff
```

1          Mr. Hector Saenz (0h22m)
                Attorney for Defendant
2          Mr. Brandon J. Grable (0h24m)
                Attorney for Defendant
3

4      I further certify that I am neither counsel for,

5   related to, nor employed by any of the parties in the

6   action in which this proceeding was taken, and further

7   that I am not financially or otherwise interested in the

8   outcome of this action.

9      Certified to by me on this 19th day of January,

10  2022.

11

12

13                         Sarah A. Prugh, CSR
                           Texas CSR 3972
14                         Expiration:  1/31/22
                           Magna Legal Services
15                         Firm Registration Number 633
                           16414 San Pedro, Suite 900
16                         San Antonio, Texas 78232
                           210-697-3400
17

18

19

20

21

22

23

24

25

1                   UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF TEXAS
2                      SAN ANTONIO DIVISION

3    RUSSELL ZINTER, et al.,        )
                                    )
4             Plaintiffs,           )
                                    ) CIVIL ACTION
5    VS.                            )
                                    ) NO.: SA-18-CA-680-JKP-RBF
6    CHIEF JOSEPH SALVAGGIO, et     )
     al.,                           )
7                                   )
              Defendants.           )
8

9              -----------------------------------

10    ORAL AND VIDEOTAPED DEPOSITION OF JUAN GONZALES, JR.

11                       JANUARY 6, 2022

12                     (REPORTED REMOTELY)

13             -----------------------------------

14        ORAL AND VIDEOTAPED DEPOSITION OF JUAN GONZALES,

15   JR., produced as a witness at the instance of the

16   DEFENDANTS, and duly sworn, was taken in the

17   above-styled and numbered cause on January 6, 2022, from

18   2:07 p.m. to 6:05 p.m., before Marta M. Johnson, CSR No.

19   10743, in and for the State of Texas, located in Boerne,

20   Kendall County, Texas, reported by machine shorthand,

21   the witness is attending from San Antonio, Texas,

22   pursuant to the Federal Rules of Civil Procedure and the

23   provisions stated on the record or attached hereto.

24

25

**Exhibit S**

```
 1                    REMOTE APPEARANCES

 2   FOR THE PLAINTIFFS:

 3        MR. BRANDON J. GRABLE, ESQ.
          GRABLE GRIMSHAW MORA PLLC
 4        1603 Babcock Road
          Suite 280
 5        San Antonio, Texas  78229
          Phone: (210) 981-3725
 6        Fax: (210) 641-3332
          Brandon@ggm.law

 7

 8   FOR THE DEFENDANTS:

 9        MR. ADOLFO RUIZ, ESQ.
          DENTON NAVARRO ROCHA BERNAL & ZECH
10        2517 North Main Avenue
          San Antonio, Texas  78212
11        Phone: (210) 227-3243
          Fax: (210) 225-4481
12        Aruiz@rampagelaw.com

13
     FOR THE DEFENDANTS:
14
          MR. HECTOR X. SAENZ, ESQ.
15        LAW OFFICES OF CHARLES S. FRIGERIO
          111 Soledad
16        Suite 840
          San Antonio, Texas  78205
17        Phone: (210) 271-7877
          Fax: (210) 271-0602
18
     ALSO PRESENT:
19        Jonathan Green
          Jason Green
20        Kevin Egan
          Mark Brown
21        James Springer
          Russell Zinter (Sasquatch)
22        James E. Miller
          Jack E. Miller
23        Greg Gardiner
          David Bailey
24        GGM Paralegal - Grable Grimshaw Mora PLLC
          Margaret G. White - GGM
25        Joelle Thomas - GGM Legal
          Assistant - Grable Grimshaw Mora PLLC
```

Juan Gonzales                                          January 06, 2022
                                                              Page 3

```
 1                            INDEX

 2

 3  JUAN GONZALES, JR.                                  PAGE

 4        Remote Appearances                              2

 5        Examination By Mr. Ruiz                          4

 6        Examination By Mr. Saenz                        84

 7        Further Examination By Mr. Ruiz                 96

 8        Examination By Mr. Grable                      102

 9        Further Examination By Mr. Ruiz                115

10        Further Examination By Mr. Saenz               120

11        Further Examination By Mr. Grable              123

12        Further Examination By Mr. Ruiz                129

13        Further Examination By Mr. Saenz               131

14        Changes & Signature                            134

15        Reporter's Certificate                         136

16

17

18

19

20

21

22

23

24

25
```

 1  you indicated that the -- the memory cards of each one

 2  were missing.  Anything else that was missing?

 3        A.  No, that's all.

 4        Q.  Okay.  Now, you indicated that -- that Officers

 5  Farias and -- and Mandry, I think those are the ones

 6  that you -- you mentioned, that -- that they seized your

 7  cameras in accordance with the policies of the City.

 8  And -- and I want to ask you, what city policies are you

 9  referring to?

10        A.  I guess the -- the -- can you -- can you

11  rephrase the question?

12        Q.  Sure.  Sure.  Sure.

13              You said that -- that Officers Farias and

14  Mandry were -- were acting in accordance with city

15  policies when -- when they, I guess, took your equipment

16  or -- or confiscated your equipment.  I'm asking,

17  what -- what city policy are you referring to?

18        A.  I'm sorry, I just don't -- I just don't

19  understand the question.

20        Q.  Okay.  You're -- you're suing the City and

21  you're suing the police officers separate, I guess --

22  you know, separate entities, so to speak.  So you're

23  saying that the City did something wrong, that the --

24  that the officers, at least Farias and Mandry, were

25  acting in accordance with a city policy.  So I'm going

```
 1   to ask you, what city policy are you referring to?
 2               MR. GRABLE:  Objection, form.
 3               THE WITNESS:  Well, I would say -- I would
 4   say the policy that they can do what they want.  I mean,
 5   they're -- they're part of the City.  They work for the
 6   City.
 7        Q.  (BY MR. RUIZ)  All right.  You indicated that
 8   the police officers can do anything that they want?
 9               MR. GRABLE:  Objection, form.
10               THE WITNESS:  Well, it obviously seemed
11   that way.
12        Q.  (BY MR. RUIZ)  Okay.  And you said that they
13   were employees for the City?
14        A.  Correct.
15               MR. GRABLE:  Objection.
16        Q.  (BY MR. RUIZ)  Now, why -- why do you think
17   the -- the Leon Valley -- well, let me be a little more
18   specific.
19               Why do you think the -- Officer Farias and
20   Officer Mandry put handcuffs on you and detained you?
21   Why do you think they did that?
22        A.  Honestly, I don't know.  I don't know what --
23   what goes through their minds.
24               MR. RUIZ:  Okay.  I'm going to take a break
25   here and let Hector ask you questions, sir, and -- while
```

```
 1              UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF TEXAS
 2                SAN ANTONIO DIVISION

 3  RUSSELL ZINTER, et al.,      )
                                 )
 4          Plaintiffs,          ) CIVIL ACTION
                                 )
 5  VS.                          ) NO.: SA-18-CA-680-JKP-RBF
                                 )
 6                               )
    CHIEF JOSEPH SALVAGGIO, et   )
 7  al.,                         )
                                 )
 8          Defendants.          )

 9

10             REPORTER'S CERTIFICATION

11         DEPOSITION OF JUAN GONZALES, JR.

12                JANUARY 6, 2022

13

14      I, Marta M. Johnson, Certified Shorthand Reporter

15  No. 10743, in and for the State of Texas, hereby certify

16  to the following:

17      That the witness, JUAN GONZALES, JR., was duly

18  sworn by the officer and that the transcript of the oral

19  deposition is a true record of the testimony given by

20  the witness;

21      That the deposition transcript was submitted on

22  _____ to the witness or to the attorney

23  for the witness for examination, signature and return to

24  me by _____;

25      That the amount of time used by each party at the
```

1   deposition is as follows:

2        MR. BRANDON J. GRABLE, ESQ. - 00 HOURS:24 MINUTE(S)
         MR. ADOLFO RUIZ, ESQ. - 03 HOURS:10 MINUTE(S)
3        MR. HECTOR X. SAENZ, ESQ. - 00 HOURS:24 MINUTE(S)

4        That pursuant to information given to the

5   deposition officer at the time said testimony was taken,

6   the following includes counsel for all parties of

7   record:

8        MR. BRANDON J. GRABLE, ESQ., Attorney for Plaintiff
         MR. ADOLFO RUIZ, ESQ., Attorney for Defendants
9        MR. HECTOR X. SAENZ, Attorney for Defendants

10

11       That $_____ is the deposition officer's

12   charges to the Defendants for preparing the original

13   deposition transcript and any copies of exhibits;

14       I further certify that I am neither counsel for,

15   related to, nor employed by any of the parties or

16   attorneys in the action in which this proceeding was

17   taken, and further that I am not financially or

18   otherwise interested in the outcome of the action.

19       Certified to by me this 23rd day of January, 2022.

20   _____

21       Marta M. Johnson, Texas CSR 10743
         Expiration Date:  10/31/22
22       Firm Registration No. 633
         Magna Legal Services
23       16414 San Pedro Avenue
         Suite 900
24       San Antonio, Texas  78232
         210.697.3400 210.697.3408 fax
25

```
 1                UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF TEXAS
 2                    SAN ANTONIO DIVISION

 3   RUSSELL ZINTER; ET AL.        )
                                   )
 4   vs.                           )   CASE NO.
                                   )   SA-18-CA-680-JKP-RBF
 5                                 )
     CHIEF JOSEPH SALVAGGIO; ET    )
 6   AL.                           )

 7                      ORAL DEPOSITION

 8                      RUSSELL ZINTER

 9                     JANUARY 11, 2022

10                   (Reported Remotely)

11        ORAL DEPOSITION OF RUSSELL ZINTER, produced as a

12   witness at the instance of the Defendant and duly sworn,

13   was taken in the above-styled and numbered cause on

14   JANUARY 11, 2022, from 3:05 p.m. to 4:42 p.m., before

15   Sarah A. Prugh, Certified Shorthand Reporter in and for

16   the State of Texas, reported by machine shorthand with

17   the witness located in San Antonio, Texas, pursuant to

18   the Federal Rules of Civil Procedure or by agreement of

19   counsel, and the provisions stated on the record or

20   attached hereto.

21

22

23

24                                              Exhibit
                                                   T
25
```

```
 1                        APPEARANCES

 2

 3   FOR PLAINTIFF:

 4         Mr. Brandon J. Grable
           Mr. Austin Reyna
 5         Grable Grimshaw Mora, PLLC
           1603 Babcock Road, Suite 280
 6         San Antonio, Texas 78229
           Telephone: 210-592-4655
 7
     FOR DEFENDANT:
 8
           Mr. Adolfo Ruiz
 9         Denton Navarro Rocha Bernal & Zech
           2517 N. Main Avenue
10         San Antonio, Texas 78212
           Telephone: 210-227-3243
11
     FOR DEFENDANT:
12
           Mr. Hector Saenz
13         Law Offices of Charles S. Frigerio
           111 Soledad, Suite 840
14         San Antonio, Texas 78205
           Telephone: 210-227-3243
15
     ALSO PRESENT:
16
           Ms. Joelle Thomas
17         Ms. Margaret G. White
           Mr. Luis Vailente
18         Ms. Carolyn Stritzke
           Ms. Marlena Guarjardo
19         Mr. Jonathan Green
           Mr. Russell Zinter
20         Mr. Mark Brown
           Mr. Dave Bailey
21         Mr. Kevin Egan
           Mr. Juan Gonzales, Jr.
22         Mr. Greg Gardiner
           Ms. Theresa Richard
23         Mr. James Springer
           Mr. Jason Green
24         Mr. Jack Miller
           Mr. Robert Morison, Zoom Facilitator
25
```

Russell Zinter                                          January 11, 2022
                                                              Page 3

```
1

2                              INDEX

3                                                       PAGE

4   RUSSELL ZINTER

5   Examination by Mr. Ruiz ...........................5
    Examination by Mr. Saenz ........................43
6   Further Examination by Mr. Ruiz .................54
    Examination by Mr. Grable .......................56
7   Further Examination by Mr. Ruiz .................62
    Signature Page  .................................66
8   Court Reporter's Certificate ....................68

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Kim Tindall and Associates, LLC 16414 San Pedro, Suite 900   San Antonio, Texas 78232
210-697-3400                                              210-697-3408

1      Q.   (By Mr. Ruiz) Now, okay.  Why do you believe

2   your phone was taken?

3                MR. GRABLE:  Objection, form.

4                THE WITNESS:  To stop me from recording.

5      Q.   (By Mr. Ruiz) Did they -- did anybody I guess

6   inform you or tell you that the -- that the phone

7   contained evidence of the commission of a -- I guess of

8   a crime or an alleged crime?

9      A.   The only crime that I saw was that the police

10  were falsely arresting people is the only crime I saw.

11     Q.   Okay.  But did anybody indicate to you that

12  there was -- I guess whatever was on your phone was

13  evidence of --

14     A.   When I got my property receipt, the officer

15  said it is being held as evidence.

16     Q.   Okay.

17     A.   And that was basically the only explanation I

18  got from what I can remember.

19     Q.   Okay.  Now, do you believe that the police

20  officer who seized your phone were following a City of

21  Leon Valley policy or practice?

22                MR. GRABLE:  Objection, form.

23                THE WITNESS:  I don't know their policies.

24     Q.   (By Mr. Ruiz) Okay.

25     A.   But it sure seemed like they were being

 1  directed to take everybody's phone.

 2      Q.   And who did you -- who do you think that gave

 3  that directive?

 4      A.   I believe --

 5              MR. GRABLE:  Objection, form.

 6              THE WITNESS:  I believe Chief Salvaggio

 7  did or Lieutenant Anderson.  I am guessing but --

 8      Q.   (By Mr. Ruiz) Did you hear any command from

 9  anybody saying seize everybody's phone or words to that

10  effect?

11      A.   I am not sure.  All I know is that they came up

12  and grabbed mine for no reason.

13      Q.   Okay.  And the only reason they gave to you is

14  when the officer brought you your receipt; is that

15  correct?

16      A.   To the best of my knowledge, yeah.

17      Q.   After June 18, 2018, did you go back to Leon

18  Valley on June 23rd?

19      A.   I believe I did.  I am not real sure but I

20  think I did.

21      Q.   Okay.

22      A.   I stayed a couple of hours and I was wore out

23  from all of the sun and all of that.  So I think I went

24  home before noon.

25      Q.   Okay.  Did at any time after June 18, 2018, did

```
 1                    UNITED STATES DISTRICT COURT
                       WESTERN DISTRICT OF TEXAS
 2                       SAN ANTONIO DIVISION

 3   RUSSELL ZINTER; ET AL.        )
                                   )
 4   vs.                           )   CASE NO.
                                   )   SA-18-CA-680-JKP-RBF
 5                                 )
     CHIEF JOSEPH SALVAGGIO; ET    )
 6   AL.                           )

 7                     REPORTER'S CERTIFICATE

 8              ORAL DEPOSITION OF RUSSELL ZINTER

 9                      JANUARY 11, 2022

10        I, Sarah A. Prugh, Certified Shorthand Reporter in

11   and for the State of Texas, hereby certify to the

12   following:

13        That the witness, RUSSELL ZINTER, was duly sworn and

14   that the transcript of the deposition is a true record

15   of the testimony given by the witness;

16        That the deposition transcript was duly submitted on

17   _____1-21_____ to the witness or to the attorney for

18   the witness for examination, signature, and return to me

19   by _____2-21_____.

20        That pursuant to information given to the deposition

21   officer at the time said testimony was taken, the

22   following includes all parties of record and the amount

23   of time used by each party at the time of the

24   deposition:

25        Mr. Adolfo Ruiz (1h9m)
               Attorney for Plaintiff
```

1          Mr. Hector Saenz (0h17m)
                  Attorney for Defendant
2          Mr. Brandon J. Grable (0h10m)
                  Attorney for Defendant

3

4          I further certify that I am neither counsel for,

5    related to, nor employed by any of the parties in the

6    action in which this proceeding was taken, and further

7    that I am not financially or otherwise interested in the

8    outcome of this action.

9          Certified to by me on this 19th day of January,

10   2022.

