### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RUSSELL ZINTER; ET AL.** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. SA-18-CA-680-RCL-RBF** |
| | § | |
| **CHIEF JOSEPH SALVAGGIO; ET AL.** | § | |
| | § | |
| **Defendants.** | § | |

### DEFENDANT CITY'S RESPONSE AND OBJECTIONS
### TO PLAINTIFFS' MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes, Defendant CITY OF LEON VALLEY ("City") and files this Response to Plaintiffs' Motion in Limine **[Dkt. 160, p. 95]** and requests the Court, outside the presence as follows:

**Response to Motion in Limine No. 1:  Criminal Record of Parties or Witness:**

This request is unfounded insofar as it pertains to Plaintiffs seeking to prove that any alleged injuries received from the June 14, 18, and 23, 2018 events have prevented the affected Plaintiff from holding gainful employment. Plaintiffs' criminal history is relevant to show his capacity to honestly earn a livelihood.  *See Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 444-45 (6th Cir. 2011).  Furthermore, the Court should qualify any order to allow for questioning about crimes for impeachment purposes where such questioning is authorized by FRE 609.  Further, Plaintiffs' ground is unfounded. FRE 404(b) only excludes evidence of a crime to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

Defendant argues that criminal conduct may be admissible as character evidence pursuant to Federal Rules of Evidence 404, 607, 608, and 609.

In addition, this evidence is certainly relevant to this case and therefore, not inadmissible under Rules 401 and 402 of the Federal Rules of Evidence as Plaintiffs allege.  Plaintiffs claim mental anguish as a result of their encounters with Individual Defendant Officers on June 14th, 18th, and 23rd, 2018.  Certainly, other sources of mental anguish, such as Plaintiffs prior criminal arrests and charges are relevant as an alternative source of alleged mental anguish. *See McCarthy v. Se. Pa. Transp. Auth.,* No. CIV.A. 92-7188, 1993 WL 409858, at *2 (E. D. Pa. Oct. 13, 1993, no pet.) (allowing discovery of evidence of alternative sources of mental anguish).

Further:  evidence of Plaintiffs' prior acquittal is not relevant because it does not prove innocence but rather merely indicates that the prior prosecution failed to meet its burden of proving beyond a reasonable doubt at least one element of the crime.  *U.S. v. Kerley*, 643 F. 2d 299, 300 (5th Cir. April 22, 1981), citing McCormick's *Handbook of the Law of Evidence* §318 (2d ed. 1972); 4 *Weinstein's Evidence P* 803(22) (02), at 803-280 (1979).

Even if evidence of the state court acquittal were relevant, such evidence was properly excludable because in this instance its probative value was "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  *Id.* Fed. R. Evid. 403.

**Response to Motion in Limine No. 2:  Collateral Sources:**

This request is unfounded insofar as it pertains to Plaintiffs' acquisition of funds from streaming, posting videos, posting audios, and screen shots of Plaintiffs YouTube, Facebook, and other social media accounts where they publish video, they recorded or third-party videos and were eligible or received funds for the number of views received from the content Plaintiffs posted on the internet.  In addition, Plaintiffs solicit funds from the public and/or third parties on the YouTube

channels and/or internet sources they utilize to publish their content to request contributions to finance their protest and/or demonstration endeavors.  These sources of money are not independent or collateral of Defendants, because Defendants are the direct subject matter of Plaintiffs' video and requests for contributions.  These funding sources provide Plaintiff with income which are an interictal part of Plaintiffs' pursuit of there causes of action against Defendants.  *Trico Marine Assets Inc., v. Diamond B. Marine Services Inc.*, 332 F. 3d 779 (5th Cir. 2003) citing *Davis v. Odeco, Inc.,* 18 F.3d 1237, 1243-44 (5th Cir.1994).

## <u>Response to Motion in Limine No. 3</u>: Insurance:

Defendant City does not object to this request.

## <u>Response to Motion in Limine No. 4</u>: The Defendants' Ability to Pay a Judgment:

Defendant City does not object to this request.

## <u>Response to Motion in Limine No. 5</u>: Attorneys' Fees:

This request is unfounded because the Court, not the jury, determines the issue of attorney's fees. *Zahn v. Solano,* 2015 WL13632437 *1 (N.D. Tex., March 10, 2015).  Defendant moves pursuant to Rules 402 and 403 to exclude any discussion of "attorneys' fees and the possibility of an injunction" as irrelevant and likely to cause confusion and undue prejudice.

## <u>Response to Motion in Limine No. 6</u>: Dismissal of Previous Defendants:

Defendant City does not object to this request.

## <u>Response to Motion in Limine No. 7</u>: Alleged Criminal Activity Since June 23, 2018:

This request is unfounded because Plaintiffs are alleging that they were targeted by Defendants because they were First Amendment Auditors and have testified in their affidavits attached to Plaintiffs' Motion for Partial Summary Judgment that they do not identify themselves with this group.  Any evidence of Plaintiffs involvement in protests or demonstrations and any

subsequent arrests or detentions after June 23, 2018 is probative as to Plaintiffs' allegations that they were just peaceful protestors who were allegedly unlawfully detained and/or arrested by Defendants.

**Response to Motion in Limine No 8**:  **Plaintiffs' Hiring of Attorneys:**

      Defendant does not object to this request provided that Defendants can inquire the date(s) when Plaintiffs' attorneys were hired/retained by Plaintiffs and prior counsel in accordance to FRE 402 and 403.

                          Respectfully submitted,

                          DENTON NAVARRO ROCHA BERNAL & ZECH
                          A Professional Corporation
                          2517 N. Main Avenue
                          San Antonio, Texas 78212
                          Telephone:    (210) 227-3243
                          Facsimile:    (210) 225-4481
                          pbernal@rampagelaw.com
                          aruiz@rampagelaw.com

                BY:     ***/s/ Adolfo Ruiz***
                          PATRICK C. BERNAL
                          State Bar No. 02208750
                          ADOLFO RUIZ
                          State Bar No. 17385600
                          COUNSEL FOR DEFENDANT
                          CITY OF LEON VALLEY

## <u>CERTIFICATE OF SERVICE</u>

   This is to certify that a true and correct copy of the foregoing instrument has been served in accordance with the Federal Rules of Civil Procedure on this 11th day of March, 2022, to the following:

Brandon J. Grable         **E-NOTIFICATION**
Austin M. Reyna
GRABLE GRIMSHAW MORA, PLLC
1603 Babcock Road, Suite 280
San Antonio, Texas 78229

Charles S. Frigerio         **E-NOTIFICATION**
Hector Saenz
Law Offices of Charles S. Frigerio PC
111 Soledad, Ste. 840
San Antonio, Texas 78205

Brandon Joseph Pierce     **Email:** ethicsinstead@protonmail.com
644 Kerry
Crowley, Texas 76026

Selena Herrera       **Certified Mail & Copy First Class Regular Mail**
202 S. Hoy Street
Buffalo, Oklahoma 73834

          */s/ Adolfo Ruiz*
          PATRICK C. BERNAL
          ADOLFO RUIZ