UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUSSELL ZINTER, et al; | § | |
|     *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL NO. SA-18-CV-680-RCL-RBF |
| | § | |
| CHIEF JOSEPH SALVAGGIO, et al; | § | |
|     *Defendants*. | § | |

**REPLY BRIEF (TO DEFENDANT OFFICERS)
IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

    Plaintiffs RUSSELL ZINTER, DAVID BAILEY, MARK BROWN, KEVIN EGAN, GREGORY GARDINER, JUAN GONZALES, JONATHAN GREEN, JASON GREEN, BRIAN HOWD, JACK MILLER, THERESA RICHARD, JAMES SPRINGER, and JAMES MEAD (hereinafter "Plaintiffs" as collectively referred) file their *Reply to Defendant Officers' Response to Plaintiffs' Motion for Partial Summary Judgment*[1] establishing Plaintiffs are entitled to summary judgment.  In support thereof, Plaintiffs show the following:

    It is incredible that Defendant Officers, peace officers licensed with substantial authority to impede a citizen's liberty—intentionally engaged in unlawfully detaining and arresting Plaintiffs without specific, articulable facts of wrongdoing, and then seized Plaintiffs' personal property without consent, exigent circumstances, or warrants—are now requesting that this Court

---

[1] Dkt. 165.

1

recognize immunity for their knowingly unconstitutional conduct. This might work in countries that do not recognize individual freedoms, but not here.[2]

### A.   Defendant Officers' Facts are Inconsistent with the Evidence

Plaintiffs' disagreement with Officers' account of Plaintiffs' activities on June 14, 2018, June 18, 2018, and June 23, 2018 are clearly set forth in Plaintiffs' Partial Motion for Summary Judgment,[3] and Plaintiffs' Response to Defendant Officers' Motion for Summary Judgement.[4] In particular, Plaintiffs are not familiar with "the First Amendment Auditor group" pushed by Defendants,[5] are not aware of ever making threats toward any Leon Valley police officer or employee.[6] Each Plaintiff had independent motives for wanting to protest and film police and government activity,[7] other than being accused of being part of "the First Amendment Auditor group," were never accused of participating in call flooding,[8] and were never interviewed, arrested or charged with any crimes related to any auditor group; organized criminal activity, rioting, or inciting a riot.[9]

Further, Plaintiffs' peacefully gathered at the Leon Valley police department on June 14,

---

[2] RUSSIA ARRESTS NEARLY 5,000 ANTI-WAR PROTESTORS OVER THE WEEKEND, NPR.ORG, Rachel Treisman https://www.npr.org/2022/03/07/1084967986/russia-arrests-more-protesters (last visited Mar. 16, 2022).

[3] Dkt. 153-1.

[4] Dkt. 168-1.

[5] Exhibit 72, Exhibit 73, Exhibit 74, Exhibit 76, Exhibit 79, Exhibit 80, Exhibit 81.

[6] Exhibit 72, Exhibit 73, Exhibit 74, Exhibit 76, Exhibit 79, Exhibit 80, Exhibit 81.

[7] Exhibit 6, 34:6-35:12; Exhibit 10, 130:10-131:7.

[8] Exhibit 50, 21:14-17, 33:16-19; 34:6-11; 36:19-37-9: 62:3; 132:7-18.

[9] Exhibit 72; Exhibit 73; Exhibit 74; Exhibit 75; Exhibit 76; Exhibit 77; Exhibit 78; Exhibit 79; Exhibit 80; Exhibit 81; Exhibit 82; Exhibit 83; Exhibit 84. Besides Plaintiff Springer's retaliation charge, the only charges Defendants filed (and refiled) against Plaintiffs were misdemeanor offenses for refusing to identify themselves and consent to a voluntary seizure. Exhibit 50, 157:15-23, 263:7-23. See also Exhibit 96. Either the magistrate or the State dismissed every single charge filed by Defendants, to include Springer's. Exhibit 60.

2018, June 18, 2018, and June 23, 2018 to observe or peacefully protest what they perceived to be an unlawful police arrest and to film police activities.[10] It is disingenuous to characterize Plaintiffs' peaceful protest and filming of police activities as (i) "rapscallion activities of the First Amendment Auditors; (2) amount[ing] to an organized crime activity."[11] Defendant Officers mischaracterize Plaintiffs' activities in an attempt to draw focus away from the clearly unconstitutional acts performed and executed by Defendant Officers in the summer of 2018.

