UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUSSELL ZINTER, et al; | § | |
|     *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL NO. SA-18-CV-680-RCL-RBF |
| | § | |
| CHIEF JOSEPH SALVAGGIO, et al; | § | |
|     *Defendants*. | § | |

**RESPONSE TO DEFENDANT CITY'S OPPOSED MOTION TO AMEND CONFIDENTIALITY AND PROTECTIVE ORDER**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs RUSSELL ZINTER, DAVID BAILEY, MARK BROWN, KEVIN EGAN, GREGORY GARDINER, JUAN GONZALES, JONATHAN GREEN, JASON GREEN, BRIAN HOWD, JACK MILLER, THERESA RICHARD, JAMES SPRINGER, and JAMES MEAD (hereinafter collectively referred as "Plaintiffs") file this response to *Defendant City's Opposed Motion to Amend Confidentiality and Protective Order*. *See* Dkt. No. 185. In support thereof, Plaintiffs show the following:

Defendant City appears to seek general, unspecified relief using what appears to be syllogism. *People that film police are Auditors. Auditors are bad. Plaintiffs filmed police and are therefore bad, so the Court should issue orders to treat them as such*. This is unambiguously flawed.

**A. Defendant City is improperly attempting to use unrelated matters involving different parties not presently before the court to sway its decision in this case**

Defendant City of Leon Valley suggests that this Court should recognize a confidentiality order issued in a case that involves *entirely different* defendants and plaintiffs involving a *completely different* set of circumstances. None of those parties in (as Defendant COLV calls it)

1

the *Grisham* case are parties in this case. Specifically, Movant City of Leon Valley is not involved in the *Grisham*'s case. The plaintiff that was sanctioned $200 in the *Grisham* case is not a party in this case. *See* Dkt. 185, ¶ 5.

The only similarity between this case and the *Grisham* case—other than some of the counsel being the same—is that *prior* counsel for plaintiffs in both matters agreed to an absurd protective order that imposes absolutely zero diligence on part of defendants in deciding whether something is actually confidential. Rather, counsel for Defendant City seeks to use the protective orders as gag orders. This is something that the undersigned has since opposed. *See*, *e.g.*, Dkt. No. 122. Plaintiffs request that this Court proceed with caution when the City of Leon Valley infers that the undersigned "agreed" to any protective order.

It is equally absurd that Defendant City is attempting to use a court's independent evaluations in distinctly separate matters as a basis to ignore the Court's standards of review in this matter (and any other future matter involving similar counsel but different parties).

**B. Defendant City fails to identify any "confidential" exhibits from any other matter used here**

Defendant City *generally* asserts that there were documents attached to summary judgments in this case that were deemed confidential in the *Grisham* case. *See* Dkt. 185, ¶¶ 6-7. Both in conferral and in Defendant's motion, Defendant COLV failed to identify a single exhibit that was produced under a protective order in the *Grisham* case.

**C. Defendant City lacks evidence of any ill intent of Plaintiffs to violate any court order**

Defendant City raises a concern that since Plaintiffs have their own YouTube channels, that they will be free to publish documents that would affect their ability to select an unbiased jury, or that it would spur call flooding, texts, and emails. *See* Dkt. 185, ¶ 8.

Defendant City's premises are flawed. First, it assumes that all Plaintiffs have a YouTube

channel. It knows this is not true. Next, it assumes that Plaintiffs with YouTube channels would post information. This is also not true. Defendant City did not point to a single instance where any Plaintiff posted any documents or other information obtained from Defendant City in discovery. Plaintiffs were actively involved in the discovery process. They sat in on every deposition and have in their possession written discovery. Lastly, Defendant City explicitly informs this court that Plaintiffs are responsible for voluminous emails, phone calls, or disparaging texts. This baseless accusation is without merit and evidence.

Defendant City's theme since June 2018 is consistent. Plaintiffs are viewed as criminals and must be treated as such. Whether they are good or bad, it is not relevant. If Plaintiffs wanted to post about this lawsuit (the status, what has occurred that does not involve discovery, etc., they could have done so—but they have not).

### D. Plaintiff Jack Miller has not violated any court order

Defendant City uses in support of its motion that (1) a nonparty was sanctioned $200 in another case involving different parties and issues, and (2) that Jack Miller posted disparaging remarks about a defendant in another lawsuit. *See* Dkt. 185, ¶¶ 5,9.

First, Defendant City fails to inform the Court how a nonparty being sanctioned in another case has any bearing on what the Court should do in this matter concerning the parties actually in this lawsuit.

Second, Defendant City concludes that Jack Miller First Amendment rights amount to "disparaging remarks" but does not identify what court order or law that Jack Miller violated. The alleged post by Jack Miller does not concern any defendant or party in this lawsuit.

### E. Mr. Ruiz wants this Court to do all the work

Mr. Ruiz, counsel for Defendant City, vaguely requests the Court enter a modified

3

protective order, put in reasonable limits, and allow unidentified exhibits to be sealed. Mr. Ruiz failed to identify what in the protective order should be modified; failed to describe reasonable limits that he wants the Court to impose; and as already noted, failed to identify which exhibits should be sealed and not available on public record.

## **CONCLUSION AND PRAYER**

Defendant City's motion seeks relief that is overly broad, not specific, and lacks evidence that pertain to the parties of this lawsuit. For these reasons, Plaintiffs request that Defendant City's motion, in all things, be denied.

Respectfully Submitted,
**GRABLE GRIMSHAW PLLC**

*/s/ Brandon J. Grable*
**BRANDON J. GRABLE**
Texas State Bar No. 24086983
brandon@g2.law
1603 Babcock Road, Suite 280
San Antonio, Texas 78229
Telephone: (210) 963-5297
Facsimile: (210) 641-3332
**COUNSEL FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

       This is to certify that a true and correct copy of the foregoing instrument has been served upon the below named parties, via electronic mail or certified mail according to the Federal Rules of Civil Procedure on this 18th day of March 2022,

| | |
|---|---|
| **Charles Frigerio** <br> Law Offices of Charles S. Frigerio <br> 111 Soledad, Suite 465 <br> San Antonio, Texas 78205 <br> *Attorney for Defendants, Officers* | **Email:** csf@frigeriolawfirm.com |
| **Adolfo Ruiz** <br> Denton Navarro Rocha Bernal & Zech <br> 2517 North Main Avenue <br> San Antonio, TX 78212 <br> *Attorneys for Defendants, City* | **Email:** aruiz@rampagelaw.com |
| **Brandon Joseph Pierce** <br> 644 Kerry <br> Crowley, Texas 76026 | **Email:** ethicsinstead@protonmail.com |
| **Selena Herrera** <br> 202 S. Hoy Street <br> Buffalo, Oklahoma 73834 | **CMRRR** |

       */s/Brandon J. Grable* <br>
      **Brandon J. Grable**