UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RUSSELL ZINTER; ET AL. § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL NO. SA-18-CA-680-JKP-RBF |
| § | |
| CHIEF JOSEPH SALVAGGIO; ET AL. § | |
| § | |
| Defendants. § | |

**DEFENDANT CITY OF LEON VALLEY'S
REPLY TO PLAINTIFFS' RESPONSE TO CITY'S OPPOSED MOTION TO AMEND
CONFIDENTIALITY AND PROTECTIVE ORDER**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES, Defendant CITY OF LEON VALLEY ("City") and files this its Response to Plaintiffs' Reply to City's Opposed Motion to Amend Confidentiality and Protective Order [Dkt. 188] and would respectfully show the Court the following:

**I.      Although the Plaintiffs and Defendants in the Grisham case are not the same as in the instant case, the reasons and concerns outlined in both Agreed Confidentiality and Protective Orders are the same.**

1.     Attached hereto respectively as **Exhibits "A" and "B"** herein are both Agreed Motions for a Confidentiality and Protective Order in the Grisham[1] and the instant cases.   Attached as **Exhibits "C" And "D"** respectively are the Agreed-to Confidentiality and Protective Orders entered in both cases between the parties and the Court.[2]   The common denominator for a Confidentiality and Protective Order in both cases is the Plaintiffs' direct and indirect utilization

---

[1] *Grisham, et al. v. Valenciano, et al.*, Case No. SA-20-387-OLG (W.D. Tex. San Antonio Division) Exhibit "A" [Grisham, Dkt.23]; Exhibit "B" [Dkt.81].
[2] Exhibit "C" [Grisham, Dkt. 24]; Exhibit "D" [Dkt. 82].

of Defendants' disclosed discovery in the federal cases in which they are a party to sensationalize the facts for publication on YouTube accounts and internet social media sites.

2. Jack Miller is a Plaintiff in this case and in *Jack Miller v. Rene Valenciano, James Lopez, and City of Olmos Park* No. 5:22-cv-0008 (U.S.D.C., Western District, San Antonio Division)[3] ("Miller case"). The Miller case involves similar alleged First Amendment retaliatory actions by the City and contends that Miller is, ". . . a constitutional rights activist who commonly exercises his rights through peaceful protests and peaceful demonstrations. Defendants are aware of Jack Miller and understand that his intentions are to engage in constitutionally protected activity. Nonetheless, Defendants target him for unlawful detention and arrest, and falsely charge him with crimes they know he did not commit." *Id*. Defendants' responsive pleading in the Miller case is due in April 2022 and there is no Confidentiality and Protective Order yet in place. However, Plaintiff Miller has chosen to publish on his Facebook and/or YouTube accounts information concerning Defendant Chief Valenciano to sensationalize the case inviting derogatory and threating commentary from viewers. *See,* Exhibit "C" attached to Defendants' Motion to Amend Confidentiality and Protective Order. [Dkt. 185]**.** Plaintiff Jack Miller is an example of what is likely to occur if limitations and restrictions are not kept in the current and/or amended Confidentiality and Protective Order. [Dkt. 82].

3. The Confidentiality and Protective Order in the instant case was agreed to between the parties, prior to Plaintiffs' counsel, Grable's, substitution in the case. Defendant City has not inferred or claimed that Plaintiffs' current counsel was a signatory to the Order, but the Order was in place when he substituted in as counsel.

---

[3] Filed February 1, 2022.

4. On November 18, 2021, Plaintiffs requested this Court to replace the Confidentiality and Protective Order because it was too broad. [Dkt. 122]. On November 26, 2021, Defendants filed a response to Plaintiff's Opposed Motion to Modify Confidentiality and Protective Order. [Dkt.127]. On January 13, 2022, the Court entered an order denying Plaintiff's Opposed Motion to Modify Confidentiality and Protective Order. [Dkt. 136]. The Order stated that, "Altering the jointly requested protective order at this juncture in the case, in short, threatens to embolden Plaintiffs and encourage abuse or misuse of the judicial process and judicial records. Such abuse could in turn affect this ongoing litigation, as inappropriate actions in the case already have done." *Id*. Defendant realizes that matters placed under seal is a separate inquiry, as noted by the Court in its January 13, 2022, Order. However, the use of the materials in this case should remain protected from publication, disclosure and exploitation by Plaintiffs and other third-parties.

5. Plaintiffs' assertion that, if Plaintiffs wanted to post about the instant case they could have already done so, is lacking in sincerity. The reason for Plaintiffs' restrained behavior is the Confidentiality and Protective Order currently in place. Plaintiffs and/or Plaintiffs' counsel are aware of the sanctions placed on one of the Plaintiffs in the *Grisham* case for publishing information obtained from a deposition of Defendant Chief of Police. This was a cautionary warning from Magistrate Bemporad to adhere to his Confidentiality and Protective Order in the *Grisham* case. See Exhibit "B" attached to Defendants' Motion to Amend Confidentiality and Protective Order. [Dkt. 185]**.**

6. Defendant agrees with this Court in its January 13, 2022, Order that, "There is also good reason here to maintain the status quo (at least for now) given Plaintiffs' prior behavior that necessitated, among other things, a lengthy stay of proceedings and the language in the Protective Order Plaintiffs now seek to overturn." [Dkt. 136]. Defendant is not assuming ill intent on the

part of the Plaintiffs, just acknowledging the Court's rationale for the necessity of a protective order in this case to deter any ill behavior.

