# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER GRISHAM, JAMES EVERARD,** | § § § | |
| *Plaintiffs,* | § § | |
| **v.** | § § | **NO:   SA:20-CV-00387-OLG** |
| **RENE VALENCIANO, J. LOPEZ, HECTOR RUIZ, A. VIERA, and THE CITY OF OLMOS PARK,** | § § § § § | |
| *Defendants.* | § | |

## JOINT MOTION FOR CONFIDENTIALITY AND PROTECTIVE ORDER

TO THE HONORABLE UNITED STATES DISTRICT COURT

COME NOW PLAINTIFFS and DEFENDANTS (collectively "the Parties") and file this Joint Motion for Confidentiality and Protective Order requesting that this Court grant this motion, and in support would show the Court as follows:

1.      Plaintiffs are CHRISTOPHER GRISHAM and JAMES EVERARD ("Plaintiffs").

2.      Defendants are RENE VALENCIANO, J. LOPEZ, HECTOR RUIZ, and A. VIERA ("Individual Defendants"); and THE CITY OF OLMOS PARK, a political Subdivision of the State of Texas ("City") (collectively referred to as "Defendants").

3.      Defendants seek to protect and keep confidential Defendants' answers and responses, to Plaintiffs' Interrogatories; Requests for Production; Requests for Admission; Deposition on Written Questions; Rule 26 Disclosures; exhibits; affidavits; video and audio deposition testimony; and video and non-video deposition transcripts of the Individual Defendants; and representatives and employees of the City.

**Exhibit A**

4.     Defendants seek to protect and keep confidential the above-referenced Defendants' answers and responses from the dissemination; publication; posting; broadcasting; referencing; and copying on the internet and other electronic and broadcast media, social media platforms, to include: YouTube, and Plaintiffs' and Third Parties' internet, cell phones, publications, video cameras, pictures, and social media accounts. The confidentiality and protective order is sought to protect sensitive and private information of police officers; city officials, city employees, and confidential information of criminal investigations, arrests and convictions of third parties from disclosure, dissemination, and publication on the internet; electronic and broadcast media; social media platforms; and through written documents or information contained in a written document.

5.     The Parties have conferred and agree to the matters listed in the Confidentiality and Protective Order and request that this Court enter and make a part of the record in this case for all purposes the attached Confidentiality and Protective Order.

## PRAYER

The Parties request that the Court grant the Parties' Joint Motion for Confidentiality and Protective Order and enter and make a part of the record in this case for all purposes the attached Confidentiality and Protective Order, and for such other and further relief to which the Parties may be justly entitled.

SIGNED this 4th day of March, 2021.

Respectfully submitted,

DENTON NAVARRO ROCHA BERNAL & ZECH
A Professional Corporation
2517 N. Main Avenue
San Antonio, Texas 78212
Telephone: (210) 227-3243
Facsimile: (210) 225-4481
pbernal@rampagelaw.com
aruiz@rampagelaw.com

BY:         _____*/s/ Adolfo Ruiz*_____
PATRICK C. BERNAL
State Bar No. 02208750
ADOLFO RUIZ
State Bar No. 17385600
ATTORNEYS FOR DEFENDANTS


JOHNSON LAW FIRM
535 Griswold St., Suite 2632
Detroit, Michigan 48226
Telephone:    (313) 324-8300
Facsimile:    (313) 324-8301
sradner@venjohnsonlaw.com


BY:         _____*/s/ Solomon M. Radner*_____
SOLOMON M. RADNER
MBN:  P73653
COUNSEL FOR PLAINTIFFS

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| RUSSELL ZINTER; ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL NO. SA-18-CA-680-FB |
| | § | |
| CHIEF JOSEPH SALVAGGIO; ET AL. | § | |
| | § | |
| Defendants. | § | |

---

**JOINT MOTION FOR CONFIDENTIALITY AND PROTECTIVE ORDER**

---

TO THE HONORABLE UNITED STATES DISTRICT COURT

COME NOW PLAINTIFFS and DEFENDANTS (collectively "the Parties") and file this Joint Motion for Confidentiality and Protective Order requesting that this Court grant this motion, and in support would show the Court as follows:

1.      Plaintiffs are RUSSELL ZINTER; JACK MILLER; BRIAN HOWD; JAMES A. MEAD; JOSEPH BRANDON PIERCE; MARK BROWN; DAVID BAILEY; JUAN GONZALES JR.; KEVIN EGAN; JONATHAN GREEN; and JAMES SPRINGER ("Plaintiffs").

