IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RUSSELL ZINTER, *et al.,* § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. 5:18-CV-0680-RCL-RBF |
| § | |
| CHIEF JOSEPH SALVAGGIO; *et al.,* § | |
| § | |
| Defendants. § | |
| § | |

**DEFENDANT OFFICERS'**
**RESPONSE TO COURT'S SHOW CAUSE ORDER**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE ROYCE LAMBETH:

NOW COME CITY OF LEON VALLEY OFFICERS, Defendants in the above entitled and numbered cause and files this their Response to the Court's Show Cause Order (Dkt. 197) and would respectfully show unto the Court the following:

**I.**

This Court's Sua Sponte Show Cause Order concerns:

- Plaintiffs David Bailey (Count 6, False Arrest on June 18, 2018);
- Plaintiff Juan Gonzales (Court 6, Unlawful Seizure on June 18, 2018);
- Plaintiff James Mead (Count 6, Unlawful Seizure on June 18, 2018);
- Plaintiff Jonathan Green (Count 11, False Arrest on June 23, 2018).

Defendant Officers would show unto the Court that the following officers were involved with the following four Plaintiffs as follows:

- Plaintiff David Bailey's cause of action involved Lt. David Anderson, Corporal Luis Farias and Sgt. Urdiales.

- Plaintiff Juan Gonzales' cause of action concerns Defendant Officers Corporal Luis Farias and Corporal Chad Mandry;

- Plaintiff James Mead's claim of June 18, 2018 concerns Defendant Sgt. Joel Urdiales;

- Plaintiff Jonathan Green's cause of action on June 23, 2018 concerns Defendant Officer Chad Mandry.

Juan Gonzales cause of action for June 18, 2018 concerns Defendants Corporal Luis Faris and Corporal Chad Mandry.

Plaintiff James Mead's claim of June 18, 2018 concerns Defendant Sgt. Joel Urdiales. Plaintiff Jonathan Green cause of action on June 23, 2018 concerns Defendant Officer Chad Mandry.

## II.
### EXHIBITS

Defendants City of Leon Valley Police Officers incorporate into their Response in Opposition to the Court's Show Cause Order for all purposes submit the following Exhibits:

(1)  **Exhibit A** – City of Leon Valley Police Department Reports concerning Plaintiffs David Bailey, Juan Gonzales, James Mead and Jonathan Green.

(2)  **Exhibit B** – Body worn Camera Video from Sgt. Uridales and Corporal Farias.[1]

(3)  **Exhibit C** – Declaration of Expert Cliff Herberg.

The above exhibits A – C are hereby incorporated by all reference for all purposes. Defendant Officers further incorporate into their response all exhibits filed in Dkt. 149 – Defendant Officers Motion for Summary Judgment.

## III.

A.  **DAVID BAILEY (JUNE 18, 2018 – FALSE ARREST)**.

Defendant Officers assert that Plaintiff Bailey is not entitled to Summary Judgment. The June 18, 2018 report by Defendant Officer Luis Farias (*Exhibit A – Page 9 Farias Report*) states that another activist (David Bailey) entered the municipal building with video recording devices in violation of a municipal court judge's order for security purposes. The building, with only one public entrance was blocked on two different occasions by Plaintiff David Bailey and the activists were warned by Lt. Anderson not to block the passageway on both occasions. Despite these warnings, Plaintiff Bailey obstructed the passageway again and

---

[1] Exhibit B will be filed with the Clerk of the Court in the traditional manner.

*Russell Zinter, et al v. Chief Joseph Salvaggio, et al*  
Defendant Offices Response In Opposition to Court's Show Cause Order

Civil Action No. 5:18-CV-0680-FB  
Page 2

prevented a member of the public from entering the building. Supplement by Officer Joann Azar included the fact that several agitators continued to block the passageway to the main entry of the building. When a citizen by the name of Maria Salazar tried to enter, the agitators were blocking the door. The Defendants further assert that Exhibit B – the Video from the body worn camera of Sgt. Urdiales (*Video 1 - 1259@201806181218030 Urdiales BWC 1*) and Corporal Farias' Body worn Camera (*Video 2 - 1056@201806181341390 Farias BWC*) confirm the fact that Bailey was blocking the passageway.

B. **JUAN GONZALES (JUNE 18, 2018 – UNLAWFUL SEIZURE)**.

Defendant Officers assert that on June 18, 2018, Officers attempted to collect electronic recording devices from Juan Gonzales, a witness to the offense. Gonzales was not compliant with the request from Corporal Farias and was placed in handcuffs due to the escalation in the confined space and to remove him from the situation. Gonzales was taken to the patrol room to confirm his identity as a witness to the offense and was released without further incident. (*See, Exhibit A – Report by Corporal Farias, pp. 11-12*).

C. **JAMES MEAD (JUNE 18, 2018 – UNLAWFUL SEIZURE)**.

Defendant Officers assert that James Mead was contacted as a witness due to a disturbance that was taking place at the main entry doors to the Leon Valley Municipal Court Building. James Mead was live-streaming on You-Tube, was requested to identify himself as a witness.

D. **JAMES MEAD (JUNE 18, 2018 – FALSE ARREST)**.

Plaintiff James Mead was initially cuffed for failing to identify himself as a witness but was released once he so identified himself. (*See, Exhibit A – pp. 10-11 Supplement Report by Sgt. Joel Urdiales*).

