IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUSSELL ZINTER, et al; § | | |
|     Plaintiffs, § | | |
| § | | |
| vs. § | CIVIL NO. SA-18-CV-680-RCL | |
| § | | |
| CHIEF JOSEPH SALVAGGIO, et al; § | | |
|     Defendants. § | | |

**PLAINTIFFS' REPLY IN OPPOSITION TO DEFENDANT OFFICERS' RESPONSE TO COURT'S SHOW CAUSE ORDER**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE ROYCE C. LAMBERTH:

Plaintiffs file this *Plaintiffs' Reply in Opposition to Defendant Officers' Response to Court's Show Cause Order* to address some points asserted by Defendant Officers in their response, titled, *Defendant Officers' Response to Court's Show Cause Order*. *See* Dkt. No. 204.

### I.     Plaintiffs' Claims Subject of the Show Cause Order:

Defendant Officers attempt to limit the officers involved in the claims subject to the Show Cause Order. *See* Dkt. No. 204, Part I. Plaintiffs are clarifying that the following Defendants are subject to the following counts (based on the live pleadings):

1.     Plaintiff David Bailey's claim of false arrest on June 18, 2018, (COUNT 6), was asserted a false arrest claim against Defendants **Salvaggio**, **Anderson**, **Farias**, and **Mandry**.[1] *See* Dkt. No. 87, ¶ 121.

2.     Plaintiff Juan Gonzales' claim of unlawful seizure on June 18, 2018, (COUNT 6), was asserted against Defendants **Salvaggio**, **Anderson**, **Farias**, and **Mandry**.[2] *See* Dkt. No. 87, ¶ 122.

3.     Plaintiff James Mead's claim of unlawful seizure on June 18, 2018, (COUNT 6), was

---

[1] Defendants omit Salvaggio.

[2] Defendants omit Salvaggio and Anderson.

asserted against Defendants **Salvaggio**, **Anderson**, **Urdiales**, and **Wells**.[3]  *See* Dkt. No. 87, ¶ 120.

4. Plaintiff Jonathan Green's claim of false arrest on Jun 23, 2018, (COUNT 11), was asserted against Defendants **Salvaggio**, **Vasquez, and Evans**.[4]  *See* Dkt. No. 87, ¶ 177.

## II.   Defendants' Characterization of the Events at Part III

The Court likely recognizes that the Defendants mischaracterize what the video demonstrates for the events that took place on June 18, 2018, so Plaintiffs will not attack each statement made.  However, it is important to note that Defendant Officers knew that Plaintiff Bailey was not committing a crime when the decision was made to arrest it, but they then used the basis of that crime to seize any phone or other recording device in and around the building.  Moreover, Defendants cannot point to any evidence in the record to establish that Juan Gonzales was not compliant, or that James Mead was ever livestreaming on June 18, 2018.  Defendant Officers carry on with the same approach as they did throughout this case—that the Plaintiffs are presumed to be agitators, so facts do not matter.  *See* Dkt. No. 204, pg. 3.

## III.   Qualified Immunity

Defendant Officers knew that Bailey, Gonzales, Mead, and Green were not committing any crimes and were not fleeing.  They were simply viewed as "agitators" and as a result, subject to treatment as if they were criminals.

To suggest that officers were entitled to qualified immunity, they rely on their expert, Clifford Herberg.  Clifford Herberg is not (and never was) a licensed law enforcement officer.  Defendants want this Court to supplant its opinion with that of Attorney Herberg.  Furthermore, Herberg never actually reviewed any video evidence.  *See* Dkt. No. 204-3, pg. 6.

This Court viewed more information than Herberg did.  This Court applied proper weight to the video evidence in the record in concluding that Plaintiffs Bailey, Gonzales, Mead, and Green, were entitled to summary judgment.

---

[3] Defendants omit Salvaggio, Anderson, and Wells.

[4] Defendants omit Salvaggio, Vasquez, and Evans, but include Mandry.

Plaintiffs Bailey, Gonzales, Mead, and Green pray that this Court grant summary judgment in their favor on the respective claims identified by the Court in its *Order* at Dkt. No. 202, and for all other relief to which they may be entitled.

Respectfully Submitted,

**GRABLE GRIMSHAW PLLC**

*/s/ Brandon J. Grable*
**BRANDON J. GRABLE**
Texas State Bar No. 24086983
brandon@g2.law
1603 Babcock Road, Suite 280
San Antonio, Texas 78229
Telephone: (210) 963-5297
Facsimile: (210) 641-3332
**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

    I, Brandon J. Grable, hereby certify that a copy of the foregoing has been served on all counsel of record by e-mail and/or facsimile and/or placing a copy of the same in the United States mail, postage pre-paid and addressed, on this 25th day of July 2022.

| | |
|---|---|
| Law Offices of Charles S. Frigerio<br>**Charles Frigerio**<br>111 Soledad, Suite 840<br>San Antonio, Texas 78205<br>*Attorney for Defendant Officers* | **Email:** csfrigeriolaw@sbcglobal.net<br>**Email:** frigeriolaw1995@sbcglobal.net |
| Denton Navarro Rocha Bernal & Zech<br>**Adolfo Ruiz**<br>2517 North Main Avenue<br>San Antonio, Texas 78212<br>*Attorney for Defendant City* | **Email:** aruiz@rampagelaw.com |

                                      */s/ Brandon J. Grable*
                                      Brandon J. Grable