**FILED**
August 03, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Breanna Coldewey
DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

RUSSELL ZINTER, *et al.*,

    *Plaintiffs*,

v.

JOSEPH SALVAGGIO, *et al.*,

    *Defendants*.

Case No. 5:18-cv-680-RCL

## ORDER

A group of protestors has sued various Leon Valley Police Department ("LVPD") officers and the City of Leon Valley for alleged constitutional violations. In a memorandum opinion and order, both dated July 7, 2022, the Court discussed the parties' cross-motions for summary judgment. Mem. Op., ECF No. 201; Order, ECF No. 202. The Court dismissed many claims against the defendant officers on qualified-immunity grounds, dismissed the municipal-liability claims against the City of Leon Valley, and held that certain claims against the officers survived qualified immunity and must proceed to trial. *See* Order, ECF No. 202.

As part of that order, the Court ordered the defendant police officers to show cause as to why the Court, on its own accord, should not grant summary judgment in plaintiffs' favor for the following claims:

- David Bailey: Count 6 (False Arrest on June 18, 2018).
- Juan Gonzales: Count 6 (Unlawful Seizure on June 18, 2018).
- James Mead: Count 6 (Unlawful Seizure on June 18, 2018).
- Jonathan Green: Count 11 (False Arrest on June 23, 2018).

1

Order, ECF No. 202. In accordance with Federal Rule of Civil Procedure 56(f), the Court provided all parties with notice and a reasonable time to respond. *See* Fed. R. Civ. P. 56(f). The defendant officers filed a response. LVPD Resp. to Show-Cause Order ("LVPD Resp."), ECF No. 204. Plaintiffs replied. Pls.' Reply, ECF No. 206.

In response to the show-cause order, the defendant officers argue: (1) that the Court misunderstood the facts in its memorandum opinion; (2) that police reports, bodycam footage, and an expert declaration by Mr. Cliff Herberg demonstrate that the officers' version of events is correct; and (3) that the officers are entitled to qualified immunity. LVPD Resp. 2–5. After considering the Court's prior memorandum opinion, defendants' response, plaintiffs' reply, applicable law, and the summary-judgment record, the Court remains convinced by its prior reasoning.

First, the officers have restated their view of the facts as told in their summary-judgment briefing. The Court rejected this version of events in its summary-judgment decision. Second, the officers' new materials are inapposite to the Court's prior analysis. Mr. Herberg did not view the video evidence in this case. *See* ECF No. 204-3 at 5. And the available video footage contradicts the officers' version of these events. When statements of fact are contradicted by video evidence, a court should "view[] the facts in the light depicted by the videotape." *Tucker v. City of Shreveport*, 998 F.3d 165, 170 (5th Cir. 2021) (alteration in original) (quoting *Scott v. Harris*, 550 U.S. 372, 381 (2007)). But the Court will reconsider its denial of qualified immunity as to certain officers. Based on the evidence in the summary-judgment record and plaintiffs' reply to the show-cause order, claims against several officers fail because there is no evidence connecting them to these alleged arrests and seizures.

2

*David Bailey.*—Plaintiff Bailey sued Chief Salvaggio, Lieutenant Anderson, Corporal Mandry, and Corporal Farias for a false arrest on June 18, 2018. *See* Second Am. Compl. ¶ 121, ECF No. 87; Pls.' Reply 1. Defendants' summary-judgment briefing indicates that Lieutenant Anderson arrested Bailey and that Corporal Farias assisted in this arrest. *See* LVPD Mot. for Summ. J. 2, ECF No. 149; LVPD Resp. to Pls.' Mot. for Summ. J. 4, ECF No. 165. The evidence in the record does not indicate that Chief Salvaggio and Corporal Mandry were involved.

*Juan Gonzales.*—Plaintiff Gonzales sued Chief Salvaggio, Lieutenant Anderson, Corporal Mandry, and Corporal Farias for an unlawful seizure on June 18, 2018. Second Am. Compl. ¶ 122; Pls.' Reply 1. Police reports indicate that Corporal Mandry and Corporal Farias were involved in this seizure. ECF No. 154-17 at 11, 23. The evidence in the record does not indicate that Chief Salvaggio and Lieutenant Anderson were involved.

*James Mead.*—Plaintiff Mead sued Chief Salvaggio, Lieutenant Anderson, Detective Wells, and Sergeant Urdiales for an unlawful seizure on June 18, 2018. Second Am. Compl. ¶ 120; Pls.' Reply 1–2. The parties acknowledge that Sergeant Urdiales was the only officer involved in this seizure. *See* LVPD Resp. to Pls.' Mot. for Summ. J. 4; Pls.' Resp. to LVPD Mot. for Summ. J. 37–38, ECF No. 168-1.

*Jonathan Green.*—Plaintiff Green sued Chief Salvaggio, Officer Vasquez, and Officer Evans for a false arrest on June 23, 2018. *See* Second Am. Compl. ¶ 176; Pls.' Reply 2. Chief Salvaggio admitted that he placed Green under arrest. ECF No. 149-6 at 9 ("I also advised [Jonathan Green, who] was blocking the roadway that he too was under arrest."). The evidence in the record does not indicate that Officer Vasquez or Officer Evans were involved in this arrest.

3

Based on this analysis and the reasoning in the Court's prior memorandum opinion, the Court therefore **ORDERS** as follows:

- David Bailey: As to Count 6 (False Arrest on June 18, 2018), the claims against Chief Salvaggio and Corporal Mandry are **DISMISSED**. Summary judgment as to liability is **GRANTED** in plaintiff's favor against Lieutenant Anderson and Corporal Farias.

- Juan Gonzales: As to Count 6 (Unlawful Seizure on June 18, 2018), the claims against Chief Salvaggio and Lieutenant Anderson are **DISMISSED**. Summary judgment as to liability is **GRANTED** in plaintiff's favor against Corporal Mandry and Corporal Farias.

- James Mead: As to Count 6 (Unlawful Seizure on June 18, 2018), the claims against Chief Salvaggio, Lieutenant Anderson, and Detective Wells are **DISMISSED**. Summary judgment as to liability is **GRANTED** in plaintiff's favor against Sergeant Urdiales.

- Jonathan Green: As to Count 11 (False Arrest on June 23, 2018), the claims against Officer Vasquez and Officer Evans are **DISMISSED**. Summary judgment as to liability is **GRANTED** in plaintiff's favor against Chief Salvaggio.

Plaintiffs must still prove their damages with respect to these claims at trial.[1]

The parties are **ORDERED** to meet and confer, and within 30 days propose a scheduling order governing further proceedings herein, including a potential interlocutory appeal and a potential trial date.

It is **SO ORDERED**.

Date: August 3, 2022

Royce C. Lamberth
United States District Judge

---

[1] In their reply brief, plaintiffs clarified the officers they allege were involved in these arrests and seizures. *See* Pls.' Reply, ECF No. 206. The Court adopts plaintiffs' clarifications for this analysis. With respect to these counts, any defendants not mentioned by plaintiffs in their reply brief are **DISMISSED**.

4