Case 5:18-cv-00680-RCL   Document 216   Filed 01/17/23   Page 1 of 3

**FILED**
January 17, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: ___Breanna Coldewey___
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

RUSSELL ZINTER, et al.,

  *Plaintiffs,*

v.

CHIEF JOSEPH SALVAGGIO, et al.,

  *Defendants.*

Case No. 5:18-cv-680 (RCL)

## ORDER DENYING DEFENDANT CITY OF LEON VALLEY'S MOTION TO AMEND CONFIDENTIALITY AND PROTECTIVE ORDER

Before the Court is defendant City of Leon Valley's ("Defendant City") Motion [185] to Amend/Correct Confidentiality and Protective Order. Defendant City seeks to expand the scope of the existing protective order governing the use of information filed with respect to this litigation. *See* Def.'s Mot.; Order, ECF No. 82. Specifically, Defendant City asks this Court to require the plaintiffs to identify—and for the Court to place under seal—any documents the plaintiffs submitted in their opposition to Defendant City's motion for summary judgment that may be subject to a protective order in a different case, *Grisham v. Valenciano*, Case No. 5:20-cv-387 (OLG) (W.D. Tex.).[1] *See* Def.'s Mot. ¶¶ 3–7. Additionally, Defendant City's motion asks the Court to "place reasonable limitations" on the plaintiffs' publication of information related to this case on "their own YouTube channels" as well as on the "internet and social media platforms."

---

[1] In September 2022, Judge Orlando Garcia granted the defendants' motion for summary judgment in that case. *See* Order, *Grisham v. Valenciano*, No. 5:20-cv-387 (OLG) (W.D. Tex.), ECF No. 118. The clerk accordingly entered judgment in favor of the defendants and closed the case. ECF No. 119. However, the protective order remains in place until a party seeks to dissolve it. *See* ECF No. 24, ¶ 16.

*Id.* ¶ 8. Plaintiffs opposed the motion, ECF No. 188, and Defendant City replied, ECF No. 191. For the reasons that follow, this Court will **DENY** Defendant City's motion.

"The Court enjoys broad discretion in modifying protective orders." *Bob Daemmrich Photography, Inc. v. Scholastic Inc.*, No. 1:15-cv-1150 (RP), 2018 WL 4178325, at *1 (W.D. Tex. Apr. 23, 2018). However, a court will not amend a protective order unless the moving party has shown good cause. *See Demoss v. Perry's Restaurants, Ltd.*, No. 1:21-cv-1054 (SH), 2023 WL 113743, at *1 (W.D. Tex. Jan. 4, 2023); Fed. R. Civ. P. 26(c). "Good cause" requires a demonstration of "changed circumstances or new situations" necessitating modification. *See Peoples v. Aldine Indep. Sch. Dist.*, No. 06-cv-2818 (LR), 2008 WL 2571900, at *3 (S.D. Tex. June 19, 2008) (quoting *Murata Mfg. Co. v. Bel Fuse, Inc.*, 234 F.R.D. 175, 180 (N.D. Ill. 2006)). To seal documents, a movant must make a "far more arduous" showing to the court than good cause. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420 (5th Cir. 2021)). This standard requires undertaking "a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *June Med. Servs., LLC v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022) (internal citations and quotations omitted). Overall, the Circuit "heavily disfavors" restricting the public's access to judicial records. *Id.* at 519–20.

Here, Defendant City has not met its burden to demonstrate good cause to amend the existing protective order, let alone seal documents.[2] Most importantly, Defendant City has raised no argument that the plaintiffs have or will violate the protective order at issue in *this* case.

---

[2] Defendant City's burden is made greater by the fact that all claims against it have been dismissed and thus, in many ways, Defendant City is now in the position of a nonparty. *See* Order, ECF No. 202. Indeed, it is unclear whether Defendant City should be moving to intervene in order to pursue this motion. *See In re Beef Indus. Antitrust Litig.*, 589 F.2d 786, 789 (5th Cir. 1979); Fed. R. Civ. P. 24. Nevertheless, because the motion fails on the merits, the Court need not resolve that issue.

2

Instead, Defendant City impermissibly seeks to impose on the plaintiffs the requirements of a protective order from a *different* case involving unrelated parties. In so doing, Defendant City fails to adhere to the Court's previous instruction that a party seeking to restrict public access to documents filed in the litigation must identify the specific documents at issue.[3] *See* Minute Order (03/03/2022) (citing *June Med. Servs.*, 22 F.4th at 521). Similarly, Defendant City has not demonstrated good cause for additional limitations on the plaintiffs' ability to engage in online communications beyond what the protective order already restricts. *See Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). And it is well-settled that a party "may disseminate the identical information covered by the protective order as long as the information is gained through means independent of the court's processes." *June Med. Servs.*, 22 F.4th at 520–21 (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984)). Finally, Defendant City's concerns that failure to amend the protective order would negatively impact Defendant City's ability to select an impartial jury or manage communications with the public regarding the litigation are assuaged because the Court already dismissed the plaintiffs' claims against Defendant City. *See* Def.'s Mot. ¶ 8; *Zinter v. Salvaggio*, __ F. Supp. 3d __, 2022 WL 3220905 (W.D. Tex. July 7, 2022).

Because Defendant City has not demonstrated good cause to amend the existing protective order, this Court hereby **DENIES** Defendant City's motion.

**IT IS SO ORDERED.**

SIGNED on this 17th day of January, 2023.

Royce C. Lamberth
United States District Judge

---

[3] Defendant City's reply identified three filings "as a representative sample" of the documents it seeks to restrict access to, but this is insufficient under the Court's previous instruction. *See* Def.'s Reply at ¶ 7.