11

12

13                          Sarah A. Prugh, CSR
                            Texas CSR 3972
14                          Expiration:  1/31/22
                            Magna Legal Services
15                          Firm Registration Number 633
                            16414 San Pedro, Suite 900
16                          San Antonio, Texas 78232
                            210-697-3400
17

18

19

20

21

22

23

24

25

```
 1                          APPEARANCES

 2

 3    FOR PLAINTIFF:

 4          Mr. Brandon J. Grable
            Mr. Austin Reyna
 5          Grable Grimshaw Mora, PLLC
            1603 Babcock Road, Suite 280
 6          San Antonio, Texas 78229
            Telephone: 210-592-4655
 7
      FOR DEFENDANT:
 8
            Mr. Adolfo Ruiz
 9          Denton Navarro Rocha Bernal & Zech
            2517 N. Main Avenue
10          San Antonio, Texas 78212
            Telephone: 210-227-3243
11
      FOR DEFENDANT:
12
            Mr. Hector Saenz
13          Law Offices of Charles S. Frigerio
            111 Soledad, Suite 840
14          San Antonio, Texas 78205
            Telephone: 210-227-3243
15
      ALSO PRESENT:
16
            Ms. Joelle Thomas
17          Ms. Margaret G. White
            Mr. Luis Vailente
18          Ms. Carolyn Stritzke
            Ms. Marlena Guarjardo
19          Mr. Jonathan Green
            Mr. Russell Zinter
20          Mr. Mark Brown
            Mr. Dave Bailey
21          Mr. Kevin Egan
            Mr. Juan Gonzales, Jr.
22          Mr. Greg Gardiner
            Ms. Theresa Richard
23          Mr. James Springer
            Mr. Jason Green
24          Mr. Jack Miller
            Mr. Robert Morison, Zoom Facilitator
25
```



RE: Russell Zinter                                    January 28, 2022

Dear Client:

We are forwarding these documents to you as the custodial attorney in this matter. This transcript is being handled pursuant to the Federal Rules of Civil Procedure and we have copied all parties on the Changes and Signature page(s) with the attached Certificate of Deposition submitted by the deponent to our office.

The items marked refer to the attached documents.

_____ The Changes and Signature page(s) was returned to our office within the specified time limit; therefore, we are forwarding the original deposition transcript(s) and the Changes and Signature page(s) with the attached Certificate of Deposition to you as the custodial attorney in this matter for safekeeping. All parties will be copied on the Changes and Signature page(s).

_____ The deponent returned the Changes and Signature page(s) within the specified time limit, however, the Changes and Signature page(s) was inadvertently returned without the original transcript. All parties have been copied.

___✓___ The Changes and Signature page(s) was not returned to our office within the specified time limit; therefore, we are forwarding the original deposition transcript to you as the custodial attorney in this matter.

_____ The Changes and Signature page(s) was returned to our office unexecuted. We are forwarding the original deposition transcript to you as the custodial attorney in this matter.

_____ The deponent returned the Changes and Signature page(s) enclosed after the specified time limit. All parties have been copied as a courtesy.

_____ This is to notify you that the examination and signature was not requested by the deponent and/or a party before the completion of the deposition; therefore, signature is waived pursuant to the Federal Rules of Civil Procedures. All parties have been copied via e-mail.

_____ A copy of the Changes and Signature page(s) was previously returned within the specified time limit. We are now in receipt of the Original Deposition Transcript and/or Changes and Signature page(s); therefore, we are returning it to you as the Custodial attorney in this matter for safekeeping.

_____ Amended.

Should you have any questions or concerns, please feel free to contact our office.

Sincerely,
KTA Certs Department
Certs@KTandA.COM
Nancy Renfroe – Department Manager

Kim Tindall & Associates, LLC
16414 San Pedro Avenue, Suite 900, San Antonio, Texas 78232
Phone: 866.672.7880 Fax: 210.697.3408

Jason Green                                    January 10, 2022

1                    UNITED STATES DISTRICT COURT
                       WESTERN DISTRICT OF TEXAS
2                        SAN ANTONIO DIVISION

3
     RUSSELL ZINTER; ET AL,    )
4                              )
          Plaintiffs,          )
5                              )
     v.                        )CIVIL NO. SA-18-CA-680-JKP-RBF
6                              )
     CHIEF JOSEPH              )
7    SALVAGGIO; ET AL,         )
                               )
8         Defendants.          )

9

10              ORAL DEPOSITION OF JASON GREEN

11                     JANUARY 10, 2022

12

13        ORAL DEPOSITION OF JASON GREEN, produced as a

14   witness at the instance of the Defendants and duly

15   sworn, was taken in the above-styled and numbered cause

16   on the 10th day of January, 2020, before Dacaree

17   Jacobson, CSR, in and for the State of Texas, reported

18   by oral stenographic method through Zoom.

19

20

21

22

23

24                                          **Exhibit**
                                            **U**
25

```
 1                    A P P E A R A N C E

 2

 3   FOR THE PLAINTIFFS:

 4
             MR. AUSTIN REYNA
 5           GRABLE GRIMSHAW MORA PLLC
             1603 Babcock Road
 6           Suite 280
             210.963.5297
 7           austin@ggm.law

 8

 9   FOR THE DEFENDANTS:

10
             MR. ADOLFO RUIZ
11           DENTON NAVARRO ROCHA BERNAL & ZECH
             2517 N. Main AVenue
12           210.227.3243
             210.225.4481
13           aruiz@rampagelaw

14           MR. HECTOR SAENZ
             LAW OFFICES OF CHARLES S. FRIGERIO
15           111 Soledad
             Suite 840
16           San Antonio, Texas 78205
             csf@frigeriolawfirm.com
17

18   ALSO PRESENT:

19       Luis Valiente
         Margaret G. White
20       Marlena Guajardo
         Joelle Thomas
21       Carolyn Stritzke
         Jonathan Green
22       Juan Gonzalez Jr.
         Kevin Egan
23       Mark Brown
         James Springer
24       Russell Zinter
         Jack Miller
25
```

 1   Greg Gardiner
     Dave Bailey
 2   Theresa Richard

 3

 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Jason Green                                                January 10, 2022
                                                                    Page 4

1                          I N D E X

                                                                    Page
2
     DEPONENT:   JASON GREEN
3
          DIRECT EXAMINATION BY MR. RUIZ                              5
4
          CROSS-EXAMINATION BY MR. SAENZ                            102
5
          REDIRECT EXAMINATION BY MR. RUIZ                          122
6
     CHANGES AND SIGNATURE                                          143
7
     REPORTER'S CERTIFICATE                                         146
8

9                        E X H I B I T S

10   No.  Description                                               Page

11                     No exhibits marked.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1  city policy -- well, let me try to rephrase just to make

2  it understandable?

3      A.  Yeah.  I was like, yeah.  I'm going to have to

4  ask him to rephrase that one.

5      Q.  It's a -- well, what -- well, with regard --

6  you indicate that the city violated your First Amendment

7  right because they -- I'm sorry.  The city retaliated

8  against you for practicing your First Amendment right.

9           So what policy or practice can you point to

10 that says, You did this policy, practice, or custom

11 which resulted in a retaliation of my First Amendment

12 rights?

13           MR. REYNA:  Objection, form.  You can

14 answer.

15           THE WITNESS:  First off, I never said they

16 retaliated against me.  I said they illegally arrested

17 me.

18 BY MR. RUIZ:

19     Q.  Okay.

20     A.  And as far as a policy goes, you would have to

21 ask them.  I don't know Leon Valley's policies.  I know

22 what I did was legal, and they arrested me.

23     Q.  Do you recall any the -- the officer's names

24 that -- that you -- that you encountered concerning

25 the -- the actions that were asserted -- you're --

```
 1                 UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF TEXAS
 2                     SAN ANTONIO DIVISION

 3
      RUSSELL ZINTER; ET AL,      )
 4                                )
          Plaintiffs,             )
 5                                )
      v.                          )CIVIL NO. SA-18-CA-680-JKP-RBF
 6                                )
      CHIEF JOSEPH                )
 7    SALVAGGIO; ET AL,           )
                                  )
 8        Defendants.             )

 9

10

11                    REPORTER'S CERTIFICATE

12        I, Dacaree Jacobson, a Certified Shorthand Reporter

13   in and for the State of Texas, do hereby certify that

14   there came before me on the 10th day of January, 2022,

15   at 9:42 a.m., JASON GREEN, who was duly sworn by me to

16   testify the truth of his knowledge of the matters in

17   controversy in this cause, and that he was thereupon

18   examined and the examination reduced to writing by my

19   hand; that to the best of my ability the deposition is a

20   true and correct copy on the testimony given by the

21   witness.

22        I further certify that I am neither attorney nor

23   counsel for nor related to or employed by any of the

24   parties to the action in which this deposition is taken,

25   and further that I am not a relative or employee of any
```

1   attorney or counsel employed by the parties hereto, or

2   financially interested in the action.

3       Certified to this on _____, 2022.

4

5   _____

6   Dacaree Jacobson, CSR 9466
    Expiration 05/31/22

7

8   Firm Registration No. 633
    Magna Legal Services
9   16414 San Pedro, Suite 900
    San Antonio, Texas 78232
10  Phone 866.672.7880

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Greg Gardiner                                          January 05, 2022

```
 1              UNITED STATES DISTRICT COURT
                    DISTRICT OF TEXAS
 2                SAN ANTONIO DIVISION

 3  RUSSELL ZINTER, ET AL.,        (
            Plaintiffs,            (
 4                                 (
    vs.                            (CIVIL NO.
 5                                 (   SA-18-CA-680-JKP-RBF
                                   (
 6  CHIEF JOSEPH SALVAGGIO,        (
    ET AL.,                        (
 7          Defendants             (

 8   ********************************************************

 9                REMOTE ORAL DEPOSITION OF

10                     GREG GARDINER

11                   JANUARY 5TH, 2022

12   ********************************************************

13      REMOTE ORAL DEPOSITION of GREG GARDINER, produced as

14  witness at the instance of the Defendant City of Leon

15  Valley, and duly sworn, was taken in the above-styled

16  and numbered cause on the 5th of January, 2022, from

17  9:09 a.m. to 12:58 p.m., remotely via videoconference,

18  before Stephanie McClure Lopez, CSR, in and for the

19  State of Texas, reported by machine shorthand, at

20  @location, Texas, pursuant to the Federal Rules of Civil

21  Procedure, and the provisions stated on the record or

22  attached hereto.

23

24                                    Exhibit
                                         V
25
```

Kim Tindall and Associates, LLC 16414 San Pedro, Suite 900   San Antonio, Texas 78232
210-697-3400                                                 210-697-3408

Greg Gardiner                                                    January 05, 2022
                                                                        Page 2

```
 1                    A P P E A R A N C E S

 2

 3  FOR THE PLAINTIFFS:
        Mr. Brandon J. Grable
 4      Mr. Austin Reyna
        GRABLE, GRIMSHAW, MORA, P.L.L.C.
 5      1603 Babcock Road, Suite 280
        San Antonio, Texas  78229
 6      Telephone:  210.960.8650
        Facsimile:  210.641.3332
 7      Email:      brandon@ggm.law
                    austin@ggm.law
 8
    FOR THE DEFENDANT CITY OF LEON VALLEY:
 9      Mr. Adolfo Ruiz
        DENTON, NAVARRO, ROCHA, BERNAL & ZECH
10      2517 N. Main Avenue
        San Antonio, Texas  78212
11      Telephone:  210.227.3243
        Facsimile:  210.225.4481
12      Email:      aruiz@rampagelaw.com

13  FOR THE DEFENDANT OFFICERS:
        Mr. Hector X. Saenz
14      LAW OFFICES OF CHARLES S. FRIGERIO
        111 Soledad, Suite 840
15      San Antonio, Texas  78205
        Telephone:  210.271.7877
16      Facsimile:  210.271.0602
        Email:      HXS@FrigerioLawFirm.com
17
    ALSO PRESENT:  (appeared throughout deposition)
18      Mr. Robert Morison
        Ms. Margaret G. White
19      Mr. Joelle Thomas
        Mr. David Bailey
20      Mr. Kevin Egan
        Mr. Juan Gonzales Jr.
21      Mr. Mark Brown
        Mr. Jonathan Green
22      Mr. Jason Green

23          (All attendees appeared via remote means.)

24

25
```

```
 1                        INDEX

 2  Appearances........................      2

 3  Stipulations.......................      4

 4  GREG GARDINER

 5  Examination by Mr. Ruiz.............      4
    Examination by Mr. Saenz............     97
 6  Further Examination by Mr. Ruiz.....    112
    Examination by Mr. Grable...........    128
 7  Further Examination by Mr. Ruiz.....    130
    Further Examination by Mr. Saenz....    132
 8  Further Examination by Mr. Grable...    133
    Further Examination by Mr. Ruiz.....    133
 9  Further Examination by Mr. Grable...    135
    Further Examination by Mr. Saenz....    136
10  Further Examination by Mr. Ruiz.....    136

11  Signature and Changes...............    141

12  Reporter's Certificate..............    143

13                      EXHIBITS

14  NO.      DESCRIPTION                   PAGE

15  1        (Withdrawn)                     --

16  2        Email string (Plaintiffs 000381)  86

17  3        Email string (Plaintiffs 000377)  86

18  4        Email string              86
             (Plaintiffs 000378-9)
19

20

21

22

23

24

25
```

1 around the corner to the water company --

2     Q.    Uh-huh.

3     A.    -- I'm thinking five -- five minutes.

4     Q.    Okay.

5     A.    It wasn't long at all.  It didn't take long to

6 go in there.  It was just kind of this is -- this is --

7 just didn't feel right.

8     Q.    Okay.  Now, you mentioned on several occasions

9 that -- that -- the government policies.  You mean the

10 policies of the State of Texas, the policies of the City

11 of Leon Valley?  What policies are you referring to?

12    A.    The policies of Leon Valley.

13    Q.    Okay.  And what -- now, what -- can you tell me

14 what those policies are?

15    A.    I have no idea.  Whatever policies that -- that

16 allow their employees, specifically the police officers

17 to violent people's rights, those policies.

18    Q.    Okay.  But -- so, how do you know that there's

19 policies that allow the city employees to violate other

20 people's rights?

21    A.    It's just -- there may not be a policy but

22 the -- there -- you would think there would be a policy

23 in place that would have -- when employees of the city,

24 specifically the police, start violating rights, there

25 would be a policy in place that would tell them, "Hey,

 1 what are you guys doing?  You can't do that.  They're

 2 not doing anything wrong."  You would think there would

 3 be a policy in place that would address things like that

 4 and if there's not a policy, then whatever.

 5            My -- I'm just saying my perceived idea of

 6 policies because surely the City of Leon Valley don't

 7 give their employees, specifically the police, carte

 8 blanche to do anything they want without any

 9 repercussions.  I don't know if any city operates like

10 that.

11      Q.   Okay.  So -- so, are you indicating that -- you

12 know, that there may not be any city policies but these

13 actions happened anyway?

14      A.   It was my belief the actions happened.  Whether

15 there's a policy in place or not, I -- I -- I couldn't

16 tell you; but you would think -- in my mind, you would

17 think any city would have a policy in place that

18 addresses conduct of their employees with people, just

19 people who aren't employees of the -- the city.

20      Q.   Okay.  So, let's talk about June 23rd, the next

21 day.