As proven, in the summer of 2018: Plaintiffs were subject to Chief Salvaggio's *Identify, Seize, and Arrest Policy*[12] and *The City of Leon Valley's Criminal Trespass Policy*.[13] Under these policies, Defendant Officers arrested, detained, and/or criminally trespassed individuals because they exercised their First Amendment rights to protest and film the police. Whether Plaintiffs were good or bad, it was irrelevant.[14] In direct violation of the Fourth Amendment of the United States Constitution, Defendant Officers threatened the arrest and seizure of any individual who either refused to identify themselves or involuntarily consent to the warrantless seizure of their personal property.[15]

In the case of Plaintiffs Jason Green, Springer, and Howd, Defendant Officers "detained" them for over seven hours,[16] which "a reasonable person in their situation would surely believe

---

[10] Dkt. 87 ¶¶ 91-228.

[11] Dkt 165, pp. 6.

[12] Exhibit 89, 25:13-27:15; Exhibit 62, 114:25-117:7; Exhibit 88, 21:22-22:9.

[13] Exhibit 49, 100:6-101:9; 102:14-102:20.

[14] According to since-fired Chief of Police of Leon Valley and Defendant Joseph Salvaggio, "First Amendment auditors . . . whether some are good or some are bad, it's not relevant." Exhibit 50, 23:10-12.

[15] Exhibit 50, 134:2-136:1, 136:17-137:21, 142:7-23, 180:3-181:14, 182:1-183:22, 232:2-25, 233:8-11, 240:1-12, 242:17-20, 244:1-16, 248:6-256:3, 264:15-23.

[16] Exhibit 37; Exhibit 39; Exhibit 109; Exhibit 121.

was restraint to an extent that normally accompanies a formal arrest." *Freeman v. Gore*, 483 F.3d 404, 413 (5th Cir. 2007). The Fifth Circuit has held that "[a] prolonged investigative detention may be tantamount to a de facto arrest, a more intrusive custodial state which must be based upon probable cause rather than mere reasonable suspicion." *United States v. Shabazz,* 993 F.2d 431, 437 (5th Cir. 1993). *See also United States v. Place*, 462 U.S. 696 (1983) (highlighting "we have never approved a seizure of the person [without probable cause] for [a] prolonged 90 minute period"). Not only were Plaintiffs Jason Green, Springer, and Howd subjected to unlawful arrest but they were also subjected to excessive handcuffing in that they were in handcuffs for over seven hours.[17] *Templeton v. Jarmillo*, — F.4th —, No. 21-50299, 2022 WL 765003, at *3 (5th Cir. Mar. 11, 2022) (citing *Heitschmidt v. City of Houston*, 161 F.3d 834, 839-40 (5th Cir. 1998) which upheld plaintiff's excessive force claim because he was handcuffed for more than four hours).

Defendant Officers, as evident through video recordings, email communications, incident reports, and even pleadings in this case, generally regarded Plaintiffs (and anyone that seeks to film police or government activity) as "agitators," "anarchists," and a "cabal of communication zealots" that "hide behind the First Amendment."[18] This broad mischaracterization of anyone peacefully protesting police action by filming police activity infused Defendant Officers' conduct as they detained and arrested Plaintiffs on June 14, 2018, June 18, 2018, and June 23, 2018, and unlawfully seized their personal property.

### B. Defendant Officers Are Not Entitled to Qualified Immunity

Defendant Officers are not entitled to qualified immunity because they each, individually,

---

[17] Exhibit 90; Exhibit 39; Exhibit 121.

[18] Exhibit 4; Exhibit 5, pp. 64-65; Exhibit 40; Exhibit 50, 235:19-236:9, 236:17-237:5, 43:9-43:24, 26:23-27:12; Exhibit 53, pp. 10-13, 19-33; Exhibit 90; Exhibit 91; Exhibit 99; Exhibit 110; Exhibit 111, pp. 16-35; Exhibit 58; Exhibit 129; Exhibit 93; Exhibit 99; Dkt. 152, pp. 2-3; Dkt. 161, pp. 5.

violated an established constitutional right of one or more of the Plaintiffs and in each instance, the constitutional right that was violated was clearly established law which a reasonable person would have known, and Defendant Officers' conduct was clearly not reasonable within the confines of the law.