7. Defendant takes exception to Plaintiff's characterization of Defendant's counsel as lethargic in the preparation of Defendant's motion before this Court. The first instance, Plaintiffs accuse Defendant's counsel of failing to identify exhibits used in Plaintiffs' Response to Defendant's Motion for Summary Judgment that have been deemed confidential in the *Grisham* case. Pursuant to the Confidentiality and Protective Order in the *Grisham* case, Plaintiffs are required to request permission to utilize information deemed classified for use in pleadings.[4] Plaintiffs did not adhere to the court's order in the *Grisham* case, but instead placed the burden on Defendant to go through Plaintiffs' approximate 2,827 pages of exhibits attached to Plaintiffs' Response to Defendant City's Motion for Summary Judgment [Dkt. 171-1] to verify that Plaintiffs are following the *Grisham's* court order. After a cursory review of Plaintiffs' exhibits, Plaintiffs are not in compliance with the Confidentiality and Protective Order in the *Grisham* case. Defendant has identified the following representative sample of documents still deemed

---

[4] All **"Confidential Information"** produced or exchanged by Defendants in the course of this litigation shall be viewed used by Qualified Persons solely for the purpose of preparation and trial **of this litigation and for no other purpose whatsoever**. Confidential Information **shall not be disclosed or made available** by the receiving party to persons other than Qualified Persons, except in accordance with the terms hereof. (Emphasis added) [Dkt. 82]

**Use of Classified Information**
All Classified Information provided by any party or nonparty in the course of this litigation shall be used **solely** for the purpose of preparation, trial, and appeal of this litigation **and for no other purpose** and shall **not b**e disclosed except in accordance with the terms hereof. (Emphasis added) [Dkt. 82]

**Manner of Use in Proceedings**
In the event a party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information **solely** for *in camera* review; or (3) file such information under seal with the court consistent with the sealing requirements of the court. (Emphasis added) [Dkt. 82]

confidential in the *Grisham* case that Plaintiffs included as exhibits in their Response to the City's Motion for Summary Judgment in the instant case:

1. Dkt.171-4, pgs. 13-18          Grisham case: Def 00109-00113

2. Dkt. 171-4 pgs. 35-36          Grisham case: Dkt. 44-2, pgs. 2-3

3. Dkt. 171-4, pgs. 37-44         Grisham case: Power Point tendered to Plaintiffs email dated, September 7, 2021. **[Exhibit "E"]**

8.      In the second instance, Plaintiffs claim that Defendant's counsel failed to identify what in the protective order should be modified; and failed to describe reasonable limits that he wants the Court to impose. The Confidentiality and Protective Orders in the instant case and in the *Grisham* case were executed and became part of the Court's record prior to the filing of the *Phillips*[5] case on January 7, 2022. The current language for filing under seal in both Orders state that, "The clerk of this court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Classified Information by any party to this litigation consistent with the sealing requirements of the court." [Dkt. 82]. The documents deemed "Confidential Information" as agreed between the parties in this case are Defendants' answers and responses, to Plaintiffs' Interrogatories; Requests for Production; Requests for Admission; Deposition on Written Questions; Rule 26 Disclosures; exhibits; affidavits; video and audio deposition testimony; and video and non-video deposition transcripts of the Individual Defendants, representatives, and employees of the City ("Deponents" and/or "Witnesses"). Defendant's concern is that without reasonable limitations regarding the information released from this case, Plaintiffs will be free to publish or encourage the publication of deposition testimony, deposition exhibits, video depositions and other documents which will affect Defendants' ability to select an

---

[5] *June Med Servs., LLC v. Phillips*, 22 F. 4th 512, 521 (5th Cir. 2022).

unbiased jury or will subject Defendant's employees to endure unwelcomed harassing, disparaging, or threatening communications during the course of this litigation.

Signed this 25th day of March, 2022.

                                            Respectfully submitted,

                                            DENTON NAVARRO ROCHA BERNAL & ZECH
                                            A Professional Corporation
                                            2517 N. Main Avenue
                                            San Antonio, Texas 78212
                                            Telephone:   (210) 227-3243
                                            Facsimile:    (210) 225-4481
                                            pbernal@rampagelaw.com
                                            aruiz@rampagelaw.com

                    BY:     ***/s/ Adolfo Ruiz***
                                            PATRICK C. BERNAL
                                            State Bar No. 02208750
                                            ADOLFO RUIZ
                                            State Bar No. 17385600
                                            COUNSEL FOR DEFENDANT
                                            CITY OF LEON VALLEY

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing instrument has been served upon the below named individual(s) via certified mail, return receipt requested, unless otherwise indicated, and according to the Federal Rules of Civil Procedure on the 25th day of March, 2022.

| | |
|---|---|
| Brandon J. Grable<br>Austin M. Reyna<br>GRABLE GRIMSHAW MORA, PLLC<br>1603 Babcock Road, Suite 280<br>San Antonio, Texas 78229 | **E-NOTIFICATION** |
| Charles S. Frigerio<br>Law Offices of Charles S. Frigerio PC<br>111 Soledad, Ste. 840<br>San Antonio, Texas 78205 | **E-NOTIFICATION** |
| Brandon Joseph Pierce<br>644 Kerry<br>Crowley, Texas 76026 | **Email:** ethicsinstead@protonmail.com |
| Selena Herrera<br>202 S. Hoy Street<br>Buffalo, Oklahoma 73834 | **CMRRR & Copy First Class Regular Mail** |

                                                  */s/ Adolfo Ruiz*
                                                  PATRICK C. BERNAL
                                                  ADOLFO RUIZ