2.      Defendants are CHIEF JOSEPH SALVAGGIO; LIEUTENANT DAVID ANDERSON; DEPUTY JANE DOE GOLDMAN; OFFICER JOHNNY VASQUEZ; CPL. CHAD MANDRY; SERGEANT JOHN DOE; OFFICER JIMMIE WELLS; CORPORAL LOUIS FARIAS, badge 534; OFFICER BRANDON EVANS, badge 556; OFFICER UZIEL HERNANDEZ; JOHN DOE TAZER 1; JOHN DOE TAZER 2 ("Individual Defendants"); and THE CITY OF LEON VALLEY, a political Subdivision of the State of Texas ("City") (collectively referred to as "Defendants").

**Exhibit B**

3.      Defendants seek to protect and keep confidential Defendants' answers and responses, to Plaintiffs' Interrogatories; Requests for Production; Requests for Admission; Deposition on Written Questions; Rule 26 Disclosures; exhibits; affidavits; video and audio deposition testimony; and video and non-video deposition transcripts of the Individual Defendants; and representatives and employees of the City.

4.      Defendants seek to protect and keep confidential the above-referenced Defendants' answers and responses from the dissemination; publication; posting; broadcasting; referencing; and copying on the internet and other electronic and broadcast media, social media platforms, to include: YouTube, and Plaintiffs' and Third Parties' internet, cell phones, publications, video cameras, pictures, and social media accounts.  The confidentiality and protective order is sought to protect sensitive and private information of police officers; city officials, city employees, and confidential information of criminal investigations, arrests and convictions of third parties from disclosure, dissemination, and publication on the internet; electronic and broadcast media; social media platforms; and through written documents or information contained in a written document.

5.      The Parties have conferred and agree to the matters listed in the Confidentiality and Protective Order and request that this Court enter and make a part of the record in this case for all purposes the attached Confidentiality and Protective Order.

## PRAYER

The Parties request that the Court grant the Parties' Joint Motion for Confidentiality and Protective Order and  enter and make a part of the record in this case for all purposes the attached Confidentiality and Protective Order, and for such other and further relief to which the Parties may be justly entitled.

SIGNED this 28th day of October, 2020.

Respectfully submitted,

DENTON NAVARRO ROCHA BERNAL & ZECH
A Professional Corporation
2517 N. Main Avenue
San Antonio, Texas 78212
Telephone:     (210) 227-3243
Facsimile:     (210) 225-4481
patrick.bernal@rampage-sa.com
adolfo.ruiz@rampage-sa.com


BY:     */s/ Adolfo Ruiz*
          PATRICK C. BERNAL
          State Bar No. 02208750
          ADOLFO RUIZ
          State Bar No. 17385600
          COUNSEL FOR DEFENDANT
          CITY OF LEON VALLEY


LAW OFFICES OF CHARLES S. FRIGERIO
Charles S. Frigerio
Hector Saenz
111 Soledad, Ste. 840
San Antonio, Texas 78205
Telephone:     (210) 271-7877
Facsimile:     (210) 225-4481
csfrigeriolaw@sbcglobal.net
frigeriolaw1995@sbcglobal.net


BY:     */s/ Charles S. Frigerio*
          CHARLES S. FRIGERIO
          State Bar No. 07477500
          HECTOR SAENZ
          State Bar No. 17514850
          COUNSEL FOR INDIVIDUAL DEFENDANTS

EXCOLO LAW, PLLC
26700 Lahser Rd., Ste. 401
Southfield, Michigan 48033
Telephone:     (248) 291-9712
Facsimile:     _____
sradner@excololaw.com


BY:     */s/ Solomon M. Radner*_____
        SOLOMON M. RADNER
        MBN: P73653
        COUNSEL FOR PLAINTIFFS

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUSSELL ZINTER; ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL NO. SA-18-CA-680-FB |
| | § | |
| CHIEF JOSEPH SALVAGGIO; ET AL. | § | |
| | § | |
| Defendants. | § | |