E. **JONATHAN GREEN (JUNE 23, 2018 – FALSE ARREST)**.

Jonathan Green had been filming arrests and was advised that his recording device would be seized as evidence. Green was detained until he identified

*Russell Zinter, et al v. Chief Joseph Salvaggio, et al*  
Defendant Offices Response In Opposition to Court's Show Cause Order

Civil Action No. 5:18-CV-0680-FB  
Page 3

himself as a witnesses and cooperated with questioning. (*See, Exhibit A – Report by Officer Chad Mandry, p. 24; Report by Det. Rudy Munoz, p. 2*).

**IV.**

Defendant Officers assert their entitlement to qualified immunity under both prongs of the qualified immunity defense. Defendant Officers assert that they did not violate the four named Defendants' constitutional rights and that their actions on the date of the incident in question were objectively reasonable based on established law.

Furthermore, qualified immunity shields an officer from suit when the officer makes a decision that even if constitutionally deficient, reasonably misapprehends the law governing the circumstances the officer confronted. **Saucier v. Katz**, 533 U.S. 194, 205 (2001). Consequently, qualified immunity is justified unless **NO** reasonable officer could have acted as the defendant officer did, or that every reasonable officer faced with the same facts would not have acted as the defendant officer did. **Mason v. Faul,** 929 F.3d 762, 764 (5th Cir. 2019), *cert. denied* 141 S.Ct. 116 (2020). Precedent must be clear enough that every reasonable official would interpret it to establish the particular rule that plaintiff seeks to apply. Otherwise, the rule is not one that "every reasonable official" would know. **District of Columbia v. Wesby**, ___ U.S.___ 138 S.Ct. 577, 590 (2018).

Defendant Officers assert that the Expert Affidavit of former Assistant District Attorney Cliff Herberg corroborates their entitlement to qualified immunity. (*See, Exhibit C – Affidavit of Cliff Herberg, p. 9-10; 13-14; 15-16; 19-23; 24-26*)

In **Devonpeck v. Alford**, 543 U.S. 146 (2004), the Court held that for plaintiff to state a fourth amendment claim for wrongful arrest that the officers must not be aware of facts constituting probable cause to arrest or detain the person for "any" crime. An officer's subjective reasons for making the arrest need not be the criminal offense as to which the known facts provide probable cause. *Id*. at 153.

In *Babb v. Dorman*, 33 F.3d 472 (5th Cir. 1994), the arrestee brought a Section 1983 false arrest claim against a city police officer for his arrest concerning public intoxication. The arrestee was initially arrested for driving while intoxicated, but when the breathalyzer test revealed a blood alcohol content of less than .10, the officer arrested Babb for public intoxication. The trial court granted the officer's motion for summary judgment based on qualified immunity and the Fifth Circuit affirmed.

In *Buehler v. Dear*, 27 F.4th 969 (5th Cir. 2022), arrestee, a well-known anarchist was arrested for interference with performance of official duties and resisting arrest. Subsequently, the arrestee brought Section 1983 claims against the officers for false arrest and excessive force in violation of the Fourth Amendment. Defendants filed a motion for summary judgment for failure to state a claim which was granted in part and denied in part by the trial court. The trial court denied the excessive force claims against the officers based on qualified immunity. The Fifth Circuit granted qualified immunity to both the excessive force claim and the false arrest claim. The Court held, that Buehler disobeyed the repeated orders of Officer Dear and that Buehler actively resisted (albeit mildly) Officer Dear's actions in taking Buehler to the ground and handcuffing him was constitutionally justified. *Id.* at 988.

Defendant Officers assert their entitlement to qualified immunity and therefore, this response to the Show Cause Order asserts that Plaintiffs are not entitled to a Motion for Summary Judgment, as a matter of law. *Mullinex v. Luna*, 577 U.S. 7, 19 (2015).

**WHEREFORE, PREMISES CONSIDERED**, Defendant Officers pray the Court deny its sua sponte motion for summary judgment in Plaintiffs favor and for such other and further relief, as they may show themselves justly entitled.

        Respectfully submitted,

        **LAW OFFICES OF CHARLES S. FRIGERIO**
        A Professional Corporation
        Riverview Towers
        111 Soledad, Suite 465
        San Antonio, Texas 78205
        (210) 271-7877
        (210) 271-0602 Telefax
        Email: csf@frigeriolawfirm.com

        BY: /s/ Charles S. Frigerio
            CHARLES S. FRIGERIO
            SBN: 07477500
            ATTORNEY-IN-CHARGE

            HECTOR X. SAENZ
            SBN: 17514850
        **ATTORNEYS FOR DEFENDANT OFFICERS OF LEON VALLEY**

## CERTIFICATE OF SERVICE

    I hereby certify that on the 21st day of July, 2022, I electronically filed the foregoing Defendants Officers Response in Opposition to Court's Show Cause Order with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Brandon J. Grable
Grable Law Firm PLLC
1603 Babcock Road, Suite 118
San Antonio, Texas 78229

Mr. Adolfo Ruiz
Mr. Patrick Charles Bernal
Denton, Navarro, Rocha & Bernal
2517 N. Main Ave.
San Antonio, TX 78212-3108

Selena Herrara
202 S. Hoy Street
Buffalo, OK 73834            Via Certified Mail and U.S. Mail

Brandon Joseph Pierce            Email: ethicsinstead@protonmail.com
644 Kerry
Crowley, Texas 76026

        /s/ Charles S. Frigerio
        CHARLES S. FRIGERIO