22      A.   Yes, sir.

23      Q.   Did you -- I guess you spent the night in San

24 Antonio.  Then you went to the City of Leon Valley city

25 hall?

```
 1                 UNITED STATES DISTRICT COURT
                        DISTRICT OF TEXAS
 2                     SAN ANTONIO DIVISION

 3  RUSSELL ZINTER, ET AL.,        (
            Plaintiffs,            (
 4                                 (
    vs.                            (CIVIL NO.
 5                                 (   SA-18-CA-680-JKP-RBF
                                   (
 6  CHIEF JOSEPH SALVAGGIO,        (
    ET AL.,                        (
 7          Defendants             (

 8                 REPORTER CERTIFICATION
                        GREG GARDINER
 9              TAKEN ON JANUARY 5TH, 2022

10          I, Stephanie McClure Lopez, Certified  Shorthand
    Reporter in and for the State of Texas,  hereby certify
11  pursuant to the Rules and/or agreement of the parties
    present to the following:
12          That this deposition transcript is a true record
    of the testimony given by the witness named herein,
13  after said witness was duly sworn or affirmed by me.
            The witness ___x_____ was/ _____ was not
14  requested to review the deposition.
            I further certify that I am neither attorney nor
15  counsel for, related to, nor employed by any of the
    parties to the action in which this testimony was taken.
16  Further, I am not a relative nor employee of any
    attorney of record in this cause, nor do I have a
17  financial interest in this action.
            SUBSCRIBED AND SWORN to on this the _____
18  day of _____, 2022.

19                  _____
20                  STEPHANIE McCLURE LOPEZ, CSR
                    Texas CSR 3483;   Expiration: 7/31/22
21                  Magna Legal Services
                    JBCC Firm Registration No. 633
22                  16414 San Pedro Avenue, Suite 900
                    San Antonio, Texas  78232
23                  Telephone:  210.697.3400

24                  Facsimile:  210.697.3408

25
```

Jonathan Green                                          January 07, 2022

```
 1                 UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF TEXAS
 2                   SAN ANTONIO DIVISION

 3  RUSSELL ZINTER; ET AL.,          )
           Plaintiffs,               )
 4                                   )   CIVIL NO.
                                     )   SA-18-CA-680-JKP-RBF
 5  vs.                              )
                                     )
 6  CHIEF JOSEPH SALVAGGIO; ET AL., )
           Defendants.               )
 7  ****************************************************************

 8                     ORAL DEPOSITION OF

 9                      JONATHAN GREEN

10                      January 7, 2022

11                   (Reported Remotely)

12  ****************************************************************

13  ORAL DEPOSITION of JONATHAN GREEN, produced as a witness at the

14  instance of the Defendant, and duly sworn, was taken in the

15  above-styled and numbered cause on the 7TH day of January,

16  2022, from 9:03 A.M. to 2:22 P.M., before Christy Nowotny, CSR,

17  CVR-CM in and for the State of Texas, reported by stenographic

18  means, remotely via Zoom video teleconference, pursuant to the

19  Texas Rules of Civil Procedure and the provisions stated on the

20  record or attached hereto.

21

22

23

24                                          Exhibit
                                              W
25
```

```
 1                    A P P E A R A N C E S
 2   FOR PLAINTIFF:
 3          MR. BRANDON J. GRABLE AND MR. AUSTIN REYNA
 4          GRABLE GRIMSHAW MORA, PLLC
 5          1603 Babcock Road, Suite 280
 6          San Antonio, Texas 78229
 7          (210)592-4655
 8
 9   FOR DEFENDANT:
10          MR. ADOLFO RUIZ
11          DENTON NAVARRO ROCHA BERNAL & ZECH
12          2517 North Main Avenue
13          San Antonio, Texas 78212
14          (210)227-3243
15
16   FOR DEFENDANT:
17          MR. HECTOR SAENZ
18          LAW OFFICES OF CHARLES S. FRIGERIO
19          111 Soledad, Suite 840
20          San Antonio, Texas 78205
21          (210)271-7877
22
23
24
25
```

```
 1   THERE ALSO BEING PRESENT:

 2          MR. JAMES SPRINGER, PLAINTIFF

 3          MR. RUSSELL ZINTER, PLAINTIFF

 4          MR. MARK BROWN, PLAINTIFF

 5          MR. JASON GREEN, PLAINTIFF

 6          MR. DAVE BAILEY, PLAINTIFF

 7          MR. KEVIN EGAN, PLAINTIFF

 8          MR. JUAN GONZALES, JR., PLAINTIFF

 9          MR. GREG GARDINER, PLAINTIFF

10          MS. THERESA RICHARD, PLAINTIFF

11          MS. JOELLE THOMAS, GRABLE PARALEGAL

12          MR. LUIS VALIENTE, RUIZ PARALEGAL

13          MR. ROBERT MORISON, KTA VIDEO HOST

14

15

16

17

18

19

20

21

22

23

24

25
```

Jonathan Green                                    January 07, 2022
                                                        Page 4

```
 1                          INDEX

 2

 3                                                    Page

 4   Appearances.................................   2

 5

 6   JONATHAN GREEN

 7

 8   EXAMINATION BY MR. RUIZ....................    7

 9   EXAMINATION BY MR. SAENZ...................   95

10   FURTHER EXAMINATION BY MR. RUIZ...........   108

11   FURTHER EXAMINATION BY MR. SAENZ..........   117

12   EXAMINATION BY MR. GRABLE.................   117

13   FURTHER EXAMINATION BY MR. RUIZ...........   143

14   FURTHER EXAMINATION BY MR. GRABLE.........   158

15

16   Changes and Signature.....................   161

17   Reporter's Certificate....................   163

18

19

20

21

22

23

24

25
```

Kim Tindall and Associates, LLC 16414 San Pedro, Suite 900   San Antonio, Texas 78232
210-697-3400                                                  210-697-3408

Jonathan Green                                  January 07, 2022
                                                        Page 93

1    you, that you were -- you were put in custody and

2    put in handcuffs?  You know, why you and not someone

3    else?  Well, not someone else, but, you know, why --

4    what do you think that you were doing that would

5    cause such a reaction from -- from officer -- from

6    Chief Salvaggio?

7            MR. GRABLE:  Objection; form.

8        A.   Honestly, I don't know what I could've been doing to

9    cause such a reaction from twice fired former Police Chief

10   Salvaggio.  Again, you'd have to ask him.  I -- I can't

11   speculate as to why they chose to do this to me.  I can only

12   tell you this is what they've done to me.

13       Q.   (By Mr. Ruiz) Okay.  Do you -- do you

14   know if there was a city policy, a practice, or a

15   custom to -- to detain you and -- and -- and put

16   handcuffs on you?  Do you -- do you believe there

17   was some type of city policy that -- that allowed

18   the officers to do that?

19       A.   I don't know of specific policies.  I can only assume

20   that the Chief was acting in accordance with such policies,

21   and, yeah, I -- I can't answer that.  I don't know.

22       Q.   Okay.

23       A.   All I know is that Chief Salvaggio were -- was giving

24   orders, and his officers were following them.

25       Q.   Uhm, and when -- and I -- I think we may have touched

Jonathan Green                                              January 07, 2022
                                                                 Page 164

```
 1                    REPORTER'S CERTIFICATION
                   DEPOSITION OF JONATHAN GREEN
 2                        JANUARY 7, 2022

 3        I, Christy Nowotny, Certified Shorthand
     Reporter in and for the State of Texas, hereby
 4   certify to the following:

 5        That the witness, JONATHAN GREEN, was duly
     sworn by the officer and that the transcript of the
 6   oral deposition is a true record of the testimony
     given by the witness's;

 7

 8        I further certify that pursuant to FRCP Rule 30
     (f) (1) that the signature of the deponent:

 9

10        __X__ was requested by the deponent or a party
     before the completion of the deposition and that the
11   signature is to be before any notary public and
     returned within 30 days from the date of receipt of
12   the transcript.  If returned, the attached Changes
     and Signature Page contains any changes and the
13   reasons therefor;

14

15        _____ was not requested by the deponent or a party
     before the completion of the deposition.

16

17        I further certify that I am neither counsel
     for, related to, nor employed by any of the parties
18   or attorney in the action in which this proceeding
     was taken, and further that I am not financially or
19   otherwise interested in the outcome of the action.

20        Certified to by me this 7th day of January,

21   2022.

22

23        _____
          Christy Nowotny, Texas CSR (11536), CVR-CM
24        Expiration Date: 03-31-22

25
```

```
 1                  UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF TEXAS
 2                     SAN ANTONIO DIVISION

 3  RUSSELL ZINTER; ET AL.,          )
            Plaintiffs,              )
 4                                   )   CIVIL NO.
                                     )   SA-18-CA-680-JKP-RBF
 5  vs.                              )
                                     )
 6  CHIEF JOSEPH SALVAGGIO; ET AL., )
            Defendants.              )
 7  *****************************************************************

 8                     ORAL DEPOSITION OF

 9                     THERESA RICHARD

10                      January 7, 2022

11                    (Reported Remotely)

12  *****************************************************************

13  ORAL DEPOSITION of THERESA RICHARD, produced as a witness at

14  the instance of the Defendant, and duly sworn, was taken in the

15  above-styled and numbered cause on the 7TH day of January,

16  2022, from 2:53 P.M. to 4:58 P.M., before Christy Nowotny, CSR,

17  CVR-CM in and for the State of Texas, reported by stenographic

18  means, remotely via Zoom video teleconference, pursuant to the

19  Texas Rules of Civil Procedure and the provisions stated on the

20  record or attached hereto.

21

22

23

24                                                    Exhibit
                                                         X
25
```

```
 1                  A P P E A R A N C E S
 2   FOR PLAINTIFF:
 3         MR. BRANDON J. GRABLE AND MR. AUSTIN REYNA
 4         GRABLE GRIMSHAW MORA, PLLC
 5         1603 Babcock Road, Suite 280
 6         San Antonio, Texas 78229
 7         (210)592-4655
 8
 9   FOR DEFENDANT:
10         MR. ADOLFO RUIZ
11         DENTON NAVARRO ROCHA BERNAL & ZECH
12         2517 North Main Avenue
13         San Antonio, Texas 78212
14         (210)227-3243
15
16   FOR DEFENDANT:
17         MR. HECTOR SAENZ
18         LAW OFFICES OF CHARLES S. FRIGERIO
19         111 Soledad, Suite 840
20         San Antonio, Texas 78205
21         (210)271-7877
22
23
24
25
```

```
 1    THERE ALSO BEING PRESENT:

 2           MR. JACK MILLER, PLAINTIFF

 3           MR. RUSSELL ZINTER, PLAINTIFF

 4           MR. MARK BROWN, PLAINTIFF

 5           MR. JONATHAN GREEN, PLAINTIFF

 6           MR. DAVE BAILEY, PLAINTIFF

 7           MR. KEVIN EGAN, PLAINTIFF

 8           MR. JUAN GONZALES, JR., PLAINTIFF

 9           MR. GREG GARDINER, PLAINTIFF

10           MS. MARLENA GUAJARDO, RUIZ PARALEGAL

11           MS. JOELLE THOMAS, GRABLE PARALEGAL

12           MR. LUIS VALIENTE, RUIZ PARALEGAL

13           MR. ROBERT MORISON, KTA VIDEO HOST

14

15

16

17

18

19

20

21

22

23

24

25
```

Theresa Richard                                    January 07, 2022
                                                            Page 4

```
 1                          INDEX

 2

 3                                                   Page

 4   Appearances................................    2

 5

 6   THERESA RICHARD

 7

 8   EXAMINATION BY MR. RUIZ....................     6

 9   EXAMINATION BY MR. SAENZ...................    56

10   FURTHER EXAMINATION BY MR. RUIZ............    66

11   FURTHER EXAMINATION BY MR. SAENZ...........    68

12   EXAMINATION BY MR. GRABLE..................    69

13   FURTHER EXAMINATION BY MR. RUIZ............    79

14   FURTHER EXAMINATION BY SAENZ...............    80

15   FURTHER EXAMINATION BY MR. GRABLE..........    81

16

17   Changes and Signature......................    84

18   Reporter's Certificate.....................    86

19

20

21

22

23

24

25
```

Kim Tindall and Associates, LLC 16414 San Pedro, Suite 900   San Antonio, Texas 78232
210-697-3400                                                          210-697-3408

 1  for so long.  He had an issue with the heat, and he left in an

 2  ambulance.

 3       Q.   Okay.  And he -- was he -- was he the older gentlemen

 4  that was there?  Because I understand there was -- okay.

 5       A.   Yes, sir.

 6       Q.   All right.  Now, is Mr. Egan from Louisiana, as well?

 7       A.   No.

 8       Q.   Okay.  But you went with him to the -- the City of

 9  Leon Valley; is that correct?

10       A.   Yes.

11       Q.   Okay.  So -- so, uhm, why do you think that your --

12  your -- your camera was taken?

13            MR. GRABLE:  Objection; form.

14       A.   My camera was taken because the police chief doesn't

15  realize that he can't do that.  He's arrogant enough to think

16  that he can just take things from people.  That's why my camera

17  was taken.

18       Q.   (By Mr. Ruiz) Uhm, do you think that,

19  uhm, I guess, the police chief or the officers --

20  police officers were following a particular policy

21  that the city had -- policy or practice or custom

22  that the city had?

23            MR. GRABLE:  Objection; form.

24       A.   Insofar as the city is the police chief, yes.

25       Q.   (By Mr. Ruiz) Well, if the city is not

 1  the police chief?

 2          MR. GRABLE:  Objection; form.

 3      A.   The police chief represents the city.  I don't see

 4  how he's not the city.

 5      Q.   (By Mr. Ruiz) Okay.  Would you agree with

 6  me that -- that the police chief is an employee of

 7  the city?

 8          MR. GRABLE:  Objection; form.

 9      A.   I would agree.

10      Q.   (By Mr. Ruiz) Okay.

11      A.   I would agree he's an employee.

12      Q.   Now, had -- do you still look at -- I guess is your

13  YouTube site still active, showing its previous police

14  encounters with individuals, that -- that you guess you wrote

15  it up and available on your YouTube account?

16      A.   My YouTube account is still active.  Is -- is that

17  what you mean?

18      Q.   Yes.

19      A.   Yes, all of the YouTube accounts are active.

20      Q.   Okay.  And they still have the videos that you posted

21  that are still on there?