    **1. June 14, 2018.** As the evidence shows in Plaintiffs' Partial Motion for Summary Judgment[19] and Plaintiffs' Response to Defendant Officers' Motion for Summary Judgement,[20] Defendants Wells, Farias, Yarbrough, Gonzales, and Vasquez each, individually, violated Plaintiff Browns' constitutional right (i) to be free from excessive force under the Fourth Amendment, (ii) to be free from unlawful seizure of property under the Fourth Amendment; (iii) to be free from unlawful arrest under the Fourth Amendment; and (iv) to be free from retaliatory action for engaging in protected speech under the First Amendment. Plaintiff Brown never exhibited any signs of violence, nor did Defendants suspect Plaintiff of being a violent criminal. Plaintiff Brown did not pose an immediate safety threat to the public or to the Defendant Officers. Plaintiff Brown struggled to protect himself from police brutality and was not resisting or attempting to evade arrest. For these reasons, with respect to the June 14, 2018 incident, Defendants Wells, Farias, Yarbrough, Gonzalez, and Vasquez are not entitled to qualified immunity

    **2. June 18, 2018.** As the evidence shows in Plaintiffs' Partial Motion for Summary Judgment [21]and Plaintiffs' Response to Defendant Officers' Motion for Summary Judgement,[22] Defendants Salvaggio, Anderson, Farias, Mandry, Azar, Urdiales, Evans, Castro, Hernandez, and Tacquard each, individually, violated the constitutional right of one or more of Plaintiffs' (i) to be

---

[19] Dkt. 153-1.

[20] Dkt. 168-1.

[21] Dkt. 153-1.

[22] Dkt. 168-1.

free from unlawful seizure of property under the Fourth Amendment; (ii) to be free from excessive force under the Fourth Amendment; (iii) to be free from unlawful arrest under the Fourth Amendment; and (iv) to be free from retaliatory action for engaging in protected speech under the First Amendment.

Defendants Farias, Salvaggio, and Mandry knew or should have known on June 18, 2018, it was an illegal to act to (1) seize Plaintiff Gonzales' phone without a warrant; (2) use a degree of force unnecessary given the circumstances and surroundings as they existed; (3) unlawfully arrest Plaintiff Gonzales without probable cause or reasonable suspicion; and (4) initiate an arrest and detention because of the manner in which Plaintiff Gonzales exercised his First Amendment right.

Defendants Azar, Salvaggio and Tacquard knew or should have known on June 18, 2018, it was an illegal to act to (1) seize Plaintiff Springer's phone without a warrant; (2) use a degree of force unnecessary given the circumstances and surroundings as they existed; (3) unlawfully arrest Plaintiff Springer without probable cause or reasonable suspicion; and (4) initiate an arrest and detention because of the manner in which Plaintiff Springer exercised his First Amendment right.

Defendants Anderson, Salvaggio, and Wells knew or should have known on June 18, 2018, it was an illegal act to (1) seize Plaintiff Bailey's phone without a warrant; (2) use a degree of force unnecessary given the circumstances and surroundings as they existed; (3) unlawfully arrest Plaintiff Bailey without probable cause or reasonable suspicion; and (4) initiate an arrest and detention because of the manner in which Plaintiff Bailey exercised his First Amendment right.

Defendants Farias, Tacquard, Salvaggio, and Hernandez knew or should have known on June 18, 2018 it was an illegal act to (1) seize Plaintiff Zinter's phone without a warrant or exigent circumstances; and (2) to retaliate against him for exercising his First Amendment right.

Defendants Urdiales and Salvaggio knew or should have known on June 18, 2018, it was

an illegal act to (1) seize Plaintiff Mead's phone without a warrant; (2) use a degree of force unnecessary given the circumstances and surroundings as they existed; (3) unlawfully arrest Plaintiff Mead without probable cause or reasonable suspicion; and (4) initiate an arrest and detention because of the manner in which Plaintiff Mead exercised his First Amendment right.

For these reasons, Defendants Salvaggio, Anderson, Farias, Mandry, Azar, Urdiales, Evans, Castro, Hernandez, and Tacquard are not entitled to qualified immunity with respect to their detention and arrest of Plaintiffs on June 18, 2018.

**3. June 23, 2018.** As the evidence shows in Plaintiffs' Partial Motion for Summary Judgment [23] and Plaintiffs' Response to Defendant Officers' Motion for Summary Judgement,[24] Defendants Salvaggio, Evans, Hernandez, Mandry, and Vasquez violated Plaintiffs' constitutional right (i) to be free from unlawful seizure under the Fourth Amendment; (ii) to be free from excessive force under the Fourth Amendment; (iii) to be free from unlawful arrest under the Fourth Amendment; (iv) to be provided with medical care under the Fourteenth Amendment; and (v) to be free from retaliatory action for engaging in protected speech under the First Amendment.

Defendant Evans knew or should have known on June 23, 2018, it was an illegal act to (1) seize Plaintiff Springer's phone without a warrant; and (2) initiate an arrest and detention because of the manner in which Plaintiff Springer exercised his First Amendment right.