## CONFIDENTIALITY AND PROTECTIVE ORDER

Before the Court are Plaintiffs RUSSELL ZINTER; JACK MILLER; BRIAN HOWD; JAMES A. MEAD; JOSEPH BRANDON PIERCE; MARK BROWN; DAVID BAILEY; JUAN GONZALES JR.; KEVIN EGAN; JONATHAN GREEN; and JAMES SPRINGER ("Plaintiffs") and Defendants CHIEF JOSEPH SALVAGGIO; LIEUTENANT DAVID ANDERSON; DEPUTY JANE DOE GOLDMAN; OFFICER JOHNNY VASQUEZ; CPL. CHAD MANDRY; SERGEANT JOHN DOE; OFFICER JIMMIE WELLS; CORPORAL LOUIS FARIAS, badge 534; OFFICER BRANDON EVANS, badge 556; OFFICER UZIEL HERNANDEZ; JOHN DOE TAZER 1; JOHN DOE TAZER 2 ("Individual Defendants"); and THE CITY OF LEON VALLEY, a political Subdivision of the State of Texas ("City") (collectively referred to as "Defendants") (Plaintiffs and Defendants collectively, "the Parties") on a Joint Motion for Confidentiality and Protective Order ("Protective Order"). After careful consideration, it is hereby **ORDERED** as follows:

## 1. Classified Information

"Classified Information" means any information of any type, kind, or character that is designated as "Confidential", "For Counsel Only", or "Attorneys Eyes Only" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

## 2. Confidential Information

"Confidential Information" means Defendants' answers and responses, to Plaintiffs' Interrogatories; Requests for Production; Requests for Admission; Deposition on Written Questions; Rule 26 Disclosures; exhibits; affidavits; video and audio deposition testimony; and video and non-video deposition transcripts of the Individual Defendants, representatives and employees of the City ("Deponents" and/or "Witnesses") (hereinafter referred to as **"Confidential Information"**), **SHALL** be kept confidential and **not** disseminated, published, broadcasted, posted and copied on the internet and other electronic and broadcast media; social media platforms to include, but not limited to, YouTube; and Plaintiffs' and Third Parties' internet, cell phones, publications, video cameras, pictures, and social media accounts.    All "Confidential Information" produced or exchanged by Defendants in the course of this litigation shall be viewed used by Qualified Persons solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever.  Confidential Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons, except in accordance with the terms hereof.

## 3. Qualified Persons

"Qualified Persons" means:

a. For Counsel or Attorneys Only information:

    i. attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

    ii. City staff, employees, representatives, and City Council members in executive session to whom it is necessary that the material be shown for purposes of this litigation;

    iii. actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Classified Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person) and have been designated in writing by notice to all counsel;

    iv. this court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

b. For Confidential information:

    i. the persons identified in subparagraph 3(a);

    ii. the party, if a natural person;

    iii. if the party is an entity,

        in addition to subparagraph 3(a)ii, such officers, staff members, representatives or employees of the City who are actively involved in the prosecution or defense of this case;

    iv. litigation vendors, court reporters, and other litigation support personnel;

    v. any person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy.

c. Such other person as this court may designate after notice and an opportunity to be heard.

## 4. Designation Criteria

a. *Classified Information.* A party shall designate as Classified Information only such information that the party in good faith believes in fact is confidential.

Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

Correspondence and other communications between the parties or with nonparties may be designated as Classified Information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

b. *For Counsel or Attorneys Only.* The designation "For Counsel Only" or "Attorneys Eyes Only" shall be reserved for information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party. For purposes of this Protective Order, so designated information includes, but is not limited to, product formula information, design information, non-public financial information, pricing information, customer identification data, and certain study methodologies.

c. *Ultrasensitive Information.* At this point, the parties do not anticipate the need for higher levels of confidentiality as to ultrasensitive documents or information. However, in the event that a court orders that ultrasensitive documents or information be produced, the parties will negotiate

and ask the court to enter an ultrasensitive information protocol in advance of production to further protect such information.

5.      **Use of Classified Information**

All Classified Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose and shall not be disclosed except in accordance with the terms hereof.