22      A.   Yes.

23      Q.   Okay.  Do you -- do you still get hits on your video

24  from -- from -- yeah, do you still get hits on your video

25  where -- where you get income from -- from the hits that you

Theresa Richard                                              January 07, 2022
                                                                      Page 86

```
 1                    REPORTER'S CERTIFICATION
                  DEPOSITION OF THERESA RICHARD
 2                       JANUARY 7, 2022

 3        I, Christy Nowotny, Certified Shorthand
      Reporter in and for the State of Texas, hereby
 4    certify to the following:

 5        That the witness, THERESA RICHARD, was duly
      sworn by the officer and that the transcript of the
 6    oral deposition is a true record of the testimony
      given by the witness's;
 7

 8        I further certify that pursuant to FRCP Rule 30
      (f) (1) that the signature of the deponent:
 9

10        __X__ was requested by the deponent or a party
      before the completion of the deposition and that the
11    signature is to be before any notary public and
      returned within 30 days from the date of receipt of
12    the transcript.  If returned, the attached Changes
      and Signature Page contains any changes and the
13    reasons therefor;

14

15        _____ was not requested by the deponent or a party
      before the completion of the deposition.

16

17        I further certify that I am neither counsel
      for, related to, nor employed by any of the parties
18    or attorney in the action in which this proceeding
      was taken, and further that I am not financially or
19    otherwise interested in the outcome of the action.

20        Certified to by me this 7th day of January,

21    2022.

22

23    _____
          Christy Nowotny, Texas CSR (11536), CVR-CM
24        Expiration Date: 03-31-22

25
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RUSSELL ZINTER; ET AL.** | § | |
|     **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. SA-18-CA-680-JKP-RBF** |
| | § | |
| **CHIEF JOSEPH SALVAGGIO; ET AL.** | § | |
|     **Defendants.** | § | |

---

### AFFIDAVIT OF CRYSTAL CALDERA

---

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF BEXAR | § |

Before me, the undersigned notary, on this day personally appeared Crystal Caldera, a person whose identity is known to me.  After being by me duly cautioned to tell the truth, subject to the penalties for perjury, she did affirm and testify as follows:

"My name is Crystal Caldera.  I am over the age of eighteen (18) years, am of sound mind, and am fully capable of making this affidavit.  I am personally familiar with facts recited below, which are true and correct.

Currently, I hold the position of City Manager for the City of Leon Valley, Texas.    I have held the position of City Manager since January 16, 2022. I have held the position of Assistant City Manager since 2014.

The City Manager is the chief administrative and executive officer of the City and exercises supervision and control over the Chief of Police for the City of Leon Valley, a city employee position, pursuant to the City of Leon Valley Charter Sections 5.01, 5.02A (2), and 5.03. ("Charter) and City of Leon Valley Code of Ordinances ("Code") Sections 1.05.032 and 9.02.032. The Chief of Police serves at the pleasure of the City Manager whose appointment and removal must be confirmed by the City Council.  In addition, Section 9.02.032 of the Code provides that the City Manager will be the appointing and removing authority for all other positions within the police department.  Attached to my affidavit as **Exhibit Y1** is a copy of Sections 5.01, 5.02A (2) and 5.03 of the Charter.

The City of Leon Valley's police department is a department within the City of Leon Valley. Among my duties as City Manager under Section 1.05.032 (5) of the Code, I exercise supervision and control over all departments now



Page **1** of **3**

created or to be created by the City Council, which includes the Chief of Police and the police department.

Although the police chief is the executive head of the police department, the City Manager directs and supervises the administration of all departments, offices, and agencies of the City, except as otherwise provided by the Charter or by law, and the City Manager promulgates all policies and procedures pertaining to the administration of personnel not otherwise set by the ordinance as set forth in Section 5.01C (2) of the Charter and Section 1.05.032 (4) of the Code. Attached hereto to my affidavit respectively as **Exhibits Y2 and Y3** are copies of Sections 1.05.032 and 9.02.032 of the Code.

The Police Chief is not considered a final policy maker under the Charter or the Code, because the police department and the Police Chief are subject to the control and supervision of the City Manager.   The Police Chief's position in the City's organizational chart is below the City Manager and City Council. Attached hereto to my affidavit as **Exhibits Y4 and Y5** are copies of City's organizational charts for 2018 and 2022.

In my capacity as City Manager, I serve as a Custodian of Records for the City of Leon Valley.  Of those records, attached hereto is a true and correct copy of eight (8) pages of documents reflecting:

**Exhibit Y1:**  Copy of Sections 5.01, 5.02A (2) and 5.03 of the Charter.
**Exhibit Y2:**  Copy of Sections 1.05.032 of the Code of Ordinances.
**Exhibit Y3:**  Copy of Section 9.02.032 of the Code of Ordnances.
**Exhibit Y4:**  Copy of City of Leon Valley's 2018 Organizational Chart.
**Exhibit Y5:**  Copy of City of Leon Valley's 2022 Organizational Chart.

The attached above-referenced documents are kept by my department in the regular course of business, and it was in the regular course of business and activity of the City of Leon Valley for an employee of City, with knowledge of the act and contains information transmitted by the person with knowledge of the matters of the event, condition, opinion, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time of the occurrence of the matters set forth in the documents and was made by the regularly conducted activity as a usual practice for the City.  The records attached are exact duplicates of the originals which are true and correct.

In my capacity as City Manager, I also serve as a Custodian of Records for the City of Leon Valley Police Department. Of those records, are a true and correct copy of five (5) body camera videos on a compact disc and/or flash drive of a digital recording reflecting:

**Exhibit B:**  Video recording entitled, 1259@201806141352330, Urdiales Bodycam taken on June 14, 2018 {COLV 00014}.

**Exhibit F:**  Video recording entitled, 1176@201806141352260 Vasquez. Bodycam taken on June 14,2018 {COLV 00006}.

**Exhibit G:**  Video recording entitled, 1184@20180614141351070 Azar Bodycam taken on June 14, 2018 {COLV 00009}.

**Exhibit H:**  Video recording entitled, 2030@201806141600030 Yarbrough. Bodycam taken on June 14, 2018{COLV 00013}.

**Exhibit J:**  Video recording entitled, 1056@201806181341390 Farias. Body camera taken on June 18, 2018 {COLV 00026}.

The attached above-referenced digital footage from the body cameras are kept by the City of Leon Valley's police department in the regular course of business, and it was in the regular course of business and activity of the City of Leon Valley for an employee of the City, with knowledge of the act and contains information transmitted by the person with knowledge of the matters of the event, condition, opinion, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time of the occurrence of the matters set forth in the digital footage and was made by the regularly conducted activity as a usual practice for the City's police department. The video footage records attached are exact duplicates of the originals which are true and correct.

Further Affiant sayeth not.

_____
Crystal Caldera
City Manager
City of Leon Valley, Texas


SUBSCRIBED AND SWORN TO BEFORE ME on this _24_ day of February, 2022, to certify which witness my hand and official seal.

_____
NOTARY PUBLIC, STATE OF TEXAS

**Section 5.01     City Manager**

A.     <u>Appointment and Qualifications</u>. The City Council shall appoint a City Manager who shall be the chief administrative and executive officer of the City and shall be responsible to the City Council for the administration of all the affairs of the City. The City Manager shall be chosen by the City Council solely **on the basis of the City Manager's executive and administrative training, experience and ability.**

B.     <u>Term and Compensation</u>. The City Manager shall be appointed for a definite term upon the affirmative vote of two-thirds (2/3) of the City Council, and may be removed at the discretion of the City Council by an affirmative vote of two-thirds (2/3) of the City Council. The action of the City Council in suspending or removing the City Manager shall be final, it being the intention of this Charter to vest all authority and fix all responsibility for such suspension or removal in the City Council. The City Manager shall receive compensation as may be fixed by an affirmative vote of two-thirds (2/3) of the City Council.

C.     <u>Powers and Duties</u>. The City Manager shall have the following powers and duties:

1.     The City Manager shall appoint and, when the City Manager deems it necessary for the good of the City, may suspend or remove any City employee except as otherwise provided by law, this Charter, or personnel rules adopted pursuant to this Charter. The City Manager may authorize any employee **who is subject to the City Manager's direction and supervision** to exercise these powers with respect to **subordinates in that employee's department, office or agency;**

2.     The City Manager shall direct and supervise the administration of all departments, offices, and agencies of the City, except as otherwise provided by this Charter or by law;

3.     The City Manager shall attend all City Council meetings, except when excused by the Mayor or Mayor Pro-Tem, and shall have the right to take part in discussion but may not vote;

4.     The City Manager shall see that all laws, provisions of this Charter and acts of the City Council, **subject to enforcement by the City Manager or by those subject to the City Manager's direction and** supervision, are faithfully executed;

5.     The City Manager shall make such reports as the City Council may require concerning the **operations of the City departments, offices and agencies subject to the City Manager's direction and** supervision;

6.     The City Manager shall keep the City Council fully advised as to the financial condition and future needs of the City and make such recommendations to the City Council concerning the affairs of the City as the City Manager deems desirable;

7.     The City Manager shall have the authority to execute on behalf of the City, standard form documents, including but not limited to deeds, releases of liens, rental agreements, easements, right-of-way agreements, joint use agreements, and other similar documents, under the following conditions:

a.     The execution of the document is necessary to carry out a public works project; utilize, maintain or improve a City facility, street, right-of-way, easement, park or other City property, or to implement other

**Exhibit Y-1**

City policies; provided that such project, program or policy has been approved by the City Council;

b.      That all blanks are filled in on any document correctly and that such document is consistent with the objectives approved by the City Council; and

c.      That the form of such document shall be approved by the City Attorney.

8.      The City Manager shall perform such other duties as are specified in this Charter or may be required by the City Council.

D.      <u>Review</u>. **The City Council shall perform a review of the City Manager's performance at least** annually, but no more than twice in any fiscal year.

E.      <u>Acting City Manager</u>. By letter filed with the City Secretary, the City Manager shall designate, subject to approval of the City Council, a qualified employee to exercise the powers and perform the **duties of City Manager during the City Manager's temporar**y absence or disability. The City Council may revoke such designation at any time and appoint another individual to serve until the City Manager shall return or his/her disability shall cease.

**Section 5.02    Other Departments, Offices, and Agencies**

A.    <u>General Provisions</u>.

1.    <u>Creation of Departments</u>. The City Council may continue or establish City departments, offices or agencies in addition to those created by this Charter and may prescribe the functions of all departments, offices and agencies, except that no function assigned by this Charter to a particular department, office or agency may be discontinued or, unless this Charter specifically so provides, assigned to another department.

2.    <u>Direction by City Manager</u>. All departments, offices and agencies under the direction and supervision of the City Manager shall be administered by an employee appointed by and subject to the direction and supervision of the City Manager.

B.    <u>City Attorney</u>. The City Attorney shall be appointed by the City Manager with the approval of the City Council. He or she shall report to the City Manager and may be removed from office by the City Manager with approval of the City Council.

C.    <u>Municipal Court; Judge(s)</u>. The City Council shall establish a municipal court. The Mayor shall appoint a licensed attorney of the State of Texas as presiding judge(s) and any such other licensed attorneys of the State of Texas as associate judge(s) as are deemed necessary and the appointment shall be subject to confirmation by the City Council. The judge(s) of the municipal court shall serve a term of two years to run concurrently with the term of Office of the Mayor. The presiding judge and any associate judge may be removed by an affirmative vote of two-thirds (2/3) of the City Council.

D.    <u>City Secretary</u>. The City Manager shall appoint a City Secretary whose duties and obligations shall be determined and supervised by the City Manager.

**Section 5.03    Personnel Rules**

The City Manager shall be responsible for the preparation of personnel rules. Such rules shall be submitted by the City Manager to the City Council. The City Council may accept and adopt such rules as proposed or may adopt them with amendments.

**Sec. 1.05.032     Powers and duties**

The powers and duties of the city manager shall be as follows:

(1)     To devote all of his working time and attention to the affairs of the city, and be responsible to the council for the efficient administration of its affairs;

(2)     To see that all laws and ordinances are enforced;

(3)     To receive all bid proposals on contract work to be done in the city, bids to be opened on instruction from the council;

(4)     To promulgate all policies and procedures pertaining to the administration of personnel not otherwise set by ordinance;

(5)     To exercise supervision and control over all departments created by the council or that may hereafter be created;

(6)     To attend all meetings of the council with the right to take part in the discussion, but having no vote, and he shall be notified of all special meetings of the council;

(7)     To see that all terms and conditions imposed in favor of the city, or its inhabitants, in any utility franchise, are faithfully kept and performed, and upon knowledge of any violation thereof to call the same to the attention of the council;

(8)     To act as budget officer and as such to prepare and submit to the council, prior to the beginning of each fiscal year, a budget of proposed expenditures for the ensuing year, showing in as much detail as practicable the estimated amounts required for the efficient operation of each department of the city and the reasons for such estimated expenditures;

(9)     The city manager, in addition to the foregoing, shall make and file a budget as required by state law;

(10)    **To make a full written report to the council as soon after the close of each month's accounts as** possible, showing the operation and expenditures of each department of the preceding month, with the monthly allowances made for such departments in the annual budget, and to keep the council fully advised at all times as to the financial condition and needs of the city;

(11)    To act as, or designate, a purchasing agent for the city to purchase all needed merchandise, material and supplies, and to establish, if needed, a suitable storehouse where such supplies may be kept and from which same may be issued as needed; and to adopt such rules and regulations governing requisitions and transaction of business between himself as such purchasing agent and the heads of the departments, officers and employees of the city as the council may approve.

(1972 Code, sec. 2.202; 2008 Code, sec. 1.05.032)

**Exhibit Y-2**

**Sec. 9.02.033     Powers of police officers**

The police officers appointed pursuant hereto shall have all of the powers, rights and authorities vested in police officers and conferred by Texas Local Government Code, chapter 341, Municipal Law Enforcement, as well as those conferred by articles 2.12 and 2.13 of the Code of Criminal Procedure, or as otherwise provided by state law. (Ordinance 06-043 adopted 10/3/06; 2008 Code, sec. 9.03.004)

**Exhibit Y-3**

# CITY OF LEON VALLEY
# ORGANIZATIONAL CHART





# City of Leon Valley Organizational Chart



**Citizens of Leon Valley**

**City Auditor**

**Mayor and City Council**

**Advisory Boards & Commissions**

**City Engineer**

**City Manager**
Crystal Caldera, PhD

**City Attorney**

**Business Relations Director**
William Cox
- Economic Development
- E&C Development Advisory Committee
- Liaison EDCD

**Library Director**
Regina Reed
- Leon Valley Library Board of Trustees Support
- Manage LV Library

**Human Resources Director**
Vacant
- Personnel Management
- Safety-Risk Management
- Benefit Administrator

**Executive Assistant to City Manager**
Angela Trejo
- Mayor's Liaison
- Council Liaison
- Payroll Administrator

**Municipal Court**
Faviola Garcia
- Administers Jury and Bench Trials
- City issued citations
- Warrant roundups
- Manages daily city revenues

**Commm/Special Events**
Crystal Miranda
- Facility Rentals & Management
- Special Events and Programs
- Communications

**IT Manager**
Mark Shellard
- Help Desk Ticket
- Server Management
- IT Security
- IT Plan Management

**Public Works**
Melinda Moritz
- Street Maintenance
- Drainage Maintenance
- Stormwater
- Parks and Recreation
- Facilities Maintenance
- Fleet Services
- Traffic Engineering
- Water and Wastewater
- Solid Waste
- Utility Billing
- Earthwise Living
- Tree Advisory Committee
- Park Commission
- CAP Facilities

**Finance Director**
Kevin Rule
- Accounting/Budgeting
- Procurement Services
- Accounts Payable

**City Secretary**
Saundra Passailaigue
- Agenda Minutes
- Records Management
- Public Information
- Contract Compliance
- Liaison to Boards and Commissions
- Elections
- TABC Licensing

**Fire/EMS**
Michael Naughton