Defendant Salvaggio knew or should have known on June 23, 2018, it was an illegal act to (1) seize Plaintiff Jason's phone without a warrant; (2) use excessive force in effectuating the illegal arrest; (3) refuse to provide medical care for Jason's injured wrists, and (4) initiate an arrest and detention because of the manner in which Plaintiff Jason exercised his First Amendment right.

---

[23] Dkt. 153-1.

[24] Dkt. 168-1.

Defendant Hernandez and Defendant Salvaggio knew or should have known on June 23, 2018, it was an illegal act to (1) seize Plaintiff Howd's personal property without a warrant; and (2) initiate an arrest because of the manner in which Plaintiff Howd exercised his First Amendment right.

Defendant Mandry and Defendant Salvaggio knew or should have known on June 23, 2018, it was an illegal act to (1) seize Plaintiff Gardiner's personal property without a warrant; and (2) initiate a dentition because of the manner in which Plaintiff Gardiner exercised his First Amendment right.

Defendant Salvaggio knew or should have known when he instructed Defendant City Officers on June 23, 2018, it was an illegal act to initiate a detention against Plaintiff Gonzales because of the manner in which Plaintiff Gonzales exercised his First Amendment right.

Defendant Salvaggio knew or should have known on June 23, 2018, it was an illegal act to (1) unreasonably delay medical care for Plaintiff Egan; and (2) initiate a detention because of the manner in which Plaintiff Egan exercised his First Amendment right.

Defendant Salvaggio knew or should have known on June 23, 2018, it was an illegal act to (1) seize Plaintiff Jonathan's phone without a warrant; (2) use excessive force in effectuating the illegal arrest; (3) refuse to provide medical care for Plaintiff Jonathan; and (4) initiate a detention because of the manner in which Plaintiff Jonathan exercised his First Amendment right.

Defendant Salvaggio knew or should have known on June 23, 2018, it was an illegal act to (1) seize Plaintiff Richard's phone without a warrant; and (2) initiate an arrest and detention because of the manner in which Plaintiff Richard exercised her First Amendment right.

Defendant Salvaggio and Defendant Vasquez knew or should have known on June 23, 2018, it was an illegal act to (1) seize Plaintiff Mead's phone without a warrant; and (2) initiate a

8

detention because of the manner in which Plaintiff Mead exercised his First Amendment right.

For these reasons, Defendants Salvaggio, Evans, Hernandez, Mandry, and Vasquez are not entitled to qualified immunity with respect to their detention and arrest of Plaintiffs on June 23, 2018.

### 4.     June 14, 2018, June 18, 2018, and June 23, 2018

On June 14, 2018, June 18, 2018, and June 23, 2018, as the evidence shows in Plaintiffs' Partial Motion for Summary Judgment [25] and Plaintiffs' Response to Defendant Officers' Motion for Summary Judgement,[26] Defendants Salvaggio, Anderson, Farias, Urdiales, Mandry, Wells, Evans, Hernandez, Yarbrough, Breton, Azar, King, Castro, Tacquard, and Rivera violated Plaintiffs' constitutional right to be free from retaliatory action for filming police activity which is protected speech under the First Amendment.

Although the First Amendment guarantees an individual's right to publicly film police, that filming may be subject to limitations, such as (i) positioning oneself "less than an arm's length away from [] officers, (ii) obstructing their view and performance of their duties," and (iii) disregarding their warnings." *Buehler v. Dear*, ___F.4th ___ at *15, No. 20-50822, 2022 WL 619584 (5th Cir. Mar. 3, 2022).  The Fifth Circuit delineates these limitations with respect to "the line between filming police, which is legal, and hindering police, which is not." *Id*., at *1.  As the evidence shows in Plaintiffs' Partial Motion for Summary Judgment [27] and Plaintiffs' Response to Defendant Officers' Motion for Summary Judgement,[28] each Plaintiff on June 14, 2018, June 18,

---

[25] Dkt. 153-1.

[26] Dkt. 168-1.

[27] Dkt. 153-1.

[28] Dkt. 168-1.

2018, or June 23, 2018, positioned in a manner that did not obstruct or interfere with Defendant Officers.