6.      **Marking of Documents**

Documents provided in this litigation may be designated by the producing person or by any party as Classified Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential", "For Counsel Only", or "Attorneys Eyes Only".  In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

7.      **Disclosure at Depositions**

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Classified information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Classified Information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Classified Information

thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control. All deposition transcripts shall be treated as For Counsel Only for a period of 30 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Classified Information with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript. Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Classified Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

**8.    Disclosure to Qualified Persons**

a.    *To Whom.* Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; ***provided, however***, that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order or confidential treatment of such information. Information designated as For Counsel Only shall be restricted in circulation to Qualified Persons described in subparagraph 3(a).

b.    *Retention of Copies During this Litigation.*    Copies of For Counsel Only information shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to experts described in subparagraph 3(a)(ii), in the offices of those

experts. Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

c.    Each party's outside counsel shall maintain a log of all copies of For Counsel Only documents that are delivered to Qualified Persons.

**9.    Unintentional Disclosures**

Documents unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Confidential Information or For Counsel Only information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

**10.    Documents Produced for Inspection Prior to Designation**

In the event documents are produced for inspection prior to designation, the documents shall be treated as For Counsel Only during inspection. At the time of copying for the receiving parties, Classified Information shall be marked prominently "Confidential", "For Counsel Only", or "Attorneys Eyes Only" by the producing party.

**11.    Consent to Disclosure and Use in Examination**

Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if each party designating the information as Classified Information consents to such disclosure or if the Court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information.

**12.    Challenging the Designation**

a. *Classified Information.* A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Classified Information. The designating party shall then have 14 days to move the Court for an order preserving the designated status of the disputed information. The disputed information shall remain Classified Information unless and until the Court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Classified Information.

b. *Qualified Persons.* In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Classified

Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the designation or, in the event particular Classified Information is requested subsequent to the designation of the Qualified Person, 14 days from service of the request to move the court for an order denying the disposed person (a) status as a Qualified Person, or (b) access to particular Classified Information. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to the disputed person unless and until the court enters an order preserving the designation.

### 13.    Manner of Use in Proceedings

In the event a party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the court consistent with the sealing requirements of the court.

### 14.    Filing Under Seal

The clerk of this court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Classified Information by any party to this litigation consistent with the sealing requirements of the court.

### 15. Return of Documents

Not later than 120 days after conclusion of this litigation and any appeal related to it, any Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 3 (except subparagraph 3(a)(iii)) shall be returned to the producing party or destroyed, except as this Court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Classified Information.

### 16. Ongoing Obligations

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order.

### 17. Advice to Clients

This Protective Order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Classified Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Classified Information

produced by another party if such disclosure would be contrary to the terms of this Protective Order.

### 18.    Duty to Ensure Compliance

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

### 19.    Waiver

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this litigation.

### 20.    Modification and Exceptions

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.


It is SO ORDERED this _____ day of _____, 2020.


_____
UNITED STATES DISTRICT JUDGE

**AGREED:**

**Denton Navarro Rocha Bernal & Zech**
A Professional Corporation
2517 N. Main Avenue
San Antonio, Texas 78212
Telephone:    (210) 227-3243
Facsimile:    (210) 225-4481
patrick.bernal@rampage-sa.com
adolfo.ruiz@rampage-sa.com


BY:    */s/ Adolfo Ruiz*
            PATRICK C. BERNAL
            State Bar No. 02208750
            ADOLFO RUIZ
            State Bar No. 17385600
            ATTORNEYS FOR DEFENDANT
            CITY OF LEON VALLEY


**LAW OFFICES OF CHARLES S. FRIGERIO**
Charles S. Frigerio
Hector Saenz
111 Soledad, Ste. 840
San Antonio, Texas 78205
Telephone:    (210) 271-7877
Facsimile:    (210) 225-4481
csfrigeriolaw@sbcglobal.net
frigeriolaw1995@sbcglobal.net


BY:    */s/ Charles S. Frigerio*
            CHARLES S. FRIGERIO
            State Bar No. 07477500
            HECTOR SAENZ
            State Bar No. 17514850
            ATTORNEYS FOR INDIVIDUAL DEFENDANTS

**EXCOLO LAW, PLLC**
26700 Lahser Rd., Ste. 401
Southfield, Michigan  48033
Telephone:     (866) 939-2656
sradner@excololaw.com


BY:     */s/ Solomon M. Radner*
        SOLOMON M. RADNER
        MBN:  P73653
        ATTORNEY FOR PLAINTIFFS