- Fire Protection
- Fire Suppression
- EMS
- Emergency Management
- Fire Inspections
- Fire Marshal

**Planning & Zoning**
Vacant
- Planning/Zoning
- Permit/Licenses
- Building & Health Inspections
- Board of Adjustment
- P & Z Commission
- Bandera Road Advisory Committee

**Police Chief**
David Gonzales
- Law Enforcement Patrol
- Traffic Control
- Criminal Investigation
- Code Compliance
- Animal Care
- Narcotics Task Force
- Red Light Cameras
- Citizen Police Advisory Committee

**Exhibit Y-5**

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RUSSELL ZINTER; ET AL.** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. SA-18-CA-680-JKP-RBF** |
| | § | |
| **CHIEF JOSEPH SALVAGGIO; ET AL.** | § | |
| | § | |
| **Defendants.** | § | |

## AFFIDAVIT OF CRAIG R. MILLER

| | |
|---|---|
| STATE OF NEW MEXICO | § |
| | § |
| COUNTY OF LEA | § |

On this day appeared CRAIG R. MILLER, who is personally known to me, and after being duly sworn, deposed and said as follows:

My name is CRAIG R. MILLER, I am self-employed.   I am over the age of eighteen (18) years and have never been convicted of a felony or a crime of moral turpitude.  I am of sound mind, and fully competent to make this affidavit. I have personal knowledge of the facts stated in this affidavit, and they are true and correct.

1.     I am a consultant and subject matter expert in law enforcement in civil and criminal litigation in federal and state courts.  A true and correct copy of my C.V., which more fully describes my educational and professional background (DEFT COLV 11270-11296) is in my expert report attached to my affidavit as **Exhibit "Z-1".** I have personal knowledge of the facts stated in my C.V. and they are true and correct.

**Exhibit Z**

2.     I was retained by the Law Firm of Denton, Navarro, Rocha, Bernal, Zech in the matter of *Russell Zinter et al. v. City of Leon Valley et al.*, in the Western District of Texas, San Antonio Division, Civil No. SA-18-CA-680-JKP-RBF to opine based upon my experience, education, and training, on the allegations made by plaintiffs against the City of Leon Valley.  I based the opinions expressed in **Exhibit "Z-1"** on review of the materials, documents and information enumerated in items 1-15 at DEFT COLV 11254 of my report; my experience; education and training in the law enforcement field; and specifically on my experience, education and training related to police procedures.

4.     It is my opinion, base on the totality of the material reviewed and the facts and opinions as set forth in my report attached to my affidavit as **Exhibit "Z-1"** are as follows:

1.     The Leon Valley Police officers involved in the June 14th, 18th, and 23rd 2018 demonstrations received sufficient adequate training.

2.     The Texas Penal Code provided clear offense guidelines for the Leon Valley Police Department Officers for the offenses that occurred.

3.     The Leon Valley Police officers, including Officer Vasquez, received proper training on the use of the TASER.

4.     The Leon Valley Police Department provides specific guidelines on when officers can use force.

_____

CRAIG R. MILLER

SUBSCRIBED AND SWORN TO BEFORE me by CRAIG R. MILLER on the 24 day of February 2022 to certify which witness my hand and official seal.

_Jessica Olivas_

Notary Public in and for the State of _New Mexico_

**Official Seal**
**Jessica Olivas**
Notary Public
State of New Mexico
My Commission Expires: 09|29|2023

November 22, 2021

Adolfo Ruiz
Denton Navarro Rocha Bernal & Zech, P.C.
2517 N. Main Ave.
San Antonio, Texas 78212

Expert Witness for the Defendant (City of Leon Valley)

RUSSELL ZINTER;
JACK MILLER;
BRIAN HOWD;
JAMES A. MEAD;
JOSEPH BRANDON PIERCE;
MARK BROWN;
DAVID BAILEY;
JUAN GONZALES JR;
KEVIN EGAN;
JONATHAN GREEN;
JAMES SPRINGER;
GREG GARDINER;
SELENA HERRARA;
JASON GREEN;
THERESA C. RICHARD
*Plaintiffs*

v.                                                CIVIL ACTION NO. 5:18-CV-680

CHIEF JOSEPH SALVAGGIO;
LIEUTENANT DAVID ANDERSON;
DEPUTY JANE DOE GOLDMAN;
OFFICER JOHNNY VASQUEZ;
CPL. CHAD MANDRY;
DETECTIVE JIMMIE WELLS;
CPL. LOUIS FARIAS;
OFFICER UZIEL HERNANDEZ;
OFFICER YARBROUGH;
OFFICER BRENTON;
OFFICER AZAR;
OFFICER URDIALES;
OFFICER KING;
OFFICER CASTRO;
OFFICER TACQUARD;
OFFICER RIVERA;

**Exhibit Z-1**

The CITY OF LEON VALLEY, a political
Subdivision of the State of Texas
NIKO LAHOOD in his official capacity as Bexar
County District Attorney; and
JOE GONZALES in his official capacity as Bexar County District Attorney
*Defendants*

1. I have been retained by the law firm Denton Navarro Rocha Bernal & Zech, P.C. as an expert witness in the above civil action. I am therefore submitting the following information and accompanying documents and methodology in support of my opinions and conclusions in response to the request for me to review materials related to this case on the issues involved.

**BACKGROUND AND EXPERIENCE**

2. I retired March 2019 as the Chief of Police for the Dallas Independent School District Police Department with a workforce of 220 personnel. The department included sworn officers, security officers and police dispatch. Dallas ISD at the time of my employment was the 14th largest school district in the United States with a student population of 158,000. Additionally, there are 23,000 employees and 230 schools.  I was the Dallas ISD Chief of Police from 2011 to 2019.

3. Prior to becoming the Dallas ISD Police Chief, I was employed by the Dallas Police Department (DPD) and served as the Deputy Chief of the Crimes Against Persons Division (CAPERS).  In this assignment, I supervised 180 personnel with an operating budget of $18.5 million. I was responsible for all criminal investigations involving murder, robbery, sexual assaults, assaults and the crime scene investigation function for 1.3 million people.

4. Before I was promoted to Deputy Chief, I was the Homicide Unit Commander. I directly oversaw 750 murder investigations, 300 suicides, 75 Officer Involved Shootings (OIS), Death in Custody incidents (DIC) and murder-for-hire investigations.  As the Homicide Unit Commander, I also served as head of the Special Investigations Unit for the 9th largest police department in the United States.

5. I came to the Dallas Police Department in February 1982, after graduating from the University of Memphis with a Bachelor of Arts Degree in Criminal Justice. I worked my way through the Dallas Police Department ranks as a patrol officer, patrol sergeant, vice sergeant, patrol watch commander, narcotics unit commander, traffic division commander, bomb squad commander, and ultimately the homicide unit commander. During my first year as a sector sergeant in 1986, nine of the ten officers that I supervised were involved in officer involved shootings in which either a suspect or officer was injured or killed. As a result of the many hours of experience and training I received, I have a very firm understanding of police operations from both the officer's position as well as police management.

DEFT COLV  11252

6. I am a graduate of the Southwest Legal Foundation Command Management Supervisors Course and the Law Enforcement Management Institute of Texas through Sam Houston State University New Police Chief Course. Additionally, I am a Master Texas Peace Officer with 37 years of experience, a TCOLE State Certified Instructor, and a Certified Analyst through Force Science Institute. I also have been a member of the International Association of Chiefs of Police (IACP), Police Executive Research Forum (PERF) and the Texas Police Chiefs Association.

7. I have technical, professional and other specialized knowledge that will assist in understanding the facts and issues of the incident in question. My education and extensive experience provides a deep understanding of how law enforcement officers are trained and operate. This knowledge is the key to reaching a reliable evaluation of law enforcement officers' conduct. I have conferred with many other law enforcement experts regarding police operations and evaluations thereof. The facts and data on which I base my opinions are of a type reasonably relied upon by experts in the field of law enforcement in forming opinions or inferences therefrom. I also have a firm understanding of the requirements under the Fourth Amendment for detention and arrest.

## DOCUMENTS REVIEWED FOR THIS ANALYSIS

8. On November 8, 2021, the Defendant's counsel, Adolfo Ruiz, presented me with evidentiary documents for my review in preparation for opining on this case. He requested that I prepare a concise declaration outlining my basic opinions on this case. Those findings and opinions to date have been incorporated into this document.

9. It should be noted that before I agreed to be retained by the Defendant as an expert in this case, I insisted on conducting a preliminary review of key materials. These included the Defendant, City of Leon Valley's Responses to Plaintiffs' Motion for Preliminary Injunction, LVPD incident reports, LVPD body worn camera videos, and LVPD Operations Manual. I used these to determine whether I could ethically offer opinions supportive of the Defendant. I conducted such a review and agreed to be retained by the Defendant.

10. As is usually the case in investigations such as this, I am aware that there may be additional documents or other evidence that might subsequently become available during the discovery process. I may be asked to review these as they may assist me in developing more detailed findings and opinions. Therefore, I reserve the right to amend my findings and opinions at some later date based upon my ability to review any additional records and/or items of evidence that I might subsequently receive.

The documents I have reviewed to date are listed below:

1. Body Worn Camera (BWC) Video Item (00001)
2. BWC Video Items (00039, 00084, 00085, 00086, 00087, 00088)
3. Police Incident Reports from June 14, 2018
4. Police Incident Reports from June 18, 2018
5. Police Incident Reports from June 23, 2018
6. Captain Ruben Saucedo's Supplement Report, 06-23-2018
7. Detective Terry Brooks/R. Munoz Search Warrant Requests
8. Leon Valley Police Department Operations Manual
9. Leon Valley Police Department Use of Force Form (Mark Brown)
10. Plaintiffs Designation of Expert Witnesses
11. Second Amended Complaint and Jury Demand
12. Defendant, City of Leon Valley's Original Answer to Plaintiff's Second Amended Complaint
13. Defendant, City of Leon Valley's Response to Plaintiff's Notion for Preliminary injunction
14. TCOLE Training Records for: Joseph Salvaggio, David Anderson, Johnny Vasquez, Jr., Chad Mandry, Jimmie D. Wells, Louis A. Farias Jr., Brandon Evans, Uziel J. Hernandez Moreno, Clarence Yarbrough II, Jorge C. Breton, Jo Ann Azar, Joel Urdiales, Alex King, Benjamin Castro, Ronnie M. Tacquard and Erika Rivera
15. Thomas Tiderington Expert Report

**Summary of The Incident**

11. On May 2, 2018, a group of protesters called the First Amendment Auditors, protested at the police headquarters of the Leon Valley Police Department.  It is my opinion that the mission of this group and its members is to go into a police or government facility to create a confrontation with police as they live stream it on a recording device.  On May 2, 2018 several of the protesters were arrested. It appears that the group returned to the Police Building with the intent to provoke a police response starting on June 14, 2018.

- **June 14, 2018**

12. During the daily patrol shift briefing Leon Valley Police Department (LVPD) officers were notified by the municipal court receptionist of a disturbance in the municipal court front lobby.  Upon arrival, the officers observed Jesus Padilla standing on the front steps outside of the building with his cell phone in his hands.   Mr. Padilla had previously been arrested for Criminal Trespass on city property and was issued a "No Trespass" warning by LVPD officers.  As a result of that warning, Mr. Padilla was arrested by Sgt. Urdiales for violating the warning by trespassing again.   As Mr. Padilla was being arrested, his companion, Mr. Mark Brown, stood nearby the arrest and appeared to the officers to be coming closer to the arrest in an attempt to video record the arrest. The LVPD police incident report written by Officer Vasquez states the following:

13. Note – AP is Mark Brown, SP is Jesus Padilla: "I then observed Detective J. Wells make contact with AP and repeatedly told him to put his hands behind his back.  AP refused Detective Well's command and continued filming SP's arrest.  Detective Wells then attempted to arrest AP, while still giving him commands to put his hands behind his back and stop resisting.  I then assisted Detective Wells in giving the same commands to AP, to put his hands behind his back and to stop resisting.  AP then began to pull away his arms and used his body weight (6'7" 230 lbs) to resist being subdued and arrested by police officers.  Officer Farias made the scene and managed to place AP on the ground with AP falling on top of Officer Farias.  While on the ground, the AP continued to pull his arms away and place them underneath himself.  As officers continued to arrest AP, AP began to violently kick and thrash his body weight forcibly to prevent himself from being arrested.  Due to multiple officers struggling to subdue and arrest AP, and it was unknown if AP was in possession of any weapons, I used my electronic control device (taser) and performed a drive stun on AP's back side of his body, lower abdomen.  As the electronic control device (taser) stopped after five seconds.  AP continued to resist with officers so I re-applied the electronic control device (taser) drive stun and AP complied.  AP then stated he couldn't move, so Leon Valley EMS was called out and AP was placed in EMS unit accompanied by Officer Yarbrough.  AP then transported to University Hospital.

14. AP was arrested for Interference with Public Duties, due to him being ordered repeatedly by Det. J. Wells and officers to move back while SP was being arrested.  AP continued to disregard officers' commands and interfered by video recording SP's arrest within several feet of officers arresting SP, possibly resulting in injury to himself, SP or Officers.  AP was also charged with resisting arrest due to him refusing to comply with officers' repeated commands, and by using his body weight in a thrashing manner to prevent arrest."[1]

15. All personal property belonging to Mr. Brown and Mr. Padilla (including video) were taken into possession by LVPD and placed into evidence related to the arrest. Additionally, a supervisor was on scene and police body camera video recorded the incident. A Police Use of Force Form was generated related to the taser being deployed on Mr. Brown by Officer Vasquez.  Neither Mr. Padilla or Mr. Brown are residents of the Leon Valley community.

- **June 18, 2018**

16. On June 14, 2018, Leon Valley Judge Morales ordered that no weapons or video recording devices would be permitted in the Leon Valley Municipal Building.  The Municipal Building houses the Municipal Court as well as the LVPD offices.  In Judge Morales' order, he stated that citizens are allowed to video tape the lobby from the outside the building, but the foyer leading into the lobby is be kept clear to allow entry into the lobby and court.

[1] LVPD #2011803857, Officer Vasquez

17. The Court Order was a result of recent disruptions to city and court operations by agitators belonging to the group called The First Amendment Auditors.  These protestors had previously threatened the LVPD police chief, mayor and other city officials through on-line websites.

18. The LVPD Supplement #201803942, the following individuals are referred by these police characters:

AP1 – David Bailey
SP1 -  James Springer
SP2 – James Mead
W1 – Russell Zinter
W2 – Joseph Pierce
W3 – Maria Salazar
W4 -  Jesus Padilla
W5 – Juan Gonzales

19. "At the above time and date, above AP1 and SP1, in accompany of above listed SP2 and WITNESSES, walked into the foyer of the municipal court/building and began video-taping activities inside the lobby.  AP1 intentionally began blocking citizens, mainly W3, from attempting to enter the lobby by placing himself in their path.  Officers asked AP1 several times to refrain from obstructing passage to the lobby and to relocate.  AP1 refused and as he was being arrested by officers for Obstructing Passage, SP1 and the other agitators, including SP2, W1, W2 and W4 began video taping AP1's arrest.  Cpl. Farias #534 announced that subjects in possession of recording devices were subject to seizure and subsequent search.  As Cpl. Farias #534 attempted to retrieve SP1's recording device, SP1 backed away from officer and placed the recording device above his head and out of Cpl. Farias' reach.  Officer Azar #564, observing the SP1 refusing to comply with Cpl. Farias' request, advised SP1 twice that he was refusing to comply with a lawful order and interfering with the duties of a public servant.  SP1 refused to comply with officers and was arrested.  SP1 initially claimed to be a member of the press but was unable to produce credentials upon request.

20. SP1 was arrested for P.C. 38.15 Interference with Public Duties for interfering with officers attempting to seize his recording devices used in video-taping AP1's arrest, as per the Bexar County D.A.'s office.  SP1's recording device and accessories were seized and placed in the property room as evidence, pending application for search warrant. SP1 was transported to jail and his charge was rejected by the magistrate.  Upon consultation with the D.A.'s Office and following their advice, SP1 is charged with Interference with Public Duties from the same incident.

21. The remaining WITNESSES (W1, W2, W4) and SP2 (listed above) cooperated by identifying themselves as witnesses and releasing their recording devices to officers.

They were issued property receipts, awaiting applications for search warrants of their recording devices."[2]

22. Multiple police supervisors were on scene at the arrest on June 18, 2018, and multiple police body camera videos recorded the incident.

- **June 23, 2018**

23. On June 23, 2018, the previous demonstrations from May 2, June 14 and June 18 continued. The purpose for this demonstration appears to be to provoke LVPD into making arrests in order to record and live stream the events.   The LVPD Incident Supplement #201804036 refers to the following individuals by these police characters:

AP1 – Bao-Quac Nyguen
AP2 -  James Springer
AP3 – Joseph Pierce
AP4 – Jason Green
AP5 – Brian Howd
SP1 – Jonathan Green
SP2 -  Aldo Hernandez
SP3 – Gregory Gardiner
SP4 – Josh Russell
C – LVPD Chief of Police

24. The following incident report # 201804036 was completed by LVPD Officer Vasquez:

"On 23 June, 2018 at 1730 hours, this officer was at listed location during an anarchist demonstration which had escalated over the past two weeks.  AP1 and AP2 were both in front of the Leon Valley Police Dept. protesting and both AP's were streaming live the event in progress.  During this live broadcast on YouTube channel C's home address, personal identifying information and identifying information on C's family, names, addresses were listed.  This act incited viewers to make death threats against C and his family.  AP1 and AP2 did nothing to delete or stop personal identifying information from being listed on the comments.