On June 14, 2018 Plaintiff Brown was holding a phone and a tablet when Defendant Wells ordered him to step back, and Brown fully complied backing all the way to the edge of the sidewalk.[29] It is from this position, on a public sidewalk, filming police from a distance of several feet, that Plaintiff Brown was unlawfully retaliated against for exercising his First Amendment right where he was tackled, tasered, choked, arrested, and trespassed from city property.[30]

On June 18, 2018 Plaintiffs Bailey, Springer, and Gonzales were positioned respectfully behind double glass doors in the foyer area of City Hall, filming police activity on the other side of the double doors.[31] Plaintiffs Zinter and Mead were present outside City Hall.[32] Each Plaintiff reasonably positioned themselves several feet away from Defendant Officers, respectfully refrained from obstructing their view and performance of their duties, and fully complied with their warnings.[33] Defendant Officers swarmed toward them and without lawful basis, retaliated against them for exercising their First Amendment right.[34] Only the presence of Plaintiffs mattered; their conduct was irrelevant.[35]

On Saturday, June 23, 2018 (a day that City Hall was closed), a peaceful crowd, including Plaintiffs Gonzales, Springer, Mead, Howd, Gardiner, Egan, Jason, Jonathan, Richard, and Miller

---

[29] https://www.youtube.com/watch?v=mFulFCPVUlw, 13:20-13:26.

[30] Exhibit 12, (01:07-02:03).

[31] Exhibit 18, (05:02-05:15).

[32] Exhibit 53; https://www.youtube.com/watch?v=4ltV4as5N74, (0:00-3:00).

[33] Exhibit 27, (00:00-00:25); Exhibit 21, (01:20-02:00); Exhibit 24, (00:00-00:32).

[34] Exhibit 18, (00:05:10-00:10:22); Exhibit 97.

[35] According to since-fired Chief of Police of Leon Valley and Defendant Joseph Salvaggio, "First Amendment auditors . . . whether some are good or some are bad, it's not relevant." Exhibit 50, 23:10-12

gathered at the City Hall building to peacefully protest Defendant City's and Defendant Salvaggio's policies aimed toward law-abiding citizens filming government and police activity.[36] When Defendant Officers detained and arrested Plaintiffs, they ignored questions from individuals asking what reasonable suspicion existed that they committed any crimes.[37] If anyone refused to identify themselves or refused to "voluntarily" hand over their personal property, they were arrested and charged with failing to identify as a witness or with interfering with public duties.[38]

## CONCLUSION AND PRAYER

Defendants had a common mission to retaliate against Plaintiffs for exercising their First Amendment right to film police activity.[39] Hence, there is no genuine issue of material fact that[40] Defendant Officers are not entitled to qualified immunity because they each, individually violated an established constitutional right of one or more of the Plaintiffs at the time of each incident in question, and in each instance, the constitutional right that was violated was clearly established law which a reasonable person would have known and genuine issues of material fact exist regarding the reasonableness of each official's conduct according to that law. Plaintiffs assert that Plaintiffs' Motion for Partial Summary Judgment be in all things upheld on all Plaintiffs' claims under Counts I, III, IX, VII and XII as presented in Plaintiffs' Motion for Partial Summary Judgement.

---

[36] https://www.youtube.com/watch?v=xodDYBmpAbY, (1:00:33-1:02:38).

[37] https://www.youtube.com/watch?v=yt7Exr5DrrI, (19:17-22:33).

[38] Exhibit 72; Exhibit 76; Exhibit 77; Exhibit 83.

[39] Exhibit 35, 0:00-3:23; Exhibit 31, 0:00-6:45; Exhibit 50, 242:17-242:20; https://www.youtube.com/watch?v=qrappObkLog, 20:08-21:57.

[40] In the alternative, Plaintiffs' do not waive the possibility of a genuine issue of material fact.

Respectfully Submitted,

**GRABLE GRIMSHAW PLLC**

*/s/ Brandon J. Grable*
**BRANDON J. GRABLE**
Texas State Bar No. 24086983
brandon@g2.law
1603 Babcock Road, Suite 280
San Antonio, Texas 78229
Telephone: (210) 963-5297
Facsimile: (210) 641-3332
**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served upon the below named parties, via electronic mail or certified mail according to the Federal Rules of Civil Procedure on this 17th day of March 2022.

**Charles Frigerio**                              **Email:** csf@frigeriolawfirm.com
Law Offices of Charles S. Frigerio
111 Soledad, Suite 465
San Antonio, Texas 78205
*Attorney for Defendants, Officers*

**Adolfo Ruiz**                                   **Email:** aruiz@rampagelaw.com
Denton Navarro Rocha Bernal & Zech
2517 North Main Avenue
San Antonio, TX 78212
*Attorneys for Defendants, City*

**Brandon Joseph Pierce**                         **Email:** ethicsinstead@protonmail.com
644 Kerry
Crowley, Texas 76026

**Selena Herrera**                                **CMRRR**
202 S. Hoy Street
Buffalo, Oklahoma 73834

 */s/Brandon J. Grable*
**Brandon J. Grable**

12