FILED

March 05, 2021

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____  JU

DEPUTY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER GRISHAM, JAMES EVERARD,** | § § § | |
| *Plaintiffs,* | § § | |
| **v.** | § § | **NO:   SA:20-CV-00387-OLG** |
| **RENE VALENCIANO, J. LOPEZ, HECTOR RUIZ, A. VIERA, and THE CITY OF OLMOS PARK,** | § § § § | |
| *Defendants.* | § § | |

## CONFIDENTIALITY AND PROTECTIVE ORDER

Before the Court are Plaintiffs CHRISTOPHER GRISHAM and JAMES EVERARD ("Plaintiffs") and Defendants RENE VALENCIANO, J. LOPEZ, HECTOR RUIZ and A. VIERA ("Individual Defendants"); and THE CITY OF OLMOS PARK, a political Subdivision of the State of Texas ("City") (collectively referred to as "Defendants") (Plaintiffs and Defendants collectively, "the Parties") on a Joint Motion for Confidentiality and Protective Order ("Protective Order").   After careful consideration, it is   hereby **ORDERED** as follows:

**1.     Classified Information**

"Classified Information" means any information of any type, kind, or character that is designated as "Confidential", "For Counsel Only", or "Attorneys Eyes Only" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.



Exhibit
C

## 2. Confidential Information

"Confidential Information" means Defendants' answers and responses, to Plaintiffs' Interrogatories; Requests for Production; Requests for Admission; Deposition on Written Questions; Rule 26 Disclosures; exhibits; affidavits; video and audio deposition testimony; and video and non-video deposition transcripts of the Individual Defendants, representatives and employees of the City ("Deponents" and/or "Witnesses") (hereinafter referred to as **"Confidential Information"**), **SHALL** be kept confidential and **not** disseminated, published, broadcasted, posted and copied on the internet and other electronic and broadcast media; social media platforms to include, but not limited to, YouTube; and Plaintiffs' and Third Parties' internet, cell phones, publications, video cameras, pictures, and social media accounts. All "Confidential Information" produced or exchanged by Defendants in the course of this litigation shall be viewed used by Qualified Persons solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever. Confidential Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons, except in accordance with the terms hereof.

## 3. Qualified Persons

"Qualified Persons" means:

a. For Counsel or Attorneys Only information:

  i. attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

  ii. City staff, employees, representatives, and City Council members in executive session to whom it is necessary that the material be shown for purposes of this litigation;

iii.    actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Classified Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person) and have been designated in writing by notice to all counsel;

iv.    this court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

b.    For Confidential information:

i.    the persons identified in subparagraph 3(a);

ii.    the party, if a natural person;

iii.    if the party is an entity,

in addition to subparagraph 3(a)ii, such officers, staff members, representatives or employees of the City who are actively involved in the prosecution or defense of this case;

iv.    litigation vendors, court reporters, and other litigation support personnel;

v.    any person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy.

c.    Such other person as this court may designate after notice and an opportunity to be heard.

## 4.    Designation Criteria

a.    *Classified Information.* A party shall designate as Classified Information only such information that the party in good faith believes in fact is confidential.

Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted

as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

Correspondence and other communications between the parties or with nonparties may be designated as Classified Information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

b.      *For Counsel or Attorneys Only.* The designation "For Counsel Only" or "Attorneys Eyes Only" shall be reserved for information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party. For purposes of this Protective Order, so designated information includes, but is not limited to, product formula information, design information, non-public financial information, pricing information, customer identification data, and certain study methodologies.

c.      *Ultrasensitive Information.* At this point, the parties do not anticipate the need for higher levels of confidentiality as to ultrasensitive documents or information. However, in the event that a court orders that ultrasensitive documents or information be produced, the parties will negotiate and ask the court to enter an ultrasensitive information protocol in advance of production to further protect such information.

## 5.      Use of Classified Information

All Classified Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose and shall not be disclosed except in accordance with the terms hereof.