C1 stated himself and his family have come under death threat and physical harm and violence due to the publicly broadcasted information of C and his family on the internet media platform YouTube.  Information included their names and addresses.  The information was being posted by anarchist agitators in the chat group during live broadcasts as well as threats of stalking and causing physical violence.

[2] LVPD Investigative Supplement, Incident #201803942

This information was ultimately publicly broadcasted by AP1 and AP2 during their live streams and information left in the chat on their respective pages to be viewed by anyone on the page without interference from them.  This action placed C in fear for his safety and life, as well as that of his family causing them to leave their home and find alternate housing since initial threat observed.

25. This act was committed by AP1 and AP2 for the retaliation of C1, as public servant as chief of Police for the City of Leon Valley acting in his official capacity. The posting of their addresses on YouTube by viewers of the live stream on, a publicly accessible site and channels operated by AP1 and AP2 with active moderators to control information displayed.  Effort was shown deleting comments from viewers who are against their message or supporting police by the moderators as well as by AP1 and AP2 on their respective pages (channels).  The posting of the messages brought on the threats of violence, serious bodily harm as well as death.

No effort was made to moderate those offensive posts or personal information.  AP1 and AP2 belong to this anarchist group of agitators whose sole purpose is to incite a confrontation with police and interrupt emergency 911 operations as the agitators encourage viewers to flood 911 call center with frivolous calls.  AP2 had posted a video to YouTube social media platform for a 'call to action.' This stemming from the arrests on 18 June, 2018, an organized gathering set for 22 June 2018 at 1200 hours.  AP1 and AP2 continued their live streams hosted by both are monitored by both parties as seen during their broadcasts and the interaction with those typing on their respective channels.  AP1 and AP2 had known moderators in the chat to delete comments which were contrary to beliefs and statements or pro law enforcement.  Those names are seen in a different color font and a wrench next to the user name during chat.

The organized event was created to protest city government activity in the municipality.  AP1 currently on bond from Crowley, Tx and unemployed, he had rented a vehicle to travel to Leon Valley for the organized anti government/anti police event.  AP1 live streamed his travels and activity through YouTube Live Stream and uses for financial gains/donations from viewers.

At the time of arrest, I apprehended AP1 who was paced in handcuffs after the removal of the backpack and sign hanging from his neck.  He was informed he was being charged with PC 36.06 Obstruction or Retaliation and taken into the Leon Valley Municipal Building for identification and processing.  AP1 identity was confirmed and shown clear of any warrants.  His Samsung Galaxy S8, Spigen Phone case and Zeadio mounted on Z Grip equipment frame was taken as evidence related to the offense.

AP2 was taken into custody by Off. Evans #552 for the offense PC 36.06 Obstruction or Retaliation for his YouTube channel (James Freeman) which was used to live stream the address and names of C1 and his family.

AP3 had been placed under arrest by Off. Vasquez #552 for Interference with Public Servant Duties followed by a citation for Failure to Identify.  Details of event noted in attached supplement report by J. Vasquez #552.

AP4 was placed under arrest by Capt. R. Saucedo #543 for the offense of Interference with Public Servant followed by a Citation for Failure to Identify.  Details of event noted in attached supplement report by Capt. R. Saucedo #543.

AP5 was placed under arrest by Off. Hernandez #561 for Interference with Public Duties and Resisting Arrest.  Details of event noted in attached supplement report by Off. U Hernandez #561.

SP2 was contacted by Cpl. C. Carrillo #554 and identified.  He provided information and allowing access his cell phone to show he was not participating in the gathering and was released once shown with no active warrants,

SP3 was contacted by Cpl. L Farias #534 who seized equipment as items used to record evidence of a crime occurring.  He was released shortly after without incident.

SP4 was contacted by Off. U Hernandez who had been attempting to retrieve recording devices as evidence.  Off. R. Parra assisted in detaining in handcuffs.  Sp4 was identified and released shortly after without incident.  Contact documented in supplement reports from both officers.

26. The Leon Valley Police Department had been in contact with the Bexar County District Attorney's office and local FBI office in regards to this anarchist agitator group.  The D.A.'s office is aware of these charges and arrest being made today."[3]

27. The LVPD used multiple body cameras to capture the arrests and law enforcement interactions with everyone involved in the incident that took place on June 23, 2018.  In advance of the event, LVPD worked with the FBI and the Bexar County DA's office before making any arrests and ensuring the proper charges were used on June 23, 2018.

## EXPERT'S OPINIONS & FINDINGS

28. The principles of arrests related to demonstrations are thoroughly documented by several different law enforcement organizations.  The names of these organizations that I draw my opinions from include the Federal Bureau of Investigation (FBI), the International Association of Chiefs of Police, the Texas Police Chiefs Recognition Program, Force Science Research Center, Lexipol and the Commission on Accreditation for Law Enforcement Agencies, Inc. (CALEA).  All of these organizations help to establish guidelines for law enforcement standards related to arrest situations.

[3] LVPD Incident report, # 201804036

29. I used these basic law enforcement standards when I looked at the arrests and enforcement actions that were made by LVPD officers in 2018 on June 14, 18 and 23. When studying best practices, the one central question that must be answered in any situation is "What would a reasonable officer do, given the same circumstances?"  In all of the protesters' arrests made by LVPD, the officers relied upon their TCOLE training and Texas Penal Code Statutes.  The arrests were appropriate and in compliance with their LVPD training.

**OPINION #1 (The Adequacy of All LVPD Police Training)**

30. It is my opinion, that I hold to a reasonable degree of certainty, that all of the LVPD officers involved in the demonstrations on June 14, 18 and 23 of 2018 were provided LVPD in-service training as well as instruction by various police academies.   These academies include the San Antonio Police Department Academy, Alamo Area Council of Government (AACOG) Academy, Bexar County Sheriffs' Academy, San Antonio College Law Enforcement Academy, Texas DPS Academy, and the East Texas Police Academy.  All of these academies are certified by the Texas Commission on Law Enforcement (TCOLE) regarding arrest procedures as they relate to the laws of the State of Texas found in the Texas Penal Code.   As a former Chief of Police, I am aware that all of these police training academies provide quality training that meets the TCOLE requirements to become a peace officer and maintain your TCOLE license.

31. In both my experience as an expert witness and my extensive training through the Law Enforcement Management Institute (LEMIT – Sam Houston State University) Police Chief training courses, I believe that LVPD does a good job of ensuring its officers receive required training as well as proper protocol instruction on dealing with Critical Incidents (CIT).  Before working on the street for LVPD, officers are required to work with a Field Training Officer (FTO) to learn the policies and procedures of the department.  As the officers progress, through the field training process they are tested on their knowledge of these policies to ensure they understand their job and the expectations of the City of Leon Valley.

32. The LVPD Operations Manual was in place during the protests that took place in June of 2018.  The Operations Manual states the following regarding expectations of their officers' knowledge of policies: their knowledge of the policies:

Page 8

"3. Each officer and Police Department employee, regardless of rank or position will be responsible to familiarize himself with these Rules and regulations, other policies, or any other operational memorandum

4. The Rules and Regulations, Operations Memorandums, Policies, or reference to the City of Leon Valley Personnel Manual and all parts of the Manual shall be considered as part of these Rules and Regulations."[4]

33.    The Rules and Regulations Section of the Manual states the following on page 47:

"26. Prisoners shall be protected in their legal rights, given humane treatment and no verbal abuse or unnecessary physical violence shall be directed against them. No Officer shall willfully mistreat or use unnecessary force towards a prisoner.  If force must be used in effecting an arrest or detention of a person, this incident must be reported in writing.  No officer shall shoot any person, except under circumstances that would permit him to take human life under justifiable use of deadly force as prescribed by the Texas Penal Code.

27. Upon arrest of any person to be transported to the Police Department or placed in jail, the Arresting Officer shall thoroughly search such prisoner, removing from him all weapons, narcotics, firearms, stolen property. Or other evidence and shall place items into evidence in the proper manner.  The prisoner shall again be searched by transporting Officer prior to transportation."[5]

34.  It is my opinion that the above listed operational procedures were followed by all of the officers involved in the arrests that took place on June 14, 18 and 23 of 2018.  In each of the incidents, the property that was collected was considered evidence, and as such should have been removed from listed witnesses as well as the individuals who were arrested. It is also my professional opinion that the LVPD Operations Manual guided all of the involved officers in the procedures to use in effecting an arrest, and these procedures were used with all of the police interactions with witnesses and arrested individuals on June 14, 18 and 23 of 2018.

**OPINION #2 (The Texas Penal Code Provided Clear Offense Guidelines for the Leon Valley Police Department Officers for Offenses that Occurred)**

35. It is my professional opinion, which I hold to a reasonable degree of certainty, that all of the officers involved in making arrests on June 14, 18 and 23 were following their police training related to offenses under the Texas Penal Code.

[4] LVPD Operations Manual, P. 8
[5] LVPD Operations Manual, P 47

- **June 14, 2018**

36. On June 14, 2018, Mr. Jesus Padilla was arrested for Criminal Trespass, Texas Penal Code 30.05. Mr. Padilla had previously been issued a Criminal Trespass warning by officers with the LVPD.

"Texas Penal Code 30.05 Criminal Trespass

(a) A person commits an offense if the person enters or remains on or in property of another, including residential land, a recreational vehicle park, building, or an aircraft or other vehicle without effective consent and the person:
(1) has notice that the entry was forbidden; or
(2) received notice to depart but failed to do so

(b) for the purposes of this section:
(1) "Entry" means the intrusion of the entire body
(2) "Notice" means:
(A) oral or written communication by the owner or someone with apparent authority to act for the owner."[6]

37. As Mr. Padilla was being arrested, Mr. Mark Brown was standing approximately five feet away and was attempting to video record the arrest.  Mr. Brown did not comply with Detective Well's instruction and instead resisted as he was repeatedly told to place his hands behind his back so that he could be arrested.  Mr. Brown (6'7" 230 pounds) struggled with the officers as they all fell to the ground.  Once on the ground, Mr. Brown would not allow the officers to handcuff him and used his legs in a thrashing motion to prevent himself from being arrested.  The officers had no way of knowing if Mr. Brown was in possession of any weapons and feared for their safety Officer Vasquez elected to use an electronic control device (taser) in the drive stun mode to control him.  After two separate five second taser cycles they were able to handcuff Mr. Brown.  There were several supervisors present and medical attention was requested for Mr. Brown. Mr. Brown was transported by Leon Valley EMS to University Hospital.  LVPD completed a Use of Force form as required in the Operations Manual.

38.  Mr. Brown was tased by Officer Vasquez who was following his training as provided in the Leon Valley Operations Manual:

"Leon Valley Police Department Conducted Electronic Weapons Policy

Officers must realize CEW's will not eliminate all physical confrontations posed by subjects.

---

[6] Texas Penal Code 30.05

An officer's decision to deploy the CEW shall involve an arrest or custodial situation wherein the subject is at a minimum exhibiting active physical resistance or is escalating resistance from passive physical resistance towards active physical resistance."[7]

39. After reading the police reports and observing the body camera video, it is my opinion that Mr. Brown was actively resisting his arrest. It was reasonable for Officer Vasquez to use his taser to gain compliance. Ultimately Mr. Brown was issued a Criminal Trespass Warning and charged with Resisting Arrest.

- **June 18, 2018**

40. On June 14, 2018, Leon Valley Judge Morales ordered that no weapons or video recording devices would be permitted in the Leon Valley Municipal Building.  The Municipal Building houses the Municipal Court as well as the LVPD offices.  Judge Morales' order stated that citizens are allowed to videotape the lobby from the outside of the building, but the foyer leading into the lobby is be kept clear to allow entry into the lobby and court.  The Court Order was a result of recent disruptions to city and court operations by agitators belonging to the group called The First Amendment Auditors.  These inciters had previously threatened the LVPD police chief, mayor and other city officials through on-line websites.

41. On June 18, 2018, Mr. David Bailey, Mr. James Springer and Mr. James Mead walked inside of the Leon Valley Municipal Building lobby and began videoing in violation of Judge Morales' previous order.  They were also blocking the passageway and making it difficult for people to come inside.  When LVPD officers arrived, they instructed everyone to leave.  Mr. Bailey refused, and he was arrested for Texas Penal Code 42.03 - Obstructing Highway/Passageway:

"(a) A person commits an offense if, without legal privilege or authority, he intentionally, knowingly, or recklessly:
> (1) obstructs a highway, street, sidewalk, railway, waterway, elevator, aisle, hallway, entrance, or exit to which the public or a substantial group of the public has access, or any other place used for passage of persons, vehicles, or conveyances, regardless of the means of creating the obstruction and whether the obstruction arises from his acts alone or from the acts of others; or
> (2) disobeys a reasonable request or order to move issued by a person the actor knows to be or is informed is a peace officer, fireman, or a person with authority to control the use of the premises."[8]

42. Mr. Springer was arrested at the scene and charged with Texas Penal Code Interference with Public Duties:

---

[7] LVPD Operations Manual, Conducted Electronic Weapons Policy
[8] Texas Penal Code 42.03

"(a) A person commits an offense if the person with criminal negligence interrupts, disrupts, impedes, or otherwise interferes with:
(1) a peace officer while the peace officer is performing a duty or exercising authority imposed or granted by law."[9]

43.   Mr. Mead was originally arrested for Failure to Identify as a Witness but was ultimately released after providing LVPD officers with his identification.  Several other demonstrators (Russell Zinter, Joseph Pierce, Maria Salazar, Jesus Padilla and Juan Gonzales) had their property confiscated as evidence.  This evidence was collected in accordance the officers' police training and the LVPD Operations Manual.

44. It is my opinion after reviewing the body camera videos and the completed police reports that the arrests made on June 18, 2018 were appropriate and reasonable.  The officers used their training and experience along with the Texas Penal Code to correctly charge the involved individuals.

- **June 23, 2018**

The First Amendment Auditors continued their protests on June 23, 2018. They antagonized law enforcement and placed LVPD in a position to make arrests in order to record and live stream the events.

45. On June 23, 2018, Mr. Bao Nyguen and Mr. James Springer were both protesting in front of the Leon Valley Community Building while live streaming the event on YouTube. During the live stream, LVPD Chief Salvaggio's home address and his family members' names were displayed as it was being broadcast.  Several viewers wrote offensive comments, including death threats, against the chief and his family. The moderators made no effort to stop the recording or to remove the negative/offensive comments from being displayed.  Chief Salvaggio informed LVPD officers that these threats had occurred previously during earlier broadcasts as well.  Some of the threats against Chief Salvaggio included stalking and physical violence.

46.  As the broadcast was being played on June 23, 2018, several comments were made in the chat section and Mr. Nyguen and Mr. Springer were aware of these chats, but made no attempt to stop them. These comments directed the chief and his family had prompted them to leave their primary residence to in an effort to avoid violence against them.

47. Mr. Nyguen and Mr. Springer continued their live feed and encouraged viewers to call 911 in an attempt to flood the call system and disrupt police operations.  Prior to the incident on June 23, 2018, LVPD officers had been in contact with the FBI and the Bexar County District Attorney's Office. Their intent was to follow legal guidelines if personal law enforcement officer's information was maliciously released to the public through a

[9] Texas Penal Code. 38.15

live feed.  Once again when that line was breached, LVPD made the determination to arrest Mr. Nyguen and Mr. Springer for violation of Texas Penal Code 36.06:

• Texas Penal Code 36.06 Obstruction or Retaliation

"(a) A person commits an offense if the person intentionally or knowingly harms or threatens to harm another by an unlawful act.

(1) In retaliation for or on account of the service or status of another as a:
    (A) public servant, witnesses, prospective witnesses, or informant; --