## 6.      Marking of Documents

Documents provided in this litigation may be designated by the producing person or by any party as Classified Information by marking each page of the documents so designated with a

stamp indicating that the information is "Confidential", "For Counsel Only", or "Attorneys Eyes Only". In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

**7.** **Disclosure at Depositions**

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Classified information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Classified Information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Classified Information thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control. All deposition transcripts shall be treated as For Counsel Only for a period of 30 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Classified Information with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript. Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Classified Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

8. **Disclosure to Qualified Persons**

a. *To Whom.* Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; ***provided, however***, that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order or confidential treatment of such information. Information designated as For Counsel Only shall be restricted in circulation to Qualified Persons described in subparagraph 3(a).

b. *Retention of Copies During this Litigation.* Copies of For Counsel Only information shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to experts described in subparagraph 3(a)(ii), in the offices of those experts. Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

c. Each party's outside counsel shall maintain a log of all copies of For Counsel Only documents that are delivered to Qualified Persons.

9. **Unintentional Disclosures**

Documents unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Confidential Information or For Counsel Only information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

**10.     Documents Produced for Inspection Prior to Designation**

In the event documents are produced for inspection prior to designation, the documents shall be treated as For Counsel Only during inspection. At the time of copying for the receiving parties, Classified Information shall be marked prominently "Confidential", "For Counsel Only", or "Attorneys Eyes Only" by the producing party.

**11.     Consent to Disclosure and Use in Examination**

Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if each party designating the information as Classified Information consents to such disclosure or if the Court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information.

**12.     Challenging the Designation**

a. *Classified Information.* A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal

basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Classified Information. The designating party shall then have 14 days to move the Court for an order preserving the designated status of the disputed information. The disputed information shall remain Classified Information unless and until the Court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Classified Information.

b. *Qualified Persons.* In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Classified Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the designation or, in the event particular Classified Information is requested subsequent to the designation of the Qualified Person, 14 days from service of the request to move the court for an order denying the disposed person (a) status as a Qualified Person, or (b) access to particular Classified Information. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to the disputed person unless and until the court enters an order preserving the designation.

**13.    Manner of Use in Proceedings**

In the event a party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the

information solely for *in camera* review; or (3) file such information under seal with the court consistent with the sealing requirements of the court.

### 14. Filing Under Seal

The clerk of this court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Classified Information by any party to this litigation consistent with the sealing requirements of the court.

### 15. Return of Documents

Not later than 120 days after conclusion of this litigation and any appeal related to it, any Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 3 (except subparagraph 3(a)(iii)) shall be returned to the producing party or destroyed, except as this Court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Classified Information.

### 16. Ongoing Obligations

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order.

17. **Advice to Clients**

This Protective Order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Classified Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Classified Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

18. **Duty to Ensure Compliance**

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

19. **Waiver**

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this litigation.

20. **Modification and Exceptions**

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.

It is SO ORDERED this __5th__ day of ____March____, 2021.

_____

ORLANDO L. GARCIA
CHIEF UNITED STATES DISTRICT JUDGE

**AGREED:**

**Denton Navarro Rocha Bernal & Zech**
A Professional Corporation
2517 N. Main Avenue
San Antonio, Texas 78212
Telephone: (210) 227-3243
Facsimile: (210) 225-4481
pbernal@rampagelaw.com
aruiz@rampagelaw.com


BY:   */s/ Adolfo Ruiz*
          PATRICK C. BERNAL
          State Bar No. 02208750
          ADOLFO RUIZ
          State Bar No. 17385600
          ATTORNEYS FOR DEFENDANTS


**JOHNSON LAW FIRM**
535 Griswold St., Suite 2632
Detroit, Michigan 48226
Telephone:    (313) 324-8300
Facsimile:    (313) 324-8301
sradner@venjohnsonlaw.com


BY:          */s/ Solomon M. Radner*
          SOLOMON M. RADNER
          MBN:  P73653
          COUNSEL FOR PLAINTIFFS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

RUSSELL ZINTER; ET AL.               §
                                     §
    Plaintiffs,              §
                                     §
v.                                   §        CIVIL NO. SA-18-CA-680- JKP-RBF
                                     §
CHIEF JOSEPH SALVAGGIO; ET AL.       §
                                     §
    Defendants.              §