    (a-1) A person commits an offense if the person posts on a publicly accessible website the residence address or telephone number of an individual the actor knows is a public servant or a member of a public servant's family or household with the intent to cause harm or threat of harm to the individual or a member of the individual's family or household in retaliation for or on account of the service or status of the individual as a public servant."[10]

48.  The following individuals were also arrested by LVPD on April 23, 2018:

Joseph Pierce – Interference with Public Servant Duties, Citation for Failure to Identify
Jason Green – Interference with Public Servant Duties, Citation for Failure to Identify
Brian Howard – Interference with Public Servant Duties and Resisting Arrest

49. The LVPD used multiple body cameras to capture the arrests and law enforcement interactions with everyone involved in the incident that took place on June 23, 2018.  In advance of the event LVPD worked with the FBI and the Bexar County DA's office before making any arrests in order to ensure the proper charges were applied on June 23, 2018.

50. It is my opinion that LVPD Officers followed their Texas Peace Officer training when they arrested protestors on June 14, 18, and 23, 2018.  These arrests were performed with multiple supervisors present as well as every incident being recorded on body worn cameras.  They consulted with the FBI and the Bexar County District Attorney when they made these arrests. It is my opinion that the Leon Valley Police Department provided all of the officers involved in these arrests with guidelines on when to make an arrest. Furthermore, it is my professional opinion that a reasonable officer would have made these same arrests based on their thorough training and instruction from supervisors.

**OPINION #3 (LVPD Officers Are Instructed on the Use of the TASER)**

51. It is my professional opinion that Officer Vasquez's use of the taser was reasonable.  I believe he was following his LVPD training when he elected to use his taser on Mr. Brown in an effort to subdue him for a safe arrest.

[10] Texas Penal Code36.06

**Penal Code 38.03 Resisting Arrest**

52. Officers Vasquez, Wells and Farias received Texas Penal Code training through the Alamo Area Law Enforcement Academy and in-service courses.  A part of this instruction included officer awareness of Texas Penal Code 38.03 Resisting Arrest, Search or Transportation.

**Texas Penal Code 38.03**

53. "(a) A person commits an offense if he intentionally prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from effecting an arrest, search or transportation of the actor or another by using force against the peace officer or another.

(b) It is no defense to prosecution under this section that the arrest or search was unlawful."[11]

54. It is my opinion that Officers Vasquez, Wells and Farias were following the training they received governing the offense of Resisting Arrest when they apprehended of Mr. Brown.  After reviewing the General Offense and supplements written by the officers, it is clear that LVPD provided each of them with training which they followed in regards to the appropriate use of force and effecting an arrest.  Additionally, it is my opinion that the actions of Officers Vasquez, Wells and Farias were reasonable in light of the situation as it unfolded on June 14, 2018.

55. The International Association Chiefs of Police (IACP) is one of the guiding forces in law enforcement in the United States.  A 2019 Model Policy titled "Arrests and Investigatory Stops" states the following:

"D. Arrests

Officers shall conduct arrests only when based upon probable cause or an arrest warrant.

1. Probable Cause
    a. Probable cause for arrest may be established by one of the following:
        i. Observation of the Officer
        ii. Information or evidence obtained during investigatory detention or voluntary contact
        iii. An identified individual's specific complaint
        iv. Information provided by a law enforcement informant of proven reliability

---

[11] Texas Penal Code 38.03 Resisting Arrest

DEFT COLV  11266

v. Information provided by other law enforcement sources

3. Making the Arrest
    a. No arrest shall be made at a time or in a manner contrary to any express limitations included in a warrant or in a manner or at a time or place prohibited by:
        i. Agency regulation,
        ii. Applicable legislation, or
        iii. Relevant court decisions"[12]

56. It is my professional opinion that LVPD officers were following this national standard when they affected arrests on June 14, 18 and 23 of 2018.  The officers had probable cause based on their personal observations and were following the laws of the State of Texas when they made the arrests.

**OPINION #4 (The Leon Valley Police Department Provides Specific Guidelines on When Officers Can Use Force)**

57. It is my professional opinion, which I hold to a reasonable degree of certainty, that the LVPD has a documented police policy with regards to use of force.  The policy is captured on page 65 of the Operations Manual titled, Leon Valley Police Department Use of Force Policy. This Section of the Operations Manual is taught to all officers when they come onto the LVPD and is reinforced throughout their careers during in-service training.

**PURPOSE**

58. "To establish departmental policy and provide guidelines under which the use of force by police officers is permissible.  The creation of a separate policy removes the guidelines for the use of force from the general areas of the personnel manual and creates their own specific policy.  This policy rescinds all policies or directives in conflict. Violation of this directive will only form the basis for departmental administrative sanctions.  Violations of the law will form the basis for criminal and civil sanctions in a recognized judicial setting."[13]

59. In my professional opinion the LVPD Policy Manual uses common sense definitions and should be considered objectively reasonable.
An objective standard is viewed from the perspective of a reasonable officer on the scene, without the benefit of 20/20 hindsight, and written within the limitations of the totality of the circumstances presented at the time of the incident.

---

[12] IACP Model Policy, "Arrests and Investigatory Stops" September 2019
[13] LVPD Use of Force Policy

60. It is my opinion that in officer/suspect encounters (like the one with LVPD Officers Vasquez, Wells and Farias experienced with Mr. Brown) things happen literally in the blink of an eye. Officers automatically default back to how they were trained coupled with what it takes to survive an encounter. In this altercation, Mr. Brown refused to comply with the officers' instructions. Once Mr. Brown went to the ground with these officers they performed as trained and were following the LVPD Operations Manual when they arrested Mr. Brown:

**Texas Penal Code 9.51**

61. "An officer is justified in using reasonable force when the officer reasonably believes the use of such force is immediately necessary (Tex. Penal Code 9.51):
    (a) To make or assist in a detention or an arrest, or conduct a search that the officer reasonably believes is lawful;
    (b) To prevent or assist in preventing escape after an arrest, provided the officer reasonably believes the arrest or search is lawful: or
    (c) To make an arrest or conduct a search under warrant that the officers reasonably believes is valid."[14]

62. It is my opinion that when the LVPD officers arrested Mr. Brown, they followed their extensive training aligned with the Texas Penal Code 9.51 sections (a) and (b).

63. The LVPD uses a Force Continuum model that is broken down into seven levels:

- Verbal Control – Use of Force Level 1
- Escort – Use of Force Level 2
- Control and Compliance – Use of Force Level 3
- Chemical Agents/Electronic Control Device – Use of Force Level 4

Level 4 – "Electronic Control Devices (ECD) are issued to officers for utilization to neutralize potentially combative subject, or as an alternative to physical control in arrest or custodial situations. The primary purpose in the decision to deploy the ECD is to prevent escalation of the subject resistance or violence and to minimize injury to both the officer and subject. The ECD shall only be used in accordance with departmental training standards. The use of an ECD shall be restricted to situations where higher level of force are not necessary and lower levels of forces would be inappropriate or have been ineffective."[15]

- Unarmed Striking Techniques – Use of Force Level 5
- Striking Implement – Use of Force Level 6
- Deadly or Potentially Deadly Force – Use of Force Level 7

[14] Texas Penal Code 9.51
[15] LVPD Use of Force Policy

19

64. After Mr. Brown was tased (in compliance with the LVPD Operations Manual and officer training), medical assistance was immediately requested. Additionally, as required per the Operations Manual, a Police Use of Force Form was generated to document the incident. Several supervisors were present when this incident occurred and observed Mr. Brown being arrested.

65. I reviewed the body camera videos associated with all of these arrests, I did not observe any of the protestors to be injured when they were handcuffed. I also am unaware of the involved individuals subsequently receiving treatment for any injury as a result of being handcuffed. Handcuffing prisoners behind their backs is in compliance with national officer safety recommendations. Therefore, it is part of the formal training and instruction that is taught to LVPD officers.

**CONCLUSION**

66. It is my opinion, which I hold to a reasonable degree of professional certainty, that the Leon Valley Police Department is a very progressive and professional police department. As a former police chief, I believe their Operations Manual provides guidance for police personnel. Based upon the documents/videos I have reviewed, it is my opinion that all of the arrests made on June 14, 18 and 23 of 2018 were consistent with national standards.

67. Based on the totality of the facts that were apparent to the LVPD officers, they followed the instructions of their supervisors as well as their police training. It is my opinion that all LVPD officers had knowledge of the Operations Manual, Code of Criminal Procedure and the Texas Penal Code regarding the probable cause necessary to make an arrest during a demonstration. I am confident that all of the arrests made on these dates were appropriate and in compliance with the Texas Penal Code as well as LVPD policies and procedures.

- **COMPENSATION**

68. Compensation for my expert witness services is $325 per hour. This is a preliminary report and may have to be supplemented when more information is available.

- **Resume – Attached**

- **List of Cases in which I have been retained - Attached**

Submitted by,

Craig R. Miller

# CRAIG R. MILLER
***Available to Travel***

Lt4653@yahoo.com      www.chiefcraigmiller.com

---

## EXPERT WITNESS – CONSULTANT & SUBJECT MATTER EXPERT

### Career Law Enforcement Officer – Chief of Police
***Major City – Major Crimes – Use of Force – School District Security***

Accomplished leader who thrives on the energy and excitement of the investigative process balanced by a calming presence that is experienced by staff, superiors, and the public.  Focused on getting the job done and accomplishing the objective.  Listens, learns, and finds the most capable people available to do the job.  Comfortable interacting with people at all levels of an organization as well as respecting the chain of command.  Known as a positive person who manages others with respect.

**Officer Involved Shootings & Death in Custody Investigations**
*Deadly /Excessive Force– Police Procedure – Premise Liability – Undercover Police operations – School Safety*

**Organization Leadership – Criminal Investigations**
*High Profile Incidents – Budget & Personnel Management – Emergency Management*

**Decisive – Organized – Calm Under Pressure – Personable – Team Builder – Media Relations**

---

## SUBJECT MATTER EXPERT WITNESS

**EXPERT WITNESS**                                                                                         **2012 – Present**

As a subject matter expert, represents both plaintiffs and defendants in civil and criminal litigation in federal and state courts. Prior to representing a client, reviews facts including videos and reports to determine whether to participate in the case. Reputation for being "extremely professional and prepared".

Areas of expertise include
- Death In Custody Investigations
- Law Enforcement Tactics
- Officer Involved Shootings
- Police Management School Safety
- Police Use of Force
- Undercover Operations

## POLICE EXPERIENCE

**DALLAS INDEPENDENT SCHOOL DISTRICT, Dallas, TX**                           **2011 – 2019 (Retired)**
*14th largest US public school system with 160,000 students, 20,000 employees and $1.2 billion operating budget*

**Chief of Police**
Direct the Emergency Management Department and safety plans for the Dallas ISD. Oversee 220 personnel (sworn, non-sworn, dispatch, private security) with 100 vehicles and $13 million budget. Manage contracts for video cameras, coordinate security for buildings and responsible for campus fire and burglar alarm response.
- Created and implemented a program of "hire and train" in which the school district hires individuals and then sends and funds their attendance at the Regional Police Academy (COG) in Arlington, TX, successfully hiring individuals who attended DISD schools and then placing them as police officers in those school where they were instrumental in bridging the culture gap between the students and school safety
- Post Sandy Hook, requested and received funding for $2.1 million for safety enhancements at all 153 elementary schools that previously had not had security such as camera systems, access control, and buzzer intercom at entry points
- Created new standardized "use of force" training for DISD police personnel
- Developed and implemented a new shift structure resulting in more effective utilization of personnel

**DALLAS POLICE DEPARTMENT, Dallas, TX**                                              **1982 – 2011**
*9th largest police department in the U.S., covering 342 square miles and serving a diverse population of 1.2 million*

**Deputy Chief, Crimes Against Persons** (2010 – 2011)

DEFT COLV  11270

Responsible for the investigation of all murders, rapes, assaults, and business robberies in the City of Dallas.  Also oversaw the Crime Scene Response Unit that is responsible for all physical evidence and DNA collection.  Serve as Department Spokesperson to the media for all major violent crimes in the city.  Oversaw $3.3 million outsourcing contract with Southwest Institute of Forensic Science.  Managed 180 sworn officers and civilian employees and a budget of $18.5 million.

- Instrumental in the implementation of the Sexual Awareness Nurse Examiner (SANE) program, expanding the number of facilities that handled sexual assault victims
- Developed grant application and received state funding for Cold Case DNA for fiscal year 2011-2012
- Foster relationships with the Dallas County District Attorney's Office that leads to arrest and convictions.

**Homicide Unit Commander** (2007 – 2010)
Oversaw 750+ murder investigations and 300+ suicides during CAPERS assignment.  Interact daily with the press, including 100's of both print and video media interviews. Physically present at 75 officer-involved shootings (OIS) involving 100+ officers.

- Led the Special Investigations Unit (SIU) that oversees "officer involved" shootings, and death in custody investigations
- Exceeded the national clearance for homicides
- Reduced homicides, the leading indicator of violent crimes, 27% from 200 in 2007 to 148 in 2010
- Created and built the Cold Case Homicide squad (sergeant and 4 officers)

**Tactical Services Commander/Explosive Ordinance Unit** (2004 – 2006)
>   Oversaw the mounted patrol, canine squad, and the bomb squad
- Developed grant application resulting in $100,000 state funding for new equipment, including bomb suits

**Narcotics Division Unit Commander** (1997 – 2004)
>   Handled day-to-day operations for street level narcotics activity and also oversaw narcotics seizures, asset forfeiture and intelligence operations
- Initiated and spearheaded investigation that led to the resolution of the infamous "fake drug" conspiracy at the Dallas Police Department, resulting in a $10 million settlement to innocent victims, the convictions of multiple police officers, and the resignation of the Chief of Police
- Working with the federal authorities, led the revision of the Standing Operating Procedures of the Narcotics division that dramatically increased controls over narcotics officer operations

**Abatement Unit Commander** (1995 – 1997)
**Legal Services Unit Commander** (1999)
**Traffic Division Unit Commander** (1993 – 1994)
Work directly with the FBI and Secret Service in creating security and transportation plans
**Southwest Patrol Watch Commander** (1992 – 1993)
**Commander of Computer Crime Analysis** (1991 – 1992)
**Early Career with the Dallas Police Department** (1982 – 1991) Police Officer and Sergeant

---

**EDUCATION, CERTIFICATIONS & PROFESSIONAL AFFILIATIONS**
**BA, Criminal Justice, Memphis State University**
***Force Science Certification Course (40 hours) – 2015 "Force Science Analysis"***

**Continuing Education**
Graduate of the FEMA Emergency Management Institute
Hazardous Device Supervisors School, Huntsville, AL

Southwest Legal Foundation, University of Texas at Dallas
*Graduate of the Command Management School Supervisor's Course*

Law Enforcement Management Institute of Texas, Sam Houston State University
*New Chief Development Program*

**Professional Affiliations**
International Association of Chiefs of Police (IACP) | Police Executive Research Forum (PERF)
Texas Police Chiefs Association (TPCA) | North Texas Police Chiefs Association (NTPCA)
- Officer Involved Lethal Force Investigations Course – Instructor, 2014 to present

DEFT COLV  11271

Craig R. Miller
102 Blue Heron Ln.
Heath, Texas 75032
(214) 803-4653

Email: chiefcraigmiller@gmail.com

## **Expert Witness/Consultant Fee Schedule**

**HOURLY FEE** – An hourly rate of $325 for all time spent on the case, including travel time related to the case.

**MONTHLY BILLING AND PAYMENT** – Time and expenses will be billed monthly and must be paid within 30 days.  Checks will be made payable to Craig Miller Group, LP.

Delinquent payments are subject to a five percent late payment for each 30 days the payment is late.

**I agree to accept the services of Craig R. Miller subject to these terms and conditions:**

**_____**

**_____**
**Date**

## _Chief Craig R. Miller_                    *INVOICE*

November 22, 2021

Billed To:   **Adolfo Ruiz**
             **Denton Navarro Rocha Bernal & Zech, P.C.**
             **2517 N. Main Ave.**
             **San Antonio, Texas 78212**

Pay To:      **Craig Miller Group, LP**
             **Craig Miller**
             **102 Blue Heron Ln**
             **Heath, Texas 75032**
             (214) 803-4653