---

## CONFIDENTIALITY AND PROTECTIVE ORDER

---

Before the Court are Plaintiffs RUSSELL ZINTER; JACK MILLER; BRIAN HOWD; JAMES A. MEAD; JOSEPH BRANDON PIERCE; MARK BROWN; DAVID BAILEY; JUAN GONZALES JR.; KEVIN EGAN; JONATHAN GREEN; and JAMES SPRINGER ("Plaintiffs") and Defendants CHIEF JOSEPH SALVAGGIO; LIEUTENANT DAVID ANDERSON; DEPUTY JANE DOE GOLDMAN; OFFICER JOHNNY VASQUEZ; CPL. CHAD MANDRY; SERGEANT JOHN DOE; OFFICER JIMMIE WELLS; CORPORAL LOUIS FARIAS, badge 534; OFFICER BRANDON EVANS, badge 556; OFFICER UZIEL HERNANDEZ; JOHN DOE TAZER 1; JOHN DOE TAZER 2 ("Individual Defendants"); and THE CITY OF LEON VALLEY, a political Subdivision of the State of Texas ("City") (collectively referred to as "Defendants") (Plaintiffs and Defendants collectively, "the Parties") on a Joint Motion for Confidentiality and Protective Order ("Protective Order").   After careful consideration, it is hereby **ORDERED** as follows:



Exhibit
D

1. **Classified Information**

   "Classified Information" means any information of any type, kind, or character that is designated as "Confidential", "For Counsel Only", or "Attorneys Eyes Only" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

2. **Confidential Information**

   "Confidential Information" means Defendants' answers and responses, to Plaintiffs' Interrogatories; Requests for Production; Requests for Admission; Deposition on Written Questions; Rule 26 Disclosures; exhibits; affidavits; video and audio deposition testimony; and video and non-video deposition transcripts of the Individual Defendants, representatives and employees of the City ("Deponents" and/or "Witnesses") (hereinafter referred to as **"Confidential Information"**), **SHALL** be kept confidential and **not** disseminated, published, broadcasted, posted and copied on the internet and other electronic and broadcast media; social media platforms to include, but not limited to, YouTube; and Plaintiffs' and Third Parties' internet, cell phones, publications, video cameras, pictures, and social media accounts. All "Confidential Information" produced or exchanged by Defendants in the course of this litigation shall be viewed used by Qualified Persons solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever. Confidential Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons, except in accordance with the terms hereof.

3. **Qualified Persons**

   "Qualified Persons" means:

a.  For Counsel or Attorneys Only information:

    i.  attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

    ii.  City staff, employees, representatives, and City Council members in executive session to whom it is necessary that the material be shown for purposes of this litigation;

    iii.  actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Classified Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person) and have been designated in writing by notice to all counsel;

    iv.  this court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

b.  For Confidential information:

    i.  the persons identified in subparagraph 3(a);

    ii.  the party, if a natural person;

    iii.  if the party is an entity,

        in addition to subparagraph 3(a)ii, such officers, staff members, representatives or employees of the City who are actively involved in the prosecution or defense of this case;

    iv.  litigation vendors, court reporters, and other litigation support personnel;

    v.  any person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy.

c.  Such other person as this court may designate after notice and an opportunity to be heard.

## 4. Designation Criteria

a.  *Classified Information.* A party shall designate as Classified Information only such information that the party in good faith believes in fact is confidential.

Information include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

Correspondence and other communications between the parties or with nonparties may be designated as Classified Information if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

b.  *For Counsel or Attorneys Only.* The designation "For Counsel Only" or "Attorneys Eyes Only" shall be reserved for information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party. For purposes of this Protective Order, so designated information includes, but is not limited to, product formula information, design information, non-public financial information, pricing information, customer identification data, and certain study methodologies.

c.  *Ultrasensitive Information.* At this point, the parties do not anticipate the need for higher levels of confidentiality as to ultrasensitive documents or information. However, in the event that a court orders that ultrasensitive documents or information be produced, the parties will negotiate

and ask the court to enter an ultrasensitive information protocol in advance of production to further protect such information.

5.    **Use of Classified Information**

All Classified Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose and shall not be disclosed except in accordance with the terms hereof.