Terms:       Net Due Upon Receipt       Tax ID No. 83-2928833

---

**Description**                              **Total $9,993.75**

---

*Zinter, Miller, Howd, Pierce, Brown, Bailey, Gonzales, Jr., Egan, Green, Springer, Gariner, Herrara, Green, Richard v City of Leon Valley*

**Expert Witness  Fee**
**(Attorney Adolfo Ruiz)**

     Craig R. Miller
     November 8 – November 22, 2021
     30.75 hours @ $325 per hour = $9,993.75
     Report

**TOTAL DUE**                               **$9,993.75**

Craig Miller - Case History (Expert Witness)

- **Expert Witness Cases**

Mr. Craig Woods
Walsh, Anderson, Gallegos, Green & Trevino, P.C.
100 N. E. Loop 410 Suite 900
San Antonio, Texas 78216
(210) 979-6633

- *Denys Lopez/Moreno v Northside ISD, US District Court for Western District of Tx*

Result:  Case was settled out of court

Testified – No
Deposition – Yes
Report – Yes
Defendant – Y (Northside ISD) (2012)
_____
Mr. Pete Schulte
Schulte & Apgar, PLLC
4131 N. Central Expy #680
Dallas, Tx 75204
(214)521-2200

- *State of Texas v Lynda Cayard Murder Trial (Ellis Co. Texas)*

Result:  Cayard Acquitted

Testified – No
Deposition – No
Report – No
Defendant– Y (Lynda Cayard) (2015)
_____
Mr. Robert Rogers (TMPA)
Lyon, Gorsky, Gilbert & Livingston
12001 N. Central Expressways #650
Dallas, Texas 75243
(214) 965-0090

- *State of Texas v Robert Burross, Expungment Trial (Ellis Co. Texas)*

Result: Not Guilty
Testified – Yes
Deposition – No
Report – No
Defendant – Yes (Robert Burross – retired LEO) (2015)

Page 2

Mr. Nelson Tyrone
Tyrone Law Firm
1201 Peachtree St. NE
400 Colony Square, Suite 2000
Atlanta, GA 30361
(404) 377-0017

- *Joselinne Rivera, Individually, and the Honorable Jack Ethridge, Temporary Administrator of the Estate of Jorelys Rivera, Deceased (Plaintiffs) vs*

  *McCormack, Baron, Ragan Management Services Inc.*

Result:       Case Settled out of court
Testified:    No
Deposition    Yes
Report        No
Plaintiff     Joselinne Rivera (Jorelys Rivera, Deceased) (2015)
_____

Mr. Chris Coppola
City of Austin
301 W. 2nd Street, P.O. Box 1088
Austin, Tx
(512) 974-2161

- *Bradley v. City of Austin*

US District Court, Western District of Texas, Austin Division

Result:       Pending
Testified:    Pending Trial
Deposition    Yes
Report:       Yes
Defendant     City of Austin (2015)

Page 3

Mr. James Butt
City of Dallas
Dallas Attorney's Office
(214) 670-1333

- *Harrison v. City of Dallas*
  US District Court, Northern District of Texas Dallas Division

Result:       Summary Judgement for City of Dallas
Testified:    NA
Deposition:   No
Report:       Yes
Defendant:    City of Dallas (2016)
_____
Mr. Brent Perry
800 Commerce Street
Houston, Texas 77002

- *Estate of Cameron Redus v University of the Incarnate Word (San Antonio)*
- District Court of Bexar County Texas, 150th Judicial District Court

Result:       Pending
Testified:    Pending Trial
Deposition:   No
Report:       Yes
Plaintiff:    Estate of Cameron Redus (2016)
_____
White & Wiggins Law Firm
Mr. Sol Villasana
1700 Pacific Ave
Dallas, Tx 75201
(214) 231-0137

- *Bobby Bennett v. Cardan Spencer, Christopher Watson, and the City of Dallas*
U. S. District Court,
Northern District of Texas,
Dallas Division

Result:       Settled out of court
Testified:    No
Deposition:   Yes
Report:       Yes
Defendant:    Christopher Watson and City of Dallas (2016)

Page 4

Jorge Herrera
The Herrera Law Firm
111 Soledad St.
San Antonio, Tx 78205
(210) 224-1054

- *Family of James Ray Dominguez  v Jorge Luis Flores and Precision Pipeline, LLC*

District  Court
83rd Judicial District
Val Verde County, Texas

Result:      Settled out of Court
Testified:   NA
Deposition:  Yes
Report:      Yes
Plaintiff:   James Ray Dominguez (2016)

Mr. Grant Brenna
Assistant City Attorney
City of Dallas
1500 Marilla St.
Dallas, Texas 75201
(214) 670-1333

- *Albert Butler v City of Dallas and Brian Bradley*

US District Court
Northern District of Texas
Dallas Division
Result:      Settled out of court
Testified:   Pending Trial
Deposition:  No
Report:      Yes
Defendant:   City of Dallas (2015)

Page 5

Mr. Lance Wyatt (TMPA)
141 Countryside Ct.
Southlake, Texas 76092
(817) 257-9220

Killeen Police Dept. Termination Hearing

- Emeana Givonchie v. City of Killeen

Result:        Officer Reinstated
Testified:     Yes
Deposition:    No
Report:        No

Testifying on behalf of the officer who was terminated (2016)
_____


Mr. Daryl K. Washington
325 N. St Paul St, #1975
Dallas, Texas 75201
(214) 403-5464

*Darden v City of Ft. Worth Texas*

U.S. District Court for the Northern District of Texas, Ft Worth Division

Result:        Summary Judgement/ On Appeal
Testified:     Pending Trial
Deposition:    No
Report:        Yes
Plaintiff:     Darden Family (2017)

Page 6

Mr. Robert Rogers (TMPA)
Lyon, Gorsky, Gilbert & Livingston
12001 N. Central Expressways #650
Dallas, Texas 75243
(214) 965-0090

*State of Texas v Brad Miller (Grand Jury Hearing*)

Result:       No Billed
Testified     Yes
Deposition:   No
Report:       No
Defendant:    Brad Miller (2016)

Mr. Gregory B. Cagle
TMPA Regional Attorney
1602 B State Street
Houston, Texas 77007

*State of Texas v Charles Alston*

County Criminal Court at Law No 1 Harris County Texas

Result:       Not Guilty
Testified:    Pending Trial
Deposition:   No
Report:       Yes
Defendant:    Charles Alston (2016)

Mr. Gregory B. Cagle
TMPA Regional Attorney
1602 B State Street
Houston, Texas 77007

Brenham Police Department

- *Richard Bobbitt v City of Brenham*

Result:       Officer Terminated/F-5 Appeal
Testified:    No
Deposition:   No
Report:       No (2017)

Page 7

Mr. Andy Messer
6351 Preston Rd.
Frisco, Texas 75034
(972) 668-6400

Corinth Police Department

*Marcos Mote (Officer) - Plaintiff*
*V.*
*Debra Walthall (Chief)- Defendant*

| | |
|---|---|
| Result: | Verdict for the Defendant |
| Testified: | No |
| Deposition: | No |
| Report: | Yes |
| Defendant | Debra Walthall(2016) |

Mr. Mark Kosanovich
P. O. Box 831121
San Antonio, Texas 78283
(210)408-6793

*Rogelio Carlos III, and Myrna Carlos*
*V.*
*Carlos Chavez, Virgilio Gonzalez, James Ybarra, Mark Delgado, City of San Antonio*
*and Detective John Doe*

| | |
|---|---|
| Result: | Pending |
| Testified: | No |
| Deposition | yes |
| Report: | Yes |
| Defendant | City of San Antonio (2017) |

Page 8

Joseph, Greenwald, Laake, P. A.
(Steve Vinick)
6404 Ivy Lane, Suite 400
Greenbelt, MD, 20770-1417

*Estela Concepcion, Jacome De Espina, as Personal Representative of the Estate of
Manuel De Jesus Espina*
*V.*
*Officer Steven Jackson*

Circuit Court for Prince George County, Maryland

| | |
|---|---|
| Result: | Settled out of Court with Plaintiff Espina Estate |
| Testified: | No |
| Deposition: | No |
| Report: | No |
| Plaintiff: | Espina Estate (2017) |

Mr. Jason Schuette
Assistant City Attorney
City of Dallas
1500 Marilla St.
Dallas, Texas 75201
(214) 670-1333

*Sandra Harper, individually and as the surviving parent of James Harper, Tony S.
Harper as the Administrator of the Estate of James Harper and K.H. a minor, by and
through her Mother and Guardian, Ashlee Whadley*
*V.*
*The City of Dallas, Texas, and Brian Rowden*

| | |
|---|---|
| Result: | Verdict for the Defendant (City of Dallas) |
| Testified: | Yes – Federal Court (Judge Lynn) |
| Deposition: | No |
| Report: | Yes |
| Defendant: | City of Dallas (2017) |

Page 9

Mr. Michael Siemer
Assistant City Attorney
Office of the City Attorney
100 Military Plaza
San Antonio, Texas 78205
(210) 207-8784

*Diane Peppar, Individually as Natural Mother to Antronie Scott*
*V.*
*The City of San Antonio, Texas and John Lee*

United States District Court, Western District of Texas, San Antonio Texas

| | |
|---|---|
| Result: | Pending |
| Testified: | No |
| Deposition: | Yes |
| Report: | Yes |
| Defendant: | City of San Antonio (2017) |

_____

Ms. Chris Edwards
Assistant City Attorney
Austin City Attorney
City Hall, 301 W.2nd Street, P.O. Box 1546
Austin, Texas 78767 – 1546
(512)974-2147

*Grady Bolton*
*V*
*City of Austin, Austin Police Sergeants Randy Dear, Manuel Jimenez and Officers*
*Michael Nguyen, Rolando Ramirez,*

| | |
|---|---|
| Result: | Verdict for Defendant (City of Austin) |
| Testified: | Yes (Federal Court – Judge Sparks) |
| Deposition: | No |
| Report: | Yes |
| Defendant: | City of Austin (2018) |

_____

Page 10

Mr. Howard Schaffner
Hoefeld and Schaffner
30 N LaSalle Street
Chicago, Illinois, 60602
(312) 372-4250

*Nwaeke*
*V*
*City of Chicago*

Circuit Court of Cook County, Illinois

Result:        Decision for City of Chicago
Testified:     Yes
Deposition:    Yes
Report:        No
Plaintiff:     Prince Nwaeke (2018)

Mr. Jason Schuette
Assistant City Attorney
City of Dallas
1500 Marilla St.
Dallas, Texas 75201
(214) 670-1333

*Cassandra Luster, et al.,*
*V*
*City of Dallas*

Result:        Verdict for the Defendant City of Dallas
Testified:     No
Deposition:    Yes
Report:        Yes
Defendant:     City of Dallas (2018)

Page 11

Mr. Jason Schuette
Assistant City Attorney
City of Dallas
1500 Marilla St.
Dallas, Texas 75201
(214) 670-1333

*Rene Hernandez, et al.,*
*V.*
*City of Dallas*

Result:        Pending
Testified:     No
Deposition:    No
Report:        Yes
Defendant:     City of Dallas (2018)

Ms. Christine Duperroir
Burt Barr & Associates
203 E. Colorado Blvd.
Dallas, Texas 75203
(214) 943-0012

*Marcus and Audrey Dawson individually and as Representative of the Estate of*
*Christian Dawson*
* V.*
*Cider Property Inc., a Texas Corporation: Srinivas Pohar: Utopian Ventures, LLC D/B/A*
*Azure Banquet Hall*

Result:        Settled out of Court
Testified:     No
Deposition:    No
Report:        Yes
Defendant:     Azure Banquet Hall (2018)

Page 12

Mr. Noel Capps
Renaud, Cook, Drury, Mesaros, PA
One North Central, Ste. 900
Phoenix, AZ, 85004-4117
(602) 307-9900

*Georgia Terry, surviving mother of decedent Lynn Debra Freeman, for and on behalf of all who may may statutory right of recovery,*
*V.*
*City of Flagstaff, a political subdivision of the State of Arizona; and Terros, Inc., an Arizona non-profit corporation, d/b/a Terros Health and Terros Healthcare,*
- Superior Court of the State of Arizona in County of Coconino

| | |
|---|---|
| Results: | Pending |
| Testified: | No |
| Deposition: | No |
| Report: | No |
| Defendant: | Terros Healthcare (2018) |

Mr. Al Ellis
Sommerman, McCaffity, & Quesada
3811 Turtle Creek Blvd., Suite 1400
Dallas, TX 75219
(214) 720-0720

*Mary Stroope, as Independent Administrix of the Estate of Richard Delle*
*V.*
*Home Depot*
- 160th District Court, Dallas County, Texas

| | |
|---|---|
| Results: | Pending |
| Testified: | No |
| Deposition: | No |
| Report: | Yes |
| Plaintiff: | Mary Stroope (2018) |

Page 13

Mr. Wayne Harper (Harper Law)
35 West Granite Street
P. O. Box 506
Butte, Montana 59703
(406) 782-5729

*Thomas Madsen,*
*V.*
*Gallatin County, a Governmental Entity of the State of Montana, and John Does 1*
*Through 5*
-   Montana Eighteenth Judicial District Court, Gallatin County

| | |
|---|---|
| Results: | Pending |
| Testified: | No |
| Deposition: | No |
| Report: | No |
| Plaintiff: | Thomas Madsen (2018) |

Ms. Jane Bishkin
TMPA Attorney
10000 N Central Expressway
Dallas, Texas 75231
(214) 212-2377

*Sergeant William Eurto*

*V.*

*State of Texas*
*Tarrant County, Texas*

| | |
|---|---|
| Results: | No Bill (GJ Hearing) |
| Testified: | No |
| Deposition: | No |
| Report: | No |
| Defendant: | Sgt. Willam Eurto (Bedford Police Department) 2019 |

Page 14

Ms Amy Staples
Loevy & Loevy
18 Village Plaza PMB 181
Shelbyville, Ky. 40065
(312) 243-5900

*Pearlie Sue Gambrel as Administrator for the Estate of Jessie Mills v Knox County*
   -   Eastern District of Kentucky, Southern Division

| | |
|---|---|
| Results: | Pending |
| Testified: | No |
| Deposition: | Yes |
| Report: | Yes |
| Plaintiff: | Jessie Mills (2019) |

Ms. Tatia Wilson
Assistant City Attorney
City of Dallas
1500 Marilla St
Dallas, TX 75201
((214) 671-9553

*Timpa v Dillard (COD), Civil Action No. 3: 16cv3089 – N*

| | |
|---|---|
| Results: | MSJ for Dallas |
| Testified: | No |
| Deposition: | No |
| Report: | Yes |
| Defendant: | City of Dallas (2019) |

James Roberts
Scott Palmer PC
15455 Dallas Parkway
Addison, TX 75001

*Alfredo Valencia v Davis (Abilene PD)*

| | |
|---|---|
| Results: | Pending |
| Testified: | No |
| Deposition: | No |
| Report: | Yes |
| Plaintiff: | Alfredo Valencia (2019) |

Page 15

Mr. Robert Rogers
Lyon, Gorsky, Gilbert & Livingston
12001 N. Central Expressways #650
Dallas, Texas 75243
(214) 965-0090

*State of Texas v Amber Guyger*
*Dallas County*

| | |
|---|---|
| Result: | Murder Trial (Guilty) |
| Testified | No |
| Deposition: | No |
| Report: | No |
| Defendant: | Amber Guyger (2019) |

Ms. Melissa Cranford
Messer, Rockfellar & Fort, PLLC
6371 Preston Rd.
Frisco, Texas 75034
(972) 424-7200

*Brandie Cunningham v Wood County, Thomas Castloo*

| | |
|---|---|
| Result: | Pending |
| Testified: | No |
| Deposition: | No |
| Report: | No |
| Plaintiff: | Brandie Cunningham (2019) |

Page 16

Mr. Nathan Inurria
Farah Law Group
1211 Hyde Park Blvd.
Houston, TX 77006
(888) 481-9359

*Casey Brown v City of Houston*
(U.S. District Court, Southern District of Texas)

Result:        Pending
Testified:     No
Deposition:    No
Report:        Yes
Plaintiff:     Casey Brown (2019)

Mr. Phillip Linder
Barrett, Bright, Lassiter, Linder, Perez, LLP
3300 Oak Lawn Ave
Dallas, Texas 75219
(214) 252-9900

*Maria Blocker v State of Texas (Dallas County)*

Result:        Case settled at Trial
Testified:     No
Deposition:    No
Report:        No
Defendant      Maria Blocker (2019)

Ms. Elizabeth Wang
Loevy & Loevy
20160 Broadway
Boulder, Colorado, 80302
(720) 502-2103

*Richard Winfrey Jr., & Megan Winfrey v Johnson*

Result:        Settled
Testified:     No
Deposition:    No
Report:        Yes
Plaintiff:     Richard Winfrey Jr. & Megan Winfrey (2019)

Page17

Ms. Amy Messer
Assistant City Attorney
City of Dallas
1500 Marilla St
Dallas, TX 75201
((214) 671-9553

*Kelson v City of Dallas, Civil Action No. 3:18cv3308-E*

| | |
|---|---|
| Results: | Pending – Police excluded |
| Testified: | No |
| Deposition: | No |
| Report: | Yes |
| Defendant: | City of Dallas (2020) |

Ms Amy Staples
Loevy & Loevy
18 Village Plaza PMB 181
Shelbyville, Ky. 40065
(312) 243-5900

*William Virgil*
*v*
*City of Newport, City of Cincinnati, City of Norwood, Newport Police Officers Mark*
*Brandt, Norm Wagner, Pat Moore, Howard Niemier, Sarah Desentry, Sgt. Bradford, Lt.*
*Col. Ken Page, Lt Tom Fromme, Lt Rick Sears, Cincinnati Police Officers Mike Slayback,*
*Robert Cardone, Mike Phillips and Norwood Police Officer Steve Daniels*
   - Eastern District of Kentucky, Covington Division

| | |
|---|---|
| Results: | Pending |
| Testified: | No |
| Deposition: | No |
| Report: | Yes |
| Plaintiff: | William Virgil (2020) |

Page 18

Ms. Chris Edwards
Assistant City Attorney
Austin City Attorney
City Hall, 301 W.2nd Street, P.O. Box 1546
Austin, Texas 78767 – 1546
(512)974-2147

*Neal Studzinski*
*V*
*City of Austin, Lewis Holland, Christopher Taylor, Karl, Krycia, Jon Bundick, Joseph Lorett and Richard Anthony Ross*

Result:          MSJ
Testified:       No
Deposition:      No
Report:          Yes
Defendant:       City of Austin (2020)
_____

Mr. Gray Laird
Assistant City Attorney
Austin City Attorney
City Hall, 301 W.2nd Street, P.O. Box 1546
Austin, Texas 78767 – 1546
(512)974-2147

*Fabrizio Bisetti*
*V*
*City of Austin, Brendan McMorrow*

Result:          Pending
Testified:       No
Deposition:      No
Report:          Yes
Defendant:       City of Austin (2020)
_____

Page 19

Anthony & Peterson, LLP
500 N. Waters Street
Corpus Christi, Texas 78401
(361) 687-1000

*Michael Aranda, Individually and as Representative of the Estate of Alejandro Chavez* (Plaintiffs)
V
*Jayla Monay Sherley, Individually and Madrigal Enterprises, LLC d/b/a Texas Rose Restaurant & Club*

Result:          Pending
Testified:       No
Deposition:      No
Report:          Yes
Plaintiff:        Michael Aranda 2020

_____

Ms. Elizabeth Wang
Loevy & Loevy
20160 Broadway
Boulder, Colorado, 80302
(720) 502-2103

*Adam Gray v City of Chicago Police Department*

Result:          Pending
Testified:       No
Deposition:      Yes
Report:          Yes
Plaintiff:       Adam Gray (2020)

Page 20

Ms. Chris Edwards
Assistant City Attorney
Austin City Attorney
City Hall, 301 W.2nd Street, P.O. Box 1546
Austin, Texas 78767 – 1546
(512)974-2147

*Bernstein v. City of Austin and Travis County*

| | |
|---|---|
| Result: | MSJ City of Austin |
| Testified: | No |
| Deposition: | No |
| Report: | Yes |
| Defendant: | City of Austin (2020) |

_____


Mr. Woody Glass
Ward & Glass
1601 36th Ave. NW
Norman, Oklahoma 73072
 (405) 360-9700

*Michael Dudley Cooper v. City of Walters, Ok.*

| | |
|---|---|
| Result: | Settled out of court |
| Testified: | No |
| Deposition: | No |
| Report: | Yes |
| Plaintiff: | Eric Cooper (2020) |

_____

Page 21

Hal Cook
Cook & Cossio
620 w. 3rd Street, Suite 404
Little Rock, Arkansas 72201

*Randy McDaniel v. City of Pine Bluff*

Result:            Pending
Testified:         No
Deposition:        Yes
Report:            Yes
Plaintiff:         Randy McDaniel (2020)

_____

Ms. R. Spence
Loevy & Loevy
311 N. Aberdeen St.
Chicago, Il 60607
(312) 243-5900

*Norman McIntosh v Chicago PD Officers Bach, Evans & Furgoli*

Result:            Pending
Testified:         No
Deposition:        Yes
Report:            Yes
Plaintiff:         Norman McIntosh (2021)

_____

Travis Harrison
Ward & Glass
1601 36th Ave. NW
Norman, Oklahoma 73072
 (405) 360-9700

*Norberg v Lincoln County Oklahoma et al.*

Result:            Pending
Testified:         No
Deposition:        No
Report:            Yes
Plaintiff:         Ellen Norberg (2021)

Page 22

Kelly Gier
Kelly Gier Law Firm
505 W. 12th Street
Austin, Texas 78701
(512) 348-6642

*Lincoln Alexander v. State of Texas (Murder)*

| | |
|---|---|
| Result: | Pending |
| Testified: | No |
| Deposition: | No |
| Report: | No |
| Defendant: | Lincoln Alexander (2021) |

_____

Justin Weiner
Law Offices of Mike Head & Justin Weiner
219 S. Prairieville Street
Athens, TX 75751
(903) 675-4300

*Jeremy Cook v. State of Texas (Att. Capital Murder)*

| | |
|---|---|
| Result: | Pending |
| Testified: | No |
| Deposition: | No |
| Report: | Yes |
| Defendant: | Jeremy Cook (2021) |

Dan Richards
Richards, Rodriguez & Skeith, LLP
816 Congress Ave. Suite 1200
Austin, TX 78701
(512) 391-8230

Anthony Evans v City of Austin

| | |
|---|---|
| Result: | Pending |
| Testified: | No |
| Deposition: | No |
| Report: | No |
| Defendant: | City of Austin (2021) |

Christine Karcher
Downs & Stanford
2001 Bryan Street
Dallas, TX 75201
(214) 748-7900

*DeMarcus Gates v. Frontline Protective Services*

| | |
|---|---|
| Result: | Pending |
| Testified: | No |
| Deposition: | No |
| Report: | No |
| Defendant: | Frontline Protective Services (2021) |

Mr. Gray Laird
Assistant City Attorney
Austin City Attorney
City Hall, 301 W.2nd Street, P.O. Box 1546
Austin, Texas 78767 – 1546
(512)974-2147

*Meredith Drake*
*Jose Herrera*
*Tyree Talley*
*Sam Kirsch*
*Christen Warkoczewski*
*V*
*City of Austin, et al*

| | |
|---|---|
| Result: | Pending |
| Testified: | No |
| Deposition: | No |
| Report: | No |
| Defendant: | City of Austin (2021) |