6.    **Marking of Documents**

Documents provided in this litigation may be designated by the producing person or by any party as Classified Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential", "For Counsel Only", or "Attorneys Eyes Only". In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

7.    **Disclosure at Depositions**

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Classified information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Classified Information by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as Classified Information

thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control. All deposition transcripts shall be treated as For Counsel Only for a period of 30 days after initial receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Classified Information with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript. Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Classified Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

### 8. Disclosure to Qualified Persons

a. *To Whom.* Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; ***provided, however,*** that in the event of a disclosure compelled by law or court order, the receiving party will so notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order or confidential treatment of such information. Information designated as For Counsel Only shall be restricted in circulation to Qualified Persons described in subparagraph 3(a).

b. *Retention of Copies During this Litigation.* Copies of For Counsel Only information shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to experts described in subparagraph 3(a)(ii), in the offices of those

experts. Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

c.     Each party's outside counsel shall maintain a log of all copies of For Counsel Only documents that are delivered to Qualified Persons.

### 9.     Unintentional Disclosures

Documents unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Confidential Information or For Counsel Only information, the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

### 10.     Documents Produced for Inspection Prior to Designation

In the event documents are produced for inspection prior to designation, the documents shall be treated as For Counsel Only during inspection. At the time of copying for the receiving parties, Classified Information shall be marked prominently "Confidential", "For Counsel Only", or "Attorneys Eyes Only" by the producing party.

## 11.    Consent to Disclosure and Use in Examination

Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if each party designating the information as Classified Information consents to such disclosure or if the Court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information.

## 12.    Challenging the Designation

a. *Classified Information.* A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Classified Information. The designating party shall then have 14 days to move the Court for an order preserving the designated status of the disputed information. The disputed information shall remain Classified Information unless and until the Court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Classified Information.

b. *Qualified Persons.* In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Classified

Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the designation or, in the event particular Classified Information is requested subsequent to the designation of the Qualified Person, 14 days from service of the request to move the court for an order denying the disposed person (a) status as a Qualified Person, or (b) access to particular Classified Information. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to the disputed person unless and until the court enters an order preserving the designation.

### 13.    Manner of Use in Proceedings

In the event a party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the court consistent with the sealing requirements of the court.

### 14.    Filing Under Seal

The clerk of this court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Classified Information by any party to this litigation consistent with the sealing requirements of the court.

### 15. Return of Documents

Not later than 120 days after conclusion of this litigation and any appeal related to it, any Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 3 (except subparagraph 3(a)(iii)) shall be returned to the producing party or destroyed, except as this Court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel may retain attorney work product, including document indices, so long as that work product does not duplicate verbatim substantial portions of the text of any Classified Information.

### 16. Ongoing Obligations

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order.

### 17. Advice to Clients

This Protective Order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Classified Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Classified Information

produced by another party if such disclosure would be contrary to the terms of this Protective Order.

**18.    Duty to Ensure Compliance**

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

**19.    Waiver**

Pursuant to Federal Rule of Evidence 502, neither the attorney-client privilege nor work product protection is waived by disclosure connected with this litigation.

**20.    Modification and Exceptions**

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order.

It is SO ORDERED this  30th  day of  October           , 2020.

Richard B. Farrer
United States Magistrate Judge

| | |
|---|---|
| **From:** | Renee Williams |
| **To:** | Brandon J. Grable; Austin Reyna |
| **Cc:** | Joelle Thomas; Patrick Bernal; Adolfo Ruiz |
| **Subject:** | Grisham, et al. v. Valenciano, et al. - PowerPoint in Native Form |
| **Date:** | Tuesday, September 7, 2021 1:40:00 PM |
| **Attachments:** | Presentation1.pptx |

Good Afternoon Mr. Grable and Mr. Reyna,

Per Judge Bemporad's order, attached you will find the only version of the Chief's PowerPoint that was created on or before March 27, 2018 in it's native format.

The attached PowerPoint has also been placed in the Share Link below.
https://DNRBZ.syncedtool.com/shares/folder/SyQdrINSjUx/

Sincerely,

*Renée Williams*

Paralegal
Denton, Navarro, Rocha, Bernal & Zech, P.C.
2517 North Main Avenue
San Antonio, Texas 78212
Phone: (210) 227-3243
Direct: (210) 874-6517
Fax: (210) 225-4481
www.rampagelaw.com

**CONFIDENTIALITY NOTICE**

**This transmission is intended for the individual or entity to which it is addressed, and may be information that is PRIVILEGED & CONFIDENTIAL.  If you are not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient and have received this information in error, you are hereby notified that any dissemination, distribution or copying of this communication is prohibited.  If you have received this communication in error, please notify us immediately by replying to the message and deleting if from your computer.  Thank you.**

